UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IME WATCHDOG, INC.,

                                                                            **Case No.: 1:22-cv-1032 (PKC) (JRC)**

                          Plaintiff,

     -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
and IME COMPANIONS LLC,

                          Defendants.
-------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL DOCUMENTS RELATED TO PLAINTIFF'S ORDER TO SHOW CAUSE FOR INJUNCTIVE RELIEF**

Dated: Lake Success, New York
           February 25, 2022

                                                     **MILMAN LABUDA LAW GROUP PLLC**
                                                     Emanuel Kataev, Esq.
                                                     3000 Marcus Avenue, Suite 3W8
                                                     Lake Success, NY 11042-1073
                                                     (516) 328-8899 (office)
                                                     (516) 303-1395 (direct dial)
                                                     (516) 328-0082 (facsimile)
                                                     emanuel@mllaborlaw.com

## INTRODUCTION

Plaintiff IME WatchDog, Inc. ("Plaintiff" or "IME WatchDog") respectfully submits this memorandum of law pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure to file under seal, as part of Plaintiff's Order to show cause for injunctive and equitable relief under the Defend Trade Secrets Act ("DTSA"), selected documents and portions of documents containing non-public confidential information, including financial information and trade secrets of Plaintiff.

## PRELIMINARY STATEMENT

Plaintiff initiated the instant lawsuit against Defendants for, *inter alia*, violations of the DTSA because they are engaged in and continue to engage in a civil conspiracy concocted to mimic, imitate, and steal Plaintiff's niche business of providing independent medical examination ("IME") observer services by committing brazen acts of bribery to obtain the confidential information and trade secrets of Plaintiff. With this information in hand, Defendants have taken easy street to success by earning substantial revenues in providing the same services Plaintiff provides by stealing Plaintiff's trade secrets and confidential information instead of going through the great expense of building a customer and client base, developing the forms and checklists IME observers use, and establishing a team of IME observers available to conduct observations of IMEs.

Perhaps most jarringly, Defendants have bribed Plaintiff's key employee who they have compensated with bribes in exchange for him providing Defendants with Plaintiff's trade secrets and confidential information and purposefully sabotaging the work to be performed for Plaintiff's client in order to swoop in like a vulture to steal the client away at the most opportune time. Defendants have engaged in these criminal and morally deplorable acts for years, and their bribery scheme remains in full force and effect as the Court is reading these papers.

Plaintiff separately seeks an Order requiring crucially needed injunctive and equitable relief to obtain justice and stop these crimes.

In order to provide this Court with compelling evidence of Defendants' violations of the DTSA, Plaintiff must provide the Court with various submissions that make use of confidential information, including those protected by the DTSA as trade secrets. This information, necessary for Plaintiff's Order to show cause to be properly decided, falls into categories of documents regularly sealed by courts in the Second Circuit, as the confidentiality issues implicated by the information are lofty while any countervailing public interest in public access to such documents is significantly lower.

Plaintiff seeks to redact exhibits and the Declaration of Daniella Levi, Esq., all of which concern business, financial, or patient care information. The remainder of Plaintiff's submissions in conjunction with its motion for injunctive and equitable relief are filed and available on the public docket. Because the relevant information is of the type regularly filed under seal, and because the amount sought to be sealed is a small portion of the larger motion submissions, Plaintiff respectfully requests that this Court grants its motion to seal.

## **DOCUMENTS TO SEAL**

All proposed sealed and/or redacted documents are being filed contemporaneously under seal on the ECF system and are discussed in detail in the accompanying Declaration of Daniella Levi, Esq. in support.

## ARGUMENT

### I.     **The Legal Standard for Sealing Documents Filed in Court**

There is a longstanding presumption and strong public policy favoring public access to court records. See, e.g., Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597–98 (1978). This "presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." See U.S. v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)).

However, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). Courts must then "balance competing considerations against [public disclosure of a judicial document]." See Lugosch, 435 F.3d at 120.

## II. Plaintiff Seek to File Under Seal Documents Containing Trade Secrets

Federal courts have the power to permit sealing of documents where higher values are served by permitting some documents to kept from public disclosure. This is particularly true when the requests are narrowly tailored, maximizing the amount of the filing available to the public. As part of its Order to show cause seeking equitable and injunctive relief, Plaintiff seeks to file a targeted portion of its motion papers under seal. This information, implicating trade secrets, client lists, and the financial information of Plaintiff is recognized as confidential by their very nature. As described below, the information subject to this motion should have protection from public disclosure due to their subject matter and the privacy interests involved.

### A. Courts Routinely Permit Filings Containing Trade Secrets to be Filed Under Seal

Plaintiff seeks to submit multiple documents that contain sensitive financial information and implicate the privacy protections put in place through DTSA. Accordingly, Plaintiff seeks to file under seal the entirety of the Declaration of Daniella Levi, Esq., which contains confidential information and trade secrets that is in the hands of the Defendants when it should not be.

Courts routinely grant motions to seal in such circumstances. See ValveTech, Inc. v Aerojet Rocketdyne, Inc., No. 17-CIV.-6788 (FPG), 2019 WL 4688737, at *4 (W.D.N.Y. Sep. 26, 2019) ("ValveTech describes its alleged trade secrets in greater detail in a separate Trade Secret Disclosure statement that it filed under seal and incorporated into its Amended Complaint by reference. As an exhibit to that statement, ValveTech attached a list of numerous documents in

4

Aerojet's possession that allegedly contain ValveTech's trade secret information"); see also Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (noting that categories commonly sealed include those containing trade secrets, confidential research and development information, marketing plans, revenue information, [and] pricing information"). In determining whether pursuant to Rule 26(c)(1)(G), because they are trade secrets, documents shall be filed under seal, courts consider:

> (1) the extent to which the information is known outside the business; (2) the extent to which it is known by employees and others involved in the business; (3) the measures taken to guard the information's secrecy; (4) the value of the information to the business or to its competitors; (5) the amount of time, money, and effort expended in development of the information; and (6) the ease or difficulty [in] duplicating or properly acquiring the information.

See Capricorn Mgt. Sys., Inc. v Govt. Employees Ins. Co., No. 15-CIV.-2926 (DRH) (SIL), 2019 WL 5694256, at *20 (E.D.N.Y. Jul. 22, 2019), report and recommendation adopted, 2020 WL 1242616 (E.D.N.Y. Mar. 16, 2020) (citing Nycomed US, Inc. v. Glenmark Generics, Inc., No. 08-CIV.-5023, 2010 WL 889799, at *5 (E.D.N.Y. Mar. 8, 2010). Here, Plaintiff respectfully submits that the information concerning its business submitted under seal herein is not known outside of the business at all and the only employees who know the information within IME WatchDog are Daniella Levi, Esq. (its founder) and Adam Rosenblatt (its President and key employee). These documents include report templates, customer identities, individuals whose IMEs were observed,[1] and Plaintiff's financial information, all of which is inherently private and confidential.

---

[1] These documents are separately protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). "Courts in this Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law right of access and thus have sealed docket entries and redacted documents that contain such information." See Offor v. Mercy Med. Ctr., 167 F. Supp. 3d 414, 444-45 (E.D.N.Y. 2016) (collecting cases in the Second Circuit approving the sealing or redacting of documents that contained medical information) vacated in part on other grounds, 676 Fed. Appx. 51 (2d Cir. 2017) (summary order).

The measures taken by Mrs. Levi to guard the information's secrecy are set forth in her declaration, and include limiting access to the information as well as technological efforts to safeguard the information. Indeed, the only way Defendants were able to obtain the information was by engaging in the criminal act of bribery. The value of the information sought to be protected is easily shown by the very fact that Defendants, both of whom are not attorneys, piggybacked off and stole Plaintiff's business concept and utilized it to further their interests to the complete detriment of Plaintiff.

Finally, the difficulty of acquiring the information sought is apparent, again, because Defendants were forced to bribe Plaintiff's key employee to obtain it. As such, every single factor militates in favor of granting the motion to seal.

Accordingly, in order to comply with federal law and protect its interests, Plaintiff submits the Court grant should its motion to have these documents and excerpts filed under seal.

### B. Plaintiff Seeks to Seal Portions Containing Non-Public Business Information

Plaintiff has compelling evidence to share with this Court concerning its claims against Defendants, but this evidence implicates Plaintiff's business and financial information. To protect the privacy interests intendent with such information, Plaintiff requests to seal these documents as well. Should this information become public, competing entities would gain a competitive advantage by knowing how Plaintiff operates and will enable those competitors to have an edge in competing against Plaintiff in the future, as Defendants have done.

"Protecting … specific business information are values that overcome the presumption of public access." See Re: Mindbody, Inc. Securities Litigation, 2021 WL 3500176, at *3 (citing Louis Vuitton Malletier S.A. v. Sunny Merch. Corp., 97 F. Supp. 3d 485, 511 (S.D.N.Y. March 31, 2015)); see also Mitchell v. Metropolitan Life Ins. Co., Inc., No. 03-cv-10294, 2004 WL 2439704, at *2 (S.D.N.Y. Nov. 2, 2004) (ordering the confidentiality of earnings, expense

6

analyses and business plans containing internal financial analyses, business plans and other sensitive company information) (citation omitted). Sensitive business information, such as Plaintiff's financial information and customer lists, outweigh the public's presumed right of access. See Valassis Commc'ns. Inc., 2020 WL 2190708, at *3-4 (finding that the presumption of public access is outweighed by the party's business secrecy interests as well as by the personal privacy interests in employee compensation).

Accordingly, Defendants request that these selected employee and business records be filed under seal or in redacted form as well.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its motion to seal the identified portions of their submissions made as part of their Motion for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction.

Dated: Lake Success, New York
      February 25, 2022               Respectfully submitted,

                                            **MILMAN LABUDA LAW GROUP PLLC**

                                            _____/s_____
                                            Emanuel Kataev, Esq.
                                            3000 Marcus Avenue, Suite 3W8
                                            Lake Success, NY 11042-1073
                                            (516) 328-8899 (office)
                                            (516) 303-1395 (direct dial)
                                            (516) 328-0082 (facsimile)
                                            emanuel@mllaborlaw.com