# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

March 8, 2022

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

   *Re:* **IME WatchDog, Inc. v. Gelardi,** *et al.*
     **Case No.: 1:22-cv-1032 (PKC) (JRC)**
     <u>**MLLG File No.: 25-2022**</u>

Dear Judge Chen:

  This office represents the Plaintiff in the above-referenced case. Plaintiff writes to seek an Order permitting her and another potential witness to appear remotely for the March 16, 2022 in-person show cause hearing on Plaintiff's Order to show cause for a preliminary injunction scheduled by this Court pursuant to its Order dated February 28, 2022. The reason for this request is because Daniella Levi, Esq. ("Mrs. Levi"), the Chief Operating Officer of the Plaintiff, will be out of the country until Thursday, March 17, 2022.[1] Plaintiff is available to testify at the hearing as scheduled so long as she may appear remotely.

  Rule 43 of the Federal Rules of Civil Procedure provides that, for good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location. <u>See</u> Fed. R. Civ. P. 43(a). Based on Mrs. Levi's inability to attend the hearing in person due to her being out of the country, her inability to return sooner despite due diligence in attempting to do so, and the availability of technology permitting the contemporaneous transmission of Mrs. Levi's testimony via video, Plaintiff respectfully submits that good cause exists for permitting Mrs. Levi to testify remotely.

  In addition, Plaintiff may call another witness who is unavailable to appear in person on March 16, 2022 next week because the witness will be in the State of Texas, and has commitments that require him to remain there.

---

[1] Mrs. Levi sought to return to New York on an earlier flight; however, her travel agent could not book any flight back to New York because all flights are sold out and nothing is available at all international airports in the greater New York metropolitan area. Correspondence from Mrs. Levi's travel agent as well as her flight information is available upon the Court's request.

Based on these reasons, this Court should permit the witnesses to appear remotely. See Willis Re Inc. v. Herriott, No. 21-CIV.-487 (JMF), 2021 WL 1346050, at *1 (S.D.N.Y. Apr. 12, 2021) ("the pandemic provides good cause in compelling circumstances to allow this hearing to be conducted remotely (from locations other than the courtroom) through the use of telephonic and videoconferencing solutions"); see also Alcala v. Hernandez, No. 14-CIV.-4176, 2015 WL 1893291, at *2 (D.S.C. Apr. 27, 2015) (recognizing that Rule 43(a) has been used to permit remote video testimony where there is an impact of travel on the witness's business).

Accordingly, Plaintiff submits that there exists sufficient good cause to permit Mrs. Levi and another potential witness to attend remotely such that the instant motion should be granted. Alternatively, should this Court prefer the live testimony of Mrs. Levi, Plaintiff is prepared to attend the hearing in person if this Court wishes to adjourn the hearing for two (2) days to Friday, March 18, 2022 and if the Court is available. However, Plaintiff's potential witness in Texas remains unavailable to appear in person on either date because he will remain in the State of Texas regardless of whether the hearing is held on March 16 or March 18. As such, Plaintiff respectfully requests that this witness be permitted to testify remotely in the event this Court decides to adjourn the hearing. Plaintiff does not wish to adjourn the hearing beyond March 18, 2022 due to the urgency of the relief sought. Plaintiff respectfully submits that the evidence adduced at the hearing will establish the existence of irreparable harm warranting a preliminary injunction.

Plaintiff has not sought Defendants' position on these requests, who have not yet appeared despite being served with process personally on Tuesday, March 1, 2022, and respectfully requests that this Court permit Plaintiff to serve Defendants with a copy of this letter via email to info@imecompanions.com, sgelardi@imecompanions.com, vitogelardi@gmail.com, and sagagelardi@gmail.com.

For the foregoing reasons, Plaintiff's letter motion to permit Mrs. Levi and another potential witness to appear remotely should eb granted. Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
      March 8, 2022                 Respectfully submitted,

                                        **MILMAN LABUDA LAW GROUP PLLC**
                                        */s/ Emanuel Kataev, Esq.*
                                        Jamie Scott Felsen, Esq.
                                        Emanuel Kataev, Esq.
                                        3000 Marcus Avenue, Suite 3W8
                                        Lake Success, NY 11042-1073
                                        (516) 328-8899 (office)
                                        (516) 328-0082 (facsimile)
                                        jamiefelsen@mllaborlaw.com
                                        emanuel@mllaborlaw.com

                                        *Attorneys for Plaintiff*
                                        *IME WatchDog, Inc.*