# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
___

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

April 22, 2022

<u>**VIA ECF**</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

   *Re:* **IME WatchDog, Inc. v. Gelardi,** *et al.*
      **Case No.: 1:22-cv-1032 (PKC) (JRC)**
      <u>**MLLG File No.: 25-2022**</u>

Dear Judge Chen:

  This office represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") and Third-Party Defendant Daniella Levi ("Mrs. Levi") in the above-referenced case. Plaintiff writes to submit this letter response in opposition to Defendants' unsupportable objection to file the supplemental reply declarations from Mrs. Levi, Adam Rosenblatt ("Rosenblatt"), and Carlos Roa ("Roa"). For the reasons set forth below, Defendants' request must be denied.

  <u>First</u>, Defendants fail to provide any legal authority for the proposition that submitting supplemental reply declarations is improper. For that reason alone, their request lacks merit. <u>Second</u>, as set forth in Plaintiff's supplemental reply memorandum of law,[1] Plaintiff merely addresses the arguments and facts raised by the Defendants and counters same; this is precisely what the Plaintiff is permitted to do in making arguments in further support.

---

[1] Notably, the briefing schedule for Plaintiff's motion is unique. Plaintiff's moving papers were filed together with the complaint on February 25, 2022. <u>See</u> ECF Docket Entries 1, 6-13, 15. A hearing was originally scheduled for March 16, 2022 and subsequently rescheduled at Defendants' request, over Plaintiff's objection, to April 4, 2022. <u>See</u> Text Only Order dated February 28, 2022, ECF Docket Entries 21-22, Text Only Order dated March 10, 2022. Defendants filed opposition papers on March 28, 2022. <u>See</u> ECF Docket Entries 26-29. Two days later, on March 30, 2022, Plaintiff sought leave, with Defendants' consent, to file a reply in further support of the instant motion on or before April 11, 2022, which was granted. <u>See</u> Text Only Order dated March 30, 2022 ("Plaintiff may submit a reply, if any, in support of its [6] motion for preliminary injunction by April 11, 2022"). At the hearing, this Court inverted the order of the briefing schedule in order to permit Defendants a full and fair opportunity to be heard. <u>See</u> ECF Docket Entry 46 at 165:11-24, 169:3-172:21. Plaintiff was given until April 8, 2022 to submit a supplemental brief on the issue of irreparable harm; Defendants were given until April 15, 2022 to submit opposition papers, and Plaintiff was given the option to submit a reply. <u>Id.</u> On April 17, 2022, Plaintiff sought leave, and received same the following day, to submit a reply by April 21, 2022 and did so. <u>See</u> ECF Docket Entries 53-54 and Text Only Order dated April 18, 2022.

Third, the objections raised by the Defendants have no merit. They first argue that Plaintiff's supplemental reply declarations are "completely inappropriate and extremely prejudicial" to Defendants without explaining how it is inappropriate for Plaintiff to address Defendants' arguments on reply and similarly raise prejudice without explaining how. Perhaps Defendants' arguments would fare better if the evidence Plaintiff submitted (which establishes, again, that Defendants have no credibility) was before a jury, but – as set forth in Plaintiff's reply papers – this Court is the trier of fact for the instant motion, and the rule of thumb weighs heavily in favor of admitting evidence.

Defendants next argue that they do not have a chance to respond, but – curiously – do not explicitly ask for any such opportunity.

Defendants also argue that the length of Plaintiff's supplemental reply brief[2] is longer than their April 8, 2022 supplemental brief without citing to any authority in support. To the extent that there is any authority concerning the length of reply briefs – which Defendants failed to cite – Plaintiff respectfully requests leave, *nunc pro tunc*, to file excess pages given the weight of the issues to be decided and to properly address the arguments raised by Defendants in their opposition papers.

Finally, Defendants ask this Court when "this" will stop. Plaintiff respectfully submits that, subject to this Court's discretion, no further briefing is necessary and a decision should be made as soon as practicable given the urgency of Plaintiff's requested relief.

Accordingly, Defendants' letter objections must be overruled in their entirety. Plaintiff and Mrs. Levi thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
April 22, 2022

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

  /s/ Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Plaintiff*
*Counterclaim-Defendant*
*IME WatchDog, Inc.*
*and Third-Party Defendant*
*Daniella Levi*

---

[2] Of import, the opening paragraph Defendants' letter raises only an objection to the submission of Plaintiff's supplemental reply declarations, not its supplemental reply memorandum of law.

2

**VIA ECF**
Katsoudakis & Iakovou Law Group, PLLC
<u>Attn</u>: Steven Siegler, Esq.
40 Wall Street, 49th Floor
New York, NY 10005-1300
(212) 404-8644 (telephone)
(212) 404-8609 (direct dial)
(332) 777-1884 (facsimile)
steven@kilegal.com

*Attorneys for Defendants*
*Counter-Claim Plaintiffs*
*Third-Party Plaintiffs*
*Safa Abdulrahim Gelardi*
*Vito Gelardi, and*
*IME Companions LLC*

**VIA ECF**
Leo Shalit, P.C.
<u>Attn</u>: Leo Shalit, Esq.
45 Glen Cove Road
Greenvale, NY 11548
(833) SHALIT-1 (office)
(646) 957-0009 (direct)
(833) 742-5481 (facsimile)
leo@shalit-law.com

*Attorneys for*
*Third-Party Defendant*
*Carlos Roa*