

40 Wall Street, 49th Floor
New York, NY 10005
**O**: (212) 404-8644
**F**:  (332) 777-1884
kilegal.com

May 9, 2022

**VIA ECF**
Hon. Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   **IME Watchdog, Inc. v. Safa Gelardi, et al.**
            **Civil No. 1:22-cv-1032 (PKC-JRC)**

Dear Judge Chen:

      We represent Defendants/Counterclaim Plaintiffs and Third-Party Plaintiffs Safa Gelardi, Vito Gelardi, and IME Companions (collectively, "Companions") in the above-referenced matter. Please allow this letter to serve as our response to IME Watchdog's and Daniella Levi's (collectively, "Watchdog") request for a pre-motion conference. We oppose Watchdog's request for a pre-motion conference and ask that the Court direct Watchdog to file their moving papers without further delay.

      Watchdog is currently in default, having failed to file their Answer to Companion's Counterclaim and Third-Party Complaint on May 6, 2022 (which date had been extended from April 13, 2022 with Companions' consent). Instead of filing a responsive pleading, Watchdog filed their letter requesting a pre-motion conference. This letter should have been filed weeks ago, and not on the date its pleadings were due.

      In any event, a pre-motion conference is not necessary at this time, as it is clear from Watchdog's letter "that a conference will not be a useful expenditure of the parties' time." *Individual Rules and Practices*, Judge Pamela K. Chen, at 3A (2022). Watchdog has misstated the law concerning allegations based upon information and belief. First, they improperly seek to hold Companions to the heightened pleading standard of Fed. R. Civ. P. 9(b) (Pleading Special Matters). This is not a fraud or mistake case. Second, even if the Court were to find that the Rule 9(b) standard applied to this case, Watchdog has failed to acknowledge the well-settled *DiVittorio* exception, which holds that a party may plead on information and belief where the "facts [are] peculiarly within the opposing party's knowledge, in which event the allegations must be accompanied by a statement of the facts upon which the belief is based."  *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987). Watchdog's failure to acknowledge this well-established exception, let alone bring it to the Court's attention, is troubling.



40 Wall Street, 49th Floor<br>
New York, NY 10005<br>
**O**: (212) 404-8644<br>
**F**:  (332) 777-1884<br>
kilegal.com

Companions' Counterclaim and Third-Party Complaint is properly analyzed under Fed. R. Civ. P. 12(b)(6), as interpreted by the cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The *Twombly* plausibility standard, which applies to all civil actions, "does not prevent a plaintiff from 'pleading facts alleged upon information and belief' where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal citations omitted.

In the matter at bar, Companions has met the *Twombly* plausibility standard because: 1) only Watchdog knows the facts regarding their involvement or non-involvement with Carlos Roa's conduct; discovery may reveal, for example, text messages, emails, telephone calls, conversations between Watchdog and Roa which is relevant to Companions' claims; and 2) the inference of Watchdog's involvement with Roa's conduct is supported by factual information that makes the inference of culpability plausible, including, without limitation:

- Watchdog hired Roa after he brought them damaging information about Companions. Answer, Affirmative Defenses, Counterclaims and Third-Party Complaint ("Answer") (Document 25), at Counterclaims, Par. 9-12; Third-Party Complaint, Par. 18-22.
- Roa made the actionable comments at a physician's office while performing services for Watchdog. Counterclaims, Par. 13; Third-Party Complaint, Par. 24-31.
- Roa specifically identified himself as a Watchdog employee to the Companions. Counterclaims, Par. 18; Third-Party Complaint, Par. 29.
- Roa's statements to the Companions about an FBI investigation were untrue. Counterclaims, Par. 18, 29, 38; Third-Party Complaint, Par. 46.
- Roa attempted to scare and threaten Companion's employees in order to harm Companions. Counterclaims, Par. 18, 30, 45, 52; Third-Party Complaint, Par. 44-47, 51-55, 59-61, 65-69, 73-76.  47.
- Watchdog benefitted from Roa's comments to the Companions because one Companion resigned and the other curtailed her hours. Counterclaims, Par. 18, 30, 45, 52; Third-Party Complaint, Par. 44-47, 51-55, 59-61, 65-69, 73-76.
- Levi did not terminate Roa after learning he was caught on tape making slanderous allegations against Companions. Roa made his tortious comments on March 8, 2022. Affidavit of Safa Gelardi, dated March 29, 2022 (Document 30-1), Par. 11. Ms. Gelardi filed an Order to Show Cause for Preliminary Injunction on March 29, 2022. *Id*. Watchdog still employed Roa as of April 8, 2022. Supplemental

Declaration of Carlos Roa, dated April 8, 2022 (Document 56-4), Par. 1 (testifying that he is an employee of Watchdog).

These allegations lead to a plausible inference that Watchdog is liable for Roa's actions – either directly by participating in the tortious conduct (by, without limitation, ordering, approving, condoning, or permitting it), or indirectly through vicarious liability. *Rosenfeld v. Lenich*, 370 F.Supp.3d 335 (EDNY 2019).

Lastly, Watchdog's repeated assertion that the undersigned is engaging in sanctionable conduct is absurd and is itself a breach of the Rules of Professional Conduct, which require counsel to be courteous in their dealings with each other. Threats of sanctions – especially ones which have no basis – are problematic and unhelpful. We hope the Court will discourage Watchdog's saber-rattling so this matter can be litigated without incurring extra expense to the parties.

For the foregoing reasons, Companions respectfully requests the Court to deny Watchdog's request for a pre-motion conference.

Respectfully submitted,

By: _/s/ Steven Siegler_
Steven Siegler, Esq.

cc:  Emanuel Kataev, Esq. (via ECF and Electronic Mail)
     Leo Shalit, Esq. (via ECF and Electronic Mail)