UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
IME WATCHDOG, INC.,

                       Plaintiff,

    - against -

SAFA ABDULRAHIM GELARDI, VITO
GELARDI, and IME COMPANIONS LLC,

                       Defendants.
---------------------------------------------------------x
SAFA GELARDI AND IME COMPANIONS
LLC,

                       Third-Party Plaintiffs,

    - against -

CARLOS ROA AND DANIELLA LEVI,

                       Third-Party
                       Defendants.
---------------------------------------------------------x

**PRELIMINARY INJUNCTION**
22-CV-1032 (PKC) (JRC)

PAMELA K. CHEN, United States District Judge:

    Upon consideration of Plaintiff's application for a preliminary injunction, Plaintiffs' Complaint, Plaintiff's memorandum of law and supplemental briefs filed in support thereof and the accompanying declarations, Defendants' memorandum of law and supplemental brief filed in opposition thereto and the accompanying declarations, and evidence presented at the show-cause hearing held on April 4, 2022; and

    The Court's findings, by Memorandum and Order dated May 13, 2022, that Plaintiff likely will succeed on the merits of this litigation, that Plaintiff will suffer irreparable harm if the requested relief is not granted in part, that the balance of hardships tips in Plaintiff's favor, and that it is in the interest of public interest to issue a preliminary injunction,

**IT IS THEREFORE ORDERED THAT:**

A. Plaintiff's application for a preliminary injunction is hereby GRANTED in part, and that Defendants, their agents, officers and employees, and all other persons and entities in active concert or participation with them, are preliminarily enjoined from:

1. using in any manner whatsoever Plaintiff's trade secrets and confidential and proprietary information in the nature of Plaintiff's: invoices; website; training handbooks; independent medical examination reports; customer information (including customer names, contact information, whether or not customers paid the issued invoices and if yes, amounts paid, number of associate visits performed, nature of services performed and hours spent servicing the customer, and customer's preferences in connection with the independent medical examinations); monthly, quarterly, and/or annual reports; internal memoranda; financial information (including information regarding payroll, banking, and profit and loss); and employees and agents (including which customers they service, which doctors' independent medical examinations they observed and how long such examinations lasted, and how much they earn);

2. contacting Plaintiff's current clients, employees, and agents;

3. franchising IME Companions LLC; and

4. destroying any documents, whether in hard copy and/or computerized and/or other electronic media format, that are presently in Defendants' personal or corporate possession relating to IME Companions LLC, IME Watchdog, Inc., or any other matter relevant to this case.

B. Defendants are directed to return to Plaintiff all originals and copies of documents, records,

    and information, whether in hard copy and/or computerized and/or other electronic media form, that contain Plaintiff's trade secrets and confidential and proprietary information in the nature of Plaintiff's: invoices; website; training handbooks; independent medical examination reports; customer information (including customer names, contact information, whether or not customers paid the issued invoices and if yes, amounts paid, number of associate visits performed, nature of services performed and hours spent servicing the customer, and customer's preferences in connection with the independent medical examinations); monthly, quarterly, and/or annual reports; internal memoranda; financial information (including information regarding payroll, banking, and profit and loss); and employees and agents (including which customers they service, which doctors' independent medical examinations they observed and how long such examinations lasted, and how much they earn).

C. Within fourteen (14) days of this Order, the parties are directed to meet and confer regarding the retention of an independent forensic analyst who will conduct an analysis of all of Defendants' records and electronic accounts. Defendants will provide complete and unrestricted access to their records and electronic accounts to the forensic analyst. The parties will share equally the cost of the forensic analysis. The parties shall file a joint report within thirty (30) days of this Order regarding the status of the forensic analysis, and every sixty (60) days thereafter. The forensic analyst's final findings shall be filed with the Court promptly upon the completion of the analysis.

D. This preliminary injunction shall continue until a final judgment or order is issued in this matter, unless otherwise modified in writing by the Court.

                                          SO ORDERED.

                                          */s/ Pamela K. Chen*

                                          Pamela K. Chen
                                          United States District Judge

Dated: May 13, 2022
        Brooklyn, New York