**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 1, 2022

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

   *Re:* **IME WatchDog, Inc. v. Gelardi,** *et al.*
     **Case No.: 1:22-cv-1032 (PKC) (JRC)**
     <u>**MLLG File No.: 25-2022**     </u>

Dear Judge Chen:

  This office represents the Plaintiff IME WatchDog, Inc. ("Plaintiff")[1] in the above-referenced case. Plaintiff respectfully submits this reply letter in further support of its motion for reconsideration of this Court's May 13, 2022 Order (the "Order") requiring the parties to split the costs of a forensic analyst and to clarify other aspects of the Order concerning the scope of the injunction.

**The Court Should Reconsider the Allocation of Costs in Conducting a Forensic Examination**

  Defendants argue that the forensic examination ordered by this Court is not a "routine discovery device" which is not taking place within the "normal discovery process," and that – as such – the well-accepted tenets of cost-shifting in discovery set forth in <u>Zubulake v. UBS Warburg LLC do not apply</u>.[2]

  However, this purported distinguishment by Defendants amounts to nothing more than a distinction without a difference. Courts nationwide have applied <u>Zubulake</u> in cost-shifting where a neutral forensic examination has been ordered. See <u>Perez v. DirecTV Group Holdings, LLC</u>, No. SA CV 16-01440 (JLS) (DFMx), 2021 WL 840437, at *4 (C.D. Cal. Jan. 25, 2021) ("The famed Zubulake cost-shifting factors are…" and "Plaintiff's request for a neutral ESI liaison is GRANTED. … LLO shall bear the cost in full …" after finding that most of the factors weigh in Plaintiff's favor despite the fact Defendants already produced responsive discovery which Plaintiff argued was deficient such that an independent forensic analysis was necessary to certify a class);

---

[1] Defendants have agreed to withdraw their counterclaims against Plaintiff and third-party claims against Daniella Levi. Pursuant to a May 26, 2022 minute entry by the Hon. James R. Cho, U.S.M.J., the parties are required to file a stipulation of dismissal referenced in this Court's May 17, 2022 Order by today. Plaintiff has yet to receive a proposed stipulation from Defendants.

[2] <u>See</u> 217 F.R.D. 309 (S.D.N.Y. 2003).

see also Classic Soft Trim, Inc. v. Albert, No. 6:18-CIV.-1237-Orl-78GJK, 2020 WL 6734369, at *9 (M.D. Fla. June 15, 2020) (analyzing Zubulake in requiring responding party to pay costs of additional forensic analysis previously ordered by the court following a failure by the responding party to engage in good faith efforts to resolve discovery issues); Belcastro v. United Airlines, Inc., No. 17 C 1682, 2019 WL 7049914, at *4 (N.D. Ill. Dec. 23, 2019) (requiring defendants to pay for forensic examination under Zubulake prompted by deposition testimony).

Accordingly, Defendants' position is meritless, and Plaintiff respectfully submits that this Court overlooked Zubulake and related cases in requiring the parties to share the costs of the forensic examination equally.

Defendants cite to a quartet of cases for the proposition that the requesting party, rather than the responding party, is required to pay the costs of a forensic examination. Each of them is inapposite as set forth below.

The Estate of Shaw v. Marcus[3] case is inapposite as it dealt with a sanctions motion related to a pattern of delinquent conduct by Plaintiffs' former counsel and because Plaintiff Susan Shaw disposed of a computer and her counsel confirmed that it was Ms. Shaw who "shut [sic] her mouth off in court and stated she refused to release her laptop …" See 2017 WL 825317, at *6. Applying the same analysis to this case, it is Defendant who should bear the burden of the forensic examination because Defendant Vito Gelardi told Adam Rosenblatt during a recorded call to "destroy everything" and "delete everything" minutes after being served with process in this case. See Hearing Exhibit 18C. This is what led to the Court reiterating Defendants' requirement not to destroy any documents or electronically stored information because of its concerns about Defendants' candor and conduct thus far in this case. See ECF Docket Entry 66 at 17 n. 18.

In Hutchins v. Palmer, the late Hon. A. Kathleen Tomlinson, U.S.M.J. specifically held that "Plaintiffs have not satisfied the seven-factor test set forth in Zubulake to show that the costs of any forensic examination of ESI should be shifted to the Palmer Defendants." See No. 12-CIV.-5927 (JFB) (AKT), 2015 WL 13713335 (E.D.N.Y. Mar. 31, 2015). Here, however, Plaintiff respectfully submits that it has satisfied the seven-factor test as argued in its May 16, 2022 letter motion for reconsideration. See ECF Docket Entry 67.

In addition, Defendants argue that costs should only be shifted where there has been a substantial showing that spoliation has actually taken place. However, their reliance on Treppel v. Biovail Corp., 249 F.R.D. 111 (S.D.N.Y. 2008) and In re Kessler, 2009 WL 2603104 (E.D.N.Y. Mar. 27, 2009) is entirely misplaced in that applying these cases would completely upend the significant seven-factor test set forth in Zubulake. Moreover, even if this was the law, which it is not, Plaintiff has come forward with sufficient evidence of the risk of spoliation given Defendants' statements on recorded calls instructing Adam Rosenblatt to delete and destroy "everything."

---

[3] See Nos. 14-CIV.-3849 (NSR) (JCM), 14-CIV.-5653 (NSR) (JCM), 2017 WL 825317 (S.D.N.Y. Mar. 1, 2017). Notably, the court there held that an order shifting the costs that are presumptively to be paid by the responding party to the requesting party "may be granted only on the motion of the responding party and 'for good cause shown'" and that "the responding party has the burden of proof on a motion for cost-shifting." Id. (citing Fed. R. Civ. P. 26(c) and Zubulake v. UBS Warburg LLC, 216 F.R.D. 280, 283 (S.D.N.Y. 2003)). Defendants have demonstrably failed to meet their burden of establishing good cause for such an unjust shift in costs.

Finally, as a matter of public policy, where a finding has been made that Plaintiff is likely to succeed on the merits of its claims and a specific finding that Defendants have repeatedly misappropriated trade secrets and confidential information to the detriment of Plaintiff, it would be unjust to pin any costs on Plaintiff. Defendants should bear the burden of these costs as a message that crime does not pay. Accordingly, Plaintiff's letter motion for reconsideration should be granted and all costs of forensic examination must be paid by the Defendants.

**Plaintiff Respectfully Seeks Clarification of the Preliminary Injunction as to its Clients**

Defendants rely on a textual analysis of this Court's Order to shockingly argue that they may continue to profit from their unlawful conduct. They ignore the fact that the purpose of injunctive relief is to "restore and preserve the parties' situation as it existed *immediately prior to the events that precipitated the dispute ...*" and this Court's specific finding that Defendants engaged in unlawful misappropriation in April 2017 prior to the time they formed IME Companions LLC in November 2017. See ECF Docket Entry 66 at 11 and 5 n. 4, respectively.

These findings of fact and the law require, logically, that Defendants be precluded from contacting any of Plaintiff's customers in the 2016 customer list or – at a minimum – the issuance of an appropriate court-authorized notice that: (i) the foregoing factual findings have been made; (ii) Plaintiff originally serviced these customers in 2016; (iii) a likelihood of success on the merits of Plaintiff's claims of misappropriation has been made; and (iv) the customer should cease doing business with Defendants. In addition, Plaintiff has learned that Defendants are informing certain law firms about the existence of this case; Plaintiff thus seeks leave to submit this Court's decisions to law firms.

Defendants' argument that Plaintiff only presented evidence of one or two customers being improperly misappropriated is belied by the record and is made under the mistaken belief that a bank robber can merely return the money he stole to avoid any additional punishment. This is not the way the world works.

Moreover, Defendants' argument that there is no irreparable harm to Plaintiff directly contradicts this Court's Order finding that irreparable harm has been established by virtue of Plaintiff's lost customers. See ECF Docket Entry 66 at 13-14 ("Based on this evidence, it is clear that, without an injunction, Plaintiff will continue to suffer substantial harm to its goodwill and reputation, and that Defendants will continue to divert clients from Plaintiff. See QBE Am., Inc. v. Allen, Nos. 22-CV-756, 22-CV-757 (JSR), 2022 WL 889838, at *15 (S.D.N.Y. Mar. 15, 2022) ('Even if QBE could reliably measure and obtain damages for poached customers at the end of this litigation, it would be very difficult to precisely quantify the harm caused by having its trade secrets misappropriated and used to jump-start a new competitor'").

**Defendants' Cross-Motion Should be Denied**

Finally, with respect to Defendants' cross-motion for clarification, Plaintiff respectfully submits that this is more appropriately addressed in discovery, subject to a confidentiality stipulation and Order to be entered into between the parties, as anticipated in the parties scheduling Order. Accordingly, Defendants' cross-motion should be denied without prejudice.

Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
       June 1, 2022                      Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
  */s/ Emanuel Kataev, Esq.*
Jamie S. Felsen, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Plaintiff*
*Counterclaim-Defendant*
*IME WatchDog, Inc.*
*and Third-Party Defendant*
*Daniella Levi*

**VIA ECF**
Katsoudakis & Iakovou Law Group, PLLC
<u>Attn</u>: Steven Siegler, Esq.
40 Wall Street, 49th Floor
New York, NY 10005-1300
(212) 404-8644 (telephone)
(212) 404-8609 (direct dial)
(332) 777-1884 (facsimile)
steven@kilegal.com

*Attorneys for Defendants*
*Counter-Claim Plaintiffs*
*Third-Party Plaintiffs*
*Safa Abdulrahim Gelardi*
*Vito Gelardi, and*
*IME Companions LLC*

**VIA ECF**
Leo Shalit, P.C.
<u>Attn</u>: Leo Shalit, Esq.
45 Glen Cove Road
Greenvale, NY 11548
(833) SHALIT-1 (office)
(646) 957-0009 (direct)
(833) 742-5481 (facsimile)
leo@shalit-law.com

*Attorneys for*
*Third-Party Defendant*
*Carlos Roa*