**WARNER & SCHEUERMAN**
Attorneys at Law
6 West 18th Street, 10th Floor
New York, New York 10011
Tel: (212) 924-7111
Fax: (212) 924-6111

**Jonathon D. Warner, Esq.**
jdwarner@wslaw.nyc

**Karl E. Scheuerman, Esq.**
kescheuerman@wslaw.nyc                                June 9, 2022

**VIA ECF**

Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:   *IME Watchdog, Inc. v. Gelardi, et al.*
      Case No.: 1:22-cv-1032 (PKC)(JRC)

Dear Judge Chen:

      We are the incoming attorneys for the defendants, and we are making our initial appearance in this matter today, after finalizing our substitution for defendants' prior counsel late yesterday afternoon. We respectfully request that the Court summarily deny plaintiff's overly broad contempt application, which is not so ironically replete with inflammatory and disparaging statements directed at the defendants. Please be advised that defendant Safa Gelardi removed the "GoFundMe" page in question approximately two hours after your Honor's Order was issued (Docket No. 80), and would have removed it more promptly but for the confusion caused by the change of counsel. I have been advised that defendants did not raise any money on the "GoFundMe" page. Plaintiffs' application should thus be denied as moot.

      In any event, we do not believe that any statements made on the since-removed "GoFundMe" page could be construed as defamatory as such statements constituted mere opinions, rather than statements of fact, and the individual who alleges to have been defamed was <u>not</u> named or otherwise identified on the "GoFundMe" page and is not a party to this litigation. Whether someone is "greedy" and "ruthless" is a subjective opinion rather than a statement of fact which can be proven to be factually false. <u>See</u> <u>Hakim v. James</u>, 169 A.D.3d 450 (1st Dept. 2019)(holding that allegedly defamatory phrase "Worst Landlords" in watchlist published by public advocate that purported to list the 100 worst landlords in city was nonactionable opinion). Moreover, whether words are "defamatory" in nature requires a legal conclusion, and we thus believe that the April 4th Directive which defendants have been accused of violating was too

Pamela K. Chen, U.S.D.J.
June 9, 2022
Page -2-

vague to serve as the basis for a finding of contempt.  See A.V. by Versace, Inc. v. Gianni Versace S.p.A., 87 F.Supp.2d 281 (S.D.N.Y. 2000)(holding that party may not be held in civil contempt for violation of court order unless violated order is clear and unambiguous, proof of non-compliance is clear and convincing, and party was not reasonably diligent in attempting to comply).  Trained attorneys routinely disagree whether words are "defamatory" in nature, and it was thus unfair to expect a layperson such as Safa Gelardi to know that the words in question could be deemed to have violated the underlying Directive when posted on the "GoFundMe" page in question.  We note that your Honor has effectively cured this vagueness with the issuance of the June 8th Order prohibiting both parties from making any statements which can be construed as "disparaging."  We further note that plaintiffs have attempt to expand the ambit of the underlying Directive by accusing defendants of "disparaging" plaintiff's principal, although no such prohibition had been in place.

      In the event your Honor decides to entertain plaintiff's application despite Gelardi's diligence in removing the "GoFundMe" page and the vagueness of the underlying Directive, we respectfully request as incoming counsel an extension of time to respond to the application as we have just been retained and have not brought upon to speed on all pertinent matters.  A two-week adjournment would be sufficient under the circumstances.  Plaintiff will not be prejudiced by any delay where the subject "GoFundMe" page has been voluntarily taken down.  As incoming counsel for defendants, we will endeavor to ensure defendants' compliance with your Honor's Directives and Orders, and we intend to conduct ourselves with the dignity and courteousness expected by the Court.

      We thank the Court for its courtesies and cooperation.

                                          Respectfully yours,

                                          */s/ Jonathon D. Warner*

JDW/ks

cc:      All counsel (via ECF)