**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X
IME WATCHDOG, INC.,

                     Plaintiff,

     -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
and IME COMPANIONS, LLC,

                     Defendants.
---------------------------------------------------------------------X
SAFA GELARDI and IME COMPANIONS, LLC,

                 Third-Party Plaintiffs,

     -against-

CARLOS ROA,

                 Third-Party Defendant.
---------------------------------------------------------------------X

Case No. 1:22-cv-01032-PKC-JRC

**ANSWER OF THIRD-PARTY PLAINTIFFS TO COUNTERCLAIMS OF THIRD-PARTY <u>DEFENDANT CARLOS ROA</u>**

**TRIAL OF COUNTERCLAIMS BY JURY DEMANDED**

        Third-Party Plaintiffs IME Companions, LLC ("IMEC") and Safa Gelardi ("Safa"), for their Answer to the Counterclaims of Third-Party Defendant Carlos Roa ("Roa"), allege, upon information and belief, as follows:

1. Deny every allegation in Paragraph "89," except admit that Roa commenced working for IMEC in 2018.

2. Deny every allegation in Paragraphs "90" through "96," inclusive, except admit that Roa entered into a written contract with IMEC, and respectfully refer this Court to the written contract for its terms.

3. Deny every allegation in Paragraphs "97" through "117," inclusive.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "118," except admit that IMEC and Safa were unaware of Roa's filing a declaration with this Court until on or about March 1, 2022.

5. Admit every allegation in Paragraphs "119" and "120."

6. Deny every allegation in Paragraph "121," except admit that Roa was terminated as of March 2, 2022.

7. Deny knowledge or information sufficient to form a belief as to the truth of every allegation in Paragraph "122."

8. Deny every allegation in Paragraphs "123" through "137," inclusive.

9. Deny knowledge or information sufficient to form a belief as to the truth of every allegation in Paragraph "138."

10. Deny every allegation in Paragraphs "139" and "140."

11. In response to Paragraph "141," IMEC and Safa reallege every response set forth in Paragraphs "1" through "10" herein.

12. Deny every allegation in Paragraphs "142" through "149," inclusive, except admit that Roa performed certain services and that IMEC paid Roa, through and including March 2, 2022.

13. In response to Paragraph "150," IMEC and Safa reallege every response set forth in Paragraphs "1" through "12" herein.

14. Deny every allegation in Paragraphs "151" through "156," inclusive.

15. In response to Paragraph "157," IMEC and Safa reallege every response set forth in Paragraphs "1" through "14" herein.

16. Deny every allegation in Paragraphs "158" through "162," inclusive.

17. In response to Paragraph "163," IMEC and Safa reallege every response set forth in Paragraphs "1" through "16" herein

18. Deny every allegation in Paragraphs "164" through "167," inclusive.

19. In response to Paragraph "168," IMEC and Safa reallege every response set forth in Paragraphs "1" through "18" herein.

20. Deny every allegation in Paragraphs "169" through "174," inclusive.

21. In response to Paragraph "175," IMEC and Safa reallege every response set forth in Paragraphs "1" through "20" herein.

22. Deny every allegation in Paragraphs "176" and "177."

23. In response to Paragraph "178," IMEC and Safa reallege every response set forth in Paragraphs "1" through "22" herein.

24. Deny every allegation in Paragraphs "179" and "180."

25. In response to Paragraph "181," IMEC and Safa reallege every response set forth in Paragraphs "1" through "24" herein.

26. Deny every allegation in Paragraphs "182" through "189," inclusive.

## AFFIRMATIVE DEFENSES

Without admitting facts asserted in the Counterclaims in Roa's Answer, IMEC and Safa assert that the following affirmative and other defenses, which they have designated collectively as "affirmative defenses," are not intended in any way to alter Roa's burden of proof with regard to any element of Roa's Counterclaims. Furthermore, nothing stated in any of the following defenses constitutes a concession that IMEC and/or Safa bear any burden of proof on any issue on which they would not otherwise bear.

## FIRST AFFIRMATIVE DEFENSE

27. The Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the doctrines of waiver, release, laches, estoppel, consent, and/or unclean hands.

3

**SECOND AFFIRMATIVE DEFENSE**

28. Roa's claims are barred, in whole or in part, by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

29. Roa is precluded from recovering any amounts from IMEC because IMEC has paid Roa all sums legally due under the NYLL.

**FOURTH AFFIRMATIVE DEFENSE**

30. Roa's claims are barred, in whole or in part, because (a) IMEC and Safa, at all times acted in good faith to comply with the NYLL; (b) had reasonable grounds for believing they were in compliance with the NYLL; and (c) Roa has failed to plead facts sufficient to support recovery of such damage. IMEC and Safa assert a lack of willfulness or intent to violate the NYLL as a defense to any claim for liquidated damages made by Roa.

**FIFTH AFFIRMATIVE DEFENSE**

31. Roa's claims are barred, in whole or in part, because, at all times material hereto, IMEC and Safa relied upon and acted in good faith and in conformity with, written administrative regulations, orders, rulings, and/or interpretations of the New York State Department of Labor, and/or any other applicable administrative practices or enforcement policies of the New York State Department of Labor.

**SIXTH AFFIRMATIVE DEFENSE**

32. At all times material hereto, the actions of IMEC and Safa with respect to Roa were justified under the circumstances and IMEC and Safa acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

**SEVENTH AFFIRMATIVE DEFENSE**

33. Roa is not entitled to any equitable relief because Roa has an adequate remedy at law.

**EIGHTH AFFIRMATIVE DEFENSE**

34. Roa's claims are barred, in whole or in part, because, to the extent any violations are established, they constitute de minimis violations.

**NINETH AFFIRMATIVE DEFENSE**

35. Even if IMEC and Safa have, in fact, failed to pay Roa for any of the activities alleged in the Counterclaims (which they have not), such activities were preliminary to principal activities or do not constitute compensable work under the NYLL, and, furthermore, such activities were not an integral and indispensable part of the principal activities of employment and are not compensable.

**TENTH AFFIRMATIVE DEFENSE**

36. Roa's Counterclaims are barred, in whole or in part, on the ground that the work Roa performed falls within executive, administrative and/or creative professional exemptions, exceptions, or exclusions provided under the NYLL, or, alternatively, should be reduced by any credits, recoupments or offsets provided under the NYLL.

**ELEVENTH AFFIRMATIVE DEFENSE**

37. IMEC and Safa have made complete and timely payment of all wages due.

**TWELFTH AFFIRMATIVE DEFENSE**

38. Each and every purported claim alleged by Roa is barred because any recovery from IMEC and Safa would result in Roa's unjust enrichment.

**THIRTEENTH AFFIRMATIVE DEFENSE**

39. Collective certification must be denied because, among other things, the members of the class are not so numerous that joinder is impracticable; common issues of fact and law do not predominate over individual issues; Roa's Counterclaims are not sufficiently typical of those of the purported collective members; Roa will not adequately represent and protect the interests of

5

the purported collective; and/or a collective proceeding is not superior to the other available methods for adjudicating the purported claims.

### RESERVATION OF RIGHTS

IMEC and Safa reserve the right to amend this Answer and to assert additional defenses and/or supplement, alter or change the Answer upon completion of appropriate discovery.

### PRAYER FOR RELIEF

**WHEREFORE**, Third-party Plaintiffs IME Companions, LLC, and Safa Gelardi demand:

A. A declaratory judgment establishing that IMEC and Safa were in compliance under New York State Labor Law;

B. Dismissal of Roa's Counterclaims;

C. Trial by jury;

D. A determination that this case is not sufficient for conditional certification, class status and that collective certification be denied; and

E. Such further relief as may be just.

Dated: New York, New York
June 30, 2022

**WARNER & SCHEUERMAN**
*Attorneys for Defendants*
Safa Abdulrahim Gelardi, Vito Gelardi,
and IME Companions, LLC
*Attorneys for Third-Party Plaintiffs*
Safa Gelardi and IME Companions, LLC

By: */s/ Jonathon D. Warner*
Jonathon D. Warner
6 West 18th Street, 10th Floor
New York, NY 10011
Tel: (212) 924-7111
E-mail: jdwarner@wslaw.nyc

TO: All Parties via ECF