UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IME WATCHDOG, INC.,

                               Plaintiff,

      -against-

SAFA ABULRAHIM GELARDI, VITO GELARDI,
And IME COMPANIONS LLC,

                               Defendants.
------------------------------------------------------------------X
SAFA GELARDI and IME COMPANIONS, LLC,

                               Third-Party Plaintiffs,

      -against-

CARLOS ROA,

                               Third-Party Defendants.
------------------------------------------------------------------X
CARLOS ROA,

                               Third-Party Counter-Claimant,

      -against-

SAFA ABUDLRAHIM GELARDI, VITO GELARDI,
and IME COMPANIONS, LLC,

                               Third-Party Counter-Defendants.
------------------------------------------------------------------X

**Case No.: 1:22-cv-1032 (PKC) (JRC)**

**CONFIDENTIALITY
STIPULATION & ORDER**

**CONFIDENTIALITY ORDER**

      It is hereby stipulated and ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a)    The following documents and information may be designated as "confidential," provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it [check and bold all that apply]:

1

   **<u>X</u> Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.**

   **<u>X</u> Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.**

   **<u>X</u> Medical and Legal Records, including medical files and reports.**

   **<u>X</u> Documents that contains information received in confidence from third parties.**

   **<u>X</u> Any other document which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule")**

   _____ Non-public criminal history.

(b) If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

(c) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "CONFIDENTIAL" on each page.

  If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

  At the time of a deposition or within ten (10) days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation, except as made during the time of a deposition, shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter. Receipt shall be defined as the day each particular deposition transcript is sent to each particular party.

(d) Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel, and other persons necessary to review the documents for the prosecution or defense of this case. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall

|   |   |
|---|---|
|   | further be advised of the obligation to honor the confidentiality designation.  Each person who is permitted to see confidential documents, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as **Exhibit A**.  The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation. |
| (e) | All documents designated confidential shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in this confidentiality stipulation and Order, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. |
| (f) | Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production. |
| (g) | The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.  If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order. |
| (h) | If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel.  In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate.  The burden rests on the party seeking confidentiality to demonstrate that such designation is proper. |
| (i) | When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Rule 26(b)(5)(B) and Rule 502(d) of the Federal Rules of Evidence.   Pursuant to same, such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable at any time after receiving notice of the inadvertent or mistaken disclosure. |
| (j) | The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf, if they wish to move to file a document under seal. |

(k) If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, which objection may be made at any time, the following procedure shall apply:

- Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within seven (7) days, and shall state with particularity the grounds for asserting that the document or information is Confidential.

- If no timely written response is made to the objection, the challenged designation will be deemed to be void.

- If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

- If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court by sealed letter motion with simultaneous service upon all counsel of record. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute and unless otherwise ordered by the Court.

(l) No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Confidentiality Stipulation & Order.

(m) Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned (with tracking information for any mailing or packages sent) to the respective producing parties or destroyed by the recipients with proof of destruction. A sworn statement shall suffice as proof.

(n) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(o) This Confidentiality Stipulation & Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of the Court or by the written stipulation of the parties filed with the Court.

(p) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

Rev. 4-26-2021

<table>
<tr><td>

Dated: Lake Success, New York
     July__6__, 2022

**MILMAN LABUDA LAW GROUP PLLC**

__/s/ *Emanuel Kataev, Esq.*_____
By: Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Plaintiff*
*IME WatchDog, Inc.*

Dated: Greenvale, New York
     July__6___, 2022

**LEO SHALIT, P.C.**

__/s/ *Leo Shalit, Esq.*_____
By: Leo Shalit, Esq.
45 Glen Cove Road
Greenvale, NY 11548
(833) SHALIT-1 (office)
(646) 957-0009 (direct)
(833) 742-5481 (facsimile)
leo@shalit-law.com

*Attorneys for Third-Party Defendant*
*& Third-Party Counter-Claimant*
*Carlos Roa*

</td><td>

Dated: New York, NY
     July __6__, 2022

**WARNER & SCHEUERMAN**

__/s/ *Jonathan D. Warner, Esq.*__
By: Jonathan D. Warner, Esq.
6 West 18th Street, 10th Floor
New York, NY 10011-4602
(212) 924-7111 (telephone)
(212) 924-6111 (facsimile)
jdwarner@wslaw.nyc

*Attorneys for Defendants,*
*Third-Party Plaintiffs, &*
*Third-Party Counter-Defendants*

**SO ORDERED:**



_____
**Hon. James. R. Cho, U.S.M.J.**

</td></tr>
</table>

5

## **EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled <u>IME WatchDog, Inc. v. Gelardi, *et al.*, Case No.: 1:22-cv-1032 (PKC) (JRC)</u> have been designated as confidential. I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Print Name: _____

Sign Name: _____

Dated: _____

Signed in the presence of:

_____

(Attorney)

Rev. 4-26-2021