**MILMAN LABUDA LAW GROUP PLLC**

**3000 MARCUS AVENUE
SUITE 3W8
LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899
FACSIMILE (516) 328-0082**

September 22, 2022

<u>**VIA ECF**</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James R. Cho, U.S.M.J.
225 Cadman Plaza East
Courtroom 11D South
Brooklyn, NY 11201-1804

      *Re:*    **IME WatchDog, Inc. v. Gelardi,** *et al.*
              **Case No.: 1:22-cv-1032 (PKC) (JRC)**
              <u>**MLLG File No.: 25-2022**</u>

Dear Judge Cho:

      This office represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case. Plaintiff writes to respectfully request an Order – pursuant to Rule 37 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), Local Civil Rule ("LCR") 37.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), and the Consent Order for Forensic Examination of Defendants' Records and Electronic Accounts (the "Consent Order")[1] – for an Order directing Defendants to comply with the requests of Berkeley Research Group, LLC ("BRG"), the forensic examiner ("Examiner") in this case, to appear for an examination under oath before BRG, and for appropriate sanctions under Rule 37 for forcing Plaintiff to make the instant application despite consenting to Defendants' numerous requests for an extension of time to so comply.

**Relevant Factual Background**

      The Consent Order permits the Examiner to obtain and review Defendants' records and electronically stored information. As set forth in the parties' August 19, 2022 joint status report to the Hon. Pamela K. Chen, U.S.D.J. ("Judge Chen"), "BRG is currently in the process of indexing and searching the data collected to date, which currently totals more than 1 TB (1000 GBs). As of August 15, 2022, data has been processed for ten (10) data sources and we will be searching for relevant data as per parameters set forth in the Consent Order." <u>See</u> ECF Docket Entry 105.

      On August 24, 2022, BRG contacted the parties and explained that: (i) it has been unsuccessful in contacting Defendant Safa Abdulrahim Gelardi ("Safa"), who failed to respond on August 11, 2022, August 22, 2022, thereafter, and to date; (ii) it needed search term assistance with respect to six (6) different categories, one of which had six (6) sub-categories; and (iii) it needed certain additional items. The following day, Plaintiff responded to provide some requested information, but noted that Defendants necessarily have to provide certain other information.

---

[1] <u>See</u> ECF Docket Entry 90; <u>see also</u> Text Only Order dated June 27, 2022 so Ordering same.

On August 30, 2022, BRG once again contacted the parties following up on requests for information. While BRG made requests of both Plaintiff and Defendants, there are six (6) discrete requests for information by BRG to Defendants which Defendants necessarily must provide in order for the Examiner to complete its forensic examination pursuant to the Consent Order. On September 6, 2022, Plaintiff responded to BRG and provided requested information. To date, since August 24, 2022, Defendants have not once responded to provide the Examiner the requested information. On September 10, 2022, Plaintiff requested that Defendants meet-and-confer concerning its anticipated motion to compel compliance with the Examiner's requests.

On or about September 12, 2022, Defendants' counsel contacted your undersigned by phone and requested an extension of time until Thursday, September 15, 2022. Plaintiff consented.

On September 15, 2022, Defendants' counsel contacted your undersigned by phone and requested an extension of time until Monday, September 19, 2022. Plaintiff consented again.

On September 19, 2022, Defendants' counsel contacted your undersigned by the phone and requested an extension of time until Tuesday, September 20, 2022. While Plaintiff informed Defendants that it did not consent, Plaintiff stayed its hand in seeking court intervention to provide Defendants an opportunity to comply. Two days have passed and Defendants have still not complied with the Examiner's requests.

**Legal Standard**

Rule 37 provides that a party may move for an order compelling disclosure or discovery on notice to other parties and all affected persons, and that any such motion must be include a certification that the movant has in good faith conferred or attempted to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action. See Fed. R. Civ. P. 37(a)(1).

Here, where Defendants' failure to respond to BRG's requests constitute a violation of the Consent Order, this Court is empowered to, *inter alia*, (i) direct that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibit the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) rendering a default judgment against the disobedient party; and (v) treating as contempt of court the failure to obey the order. See Fed. R. Civ. P. 37(b)(2)(A).

The Local Rules provide, further, that – prior to seeking judicial resolution of a discovery dispute – the attorneys for the affected parties shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute. See LCR 37.3(a).

Crucially, the Rules provide that if the instant motion is granted or disclosure is provided after the filing of this motion, the court *must* – after giving an opportunity to be heard – require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. See Fed. R. Civ. P. 37(a)(5).

**An Order Directing Defendants to Comply & for Sanctions Should be Issued**

Plaintiff easily meets the standard necessary to prevail on this motion.

2

As an initial matter, Plaintiff has met its requirement to attempt to resolve the dispute without court intervention by meeting and conferring with Defendants at least twice. During each meet-and-confer, Defendants did not raise any objections to compliance but merely sought additional time, which Plaintiff consented to except as to the third time more time was requested.

Going to the merits, the Consent Order already requires Defendants to cooperate with the Examiner to complete the forensic examination. For nearly one month, Defendants have dilly-dallied and delayed this process to the detriment of the Plaintiff. Defendants have inexcusably failed to answer direct calls from BRG to Safa on at least two (2) occasions, and have otherwise failed to respond in writing to BRG's requests for information since August 24, 2022. This conduct has frustrated the process for BRG and has created unnecessary costs.

And Defendants have no basis to object to complying with BRG's requests; nor have they. Instead, their counsel has sought three (3) extensions of time to comply and has failed to so comply each and every time. In such circumstances, an award of attorneys' fees is appropriate together with an Order directing compliance. See Au New Haven, LLC v. YKK Corp., No. 15-CIV.-3411 (GHW) (SN), 2018 WL 333828, at *6 (S.D.N.Y. Jan. 5, 2018) ("An award of attorneys' fees is appropriate in this case. … Defendants' lead counsel represented to the Court on several occasions that he would personally review the withheld documents and privilege logs and ameliorate all outstanding issues. … Despite these representations, however, Defendants have continually failed to repair the many shortcomings in their privilege logs and document production and have thereby failed to comply with the Court's repeated orders. … As a result of Defendants' consistent sloppiness and noncompliance, the Court has expended a great deal of time … compelling Defendants to produce additional documents that were improperly withheld. Likewise, Plaintiffs have spent substantial resources seeking to obtain documents that should have been produced long ago"); see also Par Elec. Contractors, Inc. v. Atkins, No. 05-CIV.-1409 (GLS) (DRH), 2006 WL 1510267, at *1 (N.D.N.Y. May 26, 2006) (directing compliance, barring objections, and awarding fees and costs where, "[d]espite repeated representations that responses would soon be served, Atkins failed to serve responses … Thus, Atkins has failed to comply with the order filed February 17, 2006 compelling discovery responses by March 3, 2006. …").

**Safa Should Be Directed to Appear for an Examination Under Oath before BRG**

In addition, this Court should require Safa to appear and provide sworn testimony to BRG concerning any information necessary for the Examiner to complete the forensic examination. As set forth in the August 19, 2022 joint status report, Safa was interviewed by BRG virtually on July 21, 2022. There, Safa made numerous material misrepresentations and omissions to interfere with BRG's examination. Specifically, Safa failed to disclose that: (i) she regularly used WhatsApp to communicate with customers, employees, and agents of IME Companions LLC ("Companions"); (ii) she created the false identity of Mike Rosen to build the image of employing a Jewish individual in order to attract Jewish personal injury attorneys; (iii) Mark Purificati and Jason Ciccone had email addresses at Companions which she failed to disclose; (iv) she failed to disclose that she owned and utilized, together with two (2) other employees, three (3) desktop computers rather than just one; and (v) Penelope Hernandez worked in the office alongside Safa and Carlos Roa on one of the three (3) computers and was not just an independent contractor performing IME observer duties. The significance of these misrepresentations and omissions is that Defendants are apparently frustrating Plaintiff's and the Examiner's efforts in getting to the bottom of the nature and extent of Defendants' scheme to misappropriate and utilize Plaintiff's trade secrets.

   Indeed, Judge Chen reiterated in a subsequent Order following the May 13, 2022 Order (which directed the retention of an independent forensic analyst) that the Examiner conduct an analysis of *all* of Defendants' records and electronic accounts, and that Defendants will provide *complete* and *unrestricted* access to their records and electronic accounts to the forensic analyst, and explicitly stated that the Court specifically included the unqualified language in that Order due to its concerns about Defendants' candor and conduct thus far in this case.  See Text Only Order dated June 2, 2022.

   Because Safa has made so many misrepresentations and omitted pertinent information, and because Judge Chen has already found her prior sworn testimony incredible in other circumstances, this Court should require her to appear before BRG[2] and provide testimony under oath concerning the electronic devices and custodians at issue.

   Accordingly, Defendants must be directed to comply with the requests of the Examiner pursuant to the Consent Order and must be appropriately sanctioned, together with an Order requiring Safa to testify under oath before BRG.  Plaintiff thanks this Court for its time and attention to this case.

Dated: Lake Success, New York
   September 22, 2022      Respectfully submitted,

                **MILMAN LABUDA LAW GROUP PLLC**

                */s/ Emanuel Kataev, Esq.*
                Jamie S. Felsen, Esq.
                Emanuel Kataev, Esq.
                3000 Marcus Avenue, Suite 3W8
                Lake Success, NY 11042-1073
                (516) 328-8899 (office)
                (516) 328-0082 (facsimile)
                jamiefelsen@mllaborlaw.com
                emanuel@mllaborlaw.com

                *Attorneys for Plaintiff*
                *IME WatchDog, Inc.*

---

[2] While Rule 30 does not expressly provide that a non-party such as BRG may conduct a deposition, the Consent Order permits interviews.  See ECF Docket Entry 90-1 at ¶ 2(d).  Moreover, while Rule 34 similarly does not provide that a non-party such as BRG may request documents and electronically stored information, this Court has expressly permitted it to do so by and through the Consent Order.  As such, Plaintiff respectfully submits that this Court should permit a deposition of Safa by BRG.  Alternatively, Plaintiff may conduct the deposition by obtaining from BRG a list of questions.  Either way, Safa's testimony is crucial in achieving the ends of properly completing the forensic examination.

4

**VIA ECF**
Warner & Scheuerman
<u>Attn</u>: Jonathan D. Warner, Esq.
6 West 18th Street, 10th Floor
New York, NY 10011-4602
(212) 924-7111 (telephone)
(646) 692-0166 (direct dial)
(212) 924-6111 (facsimile)
jdwarner@wslaw.nyc

*Attorneys for Defendants*
*Third-Party Plaintiffs*
*Third-Party Counterclaim Defendants*
*Safa Abdulrahim Gelardi*
*Vito Gelardi, and*
*IME Companions LLC*

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

**VIA ECF**
Leo Shalit, P.C.
<u>Attn</u>: Leo Shalit, Esq.
45 Glen Cove Road
Greenvale, NY 11548
(833) SHALIT-1 (office)
(646) 957-0009 (direct)
(833) 742-5481 (facsimile)
leo@shalit-law.com

*Attorneys for*
*Third-Party Defendant*
*Third-Party Counterclaimant*
*Carlos Roa*

5