**WARNER & SCHEUERMAN**
Attorneys at Law
6 West 18th Street, 10th Floor
New York, New York 10011
Tel: (212) 924-7111
Fax: (212) 924-6111

**Jonathon D. Warner, Esq.**
jdwarner@wslaw.nyc

**Karl E. Scheuerman, Esq.**
kescheuerman@wslaw.nyc                           September 27, 2022

<u>**VIA ECF**</u>

Hon. James R. Cho, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11021-1804

Re:   <u>*IME WatchDog, Inc. v. Gelardi, et al.*
      Case No. 1:22-cv-1032 (PKC)(JRC)</u>

Dear Judge Cho:

      We represent the defendants in the above-referenced matter and respectfully submit the instant letter brief in opposition to plaintiff's letter motion for an Order, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.3, directing defendants to comply with the forensic examiner's requests for additional information, to appear for an examination under oath before the forensic examiner and for appropriate sanctions.

      Before addressing the purported merits of plaintiff's latest letter motion, I wish to inform the Court that the brief adjournments of the parties' attempts to "meet-and-confer" discussed by plaintiff were not the product of "dilly-dallying" intended to "delay the process" as plaintiff's counsel alleges, but were engendered by a personal health emergency I experienced early this month, which emergency forced me to request adjournments of as many court appearances and deadlines as possible, including the September 30th in person appearance in the instant case (which was graciously adjourned on consent of all parties to September 28th, and which was converted to a virtual appearance rather than an in-person appearance at my request due to my inability to make in-person court appearances at this time).

      I have only been able to work episodically and with great difficulty since Labor Day weekend due to both the sequella of my condition (I was briefly hospitalized over the holiday weekend with "failing" kidneys) and my need to undergo medical examinations, medical testing and to have repeat blood work drawn, while consulting with potential surgeons and deciding upon

Hon. James R. Cho, U.S.M.J.
September 27, 2022
Page -2-

the appropriate surgical technique.  Fortunately, my surgeon of choice recently advised me of an opening in his schedule, and surgery is scheduled for September 29th.  It is anticipated that the surgery will promptly resolve my medical condition and will allow me to return to work on a full-time basis next week.  Plaintiff's counsel is aware of my health problems, but nevertheless filed the instant motion in a heavy-handed attempt to obtain a tactical advantage in this litigation while defendants' counsel was experiencing a health emergency.

      That the instant motion was entirely unnecessary was confirmed by the belated meet-and-confer held on September 23rd.  By the time counsel was able to meet-and-confer (the day after the instant motion was filed), defendant Safa Gelardi had already provided additional information directly to the forensic examiner, and plaintiff's counsel was unable to identify any information allegedly needed by the forensic examiner.  Our meet-and-confer thus consisted of little more than discussing the terms upon which plaintiff would agree to withdraw its latest motion rather than the curing of any alleged defaults by defendants.  The bottom line is that defendants are in full compliance with the Consent Order for Forensic Examination of Defendants' Records and Electronic Accounts (the "Consent Order") and remain prepared to provide any further information requested by the forensic examiner.  Defendants never intended to violate the Consent Order in any respect, and defendants firmly believe that they have been in compliance with the Consent Order at all times.

      Indeed, the forensic examiner has not requested any information from defendants which has not been produced.  Defendants Safa Gelardi and Vito Gelardi have been interviewed by the forensic examiner and cooperated fully at their interviews.  The forensic examiner has not requested an additional interview of Safa Gelardi, let alone her deposition.  In fact, my records indicate that the last communication I received from the forensic examiner was on September 7, 2022, and the email I received from the forensic examiner on that day made no mention of any need for a further interview of Safa Gelardi, let alone of any need for her deposition.  The September 7th email from the forensic examiner stated only: "Jonathon – If you have any questions about the items below, please let me know.  We can compile/search for those items, but if your client can provide some of that information, that will save us some time."

      Clearly, the forensic examiner did not seem as bothered by the defendants' alleged lack of cooperation as plaintiff would have this Court believe.  The forensic examiner only wanted defendants' help to "save us some time," and did not complain that defendants had failed to cooperate or needed to be deposed.  We note that defendants' alleged acts of non-compliance discussed in plaintiff's letter motion predated the forensic examiner's email of September 7th stating only that "if... [defendants] can provide some of that information, that will save us some time."

      That defendants have always tried their best to cooperate with the forensic examiner  is underscored by the parties' joint status report of August 19, 2022 (Doc. No. 105) and this

Court's August 19, 2022 docket entry thanking the parties for the joint report and requesting an additional report on October 18, 2022. If plaintiff truly believed that defendants had not been cooperating with the forensic examiner, plaintiff should have consulted with the forensic examiner (on notice to me) to ascertain exactly what, if anything, was needed from defendants, and then informed the Court of defendants' alleged non-compliance on October 18, 2022, if defendants failed to supply the forensic examiner with any outstanding information prior to such time. Plaintiff instead chose to burden the Court with an unnecessary Rule 37 motion devoid of any evidence from the forensic examiner supporting plaintiff's accusations of non-cooperation. Plaintiff's conduct in filing an unnecessary motion, which Plaintiff's counsel refuses to withdraw even though it has been rendered moot, is consistent with the conduct of plaintiff's counsel since the inception of this action in attempting to litigate by letters to the Court which routinely smear the defendants and make unwarranted demands for various forms of sanctions, without any basis therefor.

In any event, defendants stand prepared to fully cooperate with the forensic examiner and to comply with any request for information made by the forensic examiner, including any additional interviews. If the forensic examiner believes it is necessary to depose Safa Gelardi, defendants will produce her for a deposition. But it appears at this point in time that only plaintiff's counsel believes it is necessary to depose Safa Gelardi, as no such request has been made by the forensic examiner. It further appears that plaintiff's counsel believes that he can speak for the forensic examiner, while hurling accusations of non-cooperation at defendants which only the forensic examiner is competent to make. We note that plaintiff has failed to support its motion with any written communication or statement from the forensic examiner indicating that defendants have failed to cooperate with any requests for information and/or suggesting that a deposition is necessary. Plaintiff's motion is based upon nothing more than counsel's self-serving and highly disingenuous interpretation of the parties' proceedings before the forensic examiner. There is simply no basis for the imposition of any sanctions in the absence of any evidence indicating that defendants have in fact violated the Consent Order by refusing to cooperate with the forensic examiner. Defendants have not objected to any request for information made by the forensic examiner. Nor have defendants refused to respond to any request for information made by the forensic examiner. Plaintiff's motion should be denied, *in toto*.

That plaintiff's motion should be denied is highlighted by the apparent inapplicability of Rule 37. Rule 37 permits parties to "move for an order compelling disclosure or discovery" and to seeks sanctions if "a party fails to make a disclosure required by Rule 26(a);" "fails to answer a question asked under Rule 30 or 31;" "fails to answer an interrogatory submitted under Rule 33;" or "fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." In short, Rule 37 applies to violations of discovery obligations and orders. But plaintiff's motion is not based upon any alleged discovery violation. Plaintiff's motion is based upon defendants' alleged failure to cooperate with the forensic examiner as required by the Consent Order. Rule 37 is inapposite where the Consent

Hon. James R. Cho, U.S.M.J.
September 27, 2022
Page -4-

Order is not a discovery order.  Plaintiff should have simply brought the issue of defendants' alleged non-cooperation to the Court's attention in the next status report due on October 18th, after obtaining proof of defendants' alleged non-compliance from the forensic examiner on notice to defendants' counsel.  But no such proof would be forthcoming as defendants have cooperated with the forensic examiner and will continue to do so.

     Plaintiff's request for monetary sanctions pursuant to Rule 37(a)(5)(A) is based upon nothing more than counsel's selective reading of the Rule.  Rule 37(a)(5)(A) does not merely state that "the court *must* – after giving an opportunity to be heard - require the party whose conduct necessitated the motion to pay the movant's reasonable expense incurred in making the motion, including attorneys' fees" as plaintiff's counsel suggests.  Indeed, plaintiff's counsel has conveniently ignored that Rule 37(a)(5)(A) further states that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

     Here, and assuming the applicability of Rule 37 to this non-discovery related "dispute," the exceptions apply.  Plaintiff filed its motion without making any good faith attempt to ensure that the forensic examiner actually believes that defendants have failed to cooperate, and defendants' alleged delays in participating in a meet-and-confer were occasioned by the illness of counsel.  In any event, the forensic examiner's email of September 7th indicates that defendants had cooperated with the forensic expert and that any additional information sought from defendants was requested simply to save the forensic examiner "some time."  It is without dispute that defendants have since provided the forensic examiner with additional information.

     In light of the foregoing, defendants respectfully request that plaintiff's motion be denied in its entirety and that defendants be awarded costs and reasonable attorneys' fees pursuant to Rule 37(a)(5)(B).  Rule 37(a)(5)(B) states: "If the motion is denied, the court... must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees...."

     While it is true that Rule 37(a)(5)(B) further states that "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," it is readily apparent that plaintiff's motion was entirely unjustified as demonstrated by the complete absence of evidence indicating that the forensic examiner believes that defendants have failed to cooperate and/or need to appear for depositions by the forensic examiner.

     We also respectfully request that the Court issue an Order prohibiting plaintiff from filing any further letter motions, without first obtaining permission from the Court obtained at a pre-

Hon. James R. Cho, U.S.M.J.
September 27, 2022
Page -5-

motion conference.  Such an Order is required to deter plaintiff's counsel from continuing to engage in the type of vexatious litigation tactics which appear to have been the hallmark of this proceeding since its inception.

      Defendants thank the Court for its courtesies and cooperation.

                                                  Respectfully yours,

                                                  */s/ Jonathon D. Warner*

JDW/ks

cc:      All counsel (via ECF)