UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
IME WATCHDOG, INC.,

                              Plaintiff,

                 - against -

SAFA ABDULRAHIM GELARDI, VITO
GELARDI, GREGORY ELEFTERAKIS,
ROMAN POLLAK, ANTHONY BRIDDA,
NICHOLAS ELEFTERAKIS, NICHOLAS
LIAKIS, and IME COMPANIONS, LLC,

                              Defendants.
--------------------------------------------------------x
SAFA GELARDI and IME COMPANIONS,
LLC,

                              Third-Party
                              Plaintiffs,

                 - against -

CARLOS ROA,

                              Third-Party
                              Defendant.
--------------------------------------------------------x
CARLOS ROA,

                              Third-Party
                              Counter-Claimant,

                 - against -

SAFA ABDULRAHIM GELARDI, VITO
GELARDI, and IME COMPANIONS, LLC,

                              Third-Party
                              Counter-Defendants.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-1032 (PKC) (JRC)

PAMELA K. CHEN, United States District Judge:

1

Plaintiff IME WatchDog, Inc. ("WatchDog" or "Plaintiff") filed an initial complaint on February 25, 2022, against Safa Abdulrahim Gelardi and Vito Gelardi ("Individual Defendants"),[1] and IME Companions, LLC ("Companions") (collectively, "Defendants"), alleging misappropriation of WatchDog's confidential information and trade secrets, and seeking monetary and injunctive relief. (Compl., Dkt. 1, at 1.) On the same day, Plaintiff also filed a motion for a preliminary injunction (Dkt. 6), which the Court granted in part and denied in part (04/05/2022 Order; Dkt. 66). Now, before this Court, is Plaintiff's motion for attorney's fees pursuant to 18 U.S.C. § 1836(b)(3)(D). (Dkt. 85.) Plaintiff moves for fees based on the Court's partial granting of Plaintiff's motion for a preliminary injunction. (*Id.* at 4.) For the reasons discussed below, the Court denies Plaintiff's motion for attorney's fees as premature.

## PROCEDURAL BACKGROUND

Plaintiff moved for a preliminary injunction on February 25, 2022. (Dkt. 6.) After holding a show-cause hearing on April 4, 2022, the Court granted Plaintiff's motion in part and preliminarily enjoined Defendants from franchising Companions and having any ongoing or future communications with Plaintiff's employees and agents. (04/05/2022 Order.) The Court reserved ruling on the remainder of the motion and requested supplemental briefing on the issue of irreparable harm. (*Id.*) After the parties submitted their supplemental briefing, the Court partially granted the remainder of Plaintiff's motion on May 13, 2022. (Dkt. 66.) In granting partial relief, the Court found that Plaintiff had established a clear likelihood of success on the merits, showed

---

[1] Plaintiff filed an Amended Complaint on October 13, 2022, naming additional individuals as Defendants. (Dkt. 114.) These Defendants have not yet been served or made appearances in this case.

irreparable harm, and demonstrated the "balance of hardships decidedly tip[ping] in Plaintiff's

favor." (*Id.* at 11, 13–14.)  Accordingly, the Court granted the following relief to Plaintiff:

a.  Defendants are preliminarily enjoined from using in any manner whatsoever Plaintiff's trade secrets and confidential and proprietary information.

b.  Defendants are directed to return to Plaintiff all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain Plaintiff's trade secrets and confidential and proprietary information.

c.  Defendants are preliminarily enjoined from contacting Plaintiff's current clients, employees, and agents.

d.  Defendants are preliminarily enjoined from franchising Companions.

e.  Defendants are preliminarily enjoined from destroying documents, whether in hard copy and/or computerized and/or other electronic media format, that are presently in Defendants' personal or corporate possession relating to Companions, Watchdog, and or any other matter relevant to this case.

f.  Within fourteen (14) days of this Memorandum and Order, the parties are directed to meet and confer regarding the retention of an independent forensic analyst who will conduct an analysis of all of Defendants' records and electronic accounts.  Defendants will provide complete and unrestricted access to their records and electronic accounts to the forensic analyst.  The parties will share equally the cost of the forensic analysis. The parties shall file a joint report within thirty (30) days of this Memorandum and Order regarding the status of the forensic analysis, and every sixty (60) days thereafter. The forensic analyst's final findings shall be filed with the Court promptly upon the completion of the analysis.

(*Id*. at 17–18 (footnote omitted); *see also* Dkt. 66-1.)

Based on the Court's order for preliminary injunctive relief, Plaintiff filed a letter motion

for attorney's fees on June 10, 2022.  (Dkt. 85.)  The motion was fully briefed on July 21, 2022.

(Dkts. 96, 101.)   The Court notes that Plaintiff did not submit the information necessary to

determine the fees' reasonableness in the motion briefs.  (*See* Dkt. 96, at 8; Dkt. 101, at 5–6.)

Instead, Plaintiff asks the Court to first make a finding regarding *whether* Plaintiff is entitled to

seek fees at this point in the litigation as a matter of law and, if it is, will "supplement [its] motion

with support for fees." (Dkt. 101, at 5.)  Accordingly, the Court analyzes only the narrow legal issue of whether it can grant a motion for attorney's fees after Plaintiff prevails on a preliminary injunction motion, but before final judgment is rendered.

## LEGAL STANDARD

Under the Defend Trade Secrets Act ("DTSA"), "[i]n a civil action brought . . . with respect to the misappropriation of a trade secret, a court may . . . if . . . the trade secret was willfully and maliciously misappropriated, award reasonable attorney's fees to the *prevailing party*." 18 U.S.C. § 1836(b)(3)(D) (emphasis added).  "[A] 'prevailing party' is one who has favorably effected a 'material alteration of the legal relationship of the parties' by court order." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)).  More specifically, with respect to the grant of a preliminary injunction, attorney's fees are proper when a party receives a stay or preliminary injunction "governed by [an] assessment of the merits" but "never obtain[s] final judgments in their favor on the merits." *LaRouche v. Kezer*, 20 F.3d 68, 74 (2d Cir. 1994); *see also Haley v. Pataki*, 106 F.3d 478, 483 (2d Cir. 1997) ("When a party receives a stay or preliminary injunction but never obtains a final judgment, attorney's fees are proper if the court's action in granting the preliminary injunction is governed by its assessment of the merits.").

## DISCUSSION

The Court therefore must resolve two issues in deciding Plaintiff's attorney's fees motion: (1) whether the Court's partial grant of Plaintiff's preliminary injunction was governed by an assessment of the merits, and (2) whether this action will never obtain a final judgment.  First, the Court finds that it did assess the merits of Plaintiff's claims in partially granting Plaintiff's preliminary injunction motion.  However, as to the second issue, the Court has no reason to

conclude this case will never obtain a final judgment.  Thus, the Court denies Plaintiff's motion for attorney's fees as premature.

**I.      The Court's Partial Grant of Plaintiff's Preliminary Injunction Was Governed by an Assessment of the Merits.**

The Court finds that it did assess the merits of Plaintiff's claims to reach its decision regarding Plaintiff's preliminary injunction request.  "A determination of whether a court's action is governed by its assessment of the merits requires close analysis of the decisional circumstances and reasoning underlying the grant of preliminary relief."  *Haley*, 106 F.3d at 483 (citation and internal quotation marks omitted).  Here, the Court's grant of partial preliminary relief was clearly based on an assessment of the merits of Plaintiff's trade secrets claims.  At the April 4, 2022 show-cause hearing, the Court heard live testimony and received other evidence going directly to the merits of Plaintiff's trade secrets claims.  Based on this evidence, the Court found that "Plaintiff ha[d] demonstrated likelihood of success on the merits of its claims against Defendant." (04/05/2022 Order.)  The Court again declared in its Memorandum and Order granting the partial preliminary injunction that "[t]he Court has already concluded that Plaintiff is highly likely to prevail on the merits in this litigation."  (Dkt. 66, at 16.)  The same Memorandum and Order included seven detailed pages of "Findings of Fact," which assessed and made conclusions regarding the merits of the case.  (*See, e.g.*, Dkt. 66, at 5 ("Using Watchdog's misappropriated invoices and a 2016 customer sales summary report, along with some help from her newly found business partners, Safa Gelardi got Companions off the ground in November 2017." (footnote omitted)); *id.* at 6 ("After starting Companions, Safa Gelardi continued to use misappropriated information to poach clients from Watchdog and grow Companions."); *id.* at 7 ("Although fully aware that the information shared by [Plaintiff's employee] was proprietary and confidential, the

Individual Defendants had an 'ongoing relationship' with [Plaintiff's employee] in which they paid him to 'get information.'").)

Defendants argue that "prevailing party" status can only be conferred on parties who have obtained mandatory injunctions, and here, "Plaintiff has obtained a status quo injunction[2] . . . rather than a mandatory injunction." (Dkt. 96, at 4–5.)  However, the Second Circuit has specifically rejected this argument.  In *Haley*, the Second Circuit reviewed a district court's decision to confer "prevailing party" status on plaintiffs who had prevailed on a preliminary injunction.  *See Haley*, 106 F.3d at 481.  The Second Circuit found "that plaintiffs' interim relief was clearly based on the merits of plaintiffs' claim and that, therefore, the district court did not abuse its discretion in determining that plaintiffs are a 'prevailing party' for the purposes of [attorney's fees]."  *Id*. at 484. In upholding the district court's determination and award of fees, the Second Circuit unambiguously stated that the type of injunction does not matter when determining whether a party is a prevailing party.  *See id.* at 483 (explaining that regardless of "whether . . . the district court's injunction should be considered a negative or mandatory injunction, the district court's decision to issue the injunction was clearly based on the likelihood of the plaintiff's success on the merits"). Thus, Defendants' reliance on distinguishing between mandatory and negative injunctions is misplaced and does not affect the Court's finding that its partial grant of Plaintiff's injunction was governed by the Court's assessment of the merits of Plaintiff's claims.

---

[2] The Court notes that the Second Circuit has "explicitly rejected claims for attorney's fees where the temporary restraining order merely maintained the status quo." *Garcia*, 561 F.3d at 106. However, the Second Circuit specifically distinguishes preliminary injunctions from temporary restraining orders. *See id.* at 107 ("[A] temporary restraining order serves a purpose different from that of a preliminary injunction.  The purpose of a temporary restraining order is to preserve an existing situation *in statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." (citation and internal quotation marks omitted)).  Here, the Court granted a preliminary injunction in addition to a temporary restraining order.

**II.      Plaintiff's Attorney's Fees Motion is Nevertheless Premature Because Plaintiff Can Still Obtain Final Judgment.**

The Court also finds that, in order to grant Plaintiff's motion for attorney's fees, the Court must be satisfied that Plaintiff will never obtain final judgment in this matter.  *Id.* (holding attorney's fees are proper if the court's action in granting the preliminary injunction is governed by its assessment of the merits" and the party that "receives a stay or preliminary injunction [] *never obtains a final judgment*" (emphasis added)).  Here, the Court has no reason to believe this case will never obtain final judgment.  Accordingly, Plaintiff's motion for attorney's fees is not proper at this time.

The Court has not found any cases—nor has Plaintiff provided any—in which a party has been granted "prevailing party" status *before* establishing that the party cannot obtain final judgment.  The Court notes that in the cases considering attorney's fees, in which "prevailing party" status was conferred after only a preliminary injunction, the underlying cases were mooted by the time the courts ruled.  *See, e.g.*, *Haley*, 106 F.3d at 481 (explaining that district court "reserved decision on plaintiff's fee request" until underlying case was mooted); *Vacchio v. Ashcroft*, 404 F.3d 663, 667 (2d Cir. 2005) (stating plaintiff filed for "fees and costs" after dismissing his underlying case for mootness); *Kirk v. N.Y. State Dep't of Educ.*, 644 F.3d 134, 135 (2d. Cir. 2011) (describing the underlying case as moot).

Even assuming *arguendo* that this Court can grant attorney's fees while final judgment is still a possibility, the Court would deny Plaintiff's motion as premature because "a plaintiff who secures interim relief that is later 'reversed, dissolved, or otherwise undone by the final decision in the same case' is not a prevailing party." *Garcia*, 561 F.3d at 103 (quoting *Sole v. Wyner*, 55 U.S. 74, 127 (2007)).  The Supreme Court warns that "[a] plaintiff who achieves a transient victory at the threshold of an action can gain no award under [a] fee-shifting provision if, at the end of the

litigation, her initial success is undone and she leaves the courthouse emptyhanded." *Sole,* 551 U.S. at 78. This action is still in its "threshold" stages and is actively being litigated. In fact, Plaintiff filed an Amended Complaint adding a new defamation claim and naming five more individual defendants just three weeks ago. (Dkt. 114.) Thus, the outcome the Supreme Court cautions against in *Sole* is a genuine possibility and Plaintiff's partial preliminary injunction may turn out to be a "transient victory." In sum, the Court finds that Plaintiff's motion for attorney's fees is premature and improper at this stage of the litigation.

**CONCLUSION**

For the reasons detailed above, Plaintiff's motion for attorney's fees pursuant to 18 U.S.C. § 1836(b)(3)(D) is denied without prejudice.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  November 2, 2022
        Brooklyn, New York