# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

January 13, 2023

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

      *Re:*    **IME WatchDog, Inc. v. Gelardi,** *et al.*
              **Case No.: 1:22-cv-1032 (PKC) (JRC)**
              <u>**MLLG File No.: 25-2022**</u>

Dear Judge Chen:

      This office represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case. Plaintiff writes to respectfully request an extension of time of thirty (30) days to serve Defendants Nicholas Liakas and Nicholas Elefterakis, an extension of time - *nunc pro tunc* – to serve Defendants Gregory Elefterakis, Roman Pollak, and Anthony Bridda, and to permit substitute service by email as against Defendant Nicholas Liakas.

**<u>Relevant Factual Background & Procedural History</u>**

      Plaintiff filed an amended complaint on October 13, 2022 naming five (5) additional Defendants; namely, Gregory Elefterakis, Roman Pollak, Anthony Bridda, Nicholas Elefterakis, and Nicholas Liakas. <u>See</u> ECF Docket Entry 114. On January 12, 2023, Gregory Elefterakis, Roman Pollak, and Anthony Bridda were served.[1] <u>See</u> ECF Docket Entry 129.

      Attempts to serve Nicholas Liakas, a personal injury attorney,[2] have been unsuccessful. On January 6, 2023, an attempt at service was made at Mr. Liakas' actual place of business. The lobby staff there informed the process server that they never accept legal documents for anything; the process server was not permitted upstairs and nobody came downstairs despite the process server waiting for ten (10) minutes. On January 10, 2023, service was attempted at Mr. Liakas' usual place of abode, but an individual stated that he was not home. On January 11 and 12, for two separate attempts, nobody answered the door despite the fact lights were on inside.

---

[1] Notably, multiple service attempts were made on each of these three (3) individuals, all of whom work together in an office in downtown Manhattan, which office has suspiciously been closed after the first attempt at service.

[2] This Court may take judicial notice of public records to confirm that Nicholas Liakas is an attorney admitted to practice law in the State of New York.

On January 11, 2023, I emailed Mr. Liakas, among other Defendants, and provided a waiver of the service of summons form with a request that the same be returned signed. I explained that I would move for an extension of time to serve and it is pointless to evade service. Notwithstanding, my correspondence was ignored.

With respect to Nicholas Elefterakis, the Plaintiff and this Defendant have been engaged in discussions aimed at resolution and are hopeful that Plaintiff's claims against this Defendant may be resolved without the need for litigation. As such, and at this Defendant's request, Plaintiff has held off on serving him. Plaintiff submits that good cause exists to extend the deadline to serve for this reason.

**Legal Standard for Extension of Time & Substitute Service by Email**

A Plaintiff has ninety (90) days to serve a complaint after it is filed. See Fed. R. Civ. P. 4(m). If a Plaintiff shows good cause for failure to serve a defendant within ninety (90) days after the complaint is filed, the court *must* extend the time for service for an appropriate period. Id. (emphasis added).

Here, Defendants were required to be served within ninety (90) days of October 13, 2022, i.e., January 11, 2023. However, despite multiple attempts at service prior to this date, Defendants evaded service. Defendants Gregory Elefterakis, Roman Pollak, and Anthony Bridda were served on January 12, 2023. See ECF Docket Entry 129. Good cause exists to extend the time, *nunc pro tunc*, for one (1) day to consider service against these Defendants as properly effectuated.

Further, this Court should permit Defendant Nicholas Liakas to be served via email given his evident evasion of service. Rule 4(e)(1) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") provides that an individual may be served in a judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is made. In New York, service may be effected upon a natural person by: (1) personal service; (2) delivering the summons within the state to a person of suitable age and discretion at the individual's actual place of business, dwelling or usual abode and mailing it to the individual; (3) serving the individual's agent within the state; or (4) affixing the summons to the individual's actual place of business, dwelling or usual abode and mailing it to the individual. See New York Civil Practice Law & Rules ("CPLR") §§ 308(1)-(4).

Where service pursuant to paragraphs (1), (2) and (4) is "impracticable," service may be made "in such manner as the court, upon motion without notice, directs." See CPLR § 308(5). "Though the impracticability standard 'is not capable of easy definition, it does not require the applicant to satisfy the more stringent standard of 'due diligence' under [CPLR] § 308(4), or to make a showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken.'" See Tishman v. The Associated Press, No. 05-CIV.-4278, 2006 WL 288369, at *1 (S.D.N.Y. Feb. 6, 2006) (quoting State Street Bank and Trust Co. v. Coakley, 16 A.D.3d 403, 403 (2d Dept. 2005)). However, a court order directing service under section 308(5) "does require[ ] proof of impracticability in using other forms of service." See TAGC Mgmt., LLC v. Lehman, 842 F.Supp.2d 575, 585 (S.D.N.Y.2012). Based on the fact that Mr. Liakas is clearly evading service, this Court should permit substitute service by email as he is an attorney who regularly uses email to conduct his business. See, e.g., S.E.C. v. Nnebe, No. 01-CIV.-5247, 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003) (allowing alternative service where various attempts to serve the defendant by traditional means had proven unsuccessful).

  Indeed, courts routinely find that service by email is appropriate in such circumstances. See SEC v. Tome, 833 F.2d 1086, 1093 (2d Cir.1987) (quoting Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 314).  Accordingly, Plaintiff's motion to extend the time to serve Defendants Nicholas Liakas and Nicholas Elefterakis by thirty (30) days should be granted, and Plaintiff's motion for substitute service via email upon Defendant Liakas should also be granted.

  Plaintiff thanks this Court for its time and attention to this case.

Dated: Lake Success, New York
   January 13, 2023       Respectfully submitted,

               **MILMAN LABUDA LAW GROUP PLLC**
                /s/ Emanuel Kataev, Esq.
               Jamie S. Felsen, Esq.
               Emanuel Kataev, Esq.
               3000 Marcus Avenue, Suite 3W8
               Lake Success, NY 11042-1073
               (516) 328-8899 (office)
               (516) 328-0082 (facsimile)
               jamiefelsen@mllaborlaw.com
               emanuel@mllaborlaw.com

               *Attorneys for Plaintiff*
               *IME WatchDog, Inc.*

| **VIA ECF** | **VIA ECF** |
|---|---|
| Warner & Scheuerman | Leo Shalit, P.C. |
| Attn: Jonathan D. Warner, Esq. | Attn: Leo Shalit, Esq. |
| 6 West 18th Street, 10th Floor | 45 Glen Cove Road |
| New York, NY 10011-4602 | Greenvale, NY 11548 |
| (212) 924-7111 (telephone) | (833) SHALIT-1 (office) |
| (646) 692-0166 (direct dial) | (646) 957-0009 (direct) |
| (212) 924-6111 (facsimile) | (833) 742-5481 (facsimile) |
| jdwarner@wslaw.nyc | leo@shalit-law.com |
| *Attorneys for Defendants* | *Attorneys for* |
| *Third-Party Plaintiffs* | *Third-Party Defendant* |
| *Third-Party Counterclaim Defendants* | *Third-Party Counterclaimant* |
| *Safa Abdulrahim Gelardi* | *Carlos Roa* |
| *Vito Gelardi, and* | |
| *IME Companions LLC* | |

               **VIA ECF**
               United States District Court
               Eastern District of New York
               Attn: Hon. James R. Cho, U.S.M.J.
               225 Cadman Plaza East
               Courtroom 11D South
               Brooklyn, NY 11201-1804