

**Brooklyn**
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
718.215.5300 | P
info@abramslaw.com | E

Long Island · Brooklyn · White Plains · Rochester · Albany

**Melanie I. Wiener, Partner**
mwiener@abramslaw.com

February 9, 2023

**VIA ECF**
Honorable Pamela K. Chen
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *IME Watchdog, Inc., v. Safa Abdulrahim Gelardi, Vito Gelardi, Gregory Elefterakis, Roman Pollak, Anthony Bridda, Nicholas Elefterakis, Nicholas Elefterakis, and IME Companions LLC*,  Docket No.: 1:22-cv-1032

Dear Judge Chen:

      This law firm is counsel to the Defendants, Gregory Elfterakis ("Elefterakis"), Roman Pollak ("Pollak"), and Anthony Bridda ("Bridda") (collectively "Defendants"), in the above-referenced matter. We write pursuant to Rule III(A) of Your Honor's Individual Practices to respectfully request a pre-motion conference in anticipation of Defendants filing a motion to dismiss Plaintiff IME WatchDog Inc.'s ("Plaintiff") First Amended Complaint (the "Amended Complaint"). The following is a brief summary of the anticipated bases for the motion, which is submitted without prejudice to include additional, other or different bases for the motion to dismiss upon its filing with the Court.  As detailed below, Defendants' proposed motion is based upon (i) service upon Defendants was insufficient as per CPLR §308(2) and (ii) the Amended Complaint fails to state a claim upon which relief may be granted against Defendants.

**<u>Summary of Legal Argument</u>**

      I.    <u>*Plaintiff did not Properly Serve Defendants as per CPLR §308*</u>

      Plaintiff allegedly served Defendants Elefterakis, Bridda and Pollack the Summons and Complaint on January 12, 2023 by leaving a copy of the Amended Summons and First Amended Complaint with Dean Scottie at Case Cash Inc and further mailing said documents via First Class mail in an envelope with the words "Personal & Confidential" and addressed to "Case Cash, Inc." See Affidavit of Service, ECF [Docket Entry 129](). Pursuant to FRCP (4)(e) "service may be made on an individual by any method permitted under state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located." Under CPLR §308(2), substituted service requires (1) delivery of papers within the state of New York to a person of suitable age an discretion at the actual place of business, dwelling, or usual place of abode of the person to be served; and (2) mailing the papers by first class mail to the **person** (emphasis added) to be served at his or her last know residence or mailing them to his or her actual place of business.

      Under the second requirement of CPLR §308(2), Plaintiff was required to mail the papers to the **party** (emphasis added) being served. The affidavit of service notes that the envelope was addressed to "Case Cash, Inc." at the Case Cash, Inc. business address and not to the respective individual Defendants. There was no indication that the envelopes were meant for the individual

Defendants. See Affidavit of Service, ECF Docket Entry 129. It is well settled that satisfying both requirements under CPLR 308(2) is necessary, and failure to properly perform either of them results in dismissal of an action. *Stop & Shop Supermarket Co. LLC v. Goldsmith,* No. 10 Civ. 3052(KMK), 2011 WL 1236121 at 4 (S.D.N.Y. Mar 31, 2011). Therefore, service was improper as Plaintiff failed to address the envelop to the party to be served as FRCP (4)(e) and CPLR §308(2) require.

## II. The Complaint Fails To State A Claim Upon Which Relief May Be Granted Against Defendant

While true that a Court must accept the pleaded factual allegations in a complaint as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).

Plaintiff asserts eight causes of action against Defendants but consistently fails to allege any specific facts against the individual Defendants as related to the underlying factual background of this matter, and instead merely only alleges, in conclusory fashion, that Defendants have allegedly "misappropriated" trade secrets and Defendants allegedly were "aware of and privy to" such secrets. *See* Amended Complaint ¶ 66.

Plaintiff asserts a first and second cause of action under the Defend Trade Secrets Act ("DTSA"). Under DTSA, Plaintiff must plead: (1) the existence of a trade secret and (2) the misappropriation of that trade secret. Plaintiff failed to plead both elements as Plaintiff simply gave conclusory language as against the individual Defendants and just restated the elements of the statute. These claims are not supported by alleged facts. Rather, the allegations are that the individual Defendants were each aware of and privy to the trade secrets through mere ownership interest in Defendant business. There are no allegations that the individual Defendants misappropriated any trade secret. This is insufficient to maintain any cause of action.

Plaintiff asserts a third cause of action for misappropriation under New York common law. Plaintiff must allege: (1) it possessed a trade secret; and (2) defendant is using that trade secret in (a) breach of an agreement; (b) breach of confidence or duty; or (c) as a result of discovery by improper means. As noted above, Plaintiff failed to state a cause of action for misappropriation as Plaintiff gave vague, conclusory language that was not supported by factual statements against the individual Defendants.

Plaintiff asserts a fourth cause of action for unfair competition. Plaintiff must allege that the Defendants misappropriated the fruits of Plaintiff's labor by obtaining access to Plaintiff's ideas through fraud or deception, or the abuse of fiduciary or confidential relationship and such conduct must cause economic harm to another business or individual. Plaintiff used wholly conclusory language, failed to describe how the individual Defendants misappropriated Plaintiff's labor skills, did not address the bad faith acts specific to the individual Defendants, and merely just stated that such actions harmed Plaintiff.

Plaintiff asserts a fifth cause of action for tortious interference. For tortious interference with business relations and prospective economic damage Plaintiff must allege: (1) there is an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant. For tortious interference with contractual relations, Plaintiff must allege: (1) there was a contractual relationship with a third party; (2) defendant knowingly interfered with that contract; (3) the defendant's

interference was improper in motive or means; and (4) the plaintiff was harmed by the defendant's actions. Again, the Plaintiff's vague, conclusory language is not supported by factual statements against the individual Defendants. Plaintiff failed to provide any specific economic relationship that was disrupted by the individual Defendants or direct interference by the individual Defendants as against third parties.

Plaintiff asserts a sixth cause of action for unjust enrichment. Plaintiff must allege (1) the other party was enriched; (2) at that party's expense; and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered. Plaintiff failed to sufficiently plead any benefit bestowed onto the individual Defendants through mere ownership. Further, Plaintiff failed to sufficiently plead how the individual Defendants were enriched at the Plaintiff's expense or that it is against equity and good conscience to permit Defendants to operate a competing business, as conclusory statements such as financial loss is inadequate.

Plaintiff asserts a seventh cause of action for civil conspiracy. To bring such a cause of action Plaintiff must allege some other cognizable cause of action. Plaintiff has not alleged an independent tort that would allow for a civil conspiracy claim merely because the individual Defendants had an ownership interest in Defendant business. Even if the Court finds Plaintiff alleged an independent tort, such cause of action should still be dismissed as Plaintiff, again, asserted conclusory allegations as to how Defendants "conspired" and "entered into a civil conspiracy."

Plaintiff asserts an eighth cause of action under conversion. Plaintiff must allege: (1) that it has a possessory right or interest in the property and (2) that the defendant exercised dominion over the property or interference with it, in derogation of plaintiff's rights. Plaintiff failed to show that the individual Defendants exercised an unauthorized dominion over the property through ownership. Again, Plaintiff used wholly conclusory language and did not provide a factual basis for the individual Defendants alleged "dominion."

## *Conclusion*

In light of the foregoing, Defendants respectfully requests that the Court schedule a pre-motion conference in connection with Defendants' proposed motion to dismiss as soon as is convenient for the Court and all counsel of record.

Respectfully submitted,

**ABRAMS FENSTERMAN, LLP**
*/s/ Melanie I. Wiener*
Melanie I. Wiener, Esq.
1 MetroTech Ctr, Suite 1701
Brooklyn, NY 11201
(718) 215-5300
mwiener@abramslaw.com
*Attorneys for Defendants Gregory Elfterakis, Roman Pollak and Anthony Bridda*

CC: All counsel of record via ECF
       -   and   -
**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. James R. Cho, U.S.M.J.
225 Cadman Plaza East
Courtroom 11D South
Brooklyn, NY 11201-1804