UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IME WATCHDOG, INC.,

                Plaintiff,

    -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, NICHOLAS ELEFTERAKIS,
NICHOLAS LIAKIS, and IME COMPANIONS LLC,

                Defendants.
-----------------------------------------------------------------X
SAFA GELARDI and IME COMPANIONS, LLC,

                Third-Party Plaintiffs,

    -against-

CARLOS ROA,

                Third-Part Defendant.
-----------------------------------------------------------------X
CARLOS ROA,

                Third-Party Counter-Claimant,

    -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
and IME COMPANIONS, LLC,

                Third-Party Counter-Defendants.
-----------------------------------------------------------------X

Case No.: 1:22-cv-1032 (PKC)(JRC)

**MEMORANDUM OF LAW OF OF DEFENDANTS SAFA ABDULRAHIM GELARDI AND IME COMPANIONS LLC IN OPPOSITION TO PLAINTIFF'S MOTION TO SERVE A SECOND AMENDED COMPLAINT**

          **WARNER & SCHEUERMAN**
          Attorneys for Defendants
          Safa Abdulrahim Gelardi, Vito Gelardi
          and IME Companions, LLC
          6 West 18th Street, 10th Floor
          New York, New York 10011
          (212) 924-7111

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT............................................................................................1

COUNTER-STATEMENT OF FACTS................................................................................1

ARGUMENT:

PLAINTIFF'S MOTION FOR LEAVE TO
AMEND SHOULD BE DENIED AS FUTILE......................................................................4

    A.    Plaintiff's New Allegations Of Defamation Are Time-Barred......................................5

    B.    Plaintiff New Allegations Are Insufficient To State A Claim........................................6

    C.    Plaintiff Has Again Failed To Adequately Plead Special Damages................................9

CONCLUSION.......................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

Algarin v. Town of Wallkill, 421 F.3d 137 (2nd Cir. 2005)...................................................................8

Alki Partners, L.P. v. Vatas Holding GMBH, 769 F.Supp.2d 478 (S.D.N.Y. 2011)...........................4

Berwick v. New World Network Intern., Ltd., 2007 WL 949767 (S.D.N.Y. 2007)..........................10

Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122 (2nd Cir. 2009)..................................................4

Cambridge Associates v. Inland Vale Farm Co., 116 A.D.2d 684 (2nd Dept. 1986)..........................10

Chicherchia v. Cleary, 207 A.D.2d 855 (2nd Dept. 1994)......................................................................8

Continental Air Ticketing Agency, Inc. v Empire Intern. Travel, Inc.,
51 A.D.2d 104 (4th Dept 1976)..........................................................................................................10

Drug Research Corp. v Curtis Pub. Co., 7 N.Y.2d 435 (1960).............................................................10

Ellis v. Chao, 336 F.3d 114 (2nd Cir. 2003)...........................................................................................4

Foster v. Churchill, 87 N.Y.2d 744 (1996)............................................................................................6

Garland v Vermilyea, 88 A.D.2d 1044 (3rd Dept. 1982).....................................................................10

Geisler v. Petrocelli, 616 F.2d 636 (2nd Cir. 1980)................................................................................8

Islamic Soc'y of Fire Dept. Pers. v. City of New York, 205 F.Supp.2d 75 (E.D.N.Y. 2002)................4

Jennis v. Rood, 2009 WL 393412 (2nd Cir. 2009).................................................................................5

Kirch v. Liberty Media Corp., 449 F.3d 388 (2nd Cir. 2006)................................................................8

Neal v. Wilson, 239 F.Supp.3d 755 (S.D.N.Y. 2017)............................................................................5

N.Y. Times Co. v. Sullivan, 376 U.S. 254 (1964).................................................................................8

Palin v. N.Y. Times Co., 940 F.3d 804 (2nd Cir. 2019).........................................................................6

Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253 (2nd Cir. 1999).......................................................6-7

Sea Tow Services International, Inc. v. St. Paul Fire & Marine Ins. Co., 211 F.Supp.3d 528 (E.D.N.Y. 2016) ................................................................................ 5

Sebastiani v. Brooklyn Hosp. Center, 2019 WL 3281010 (E.D.N.Y. 2019) ........................ 6

Tannerite Sports, LLC v. NBCUniversal New Group, 864 F.3d 236 (2nd Cir. 2017) .......... 9

Thai v. Cayre Group, Ltd., 726 F.Supp.2d 323 (S.D.N.Y. 2010) ....................................... 10

Thorsen v. Sons of Norway, 996 F.Supp.2d 143 (E.D.N.Y. 2014) ..................................... 10

**Statutes**

Federal Rule of Civil Procedure 15(a) ................................................................................. 4

Federal Rule of Civil Procedure 12(b)(6) ............................................................................ 4

Fed Rule of Civil Procedure 9(g) ....................................................................................... 10

New York Civil Practice Law And Rules § 215(3) ............................................................. 5

**PRELIMINARY STATEMENT**

Defendants Safa Abdulrahim Gelardi ("Safa") and IME Companions LLC ("Companions") respectfully submit the instant Memorandum of Law in opposition to the cross-motion of plaintiff IME Watchdog, Inc. (sometimes, "Watchdog") for leave to serve a Second Amended Complaint.

**COUNTER-STATEMENT OF FACTS**

Now cognizant that a defamation *per se* claim against a corporation based upon the trade, business or profession exception which permits a plaintiff to state a defamation claim without pleading special damages requires a showing that the alleged defamatory statements impugned the basic integrity, competence and creditworthiness of the corporate plaintiff's business, plaintiff cross-moves to amend in an attempt to avoid a dismissal. Specifically, plaintiff seeks leave to add new allegations showing that defendants made defamatory statements which impugned plaintiff's basic business integrity as an "IME watchdog." Plaintiff also seeks to add new allegations of special damages, presumably in the event this Court finds that plaintiff has failed to state a claim sounding in defamation *per se*.

Plaintiff seeks to bolster its defamation claim with new allegations showing that defendants made defamatory statements which "injured plaintiff in its trade and business, and impugned it with dishonest conduct." (¶ 68)[1]. More specifically, plaintiff seeks to add allegations showing that defendants defamed plaintiff in its trade and business by purporting to tell plaintiff's law firm customers that plaintiff's principal "uses Plaintiff as a means to steal personal injury plaintiffs

---

[1] Numbers in parentheses preceded by "¶" cite to plaintiff's proposed Second Amended Complaint annexed as Exhibit "A" to plaintiff's cross-moving papers.

-1-

from law firm customers of Plaintiff." (¶ 149). Plaintiff's newly-minted allegations of defamation are set forth at ¶'s 62 through 68 of plaintiff's proposed Second Amended Complaint. Plaintiff's proposed Second Amended Complaint states:

> 62. To add insult to injury, Defendants have engaged in an ongoing scheme to defame Plaintiff to its customers.
>
> 63. Beginning in November 2017, Defendants began notifying Plaintiff's customers that Defendants are not owned by a law firm - unlike the Plaintiff - and that the customer law firms' personal injury clients are therefore "safe" with Defendants.
>
> 64. Defendants implied that Plaintiff existed as a funnel for Plaintiff's principal to lure personal injuries away from law firm customers so that Mrs. Levi may inappropriately take cases away from law firm customers by luring personal injury plaintiffs to Daniella Levi & Associates, P.C.
>
> 65. Since in or about November 2017, when Defendants first formed Companions, Defendants engaged in making these deceitful and untrue statements that its main competitor presented a risk to its law firm customers and specifically told said customers verbally that their personal injury plaintiffs are not safe if said law firm customers used the services of Plaintiff.
>
> 66. Since in or about November 2017, when Defendants first formed Companions, Defendants corroborated their verbal statements with follow up emails stating, inter alia, that "it was a pleasure speaking with you today" and that "[w]e are independently owned, not owned by another law firm,..." to reiterate the vicious lie they states to law firm customers on the phone.
>
> 67. Upon information and belief, Defendants most recently repeated this lie on May 18, 2022.
>
> 68. By making these statements - that Plaintiff is really a funnel for its principal to steal personal injury plaintiffs from law firm customers - Defendants have injured Plaintiff in its trade and business, and impugned it with dishonest conduct.

(See Plaintiff's Exhibit A).

Plaintiff's new allegations of defamation are lacking. Plaintiff has <u>not</u> identified the speaker of any of the new statements. Plaintiff has merely alleged that the statements were made by "Defendants." Plaintiff has <u>not</u> identified the person to whom the new statements were published. Plaintiff has merely alleged that the statements were made to "customers." Plaintiff has <u>not</u> stated when the new statements were made. Plaintiff has merely alleged that the statements have been made "since in or about November 2017."

The only new "defamatory" statement identified by date in plaintiff's proposed Second Amended Complaint occurred when "Defendants most recently repeated this lie on May 18, 2022." (¶67). As "proof" that defendants "recently repeated" the "lie" that plaintiff is used by its principal as a funnel to steal personal injury clients, plaintiff has submitted an email from non-party Eugene Liddie dated May 18, 2022 (the "May 18th Email"), which makes no reference whatsoever to either plaintiff or its principal, Daniella Levi, Esq. ("Levi"), and does not accuse anyone of stealing any clients. (<u>See</u> Plaintiff's Exhibit D).

The May 18th Email submitted as "proof" that defendants have been defaming plaintiff by telling its "customers" that plaintiff is used by Levi as a funnel to steal their personal injury clients contains mere self-promotional statements concerning Companions, explaining why the email's recipient should hire Companions. Neither plaintiff nor Levi are mentioned in the May 18th Email, much less disparaged. Not a single statement in this email could be construed to be "of and concerning" plaintiff. Nor could any statement be construed as defamatory, let alone as defamatory *per se*. The May 18th Email does not state that either plaintiff or Levi steal personal injury clients. Nor does it imply that plaintiff or Levi steal personal injury clients. Moreover, the May 18th Email

was not even authored by Safa, although plaintiff seeks to amend its complaint to sue both Safa and Companions for sending this allegedly defamatory email.

Not only has plaintiff failed to plead any particulars with respect to any of its new allegations of defamation (other than the May 18th Email), but plaintiff has again failed to demonstrate special damages. Plaintiff has simply alleged at ¶154 of its proposed Second Amended Complaint that "[t]he defamatory statements have caused special damages in the form of lost business from both existing customer law firms and prospective customer law firms...." Plaintiff has not identified any of the customers which were allegedly lost and has not itemized its alleged special damages.

## ARGUMENT

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED AS FUTILE.

While leave to amend under Rule 15(a) should be freely granted, a motion for leave to amend should be denied where the amendment would be futile. See, e.g., Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122,126 (2nd Cir. 2009)(holding that "motions to amend should generally be denied in instances of futility ...."); Ellis v. Chao, 336 F.3d 114,127 (2nd Cir. 2003)(holding that "it is well established that leave to amend a complaint need not be granted when amendment would be futile").

"A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Alki Partners, L.P. v. Vatas Holding GMBH, 769 F.Supp.2d 478,499-500 (S.D.N.Y. 2011)(citations omitted); see also Islamic Soc'y of Fire Dept. Pers. v. City of New York, 205 F.Supp.2d 75,80 (E.D.N.Y.2002)(holding that an amendment is futile if the proposed claim could not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

-4-

Plaintiff's proposed amended defamation claim could not withstand a motion to dismiss for numerous reasons. Defendants' opposition here will only focus on the legal deficiencies in the newly-minted allegations in plaintiff's proposed Second Amended Complaint. Defendants respectfully refer the Court to their motion to dismiss for a full discussion of all deficiencies in plaintiff's defamation claim.

**A.     Plaintiff's New Allegations Of Defamation Are Time-Barred.**

Plaintiff's motion should be denied where plaintiff's new claim of an ongoing scheme to defame plaintiff since "November 2017" is time-barred. It is axiomatic that the one-year Statute of Limitations of New York's C.P.L.R. § 215(3) applies to plaintiff's defamation claim. See, e.g., Sea Tow Services International, Inc. v. St. Paul Fire & Marine Ins. Co., 211 F.Supp.3d 528 (E.D.N.Y. 2016)(Chen, J).

Here, plaintiff moved for leave to amend on February 6, 2023, meaning that any claim of defamation based upon any statement made prior to February 6, 2022 would be barred by New York's one-year Statute of Limitations. Plaintiff seeks leave to amend to allege that defendants have been defaming plaintiff since "November 2017," and has only identified one alleged defamatory statement which was made within the one-year limitations period, *i.e.*: the May 18th Email. Plaintiff's motion for leave to amend to add a stale claim based upon a scheme to defame plaintiff "since in or about November 2017" should be denied as futile. See, e.g., Jennis v. Rood, 2009 WL 393412 (2nd Cir. 2009)(holding that proposed amendment of complaint was futile where the statute of limitations had run); Neal v. Wilson, 239 F.Supp.3d 755 (S.D.N.Y. 2017)(holding that an amendment to a complaint is futile and the motion to amend may be denied if the claim proposed to be added would be barred by the applicable statute of limitations).

**B.      Plaintiff's New Allegations Are Insufficient To State A Claim.**

Plaintiff's motion to amend should also be denied where plaintiff's newly-concocted allegations of defendants' ongoing scheme to defame plaintiff's basic business integrity by telling plaintiff's customers "since in or about November 2017" that Levi "uses Plaintiff as a means to steal personal injury plaintiffs from law firm customers of Plaintiff" fails to state a claim. (¶ 149).

Defamation is the "making of a false statement which tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society." Foster v. Churchill, 87 N.Y.2d 744,751 (1996)(quotations omitted). To state a claim for defamation under New York law, a plaintiff must allege (1) a written (or spoken) defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or *per se* actionability. See, e.g., Palin v. N.Y. Times Co., 940 F.3d 804,809 (2nd Cir. 2019).

"Although New York law requires defamation claims to be pleaded with particularity, that rule is procedural in nature, and thus does not apply to defamation claims brought in federal court." Sebastiani v. Brooklyn Hosp. Center, 2019 WL 3281010*4 (E.D.N.Y. 2019)(Chen J.)(citations omitted). " Rather, in the Second Circuit, a complaint alleging defamation is sufficient "if it adequately identifies the purported communication and provides an indication of who made the communication, when it was made, and to whom it was communicated." Id. (citations omitted). As the Second Circuit held in Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 271 (2d Cir. 1999), "[w]hile plaintiffs are not required to plead defamation in haec verba, [an] unsupported claim that [the

defendant] said 'something bad' about [the plaintiff] to a client fail[s] to afford [the defendant] sufficient notice of the communications complained of...." (citations omitted).

Here, plaintiff's proposed Second Amended Complaint lacks all details required in the Second Circuit with respect to plaintiff's newly-concocted allegations of defendants' ongoing scheme to defame plaintiff's basic business integrity by telling plaintiff's customers that Levi "uses Plaintiff as a means to steal personal injury plaintiffs from law firm customers of Plaintiff." (¶ 149). Plaintiff's proposed Second Amended Complaint does not state who made any of the new alleged defamatory statements. Plaintiff's proposed Second Amended Complaint does not state when any of the new alleged defamatory statements were made, other than that the statements were repeated as recently as May 18, 2022. Plaintiff's proposed Second Amended Complaint does not state to whom any of the new alleged defamatory statements were made. Plaintiff has simply alleged that defendants have libeled plaintiff to certain unidentified customers since in or about November 2017. Plaintiff's cross-motion for leave to amend should be denied where plaintiff has failed to plead any of the required details concerning defendants' alleged scheme to defame plaintiff.

The necessary details have only been supplied with respect to the alleged defamatory email sent on May 18, 2022, and those particulars have only been provided because plaintiff submitted a copy of the May 18th Email with its cross-moving papers. (<u>See</u> Plaintiff's Exhibit D). But the May 18th Email: (a) was sent by non-party Eugene Liddie (although plaintiff seeks to sue Safa for making the statements in the May 18th Email); (b) makes no reference to either plaintiff or Levi; (c) contains no statement which could be interpreted as defamatory; and (d) does not accuse anyone of stealing any clients.

"The 'of and concerning' requirement stands as a significant limitation on the universe of those who may seek a legal remedy for communications they think to be false and defamatory and to have injured them." Kirch v. Liberty Media Corp., 449 F.3d 388,399-400 (2nd Cir. 2006). This limitation on defamation claims is not merely a common law prerequisite, but also a constitutional imperative. See N.Y. Times Co. v. Sullivan, 376 U.S. 254,288-92 (1964)(holding that verdict based on statement that did not refer to plaintiff was "constitutionally defective"). The burden of pleading and proving that statements are "of and concerning" the plaintiff "is not a light one." Chicherchia v. Cleary, 207 A.D.2d 855,855 (2nd Dept. 1994), *quoting* Geisler v. Petrocelli, 616 F.2d 636,639 (2nd Cir. 1980). "An individual must be clearly identifiable in an allegedly defamatory statement to support a claim for defamation." Algarin v. Town of Wallkill, 421 F.3d 137,139 (2nd Cir. 2005)(quotations omitted).

Plaintiff's proposed Second Amended Complaint could not withstand a motion to dismiss where the only particularized defamatory statement was not "of and concerning" plaintiff. The May 18th Email contains only self-promotional statements concerning Companions. Neither plaintiff nor Levi are mentioned, and not a single statement in this email could reasonably be construed to be "of and concerning" plaintiff.

Moreover, no statement in the May 18th Email could be construed as defamatory, let alone as defamatory *per se*. The May 18th Email does not state that either plaintiff or Levi steal personal injury clients. Nor does it imply that plaintiff or Levi steal personal injury clients. Put simply, nothing which was written in the May 18th Email would subject anyone or any company to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of anyone or any company

in the minds of right-thinking persons. Plaintiff's claim that the May 18th Email evidences a defamatory statement against plaintiff has been made up out of whole cloth.

The final fatal flaw in plaintiff's newly-concocted allegation of a scheme to defame plaintiff's basic business integrity by telling plaintiff's customers "since in or about November 2017" that Levi "uses Plaintiff as a means to steal personal injury plaintiffs from law firm customers of Plaintiff" is plaintiff's failure to plead any facts showing falsity. The Second Circuit has held that because falsity is an element of New York's defamation tort, and falsity refers to material not substantially true, a complaint brought in federal court asserting a defamation claim under New York law must plead facts that, if proven, would establish that the defendant's statements were not substantially true. See, e.g., Tannerite Sports, LLC v. NBCUniversal New Group, 864 F.3d 236 (2nd Cir. 2017). Here, plaintiff has failed to plead a single fact showing the falsity of any alleged statement concerning Levi's use of plaintiff as a funnel to steal personal injury clients from its personal injury lawyer customers. Plaintiff's failure to plead falsity mandates the denial of plaintiff's motion to amend.

**C.      Plaintiff Has Again Failed To Adequately Plead Special Damages.**

Plaintiff's proposed Second Amended Complaint fails to adequately plead any special damages. Plaintiff has simply alleged at ¶154 of its proposed Second Amended Complaint that "[t]he defamatory statements have caused special damages in the form of lost business from both existing customer law firms and prospective customer law firms...." Plaintiff has failed to identify any of the customers which were allegedly lost and has failed to itemize its alleged special damages.

It is well-settled that a properly pleaded claim for defamation must include allegations that the alleged defamatory statement caused special damages or constituted defamation *per se*. See

Thai v. Cayre Group, Ltd., 726 F.Supp.2d 323,330 (S.D.N.Y. 2010). Fed R. Civ. P. 9(g) requires that "[i]f an item of special damage is claimed, it must be specifically stated." This is a stringent requirement, and "courts will dismiss defamation claims for failure to allege special damages with the requisite degree of specificity." Id. at 330 (citations omitted). Allegations of general loss of business, damage to credit or reputation or loss of customers without specifying the persons who ceased to be customers are insufficient. See Drug Research Corp. v Curtis Pub. Co., 7 N.Y.2d 435 (1960); Garland v Vermilyea, 88 A.D.2d 1044 (3rd Dept. 1982); Continental Air Ticketing Agency, Inc. v Empire Intern. Travel, Inc., 51 A.D.2d 104 (4th Dept 1976).

      Plaintiff's allegations of special damages are vague and conclusory. No lost customers or accounts have been identified. No special damages have been itemized or identified. Plaintiff has not even bothered to provide an un-itemized amount of its alleged damages, although the pleading of any un-itemized amount of special damages would be insufficient under New York Law. See Berwick v. New World Network Intern., Ltd., 2007 WL 949767*14 (S.D.N.Y. 2007)(granting motion to dismiss defamation claim because demand for sum of $1.25 billion was a round figure that insufficiently pled special damages); Cambridge Associates v. Inland Vale Farm Co., 116 A.D.2d 684, 686 (2nd Dept. 1986)("Here, plaintiffs alleged that the defamatory statement 'was a factor' which delayed the granting of permission to commence the project, thereby increasing various construction costs, causing $1,000,000 in damages. Such round figures, with no attempt at itemization, must be deemed to be a representation of general, and not special, damages"); Thorsen v. Sons of Norway, 996 F.Supp.2d 143,165 (E.D.N.Y. 2014)(Chen,J.)("Plaintiffs' vague claims that they suffered "loss of income" and "money damages" are inadequate. "[R]ound figures or a general allegation of a dollar amount ... will not suffice."").

Plaintiff's proposed second amended complaint fails to plead special damages with the specificity required by the Federal Rules, and fails to identify any client allegedly lost by plaintiff as a result of the alleged defamatory statements. Plaintiff's motion for leave to amend should be denied as futile.

## CONCLUSION

For all the foregoing reasons, and for all reasons set forth in defendants' motion to dismiss plaintiff's defamation claim, defendants respectfully request an Order denying plaintiff's motion for leave to serve a second amended complaint.

Dated: New York, New York
February 20, 2023

        **WARNER & SCHEUERMAN**
        Attorneys for Defendants
        Safa Abdulrahim Gelardi, Vito Gelardi and
        IME Companions, LLC

By:   */s/ Jonathon D. Warner*
       Jonathon D. Warner (5195)
       6 West 18th Street, 10th Floor
       New York, New York 10011
       (212) 924-7111