UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IME WATCHDOG, INC.,

                                               Plaintiff,

        -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, NICHOLAS ELEFTERAKIS,
NICHOLAS LIAKIS, and IME COMPANIONS LLC,

                                               Defendants.
-------------------------------------------------------------------X
SAFA GELARDI and IME COMPANIONS, LLC,

                                            Third-Party Plaintiffs,

        -against-

CARLOS ROA,

                                            Third-Party Defendant.
-------------------------------------------------------------------X
CARLOS ROA,

                                            Third-Party Counter-Claimant,

        -against-

SAFA ABUDLRAHIM GELARDI, VITO GELARDI,
and IME COMPANIONS, LLC,

                                            Third-Party Counter-Defendants.
-------------------------------------------------------------------X

Case No.: 1:22-cv-1032 (PKC) (JRC)

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS CROSS-MOTION FOR LEAVE TO AMEND THE COMPLAINT**

    **MILMAN LABUDA LAW GROUP PLLC**
      Jamie S. Felsen, Esq.
      Emanuel Kataev, Esq.
      3000 Marcus Avenue, Suite 3W8
      Lake Success, NY 11042-1073
      (516) 328-8899 (office)
      jamiefelsen@mllaborlaw.com
      emanuel@mllaborlaw.com

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ................................................................................................................. i

**TABLE OF AUTHORITIES** ........................................................................................................ ii

**PRELIMINARY STATEMENT** ................................................................................................... 1

**ARGUMENT** ................................................................................................................................. 3

    **I.**    **Plaintiff's Defamation Claim Is Not Time Barred** ........................................... 3

    **II.**    **Plaintiff's Defamation Claim is Not Futile or Insufficient to State a Claim** 5

    **III.**    **Plaintiff is Not Required to Plead Special Damages** ...................................... 7

**CONCLUSION** ............................................................................................................................. 9

## **TABLE OF AUTHORITIES**

**Cases**

Allen v. Dairy Farmers of Am., Inc.,
 748 F.Supp.2d 323 (D.Vt.2010) ................................................................................................ 4

Berry v. Vill. of Millbrook,
 No. 09–CIV.–4243, 2010 WL 3932289 (S.D.N.Y. Sept. 29, 2010) ......................................... 4

Bild v. Konig,
 No. 09–CIV.–5576, 2011 WL 666259 (E.D.N.Y. Feb. 14, 2011) ............................................ 4

Celle v. Filipino Reporter Enters. Inc.,
 209 F.3d 163 (2d Cir. 2000) ...................................................................................................... 8

Espire Ads LLC v. TAPP Influencers Corp.,
 No. 21-CIV.-10623 (JGK), 2023 WL 1968025 (S.D.N.Y. Feb. 13, 2023) ............................... 7

Firth v. State,
 775 N.Y.2d 69 (2002)) .............................................................................................................. 4

Flynn v. Cable News Network, Inc.,
 No. 1:21-CIV.-2587 (GHW), 2021 WL 5964129 (S.D.N.Y. Dec. 16, 2021) .......................... 8

Genesis Int'l Holdings v. Northrop Grumman Corp.,
 238 Fed. Appx. 799 (3d Cir. 2007) ........................................................................................... 5

Hampton Bays Connections, Inc. v. Duffy,
 212 F.R.D. 119 (E.D.N.Y. 2003) .............................................................................................. 7

Levy v. Nissani,
 179 A.D.3d 656 (2d Dept. 2020) .............................................................................................. 8

Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC,
 797 F.3d 160 (2d Cir. 2015) ...................................................................................................... 8

McKenzie-Morris v. V.P. Records Retail Outlet, Inc.,
 No. 1:22-CIV.-1138 (GHW), 2022 WL 18027555 (S.D.N.Y. Dec. 30, 2022) ........................ 8

Mirage Ent., Inc. v. FEG Entretenimientos S.A.,
 326 F. Supp. 3d 26 (S.D.N.Y. 2018) ......................................................................................... 5

Ortiz v. City of New York,
 755 F. Supp. 2d 399 (E.D.N.Y. 2010) ...................................................................................... 4

Overall v. Estate of Klotz,
 52 F.3d 398 (2d Cir.1995)......................................................................................................... 3

Paleja v. KP NY Operations LLC,
 No. 20-CIV.-475, 2021 WL 148948 (S.D.N.Y. Jan. 15, 2021) ............................................... 7

Unker v. Joseph Markovits, Inc.,
 643 F. Supp. 1043 (S.D.N.Y. 1986).......................................................................................... 5

Van Buskirk v. The New York Times Co.,
 325 F.3d 87 (2d Cir. 2003)........................................................................................................ 4

**Statutes**

Fed. R. Civ. P. 8 ................................................................................................................................ 5

Fed. R. Civ. P. 15 ......................................................................................................................... 1, 8

**PRELIMINARY STATEMENT**

Plaintiff IME WatchDog, Inc. (hereinafter "Plaintiff" or "IME WatchDog") submits the instant reply memorandum of law in further support of its cross-motion for leave to amend the complaint. Defendants Safa Abdulrahim Gelardi ("Safa") and IME Companions LLC ("Companions") (Safa and Companions collectively hereinafter "Defendants") argue that leave to amend should be denied on the grounds that Plaintiff's defamation claim is: (i) time-barred; (ii) insufficient to state a claim such that it is futile; and (iii) deficient because it fails to plead special damages. Each of these arguments is meritless.

With respect to their statute of limitations defense, while Plaintiff concedes that any statements made on or before February 25, 2021[1] are time-barred, the complaint adequately pleads that Defendants Safa and Companions (i.e., by and through their agents) routinely, consistently, and during the limitations period, *verbally informed* both Plaintiff's and prospective law-firm-customers that their personal-injury-plaintiffs are "not safe" with Plaintiff because it is owned by an attorney with her own personal injury law firm as part of a pattern and practice to inappropriately poach Plaintiff's customers. Thus, the complaint adequately pleads that – on a consistent basis from February 25, 2021 through the present, including on May 18, 2022 – Defendants made these defamatory statements which directly impugn the business of Plaintiff by informing both Plaintiff's existing and prospective law-firm-customers of Plaintiff and Companions that IME WatchDog is not a legitimate business, but really a tool by which its principal steals IME WatchDog's customers' personal-injury-plaintiffs for her own law firm.

---

[1] Defendants incorrectly argue that Plaintiff's defamation claims must have accrued on or before February 6, 2022 because Plaintiff sought to amend its complaint on February 6, 2023. However, due to the relation-back doctrine, Plaintiff's claims are considered timely to the extent the complaint alleges any defamatory statements made on or before February 25, 2021. See ECF Docket Entry 1 (complaint dated February 25, 2022); see also Fed. R. Civ. P. 15(c)(2) (a claim asserted in an amended pleading will relate back to the original pleading date if it "arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading").

1

Thus, Plaintiff's claims are not time-barred, as the complaint adequately alleges that – on May 18, 2022 and other unspecified dates from February 25, 2021 (and earlier, but outside the statutory period) through the present – Defendants made these verbal statements which are false, and then followed up on these verbal communications via e-mail with statements to bolster their false statements by reminding Plaintiff's customers (who are all personal injury law firms) that Defendants are not a law firm.

Next, Defendants argue that Plaintiff's defamation claim is futile and insufficient to state a claim because it does not allege "who made [the] communication, when it was made, and to whom it was communicated." Defendants' reliance on the May 18, 2022 e-mail rather than the complaint allegation – that Defendants routinely *verbally stated* to both Plaintiff's customers and prospective law-firm-customers of Plaintiff and Companions that Plaintiff's business is really designed to bring business to a law firm owned by its principal and then followed up in writing with a reminder that Companions are not owned by a law firm – is heavily misplaced. The complaint adequately alleges that Companions, i.e., by and through its agents, routinely made these false statements, including on May 18, 2022. As such, the allegations regarding the May 18, 2022 *telephone call* – which must be accepted as true – clearly states that: (i) Eugene Liddie, as an agent of Companions with an @imecompanions.com e-mail address (meeting the "who made the communication" element); (ii) made the defamatory statement on May 18, 2022, which is not time-barred (satisfying the "when" element); (iii) to Nicole at argylaw.com, who works at Argyropoulos & Associates, LLC, a prospective law firm customer of Companions (satisfying the "to whom it was communicated" element). Defendants' argument that Eugene Liddie is a non-party is meritless, as under the doctrine of *respondeat superior*, his statements are imputed to both Safa and Companions, both of whom are his employer.

2

And naturally, a corporation can only make defamatory statements through its agents.

Similarly, while Defendants argue that the May 18, 2022 *e-mail* makes no direct reference to Plaintiff, they ignore the allegation that Defendants also *verbally stated* that IME WatchDog is owned by a law firm and is therefore "unsafe." This allegation constitutes defamation *per se* as it directly accuses Plaintiff's principal of using IME WatchDog for the dishonest purpose of luring personal-injury-plaintiffs to her law firm and away from IME WatchDog's law-firm-customers. These statements directly impugn Plaintiff's business integrity because Defendants claim IME WatchDog is designed to steal personal injury plaintiffs from its law firm customers.

Defendants also argue that Plaintiff failed to plead in its proposed Second Amended Complaint that the complained-of statements are false. However, ¶ 67 of the complaint refers to statements concerning IME WatchDog as a front to steal personal-injury-plaintiffs away from its law-firm-customers as a "lie," and the pleading adequately alleges that Defendants made false statements.

Also, because Plaintiff has properly pled its claim for defamation *per se*, it need not plead special damages. To the extent this Court disagrees (which it should not), Plaintiff respectfully seeks leave to replead.

Accordingly, Plaintiff's cross-motion for leave to amend must be granted.

**ARGUMENT**

**I.    Plaintiff's Defamation Claim Is Not Time Barred**

"Because the statute of limitations is an affirmative defense, the defendant bears the burden of establishing by *prima facie* proof that the limitations period has expired since the plaintiff's claim accrued." See Overall v. Estate of Klotz, 52 F.3d 398, 403 (2d Cir.1995).

3

"A statute of limitations analysis is [ ] riddled with questions of fact which the Defendants must establish in order to bar Plaintiffs' claims." See Allen v. Dairy Farmers of Am., Inc., 748 F.Supp.2d 323, 354 (D.Vt.2010); see also Bild v. Konig, No. 09–CIV.–5576, 2011 WL 666259, at *3 (E.D.N.Y. Feb. 14, 2011) ("The determination of when a statute of limitations began to run is … factual"). Accordingly, "a motion to dismiss is often not the appropriate stage to raise affirmative defenses like the statute of limitations." See Ortiz v. City of New York, 755 F. Supp. 2d 399, 401 (E.D.N.Y. 2010). New York uses "a single publication rule in determining when the statute of limitations begins to run on a defamation claim." See Van Buskirk v. The New York Times Co., 325 F.3d 87, 89 (2d Cir. 2003). Under that rule, "a defamation claim accrues on the date that the allegedly defamatory statement was first published." See Berry v. Vill. of Millbrook, No. 09–CIV–4243, 2010 WL 3932289, at *6 (S.D.N.Y. Sept. 29, 2010) (citing Firth v. State, 775 N.Y.2d 69 (2002)).

Here, Plaintiff adequately pleads that Defendants routinely verbally defamed Plaintiff every time they spoke to Plaintiff's exiting customers or prospective law-firm customers of Plaintiff and Companions since November 2017 through the present, including on May 18, 2022, by making statements that law-firm-customers' personal-injury-plaintiffs were not safe if they utilized IME WatchDog because it is owned by a personal injury attorney who steals personal injury plaintiffs from its clients. The May 18, 2022 defamatory statement, which the complaint alleges was verbal, is not contained in the May 18, 2022 e-mail, but the e-mail corroborates that Defendants had a verbal discussion. The complaint clearly states that Companions, by and through Safa and other agents of Companions, defamed Plaintiff by falsely stating that IME WatchDog is a front to steal personal-injury-clients away from law-firm-customers.

As such, Plaintiff's defamation claim is not time-barred.

4

**II.     Plaintiff's Defamation Claim is Not Futile or Insufficient to State a Claim**

Defendants argue that the proposed Second Amended Complaint lacks all details required by the Second Circuit, *i.e.*, that it does not plead who made the defamatory statement, when the statement was made, and that it does not state to whom the defamatory statement was made. While Defendants concede that these details have been provided in relation to the May 18, 2022 defamatory statement, they argue that Plaintiff fails to state a claim for any other similar defamatory statements made. Defendants' argument upends Rule 8's requirement to provide a short and plain statement of the claim showing that the pleader is entitled to relief.

With respect to the May 18, 2022 defamatory statement, Defendants argue that a non-party – Eugene Liddie, an agent of Companions who used Defendants' @imecompanions.com e-mail address – made the statement and, therefore, it cannot be attributed to Safa or Companions. However, by virtue of his e-mail address and signature, and under the doctrine of *respondeat superior*, Eugene Liddie is an agent of both Safa and Companions, and Companions thus "may be held liable for defamatory utterances made by its officer or agent, acting within the scope of his authority." See Mirage Ent., Inc. v. FEG Entretenimientos S.A., 326 F. Supp. 3d 26, 36 (S.D.N.Y. 2018); Unker v. Joseph Markovits, Inc., 643 F. Supp. 1043, 1049 (S.D.N.Y. 1986); see also Genesis Int'l Holdings v. Northrop Grumman Corp., 238 Fed. Appx. 799, 802 (3d Cir. 2007) ("Generally, an employer is liable for intentional torts, including defamation, committed by its employees within the scope of their employment"). Crucially, the question of authority is a factual one. See Unker, 643 F. Supp. at 1049.

Here, there is no question that Eugene Liddie was acting within the scope of his authority at Companions as he was soliciting business from a prospective law-firm-customer for the benefit of Safa and Companions.

5

Defendants also argue that the May 18, 2022 *e-mail* makes no reference to either Plaintiff or Mrs. Levi, contains no statement which could be interpreted as defamatory, and does not accuse anyone of stealing any clients. However, these arguments are meritless, as they myopically ignore the proposed Second Amended Complaint's allegations that Safa and Companions *verbally informed* the prospective law-firm-customer in the May 18, 2022 e-mail during a telephone conversation preceding the e-mail that Plaintiff is owned by a law firm and that its prospective law-firm-customer's personal-injury-plaintiffs are not safe with IME WatchDog. The e-mail following the phone call only corroborates that a telephone discussion was held and that Defendants reiterate they are not owned by a law firm.[2] In addition, Defendants argue that the "of and concerning" requirement is not met, again relying on the May 18, 2022 e-mail without regard to the well-pled allegations in the proposed Second Amended Complaint concerning the May 18, 2022 telephone conference that occurred prior to the e-mail communication. See ¶ 65 ("Defendants engaged in making these deceitful and untrue statements that *its main competitor presented a risk to its law firm customers and specifically told said customers verbally that their personal injury plaintiffs are not safe* if said law firm customers used the services of Plaintiff") (emphasis added). By referring to its main competitor and in the context of the surrounding allegations, it is obvious that the "of and concerning" requirement was met.

Defendants also quizzically argue that the "falsity" element of a defamation claim has not been met. This is also untrue, as the proposed Second Amended Complaint adequately pleads that the defamatory statements are false. See proposed Second Amended Complaint at ¶¶ 65 (referring to "deceitful and untrue statements"); 66 (referring to "vicious lie"); 67 (referring to "lie"); 148-150 (referring to the defamatory statements as "false").

---

[2] Tangentially, the statement that Plaintiff is "owned by a law firm" is also false, as IME WatchDog is owned by Mrs. Levi; not a law firm. See ¶ 66 of the proposed Second Amended Complaint.

Moreover, to the extent Defendants incorporate by reference arguments made in the reply memorandum of law in further support of their motion to dismiss within their opposition to Plaintiff's cross-motion for leave to amend the pleadings, those arguments fare no better.[3]

Defendants laughably argue that they never made any statement that Plaintiff's principal "stole" the idea for the IME WatchDog business. However, even a cursory review of the Facebook post and its context leaves a reader with the firm conviction that Safa stated Plaintiff's principal stole the idea for the IME observer business. See Declaration of Jonathan D. Warner, Esq., Exhibit C at 2 ("You can't steal an idea and it was never her idea. It was An [*sic*] old partner of mine idea [*sic*] named Ronald Rosenblatt. *She took it from him as did I. … She took it 12 years ago* I started my company 5 years ago") (emphasis added). The word "took" is synonymous with "stole."[4]

Finally, Safa's statements that Plaintiff's accusations of bribery are false, and her insinuation that Plaintiff was in contact with her employee and "used him for inside information" similarly impugn and malign Plaintiff by charging it with falsely reporting an incident and commercial bribery, respectively, both criminal acts, which also constitute defamation *per se*.

As such, Defendants' arguments concerning futility and that the allegations are insufficient to state a claim are meritless.

### III. Plaintiff is Not Required to Plead Special Damages

Where a plaintiff alleges defamation *per se*, it is not required to plead special damages. See Espire Ads LLC v. TAPP Influencers Corp., No. 21-CIV.-10623 (JGK), 2023 WL 1968025, at *17 (S.D.N.Y. Feb. 13, 2023).

---

[3] Plaintiff respectfully notes that the standard on Defendants' motion and Plaintiff's cross-motion is the same. See Paleja v. KP NY Operations LLC, No. 20-CIV.-475, 2021 WL 148948, at *2 (S.D.N.Y. Jan. 15, 2021); see also Hampton Bays Connections, Inc. v. Duffy, 212 F.R.D. 119, 123 (E.D.N.Y. 2003)).

[4] See https://www.merriam-webster.com/thesaurus/stole (last accessed February 27, 2023).

7

Here, Plaintiff has alleges defamation *per se* because the complaint adequately pleads Safa and Companions told prospective law firm customers that IME WatchDog is used by its principal to poach personal-injury-plaintiffs from its law-firm-customers. This statement imputes "fraud, dishonesty, misconduct, or unfitness in conducting [its] profession." See Levy v. Nissani, 179 A.D.3d 656, 659-60 (2d Dept. 2020) (concluding that a party established a *prima facie* case for defamation *per se* where the party's family was accused of being "scammers," "con artists," and "thieves").[5]

Even assuming arguendo that Plaintiff did not allege defamation *per se*, it has sufficiently alleged the loss of customers to establish special damages. To the extent Plaintiff has not alleged defamation *per se* or has not sufficiently alleged special damages, Plaintiff respectfully seeks leave to amend. See Fed. R. Civ. P. 15(a).

Again, "[w]ithout the benefit of a ruling [from the Court], many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." See McKenzie-Morris v. V.P. Records Retail Outlet, Inc., 1:22-CIV.-1138 (GHW), 2022 WL 18027555, at *12 (S.D.N.Y. Dec. 30, 2022) (citing Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015).

Accordingly, leave to replead should be granted to the extent Defendants succeed on their motion to dismiss and any deficiencies are identified by the Court.

---

[5] Although Plaintiff focuses its arguments on its new allegations, Plaintiff does not concede that its First Amended Complaint's cause of action for defamation fails to state a claim upon which relief can be granted. Specifically, Plaintiff rejects the narrow construction Defendants argue exists in defamation of a business in its trade or profession. See Flynn v. Cable News Network, Inc., No. 1:21-CIV.-2587 (GHW), 2021 WL 5964129, at *6 (S.D.N.Y. Dec. 16, 2021), on reconsideration in part, No. 1:21-CIV.-2587 (GHW), 2022 WL 3334716 (S.D.N.Y. Aug. 12, 2022) ("[T]he disparaging words must affect the plaintiff in some way that is peculiarly harmful to one engaged in his trade or profession; disparagement of a general character, equally discreditable to all persons, is not enough *unless the particular quality is peculiarly valuable to the plaintiffs business or profession*") (emphasis added); see also Celle v. Filipino Reporter Enters. Inc., 209 F.3d 163, 185 (2d Cir. 2000) (affirming district court's finding of defamation *per se* where statement could undermine plaintiff's position in his professional community and "leave readers with the conclusion that he abused his position").

8

There is no evidence of bad faith, undue delay, or prejudice to Defendants in granting this relief. Indeed, Defendants do not argue bad faith, undue delay, nor prejudice exist warranting denial of the instant cross-motion, and only argue that the defamation claim is futile.

## CONCLUSION

For all the foregoing reasons, Plaintiff's cross-motion for leave to amend the complaint must be granted.

Dated: Lake Success, New York
      February 27, 2023                    Respectfully submitted,

                                        **MILMAN LABUDA LAW GROUP PLLC**

                                        _____/s_____
                                        Jamie S. Felsen, Esq.
                                        Emanuel Kataev, Esq.
                                        3000 Marcus Avenue, Suite 3W8
                                        Lake Success, NY 11042-1073
                                        (516) 328-8899 (office)
                                        (516) 328-0082 (facsimile)
                                        jamiefelsen@mllaborlaw.com
                                        emanuel@mllaborlaw.com

                                        *Attorneys for Plaintiff*
                                        *IME WatchDog, Inc.*

**VIA ECF**
Warner & Scheuerman
<u>Attn</u>: Jonathan D. Warner, Esq.
6 West 18th Street, 10th Floor
New York, NY 10011-4602
(212) 924-7111 (telephone)
(646) 692-0166 (direct dial)
(212) 924-6111 (facsimile)
jdwarner@wslaw.nyc

*Attorneys for Defendants*
*Third-Party Plaintiffs*
*Third-Party Counterclaim Defendants*
*Safa Abdulrahim Gelardi*
*Vito Gelardi, and*
*IME Companions LLC*

9

**VIA ECF**
Leo Shalit, P.C.
Attn: Leo Shalit, Esq.
45 Glen Cove Road
Greenvale, NY 11548
(833) SHALIT-1 (office)
(646) 957-0009 (direct)
(833) 742-5481 (facsimile)
leo@shalit-law.com

*Attorneys for*
*Third-Party Defendant*
*Carlos Roa*

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James R. Cho, U.S.M.J.
225 Cadman Plaza East
Courtroom 11D South
Brooklyn, NY 11201-1804