UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
IME WATCHDOG, INC.,

                       Plaintiff,

      -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, NICHOLAS ELEFTERAKIS,
NICHOLAS LIAKIS, and IME COMPANIONS LLC,

                       Defendants.
----------------------------------------------------------------X
SAFA GELARDI and IME COMPANIONS, LLC,

                       Third-Party Plaintiffs,

      -against-

CARLOS ROA,

                       Third-Party Defendant.
----------------------------------------------------------------X
CARLOS ROA,

                       Third-Party Counter-Claimant,

      -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
and IME COMPANIONS, LLC,

                       Third-Party Counter-Defendants.
----------------------------------------------------------------X

Case No.: 1:22-cv-1032 (PKC)(JRC)

**DECLARATION OF
VITO GELARDI**

        VITO GELARDI, hereby declares and verifies the truth of the following, under penalty of perjury under the laws of the United States of America, pursuant to Title 28, United States Code, Section 1746:

1. I am a defendant in the above-captioned matter and the Chief Financial Officer of defendant IME Companions LLC ("Companions"), and I am fully familiar with the facts set forth herein. I make this declaration in opposition to the motion of plaintiff IME Watchdog, Inc. (sometimes, "Watchdog") for an Order: (a) holding defendants in contempt of this Court's Amended Preliminary Injunction dated June 8, 2022 (the "Injunction"); (b) preliminarily enjoining defendants from continuing to operate their business; (c) imposing a daily fine in the amount of $10,000 payable to plaintiff for each day this Court finds defendants violated the Injunction; (d) prohibiting the sale of the real property located at 1475 Moon Valley Drive, Champions Gate, FL 33896 (the "Florida Property") and any other real properties owned by defendants; (e) granting plaintiff an Order of Protection; (f) directing defendants to submit to another forensic examination at their expense; and (g) awarding counsel fees.

2. I did not violate the Injunction by contacting any of plaintiff's employees and/or agents as alleged by defendants. Nor did I ever instruct any of Companions' employees and/or agents to contact any of Watchdog's employees and/or agents.

3. I did not instruct Mark Purificati ("Purificati") to contact Renee Roth ("Roth"), who is one of plaintiff's "Watchdogs." I did not instruct Purificati to recruit Roth for a Florida Companions office. I did not instruct Purificati to discuss Companions with any Watchdog agent and/or employee. I did not instruct Purificati to discuss Watchdog with any Watchdog agent and/or employee. I simply did not tell or instruct Purificati or any other "Companion" to contact Roth or any other "Watchdog."

4. Nor do I have any reason to believe that Purificati contacted Roth. Purificati states that it was Roth who initiated a conversation with him at a medical office where they were both

observing Independent Medical Examinations. Any small talk which might have occurred between Purificati and Roth was not at my request and was not within the scope of Purificati's duties as a "Companion." I did absolutely nothing wrong with respect to Roth. Nor did Purificati.

5.  Nor did I violate the Injunction by contacting Carlos Roa ("Roa"), who is an officer of Watchdog. I never contacted Roa in violation of the Injunction, and plaintiff does not even allege that I contacted Roa in violation of the Inunction.

6.  With respect to plaintiff's accusation that defendants recently mailed and emailed their clients and others information pertaining to the alleged 1993 arrest and conviction of Daniella Levi for money laundering and to Roa being named in a "To Catch a Predator" type website in 2015, I did not make these mailings or send these emails. I had nothing to do with them. I did not send them. I did not ask anyone else to send them. I do not know who sent them.

7.  Nor are my wife and I attempting to engage in any fraud by selling our real property located at 1475 Moon Valley Drive, Champions Gate, FL 33896 (the "Florida Property"). We are selling the Florida Property because we need money to defend this litigation and to make up for the loss of revenue sustained by Companions during this lawsuit.

8.  Plaintiff's attorney's allegation at pg. 21 of plaintiff's Memorandum of Law that the Florida Property "was purchased using the money they stole from Plaintiff which is another basis for an order of attachment" is false. The Florida Property was purchased with funds from the sale of a family home in Brooklyn pursuant to an IRC Section 1031 Exchange. We sold a family home located at 332 88th Street, Brooklyn, New York on December 22, 2021, and rolled the proceeds over into the purchase of the Florida Property on December 22, 2021, pursuant to a Section

1031 Like-Kind Exchange. We will now owe the IRS for the capital gains taxes we had attempted to avoid with the Section 1031 Like-Kind Exchange.

9. My wife and I have not assigned, disposed, encumbered or secreted any property in an effort to defraud any creditors or to frustrate the enforcement of any judgment plaintiff might obtain. We have simply attempted to sell the Florida Property so we can pay our litigation expenses and have the money we need to cover our living expenses. Additional money is needed to compensate for the loss of income resulting from damage to Companions' business.

10. I respectfully request an Order denying plaintiff's motion in its entirety, dissolving the temporary restraining order, requiring plaintiff to post security in the event it is awarded a preliminary injunction, granting defendants costs, disbursements and reasonable counsel fees pursuant to Local Rule 83.6(d), and granting such further relief as may be just.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 16, 2023.

_____
Vito Gelardi

New York,
Richmond
Sworn to before me this
16th day of March, 2023

_____
NOTARY PUBLIC

SHEILA C GURRIERI
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01GU4885711
QUALIFIED IN RICHMOND COUNTY
MY COMMISSION EXPIRES 02-17-27

-4-