

Brooklyn
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
718.215.5300 | P
info@abramslaw.com | E

Long Island · Brooklyn · White Plains · Rochester · Albany

**Melanie I. Wiener, Partner**
mwiener@abramslaw.com

March 20, 2023

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

**Re:** *IME Watchdog, Inc., v. Safa Abdulrahim Gelardi, Vito Gelardi, Gregory Elefterakis, Roman Pollak, Anthony Bridda, Nicholas Elefterakis, Nicholas Elefterakis, and IME Companions L.L.C.*,
**Docket No.: 1:22-cv-1032**

Dear Judge Chen:

This law firm is counsel to the Defendants Gregory Elfterakis ("Elefterakis"), Roman Pollak ("Pollak"), and Anthony Bridda ("Bridda") (collectively "Investor Defendants") in the matter above. We write under Rule III(A) of Your Honor's Individual Practices to respectfully renew Defendants' request for a pre-motion conference in anticipation of Defendants moving to dismiss Plaintiff IME WatchDog Inc.'s ("Plaintiff") First Amended Complaint ("FAC"). This summary of the bases for our motion is submitted without prejudice to additional or different bases upon filing with the Court. As detailed below, the Defendants' proposed motion is based upon the Amended Complaint failing to state a claim upon which relief may be granted against Defendants.

<u>Summary of Legal Argument</u>

<u>The Complaint Fails To State A Claim Upon Which Relief May Be Granted Against Defendant</u>

While a Court must accept the pleaded factual allegations in a complaint as true, "the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).

Plaintiff asserts eight causes of action but consistently fails to make any specific allegations against the Investor Defendants and instead merely alleges, in conclusory fashion, that Defendants "misappropriated" trade secrets and the Investor Defendants allegedly were "aware of and privy to" such secrets. *See* Amended Complaint ¶ 66.

Plaintiff's first and second causes of action under the Defend Trade Secrets Act ("DTSA") must plead: (1) the existence of a trade secret and (2) the misappropriation of that trade secret. Plaintiff failed to plead either element and instead asserted the statutory elements in a conclusory form. Factual allegations support neither of these claims. Instead, the allegations are that the Investor Defendants were each aware of and privy to the trade secrets by their membership interest in IME Companions. There are no allegations that the Investor Defendants misappropriated any trade secret as is necessary to maintain the first two causes of action.

The DTSA was not designed to pin liability on those who happen to view confidential information. Rather, the person had to have known or had reason to know that the trade secret was wrongfully acquired, disclosed, or used. Thus, the pleading must allege facts establishing defendants knowingly misappropriated confidential information (wrongfully acquired, disclosed or used the trade secret). 18 U.S.C. § 1839(5).

When pleading misappropriation by disclosure or use, the pleading must allege that, at the time of the disclosure or use, the infringer either acquired the trade secret by improper means or *knew or had reason* to know that the trade secret was:

- derived from or through a person who used improper means to acquire the trade secret;
- acquired under circumstances giving rise to a duty to maintain secrecy or limit the use of the trade secret;
- derived from or through a person who owed a duty to the party seeking relief to maintain secrecy or limit the use of the trade secret; or
- acquired by accident or mistake with knowledge that the information was a trade secret. 18 U.S.C. § 1839(5)(B)

Even if the Defendants alleged actions fall under this statute, the FAC contains conclusory language as to how Defendants "used" such alleged trade secrets. The FAC vaguely states that Defendants "knew the information contained trade secrets" and "had no right to use that information to compete" but do not give any factual statements as to how they used such secrets or how defendants would be able to create a similar company without such trade secrets. *Chadha v. Chadha,* 2020 WL 1031385 (E.D.N.Y. 2020) ("while Plaintiffs routinely characterize Defendants' conduct as "willfully" throughout their submissions, they do so in a conclusory manner, without citing any factual allegations or legal authority which would support such a conclusion under D.T.S.A.").

Plaintiff's third cause of action for misappropriation under New York common law must allege: (1) it possessed a trade secret, and (2) defendant is using that trade secret in (a) breach of an agreement; (b) breach of confidence or duty; or (c) as a result of discovery by improper means. Here again, Plaintiff's FAC asserts only vague, conclusory language unsupported by factual statements against the individual Defendants. The FAC states "Defendants have misappropriated these secrets by using the information to their advantage or for their own personal gain" but again, such statements are conclusory. *Alexander Interactive Inc. v. Leisure Pro. Ltd.,* No 14-cv2796 (PKC), 2014 WL4651942, at 5 (S.D.N.Y. 2014) ("Aside from general allegations that the Leisure Pro Individual Defendants 'conspired' to steal A.I.'s intellectual property rights, the [first amended complaint] also does not specify **what improper means** the Leisure Pro Individual Defendants took in obtaining the alleged trade secrets. Without any factual basis to support them, the conclusory allegations in the [first amended complaint] are not sufficient to state a claim of misappropriation of trade secrets").

Plaintiff asserts a fourth cause of action for unfair competition. Plaintiff must allege that the Defendants misappropriated the fruits of Plaintiff's labor by obtaining access to Plaintiff's ideas through fraud or deception or the abuse of fiduciary or confidential relationship, and such conduct must cause economic harm to another business or individual. Plaintiff used wholly conclusory language, failed to describe how the individual Defendants misappropriated Plaintiff's labor skills, did not address

the bad faith acts specific to the individual Defendants, and merely just stated that such actions harmed Plaintiff.

Plaintiff asserts a fifth cause of action for tortious interference. For tortious interference with business relations and prospective economic damage Plaintiff must allege: (1) there is an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant. For tortious interference with contractual relations, Plaintiff must allege: (1) there was a contractual relationship with a third party; (2) defendant knowingly interfered with that contract; (3) the defendant's interference was improper in motive or means; and (4) the plaintiff was harmed by the defendant's actions. Again, the Plaintiff's vague, conclusory language is not supported by factual statements against the individual Defendants. Plaintiff failed to provide any specific economic relationship that was disrupted by the individual Defendants or direct interference by the individual Defendants as against third parties.

Plaintiff asserts a sixth cause of action for unjust enrichment. Plaintiff must allege (1) the other party was enriched; (2) at that party's expense; and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered. Plaintiff failed to sufficiently plead any benefit bestowed onto the individual Defendants through mere ownership. Further, Plaintiff failed to sufficiently plead how the individual Defendants were enriched at the Plaintiff's expense or that it is against equity and good conscience to permit Defendants to operate a competing business, as conclusory statements such as financial loss is inadequate.

Plaintiff asserts a seventh cause of action for civil conspiracy. To bring such a cause of action Plaintiff must allege some other cognizable cause of action. Plaintiff has not alleged an independent tort that would allow for a civil conspiracy claim merely because the individual Defendants had an ownership interest in Defendant business. Even if the Court finds Plaintiff alleged an independent tort, such cause of action should still be dismissed as Plaintiff, again, asserted conclusory allegations as to how Defendants "conspired" and "entered into a civil conspiracy."

Plaintiff asserts an eighth cause of action under conversion. Plaintiff must allege: (1) that it has a possessory right or interest in the property and (2) that the defendant exercised dominion over the property or interference with it, in derogation of plaintiff's rights. Plaintiff failed to show that the individual Defendants exercised an unauthorized dominion over the property through ownership. Again, Plaintiff used wholly conclusory language and did not provide a factual basis for the individual Defendants alleged "dominion."

## *Conclusion*

Considering the foregoing, Defendants respectfully requests that the Court schedule a pre-motion conference in connection with Defendants' proposed motion to dismiss as soon as is convenient for the Court and all counsel of record.

Respectfully submitted,

**ABRAMS FENSTERMAN, LLP**
*/s/ Melanie I. Wiener*
Melanie I. Wiener, Esq.
1 MetroTech Ctr, Suite 1701

Brooklyn, NY 11201
(718) 215-5300
mwiener@abramslaw.com
*Attorneys for Defendants Gregory Elfterakis,*
*Roman Pollak and Anthony Bridda*

CC: All counsel of record via E.C.F.
    -   and   -
**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. James R. Cho,
U.S.M.J. 225 Cadman Plaza East  Courtroom 11D South
Brooklyn, NY 11201-1804