**WARNER & SCHEUERMAN**
Attorneys at Law
6 West 18th Street, 10th Floor
New York, New York 10011
Tel: (212) 924-7111
Fax: (212) 924-6111

**Jonathon D. Warner, Esq.**
jdwarner@wslaw.nyc

**Karl E. Scheuerman, Esq.**
kescheuerman@wslaw.nyc                                  March 28, 2023

<u>VIA ECF</u>

Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:   *IME Watchdog, Inc. v. Gelardi, et al.*
      Case No.: 1:22-cv-1032 (PKC)(JRC)

Dear Judge Chen:

      We represent defendants Safa Gelardi, Vito Gelardi and IME Companions LLC (sometimes, "Companions") and write to object to plaintiff's proposed Court-Authorized Notice. Although no written Memorandum and Order has been entered as of yet and the transcript of the proceedings is not yet available, we believe that plaintiff's proposed Notice is entirely inappropriate and goes well beyond the Court's directives. In fact, plaintiff's proposed Notice grants plaintiff relief which was not even requested by its latest motion and contains language which would violate this Court's non-disparagement Order. Plaintiff should not be permitted to disparage defendants by judicial fiat, which appears to be plaintiff's intention here as evidenced by its inclusion in its proposed Notice of unnecessary allegations and inflammatory language.

      We respectfully submit that any Notice should state simply that: "PLEASE BE ADVISED, that IME Companions, LLC, its managers, agents and/or employees, have been preliminary enjoined by Court Order from providing any services to you pending a further Order of the Court" and should only be addressed to those customers of plaintiff listed on plaintiff's 2016 customer list. It should not be addressed To "ALL LAW FIRMS WHO [*sic*] UTILIZED THE SERVICES OF DEFENDANT IME COMPANIONS LLC...." as plaintiff's proposed Notice states. There is simply no reason to send any such Notice to all law firms which have used Companions' services or to give the impression that it is being sent to all of Companions' customers. Indeed, your Honor's Minute Entry expressly states that Companions is only enjoined from providing services to customers of plaintiff which were listed on plaintiff's 2016 customer list. Plaintiff's request to add additional customers not on the 2016 customer list should be rejected.

Pamela K. Chen, U.S.D.J.
March 28, 2023
Page -2-

   Nor should any Notice contain any allegations, accusations, alleged judicial findings or other alleged information about this legal proceeding. A simple statement putting the identified recipients on notice that Companions, its managers, agents and/or employees, have been preliminarily enjoined by Court Order from conducting business with them should suffice. In fact, plaintiff's proposed Notice would violate this Court's non-disparagement Order in that it notifies non-parties that their "patronage of IME Companions LLC was wrongfully obtained by illegal and/or improper means." There is simply no reason for any Notice to go into the details of plaintiff's allegations or to include any alleged judicial findings concerning Companions' alleged wrongdoing. It is more than sufficient to place the appropriate recipients (plaintiff's customers identified on plaintiff's 2016 customer list) on notice of the fact that Companions has been preliminarily enjoined by Court Order from providing them with any services. Any further information would be superfluous, if not disparaging and unnecessarily damaging to Companions' business and reputation. That the names of the customers remain unknown to the Court only underscores the impropriety in issuing a Notice stating that their "patronage was wrongfully obtained by illegal and/or improper means" since it shows that no evidence has been placed before the Court as to how each law firm actually became a Companions customer.

   The Notice should not and cannot "Order" the recipients "that you may no longer accept any services from IME Companions LLC...." The Court has not obtained jurisdiction over the customers and, as such, cannot Order them to cease conducting business with Companions. The Notice should simply put the recipients on notice of the fact that Companions is presently prohibited by Court Order from conducting business with them. Nor should the Notice identity any other non-party entities or alleged agents of Companions. It is sufficient for the Notice to inform the recipient that Companions, its managers, agents and/or employees, have been preliminarily enjoined from conducting business with them. There is no reason to damage the business reputation of any non-parties with a Notice suggesting that they have done anything wrong.

   For the foregoing reasons, we respectfully request that plaintiff's Proposed Court Notice be rejected and that the Court issue a Notice addressed to the appropriate recipients which states simply that: "PLEASE BE ADVISED, that IME Companions, LLC, its managers, agents and/or employees, have been preliminary enjoined by Court Order from providing any services to you pending a further Order of the Court."

   We reserve our right to make an additional submission to the Court upon receipt of the Court's written Memorandum and Order.

Pamela K. Chen, U.S.D.J.
March 28, 2023
Page -3-

We thank the Court for its time and cooperation.

Respectfully yours,

*/s/ Jonathon D. Warner*

JDW/ks

cc:     All counsel (via ECF)