# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

March 29, 2023

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

   *Re:* **IME WatchDog, Inc. v. Gelardi,** *et al.*
     **Case No.: 1:22-cv-1032 (PKC) (JRC)**
     <u>**MLLG File No.: 25-2022**</u>

Dear Judge Chen:

  This office represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case. Plaintiff submits this reply letter in further support of its request for a court-authorized notice and in opposition to Defendants' objections to same.

  As this Court has concluded, Plaintiff has been irreparably damaged by Defendants' unlawful and sustained improper conduct. Hundreds of customers were lost by the various schemes Defendants employed, which include but are not limited to: (i) bribing Plaintiff's key employee in exchange for Plaintiff's trade secrets; (ii) directing Plaintiff's key employee to sabotage Plaintiff's relationships with its customers; and (iii) disparaging the principal of Plaintiff and engraining the idea in the head of every attorney in the personal injury bar that the law-firm-customers' personal-injury-plaintiffs are "not safe" with Plaintiff.

  The forensic evidence supporting Plaintiff's claims remain unchallenged. Plaintiff respectfully submits that its proposed language is proper, both in light of the foregoing, and because this Court has already found the existence of both a likelihood of success on the merits as well as irreparable harm. To remove the language and force the principals of law-firm-customers to look up this case and wade through the docket hardly prevents the purported damage to the already-marred reputation Defendants are concerned with. Moreover, only Plaintiff's customers would receive the court-authorized notice – not Defendants' customers.

  Defendants' insistence that this Court's Order requires only those customers in the 2016 Sales by Customer Summary list, which was undeniably misappropriated by Defendants, is unsupported by the record and belied by this Court's statements on the record. Plaintiff respectfully submits that, as it recalls, the Court permitted all customers on the 2016 list *as well as* any other documentary evidence establishing Defendants' customers who were previously Plaintiff's customers.

Even if this Court did not specifically state this on the record, to preclude Plaintiff's other customers not on that list defies logic and stands at the height of hypocrisy given Defendants' complete and abject failure to comply with the Injunction. Indeed, there is no challenge by Defendants to Plaintiff's argument that Defendants bribed Plaintiff's key employee and obtained the identities of Plaintiff's customers through text messages and e-mails with him, including the 2017 master list, and other documents submitted. See, e.g., Exhibits B and C of Plaintiff's submission made under seal (ECF Docket Entry 180).

Finally, Defendants' last salvo seeks to argue that this Court must obtain jurisdiction of all the customers they stole in order to prevent them from doing business with Defendants. This assertion, which is unsupported by any authority whatsoever,[1] is contradicted by the fact that Defendants, themselves, are subject to this Court's jurisdiction. Indeed, this argument is no different than the one Defendants proffered to justify their intended contact with Third-Party Defendant Carlos Roa, which this Court clearly rejected at yesterday's hearing.

In sum, Defendants' hyper-technical legal arguments cannot shield them from the court-authorized notice, which is perhaps the only way that some semblance of justice can be obtained for Plaintiff, who has suffered at the hands of Defendants for half-a-decade.

Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
March 29, 2023

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

__/s/ Emanuel Kataev, Esq._____
Jamie S. Felsen, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Plaintiff*
*IME WatchDog, Inc.*

---

[1] See Preferred Elec. & Wire Corp. v. Katz, 462 F. Supp. 1178 (E.D.N.Y. 1978) (granting preliminary injunction to enjoin former salesman *and competitor* from utilizing manufacturer's trade secrets including customers list, *contacting* manufacturer's customers concerning sales of competitive products *and advising manufacturer's customers that manufacturer had ceased doing business in light of breach of restrictive covenant in former salesman's employment contract*) (emphasis added). There is thus no requirement to obtain jurisdiction over any customers.

2

**VIA ECF**
Warner & Scheuerman
<u>Attn</u>: Jonathan D. Warner, Esq.
6 West 18th Street, 10th Floor
New York, NY 10011-4602
(212) 924-7111 (telephone)
(646) 692-0166 (direct dial)
(212) 924-6111 (facsimile)
jdwarner@wslaw.nyc

*Attorneys for Defendants*
*Third-Party Plaintiffs*
*Third-Party Counterclaim Defendants*
*Safa Abdulrahim Gelardi*
*Vito Gelardi, and*
*IME Companions LLC*

**VIA ECF**
All other counsel of record

**VIA ECF**
Leo Shalit, P.C.
<u>Attn</u>: Leo Shalit, Esq.
45 Glen Cove Road
Greenvale, NY 11548
(833) SHALIT-1 (office)
(646) 957-0009 (direct)
(833) 742-5481 (facsimile)
leo@shalit-law.com

*Attorneys for*
*Third-Party Defendant*
*Third-Party Counterclaimant*
*Carlos Roa*

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James R. Cho, U.S.M.J.
225 Cadman Plaza East
Courtroom 11D South
Brooklyn, NY 11201-1804