# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

April 5, 2023

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

> *Re:* **IME WatchDog, Inc. v. Gelardi,** *et al.*
> **Case No.: 1:22-cv-1032 (PKC) (JRC)**
> <u>**MLLG File No.: 25-2022**</u>          ___

Dear Judge Chen:

This office represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case.  Plaintiff respectfully submits this letter response in opposition to Defendants Gregory Elefterakis ("Elefterakis"), Roman Pollak ("Pollak"), and Anthony Bridda's ("Bridda") (Elefterakis, Pollak, and Bridda collectively hereinafter the "Defendants") request for a pre-motion conference in anticipation of their motion to dismiss Plaintiff's claims against them for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

Because the complaint states a claim upon which relief can be granted for each and every cause of action against the Defendants, their motion must be denied.  To the extent this Court finds that it does not, in whole or in part, leave to amend must be granted based on the evidence adduced at the hearing that: (i) Pollak knew that the confidential information and trade secrets that Defendant Safa Abdulrahman Gelardi ("Safa") brought to him did not belong to her; (ii) Pollak evaluated the confidential information and trade secrets to determine whether he, Elefterakis, and Bridda should go into business with Safa to earn money; (iii) the Defendants did, in fact, go into business with Safa after determining that the business would be profitable following Pollak's review of the confidential information and trade secrets; (iv) the Defendants profited from their use of the confidential information and trade secrets; and (v) Pollak would contact Elefterakis concerning various prospective law-firm-customers that Elefterakis knew from his personal injury litigation funding company in an effort to target those customers which were identified within the confidential information and trade secrets stolen by Safa.[1]  Indeed, this evidence and the forensic evidence presented at the April 4, 2022 show cause hearing provides a sufficient basis to amend the pleadings to the extent it is necessitated by a finding that the first amended complaint is insufficient to state a claim against the Defendants (which finding should not be made).

---

[1] This fact is sufficient to establish that Defendants knew of a contractual or business relationship between Plaintiff and its customers, a necessary element for Plaintiff's tortious interference claim.

**Defend Trade Secrets Act**

Defendants' primary argument is, effectively, that Plaintiff has engaged in group pleading without identifying each individual's part in the alleged wrongdoing.  However, "[n]othing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant."  See Manchanda v. Navient Student Loans, No. 19-CIV.-5121, 2020 WL 5802238, at *2 (S.D.N.Y. Sept. 29, 2020) (citation omitted)). Where allegations in a complaint give fair notice to Defendants of what information they are alleged to have misappropriated and how they are alleged to have violated the law, similar motion to dismiss a complaint for improper group pleading have been denied.  See Brevet Holdings, LLC v. Enascor, LLC, No. 1:21-CV-01540 (MKV), 2022 WL 3916376, at *10 (S.D.N.Y. Aug. 31, 2022).

Here, based upon a review of the First Amended Complaint, there is no question that Defendants came into possession of Plaintiff's trade secrets and utilized it for their benefit and to Plaintiff's detriment.  Because the pleadings give Defendants fair notice of the claims against them, their objection to group pleading provides no shelter nor basis for dismissal.

**Misappropriation**

Plaintiff's cause of action for misappropriation adequately states a claim for the same reasons set forth above.  See ExpertConnect, L.L.C. v. Fowler, 2019 U.S. Dist. LEXIS 114931, *18 (S.D.N.Y. July 10, 2019) ("The requirements are similar for showing a misappropriation of a trade secret under the DTSA and misappropriation under New York common law… For substantially the same reasons that the Complaint sufficiently pleads a DTSA claim, the Complaint also states a claim for misappropriation of trade secrets ….").

Further, New York courts also have held that an employer may have a protectable interest in confidential information even if it does not rise to the level of a trade secret. See Kelly v. Evolution Mkts., Inc., 626 F. Supp. 2d 364, 373 (S.D.N.Y. 2009) (granting injunctive relief and finding that an employer had a protectable interest in its confidential information); see also Johnson Controls, Inc. v. A.P.T. Critical Systems, Inc., 323 F. Supp. 2d 525, 537 (S.D.N.Y. 2004) ("even where the information would not otherwise qualify as a trade secret, the unauthorized physical taking and exploitation of internal company documents, including detailed customer information by an employee … is to be enjoined as unfair competition").

Here, the complaint adequately states that Defendants became privy to and profited from Plaintiff's information.  As such, the claim for misappropriation has been adequately stated.

**Unfair Competition**

To establish a New York state law unfair competition claim, a plaintiff must allege (1) "misappropriation of the labors and expenditures of another," that is (2) "likely to cause confusion or to deceive purchasers as to the origin of the goods," and (3) "bad faith."  See Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc., 58 F.3d 27, 34-35 (2d Cir. 1995).  Here, the first amended complaint adequately pleads that Defendants misappropriated Plaintiff's labors in creating the market for the IME observer industry, held themselves out as knowledgeable in this industry when they were not, and engaged in bad faith conduct such as the use of Plaintiff's confidential information and trade secrets to achieve their goals to unfairly compete against Plaintiff.

2

**Tortious Interference**

Defendants knew of Plaintiff's contracts and business relationships with its customers, interfered in those relationships by targeting the customers on the list they misappropriated and sabotaging the customers' relationship with Plaintiff, caused the customers to cease doing business with Plaintiff, and therefore caused Plaintiff damages.  See Kirch v. Liberty Media Corp., 449 F.3d 388, 401–02 (2d Cir.2006) (quoting Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413 (1996)).

**Unjust Enrichment**

"To state a claim for unjust enrichment under New York law, a plaintiff must allege that: (1) the defendant benefited; (2) the benefit was at the expense of the plaintiff; and (3) that equity and good conscience require restitution." See Mazzaro de Abreu v. Bank of Am. Corp., 525 F. Supp. 2d 381, 397 (S.D.N.Y. 2007).  Here, Defendants benefited from the misappropriated confidential information and trade secrets of Plaintiff, which was at Plaintiff's great expense (as detailed in the complaint), and both equity and good conscience require restitution given the harm that has befallen IME WatchDog, Inc.

**Civil Conspiracy**

Although "New York does not recognize civil conspiracy to commit a tort . . . as an independent cause of action" … "a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort and establish that those actions were part of a common scheme." See Levin v. Kitsis, 82 A.D.3d 1051, 1052 (2d Dept 2011).  Here, as set forth above, Plaintiff has adequately pled that Defendants committed various torts − i.e., misappropriation, unfair competition, tortious interference, and unjust enrichment − as part of their common scheme as a team to bribe a key employee of Plaintiff in effort to obtain Plaintiff's confidential information and to unfairly compete with IME WatchDog. As such, Plaintiff has adequately stated a claim for civil conspiracy.

**Conversion**

In New York, "conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." See Colavito v. New York Organ Donor Network, Inc., 8 N.Y.3d 43, 49–50 (2006); see also State of New York v. Seventh Regiment Fund, 98 N.Y.2d 249, 259 (2002). Here, the complaint adequately states that Defendants exercised control of Plaintiff's confidential information and trade secrets, and interfered with Plaintiff's right of possession when they used it to contact Plaintiff's customers.

**Leave to Amend Should be Granted**

If there is merit in Defendants' anticipated motion, this Court should grant leave to replead. "… the [Rules] provide that courts 'should freely give leave' to amend a complaint when justice so requires." See Williams v. Citigroup Inc., 659 F.3d 208, 212 (2d Cir. 2011) (quoting Fed. R. Civ. P. 15(a)(2)); see also Jeanty v. UPS UPS Freight, No. 21-cv-08311 (LTS), 2021 U.S. Dist. LEXIS, at *4 (S.D.N.Y. Nov. 1, 2021) ("Because Plaintiff may be able to allege additional facts to state a valid claim …, the Court grants Plaintiff .. leave to amend … to detail his claims").

**Conclusion**

For the foregoing reasons, Defendants' letter motion for a pre-motion conference must be denied.  Plaintiff thanks this Court for its time and attention to this case.

Dated: Lake Success, New York
April 5, 2023                     Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

__/s/ Emanuel Kataev, Esq._____
Jamie S. Felsen, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Plaintiff*

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. James R. Cho, U.S.M.J.
225 Cadman Plaza East
Courtroom 11D South
Brooklyn, NY 11201-1804

**VIA ECF**
Warner & Scheuerman
Attn: Jonathan D. Warner, Esq.
6 West 18th Street, 10th Floor
New York, NY 10011-4602
(212) 924-7111 (telephone)
(646) 692-0166 (direct dial)
(212) 924-6111 (facsimile)
jdwarner@wslaw.nyc

*Attorneys for Defendants*
*Third-Party Plaintiffs*
*Third-Party Counterclaim-Defendants*
*Safa Abdulrahim Gelardi*
*Vito Gelardi, and*
*IME Companions LLC*

**VIA ECF**
Leo Shalit, P.C.
Attn: Leo Shalit, Esq.
45 Glen Cove Road
Greenvale, NY 11548
(833) SHALIT-1 (office)
(646) 957-0009 (direct)
(833) 742-5481 (facsimile)
leo@shalit-law.com

*Attorneys for*
*Third-Party Defendant*
*Third-Party Counterclaimant*
*Carlos Roa*

4