

Leo Shalit, Esq.

April 7, 2023

Jonathan D. Warner
jdwarner@wslaw.nyc

Re: Third Party Action Safa Gelardi and Companions, LLC v. Carlos Roa
Case: 1:22-CV-1032 (PKC)(JRC)

Dear Mr. Warner:

I have reviewed your discovery responses and am serving you a deficiency letter.

Request for Documents Not Yet Produced

In your initial document production, I only received the first 200 pages of documents. However, you stated that there are 316 pages of documents in your responses. Please produce the remaining 116 pages.

Verifications

There is only a signed verification by Safa, which is not legible. Please produce a legible verification, as well as one for the remaining Defendants.

Document Request No. 19

Roa requests all 1099s for the period of May 5, 2016 through the present.

Document Request No. 20

Roa requests copies of the QuickBooks files related to this discovery request.

Document Request No. 22

Roa requests a more narrow and limited production of all K-1s and Schedule Es.

Document Request No. 29

Roa requests that Defendants produce all such recorded statements.



Leo Shalit, Esq.

Document Request No. 30

Roa requests a privilege for any assertion of privilege in this request or others.

Document Request No. 43

Roa requests copies of the paycheck documents and payment of his compensation referenced in Defendants' response.

Document Request No. 64

Roa requests the paycheck documents and payment of the compensation for these individuals.

Document Request No. 65, 79, and 82

Roa requests that the documents here be produced. CPLR 4502(b) provides a limited spousal privilege that prevents one spouse from being required to disclose "a confidential communication made by one to the other during marriage." The privilege is not absolute, nor is it protective of all communications. Rather the Court of Appeals has held that "the privilege attaches only to those statements made in confidence and 'that are induced by the marital relation and prompted by the affection, confidence and loyalty engendered by such relationship.'" Matter of Vanderbilt (Rosner-Hickey), 57 N.Y.2d 66, 73, (1982) (quoting Poppe v. Poppe, 3 N.Y.2d 312, 315 (1957)) (emphasis added). Thus, the privilege protects "not all the daily and ordinary exchanges between the spouses, but merely those which would not have been made but for the absolute confidence in, and induced by, the marital relationship." People v. Melski, 10 N.Y.2d 78, 80 (1961).

Conversations concerning business and financial communications are not protected by the spousal privilege. G-Fours, Inc. v. Miele, 496 F.2d 809, 812 (2d Cir. 1974). In the Miele case, the Court held that a judgment debtor's wife could be compelled to answer interrogatories which sought information regarding her husband's bank accounts and property, as well as recent transfers to her by her husband of property and money. Id. at 810. In so holding, the Court noted that communications regarding such information were not privileged because "[t]hey were ordinary conversations relating to matters of business which there is no reason to suppose he would have been unwilling to hold in the presence of any person." Id. at 811 (quoting Parkhurst v. Berdell, 110 N.Y. 386, 393-394 (1888)).



Leo Shalit, Esq.

This limitation is well-established – the spousal privilege applies to neither ordinary business records nor testimony as to ordinary business matters. <u>Securities Settlement Corp. v. Johnpoll</u>, 128 A.D.2d 429, 431 (1st Dept. 1987); <u>see</u> <u>also</u> <u>Carver Fed. Sav. Bank v. Shaker Gardens, Inc.</u>, 167 A.D.3d 1337, 1343 (3d Dept. 2018) (noting same and collecting cases).

Based on this authority, Roa demands that Defendants produce responsive documents.

Please provide responses no later than April 21, 2023.  To the extent you maintain any objections, please let me know when we may meet and confer.

Yours truly,

*Leo Shalit, Esq.*

Leo Shalit, Esq.

---

Leo Shalit, Esq.     45 Glen Cove Road     Greenvale New York 11548     833.742.5481