UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
IME WATCHDOG, INC.,

                Plaintiff,

      - against -

SAFA ABDULRAHIM GELARDI, VITO
GELARDI, GREGORY ELEFTERAKIS,
ROMAN POLLAK, ANTHONY BRIDDA,
NICHOLAS LIAKIS, and IME
COMPANIONS, LLC,

                Defendants.
-------------------------------------------------------x
SAFA GELARDI and IME COMPANIONS,
LLC,

                Third-Party
                Plaintiffs,

      - against -

CARLOS ROA,

                Third-Party
                Defendant.
-------------------------------------------------------x
CARLOS ROA,

                Third-Party
              Counter-Claimant,

      - against -

SAFA ABDULRAHIM GELARDI, VITO
GELARDI, and IME COMPANIONS, LLC,

                Third-Party Counter-
                Defendants.
-------------------------------------------------------x

**ORDER**
22-CV-1032 (PKC) (JRC)

PAMELA K. CHEN, United States District Judge:

      Before the Court is Plaintiff IME Watchdog, Inc.'s motion for contempt against

1

Defendants Safa Gelardi, Vito Gelardi, and IME Companions LLC (collectively, "Defendants"). (Dkt. 196.)  Based on the Court's review of the parties' briefs submitted prior to the hearing, the supplemental briefs submitted post-hearing, and the testimony/evidence presented at the May 4, 2023 hearing[1], and for the reasons that follow, the Court denies the contempt motion in its entirety.

## LEGAL STANDARD

"A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016).  First, an injunction is sufficiently clear when it leaves "no doubt in the minds of those to whom it was addressed." *Chevron Corp. v. Donzinger*, 990 F.3d 191, 202 (2d Cir. 2021) (quoting *Drywall Tapers & Pointers of Greater N.Y. v. Loc. 530*, 889 F.2d 389, 395 (2d Cir. 1989)).  Second, "[n]oncompliance [has] to be supported by clear and convincing evidence." *Id*.  Lastly, a party who diligently complies in a reasonable manner, "c[an] petition[] the District Court for a modification, clarification or construction of the order." *CBS Broad. Inc.*, 814 F.3d at 99 (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 198, 192 (1949)).

## DISCUSSION

I.  **Plaintiff Has Not Shown Defendants' Noncompliance with the Preliminary Injunction[2]**

Plaintiff's contempt motion is based on allegations that (1) IME Management & Consulting LLC d/b/a IME Legal Reps, a business created by a friend of the Gelardis, Eugene Liddie, operated

---

[1] *See* Dkts. 196, 197, 198, 202, 210, 218, 219, 220, 224, 225, 229.

[2] The Court notes that Plaintiff filed a second motion for a temporary restraining order on March 10, 2023, which also includes requests for finding Defendants in contempt of the Court's

2

in violation of the Court's injunctions; and (2) Defendants' agents, including their former employee, Jeff Beiben, were still serving customers on the Enjoined Customer List and continuing to misappropriate Plaintiff's trade secrets after the March 27, 2023 hearing in this matter. The Court finds that Plaintiff has failed to produce clear and convincing evidence—or almost any evidence—that Liddie, Beibin, or Defendants were violating the Court's injunction after March 27, 2023.

As stated on the record at the May 4th contempt hearing, the Court found that Eugene Liddie was a credible witness, that he started IME Legal Reps as "a venture of his own," and that Liddie's business, IME Legal Reps, was not in violation of the Court's injunctions. (May 4 Hearing Tr., Dkt. 229, at 142.) The Court also found Jeff Beibin's testimony at the hearing was credible, and did not find that he or any of Defendants' other agents were still serving customers on the Enjoined Customer List in violation of the Court's injunctions. (*Id*. at 149–50.)

Plaintiff's post-hearing submission does not convince the Court otherwise. Indeed, despite Plaintiff's insistence on filing supplemental briefs after the hearing (*see* May 4 Hearing Tr., Dkt. 229, at 147), the Court finds Plaintiff's post-hearing brief unpersuasive, and in many places, irrelevant to the Court's findings at the May 4th hearing. For example, Plaintiff baselessly charges that "Liddie is conspiring with Defendants to violate this Court's Orders and must be stopped" (Dkt. 218, at 7), and suggests that the Court was duped by Mr. Liddie's testimony because "police officers are trained witnesses on the stand at trial, and carry and unfair presumption of credibility." (*Id*. at 8.) These are frivolous accusations, which the Court rejects. The Court's assessment of Mr. Liddie's credibility and the weight given to his testimony were not influenced by his

---

injunctions. (*See* Dkt. 151.) The Court is not addressing the March 2023 motion in this Order; rather, a separate Memorandum & Order regarding that motion is forthcoming.

occupation as a police officer. Rather, it was Plaintiff's inability to present any evidence showing that Mr. Liddie started IME Legal Reps at the behest of Defendants that persuaded the Court to find that neither Mr. Liddie nor Defendants had violated the preliminary injunction.

Thus, the Court does not find orders of civil or criminal contempt against Defendants to be warranted here.

## II.     No Property Attachment Is Warranted

As part of their contempt filing, Plaintiff also sought to attach the Gelardis' New York property. At the hearing, the Court declined to attach Defendants' property because Plaintiff had not submitted any evidence showing either (1) Defendant's intent to defraud in the sales of their properties; or (2) the purported damages amount. (*Id*. at 46–47.) Again, Plaintiff's post-hearing submission does not convince the Court otherwise. In that submission, Plaintiff glibly and erroneously invokes the "badges of fraud element." As the Court already explained at the May 4th hearing, Plaintiff must show that Defendants' *transfer of property* exhibits badges of fraud—not that Defendants are generally engaged in fraud. *See DLJ Mortg. Cap., Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 319 (E.D.N.Y. 2009) ("Removal, assignment, or other disposition of property is not a sufficient ground for attachment; fraudulent intent must be proven, not simply alleged or inferred[.]" (citation omitted)).

Accordingly, the Court denies Plaintiff's request to attach the Gelardis' New York property.

## III.    The Injunction Against Defamatory/Disparaging Statements is Lifted

At the hearing, the Court also lifted its order enjoining the parties from making defamatory/disparaging statements (May 4 Hearing Tr., Dkt. 229, at 47), because of the "heavy presumption" against the constitutional validity of prior restraints on speech. *See Hammer v. Trendl*, No. 02-CV-2462 (JS) (AS) (MLO), 2002 WL 32059751, at *2 (E.D.N.Y. Oct. 10, 2002),

4

*report and recommendation adopted*, 2003 WL 21466686 (E.D.N.Y. Jan. 18, 2013)); *Metro. Opera Ass'n, Inc. v. Loc. 100*, 239 F.3d 172, 177 (2d Cir. 2001) ("[I]njunctions are limited to rights that are without an adequate remedy at law, and because ordinarily libels may be remedied by damages, equity will not enjoin libel absent extraordinary circumstances."). The Court reiterates here that that aspect of the prior preliminary injunction is null and void.[3]

## IV. Hearing Regarding Alleged New Evidence of Contempt

In its post-hearing briefing, Plaintiff introduced new purported evidence of Defendants' contempt. Specifically, Plaintiff claims that it "came into possession of an invoice issued by Companions to Subin [Associates] for IMEs observed between March 1, 2023 through April 21, 2023," that is, after the March 27, 2023 contempt hearing. Defendants deny the new allegations and claim the evidence Plaintiff submitted in support of their allegations is false. (*See* Dkt. 224, at 8–10.)

Given Plaintiff's claim of new evidence, the Court orders the parties to appear on **August 22, 2023 at 2:00 PM in Courtroom 4F North**, for an evidentiary hearing regarding (1) the purported Companions' invoice issued to Subin Associates ("Subin Invoice"); and (2) the allegation that the Companions' website "back end" contained "a complete Companions' client list with point of contact information and a database of all Companions' IME reports ever created[.]" (Dkt. 218, at 3.) Plaintiff is advised that if they want to maintain their allegation regarding the Subin Invoice, they will need to present the Subin Associates employee who provided the invoice as a witness to authenticate the invoice. Because the previous May 4th hearing

---

[3] Specifically, the following clause is removed from the Court's previous injunction: "The parties are preliminarily enjoined from making any statements to third parties, oral or written, regarding this case, that can be construed as misleading and any statements about each other that can be construed as defamatory and/or disparaging." (Dkt. 80, at 3.)

5

proved to be a waste of the Court's (and the parties') time and resources, Plaintiff is warned that further baseless and unsupported allegations may result in sanctions.

## CONCLUSION

For the above reasons, Plaintiff's motion for contempt is denied. The parties will appear before the Court on August 22, 2023 at 2:00 PM in Courtroom 4F North for an evidentiary hearing.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 13, 2023
       Brooklyn, New York