UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
IME WATCHDOG, INC.,

                                Plaintiff,

    -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and
IME MANAGEMENT & CONSULTING LLC,

                                Defendants.
---------------------------------------------------------------X
SAFA GELARDI and IME COMPANIONS, LLC,

                            Third-Party Plaintiffs,

    -against-

CARLOS ROA,

                            Third-Party Defendant.
---------------------------------------------------------------X
CARLOS ROA,

                            Third-Party Counter-Claimant,

    -against-

SAFA ABUDLRAHIM GELARDI, VITO GELARDI,
and IME COMPANIONS, LLC,

                            Third-Party Counter-Defendants.
---------------------------------------------------------------X

Case No.: 1:22-cv-1032 (PKC) (JRC)

**DECLARATION OF DANIELLA LEVI, ESQ. IN SUPPORT OF PLAINTIFF'S AND THIRD-PARTY DEFENDANT CARLOS ROA'S APPLICATION FOR ATTORNEYS' FEES AND COMPENSATORY DAMAGES ARISING <u>OUT OF DEFENDANTS' CONTEMPT</u>**

       Daniella Levi, Esq. declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the following is true and correct:

1. I am the sole shareholder and Chief Operating Officer ("COO") of IME WatchDog, Inc. (hereinafter "Plaintiff" or "IME WatchDog"), the Plaintiff in this case.

2. As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of the documents I maintain at the IME WatchDog office.

3. I submit this declaration in support of Plaintiff's and Third-Party Defendant Carlos Roa's ("Roa") supplemental motion for attorneys' fees arising out of Defendants' contempt in violating the injunctions and orders issued by this Court.

4. I incurred $8,595.01 in deposition costs, which were necessary to establish Defendants' contempt. Copies of invoices related to depositions are annexed hereto as **Exhibit "A."**

5. I also incurred expenses to GoDaddy in connection with the subpoenas we issued for Plaintiff's contempt application. A copy of my credit card statement reflecting a charge of $554.47 is annexed hereto as **Exhibit "B."**

6. On the day of the hearing, I incurred meal expenses totaling $320.93. Id.

7. Similarly, my attorneys have incurred expenses in relation to the contempt application and hearing, which were billed to me based on my retainer agreement with Milman Labuda Law Group PLLC ("MLLG"). A copy of the expenses sought (which are highlighted) are annexed hereto as **Exhibit "C."**

8. MLLG's expenses are also further discussed herein.

9. MLLG spent $8,800.00 on a private investigator who was instrumental in serving Defendants' private investigator with a subpoena and securing that private investigator's cooperation.

2

10. MLLG spent $1,043.47 on transcript-related costs.

11. MLLG also spent $1,285.21 for the service of subpoenas.

12. In addition, MLLG spent $57.94 for postage and shipping.

13. Finally, MLLG incurred $81.55 in expenses for parking.

14. In addition, Plaintiff has assumed the cost of legal fees for its employee and officer Roa. A copy of the invoices received from the Law Office of Leo Shalit are annexed hereto as **Exhibit "D."**

15. Roa was also required to retain the services of Zieher & Associates, P.C. to commence and prosecute a pre-action disclosure special proceeding in order to secure the vital evidence demonstrating Defendants' contempt. A copy of the invoices received from the Zieher & Associates, P.C. are annexed hereto as **Exhibit "E."**

16. A copy of MLLG's attorneys' fees, redacted for the purpose of maintaining attorney-client privilege are annexed hereto as **Exhibit "F."**

17. In addition, as set forth in the accompanying letter motion, I am an attorney and serve as in-house counsel to Plaintiff. A copy of my attorneys' fees, redacted for the purpose of maintaining attorney-client privilege are annexed hereto as **Exhibit "G."**

18. I have been practicing law for over twenty-one (21) years after graduating *cum laude* from St. John's University School of Law in 1995.

19. I am a member of the bar in the State of New York, as well as of the United States District Courts for the Southern and Eastern Districts of New York.

20. I founded Daniella Levi & Associates P.C in 2002, a law firm specializing in litigating personal injury cases.

3

21. Over the last twenty one years, I have conducted at least fifty (50) trials and thousands of depositions.

22. I worked extensively with MLLG to prepare for the deposition of Defendant Safa Abdulrahman Gelardi and the contempt hearing on March 27, 2023.

23. Eliyahu Eli Levi serves as associate in-house counsel for Plaintiff and similarly worked extensively with me and MLLG to prepare for the deposition and hearing. A copy of his attorneys' fees, redacted for the purpose of maintaining attorney-client privilege are annexed hereto as **Exhibit "H."**

24. Finally, Roa has spent an inordinate amount of effort in preparing for the deposition and hearing as well as taking time to work with the New York Police Department, his attorneys, and the private investigator to deal with the Defendants' contemptuous conduct in placing a GPS device on his vehicle to unlawfully track his whereabouts. A copy of Roa's time spent and a description of his work is annexed hereto as **Exhibit "I."**

25. His hourly rate of $100.00 for the work he performed, which detracted from the work he was hired to perform at Plaintiff, is justified given the success it brought about in receiving the Orders from this Court granting the relief Plaintiff sought for contempt.

26. I respectfully request that this Court grant the relief requested herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 19, 2023.

Daniella Levi, Esq.