# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

January 25, 2024

**VIA ECF**
Pamela K. Chen, U.S.D.J.
United States District Court Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, NY 11201-1804

  *Re:* **IME WatchDog, Inc. v. Gelardi,** *et al.*
    **Case No.: 1:22-cv-1032 (PKC) (JRC)**
    <u>**MLLG File No.: 25-2022**</u>

Dear Judge Chen:

  This office represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case. Plaintiff respectfully submits this letter motion[1] to request an Order requiring Defendants to place all proceeds from the sale of their Staten Island home in escrow until the Court determines the amount of fees it will award to Plaintiff in connection with Plaintiff's pending fee application. The Court has already granted Plaintiff's motion for attorneys' fees and costs in connection with work performed to establish Defendants' contempt. The only remaining question is what will be the amount of fees and costs awarded to Plaintiff.

  Although the Court previously denied Plaintiff's motion seeking similar relief, the circumstances have changed. Previously, Plaintiff argued they were likely to succeed on the merits of the claims. While that still holds true, on October 20, 2023, this Court granted Plaintiff's motion for attorneys' fees and costs subject to further briefing and submission of billing records related to attorneys' fees and costs incurred by Plaintiff for work done in connection with Defendants' contempt. <u>See</u> ECF Docket Entry 254. Thus, a judgment for attorneys' fees and costs is imminent.

  Attachment is available in a federal court "under the circumstances and in the manner provided by the law of the state in which the district court is held." Fed. Civ. Proc. 64; <u>see also</u> <u>Cargill, Inc. v. Sabine Trading & Shipping Co.</u>, Inc., 756 F.2d 224, 227 (2d Cir. 1985). New York Law gives state and federal courts the right to attach property prior to entry of a judgment. <u>See</u> New York Civil Practice Law & Rules ("CPLR") § 6201. Attachment is proper if the plaintiff seeks, and would be entitled to, a money judgment when:

    the defendant, with intent to defraud his creditors *or frustrate the*

---

[1] Plaintiff respectfully requests leave of this Court to make the instant request as a letter motion rather than a formal motion (as required by Local Civil Rule 7.1) in accordance with Rule 1 of the Federal Rules of Civil Procedure (hereinafter "Rules"), which requires that the Rules be construed, administered, and <u>employed</u> <u>by</u> <u>the</u> <u>court</u> and the parties to secure the <u>just</u>, <u>speedy</u>, and <u>inexpensive</u> determination of every action and proceeding. <u>See</u> Fed. R. Civ. P. 1 (emphasis added).

> *enforcement of a judgment that might be rendered in plaintiffs favor*, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts[.]

Id. "A plaintiff seeking an order of attachment must show 'that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in [CPLR §] 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff.'"[2] Capital Ventures Int'l v. Republic of Argentina, 443 F.3d 214 (2d Cir. 2006) (quoting CPLR § 6212(a)).

The circumstances here are unique because this Court has already indicated that a judgment will be entered in Plaintiff's favor for attorneys' fees and costs related to Defendants' contempt. The only reason why a judgment has not yet been entered is because this Court still needs to determine the amount of reasonable attorneys' fees and costs it will award Plaintiff.

To establish a ground for attachment per CPLR § 6201, Plaintiff must prove two elements; that defendant: (1) either is about to or has assigned, disposed of, encumbered, or secreted property, or removed it from the state; and (2) has acted or will act with the intent to defraud his or her creditors or to frustrate the enforcement of a judgment that might be rendered in plaintiff's favor. See Allstate Ins. Co. v. TMR Medibill, Inc., 2000 U.S. Dist. LEXIS 23142 (E.D.N.Y. Jul. 13, 2000); Bank Leumi Tr. Co. v. Istim, Inc., 892 F. Supp. 478, 482 (S.D.N.Y. 1995).

"It is not always practicable to establish by proof the existence of a fraudulent intent ... even when in reality it exists. Direct proof of the fact can rarely be obtained, and when it is established it must ordinarily be inferred from the circumstances." Bank Leumi Tr. Co. 892 F. Supp. at 483.

Here, since the commencement of this action, Defendants have sold the following real estate:

- 1523 N Hollywood St, Philadelphia, PA 19121 sold on December 5, 2023 for $229,000 (https://www.zillow.com/homedetails/1523-N-Hollywood-St-Philadelphia-PA-19121/10317908_zpid/)
- 5265 Milford Road, East Stroudberg, PA 18302 sold on April 29, 2022 for $569,400 (https://www.zillow.com/homedetails/5265-Milford-Rd-East-Stroudsburg-PA-18302/9815637_zpid/)
- 1475 Moon Valley Dr, Champions Gate, FL 33896 sold on December 15, 2023 for $760,000 (https://www.zillow.com/homedetails/1475-Moon-Valley-Dr-Davenport-FL-33896/122987470_zpid/)

Notably, the Florida home was initially placed on the market on September 14, 2022 for $975,000 and was sold eight (8) months letter for only $760,000.

---

[2] There are no counterclaims against Plaintiff.

Defendants have moved to Texas (as their counsel represented to Judge Cho when the parties were scheduling a settlement conference), a state that is known to be protective of judgment debtors through its homestead exception. Notably, a primary focus of Defendants' counsel's practice relates to debt collection. See https://wslaw.nyc/practice-areas/judgment-and-fee-collection/.

Defendants are now in the process of selling that New York residence, 148 Clay Pit Road, Staten Island, NY 10309 (see https://www.zillow.com/homedetails/148-Clay-Pit-Rd-Staten-Island-NY-10309/32373563_zpid/), which may already be in contract.[3]

Courts have inferred fraud where, as here, a defendant sells property shortly after the commencement of litigation. See Prabir v. Bukhara Indian Cuisine, Inc., 2018 U.S. Dist. LEXIS 94563 (S.D.N.Y. May 17, 2018) (defendants putting the restaurant up for sale just one month after the commencement of plaintiffs' lawsuit supports inference of fraudulent intent); see also Coley v. Vannguard Urban Improvement Ass'n, 2016 U.S. Dist. LEXIS 172378 at *9 (E.D.N.Y. Dec. 13, 2016) (defendant's sale of property three weeks after being served supports inference of fraudulent intent); DLJ Mortg. Capital, Inc. v. Kontogiannis, 594 F. Supp. 2d 308, 325 (E.D.N.Y. 2009) (defendants' sale of properties within three months of plaintiff's filing suit supports inference of fraudulent intent); N.Y. Dist. Council of Carpenters Pension Fund v. KW Constr., Inc., 2008 U.S. Dist. LEXIS 40517, *7 (S.D.N.Y. May 14, 2008) (inference of fraudulent intent shown where defendants offered a property for sale "shortly before or after the commencement of [the] action"); Halse v Hussain, 2021 NY Slip Op 02032 (3d Dep't April 1, 2021) ("The foregoing proof, particularly given that defendants placed the parcels at issue on the market when they knew or should have known that litigation relating to the limousine accident was looming, readily permitted the inference that their actions were intended to frustrate enforcement of a potential money judgment against them"). Courts have also found fraudulent intent based on the sale of property while a plaintiff's motion for a preliminary injunction was pending. See Coley v. Vannguard Urban Improvement Ass'n, 2016 U.S. Dist. LEXIS 172378 (E.D.N.Y. Dec. 13, 2016) (citing JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., 306 F. Supp. 2d 482 (S.D.N.Y. 2004); Citibank, N.A. v. Bombshell Taxi LLC (In re Hypnotic Taxi LLC), 543 B.R. 365 (Bankr. E.D.N.Y. 2016) (listing badges of fraud to include, *inter alia*, the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and the general chronology of the events and transactions under inquiry).

Plaintiff will be irreparably harmed if the proceeds of their Staten Island property are not held in escrow because it would impede Plaintiff's ability to collect on the imminent judgment for attorneys' fees and costs that will soon be entered. A judgment will be entered; the only question is the amount of the judgment that will be awarded by the Court.

Accordingly, Plaintiff seeks an order requiring that all proceeds from the sale of the Staten Island home be held in escrow pending entry of a judgment for attorneys' fees and costs.

---

[3] Defendants are also in the process of selling 9 Woods End, Lake Harmony, PA 18624. See https://www.zillow.com/homedetails/9-Woods-End-Lake-Harmony-PA-18624/93560323_zpid/

3

Plaintiff thanks this honorable Court for its time and attention to this case.

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

*__/s/ Jamie S. Felsen, Esq.__*

4