# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

February 7, 2024

**VIA ECF**
Hon. James R. Cho, U.S.M.J.
United States District Court Eastern District of New York
225 Cadman Plaza East, Courtroom 11D
Brooklyn, NY 11201-1804

    *Re:*    **IME WatchDog, Inc. v. Gelardi,** *et al.*
            **Case No.: 1:22-cv-1032 (PKC) (JRC)**
            **MLLG File No.: 25-2022**

Dear Judge Cho:

      This office represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case. Pursuant to the Court's January 24, 2024 Order, the parties submit this joint letter advising the Court whether they would like to participate in a follow-up settlement conference.

**Plaintiff's Position**

      At the last settlement conference on January 24, 2024, Defendants agreed to provide Plaintiff with financial records supporting their position that they do not have sufficient assets to make a meaningful payment to resolve this matter. The following day, Plaintiff sent Defendants a list of financial documents for Defendants to produce prior to a subsequent settlement conference.

      On January 30, 2024, Defendants informed Plaintiff that they would not produce any of the requested financial records unless Plaintiff withdraws its pending motion (ECF Doc. No. 270) seeking an order requiring that all proceeds from the sale of the Gelardis' Staten Island home be held in escrow by the Court pending entry of a judgment for attorneys' fees and costs.

      Plaintiff will not agree to withdraw the motion as doing so would result in Defendants selling their Staten Island home and absconding with the proceeds as they have apparently done with the other investment properties they have sold, all of which were purchased with the monies they earned through the misappropriation of Plaintiff's trade secrets. Defendants have not produced the requested financial records. Accordingly, it would be a waste of judicial resources to schedule another settlement conference at this time.

**Defendants' Position**

      Defendants would gladly participate in a settlement conference since progress was made at our last settlement conference, but are no longer inclined to provide plaintiff with the equivalent of post-judgment discovery in view of plaintiff's most recent (and dishonest) motion for an order of attachment against all of the sale proceeds of the defendants' Staten Island

home.  Indeed, plaintiff is not seeking financial documents from defendants simply to verify that they lack the money needed to make a substantial settlement payment, but to try and find some support for its baseless motion for an order of attachment which would prohibit the closing of the sale of defendants' home in an arm's-length transaction.

Plaintiff's latest motion for an order of attachment (its prior two motions were denied) was made without regard for the fact that defendants' Staten Island home is jointly-owned by defendants as "husband and wife" rather than solely by defendant Safa Gelardi (the only defendant found in contempt although plaintiff's motion is based upon its claim that an attachment order is needed to secure a contempt judgment to be entered against both Vito and Safa Gelardi) and without regard for the large outstanding mortgage encumbering the home which must be satisfied at the closing, the various closing costs which must be paid, and the homestead exemption of New York's Civil Practice Law and Rules.

              Respectfully submitted,

              */s/ Jamie S. Felsen, Esq.*