**WARNER & SCHEUERMAN**
Attorneys at Law
6 West 18th Street, 10th Floor
New York, New York 10011
Tel: (212) 924-7111
Fax: (212) 924-6111

**Jonathon D. Warner, Esq.**
jdwarner@wslaw.nyc

**Karl E. Scheuerman, Esq.**
kescheuerman@wslaw.nyc          February 7, 2024

<u>VIA ECF</u>

Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:   *IME Watchdog, Inc. v. Gelardi, et al.*
        Case No.: 1:22-cv-1032 (PKC)(JRC)

Dear Judge Chen:

Plaintiff's <u>second</u> motion for an order of attachment pursuant to C.P.L.R. § 6201(3) against the "Staten Island home" of defendants Vito Gelardi ("Vito") and Safa Gelardi ("Safa") should be denied for several numerous reasons. Vito and Safa will sometimes be referred to as "defendants."

*First*, plaintiff's last motion for an order of attachment was denied at the May 4, 2023 contempt hearing "because Plaintiff had not submitted any evidence showing either (1) Defendant's intent to defraud in the sales of their properties; or (2) the purported damages amount." (ECF 231, pg.4). Plaintiff's post-hearing submissions did not change this Court's mind. (Id.). While plaintiff believes that its anticipated contempt judgment for attorneys' fees against "Defendants" has cured its prior failure to submit any evidence showing its purported damages, plaintiff has yet again failed to submit any evidence demonstrating defendants' "intent to defraud in the sales of their properties." This Court's prior finding that plaintiff failed to demonstrate any "intent to defraud in the sales of their properties" bars plaintiff's latest request for an order of attachment.

The "law-of-the-case" doctrine stands for the proposition that "a decision regarding an issue of law made at one stage of a litigation becomes binding precedent, to be followed in subsequent stages of the same litigation." <u>Firestone v. Berrios</u>, 42 F.Supp.3d 403,411 (E.D.N.Y. 2013)(quotations omitted). "The doctrine has its roots in the jurisprudential desire to maintain consistency and avoid reconsideration of matters once decided during the course of a single lawsuit." Id. However, the doctrine does not apply where there has been an "intervening change

of facts (based on the discovery of new evidence) or of controlling law...." Calabrese v. CSC Holdings, Inc., 2009 WL 425879,*7 (E.D.N.Y. Feb. 19, 2009)(citations omitted).

Here, the relevant facts have not changed as evidenced by plaintiff's failure to submit any new evidence supporting its allegation of fraud with respect to the sale of their Staten Island home. Indeed, plaintiff's motion is comprised of a hearsay letter brief which is bereft of any new allegations of fraud and is unaccompanied by any evidence of fraud. The only new "fact" introduced by plaintiff is this Court's preliminary finding of contempt (by Safa) pending proof of plaintiff's alleged contempt damages. No new evidence of any allegedly fraudulent conduct has been submitted. Nor has there been any intervening change in the law. Plaintiff's second motion seeking an order of attachment against the "Staten Island home" should be denied pursuant to the doctrine of the law of the case.

*Second*, plaintiff has failed to support its motion with an affidavit as mandated by New York's Civil Practice Law and Rules. C.P.L.R. § 6212 states: "On a motion for an order of attachment,... the plaintiff shall show, **by affidavit** and such other written evidence as may be submitted, that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." (Emphasis added). Plaintiff has failed to submit an affidavit or any other admissible evidence purporting to show that one or more grounds for attachment exist. Plaintiff's counsel's hearsay letter brief is insufficient to meet the requirements of C.P.L.R. § 6212.

*Third*, and assuming that this Court entertains plaintiff's facially defective motion and determines that the law of the case doctrine is inapplicable, plaintiff's motion stands like a house of cards on plaintiff's allegation that this Court's preliminary finding of contempt was against both "Defendants." Indeed, plaintiff argues that it has proven its damages for the purposes of an order of an attachment because "this Court has already indicated that a judgment will be entered in Plaintiff's favor for attorneys' fees and costs related to Defendants' contempt" and repeatedly refers to the alleged contempt as "Defendants' contempt."

The truth, however, is that this Court did **not** find that "Defendants" had committed contempt. This Court's preliminary finding of contempt was against Safa, only. (ECF 254). This Court held: "Applying this standard, the Court is prepared to find Safa Gelardi in contempt of the Amended Injunction, upon a showing of compensatory damages incurred by Plaintiff...." (ECF 254, pg. 26). This Court held: "Thus, the Court is prepared to hold Safa in civil contempt for violating the Court's March 2023 TRO." (ECF 254, pg. 32). This Court issued no preliminary finding of contempt against Vito as plaintiff's counsel knows from defendants' opposition to plaintiff's "fee application" which likewise attempted to bootstrap Vito. (ECF 267). Plaintiff's repeated misrepresentations to this Court concerning the identity of the parties it found to have engaged in contemptuous conduct should not be countenanced.

There is a method to plaintiff's dishonesty. Where, as here, there is more than one defendant, a plaintiff must establish a basis for attachment as to each defendant against whom attachment is sought. See Ford Motor Credit Co. v. Hickey Ford Sales, Inc., 62 N.Y.2d 291 (1984); AMF Inc. v. Algo Distribs., Ltd., 48 A.D.2d 352 (2nd Dept. 1975). It is without dispute that plaintiff has failed to establish a basis for attachment as against Vito where this Court's preliminary finding of contempt was against only Safa.

That plaintiff's application for an order of attachment against the Staten Island home should be denied due to plaintiff's failure to establish any basis for attachment as to Vito is further underscored by the fact that the Staten Island home is jointly-owned by Vito and Safa as "husband and wife." A copy of the deed is annexed as Exhibit "A." It is bedrock law that a judgment against one joint tenant of real property is only enforceable against that joint tenant's interest in the property, meaning that plaintiff could only have a right to attach Safa's interest in the Staten Island home which is subject to Vito's right of survivorship as joint tenant. See BNY Financial Corp. v. Moran, 154 Misc.2d 435 (Sup.Ct., N.Y.Cty. April 10, 1992); Ptaszynski v Flack, 263 A.D. 831 (2nd Dept. 1941); Finnegan v. Humes, 163 Misc. 840, 298 N.Y.Supp. 50, *mod.*, 252 A.D. 385, *aff'd.*, 277 N.Y. 682 (1938). Plaintiff has failed to make any showing concerning the value of Safa's interest in the Staten Island home as a joint tenant, let alone that such interest is subject to an order of attachment under either New York law or the facts at bar. Plaintiff has instead engaged in simplistic overreaching, by requesting an order of attachment against the entire home, without regard to Vito's rights as a joint tenant.

To further complicate matters, plaintiff's overly-broad request for an order of attachment against "all proceeds from the sale" of the jointly-owned Staten Island home ignores that the home is encumbered by a mortgage, meaning that the requested order of attachment would bar Vito and Safa from closing on the sale since they could not use the sale proceeds to satisfy their outstanding mortgage and all other liens and charges which must be paid at the closing, including real estate taxes, transfer taxes, water and sewer charges, title charges, attorneys' fees, and broker's fee. Plaintiff has wilfully neglected to inform the Court that the Staten Island home is encumbered by a $765,000 mortgage dated December 28, 2020 (the "Mortgage"). A copy of the Mortgage is annexed as Exhibit "B." It defies credulity for plaintiff to maintain that it is entitled to attach "all proceeds from the sale" of a jointly-owned home encumbered by a substantial mortgage which must be satisfied at the closing simply because this Court might enter a judgment for contempt damages against one of the two joint tenants.

Not only has plaintiff ignored that the Staten Island home is jointly-owned by Safa and Vito (who was not found in contempt) and encumbered by a $765,000 mortgage which must be satisfied at the closing, but plaintiff has also ignored the $150,000 homestead exemption of C.P.L.R. § 5206. The very most which plaintiff could ever attach under these circumstances is **one-half** of the **net** proceeds of the sale of the Staten Island home (after the satisfaction of the Mortgage and the payment of all closing costs), after the reduction of the homestead exemption in the amount of $150,000.00. But plaintiff has overreached and requested the attachment of "all proceeds from the sale," without regard for: (a) the outstanding Mortgage and other liens and

expenses which must be paid at the closing; (b) Vito's ownership interest in the home as a joint tenant; and (c) the $150,000 homestead exemption. Enough is enough. Plaintiff's motion should be denied, *in toto*.

*Fourth*, plaintiff's latest motion for an order of attachment suffers from the same infirmities as its prior two attachment motions which were denied. It is well-settled that attachment is a "harsh remedy" and that the attachment statutes must be strictly construed in favor of those against whom attachment is sought. See, e.g., DLJ Mortg. Capital, Inc. v. Kontogiannis, 594 F.Supp.2d 308 (E.D.N.Y. 2009). Plaintiff has not submitted the affidavit required by C.P.L.R. § 6212(a). Nor has plaintiff shown that the grounds for attachment under C.P.L.R. § 6201(a)(3) exist. Plaintiff has yet again requested an order of attachment merely because Safa and Vito have listed real property for sale. More is required by New York's attachment statutes. Plaintiff was required to prove that defendants: (1) "ha[ve] assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts"; and (2) did so "with intent to defraud... [plaintiff] or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor." See C.P.L.R. § 6201(3).

In addition to the express statutory requirements for an attachment, plaintiff was required to demonstrate some identifiable necessity for the attachment, such as the "identifiable risk" that defendants "will not be able to satisfy the judgment" which plaintiff might obtain against Safa on its contempt application. See VisionChina Media Shareholder Representative Servs.,LLC, 109 A.D.3d 49,60 (1st Dept. 2013). The risk must be real, whether it is defendants' financial position or past and present conduct, and the Court may consider Safa's history of paying creditors or Safa's stated or indicated intent to dispose of assets. Id..

Plaintiff has fallen far short of meeting the statutory requirements for an order of attachment and has not even acknowledged that it was required to demonstrate an identifiable risk that any contempt judgment in its favor will not be satisfied. Plaintiff has demanded the drastic remedy of an order of attachment on the Staten Island home, simply because defendants are attempting to sell it at market value in an arm's-length transaction. Both Safa and Vito have previously advised this Court that they are selling properties not to defraud creditors, but to raise money needed to defend this litigation and to make up for the loss of income caused by the amended preliminary injunction which put them out of business. (ECF 202). No proof whatsoever has been submitted contradicting defendants' sworn statements or suggesting anything untoward in connection with defendants' proposed sale of their Staten Island home. Plaintiff has not shown the inadequacy of the consideration. Plaintiff has not shown a close relationship between defendants and the purchaser. Plaintiff has not shown that defendants will be rendered insolvent by the sale. Plaintiff has not shown that the proposed sale is being conducted in secret.

It is axiomatic that the mere disposition of property is insufficient to establish fraud for attachment purposes. See, e.g., Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp., 54 F.Supp.3d 287 (E.D.N.Y. 2014)(the mere removal or other disposition of property by a

debtor is not a sufficient grounds for an attachment); Serenity Alpha, LLC v. Northway Mining, LLC, 531 F.Supp.3d 512 (N.D.N.Y. 2021)(the mere disposition of property is not sufficient ground for prejudgment attachment because fraudulent intent must be proven, not simply alleged or inferred, and facts relied upon to prove the fraud must be fully set forth in moving affidavits).

      In conclusion, plaintiff's latest request for an order of attachment should be denied in its entirety.  Plaintiff has requested an overly-broad order of attachment which would block the sale of the defendants' jointly-owned home, without making any effort to establish a basis for attachment against both owners, and without regard for the $765,000 Mortgage encumbering the home, the closing costs which must be paid, and the $150,000 homestead exemption.  Plaintiff has simply dusted off and repeated the same flimsy allegations of fraud which this Court deemed inadequate when it denied plaintiff's last motion for an order of attachment, while misrepresenting the nature of this Court's preliminary finding of contempt to justify its frivolous request for an order of attachment against Vito.  Plaintiff's motion should be denied.

                                           Respectfully yours,

                                           */s/ Jonathon D. Warner*

JDW/ks
Encs.

cc:     All counsel (via ECF)