UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
IME WATCHDOG, INC.,

                Plaintiff,

    -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,

                Defendants.
----------------------------------------------------------------X

Case No.: 1:22-cv-1032 (PKC)(JRC)

**DECLARATION OF**
**VITO GELARDI**

VITO GELARDI, hereby declares and verifies the truth of the following, under penalty of perjury under the laws of the United States of America, pursuant to Title 28, United States Code, Section 1746:

1. I am a defendant in the above-captioned matter and the Chief Financial Officer of defendant IME Companions LLC ("IME Companions"), and I am fully familiar with the facts set forth herein. I make this declaration in opposition to the motion of plaintiff IME Watchdog, Inc., for emergency relief related to the March 13, 2024 evidentiary hearing on plaintiff's motion for an order of attachment.

2. Plaintiff's allegation that Safa Gelardi ("Safa") and I hastily sold our Staten Island home the day after this Court ordered Safa to identify all real property she owns and/or has owned since February 1, 2022, is false. The truth is that we went into contract to sell our Staten Island home several weeks before February 22, 2024, after having tried to sell it for almost a year. Plaintiff knows full well how long our Staten Island home has been for sale by virtue of its review

of our home on Zillow. But plaintiff has chosen to ignore this crucial fact because it undermines its allegations.

3. The Contract of Sale for the Staten Island Home was electronically signed by the purchaser on February 2, 2024; electronically signed by Safa on February 3, 2024; and electronically signed by me on February 6, 2024. A copy of the Contract of Sale is annexed as Exhibit "3" my attorney's letter brief.

4. The Contract of Sale was preceded by a written binder which had been electronically signed by the purchaser on January 24, 2024, and electronically signed by me on January 26, 2024. A copy of the Binder is annexed as Exhibit "2" to my attorney's letter brief.

5. Our listing agent is James Barry of Nest Seekers, LLC. The Broker's Agreement was electronically signed by James Barry on June 3, 2023, and by me on June 5, 2023. A copy of the Broker's Agreement is annexed as Exhibit "1" to my attorney's letter brief.

6. Safa and I are not attempting to quickly sell the house below market value as plaintiff alleges without proof. To the contrary, we have been attempting to sell since early Spring of 2023 (as plaintiff knows but neglected to inform the Court) and have always wanted to get as much as possible for the home since it is encumbered by a large mortgage. The outstanding mortgage amount is approximately $730,000. The mortgage must be satisfied at the closing, and there are numerous closing costs and fees which must be paid as well. Plaintiff's fact-free motion ignores these simple facts.

7. Our Staten Island home had previously been listed for sale by ReMax in or about the early Spring of 2023. Zillow indicates that the Staten Island home has been listed for sale since April 11, 2023, although I actually thought it was earlier. We switched from ReMax to Nest

Seekers, after James Barry left ReMax to work with Nest Seekers. During this entire period of time, I only recall the broker informing us of two offers. The first offer fell through before we went to contract. The second offer was accepted, and we are currently in contract as discussed above.

8. The purchaser was procured by our listing agent. Neither Safa nor I knew the purchaser before we entered into the Contract of Sale. He is a complete stranger. The Contract of Sale is the product of an arm's-length transaction.

9. Safa and I reluctantly decided to sell our Staten Island home because we were forced out of business by the Court and thus thought that it would be best for us to relocate and to try to start a new life together. The sale of our Staten Island home is part of our continuing effort to relocate and to start fresh elsewhere, where we can operate a business without being harassed by plaintiff.

10. We are selling the Staten Island home because we cannot afford to keep it. There is no fraudulent intent. Nor has plaintiff provided any evidence of any fraudulent intent. The current monthly carrying costs for the Staten Island home are at least $5,200, which is more than Safa and I can afford. The Staten Island home has become a financial burden, and we are selling it to get ourselves out from under this burden, and we have always desired to get the highest price possible. I believe that we did, in view of current market conditions and interest rates. Plaintiff has not submitted any expert opinion to the contrary.

11. Plaintiff's allegations about IME Legal Reps' alleged use of IME Companions' phone number are false and unsupported by any evidence. This Court has already found that IME Legal Reps is a separate and distinct entity unrelated to IME Companions, and that

it is owned and operated by Eugene Liddie rather than by Safa and me. Nothing has changed since this Court made this correct finding.

12. Nor is there any basis for a forensic examination of IME Advocate Company LLC's phone number and email address. This Court has not prohibited us from to start a new business in Texas, and we are not doing anything wrong by endeavoring to do so. Plaintiff is simply harassing us, even after we have closed down in New York.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 27, 2024.

_____
Vito Gelardi