# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

February 28, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

      *Re:*    **IME WatchDog, Inc. v. Gelardi**, *et al.*
              **Case No.: 1:22-cv-1032 (PKC) (JRC)**
              <u>**MLLG File No.: 25-2022**</u>

Dear Judge Chen:

      This office represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case. Plaintiff submits this reply letter in further support of its motion for a temporary restraining Order given the urgency of the motion now that there is a March 1, 2024 closing date on the Staten Island property, which is *this Friday*. A few points are warranted.

      First, Defendants' reliance on New York Civil Practice Law & Rules ("CPLR") § 5206 is unavailing as the statute applies to property owned and occupied as a principal residence.[1] Defendant Safa Gelardi's ("Safa") principal residence is not the Staten Island home that she is in the process of selling; her principal residence is in Texas. <u>See</u> ECF Docket Entry [257](#) ("Safa and Vito Gelardi ("Vito") have relocated to Texas, where their children are enrolled in school").[2] If the Court is inclined to permit the sale to proceed on March 1, 2024 (which Plaintiff submits this Court should not permit), then at a minimum, all proceeds from the sale should be placed in escrow with the Court or with Plaintiff's counsel and Defendants should be required to provide an accounting of all funds disbursed at closing.

      Second, and critically, Safa does not dispute that, under CPLR § 6201(1), the Court may enter an order of attachment where the defendant is a nondomiciliary residing without the state, such as Safa. Here, Safa is such a nondomiciliary as she resides in Texas, and she therefore falls squarely within the ambit of the statute. In opposing the relief requested, Safa merely argues that Plaintiff did seek relief under CPLR § 6201(1) earlier, but she fails to cite to any legal authority

---

[1] CPLR § 5206 states, in relevant part, "[p]roperty of one of the following types, not exceeding one hundred fifty thousand dollars for the counties of … Richmond … in value above liens and encumbrances, <u>owned and occupied as a principal residence</u>, is exempt from application to the satisfaction of a money judgment …" CPLR § 5206 (emphasis added).

[2] In addition, public records provide that Vito has declared Texas his homestead. <u>See</u> copy of Designation of Homestead annexed hereto as Exhibit "A."

that Plaintiff is forever barred from seeking relief under CPLR § 6201(1) – this is because no such authority exists.  Notably, CPLR § 6201(1), unlike CPLR § 6201(3), does not require a showing of intent to defraud creditors or frustrate the enforcement of a judgment, and this Court has authority under CPLR § 6201(1) to enter an order of attachment based solely on the fact that Safa is a nondomiciliary residing without the state.

      Third, Safa listed the home for $1,275,000 but purportedly is selling it for only $975,000 to avoid the "Mansion Tax" that kicks in at $1,000,000.  Notably, Vito's declaration fails to identify the sale price of the house.  Plaintiff respectfully submits that this is likely because part of the sale may involve the exchange of cash to avoid the "Mansion Tax."

      For the foregoing reasons, and those cited in Plaintiff's moving papers, this Court should enjoin the sale of the Staten Island property pending the evidentiary hearing or, in the alternative, direct that all proceeds of the sale be held in escrow with an accounting of all disbursements.

      Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Jamie S. Felsen, Esq.

**SAGE LEGAL LLC**

/s/ Emanuel Kataev, Esq.

cc: All Counsel of Record