# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

March 6, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

> *Re:*   **IME WatchDog, Inc. v. Gelardi,** *et al.*
> **Case No.: 1:22-cv-1032 (PKC) (JRC)**
> <u>**MLLG File No.: 25-2022**</u>

Dear Judge Chen:

This office, along with Sage Legal LLC, represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case.

We write, in disbelief, in opposition to Defendants' request that Defendants' counsel be permitted to contact The Gucciardo Law Firm PLLC ("Gucciardo") for the purpose of determining if they were a customer of Plaintiff on April 20, 2023 when IME Companion admittedly served Gucciardo in violation of the injunction. Defendants' request must be denied and it is apparent from Defendants' response (and from the additional evidence submitted herewith which was just discovered today) that there are a multitude of violations of this Court's Order because Defendants erroneously (and shockingly) believe they are permitted to communicate with and serve customers on the Enjoined Customer List if said customers are "no longer" customers of Plaintiff.

In fact, and as set forth in Plaintiff's motion (ECF Doc. No. 288), following a hearing on March 27, 2023, this Court expanded its previously ordered preliminary injunction to preclude Defendants from serving any customers who were <u>former</u> customers of Plaintiff. <u>See</u> Text Only Order dated March 27, 2023. That Order states, in relevant part:

> For the reasons stated on the record, the Court expands its previously ordered preliminary injunction to **preclude Defendants from providing services to any customers who were <u>former</u> customers of Plaintiff IME Watchdog and listed on Plaintiffs 2016 customer list**. Plaintiff will electronically file a submission identifying these customers and proposing a notice letter on or before 4/3/2023.

<u>See</u> Text Only Order dated March 27, 2023 (emphasis added).

The Court could not have been any clearer in its Order.  It is preposterous that Defendants believe that they have been permitted to serve customers on the Enjoined Customer List if Plaintiff is no longer serving them.  There is absolutely no basis for which Defendants would need to communicate with Gucciardo regarding whether they were a customer of Plaintiff when Defendants violated the Court Order.  Their request, therefore, must be denied.

It is no surprise, given Defendants' erroneous belief concerning the Court's Order, that there are many other instances wherein they have violated this Court's Orders.  Indeed, this morning after Plaintiff filed its motion, Plaintiff uncovered an additional violation.  On April 19, 2023, Tomasz Olfans, a plaintiff in a personal injury case, in which he is represented by Subin Associates LLP, a firm on the Enjoined Customer List,[1] attended an independent medical examination ("IME") with Dr. Ronald D. Snyder, at which he was accompanied by "Mark", an employee of Defendant IME Companions.  **(Annexed hereto as Exhibit A is a copy of docket entry no. 26 in the action pending in the New York State Supreme Court, Westchester County, entitled Olfans v. Calderon, index no. 59291/2022 filed on May 31, 2023**.  Notably, the May 2, 2023 IME report from Dr. Snyder states he performed an IME on Mr. Olfans on April 19, 2023 – after the Court's Orders were issued – and further states "he was accompanied by Mark, (IME Companion)"  Id.[2]

Plaintiffs have also obtained an invoice issued by IME Companions to Subin & Associates establishing thirty-seven (37) separate and distinct violations of this Court's Order – and that was just in April 2023 for one customer on the Enjoined Customer List!  **(Annexed hereto as Exhibit B is a copy of an invoice issued by IME Companions to Subin Associates LLP for services provided in April 2023).**

Given Defendants' concession that they have been violating this Court's Orders and the evidence submitted on this motion, in addition to the relief demanded by Plaintiff in ECF Doc. No. 288, prior to the March 13, 2023 hearing, Defendants should be directed to produce to Plaintiff all invoices issued to customers since March 10, 2023 – the date when this Court issued the Temporary Restraining Order in this case.

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
/s/ Jamie S. Felsen, Esq.

**SAGE LEGAL LLC**
/s/ Emanuel Kataev, Esq.

cc: All Counsel of Record (via ECF)

---

[1] See ECF Docket Entry 180-7, filed under seal.

[2] Upon information and belief, "Mark" is Mark Purificati, an employee of IME Companion.