**WARNER & SCHEUERMAN**
Attorneys at Law
6 West 18th Street, 10th Floor
New York, New York 10011
Tel: (212) 924-7111
Fax: (212) 924-6111

**Jonathon D. Warner, Esq.**
jdwarner@wslaw.nyc

**Karl E. Scheuerman, Esq.**
kescheuerman@wslaw.nyc                                                   March 6, 2024

**VIA ECF**

Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:   *IME Watchdog, Inc. v. Gelardi, et al.*
      Case No.: 1:22-cv-1032 (PKC)(JRC)

Dear Judge Chen:

      We represent defendants Safa Gelardi, Vito Gelardi and IME Companions LLC (collectively, "Defendants") and write in reply to plaintiff's attorneys' letter (Dkt. 290) opposing my request (Dkt. 289) to contact The Gucciardo Law Firm PLLC ("Gucciardo") in connection with the allegations of contempt set forth in plaintiff's letter motion dated March 6, 2024 (Dkt. 288).

      Notwithstanding plaintiff's irrelevant and misleading allegations in response to our simple request to contact Gucciardo concerning plaintiff's contempt allegations, the bottom line is that I have requested permission to communicate with Gucciardo because: (a) I have no personal knowledge whether Gucciardo is a current client of plaintiff's which I am prohibited from contacting under this Court's Second Amended Preliminary Injunction; and (b) I need to communicate with Gucciardo to investigate the allegations raised in plaintiff's latest contempt application. I did not make any admissions of wrongdoing in my letter request as suggested by plaintiffs' counsel. Nor did I misrepresent or ignore the language of any Court Order.

      Incredibly, plaintiff's opposing letter sheds no light on the issue at hand where plaintiff has failed to state whether or not Gucciardo is in one of plaintiff's current clients which I am prohibited from contacting. I made my request to this Court out of respect for its injunction and to err on the side of compliance, and not to engage in another petty squabble with plaintiff's counsel. Plaintiff has provided no information concerning Gucciardo's status as a client, and no basis for prohibiting me from effectively representing my clients by communicating with crucial witnesses. I should not be prohibited from communicating with crucial witnesses regarding

clearly relevant matters pertaining to plaintiff's contempt application where such a prohibition would handcuff me in performing my ethical duties to my clients. The matters which I seek to discuss with Gucciardo are privileged, of course.

Not only has plaintiff failed to state whether Gucciardo is a current client, but its attempt to revisit its previously rejected allegations of contempt with regard to Defendants' alleged servicing of Subin Associates LLP ("Subin") should not be countenanced. While plaintiff's attorneys states in their letter that "this morning after Plaintiff filed its motion, Plaintiff uncovered an additional violation" with respect to Defendants' alleged servicing of Subin in April 2023, the truth is that plaintiff brought these allegations to the Court's attention on its last contempt application, which was denied on July 13, 2023. (Dkt. 231). Plaintiff included with its post-hearing submissions a supplemental declaration from Carlos Roa (Dkt. 220) which contained all of these same allegations regarding Subin and which annexed as Exhibit "C" the very same alleged Subin invoices from April 2023 which plaintiff's attorneys have annexed to their letter today. Defendants' response to Roa's supplemental declaration and evidence pertaining to Subin included an email exchange between Safa and Arnie Baum, Esq., wherein Safa advised Subin on March 30, 2023, that her company was precluded by Court Order from servicing Subin, and Subin acknowledged same in response while stating that it had stopped using plaintiff "because serious issues arose." (Dkt. 225). This Court's Order denying plaintiff's contempt application expressly found plaintiff's post-hearing submissions "unpersuasive." (Dkt. 231).

As such, plaintiff's attorneys did not just learn this morning that Defendants had allegedly serviced Subin in April 2023. Rather, plaintiff's attorneys learned of this alleged "fact" last Spring when they last submitted the alleged Subin invoices to the Court in connection with plaintiff's last contempt application, which was denied.

For the foregoing reasons, Defendants respectfully request that my firm and I be permitted to communicate with Gucciardo, which may or may not be a current client of plaintiff's that I am enjoined from contacting, and reject plaintiff's request for all invoices submitted since March 10, 2023, where such request stands like a house of cards on allegations of wrongdoing which were previously rejected by this Court. (Dkt. 231).

Respectfully,

*/s/ Jonathon D. Warner*

JDW/ks

cc:     All counsel (via ECF)