**WARNER & SCHEUERMAN**
Attorneys at Law
6 West 18th Street, 10th Floor
New York, New York 10011
Tel: (212) 924-7111
Fax: (212) 924-6111

**Jonathon D. Warner, Esq.**
jdwarner@wslaw.nyc

**Karl E. Scheuerman, Esq.**
kescheuerman@wslaw.nyc                                          March 7, 2024

**VIA ECF**

Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:   *IME Watchdog, Inc. v. Gelardi, et al.*
      Case No.: 1:22-cv-1032 (PKC)(JRC)

Dear Judge Chen:

    We represent defendants Safa Gelardi ("Safa"), Vito Gelardi ("Vito") and IME Companions LLC (collectively, "Defendants") in the above-referenced case. Defendants respectfully submit this letter motion[1] in support of their request for an Order, pursuant to Federal Rule 43(a), permitting Vito and Safa to testify remotely by video conference at the March 13th hearing (the "Hearing").

    As this Court knows, Vito and Safa have moved to Texas with their children. This fact is undisputed. Vito has been identified as a witnesses at the Hearing by Defendants. Safa has been identified as a witness at the Hearing by plaintiff. Traveling on short notice from Texas to New York for the Hearing will be unduly expensive and onerous for Vito and Safa who are experiencing financial difficulties (which is also undisputed), and would leave their children unattended in Texas. In view of modern technology and its use in the Courts during the COVID-19 pandemic, there is simply no reason why Vito and Safa should be required to attend the Hearing in New York in person to offer their testimony, where their testimony can be provided in accordance with Fed. R. Civ. P. Rule 43(a) via contemporaneous video testimony. See, e.g., Argonaut Ins. Co. v. Manetta Enterprises, Inc., 2020 WL 3104033 (E.D.N.Y. 2020)(Chen,J.)

---

[1] Defendants respectfully request leave of this Court to make the instant request as a letter motion rather than a formal motion in accordance with Rule 1 of the Federal Rules of Civil Procedure, which requires that the Federal Rules be construed, administered, and employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

      Federal Rule 43(a) provides that: "The court may, for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location."  According to the Second Circuit, Rule 43(a) gives a judge "discretion to allow live testimony by video for good cause in compelling circumstances and with appropriate safeguards."  Rodriguez v. Gusman, 974 F.3d 108, 114 (2nd Cir. 2020).

      Good cause has been found to exist where the witness resides in a distant location.  See Beltran-Tirado v. INS, 213 F. 3d 1179, 1185-86 (9th Cir. 2000)(witness resided in Missouri and hearing was held in San Diego, California); Federal Trade Comn. v. Swedish Match North America, Inc., 197 F.R.D. 1 (D.D.C. 2000)(witness resided in Oklahoma and hearing was held in Washington, D.C.); Fischer v. United States, 2022 WL 2287922 (E.D.Mich. 2022)(witness resided in Texas and the hearing was held in Michigan).

      Defendants respectfully submit that good cause exists for permitting Vito and Safa to testify remotely by video conference at the Hearing.  There will be no concern regarding appropriate safeguards where their testimony will made virtually in open court, under oath, and cross-examination will be available.  The Hearing will be the equivalent of a bench trial, with no jury present, which ameliorates any claim of prejudice.  This Court is fully experienced with hearing virtual testimony due to the recent COVID-19 restrictions which required the Court to conduct virtual trials, and counsel is well versed in conducting virtual depositions.

      We respectfully submit that there is no reason to force Vito and Safa to abandon their children and to incur the cost of traveling from New York to Texas where their testimony can be readily secured by means which are equivalent to their presence in court and which have become commonplace in the age of COVID-19.  Where the requirements of Rule 43(a) would be satisfied by permitting Vito and Safa to testify remotely by video conference, the Court is respectfully requested to permit these two witnesses to testify at the Hearing virtually from Texas.

      Respectfully,

      */s/ Jonathon D. Warner*

JDW/ks

cc:    All counsel (via ECF)