# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● mail@emanuelkataev.com**

March 8, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

      *Re*:    **IME WatchDog, Inc. v. Gelardi**, *et al.*
              **Case No.: 1:22-cv-1032 (PKC) (JRC)**

Dear Judge Chen:

      This firm, together with Milman Labuda Law Group PLLC, represents Plaintiff IME WatchDog, Inc. (the "Plaintiff") in the above-referenced case. Plaintiff writes to respectfully oppose Defendants' belated motion for an Order permitting Defendants Safa Abdulrahman Gelardi ("Safa") and Vito Gelardi ("Vito") (Safa and Vito collectively hereinafter the "Defendants") to appear for the March 13, 2024 hearing remotely. For the reasons set forth below, Defendants' eleventh-hour motion must be denied.

      *First*, this Court entered a scheduling Order on February 23, 2024 scheduling the above-referenced hearing with an explicit direction to Plaintiff and Safa to appear in Courtroom 4F North. This Order and its attendant direction was made with the knowledge that Safa and Vito have moved to Texas. Safa and Vito thus engaged in undue delay in making the instant request despite the February 23, 2024 Order.

      *Second*, there is no burden in requiring the Defendants to appear in person as directed. Round-trip airfare costs $600.00 per person assuming the Defendants fly in the morning of and return in the evening. <u>See</u> copies of airfnoare pricing annexed hereto as Exhibits "A" and "B." Moreover, as was made evident on April 4, 2022, Defendants have an extended family whom they could rely on to care for their children for this minimal one (1) day hearing.

      *Third*, this Court previously denied a motion to appear remotely in favor of live testimony. <u>See</u> ECF Docket Entry 18; <u>see also</u> Text Only Order dated March 8, 2022. Indeed, "[t]he Federal Rules of Civil Procedure emphasize the 'importance of live testimony in open court,' <u>see</u> Fed. R. Civ. P. 32(a)(4)(E), and '[t]here is a strong preference for live testimony, long recognized by the courts, as it provides the trier of fact the opportunity to observe the demeanor of the witness.'" <u>See</u> <u>United States v. Int'l Bus. Machines Corp.</u>, 90 F.R.D. 377, 381 (S.D.N.Y. 1981). This is especially important, whereas here, there have been multiple findings that Safa has perjured herself because this Court had the benefit of live testimony. <u>See</u>, e.g., 2023 WL 6958855, at *2 (E.D.N.Y. Oct. 20, 2023) ("The Court also finds that Safa … has repeatedly perjured herself throughout this case and is thus wholly uncredible as a witness"); <u>see also</u> 2024 WL 866136, at *5 (E.D.N.Y. Feb. 29, 2024) ("Furthermore, as the Court has noted on the record several times, the Court does not find the Individual Defendants' factual representations to be credible").

*Fourth*, if history is a guide, conducting proceedings remotely is fraught with peril to a clear record. See ECF Docket Entry 199 at 38:15-23 (driving while testifying), 40:23-41:1 (audio interference), 41:2-11 (audio interference), 41:16-42:1 (more audio interference), 42:2-8 (indiscernible testimony), 42:17-25 (more indiscernible testimony), 43:4-20 (requests to repeat testimony due to inability to hear), 44:9-45:25 (indiscernible testimony), 49:8-10 ("Mr. Kataev, let's stick to both this case and what this witness might know, given the difficulties of getting his testimony"). There is therefore no reason to repeat what has already been demonstrably failed effort to obtain testimony remotely.

*Fifth*, the primary authority Defendants cite in support of their application is inapposite, as this Court's decision in Argonaut Ins. Co. v. Manetta Enters., Inc. came at the height of the pandemic, which risk is not present here. Indeed, the factors which gave rise to this Court's finding of good cause and compelling circumstances in Argonaut are not present here, i.e., the pandemic, the months-long delay it has caused, and the alternative of delaying trial indefinitely. The other authorities cited by Defendants dealt with non-party witnesses, whereas here, the witnesses called to appear at the hearing are themselves parties.

*Sixth*, equity and good conscience require Defendants' presence in this courthouse as directed, as the sole reason for their move to Texas is to insulate them from the all-but-inevitable judgment Plaintiff expects to have in this case.

Accordingly, Defendants' belated letter motion to appear remotely for the March 13, 2024 hearing must be denied. Plaintiff thank this Court for its time and attention to this case.

Dated: Lake Success, New York
February 15, 2024

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

  */s/ Jamie S. Felsen, Esq.*
Jamie S. Felsen, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1391 (direct dial)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com

*Attorneys for Plaintiff*
*IME WatchDog, Inc.*

2

**SAGE LEGAL LLC**

 */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Additional Attorneys for Plaintiff
IME WatchDog, Inc.*

**VIA ECF**
All counsel of record

3