**WARNER & SCHEUERMAN**
Attorneys at Law
6 West 18th Street, 10th Floor
New York, New York 10011
Tel: (212) 924-7111
Fax: (212) 924-6111

**Jonathon D. Warner, Esq.**
jdwarner@wslaw.nyc

**Karl E. Scheuerman, Esq.**
kescheuerman@wslaw.nyc                         March 15, 2024

<u>VIA ECF</u>

Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:   *IME Watchdog, Inc. v. Gelardi, et al.*
      <u>Case No.: 1:22-cv-1032 (PKC)(JRC)</u>

Dear Judge Chen:

     We represent defendants Safa Gelardi, Vito Gelardi and IME Companions LLC (collectively, "Defendants") in the above-referenced matter and respectfully submit this letter motion[1] in support of Defendants' request for an Order, pursuant to Federal Rule 60(b) and Local Rule 6.3, granting reconsideration and/or reargument of this Court's Minute Order dated March 8, 2024 (the "Minute Order") to the extent it denied Defendants' counsel the right to communicate with The Gucciardo Law Firm PPLC ("Gucciardo"), which is <u>the</u> <u>key</u> <u>witness</u> in plaintiff's latest contempt application.

     We need to communicate with Gucciardo to fulfill our ethical obligations to our clients and to investigate plaintiff's allegations of contempt (288). We have been denied the right to fulfill our obligations to our clients without any legal explanation, and without any clarification from either plaintiff or the Court whether this Court's Second Amended Preliminary Injunction actually barred us from communicating with Gucciardo in the first place.

     This Court denied Defendants' request (289) to communicate with The Gucciardo Law Firm PPLC ("Gucciardo") on the ground that: "As Plaintiff points out, the Court's 3/27/2023 Minute Entry makes clear that Defendants are enjoined 'from providing services to any customer

---

[1] Defendants respectfully request leave of this Court to make the instant request as a letter motion rather than a formal motion in accordance with Rule 1 of the Federal Rules of Civil Procedure, which requires that the Federal Rules be construed, administered, and employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

who were former clients of Plaintiff.' (See 3/27/2023 Min. Entry (emphasis added).) Thus, the question of whether Gucciardo is currently Plaintiff's client (see Dkt. 289) has no bearing on Plaintiff's 288 contempt motion."

We respectfully submit that the reason for our request to communicate with Gucciardo has been lost in the fog of war and buried under an avalanche of irrelevant allegations. This Court's Minute Order of March 27, 2023 has nothing whatsoever to do with our request to communicate with Gucciardo, although it serves as an ostensible basis for plaintiff's contempt application (288). We requested permission to communicate with Gucciardo because we lack personal knowledge whether this Court's Second Amended Preliminary Injunction (254-1) prohibits us from doing so, and we sought to avoid being accused of contempt in the event it does.

This Court's Second Amended Preliminary Injunction prohibits Defendants, their agents and/or employees from, *inter alia*: "3. contacting (or eliciting contact from) and/or surveilling Plaintiff's current clients, employees, and agents." (Dkt. 254-1). As such, my office is barred from contacting Gucciardo, if Gucciardo is a one of "Plaintiff's current clients." However, we are not barred from contacting Gucciardo, if Gucciardo is not one of "Plaintiff's current clients." Since I have no way of knowing whether Gucciardo is one of "Plaintiff's current clients," I respectfully asked this Court for permission to speak with Gucciardo, only to be denied on the ground this Court's Second Amended Preliminary Injunction is somehow irrelevant. While it is true that the Second Amended Preliminary Injunction has no bearing on plaintiff's allegations of contempt, it is equally true that the Second Amended Preliminary Injunction is the Court Order which potentially prohibits me from communicating with Gucciardo as part of my investigation into plaintiff's contempt allegations.

Not only is whether or not Gucciardo one of "Plaintiff's current clients" the dispositive query as to whether I may speak to Gucciardo, but this Court has misstated its own Minute Order (with an assist from plaintiff's 288 submission), while denying my request to communicate with this crucial contempt witness to investigate plaintiff's contempt allegations. Indeed, this Court's March 27, 2023 Minute Order did <u>not</u> make "clear that Defendants are enjoined 'from providing services to any customer who were former clients of Plaintiff" as this Court held in its Minute Order on March 8, 2024. Rather, this Court's March 27, 2023 Minute Order stated: "For the reasons stated on the record, the Court expands its previously ordered preliminary injunction to preclude Defendants from providing services to any customers who were former customers of Plaintiff IME Watchdog <u>and listed on Plaintiff's 2016 customer list.</u>" (Emphasis supplied to omitted portion).

In any event, we respectfully submit that there is absolutely no legal basis or justification for denying an attorney the opportunity to communicate with a crucial witness on their clients' behalf to investigate claims being made against their clients, especially where it remains unclear whether such communication is barred by the Court's most current injunction. It is absolutely inconceivable that a Court would block an attorney from attempting to investigate claims made

against their clients by an adversary. We need to communicate with Gucciardo to investigate plaintiff's allegations of contempt and to adequately defend plaintiff's contempt application, and only asked the Court for permission out of respect for the Court and to avoid any accusations or appearance of wrongdoing.

For the foregoing reasons, we respectfully request that this Court reconsider its March 8, 2024 Minute Order and permit Defendants' counsel to communicate with Gucciardo, the key witness in plaintiff's (288) contempt application. We only asked for permission to communicate with Gucciardo because we had no way of knowing whether we were barred by the Second Amended Preliminary Injunction from contacting Gucciardo, and sought clarification and/or approval before inadvertently engaging in any contemptuous conduct. Our communications with Gucciardo (which are privileged) will not pertain to whether it is one of plaintiff's current customers (which we agree is irrelevant), but will pertain to plaintiff's allegations of contempt in violating, *inter alia*, the March 27, 2023 Minute Order.

                                                    Respectfully,

                                                    */s/ Jonathon D. Warner*

JDW/ks

cc:      All Counsel (via ECF)