# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

March 20, 2024

<u>**VIA ECF**</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

> ***Re:*** **IME WatchDog, Inc. v. Gelardi,** *et al.*
> **Case No.: 1:22-cv-1032 (PKC) (JRC)**
> <u>**MLLG File No.: 25-2022**</u>

Dear Judge Chen:

This firm, along with Sage Segal LLC, represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case. Plaintiff submits this letter response in opposition to Defendants' (1) March 8, 2024 letter motion for reconsideration (ECF Doc. No. 298) of the Court's February 29, 2024 Memorandum & Order (ECF Doc. No. 284); and (2) March 15, 2024 letter motion for reconsideration (ECF Doc. No. 301) of the Court's March, 2024 Minute Order.

Motions for reconsideration are governed by Local Civil Rule ("LCR") 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." <u>See</u> LCR 6.3. "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." <u>McKenzie-Morris v. V.P. Records Retail Outlet, Inc.</u>, 2023 U.S. Dist. LEXIS 184020 (S.D.N.Y. Oct. 7, 2023). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Id</u>. Defendants have not carried this heavy burden, warranting the denial of their motions.

## I. Defendants' Motion for Reconsideration of the Court's February 29, 2024 Memorandum & Order Should Be Denied

### A. Defendants improperly and belatedly seek reconsideration of the Court's October 20, 2023 Memorandum & Order

In its October 20, 2023 Memorandum & Order (ECF Doc. No. 254), the Court correctly found Defendants Safa Gelardi ("Safa"), Vito Gelardi ("Vito"), and IME Companions LLC ("Companions") to be in civil contempt for violating both the Amended Preliminary Injunction and the March 2023 temporary restraining Order ("TRO"). Defendants now argue that the October 20, 2023 Memorandum & Order which found all Defendants in contempt of Court should be construed such that Safa, but not Vito, be held in contempt of Court.

To the extent Defendants disagreed with the October 20, 2023 Memorandum & Order, they were required to move for reconsideration within fourteen (14) days under LCR 6.3. They failed to do so and cannot now utilize Plaintiff's motion for attachment as an end-around to belatedly seek reconsideration of the October 20, 2023 Memorandum & Order. Therefore, their motion should be denied on timeliness grounds alone.

**B. To the extent the alternative reason why the Court ordered attachment – based on the merits of Plaintiff's claims – was not previously raised (it was), it does not alter the attachment order**

Defendants argue that in Plaintiff's motion for attachment, Plaintiff initially asserted that relief was warranted because of the Court's contempt finding and pending fee application, not because of the underlying merits of Plaintiff's claims. However, one of the elements necessary to obtain pre-judgment attachment is likelihood of success on the merits, and this Court has repeatedly concluded Plaintiff is likely to succeed on the merits of its claims.[1] Defendants argue that after Plaintiff filed its initial submission in support of its motion for attachment, it then improperly submitted a declaration in compliance with CPLR § 6212, as ordered by this Court, from Daniella Levi, Esq. which also argued that attachment was warranted because Plaintiff will likely succeed on the merits of its claims, and Defendants did not have the opportunity to oppose this new argument. This argument must be rejected for several reasons.

*First*, it is irrelevant whether Plaintiff sought attachment based on the contempt finding and also based on the underlying merits of Plaintiff's claims because the Court found attachment is warranted for both reasons. Therefore, even if the Court exceeded its authority (which it did not) in finding that attachment is warranted because Plaintiff is likely to succeed on the merits of its claims (since Defendants purportedly did not have an opportunity to respond to this argument), Defendants do not argue that they did not have an opportunity to respond to Plaintiff's argument with respect to the contempt finding. This argument is therefore meritless.

*Second*, Defendants provide no legal authority that requires the denial of Plaintiff's motion because Plaintiff did not submit an affidavit in its initial submission in support of its motion for attachment. CPLR § 6212 requires, on a motion for an order of attachment, that an affidavit be submitted, that there is a cause of action, establishing that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in CPLR § 6212 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff. See CPLR § 6212. Plaintiff complied with CPLR § 6212. Moreover, "the decision to permit a party to file supplemental submissions is within the Court's discretion." In re Repetitive Stress Injury Litig., 165 F.R.D. 367 (E.D.N.Y. March 26, 1996). Here, the Court directed Plaintiff to file an affidavit under CPLR § 6212 and Plaintiff complied. As such, Defendants' argument is unavailing.

---

[1] Defendants are incorrect. In their initial letter on the instant motion (ECF Doc. No. 270), Plaintiff stated "[p]reviously, Plaintiff argued they were likely to succeed on the merits of the claims. While that still holds true, on October 20, 2023, this Court granted Plaintiff's motion for attorneys' fees and costs subject to further briefing and submission of billing records related to attorneys' fees and costs incurred by Plaintiff for work done in connection with Defendants' contempt. Thus, a judgment for attorneys' fees and costs is imminent." Plaintiff, thus, continues to assert that an attachment is warranted because Plaintiff is likely to succeed on the merits of the claims.

*Third*, Defendants fail to acknowledge that they submitted a six (6) page letter to the Court on February 27, 2024, four (4) days after Plaintiff submitted Mrs. Levi's CPLR § 6212 declaration at which time they had the opportunity to, and did, address Mrs. Levi's declaration. (ECF Doc. No. 280). Defendants did not argue in that letter, nor in the instant motion for reconsideration, that Plaintiff is not likely to succeed on the merits of its claims, and any attempt to do so would violate the law-of-the-case doctrine, as this Court has concluded several times that Plaintiff is likely to so succeed.

*Fourth*, this Court has wide discretion in deciding a motion for an attachment. See Capital Ventures Int'l v. Republic of Argentina, 443 F.3d 214 (2d Cir. 2016); In re Amaranth Natural Gas Commodities Litig., 711 F. Supp. 2d 301 (S.D.N.Y. May 3, 2010). Therefore, even assuming *arguendo* that Plaintiff did not seek attachment on the ground that it will likely succeed on its underlying claims, this Court was well within its power to exercise its discretion in applying its prior conclusions that Plaintiff will likely succeed on the merits of its claims to determine that attachment is warranted.

### C. The Court did not err in holding Vito in contempt

Defendants argue that the order of attachment should not apply to Vito because there is no "evidence showing that [Plaintiff] has a viable cause of action against Vito" and because the contempt order was based on conduct by Safa, not Vito. Both arguments can be easily disposed of.

Early in this case the Court concluded that Plaintiff is likely to succeed on its claims against all defendants, including Vito. See Ime Watchdog, Inc. v. Safa Abdulrahim Gelardi, 2022 U.S. Dist. LEXIS 86997 *12 (E.D.N.Y. May 13, 2022) (citing 4/5/2022 Docket Order); Dkt. 156, at 3. The Court then found "Defendants and any persons/entities acting in concert with them have continued to operate a business that unfairly competes with Plaintiff in violation of the law. Dkt. 156, at 3; see also 3/10/2023 Docket Order.

Defendants fail to address the fact that the order of attachment also applies to Vito because, *inter alia*, the Court held Vito in contempt of court. See ECF Doc. No. 284 ("To be clear, the Court's finding of contempt was as to all Defendants, i.e., the Individual Defendants and Companions"); see also, e.g., Dkt. 254 at 3 (finding Defendants to be in civil contempt for violating both the Amended Injunction and the March 2023 TRO")). As the Court further explained:

> its findings concerning the March 2023 TRO was explicitly based on *Defendants'* use of Client Exam Services to circumvent the Court's order enjoining them from 'operating their business or any other business that unfairly competes with Plaintiff in violation of the law. Vito is named as a Defendant in this action, and with Safa, established Companions, the business at issue in the March 2023 TRO that Defendants had continued to operate in violation of the Court's orders.

ECF Doc. No. 284 at 12 (emphasis added).

Thus, based on the fact that Vito started and owned Companions together with Safa as a fifty percent (50%) owner and husband of Safa, he was held in contempt of Court along with Safa and Companions. See Yash Raj Films (USA), Inc. v. Bobby Music Co. & Sporting Goods, Inc.,

2006 U.S. Dist. LEXIS 69582 (E.D.N.Y. Sept. 27, 2006) (holding owner of business in contempt for violating preliminary injunction and rejecting owner's argument that he should not be held in contempt because he had no direct interest in the store since he received a direct financial benefit from the sale of infringing goods); <u>Kobi Jaeger, Inc. v. Massis</u>, 1996 U.S. Dist. LEXIS 22482 (S.D.N.Y. May 28, 1996) (owner of defendant business held in contempt for violating TRO and held jointly and severally liable for the damages).[2]

For the foregoing reasons, Defendants' motion for reconsideration of the Court's February 29, 2024 Memorandum & Order should be denied, and this Court should find the Defendants in contempt. The Defendants acted in concert with each other in violating the Defend Trade Secrets Act and similarly acted together in violating the Orders of this Court; they should therefore face the consequences together, as well.

## II.     Defendants' Motion for Reconsideration of the Court's March 8, 2024 Minute Order Should Be Denied

Defendants argue that, contrary to the Court's March 8, 2024 Minute Order, they must be afforded the opportunity to communicate with The Gucciardo Law Firm PLLC ("Gucciardo") to determine if it is one of Plaintiff's *current* customers so that it can defend itself in connection with Plaintiff's latest contempt motion. According to Defendants, if Gucciardo was not a current client of Plaintiff when Defendants provided IME services for Gucciardo on April 20, 2023, then Defendants did not violate the March 27, 2023 Order. Defendants are wrong, as this Court has already found. <u>See</u> Text Only Order dated March 8, 2024 ("the question of whether Gucciardo is currently Plaintiff's client … has no bearing on Plaintiff's … contempt motion"). Defendants correctly cite the relevant portion of the March 27, 2023 Order, which states:

> For the reasons stated on the record, the Court expands its previously ordered preliminary injunction to preclude Defendants from providing services to any customers who were former customers of Plaintiff IME Watchdog and listed on Plaintiffs 2016 customer list.

Critically, however, Defendants disregard "Plaintiffs 2016 customer list" which is found at ECF Doc. No. Docket Entry 180-7 and is filed under seal to protect Plaintiff's trade secrets, and on which Gucciardo is included. Gucciardo's inclusion on Plaintiffs 2016 customer list means that Defendants were precluded from providing services to it under the March 27, 2023 Order.

Therefore, as this Court correctly concluded in its March 8, 2024 Minute Order, whether Gucciardo is a current customer of Plaintiff has no bearing on Plaintiff's contempt motion.[3]

---

[2] It is worth noting that there may be a conflict of interest if Defendants' counsel continues to represent both Vito and Safa as their interests appear to be divergent in that Defendants argue that "Vito has been improperly and wrongfully lumped together with Safa, and the Order of Attachment is based upon nothing more than guilt by association to the extent it attaches Vito's share of the net sale proceeds from the Staten Island home." <u>See</u> Rule 1.7(a)(1) of the New York Rules of Professional Conduct.

[3] Gucciardo is currently a customer of Plaintiff, as well, which is an additional reason why it should not be contacted.

Therefore, there is no reason for Defendants' counsel to communicate with Gucciardo, and Defendants' motion for reconsideration should be denied.

Notably, Defendants, once again concede that they have violated the March 27, 2023 Order.  Indeed, they believe that the March 27, 2023 Order merely prohibits them from contacting current customers of Plaintiff and they have completely disregarded the fact that they are prohibited from serving any customers included on Plaintiffs 2016 customer list.  Plaintiffs will address further violations of the March 27, 2023 Order at the May 29, 2024 evidentiary hearing.

Lastly, Plaintiff respectfully requests that the Court grant it attorneys' fees in connection with their opposition to Defendants' two (2) motions for reconsideration pursuant to 28 U.S.C. § 1927.

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Jamie S. Felsen, Esq.

**SAGE LEGAL LLC**

/s/ Emanuel Kataev, Esq.

cc: All Counsel of Record (via ECF)