**WARNER & SCHEUERMAN**
Attorneys at Law
6 West 18th Street, 10th Floor
New York, New York 10011
Tel: (212) 924-7111
Fax: (212) 924-6111

**Jonathon D. Warner, Esq.**
jdwarner@wslaw.nyc

**Karl E. Scheuerman, Esq.**
kescheuerman@wslaw.nyc                                    March 21, 2024

<u>VIA ECF</u>

Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:   *IME Watchdog, Inc. v. Gelardi, et al.*
      <u>Case No.: 1:22-cv-1032 (PKC)(JRC)</u>

Dear Judge Chen:

      We represent defendants Safa Gelardi ("Safa"), Vito Gelardi ("Vito") and IME Companions LLC (collectively, "Defendants") in the above-referenced matter and respectfully submit this letter in reply to plaintiff's letter brief (Dkt. 303) in opposition to Defendants' (1) March 8, 2024 letter motion (298) to reconsider this Court's Order dated February 29, 2024 (the "Order of Attachment") to the extent it ordered the attachment of Vito's 50% share of the net sale proceeds of the Staten Island home jointly-owned by Vito and Safa as husband and wife (Dkt. 284); and (2) March 15, 2024 letter motion (Dkt. 301) to reconsider this March 8, 2024 Minute Order to the extent it denied Defendants' counsel the right to communicate with The Gucciardo Law Firm PPLC ("Gucciardo") in order to defend their clients (the Defendants) against plaintiff's latest contempt application.

**<u>Vito Should Be Granted Reconsideration Of The Order Of Attachment.</u>**

      Plaintiff's opposition to Defendants' request to reconsider the Order of Attachment presupposes the correctness of the error upon which Defendants' motion is based, to wit: that Vito was found in contempt on October 20, 2023. Plaintiff even argues that Defendants' motion is untimely on the ground that Defendants should have moved to reconsider within fourteen (14) days of October 20, 2023, if Defendants disagreed with this Court's preliminary finding that Vito was in contempt. Plaintiff's argument has missed the mark entirely.

      The issue here is <u>not</u> whether this Court erred in finding Vito in contempt. The issue is whether this Court actually found Vito in contempt as it subsequently found in the Order of

Attachment as grounds to attach Vito's one-half share of the net sale proceeds of the Staten Island home, rather than just Safa's one-half share. Plaintiff has failed to quote any language from the underlying contempt order (Dkt. 254) supporting this Court's finding in its Order of Attachment that Vito had been found in contempt. Nor has plaintiff cited to any evidence from the contempt hearing which would have supported any such finding. Plaintiff has failed to cite to any language from the contempt order purporting to find Vito (rather than Safa) in contempt and to any evidence suggesting that Vito (rather than Safa) had engaged in any contemptuous conduct because none exists.

Moreover, plaintiff has ignored this Court's March 13, 2024 Minute Order which clarified the underlying order of contempt by clearly and unequivocally stating that only Safa had been found in contempt. This Court's March 13, 2024 Minute Order states: "This Court amends its 10/20/2023 Docket Order and Memorandum & Order to clarify that the Court has found Defendant Safa Gelardi in civil contempt, but reserves issuing a ruling on sanctions and damages pending the resolution of Plaintiff's 261 motion for attorneys' fees." Despite this Court's clarification on March 13, 2024, plaintiff's attorneys continue to insist that Vito had been found in contempt. Such tactics should not be countenanced.

Since Vito was not found in contempt, the Order of Attachment could only apply to his share of the net proceeds of the Staten Island home based upon a showing of the merits of plaintiff's underlying trade secret claims against Vito, personally. But plaintiff's belatedly-submitted C.P.L.R. § 6212(a) affidavit (Dkt. 279) contained no proof whatsoever with respect to the merits of any of its trade secret claims against Vito, let alone the damages resulting from any tortious act allegedly committed by Vito. No proof of any tortious conduct or other wrongdoing by Vito has ever been submitted to this Court by plaintiff.

There is simply no legal basis whatsoever for the attachment of Vito's one-half share of the net proceeds from the sale of the Staten Island home where (1) Vito was not found in contempt; and (2) plaintiff has never made any showing of merit on its underlying claims against Vito. Plaintiff's proof has always focused exclusively on the alleged misdeeds of Safa, as did its motion for an order of attachment. Guilt by marriage is no basis for an order of attachment.

**<u>Defendants' Counsel Should Be Permitted To Contact Gucciardo.</u>**

Plaintiff's opposition to Defendants' request to reconsider the March 8, 2024 Minute Order so that my office can contact Gucciardo is based upon a blatant misrepresentation of the issue at hand and a deliberate twisting of Defendants' argument. Plaintiff's attorneys' statement that my office seeks to communicate with Gucciardo "to determine if it is one of Plaintiff's current customers" is a bold-faced lie. We seek to communicate with Gucciardo concerning plaintiff's motion seeking to hold Defendants in contempt for allegedly servicing Gucciardo in violation of the March 27, 2023 Temporary Restraining Order. (Dkt 288).

We sought permission from this Court before reaching out to Gucciardo because our contacting of Gucciardo would be in violation of the Amended Preliminary Injunction (Dkt. (254) if, and only if, Gucciardo is one of plaintiff's current customers. We still do not know if Gucciardo is one of plaintiff's current customers, notwithstanding: (1) this Court's March 8, 2024 Minute Order precluding us from communicating with Gucciardo concerning plaintiff's allegations of contempt; and (2) plaintiff's numerous opportunities to provide this Court with evidence showing that Gucciardo is one of its current customers. Rather than clarify the record, plaintiff's attorneys muddled it, by misrepresenting and twisting my arguments with the hope to confuse the Court into continuing to deny Defendants of their due process rights.

The need for us to communicate with Gucciardo could not be more evident. Plaintiff's latest contempt allegation accuses Defendants of servicing Gucciardo in violation of the March 27, 2023 Temporary Restraining Order (Dkt. 288), meaning that Gucciardo will be the key witness at any contempt hearing. We need to communicate with Gucciardo (as a witness) concerning plaintiff's allegations of contempt and to marshal any evidence we can from Gucciardo refuting or otherwise undermining plaintiff's allegations of contempt.

We respectfully submit that by denying Defendants' counsel the right to communicate with this crucial witness, this Court is denying Defendants their due process rights with respect to plaintiff's latest contempt application. Such due process violation is only exacerbated by the fact that plaintiff has failed to submit any evidence to this Court suggesting that its Amended Preliminary Injunction barred us from communicating with Gucciardo in the first place.

We further submit that it is unprecedented and beyond unjust for a Court to bar an attorney from communicating with a key witness in a contempt application based upon nothing more than the confusion sown by an opposing litigant's attorneys' misrepresentations of the record and of the issues before the Court. Plaintiff's attorneys have misrepresented to this Court the reasons for my request to communicate with Gucciardo, just as they misled this Court when they misrepresented on the application for the Order of Attachment that an immediate temporary restraining order was necessary "given the urgency of the motion now that there is a March 1, 2024 closing date on the Staten Island property, which is this Friday." (Dkt. 283). As this Court has since learned, there was never any "March 1, 2024 closing date" for the sale of the Staten Island home. Enough is enough. Counsel must be permitted to communicate with witnesses.

                Respectfully,

                */s/ Jonathon D. Warner*

JDW/ks

cc: All Counsel (via ECF)