**WARNER & SCHEUERMAN**
**Attorneys at Law**
**6 West 18th Street, 10th Floor**
**New York, New York 10011**
**Tel: (212) 924-7111**
**Fax: (212) 924-6111**

**Jonathon D. Warner, Esq.**
jdwarner@wslaw.nyc

**Karl E. Scheuerman, Esq.**
kescheuerman@wslaw.nyc                                    March 22, 2024

**VIA ECF**

Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:    *IME Watchdog, Inc. v. Gelardi, et al.*
       Case No.: 1:22-cv-1032 (PKC)(JRC)

Dear Judge Chen:

        We represent defendants Safa Gelardi ("Safa"), Vito Gelardi ("Vito") and IME
Companions LLC (collectively, "Defendants") in the above-referenced matter and respectfully
submit this letter to request that plaintiff's contempt application (Dkt. 288) be summarily denied
for failing to comply with the express and mandatory requirements of Local Civil Rule 83.6.

        Although your Honor's Minute Order of today states that no additional written
submissions are needed at this time, your Honor's Minute Order further states that the Court will
address plaintiff's recent contempt motion (288) at the hearing scheduled for May 29, 2024.  This
is the first notice we have received from the Court of its intention to entertain plaintiff's 288
contempt application.  We have yet to submit any opposition to plaintiff's contempt application
because we have not been ordered by the Court to respond to plaintiff's motion and had not
received any notification from the Court of its willingness to entertain plaintiff's contempt
motion.  We respectfully request that the Court accept the instant letter as Defendants'
preliminary opposition to plaintiff's contempt application on procedural grounds, with the
proviso that Defendants be permitted to submit substantive opposition papers at a later date in the
event this Court entertains plaintiff's facially defective contempt motion.

        Plaintiff's contempt application was brought by letter motion rather than by notice of
motion or by order to show cause and lacks any supporting affidavit.  (Dkt. 288).  It is comprised
solely of a hearsay letter brief by counsel with an inadmissible attachment.  No affidavit has been
submitted by plaintiff or by any witness.  Nor has plaintiff's attorney touched upon plaintiff's
alleged damages in his hearsay submission.

Where a movant seeks to adjudicate a person in civil contempt, Local Rule 83.6 specifies the procedure to be followed in this District.  See Giuliano v. N.B. Marble Granite, 2014 WL 2805100*5 (E.D.N.Y. 2014).  Local Civil Rule 83.6 clearly and unequivocally provides that a proceeding to adjudicate a person in contempt must be commended by the service of a notice of motion or order to show cause and supported by an affidavit which sets forth in particularity the misconduct complained or, the claim, if any, for damages occasioned thereby and such evidence as to the amount of damages as may be available to the moving party.  Rule 83.6(a) states:

> A proceeding to adjudicate a person in civil contempt... **shall** be commenced by the service of a notice of motion or order to show cause.  The affidavit upon which such notice of motion or order to show cause is based **shall** set out with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby and such evidence as to the amount of damages as may be available to the moving party....

(Emphasis added).

It is a bedrock rule of statutory construction that "shall" connotes a requirement or imposes a mandatory duty.  See, e.g., Kingdomware Technologies, Inc. v. U.S., 579 U.S. 162 (2016).  Plaintiff was thus required to bring its contempt application by notice of motion or order to show cause and to support such motion with a detailed affidavit, setting forth the misconduct complained of and the damages, if any, occasioned thereby.  Plaintiff did neither.  Where plaintiff failed to comply with the express and mandatory requirements of Local Rule 83.6, its contempt motion should be summarily denied as defective.  See Plaza Motors of Brooklyn, Inc. v. Rivera, 2021 WL 4356011*4 (E.D.N.Y. 2021)("Further, a proceeding to hold a person in contempt "shall be commenced by the service of a notice of motion or order to show cause" and accompanied by an affidavit. Id. Since plaintiffs' application for a finding of contempt complies with none of these requirements, it is procedurally defective.").

If this Court decides to entertain plaintiff's defective contempt application, Defendants respectfully request the opportunity to oppose it on the merits once Defendants' counsel is permitted to communicate with The Gucciardo Law Firm PLLC ("Gucciardo"), the crucial witness in plaintiff's latest contempt application.  Indeed, plaintiff has accused Defendants of servicing Gucciardo in violation of this Court's Minute Order dated March 27, 2023, meaning that Gucciardo will be the key witness at any hearing.  As Defendants' counsel, we are currently handcuffed by your Honor's Minute Order dated March 8, 2024, which prohibits us from communicating with Gucciardo concerning plaintiff's allegations of contempt in servicing Gucciardo in violation of the Minute Order dated March 27, 2023, and thus unable to fully investigate plaintiff's allegations against Defendants and to submit our substantive opposition.

-2-

In any event, we note that plaintiff's defective contempt motion stands like a house of cards on plaintiff's attorneys' misrepresentation of the Order which Defendants allegedly violated.  Plaintiffs' attorneys falsely state that this Court's March 27, 2023 Minute Order precluded "Defendants from serving any customers who were former customers of Plaintiff.  See Text Only Order dated March 27, 2023."  (Dkt. 288).  The truth is that this Court's Minute Order dated March 27, 2023, expanded the prior injunction "to preclude Defendants from providing any services to any customers who were former customers of Plaintiff **and listed on Plaintiffs 2016 customer list**."  See March 27, 2023 Minute Order (Emphasis supplied to demonstrate portion of Minute Order omitted by Plaintiffs' counsel).  Plaintiff has failed to support its facially defective contempt application with any proof that Gucciardo was a former customer of plaintiff that was also listed on the plaintiff's 2016 customer list (it was not).

Defendants reserve all rights to raise further substantive objections to plaintiff's defective contempt motion if entertained by the Court and respectfully request that plaintiff's motion be summarily denied as defective.

Respectfully,

*/s/ Jonathon D. Warner*

JDW/ks

cc:     All Counsel (via ECF)