**WARNER & SCHEUERMAN**
Attorneys at Law
6 West 18th Street, 10th Floor
New York, New York 10011
Tel: (212) 924-7111
Fax: (212) 924-6111

**Jonathon D. Warner, Esq.**
jdwarner@wslaw.nyc

**Karl E. Scheuerman, Esq.**
kescheuerman@wslaw.nyc                                    April 22, 2024

**VIA ECF**

Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:   *IME Watchdog, Inc. v. Gelardi, et al.*
      Case No.: 1:22-cv-1032 (PKC)(JRC)

Dear Judge Chen:

      We represent defendants Safa Gelardi, Vito Gelardi and IME Companions LLC (collectively, "Defendants") and write to respectfully request that the Court reject plaintiff's "Supplemental Declaration Of Daniella Levi In Further Support Of Plaintiff's March 6, 2024 Motion For Contempt" (Dkt. 317) which contains allegations of contempt beyond the scope of plaintiff's contempt motion (Dkt. 288) and that this Court summarily dismiss plaintiff's procedurally defective contempt application.

      Ms. Levi's Declaration should be rejected and plaintiff's contempt application denied to protect Defendants' due process rights. Due process mandates that a person charged with contempt is entitled to notice of the allegations against them, among other things. See, e.g., E.E.O.C. v. Local 638, 81 F.3d 1162 (2nd Cir. 1996); U.S. v. International Broth. Of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO, 776 F.Supp. 144 (S.D.N.Y. 1991); CE Intern. Resources Holdings LLC v. S.A. Minerals Ltd. Partnership, 2013 WL 324061 (S.D.N.Y. 2013). These due process concerns are reflected by Local Rule 83.6 which provides in part that "[a] proceeding to adjudicate a person in civil contempt... shall be commenced by the service of a notice of motion or order to show cause" and that "[t]he affidavit upon which such notice of motion or order to show cause is based shall set out with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby and such evidence as to the amount of damages as may be available to the moving party." (Emphasis added).

      Here, no contempt proceeding was commenced against Defendants by notice of motion or order to show cause with an affidavit in support setting forth the misconduct complained of and

the damages sustained.  Plaintiff instead brought its contempt application by letter-motion in violation of Local Rule 83.6, and notwithstanding that Local Rule 7.1(d) only permits letter-motions for non-dispositive matters.  Plaintiff's two-page, hearsay letter motion contained a single allegation of contempt based upon Defendants' allegedly providing services to The Gucciardo Firm PLLC on April 20, 2023.  (Dkt. 288).

On April 15, 2024, this Court graciously permitted plaintiff to cure its defective contempt motion by filing the supporting affidavit required by Local Rule 83.6 no later than April 22, 2024, and directed Defendants to file their three-page response by May 6, 2024.  However, plaintiff has abused this Court's courtesy by filing a Declaration which contains additional allegations of contempt which were <u>not</u> set forth in its initial contempt motion (288), and plaintiff has threatened to raise even more allegations at the contempt hearing through counsel's subpoena power.  Indeed, while plaintiff's contempt application was based upon a single alleged act of contempt involving The Gucciardo Firm, Levi's Declaration contains numerous other allegations of contempt involving additional law firms and states that: "To the extent that Plaintiff receives additional information giving rise to a finding of contempt, the same will be presented at the May 29, 2024 hearing."  (Dkt. 317).  As such, plaintiff is attempting to engage in contempt by ambush, by adducing evidence of contempt at a hearing which is beyond the scope of the allegations in the original contempt application, and thus denying Defendants a full and fair opportunity to defend themselves.

With respect to Defendants' request that this Court strike Levi's Declaration for containing allegations beyond plaintiff's (288) contempt motion, it is significant to note that defendant Safa Gelardi ("Safa") has already been victimized by plaintiff's sharp practice once before when this Court issued a preliminary finding that Safa had committed contempt when she allegedly directed Fari Gutierrez to continue operating Defendants' business as Client Exam Services in violation of a Temporary Restraining Order, although such allegation was never contained in any contempt motion filed by plaintiff and was improperly sprung upon Safa at the contempt hearing last Spring.

This Court should not permit plaintiff to sandbag the Defendants again.  Due process mandates that plaintiff's improper attempt to expand the scope of its contempt motion (288) beyond the single allegation concerning The Gucciardo Firm be denied and that Levi's Declaration be rejected, particularly where this Court has limited Defendants' response (due on May 6th) to a three-page letter.  If plaintiff seeks to have its latest allegations of contempt heard (all of which occurred in the Spring of 2023), plaintiff should bring a motion which comports with Local Rule 83.6 and which particularizes each and every allegation of contempt which plaintiff seeks to raise at any contempt hearing.  Plaintiff should not be permitted to ambush Defendants again by improperly expanding its allegations of contempt with belated declarations and witness testimony containing allegations of contempt which are beyond the scope of plaintiff's original contempt motion.  Defendants note that plaintiff's counsel has represented to this Court that "Plaintiff issued approximately seventy-five (75) subpoenas to various law firms to establish Defendants' blatant violation of the Preliminary Injunction." (Dkt. 315).  Clearly, 75

subpoenas would not be needed to prove plaintiff's single allegation of contempt concerning The Gucciardo Firm, and plaintiff's representation that it has served 75 subpoenas proves that plaintiff seeks to raise allegations at the hearing which were not contained in its letter motion (288) for contempt. Plaintiff's "proof" of contempt should have been marshaled before plaintiff's accusations were made by motion, and any contempt application brought by plaintiff must particularize all allegations of contempt which plaintiff intends to present to the Court at any hearing.

For the foregoing reasons, Defendants respectfully request that Levi's Declaration be rejected and stricken together with its exhibits. Plaintiff's contempt application should be summarily denied due to plaintiff's failure to submit the proper affidavit supporting only those allegations of contempt set forth in its letter motion (288). The denial of plaintiff's contempt application is further mandated by plaintiff's flouting of Local Rules 83.6 and 7.1(d), which required plaintiff's contempt application to be brought by notice of motion or order to show cause and to be supported by an affidavit setting out with particularity the misconduct complained of and the damages sustained. We note in this regard that plaintiff has not itemized dollar one of any damages it allegedly sustained from the alleged contempt.

Respectfully,

*/s/ Jonathon D. Warner*

JDW/ks

cc:     All counsel (via ECF)