# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

May 3, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

> *Re:*    **IME WatchDog, Inc. v. Gelardi,** *et al.*
> **Case No.: 1:22-cv-1032 (PKC) (JRC)**
> <u>**MLLG File No.: 25-2022**</u>

Dear Judge Chen:

This office, along with Sage Legal LLC, represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case. Plaintiff writes to vehemently oppose Defendants' request to contact all law firms on the Enjoined Customer List identified by plaintiff in its latest contempt submission as law firms which Defendants allegedly serviced in violation of the Court Order (ECF Entry 323).

On May 13, 2022, this Court issued an Order, *inter alia*, (i) enjoining Defendants from using in any manner whatsoever Plaintiff's trade secrets and confidential and proprietary information; (ii) directing Defendants to return to Plaintiff all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain Plaintiff's trade secrets and confidential and proprietary information; and (iii) enjoining Defendants from contacting Plaintiff's current clients, employees, and agents. <u>See</u> ECF Entry 66.

Defendants know they are on the precipice of being severely sanctioned given the most recent submission by Plaintiff and are attempting to bring Plaintiff down with them. Indeed, since this Court previously permitted Defendants to contact The Gucciardo Law Firm PLLC ("Gucciardo") for the stated purpose of defending Plaintiff's motion for contempt, Gucciardo has ceased booking any independent medical examinations ("IMEs") with Plaintiff. Defendants are achieving their goal: to continue to irreparably harm Plaintiff. Permitting Defendants to continue to reach out to Plaintiff's customers under the guise of preparing for the contempt hearing will put Plaintiff out of business.

The additional evidence submitted today, which contains innumerable violations of this Court's Orders provides further proof of the level to which Defendants will go to bring down Plaintiff. Simply stated, the documentary evidence provided by Giant Partners, Inc. in response to a subpoena establishes that Defendants continue to operate under the guise of other corporate entities and there simply is no way out for Defendants. The documents also establish that the 2017

customer list that Defendants were ordered by this Court to not use and to return to Plaintiff brazenly continues to be used by Defendants.  Defendants simply do not care about following the law and their sole goal is to bring down Plaintiff with them.

There is absolutely no basis for which Defendants would need to communicate with Plaintiff's customers other than to cause further irreparable harm.  See Exec. Bus. Sys., Inc. v. Philips Bus. Sys., Inc., 539 F. Supp. 76 (E.D.N.Y. 1982) (holding that counsel for defendant in a suit to prevent defendant's attempt to terminate distributorship agreement with plaintiff was in contempt of District Court's preliminary injunction prohibiting defendant, its agents and attorneys from communicating with specified customers of plaintiff, since counsel for defendant contacted two of the named customers for the avowed purpose of procuring from them affidavits detailing their business relationship with plaintiff, and counsel for defendant could not insulate defendant from the effect of his action and could not justify his action on the ground that it was undertaken solely for the purpose of preparing his case).

Given the documents received in response to the subpoena issued to Giant Partners, Inc. this is an open-and-shut case of contempt.  Defendants cannot in any way defend their actions, and Plaintiff has demonstrated both that: (i) Defendants and their agent Eugene Liddie perjured themselves at the May 4, 2023 hearing and that Defendants are actually operating Mr. Liddie's company; and (ii) Defendants willfully and knowingly violated this Court's Orders.

Accordingly, Defendants' request must be denied.

Dated: Lake Success, New York
         May 3, 2024

                                        Respectfully submitted,

                                        **MILMAN LABUDA LAW GROUP PLLC**
                                        /s/ Jamie S. Felsen, Esq.

                                        **SAGE LEGAL LLC**
                                        /s/ Emanuel Kataev, Esq.

cc: All Counsel of Record (via ECF)