**WARNER & SCHEUERMAN**
**Attorneys at Law**
**6 West 18th Street, 10th Floor**
**New York, New York 10011**
**Tel: (212) 924-7111**
**Fax: (212) 924-6111**

**Jonathon D. Warner, Esq.**
**jdwarner@wslaw.nyc**

**Karl E. Scheuerman, Esq.**
**kescheuerman@wslaw.nyc**                                    May 6, 2024

**VIA ECF**

Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:    *IME Watchdog, Inc. v. Gelardi, et al.*
       Case No.: 1:22-cv-1032 (PKC)(JRC)

Dear Judge Chen:

        I represent defendants Safa Gelardi, Vito Gelardi and IME Companions LLC
("Defendants") and respectfully submit this letter motion[1] in support of Defendants' request for
an Order, pursuant to Federal Rule 60(b) and Local Rule 6.3, granting reconsideration and/or
reargument of this Court's Minute Order dated May 3, 2024 (the "Minute Order") which denied
Defendants' counsel the right to communicate with the law firm <u>witnesses</u> identified in plaintiff's
latest contempt application in order to "avoid further allegations of misconduct by Defendants'
counsel in the form of interfering with Plaintiff's client relationships."  I also request that this
Court direct plaintiff to produce all documents it received pursuant to the subpoenas it has served
for the contempt hearing and direct plaintiff's attorneys, under penalty of Rule 11 sanctions, to
submit sworn declarations detailing the factual basis for the false accusations they made about
me which served as the basis for the Minute Order.

        Plaintiff's attorneys have stooped too low in falsely alleging that I have interfered with
plaintiff's client relationships while communicating with a witness with which I have yet to
contact.  **THE TRUTH IS THAT DEFENDANTS' COUNSEL HAS YET TO CONTACT
THE GUCCIARDI FIRM**, and my partner and I will gladly swear to that fact under penalty of
perjury if the Court would like.  I challenge plaintiff's attorneys to swear under penalty of perjury

---

[1]      Defendants respectfully request leave of this Court to make the instant request as a letter motion
rather than a formal motion in accordance with Rule 1 of the Federal Rules of Civil Procedure, which requires that
the Federal Rules be construed, administered, and employed by the Court and the parties to secure the just, speedy,
and inexpensive determination of every action and proceeding.

to all <u>facts</u> (rather than false innuendo) which purport to show that Defendants' counsel either contacted Gucciardi prior to May 3rd (when plaintiff's attorneys made their false accusations about Defendants' counsel to this Court) or that we in anyway engaged in any "misconduct" by interfering with plaintiff's alleged "client relationship" with Gucciardi.  It is absolutely outrageous for counsel to make entirely unfounded yet extremely serious accusations of wrongdoing against other members of the bar for purely tactical reasons, and I am astounded that this Court decided to handcuff me in my efforts to fulfill my ethical duties to my clients based upon nothing more than false innuendo.  This Court accepted plaintiff's attorneys' lies as the truth, without giving me an opportunity to respond.

I am deeply offended by this Court's holding, based upon nothing other than the self-serving allegations of dissembling attorneys working for a convicted criminal, that I cannot contact crucial contempt witnesses due to "allegations of misconduct by Defendants' counsel in the form of interfering with Plaintiff's client relationships."  The only way to "avoid further allegations of misconduct" is for this Court to finally sanction plaintiff and its attorneys for their never-ending war on the truth.  I respectfully remind this Court that the numerous status reports I have filed this Spring with respect to the sale of the individual defendants' Staten Island home were necessitated by plaintiff's attorneys' misrepresentation that the closing was scheduled for March 1, 2024.  (Dkt. 284)("Plaintiff submits this reply letter in further support of its motion for a temporary restraining Order given the urgency of the motion now that there is a March 1, 2024 closing date on the Staten Island property, which is this Friday").  As the Court knows, the closing has yet to be scheduled.

This Court has prohibited me from contacting witnesses in a contempt proceeding filed against my clients, while giving me a mere seven days to respond in a five-page letter brief, after giving plaintiff eight weeks and multiple opportunities to cure their defective contempt application and to submit additional declarations and "evidence," without any page limits (plaintiff has submitted hundreds of pages).  "Evidence" is in quotes because plaintiff has failed to submit any evidence supporting its hysterical accusations, other than a handful of the emails it received from Giant Partners which have been disingenuously quoted and cited by plaintiff without context.  Indeed, and as this Court will see when Defendants submit their opposition, plaintiff has carefully hand-picked a few of the emails it received from Giant Partners which purport to buttress its false accusations, while neglecting to include other emails plaintiff received from Giant Partners which exonerate Defendants and expose the falsity of plaintiff's accusations.  Plaintiff has <u>not</u> shared any of its subpoenaed "evidence" with Defendants and should be directed to produce same immediately in the interest of justice and fairness.

Equally upsetting about this Court's finding is that it presumed the truth not only of plaintiff's attorneys' false accusations of wrongdoing with respect to my <u>alleged</u> communications with Gucciardi, but also the truth of plaintiff's attorneys' unsupported, hearsay assertion that the witness law firms are plaintiff's "clients."  The law firm witnesses identified in plaintiff's contempt application are Gucciardi, Subin Associates LLP ("Subin"), Ginarte Gonzalez & Winograd LLP ("Ginarte"), Bergman Bergman Fields & Lamonsoff LLP ("Bergman"), and

Zemsky & Salomon P.C. ("Zemsky").  Plaintiff has failed to submit one iota of evidence showing that any of these witness law firms are plaintiff's "clients," and I believe that at least two of them are not.

With respect to Subin, Defendants established last June that Subin is not one of plaintiff's clients when Defendants submitted an email exchange between Safa Gelardi ("Safa") and Arnie Baum, Esq., Subin's Chief Operating Officer, wherein Safa advised Mr. Baum that her company had been enjoined from servicing Subin, and Mr. Baum replied that Subin had previously stopped using plaintiff because "serious issues arose" with plaintiff.  On March 30, 2023, Safa wrote to Mr. Baum:

> Dear Arnie,  as you know, IME Watch dog and IME Companions have been in a heated litigation. We are not allowed to service your law firm anymore.
>
> Although you are free to use any service you like, I recommend Accompanied Exams.
>
> Their contact email is info@accompaniedexams.com.
>
> It has been a great pleasure working with you and everyone at Subin Associates.

On March 30, 2023, Mr. Baum replied:

> I'm sorry to hear that. IME Companions did an excellent job for us.
>
> As you know, **before we retained IME Companions we used IME Watchdog, but stopped using them because serious issues arose**. Since they are not an option for us moving forward, I will contact Accompanied Exams.
>
> Thank you for the recommendation.

(Dkt. No. 225; Ex. G)(Emphasis added).

There is simply no reason to enjoin anyone from contacting Subin to avoid "interfering with plaintiff's client relationships" where Subin ceased being plaintiff's "client" on its own accord quite some time ago "because serious issues arose" with plaintiff, let alone the attorneys for litigants accused in a contempt application of servicing Subin in violation of Court Orders. Moreover, I have been advised that Bergman is not one of plaintiff's clients and has been using Eugene Liddie's company, IME Legal Reps.  I cannot speak for either Ginarte or Zemsky, but I doubt that plaintiff would involve them in this litigation and subject them to being subpoenaed

for a hearing if they were plaintiff's current clients. In any event, plaintiff has submitted no evidence showing that any of the witness law firms are its clients, and we know that two of them are not. There is thus no basis for prohibiting Defendants' counsel from contacting any of these law firm witnesses, even if plaintiff's counsel's bold-faced lies about my alleged misconduct while communicating with Gucciardi were true. With respect to such alleged misconduct, I respectfully request that this Court direct plaintiff's attorneys to submit sworn declarations outlining the <u>factual</u> basis for their accusations client interference against me and my firm. If plaintiffs' attorneys are unable to factually support their accusations, they should face the severest sanctions allowed under Rule 11. Plaintiff's attorneys' sworn statements should include proof concerning the date when Gucciardi last "booked" an IME with plaintiff where plaintiff's attorneys asserted that Gucciardi stopped "booking" IME's with plaintiff due to my contact with Gucciardi in order to convince this Court that I cannot be trusted to communicate with any other law firm witnesses. Plaintiff's attorneys should be required to support their allegation that Gucciardi ceased booking plaintiff because of me with documentary proof concerning the last time when Gucciardi booked plaintiff for an IME.

In any event, we respectfully submit that there is absolutely no legal basis or justification for denying an attorney the opportunity to communicate with crucial witnesses on their clients' behalf to investigate claims being made against their clients, especially where it remains unclear whether such communications are even barred by the Court's most current injunction. <u>See</u> Minute Order dated April 15, 2024 ("Defendants' counsel may contact the Gucciardo Law Firm for the purpose of defending Plaintiff's 288 contempt motion and, to the extent that the Second Amended Injunction could be read as encompassing such communications, it is modified accordingly"). It is absolutely astonishing that a Court would block an attorney from attempting to investigate claims made against his clients by an adversary, particularly in a contempt proceeding where due process rights are involved. We need to communicate with these law firm witnesses to investigate plaintiff's allegations of contempt and to adequately defend plaintiff's contempt application, and only asked the Court for permission out of respect for the Court and to avoid any accusations or appearance of wrongdoing. But our respect for the Court has not been matched by plaintiff's attorneys, who responded with false accusations of wrongdoing concocted to hoodwink this Court into further denying Defendants their due process rights with respect to the contempt proceeding.

For the foregoing reasons, we respectfully request that this Court reconsider the Minute Order and permit Defendants' counsel to communicate with all law firm witnesses identified in plaintiff's contempt application. Our communications with these law firms (which are privileged) will pertain to plaintiff's allegations of contempt. We also respectfully request that this Court direct plaintiff to produce all subpoenaed documents and direct plaintiff's attorneys to submit sworn declarations detailing all facts upon which their false accusations of misconduct

were based.  Attorneys should not be permitted to lie to the Court with impunity about other attorneys.

Respectfully,

*/s/ Jonathon D. Warner*

JDW/ks

cc:     All Counsel (via ECF)