# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

May 6, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

      *Re*: **IME WatchDog, Inc. v. Gelardi,** *et al.*
           **Case No.: 1:22-cv-1032 (PKC) (JRC)**
           <u>**MLLG File No.: 25-2022**</u>

Dear Judge Chen:

      This office, along with Sage Legal LLC, represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case. Plaintiff submits this letter in opposition to Defendants' motion for reconsideration (ECF Docket Entry 325) of the Court's May 3, 2024 Minute Order.

      Motions for reconsideration are governed by Local Civil Rule ("LCR") 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." <u>See</u> LCR 6.3. "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." <u>McKenzie-Morris v. V.P. Records Retail Outlet, Inc.</u>, 2023 U.S. Dist. LEXIS 184020 (S.D.N.Y. Oct. 7, 2023). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Id</u>. Defendants have not carried this heavy burden, warranting the denial of their motion.

      Plaintiff did not state in its letter response in opposition that Defendants' counsel reached out to The Gucciardo Law Firm PLLC ("Gucciardo"); Plaintiff merely argued that since this Court previously permitted Defendants to contact Gucciardo, Gucciardo ceased booking any independent medical examinations ("IMEs") with Plaintiff. On April 16, 2024, Plaintiff's counsel communicated with Gucciardo to alert it that this Court issued an Order permitting Defendants' counsel would be contacting Gucciardo to provide advance notice as Plaintiff reasonably became concerned that it would lose Gucciardo as a client once Defendants' counsel reached out.

      Naturally, customers of Plaintiff – as law firms themselves – do not want to become embroiled in litigation, and customers are lost when this happens. This is exactly what happened with Gucciardo. Gucciardo booked IMEs with Plaintiff on January 25, 2024, February 23, 2024, March 1, 2024, and twice on April 4, 2024; critically, no IME has been booked with Plaintiff after Defendants' counsel contacted them.

Contrary to Defendants' specious arguments, the Court's May 3, 2024 Minute Order in no way prevents Defendants from defending the contempt motion filed against them. Actually, there are plenty of ways for Defendants to attempt to defend themselves. As an initial matter, the most logical way to is to contact the observers identified in the IME reports. Defendants may confront the observers at the hearing to determine whether they were present at the IMEs as stated in the IME reports and at whose direction. There is nothing preventing Defendants from doing this.

Instead, Defendants are seizing on an opportunity to continue to interfere with Plaintiff's customer relationships and cause Plaintiff to lose even more business than it already has. Within mere hours of Plaintiff submitting its second supplemental declaration in further support of its motion for contempt, rather than denying the contents (which they cannot do), Defendants only sought permission for their counsel to contact Plaintiff's current and former customers. There is nothing to be gained by Defendants' counsel contacting Plaintiff's current and former customers (the latter of whom Plaintiff has been attempting to bring back as customers) other than to cause further irreparable harm to Plaintiff.

Defendants also argue that they do not have sufficient time to defend the motion. All of the evidence presented by Plaintiff in support of its motion was only recently uncovered through the issuance of subpoenas. Notably, Defendants have been in possession of all of this evidence all along[1] since they are the ones who continued to defy the Court's orders by continuing to serve clients on the enjoined customer list, and starting at least two other business, Client Exam Services and IME Legal Reps, to circumvent this Court's orders.

Astonishingly, Defendants argue that the documents received from Giant Partners, Inc. *exonerate* Defendants. To the contrary, they prove that Defendants and Eugene Liddie repeatedly perjured themselves at the May 4, 2023 hearing and in various declarations as it unequivocally establishes that Defendants are actually operating IME Legal Reps, which Safa and Liddle swore was not the case. Accordingly, Defendants' motion for reconsideration must be denied.

Dated: Lake Success, New York
       May 6, 2024

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
/s/ Jamie S. Felsen, Esq.

**SAGE LEGAL LLC**
/s/ Emanuel Kataev, Esq.

cc: All Counsel of Record (via ECF).

---

[1] Defendants complain that they have not received all of the documents received in response to the subpoena issued to Giant Partners. However, Defendants are already in possession, custody, and control of all their emails with Giant Partners. This is demonstrated by Defendants' reference to other emails that were not submitted together with Plaintiff's second supplemental declaration. In any event, a copy of the entire production may be accessed here: https://www.dropbox.com/scl/fo/k0boz4yzeq3aivvsdopcd/AHJ05hdLKw-UQJKlFbFar7c?rlkey=kkabvmkqczp0zq4acpzmcgu05&st=w86xfqe4&dl=0.