**WARNER & SCHEUERMAN**
**Attorneys at Law**
**6 West 18th Street, 10th Floor**
**New York, New York 10011**
**Tel: (212) 924-7111**
**Fax: (212) 924-6111**

**Jonathon D. Warner, Esq.**
**jdwarner@wslaw.nyc**

**Karl E. Scheuerman, Esq.**
**kescheuerman@wslaw.nyc**                                      May 6, 2024

**VIA ECF**

Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:    *IME Watchdog, Inc. v. Gelardi, et al.*
       Case No.: 1:22-cv-1032 (PKC)(JRC)

Dear Judge Chen:

        I represent defendants Safa Gelardi, Vito Gelardi and IME Companions LLC
("Defendants") and respectfully submit this letter in reply to the opposition submitted by plaintiff
and in further in support of Defendants' request for an Order, pursuant to Federal Rule 60(b) and
Local Rule  6.3, granting reconsideration and/or reargument of this Court's Minute Order dated
May 3, 2024 (the "Minute Order") which denied Defendants' counsel the right to communicate
with the law firm <u>witnesses</u> identified in plaintiff's latest contempt application.

        This Court denied Defendants' counsel the right to communicate with crucial witnesses to
"avoid further allegations of misconduct by Defendants' counsel in the form of interfering with
Plaintiff's client relationships."  (Minute Order dated May 3, 2024).  Where plaintiff's attorneys
now concede (after being called out by me for making false accusations) that no misconduct of
any type occurred, I respectfully submit that no basis exists for denying me the right to
communicate with the witness law firms, particularly where plaintiff has failed to even allege
that the law firms in question are its current clients.  Indeed, although given the opportunity to
state under oath that Subin Associates LLP, Ginarte Gonzalez & Winograd LLP, Bergman
Bergman Fields & Lamonsoff LLP, and Zemsky & Salomon P.C. are its clients, plaintiff has not.

        I note that while plaintiff's attorneys now deny in their opposing letter ever stating that
Defendants' counsel had reached out to Gucciardi, the truth remains that plaintiff's counsel wrote
in their May 3rd letter: "Indeed, since this Court previously permitted Defendants to contact...
[Gucciardi] for the stated purpose of defending Plaintiff's motion for contempt, Gucciardi has
ceased booking any independent medical examinations... with Plaintiff.  Permitting Defendants

to **continue to reach out** to Plaintiff's customers under the guise of preparing for the contempt hearing will put Plaintiff out of business."  (Dkt. 324)(Emphasis added).

       I need to communicate with the witness law firms because they know firsthand *inter alia*: the identity of the company they booked for the IME's in question; the identity of the individuals with whom they communicated in connection with such bookings; the genuineness of certain documents submitted by plaintiff; and the identity of the company and/or persons who they paid for attending the IME's.  Plaintiff's contempt motion contains no admissible evidence concerning these crucial matters and rests solely on hearsay, conjecture and innuendo.

       Defendants' motion to reconsider should be granted in all respects.

       Respectfully,


       */s/ Jonathon D. Warner*


JDW/ks

cc:     All Counsel (via ECF)