**WARNER & SCHEUERMAN**
Attorneys at Law
6 West 18th Street, 10th Floor
New York, New York 10011
Tel: (212) 924-7111
Fax: (212) 924-6111

| | |
|---|---|
| Jonathon D. Warner, Esq. | Karl E. Scheuerman, Esq. |
| jdwarner@wslaw.nyc | kescheuerman@wslaw.nyc |

May 10, 2024

<u>VIA ECF</u>

Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:  *IME Watchdog, Inc. v. Gelardi, et al.*
     Case No.: 1:22-cv-1032 (PKC)(JRC)

Dear Judge Chen:

    We represent defendants Safa Gelardi ("Safa"), Vito Gelardi ("Vito") and IME Companions LLC ("IME Companions") and write in opposition to plaintiff's contempt application which is procedurally defective, unsupported by any admissible evidence and based upon allegations which have previously been heard and decided by this Court.

    Plaintiff's contempt application should be denied as procedurally defective for several reasons. *First*, plaintiff's motion was improperly brought by letter motion without a supporting affidavit. Rule 83.6 states that a contempt motion "shall be commenced by the service of a notice of motion or order to show cause" and supported by an affidavit which "shall set out with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby and such evidence as to the amount of damages as may be available to the moving party." Rule 7.1(d) states that letter motions may only be used "for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters...." While this Court permitted plaintiff to belatedly file supporting affidavits, the fact remains that contempt motions cannot be made by letter, and plaintiff failed to submit evidence of damages in either affidavit.

    *Second*, plaintiff's motion is an improper repetitive/successive motion which raises allegations of contempt which have previously been adjudicated. To the extent plaintiff's motion is based upon alleged acts of contempt from the Spring of 2023 pertaining to services performed by Client Exam Services ("CES"), Safa has already been found in contempt for such acts pending a finding of damages. Plaintiff's allegation that these acts are "continuing" is <u>false</u> as the Court can see by the dates of the IME's in question (Spring 2023). Moreover, plaintiff suffered no ascertainable damages as a result of any the services performed by CES or by any former "companion." To the extent plaintiff's motion is based upon services provided by Eugene Liddie's

IME Legal Reps ("Legal Reps"), this Court has already found that Legal Reps may service law firms on the enjoined customer list. (231). Plaintiff has not made a proper motion to renew. Nor did plaintiff appeal this Court's Order that Legal Reps is free to service law firms on the enjoined customer list. Plaintiff instead brought a successive motion without regard for this Court's prior holding, which is the law of the case. Plaintiff should not be permitted to abuse the judicial system and to harass Defendants (and Officer Liddie whom plaintiff, a convicted criminal, repeatedly calls a "perjurer") with piecemeal contempt applications. Before moving for contempt, plaintiff was required to marshal its evidence and to submit it in a single contempt application brought in accordance with Local Rule 83.6. The punitive nature of plaintiff's contempt application is underscored by plaintiff's continuing inability to prove contempt damages, other than the costs it has incurred trying to punish Defendants for contempt. Enough is enough. Plaintiff must not be permitted to abuse the judicial system and to harass Defendants (and Liddie) with piecemeal contempt applications based upon conjecture and surmise.

*Third*, and most importantly, plaintiff has failed to support its motion with any admissible evidence. Plaintiff has not submitted any sworn affidavits or deposition testimony from any person with knowledge of the facts. Plaintiff has not authenticated any of the documents attached to its principal's declarations. Plaintiff's motion is based solely upon unauthenticated emails and expert medical reports from personal injury cases, all of which are hearsay (or double-hearsay). For example, a statement by a defendant's expert in an unauthenticated IME report stating that a "companion" appeared on a plaintiff's behalf for IME Companions (or any other company) is inadmissible double-hearsay. For the documents relied upon by plaintiff to be considered by this Court, plaintiff was required to have the documents attached to and authenticated by an appropriate affidavit from a competent witness through whom the documents could be received at trial. Plaintiff failed to submit an affidavit from a competent witness able to authenticate or introduce any document into evidence.

Contempt proceedings are governed by the Federal Rules of Evidence. See Fed. R. Evid. 1101(b)("These rules apply in:... contempt proceedings, except those in which the court may act summarily"). "Evidence that would not be admissible under established federal rules regarding the competency of evidence at trial may not be considered on a motion for contempt." Really Good Stuff, LLC v. BAP Investors, L.C., 2021 WL 2469707*3 (S.D.N.Y. June 17, 2021). "A charge as serious as contempt must be supported by competent evidence." Id. at *5. Plaintiff has failed to authenticate or lay a foundation for the admission of any document it has submitted.

*Fourth*, plaintiff has improperly grouped all Defendants together as a single actor without describing each alleged act of contempt committed by each defendant separately, although required by Local Rules (and due process) to particularize its allegations. Defendants are not jointly and severally liable for contempt, and Vito is not vicariously liable for any alleged act of contempt committed by Safa. Vito should not have been included in plaintiff's motion.

Moreover, plaintiff's motion is substantively meritless for numerous reasons, but primarily because plaintiff's so-called "evidence" does not mean what plaintiff says it means. When a party

fails to comply with a Court Order, they may be held in civil contempt if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2nd Cir. 2004). "[T]he party seeking to hold another in civil contempt bears the burden of proof" to establish the offense by clear and convincing evidence." Levin v. Tiber Holding Corp., 277 F.3d 243,250 (2nd Cir. 2002)(citations omitted). "[T]he clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." Id. "[A] bare preponderance of the evidence will not suffice." In re Weiss, 703 F.2d 653,662 (2nd Cir. 1983)(quotations omitted); see also Drew-King for & on behalf of N.L.R.B. v. Deep Distributors of Greater NY, Inc., 274 F.Supp.3d 132,137 (E.D.N.Y. 2017)(clear and convincing evidence is "more than a mere preponderance"). "The Second Circuit has recognized that 'a contempt order is a potent weapon that is inappropriate if there is a fair ground of doubt as to the wrongfulness of the defendant conduct." Drew-King, 274 F.Supp.3d at 136 (quotations omitted).

Assuming, *arguendo*, that plaintiff had submitted its "evidence" in admissible form, plaintiff has fallen far short of demonstrating a clear and convincing violation of any Court Order. Plaintiff's contempt motion (288) was initially based solely upon its allegation (supported by double-hearsay "evidence" only) that IME Companions had violated this Court's injunction by observing an IME for The Gucciardo Law Firm PLLC "(Gucciardo") on April 20, 2023. Defendants have submitted a Declaration from Gucciardo's office manager proving that plaintiff's initial allegation of contempt was false. Gucciardo's office manager states under oath that Gucciardo has no record of IME Companions observing this IME. As such, plaintiff's initial contempt motion was based upon a false accusation, notwithstanding this Court's prior warning to plaintiff not to make any further baseless and unsupported allegations. (231)("Because the previous May 4th hearing proved to be a waste of the Court's (and the parties') time and resources, Plaintiff is warned that further baseless and unsupported allegations may result in sanctions").

Plaintiff then expanded its contempt application by Supplemental Declaration (317) to include allegations of contempt which were previously decided by this Court. Plaintiff's allegations were "supported" by 1) unauthenticated, hearsay (and double-hearsay) expert medical reports which purportedly show that CES observed a handful of IME's in March and April 2023; and 2) the previously submitted (and disputed) alleged invoices from IME Companions to Subin Associates, LLP ("Subin") for March and April 2023 which purportedly show that IME Companions violated Court Orders by servicing Subin in March and April 2023. Incredibly, one act of contempt identified in plaintiff's declaration occurred on March 10, 2023, before the initial TRO signed was signed that evening.

Plaintiff's accusations concerning CES are old news, although plaintiff's principal has falsely sworn that CES "has continued to serve law firms that Defendants have been enjoined from serving" in an effort to mislead this Court into believing that CES continued to work for law firms on the enjoined customer list after this Court held that it could not. Safa was already found

in contempt for the services provided by CES in the Spring of 2023, and no evidence has been submitted showing a continuing alleged violation by CES. There is simply no basis for another finding of contempt against Safa based upon the acts of CES in the Spring of 2023, where this Court has already found Safa in contempt for the acts of CES in the Spring of 2023, particularly where plaintiff has failed to identify any damages sustained as a result of CES. Plaintiff's damages are merely the expenses it has incurred flooding the NYC area with subpoenas in its desperate search for conduct which it could mischaracterize to this Court as contemptuous and the attorneys' fees it has incurred bringing this frivolous motion. Again, plaintiff should have marshaled and included all of its evidence of alleged wrongdoing by CES in a single contempt motion encompassing all alleged acts of contempt. Safa should not be punished twice for the same alleged acts of contempt, especially when plaintiff suffered no damages on either occasion.

      Plaintiff's accusations concerning Subin were also previously raised, as this Court is aware. (See Minute Order 04/25/24). To make matters worse, plaintiff has submitted its Subin "proof" in inadmissable form, without an affidavit from any person able to authenticate the alleged Subin invoices or competent to swear that IME Companions had continued to service Subin in violation of any Court Order. Plaintiff had over a year to marshal evidence supporting its allegations regarding Subin, but failed to submit any admissible evidence. Plaintiff has not submitted an affidavit or any deposition testimony from Subin. Nor has plaintiff submitted an affidavit or any deposition testimony from any former "companion" showing that IME Companions continued to service Subin. Plaintiff just dusted off its old inadmissable (and disputed) "evidence" and cited it again. Plaintiff's motion must denied as it pertains to Subin.

      Plaintiff further broadened its contempt application by Second Supplemental Declaration (321) to include even more allegations of contempt which were previously decided by this Court. The IME observations identified in plaintiff's second declaration were either performed by CES in the Spring of 2023 or by Legal Reps, which was not barred by any Court Order from conducting any IME where this Court previously held that Legal Reps may service law firms on the enjoined customer list. (231). Again, plaintiff's alleged "proof" is inadmissible. One allegation of contempt in the second declaration based upon double-hearsay which will be proven false at the hearing is plaintiff's claim that IME Companions violated a Court Order by observing an IME for Bergman, Bergman, Fields & Lamonsoff ("Bergman") on April 14, 2023, when Lara Burns was "accompanied by Jeff Beiben from IME Companions." We have subpoenaed Bergman, which has advised us that IME Companions was not working for them as plaintiff falsely alleges. We have also subpoenaed Subin, Ginarte Gonzalez & Winograd LLP, and Zemsky & Salomon P.C., the other three law firms involved in this contempt proceeding. In any event, plaintiff has not submitted any admissible evidence supporting its flimsy allegations with respect to any of the involved law firms. Plaintiff's failure to base its contempt applications on sworn statements and admissible evidence is quite telling. The five-page limit imposed upon Defendants precludes us from describing how plaintiff's "evidence" supporting each alleged act of contempt is unreliable and inadmissible.

  Plaintiff has expanded its "proof" concerning Legal Reps by submitting unauthenticated, hearsay emails it purportedly received from Giant Partners which plaintiff alleges proves that Legal Reps is Defendants' "alter ego" through which Defendants are servicing law firms on the enjoined customer list. Not only are the emails inadmissible, but they do not prove what plaintiff says they prove. They prove only that IME Companions had a pre-existing digital marketing partnership agreement with Giant and that Safa cooperated with Giant to migrate the website to Liddie after he purchased it. Such involvement included Safa providing Go Daddy credentials for the website to fix certain problems Liddie was having and making suggestions to ensure that Legal Reps' new website was fully separated from and different than IME Companions' old website. That plaintiff has twisted and distorted the inadmissible emails it received from Giant is confirmed by several of the emails which plaintiff failed to cite. On April 19, 2023, at 9:23 AM, imelegalreps@gmail.com emailed: "Hello everyone, This is Eugene Liddie, I am the owner of IME Legal Reps.  Please remove the video about IME Companions and please get the new mock ups ready as soon as possible.  we need this website up as IME Legal reps visions immediately. **Please communicate with me as Safa is no longer involved**." (Emphasis added). On April 25, 2023, at 7:05 AM, Liddie emailed: "Conor, you have to fix this. People are associating imecompanions to imelegalreps and that is a significant issue. we will sue giant partners if we lose any clients because of this and it looks like we will. we are not imecompanions and the site should not be linked. this has to be fixed NOW." On April 25, 2023, at 8:57 AM, Liddie emailed: "people are stating that when someone goes to imecompanions.com it goes to imelegalreps.com. how can we fix this, this is looking like it belongs to imecompanions.com we are losing clients. please fix asap." The Giant emails also show that Safa was not emailing from a Legal Reps email account, but from her own personal email account, and that Safa was no longer involved once the wrinkles with the website migration were ironed out.

  Factors to consider if one entity is the alter ego of another include: (1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of business discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arms length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities. See <u>Clipper Wonsild Tankers Holding A/S v. Biodiesel Ventures, LLC</u>, 851 F.Supp.2d 504 (S.D.N.Y. 2012). Plaintiff has submitted no evidence supporting its previously rejected claim that Legal Reps is Defendants' "alter ego." Plaintiff's motion must be denied.

                    Respectfully,

                    */s/ Jonathon D. Warner*

cc:  All counsel (Via ECF)