**WARNER & SCHEUERMAN**
Attorneys at Law
6 West 18th Street, 10th Floor
New York, New York 10011
Tel: (212) 924-7111
Fax: (212) 924-6111

| | |
|---|---|
| **Jonathon D. Warner, Esq.** | **Karl E. Scheuerman, Esq.** |
| jdwarner@wslaw.nyc | kescheuerman@wslaw.nyc |

May 16, 2024

<u>**VIA ECF**</u>

Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:   *IME Watchdog, Inc. v. Gelardi, et al.*
<u>Case No.: 1:22-cv-1032 (PKC)(JRC)</u>

Dear Judge Chen:

We represent defendants Safa Gelardi ("Safa"), Vito Gelardi ("Vito") and IME Companions LLC ("IME Companions") and write in response to plaintiff's letter of today objecting to Defendants' proposed submission of sworn declarations from law firm witnesses in lieu of in person testimony from the subpoenaed law firms.

Plaintiff's objection is groundless. Putting aside the fact that Defendants' counsel was only permitted to communicate with these law firm witnesses a few days before our opposition was due, Defendants seek to submit sworn declarations from the law firms in order to avoid hassling the witness attorneys and interfering with their busy work schedules by forcing them to appear in person at the hearing at 10:00 A.M. as subpoenaed and to wait to be called to testify. Forcing the attorneys to appear in person would unnecessarily inconvenience the attorneys and potentially interfere with Mr. Liddie's business relationships with them (to the extent his company works for the firms) for the reasons previously outlined by plaintiff when plaintiff objected to our contacting of the witness law firms. (Dkt. 326)("Naturally, customers of Plaintiff – as law firms themselves – do not want to become embroiled in litigation, and customers are lost when this happens"). In person testimony would also be a waste of judicial resources to the extent sworn declarations responding to the allegations of contempt can be submitted in lieu of testimony.

It is quite telling that plaintiff has not submitted any sworn statements from any individuals affiliated with any of the law firms which Defendants allegedly serviced in violation of this Court's Orders and now seeks to block the submission of sworn statements from the law firms, although it is the law firms which have first hand knowledge whether they had hired

Defendants to perform work in violation of Court Orders.  Plaintiff has based its contempt application on its own self-serving interpretation of hearsay "evidence," while seeking to block the submission of sworn statements from individuals with knowledge of the facts.

      Plaintiff's demand that Defendants be required to name the individuals from the witness law firms who will testify at the hearing can best be described as fatuous.  Plaintiff's counsel knows full well that Defendants have no control over the identity of the individuals whom the subpoenaed law firms choose to produce to testify in response to our subpoenas.

      Respectfully

      */s/ Jonathon D. Warner*

JDW/ks

cc:    All counsel (via ECF)