**WARNER & SCHEUERMAN**
**Attorneys at Law**
**6 West 18th Street, 10th Floor**
**New York, New York 10011**
**Tel: (212) 924-7111**
**Fax: (212) 924-6111**

**Jonathon D. Warner, Esq.**                                    **Karl E. Scheuerman, Esq.**
**jdwarner@wslaw.nyc**                                          **kescheuerman@wslaw.nyc**

May 17, 2024

<u>**VIA ECF**</u>

Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:     *IME Watchdog, Inc. v. Gelardi, et al.*
        <u>Case No.: 1:22-cv-1032 (PKC)(JRC)</u>

Dear Judge Chen:

        We represent defendants Safa Gelardi, Vito Gelardi and IME Companions LLC and write to respectfully request that the Court accept for filing the Declaration of Clifford Gabel dated May 16, 2024, notwithstanding the Court's Minute Order dated May 16, 2024.

        Mr. Gabel is associated with the firm of Bergman, Bergman, Fields & Lamonsoff, one of the five law firms plaintiff has accused Defendants of servicing in violation of Court Orders. We were not granted permission to communicate with the Bergman Firm until the evening of May 7, 2024 (we received the ecf bounce permitting us to communicate with all of the witness law firms at 6:36 P.M., on May 7, 2024), and our opposition papers were due on May 10, 2024. We attempted to obtain a declaration from the Bergman Firm before our opposition was filed on May 10th, but were unable to procure their cooperation. The Bergman Firm eventually agreed to provide a declaration if we agreed to withdraw our subpoena for their attendance at the May 29th hearing, and we agreed to such condition and have honored our promise by releasing them from the subpoena.

        As previously stated, we have no desire to inconvenience and harass working attorneys by forcing them to appear in Court to testify. We also seek to avoid being accused of interfering with anyone's business relationships with any law firms by forcing them to testify at the hearing, whether it is the plaintiff's business relationship with the firms or Mr. Liddie's business relationship with the firms. We further note that while plaintiff had from March 6, 2024 (288) to May 3, 2024 (321) to file supplemental declarations (and hundreds of pages of attached documents) supporting their allegations of contempt, Defendants only had one week to respond to plaintiff's second supplemental declaration and only three days to communicate with the law

firm witnesses, although it is the Defendants which have due process rights in this quasi-criminal proceeding.

We thank the Court for its consideration of this request.

Respectfully

*/s/ Jonathon D. Warner*

JDW/ks

cc:    All counsel (via ECF)