**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

May 17, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

      *Re*: **IME WatchDog, Inc. v. Gelardi**, *et al.*
           **Case No.: 1:22-cv-1032 (PKC) (JRC)**
           <u>MLLG File No.: 25-2022</u>

Dear Judge Chen:

      This office represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case. Due to the unavailability of Giant Partners, Inc. to appear at the hearing on May 29, 2024, (who is based in the West Coast over 100 miles away from the courthouse), Plaintiff seeks an Order pursuant to Rule 32 of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule") permitting Plaintiff to: (i) depose non-party Giant Partners, Inc. ("Giant Partners") on Tuesday, May 21, 2024 at 3:00 pm or Thursday, May 23, 2024 at 1:00 pm; and (ii) use the transcript at the May 29, 2024 hearing.

      On May 14, 2024, in response to the subpoena Plaintiff issued, Giant Partners informed Plaintiff that it is not available to appear at the May 29, 2024 and objects to doing so, *inter alia*, on the grounds that its witnesses are over one hundred (100) miles away. As a result, Plaintiff met-and-conferred with counsel for Giant Partners who agreed to appear for a remote deposition next week on the aforementioned dates above. Immediately after, Plaintiff informed Defendants and provided them with the option of choosing one of those two dates. Defendants immediately responded by objecting on the ground(s) that insufficient notice was provided and that Plaintiff previously objected to non-party witnesses appearing remotely. Defendants did not state that they are not available to attend and cross-examine Giant Partners; they merely objected based on "insufficient notice."

      Rule 32 provides that a party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: "(B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition[;] … (D) that the party offering the deposition could not procure the witness's attendance by subpoena; or (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used. <u>See</u> Fed. R. Civ. P. 32(a)(4)(B), (D), and (E).

Here, Giant Partners is located on the West Coast, which is more than 100 miles from the courthouse. Moreover, counsel for Giant Partners has represented that a witness is not available to appear, even remotely, on the date of the hearing. Plaintiff thus provided Defendants with the available dates for the deposition to which Defendants objected based solely on "insufficient notice." Critically, Defendants have not argued or asserted that they are unavailable to appear for a deposition on either date. Nor have Defendants offered other dates.

As a result, in the interest of justice, Plaintiff should be permitted to: (i) depose Giant Partners on May 21, 2024 at 3:00 pm or May 23, 2024 at 1:00 pm; and (ii) use the transcript in connection with the May 29, 2024 hearing. See Alessi Equip., Inc. v. Am. Piledriving Equip., Inc., 2022 U.S. Dist. LEXIS 99812, at *2 (S.D.N.Y. June 2, 2022) ("Nonetheless, if [the non-party witness] consents, he may testify by prerecorded video deposition within the confines of [Rules] 32 and 43 … which govern the use of depositions in court proceedings for witnesses beyond the 100-mile radius as well as testimony by video") (citing Fed. R. Civ. P. 32(a)(1), (4), 43(a); Barclay v. New York, 602 Fed. Appx. 7, 13 (2d Cir. 2015) (summary order); Fed. R. Evid. 804(a)(4), (b)(1)).

Defendants' objections to the foregoing is especially unavailing for a multitude of reasons.

*First*, by objecting, Defendants seek to prevent this Court from hearing the truth of what transpired from a disinterested non-party witness.

*Second*, it was Defendants' objections to the authenticity of the documents received in response to the subpoena served upon Giant Partners which required Plaintiff to seek live testimony. See ECF Docket Entry 328 ("plaintiff has twisted and distorted the inadmissible emails"). Defendants cannot have their cake and eat it; they cannot, on one hand, object to the admissibility of documents and later, on the other hand, object to Plaintiff's pursuit of live testimony to do so.

*Third*, Defendants have been on notice for approximately over a month that Plaintiff has sought the testimony of Giant Partners (who only recently objected to appearing) and cannot claim prejudice.

*Fourth*, Defendants' anticipated analogy of their objections to Plaintiff's protests concerning the use of declarations from law firm customers is misplaced; those law firm customers do not fall within the ambit of Rule 32 because they are not located over 100 miles away. More importantly, Plaintiff will examine Giant Partners and have provided Defendants the opportunity to participate in the deposition and cross-examine the witness, which opportunity is not available to Plaintiff with Defendants' failed bid to utilize declarations in violation of Rule 43. For the foregoing reasons, Plaintiff's motion pursuant to Rule 32 should be granted.

    Respectfully submitted,

    **MILMAN LABUDA LAW GROUP PLLC**
    /s/ Jamie S. Felsen, Esq.

    **SAGE LEGAL LLC**
    /s/ Emanuel Kataev, Esq.

cc: All Counsel of Record