**WARNER & SCHEUERMAN**
Attorneys at Law
6 West 18th Street, 10th Floor
New York, New York 10011
Tel: (212) 924-7111
Fax: (212) 924-6111

**Jonathon D. Warner, Esq.**                                              **Karl E. Scheuerman, Esq.**
jdwarner@wslaw.nyc                                                    kescheuerman@wslaw.nyc

May 17, 2024

**VIA ECF**

Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:   *IME Watchdog, Inc. v. Gelardi, et al.*
      Case No.: 1:22-cv-1032 (PKC)(JRC)

Dear Judge Chen:

    We represent defendants Safa Gelardi, Vito Gelardi and IME Companions LLC and write in opposition to plaintiff's letter motion to take a virtual deposition of Giant Partners, Inc., on May 21, 2024, or May 23, 2024, and to use the transcript in lieu of in person testimony at the contempt hearing scheduled for May 29, 2024.

    Plaintiff had from March 6th until May 3rd to procure and submit admissible evidence supporting its allegations of contempt. Plaintiff had from March 6th to May 15th to identify (and procure the cooperation of) all witnesses and to identify (and obtain in admissible form) all exhibits it seeks to admit into the record. Plaintiff's counsel's failure to utilize the time granted by the Court does not constitute grounds for a departure from this Court's deadlines and directives. In that regard, we note that it is the accused rather than the accuser which has due process rights in this quasi-criminal proceeding, and that this Court has already denied Defendants' request to submit sworn declarations from the witness attorneys in lieu of in-person testimony.

    Moreover, plaintiff has **not** served Defendants (or Giant Partners, Inc.) with any notice of any subpoena to take the deposition of Giant Partners next week as required by the Federal Rules of Civil Procedure and has failed to provide us with "reasonable notice" as also required by the Federal Rules of Civil Procedure. See Fed. R. Civ. Pro. Rule 30(b)(1); see also Cole v. City of New York, 2012 WL 1138570 (S.D.N.Y. April 5, 2012). Copies of the subpoena for the proposed deposition with proof of due notice to my office is conspicuously absent from plaintiff's motion papers. We further note that Federal Rule 45(c)(1)(A) expressly states that a subpoena may only command the attendance of a witness "within 100 miles of where the person

resides, is employed, or regularly transacts business in person." Plaintiff's counsel has admitted in their letter brief that the witness they seek to depose "is on the West Coast, which is more than 100 miles from the courthouse." The deposition plaintiff seeks is not authorized under the Federal Rules, even if plaintiff had otherwise provided Defendants with proper and reasonable notice (Plaintiff did not). That plaintiff seeks to conduct the deposition remotely does not change the 100-mile rule. See In re Kirkland, 75 F.4th 1030 (9th Cir. 2023):

> Federal Rule of Civil Procedure 32(a)(4) also supports the conclusion that the Kirklands fall outside the bankruptcy court's subpoena power because it defines witnesses who are "more than 100 miles from the place of ... trial" as "unavailable." Again, there is no indication in this rule that the geographical limitation can be recalibrated under Rule 43(a) to the location of a remote witness rather than the location of trial, nor is there any indication that courts can avoid the consequences of a witness's unavailability by ordering remote testimony. The fact remains that all witnesses—even those appearing remotely—must be compelled to appear, and a court can only compel witnesses who are within the scope of its subpoena power. Rule 43 does not give courts broader power to compel remote testimony; it gives courts discretion to allow a witness otherwise within the scope of its authority to appear remotely if the requirements of Rule 43(a) are satisfied. That is, neither the text of the rules nor the advisory committee's notes establish that the 100-mile limitation is inapplicable to remote testimony or that the "place of compliance" under Rule 45 changes the location of the trial or other proceeding to where the witness is located when a witness is allowed to testify remotely.

Id. at 1044.

For the foregoing reasons, plaintiff's motion should be denied.

                                      Respectfully,

                                      */s/ Jonathon D. Warner*

JDW/ks

cc:     All counsel (via ECF)