UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

IME WATCHDOG, INC.,

                              Plaintiff,

     -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,

                              Defendants.

----------------------------------------------------------------X

Case No.: 1:22-cv-1032 (PKC) (JRC)

**SUBPOENA TO APPEAR AND
TESTIFY AT A DEPOSITION**

To: Giant Partners, Inc.
1461 Lawrence Drive, 2nd Floor
Thousand Oaks, CA 91320

You are commanded, pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule") to appear and testify at a deposition in the above-captioned civil action. The deposition will take place at 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042-1073 and be conducted remotely by videoconference on Zoom or Microsoft Teams at 12:00 p.m. Eastern Standard Time on Tuesday, June 11, 2024.

Plaintiff IME WatchDog, Inc. ("Plaintiff") will provide access credentials ahead of the deposition. The deposition will be recorded by stenographic and/or audio means, may be videotaped, and may also be recorded by instant visual display using real-time transcription software. Defendants are invited to attend and cross-examine.

The topic for the deposition of Giant Partners, Inc. ("Giant Partners") are described below.

Attached hereto as Schedule "A" is the text of:

a. Federal Rule of Civil Procedure ("FRCP") 45(c), relating to the place of compliance;
b. FRCP 45(d), relating to your protection as a person subject to a subpoena; and
c. FRCP 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**PLEASE TAKE FURTHER NOTICE** that the subpoena attached hereto as Exhibit A has been served upon Giant Partners via email to their counsel, who has agreed to accept service via email.

### RULE 30(b)(6) TOPICS

- Basic pedigree
- How witness first met Defendants Safa Gelardi, Vito Gelardi, and IME Companions LLC
- How witness first learned of IME Companions
- How witness first met IME Legal Reps ("IMELR")
- What statements were made concerning transition from Companions to IMELR and by whom
- Who was operating/running/making decisions for IMELR
- Relationship between Eugene Liddie ("Liddie"), the Gelardis, and/or IMELR
- Statements by Defendants and Liddie concerning lawsuit and/or hearing.
- Authentication of emails and documents provided in response to subpoena
- The context of exchanges between Giant Partners, Defendants, and Liddie
- Who provided GoDaddy and related information regarding IMELR
- Payment information for Companions and IMELR

Dated:  Lake Success, New York
        May 21, 2024                         Respectfully submitted,

                                             **MILMAN LABUDA LAW GROUP PLLC**

                                             By:  /s/Jamie S. Felsen, Esq.
                                             Jamie S. Felsen, Esq.
                                             3000 Marcus Avenue, Suite 3W8
                                             Lake Success, NY 11042-1073
                                             (516) 328-8899 (office)
                                             (516) 303-1391 (direct dial)

        (516) 328-0082 (facsimile)

        jamiefelsen@mllaborlaw.com

*Attorneys for Plaintiff*
*IME WatchDog, Inc.*

Dated: Jamaica, New York
       May 21, 2024

**SAGE LEGAL LLC**

By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Additional Attorneys for Plaintiff*
*IME WatchDog, Inc.*

**VIA ECF**

All counsel of record

## SCHEDULE "A"

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g)

(c) Place of Compliance.

   (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

      (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

      (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

         (i) is a party or a party's officer; or

         (ii) is commanded to attend a trial and would not incur substantial expense.

   (2) For Other Discovery. A subpoena may command:

      (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

      (B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

   (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

   (2) Command to Produce Materials or Permit Inspection.

      (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

      (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

         (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   (3) Quashing or Modifying a Subpoena.

      (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

         (i) fails to allow a reasonable time to comply;

    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.
 (e) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
   (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
   (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and

     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt. The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.