# **THE CHARRINGTON FIRM, P.C.** Attorneys and Counselors at Law

One Cross Island Plaza                                                                                                  11 Broadway
Suite 229                                                                                                                        Suite 615
Rosedale, New York 11422                                                                                       New York, New York 10004
(718) 528-4422 Fax: (718) 528-4420                                                                      (*New York City Office*)

June 13, 2024

Hon. Justice Pamela K. Chen
United States District Court
Eastern District of New York
Courtroom: 4F
225 Cadman Plaza East
Brooklyn New York 11201

 Re: IME WatchDog, Inc. v. Gelardi, et al.
 Case No.: 1:22-cv-1032 (PKC) (JRC)

Dear Honorable Pamela Chen:

 As the Court is aware, this office represents Eugene Liddie, a non-party in the above-referenced action. We respectfully object to the issuance of a temporary restraining order against IME Legal Reps and/or Eugene Liddie without a further hearing as to this issue.

 Within the recent videos presented between Defendant Safa Gelardi and Giant Partners, the business name, "IME Legal Reps" was not mentioned once. There is no evidence that the IME Legal Reps business was the subject of the conversation in those videos.

 Mr. Liddie denies any involvement or associations with any company related to the defendants and/or what was discussed within the new videos presented. Moreover, Mr. Liddie was shocked by Safa Gelardi's statements made within the videos and he was never in agreement with her objectives stated in the videos. What she discussed in the videos seemed to be a delusional plan that Mr. Liddie was not privy to or in agreement with.

 Upon information and belief, the company Safa Gelardi references in said videos,

1

"Plaintiff Advocates" relates to the Gelardi's current company "The IME Company" in Texas in that the domain name www.plaintiffadvocates.com redirects to their site for "The IME Company"[1]. Mr. Liddie has no connection to this business whatsoever. Mr. Liddie did not entertain any partnership with the Defendants, nor would such an alliance benefit him or his reputation in any way. Mr. Liddie is in no way an agent or an instrumentality of the Defendants. IME Legal Reps is wholly separate and apart from the Defendants and their participation or information.

There was prior testimony in this case that Mr. Liddie had been interested in opening this type of IME business at least a year prior to starting IME Legal Reps and he has built his business from the ground up on his own. Mr. Liddie would like to be heard with respect to these new claims prior to the imposition of such a drastic remedy. A restraining order would cause extreme prejudice to Mr. Liddie, essentially preventing and thwarting his business from gaining customers and expanding. The Plaintiff's desire to enjoin Mr. Liddie and his company is merely a tactic to cease open, fair and legitimate competition in this field and has nothing to do with the Gelardi's. We are only seeking a brief adjournment of the June 17, 2024 hearing/conference to address these issues.

Respectfully Submitted,
/s/
Karen H. Charrington, Esq.


cc:
Emanuel Kataev, Esq. emanuel@sagelegal.nyc – via E-mail and ECF
Jamie Scott Felsen, Esq. jamiefelsen@mmmlaborlaw.com - via E-mail and ECF
Jonathon D. Warner, Esq. jdwarner@warnerandscheuerman.com - via E-mail and ECF

---

[1] References to the Gelardi's newly formed company are made within Plaintiff's application under ECF docket No. 278

2