# Sage Legal LLC

18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc

June 14, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

      *Re*:   <u>IME WatchDog, Inc. v. Gelardi, *et al.*</u>
              <u>Case No.: 1:22-cv-1032 (PKC) (JRC)</u>

Dear Judge Chen:

      This office, together with Milman Labuda Law Group PLLC, represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case. Plaintiff respectfully submits this reply letter in further support of its motion for a temporary restraining Order pending the continued hearing in this case.

      The overwhelming evidence submitted at the May 29, 2024 hearing establishes that IME Legal Reps is a continuation of and successor to IME Companions LLC ("Companions"), which is spearheaded by Defendants. When faced with bombshell evidence further establishing the undeniable relationship between Eugene Liddie ("Liddie") (or "Liddy," according to Safa Gelardi "Safa") and the Defendants, Liddie doubles down and attempts to insult this Court's intelligence. He now argues, without any evidence whatsoever – in a letter with a writer's voice eerily similar to that of Defendants' counsel – that the entire meeting between Defendants and Giant Partners was based on Defendants "delusional plan." The only delusion is that Liddie expects this Court to believe anything he or Defendants say following their repeated lies to this Court.

      Liddie first argues, through his counsel (or more likely, through Defendants' counsel), that the April 10, 2023 recorded virtual meeting discusses Plaintiff Advocates, not IME Legal Reps. But, critically, this ignores the April 10, 2023 email sent the same day wherein Liddie provided Giant Partners with the GoDaddy credentials for IME Legal Reps mere hours after the virtual meeting. Moreover, Giant Partners repeatedly confirmed at the Rule 32 deposition on June 11, 2024 that the plan discussed on April 10, 2023 was ultimately implemented for IME Legal Reps.

      At the May 4, 2023 hearing, Liddie testified that his interactions with Giant Partners were solely by phone; but then, at the May 29, 2024 hearing, when he was presented with a mountain of emails produced by Giant Partners establishing that he communicated via email with Giant Partners, he conceded that he previously lied.

      Liddie (and the Defendants) also lied about their involvement with each other when they testified that Defendants' involvement was solely to sell the website to Liddie so Defendants could make a mortgage payment and that Defendants thereafter were no longer involved in the IME business. However, the evidence from Giant Partners establishes that Defendants maintained an active and primary role with respect to the IME Legal Reps website. The virtual meeting between Defendants and Giant Partners is merely the icing on the cake.

Critically, Defendants *admitted* at the May 29, 2024 hearing that they disseminated Plaintiff's customer list in an email to Giant Partners on February 6, 2023 to form IME Legal Reps in violation of the May 13, 2022 Order. This crucial admission is all that is necessary to give rise to a temporary restraining Order pending a continued hearing which is being delayed for Liddie's benefit.

Liddie also perjured himself when he testified that it was him, and not Safa, who misspelled his name on several occasions. Contrary to his incredulous testimony that the spell check function misspelled his name, the virtual meeting between Defendants and Giant Partners confirms that Safa was ghost-writing the emails to Giant Partners and that Safa spells Liddie's name "Liddy" (just like it appears that Safa's attorney ghost wrote Liddie's letter). Moreover, it is respectfully submitted that the spell check functions in Microsoft Word, Outlook, and Gmail do not auto-correct the spelling of "Liddie" to "Liddy."

Moreover, the court, itself, in questioning Liddie on May 29, 2024 about how he obtained his first client, Bergman Bergman, Fields & Lamonsoff LLP ("Bergman"), and covered an IME for Bergman a mere four (4) days after "buying" the Companions' website, indicated that his testimony was incredible that some "guardian angel" gave Liddie's number to Bergman who then called Liddie to ask if he had an IME company to then book his services. This court also noted that this testimony was "inconsistent" with Liddie's testimony on May 4, 2023 when he testified that he cold called Bergman.

The evidence adduced at the hearing establishes that Liddie and IME Legal Reps are serving the same customers (virtually all of which are on the Enjoined Customers List), using the same observers, and the same stolen trade secrets. Liddie and IME Legal Reps cannot enjoy the fruit of the poisonous tree and should be prohibited from doing so.

Notably, Liddie failed to produce any documents in response to the subpoena served upon him other than the sham website sales agreement. Shockingly, despite the existence of many emails between Liddie and Safa that were entered into evidence at the May 29, 2024 hearing, Liddie states, in response to the subpoena, that he has no communications, including but not limited to, text messages and/or emails between himself on the one hand, and Jeff Beiben, Safa Gelardi, and/or Vito Gelardi on the other hand related to IMEs and the operation of his IME business.

Similarly, in response to the request in the subpoena for "[a]ll documents related to any website that was purchased by Eugene Liddie from IME Companions and/or Safa or Vito Gelardi, including, but not limited to: (i) the contents of the back end (server end) of the website, including customer list and contact information for customers; and (ii) the contents of the pages on the front end (client side) of the website, including home, service, bookings, about us, our clients, contact us, appointments page, booking page, and users," Liddie unbelievably claims to have no documents. He conveniently states, through his counsel, and not in the form of a sworn declaration or with any evidence, that the website of IME Legal Reps was hacked in May of 2024 wherein no such documents or data related to the website in question are retrievable. Nothing Defendants, Liddie, or their counsel say can be believed at this point in light of these lies.

   It is also worthy to note that Liddie lied at the May 29, 2024 about purportedly not being served with the subpoena, which is further evidence of his gamesmanship and lies.

   These tried-and-true tactics reek of the same dilly-dally and delay Defendants engaged in, which only burdened this Court and the Plaintiff with being forced to prove, over and over, what is evident on its face.

   Accordingly, a temporary restraining Order is warranted pending a continued hearing, for which Plaintiff is prepared to appear for on Monday, June 24, 2024 such that any prejudice resulting from such injunctive relief would be minimal in the unlikely event this Court denies Plaintiff's motion.

   Plaintiff thanks this Court for its continued time and attention to this case.

Dated: Jamaica, New York
   June 14, 2024         Respectfully submitted,

                 **MILMAN LABUDA LAW GROUP PLLC**

                 /s/ Jamie S. Felsen, Esq.

                 **SAGE LEGAL LLC**

                 /s/ Emanuel Kataev, Esq.

cc: all counsel of record