UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IME WATCHDOG, INC.,

                         Plaintiff,

      -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI, GREGORY ELEFTERAKIS, ROMAN POLLAK, ANTHONY BRIDDA, IME COMPANIONS LLC, CLIENT EXAM SERVICES LLC, and IME MANAGEMENT & CONSULTING LLC,

                        Defendants.
------------------------------------------------------------------X

**Case No.: 1:22-cv-1032 (PKC) (JRC)**

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEAL DOCUMENTS IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**MILMAN LABUDA LAW GROUP PLLC**

By: */s/Jamie S. Felsen, Esq.*
Jamie S. Felsen, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
jamiefelsen@mllaborlaw.com

**SAGE LEGAL LLC**

By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff IME WatchDog, Inc.*

**INTRODUCTION**

Plaintiff IME WatchDog, Inc. ("Plaintiff" or "IME WatchDog") respectfully submits this memorandum of law pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure to file under seal, as part of Plaintiff's Order to show cause for injunctive and equitable relief, three (3) documents containing non-public information which are trade secrets and confidential information belonging to IME WatchDog.

**PRELIMINARY STATEMENT**

Plaintiff initiated the instant lawsuit against Defendants for, *inter alia*, violations of the Defend Trade Secrets Act because Defendants engaged in and continue to engage in a civil conspiracy concocted to mimic, imitate, and steal Plaintiff's niche business of providing IME observer services by committing brazen acts of bribery to obtain the confidential information and trade secrets of Plaintiff.

With this information in hand, Defendants have taken easy street to success by earning substantial revenues in providing the same services Plaintiff provides by stealing Plaintiff's trade secrets and confidential information instead of going through the great expense of building a customer and client base, developing the forms and checklists IME observers use, and establishing a team of IME observers available to conduct observations of IMEs.

Defendants have engaged in these criminal and morally deplorable acts for years, and their scheme remains in full force and effect despite Court Orders prohibiting them from continuing to engage in such acts. As discussed in greater detail in Plaintiff's motion for a temporary restraining order and preliminary injunction filed earlier today, Defendants' latest scheme involves Defendants' use of non-parties, Eugene Liddie ("Liddie") and IME Legal Reps ("IMELR") to continue to violate this Court's Orders with impunity. Liddie and IMELR are extensions and

2

successors of Defendant IME Companions, and Defendants have acted in concert with Liddie and IMELR to violate this Court's Orders concerning restraints placed on them.

In support of Plaintiff's latest motion for a temporary restraining order and preliminary injunction in connection with Defendants' use of Liddie and IMELR to assist them in violating this Court's Orders, Plaintiff seeks leave of this Court to file three (3) documents under seal all of which contain confidential information and trade secrets related to Plaintiff's customers, which are protected by the Defend Trade Secrets Act. This information, necessary for Plaintiff's order to show cause to be properly decided, falls into a category of documents regularly sealed by courts in the Second Circuit, as the confidentiality issues implicated by the information are lofty while any countervailing public interest in public access to such documents is significantly lower.

Plaintiff, in recognition of the need to make available to the public as much of the motion as possible, has minimized the portion requiring special treatment. Plaintiff thus seeks to file only three (3) exhibits under seal—those which contain confidential information and trade secrets. The remainder of Plaintiff's submissions in conjunction with its motion for injunctive and equitable relief are filed and available on the public docket. Because the relevant information is of the type regularly filed under seal, and because the amount sought to be sealed is a small portion of the larger motion submissions, Plaintiff respectfully requests that this Court grants its motion to seal.

## **DOCUMENTS SOUGHT TO BE SEALED**

The proposed sealed documents that have been filed contemporaneously under seal on the ECF system and are discussed in the accompanying declaration of Carlos Roa in support of the instant motion are:

- LinkedIn Accelerator spreadsheet in native form as produced by Giant Partners in response to a subpoena served on it by Plaintiff (identified as Exhibit B to the declaration of Emanuel Kataev, ECF Docket Entry 355);

3

- Enjoined Customers List (identified as Exhibit C to the declaration of Emanuel Kataev, ECF Docket Entry 355); and

- Excerpts of the LinkedIn Accelerator spreadsheet in native form identifying each of Plaintiff's 228 customers contained on Exhibit B to the Declaration of Emanuel Kataev who are on the Enjoined Customers List (identified as Exhibit D to the declaration of Emanuel Kataev, ECF Docket Entry 355).

## ARGUMENT

### I. The Legal Standard for Sealing Documents Filed in Court

There is a longstanding presumption and strong public policy favoring public access to court records. See, e.g., Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597–98 (1978). This "presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." See U.S. v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)). However, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). Moreover, courts must then "balance competing considerations against [public disclosure of a judicial document]." Lugosch, 435 F.3d at 120.

### II. Plaintiff Seeks to File Under Seal Documents Containing Trade Secrets

Federal courts have the power to permit sealing of documents where higher values are served by permitting some documents to be kept from public disclosure. This is particularly true when the requests are narrowly tailored, maximizing the amount of the filing available to the public. As part of its order to show cause seeking equitable and injunctive relief, Plaintiff seeks to file a targeted portion of its motion papers under seal. This information, implicating trade secrets and confidential information belonging to Plaintiff is recognized as confidential by their

4

very nature.

As described below, the information subject to this motion should have protection from public disclosure due to their subject matter and the privacy interests involved.

A. **Courts Routinely Permit Filings Containing Trade Secrets to be Filed Under Seal**

Courts routinely grant motions to seal in circumstances where, as here, the documents contain confidential information and trade secrets. See ValveTech, Inc. v Aerojet Rocketdyne, Inc., No. 17-CIV.-6788 (FPG), 2019 WL 4688737, at *4 (W.D.N.Y. Sep. 26, 2019) ("ValveTech describes its alleged trade secrets in greater detail in a separate Trade Secret Disclosure statement that it filed under seal and incorporated into its Amended Complaint by reference. As an exhibit to that statement, ValveTech attached a list of numerous documents in Aerojet's possession that allegedly contain ValveTech's trade secret information"); Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (noting that categories commonly sealed include those containing trade secrets, confidential research and development information, marketing plans, revenue information, [and] pricing information").

In determining whether pursuant to Rule 26(c)(1)(G), because they are trade secrets, documents shall be filed under seal, courts consider:

> (1) the extent to which the information is known outside the business; (2) the extent to which it is known by employees and others involved in the business; (3) the measures taken to guard the information's secrecy; (4) the value of the information to the business or to its competitors; (5) the amount of time, money, and effort expended in development of the information; and (6) the ease or difficulty [in] duplicating or properly acquiring the information.

See Capricorn Mgt. Sys., Inc. v Govt. Employees Ins. Co., No. 15-CIV.-2926 (DRH) (SIL), 2019 WL 5694256, at *20 (E.D.N.Y. Jul. 22, 2019), report and recommendation adopted, 2020 WL 1242616 (E.D.N.Y. Mar. 16, 2020) (citing Nycomed US, Inc. v. Glenmark Generics, Inc., No. 08-

5

CIV.-5023, 2010 WL 889799, at *5 (E.D.N.Y. Mar. 8, 2010).

Because the Enjoined Customer List contains trade secrets and confidential information belonging to Plaintiff, on April 25, 2022, this Court previously granted Plaintiff's motion to file the Enjoined Customer List under seal.  See April 25, 2022 ECF Text Order ("the [56] Motion for Leave to Electronically File Document under Seal Counsel is granted. Plaintiff is directed to file the original document under seal as a separate entry.")  For the same reason this Court previously granted Plaintiff's motion to file the Enjoined Customer List under seal, Plaintiff respectfully requests that the Court, again, grant Plaintiff's motion to file under seal the Enjoined Customer List in connection with its latest motion for a temporary restraining order and preliminary injunction.

The other two (2) documents Plaintiff now seeks to file under seal – (i) the LinkedIn Accelerator spreadsheet in native form as produced by Giant Partners in response to a subpoena; and (ii) excerpts of the LinkedIn Accelerator spreadsheet in native form identifying each of Plaintiff's 228 customers contained on the LinkedIn Accelerator spreadsheet – contain the same trade secrets and confidential information as the Enjoined Customers List: the identity of Plaintiff's customers.

Indeed, the LinkedIn accelerator spreadsheet (Exhibit B to the Declaration of Emanuel Kataev, ECF Docket Entry 355) produced by Giant Partners in response to a subpoena served on it by Plaintiff lists, *inter alia*, 228 of Plaintiff's customers on the Enjoined Customers List along with data related to Giant Partners' efforts in contacting said customers at the behest of Defendants and non-parties, IME Legal Reps and Eugene Liddie.  See Roa Decl. ¶ 4.  Exhibit D to the Declaration of Emanuel Kataev, ECF Docket Entry 355 was prepared by Plaintiff to identify each of the 228 customers of Plaintiff contained on Exhibit B to the Declaration of Emanuel Kataev who are on the Enjoined Customers List.  Id. ¶ 5.

For the same reason that this Court previously granted Plaintiff's motion to file the Enjoined Customers List under seal (because it contains the identity of Plaintiff's customers),

6

Plaintiff respectfully should be permitted to file Exhibits B and D to the Declaration of Emanuel Kataev under seal as they also contain the identity of Plaintiff's customers.

Plaintiff respectfully submits that the information concerning Plaintiff's business submitted under seal herein is not known outside of the business at all and the only employees who know the information within IME WatchDog are Daniella Levi, Esq. (its founder) and Adam Rosenblatt (and now Carlos Roa), its key employees.  See ECF Docket Entry 8.  These documents include the identity of Plaintiff's customers, all of which is inherently private and confidential.

The measures taken by Plaintiff to guard the information's secrecy are set forth in Daniella Levi's February 25, 2022 declaration, and include limiting access to the information as well as technological efforts to safeguard the information.  Id.  Indeed, the only way Defendants were able to obtain the information was by engaging in the criminal act of bribery.  Id.  The value of the information sought to be protected is easily shown by the very fact that Defendants, both of whom are not attorneys, piggybacked off and stole Plaintiff's business concept and utilized it to further their interests to the complete detriment of Plaintiff.  Id.  Finally, the difficulty of acquiring the information sought is apparent, again, because Defendants were forced to bribe Plaintiff's key employee to obtain it.  Id.

As such, every single factor militates in favor of granting the motion to seal.

Accordingly, in order to comply with federal law and protect its interests, Plaintiff submits that the Court grant should its motion to have these documents filed under seal.

### B. Plaintiff Seeks to Seal Documents Containing Non-Public Business Information

Plaintiff has compelling evidence to share with this Court concerning its claims and contempt against Defendants and Liddie and IMELR, but this evidence implicates Plaintiff's trade secrets and confidential information.  To protect the privacy interests intendent with such information, Plaintiff requests to seal these documents as well.

7

Should this information become public, competing entities would gain a competitive advantage by knowing the identity of Plaintiff's customers and will enable those competitors to have an edge in competing against Plaintiff in the future.

"Protecting … specific business information are values that overcome the presumption of public access." See Re: Mindbody, Inc. Securities Litigation, 2021 WL 3500176, at *3 (citing Louis Vuitton Malletier S.A. v. Sunny Merch. Corp., 97 F. Supp. 3d 485, 511 (S.D.N.Y. March 31, 2015)); see also Mitchell v. Metropolitan Life Ins. Co., Inc., No. 03-cv-10294, 2004 WL 2439704, at *2 (S.D.N.Y. Nov. 2, 2004) (ordering the confidentiality of earnings, expense analyses and business plans containing internal financial analyses, business plans and other sensitive company information) (citation omitted). Sensitive business information, such as Plaintiff's financial information and customer lists, outweigh the public's presumed right of access. See Valassis Commc'ns. Inc., 2020 WL 2190708, at *3-4 (finding that the presumption of public access is outweighed by the party's business secrecy interests as well as by the personal privacy interests in employee compensation).

Accordingly, Plaintiff requests that it be permitted to file exhibits B, C, and D to the Declaration of Emanuel Kataev (ECF Docket Entry 355) under seal.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion for leave to seal exhibits B, C, and D to the Declaration of Emanuel Kataev (ECF Docket Entry 355) in support of its motion for a temporary restraining order and preliminary injunction.

Dated: Lake Success, New York
       June 19, 2024

                                                          Respectfully submitted,

                                                          **MILMAN LABUDA LAW GROUP PLLC**

By: <u>*/s/Jamie S. Felsen, Esq.*</u>
Jamie S. Felsen, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1391 (direct dial)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com

*Attorneys for Plaintiff*
*IME WatchDog, Inc.*


**SAGE LEGAL LLC**

By: <u>*/s/ Emanuel Kataev, Esq.*</u>
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Additional Attorneys for Plaintiff*
*IME WatchDog, Inc.*