UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
IME WATCHDOG, INC.,                                    Case No.: 1:22-cv-1032 (PKC)(JRC)

      -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,        **DECLARATION OF KAREN H.**
GREGORY ELEFTERAKIS, ROMAN POLLAK,            **CHARRINGTON ATTORNEY**
ANTHONY BRIDDA, IME COMPANIONS LLC,           **FOR NON-PARTY LIDDIE AND**
CLIENT EXAM SERVICES LLC, and                 **IME LEGALREPS**
IME MANAGEMENT & CONSULTING LLC,
Defendants.
--------------------------------------------------------X

KAREN H. CHARRINGTON, ESQ declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct

1.      I am a principal of the Charrington Firm, P.C., attorneys for the  non-party Eugene Liddie and IME Legal Reps, LLC.

2.      I am fully familiar  of the facts and circumstances surrounding the allegations against non-party Eugene Liddie and IME LegalReps, LLC.

3.      Eugene Liddie may be referred to as "Liddie" and IME LegalReps as "IMELR" throughout the annexed memorandum of law. The memorandum of law annexed hereto is incorporated and made part thereof.

4.      I submit this Declaration in Opposition to the issuance of a TRO or restriction  in any form against the company owned by Eugene Liddie, IME Legal Reps, LLC.

5.      Here,  Plaintiff seeks to: (a)   preliminarily enjoin Defendants, Liddie, IME Legal Reps (hereinafter "IMELR"), and any persons or entities acting in concert with or on behalf of Defendants, Liddie, and IMELR from serving customers on the Enjoined Customers List; (b) preliminarily enjoin Defendants, Liddie, IMELR, and any persons or entities acting in concert with or on behalf of Defendants, Liddie, and IMELR from using in any manner whatsoever IME

WatchDog, Inc.'s ("IME WatchDog") trade secret and confidential and proprietary information (including, without limitation, IME WatchDog's customer database, including the identity and contact information of IME WatchDog's customers, or any other information regarding IME WatchDog's customers, clients, transactions, financial information, or other matters involving IME WatchDog); (c) direct Defendants, Liddie, and IMELR to return to IME WatchDog all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain IME WatchDog's trade secrets and confidential and proprietary information (including, without limitation, IME WatchDog's customer database, including the identity and contact information of IME WatchDog's customers, and for each customer of IME WatchDog the services offered and payments received from IME WatchDog's customers, and/or other matters involving IME WatchDog and which Defendants obtained or accessed, including without limitation information regarding IME WatchDog's customers, clients, transactions, financial information, or other information involving IME WatchDog) with the use of an independent third-party monitor to be paid for by Defendants, Liddie, and IMELR; (d) directing Defendants, Liddie, and IMELR to make all electronic accounts that are in their custody or control and on which they stored information regarding IME WatchDog's tradesecrets and confidential or proprietary information available and accessible to IME WatchDog (including providing relevant passwords) to inspect to ensure IME WatchDog's trade secrets and confidential and proprietary information is secure and has not been improperly copied or distributed and to determine all violations of this Court's Orders; (e) direct Defendants, Liddie, and IMELR to pay for a forensic analysis of their digital devices issuing a Court-Authorized Notice to customers on the Enjoined Customers List; (g) preliminarily enjoin Defendants, Liddie, and IMELR from contacting any IME WatchDog clients and/or individuals

currently performing services for IME Watchdog;  (h) direct Defendants, Liddie, and IMELR to place a public notice on the home page of the websites www.imelegalreps.com, www.theimecompany.com, and any other website operated by Defendants, Liddle, and IMELR with the Court-Authorized Notice; and  (i) preliminarily enjoin Defendants, Liddie, and IMELR from operating Companions and/or IME Legal Reps due to their prior and continued contempt of this Court's Orders; and (j) direct the U.S. Marshal to arrest Safa, Vito, and/or Liddie due to alleged perjury and willful and contumacious conduct in disobeying this Court's multiple Orders.

6.      Non-party Liddie and IMELR respectfully requests that the aforesaid requests for relief by the Plaintiff be denied in its entirety, as set forth within Liddie's declaration and argued within the attached memorandum of law.

        WHEREFORE, your declarant requests that plaintiff's  application be denied in its entirety, and for such other and further relief as to this Court may seem just and proper.

Dated: Rosedale, New York
       June 25, 2024

                                                Respectfully Submitted,

                                                _____/s/_____

                                                KAREN CHARRINGTON, ESQ.
                                                THE CHARRINGTON FIRM, P.C.
                                                Attorneys  for  non-party  Eugene
                                                Liddie and IME LegalReps
                                                One Cross Island Plaza, Suite 229
                                                Rosedale, New York 11422
                                                718-528-4422 (office)
                                                718-528-4420 (facsimile)

To:
Emanuel Kataev, Esq.– via ECF
Jamie Scott Felsen, Esq. - via ECF
Jonathon D. Warner, Esq. Via ECF