UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
IME WATCHDOG, INC.,

                      Plaintiff,

    - against -

SAFA ABDULRAHIM GELARDI, VITO
GELARDI, GREGORY ELEFTERAKIS,
ROMAN POLLAK, ANTHONY BRIDDA,
IME COMPANIONS, LLC, CLIENT EXAM
SERVICES, LLC, and IME MANAGEMENT
& CONSULTING, LLC,

                      Defendants.
-------------------------------------------------------x

**ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER**
22-CV-1032 (PKC) (JRC)

PAMELA K. CHEN, United States District Judge:

Upon consideration of Plaintiff's application for a temporary restraining order and preliminary injunction against Defendants and non-parties Eugene Liddie and IME Legal Reps, Plaintiff's memorandum of law and supplemental briefs filed in support thereof and the accompanying declarations and exhibits attached thereto, non-party Eugene Liddie's memorandum of law in opposition thereto and the accompanying declarations, and the evidence attached to Plaintiff's June 11, 2024 and June 13, 2024 letters, it is hereby

**ORDERED** that Defendants Safa Abdulrahim Gelardi ("Safa"), Vito Gelardi ("Vito"), and IME Companions LLC ("Companions") (collectively, "Defendants") and non-parties Eugene Liddie ("Liddie") and IME Legal Reps ("IMELR"), show cause before the Hon. Pamela K. Chen, U.S.D.J., of this Court to be held at the courthouse thereof, located at 225 Cadman Plaza East, Courtroom 4F North, Brooklyn, NY 11201, **on the 29th day of July, 2024 at 10:00 AM**, or as soon thereafter as counsel can be heard, why an Order should not be issued:

    (a)      preliminarily enjoining Defendants, Liddie, IMELR, and any persons or entities

acting in concert with or on behalf of Defendants, Liddie, and IMELR from serving customers on the Enjoined Customers List;

(b) preliminarily enjoining Defendants, Liddie, IMELR, and any persons or entities acting in concert with or on behalf of Defendants, Liddie, and IMELR from using in any manner whatsoever IME WatchDog, Inc.'s ("IME WatchDog") trade secret and confidential and proprietary information (including, without limitation, IME WatchDog's customer database, including the identity and contact information of IME WatchDog's customers, or any other information regarding IME WatchDog's customers, clients, transactions, financial information, or other matters involving IME WatchDog);

(c) directing Defendants, Liddie, and IMELR to return to IME WatchDog all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain IME WatchDog's trade secrets and confidential and proprietary information (including IME WatchDog's customer database, such as the identity and contact information of IME WatchDog's customers, and for each customer of IME WatchDog, the services offered and payments received from IME WatchDog's customers, and/or other matters involving IME WatchDog and which Defendants obtained or accessed, such as information regarding IME WatchDog's customers, clients, transactions, financial information, or other information involving IME WatchDog), and to cooperate with an independent third-party court monitor to do so;

(d) directing Defendants, Liddie, and IMELR to make all electronic accounts that are in their custody or control and on which they stored information regarding IME WatchDog's trade secrets and confidential or proprietary information available and accessible to IME WatchDog (including providing relevant passwords) to inspect to ensure IME WatchDog's trade secrets and

2

confidential and proprietary information is secure and has not been improperly copied or distributed ,and to determine all violations of this Court's Orders;

(e) directing Defendants, Liddie, and IMELR to submit to a forensic analysis of their digital devices at their sole cost;

(f) issuing a Court-Authorized Notice to customers on the Enjoined Customers List;

(g) preliminarily enjoining Defendants, Liddie, and IMELR from contacting any IME WatchDog clients and/or individuals currently performing services for IME Watchdog;

(h) awarding Plaintiff its damages, costs, and reasonable attorneys' fees incurred in connection with this application; and

(i) for such other and further relief as the Court deems just, equitable, and proper; it is further

**ORDERED**, that pending the hearing and determination of this application, and further Order of this Court, Defendants, Liddie, IMELR, and any persons/entities acting in concert with them, are hereby:

(a) preliminarily enjoined from serving customers on the Enjoined Customers List;

(b) preliminarily enjoined from using in any manner whatsoever IME WatchDog's trade secret and confidential and proprietary information (including, without limitation, IME WatchDog's customer database, including the identity and contact information of IME WatchDog's customers, or any other information regarding IME WatchDog's customers, clients, transactions, financial information, or other matters involving IME WatchDog);

(c) directed to return to IME WatchDog all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain IME WatchDog's trade secrets and confidential and proprietary information

(including IME WatchDog's customer database, including the identity and contact information of IME WatchDog's customers, and for each customer of IME WatchDog, the services offered and payments received from IME WatchDog's customers, and/or other matters involving IME WatchDog and which Defendants obtained or accessed, including information regarding IME WatchDog's customers, clients, transactions, financial information, or other information involving IME WatchDog);

(d) preliminarily enjoined from contacting IME WatchDog's clients and/or agents; it is further

**ORDERED** that pending the hearing of this matter, IME WatchDog shall be permitted to conduct discovery on an expedited basis against Liddie and IMELR, including obtaining documents from Liddie and IMELR and taking depositions in aid of the requested injunctive relief; and it is further

**ORDERED** that service by email and federal express of a copy of this Order, along with the papers upon which it is based, shall be made upon Defendants via ECF and upon Liddie and IMELR at 329 Brookville Avenue, Islip, NY 11751, and via email to his counsel at kcharrington@charringtonlawfirm.com on or before the 2nd day of July, 2024, and such service shall be deemed good and sufficient.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 1, 2024
Brooklyn, New York

4