UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
IME WATCHDOG, INC.,

                              Plaintiff,

         -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,

                             Defendants.
----------------------------------------------------------------X

Case No.: 1:22-cv-1032 (PKC)(JRC)

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION

 

**WARNER & SCHEUERMAN**
Attorneys for Defendants
Safa Abdulrahim Gelardi, Vito Gelardi
and IME Companions, LLC
6 West 18th Street, 10th Floor
New York, New York 10011
(212) 924-7111

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................................ii

PRELIMINARY STATEMENT..........................................................................................................1

ARGUMENT........................................................................................................................................3

POINT I:   PLAINTIFF IS NOT ENTITLED TO ANOTHER
           INJUNCTION PRECLUDING DEFENDANTS FROM DOING
           WHAT THEY HAVE ALREADY BEEN ENJOINED FROM DOING......................3

POINT II:  PLAINTIFF IS NOT ENTITLED TO A MANDATORY
           INJUNCTION DIRECTING DEFENDANTS TO RETURN
           UNIDENTIFIED DOCUMENTS TO PLAINTIFF........................................................7

POINT III: PLAINTIFF IS NOT ENTITLED TO A FORENSIC
           ANALYSIS OF DEFENDANTS' DIGITAL DEVICES...............................................8

POINT IV:  PLAINTIFF IS NOT ENTITLED TO ATTORNEYS' FEES.......................................11

CONCLUSION..................................................................................................................................11

**TABLE OF AUTHORITIES**

**Cases**

A.H. by and through Hester v. French, 985 F.3d 165 (2nd Cir. 2021)..................................................7

Aminov v. Berkshire Hathaway Guard Ins. Companies, 2022 WL 818944
(E.D.N.Y. Mar. 3, 2022)..................................................................................................9;9-10;10

A.X.M.S. Corp. v. Friedman, 948 F.Supp.2d 319 (S.D.N.Y. 2013).......................................................6

Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.,
598 F.3d 30 (2nd Cir. 2010)......................................................................................................3

DeVivo Assocs., Inc. v. Nationwide Mut. Ins. Co., 2020 WL 2797244
(E.D.N.Y. May 29, 2020)..........................................................................................................6

Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110 (2nd Cir. 2009)......................................6

Grand River Enterprises Six Nations, Ltd. v. Pryor, 481 F.3d 60 (2nd Cir. 2007).................................6

Kamerling v. Massanari, 295 F.3d 206 (2nd Cir. 2002)........................................................................6

loanDepot.com, LLC v. CrossCountry Mortg., LLC, 2023 WL 3884032
(S.D.N.Y. June 8, 2023)............................................................................................................9

McCurdy Group v. American Biomedical Group, Inc., 9 Fed.Appx. 822 (10th Cir. 2001).................10

Sussman v. Crawford, 488 F.3d 136 (2nd Cir. 2007).............................................................................3

Tilebar v. Glazzio Tiles, 2022 WL 2906179 (E.D.N.Y. July 22, 2022)................................................6

Wepower Technologies, LLC v. Deak, 2023 WL 4492138 (S.D.N.Y. June 7, 2023)...........................9

**Other**

Fed. R. Civ. P. 34(a) Adv. Comm. Note (2006)....................................................................................9

**PRELIMINARY STATEMENT**

Defendants Safa Abdulrahim Gelardi ("Safa"), Vito Gelardi ("Vito") and IME Companions LLC ("Companions")[1] respectfully submit the instant Memorandum of Law in opposition to the motion of plaintiff IME Watchdog, Inc. ("Plaintiff") for an Order:

(a) preliminarily enjoining Defendants, Eugene Liddie ("Liddie"), IME Legal Reps ("IMELR"), and any persons or entities acting in concert with or on behalf of Defendants, Liddie, and IMELR from serving customers on the Enjoined Customer List;

(b) preliminarily enjoining Defendants, Liddie, IMELR, and any persons or entities acting in concert with or on behalf of Defendants, Liddie, and IMELR from using in any manner whatsoever Plaintiff's trade secret and confidential and proprietary information (including, without limitation, Plaintiff's customer database, including the identity and contact information of Plaintiff's customers, or any other information regarding Plaintiff's customers, clients, transactions, financial information, or other matters involving Plaintiff);

(c) directing Defendants, Liddie and IMELR to return to Plaintiff all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain Plaintiff's trade secrets and confidential and proprietary information (including Plaintiff's customer database, such as the identity and contact information of Plaintiff's customers, and for each customer of Plaintiff, the services offered and payments received from Plaintiff's customers, and/or other matters involving Plaintiff and which Defendants obtained or accessed, such as information regarding Plaintiff's customers,

---

[1] Safa, Vito and Companions will sometimes be referred to as "Defendants."

-1-

clients, transactions, financial information, or other information involving Plaintiff), and to cooperate with an independent third-party court monitor to do so;

(d) directing Defendants, Liddie, and IMELR to make all electronic accounts that are in their custody or control and on which they stored information regarding Plaintiff's trade secrets and confidential or proprietary information available and accessible to Plaintiff (including providing relevant passwords) to inspect to ensure Plaintiff's trade secrets and confidential or proprietary information available and accessible is secure and has not been improperly copied or distributed, and to determine all violations of this Court's Orders;

(e) directing Defendants, Liddie, and IMELR to submit to a forensic analysis of their digital devices at their sole cost;

(f) issuing a Court-Authorized Notice to customers on the Enjoined Customer List;

(g) preliminarily enjoining Defendants, Liddie, and IMELR from contacting any of Plaintiff's clients and/or individuals currently performing services for IME Watchdog; and

(h) awarding Plaintiff its damages, costs and reasonable attorneys' fees incurred in connection with this application.

**ARGUMENT**

**POINT I**

**PLAINTIFF IS NOT ENTITLED TO ANOTHER
INJUNCTION PRECLUDING DEFENDANTS FROM DOING
WHAT THEY HAVE ALREADY BEEN ENJOINED FROM DOING.**

A preliminary injunction has been described as an "extraordinary and drastic remedy" that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Sussman v. Crawford, 488 F.3d 136,139 (2nd Cir. 2007). In the Second Circuit, a party seeking a preliminary injunction must show: "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30,35 (2nd Cir. 2010).

Plaintiff is not entitled to any additional injunctive relief precluding Defendants from competing against Plaintiff or using Plaintiff's alleged trade secrets for several separate and distinct reasons.

*First*, a preliminary injunction is already in place against Defendants which fully protects Plaintiff's business and "trade secrets," and which prohibits Defendants from servicing customers on the Enjoined Customer List and from unfairly competing with Plaintiff by using its "trade secrets." No additional injunctive relief is necessary against Defendants where an injunction is already in place, and there was simply no reason whatsoever for Plaintiff to bring another motion against Defendants seeking duplicative injunctive relief. Plaintiff could have moved for injunctive

relief against IMELR without involving Defendants and without harassing them with an unnecessary request for duplicative relief.

*Second*, and assuming the propriety of Plaintiff's request for a duplicative injunction, Plaintiff has failed to support its request for this extraordinary relief with any evidence of wrongdoing by Defendants. Indeed, Safa clearly and unequivocally testified that Defendants are no longer in the IME observation business in New York, and Plaintiff has not submitted any evidence contradicting her sworn statements. Nor has Plaintiff submitted any evidence showing that Defendants are currently using or threatening to use Plaintiff's "trade secrets," let alone unfairly competing against Plaintiff or threatening to unfairly compete against Plaintiff. Plaintiff's "new" evidence of alleged wrongdoing is a fifteen-month old video from April 2023, where Safa was videotaped ranting to Companions' former marketing agent, Giant Partners ("Giant"). But no evidence been submitted showing that Safa followed through on anything she said on the video or that any of her alleged scheming had come to fruition. That Safa mouthed off to Giant in the Spring of 2023 about a proposed plan she had contemplated does not mean that she followed through on the plan, and Plaintiff has failed to submit a scintilla of proof suggesting that she did. The bottom line is that Companions was put out of business by this Court in the Spring of 2023, and Safa and Vito thereafter moved to Texas. There is no evidence supporting Plaintiff's request for a new injunction against them. Plaintiff is simply harassing Defendants and using its financial advantage to drive up Defendants' litigation costs, with the hope that the Defendants will be ordered to pay Plaintiff's litigation costs.

Nor has Plaintiff submitted any evidence supporting its claim that Defendants' are currently servicing customers on the Enjoined Customer List through IMELR. In fact, IMELR

was not even mentioned in the fifteen-month old Giant video which is at the heart of Plaintiff's application. Again, both Safa and Liddie have denied Plaintiff's accusations under oath, and Plaintiff has yet to submit any actual evidence contradicting their sworn denials. Safa testified that Defendants have no involvement in IMELR and have not made any money off of IMELR, other than from the sale of Companions' website to Liddie. Safa's testimony remains unrefuted. Plaintiff's self-serving interpretation of old emails from the Winter and Spring of 2023 does not constitute proof that Defendants are threatening to service clients on the Enjoined Customer List and/or are threatening to use Plaintiff's "trade secrets" in the Summer of 2024.

*Third*, Plaintiff's requested injunction is far too broad and vague. An injunction barring Defendants "from using in any manner whatsoever Plaintiff's trade secrets and confidential and proprietary information" and from "contacting any of Plaintiff's clients and/or individuals currently performing services for IME Watchdog" is overly broad and vague, unless Plaintiff actually identifies the "trade secret and confidential and proprietary information" and identifies the "clients and/or individuals currently performing services for IME Watchdog." Plaintiff has failed to supply these necessary particulars because Plaintiff lacks evidence showing that Defendants: (a) have used or are threatening to use Plaintiff's "trade secret and confidential proprietary information"; and (b) have contacted or are threatening to contact Plaintiff's clients and employees. The absence of such evidence mandates the denial of injunctive relief.

*Fourth*, Plaintiff has made no effort whatsoever to establish that it will suffer irreparable harm in the absence of injunctive relief. Plaintiff has not even bothered to submit a sworn declaration from its principal identifying the alleged irreparable harm it will suffer in the absence of injunctive relief. A showing of irreparable harm is the "single most important

-5-

prerequisite for the issuance of a preliminary injunction." Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2nd Cir. 2009); see also DeVivo Assocs., Inc. v. Nationwide Mut. Ins. Co., 2020 WL 2797244 (E.D.N.Y. May 29, 2020)(Chen, J.). A party can establish irreparable harm if it shows that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation. See Kamerling v. Massanari, 295 F.3d 206,214 (2nd Cir. 2002); see also Grand River Enterprises Six Nations, Ltd. v. Pryor, 481 F.3d 60,66 (2nd Cir. 2007). The injury alleged to be irreparable on a motion for a preliminary injunction must be actual and imminent, not merely possible, and if the harm can be remedied in money damages, that is the antithesis of irreparable harm, and such a fact requires that the court not find an irreparable injury. See, e.g, A.X.M.S. Corp. v. Friedman, 948 F.Supp.2d 319 (S.D.N.Y. 2013).

Plaintiff has not identified any imminent harm it will sustain in the absence of injunctive relief, whether quantifiable or unquantifiable. Plaintiff has not identified the clients or customers it will lose in the absence of an injunction, and money damages would suffice to compensate Plaintiff for any such losses. See Tilebar v. Glazzio Tiles, 2022 WL 2906179 (E.D.N.Y. July 22, 2022)(Chen, J.)(no irreparable harm for theft of trade secrets because to the extent plaintiff loses customers to defendant, plaintiff will be able to calculate the damages for those losses). Plaintiff's failure to identify any imminent irreparable harm mandates the denial of its request for injunctive relief.

# POINT II

## PLAINTIFF IS NOT ENTITLED TO A MANDATORY INJUNCTION DIRECTING DEFENDANTS TO RETURN UNIDENTIFIED DOCUMENTS TO PLAINTIFF.

Nor is Plaintiff entitled to a mandatory injunction directing Defendants to "return to Plaintiff all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain Plaintiff's trade secrets and confidential and proprietary information" and directing Defendants to make all electronic accounts available and accessible to Plaintiff.

The standard for obtaining preliminary injunctive relief is higher where the movant seeks a mandatory injunction. A party seeking a mandatory injunction must make a strong showing of irreparable harm and demonstrate a clear or substantial likelihood of success on the merits. See, e.g., A.H. by and through Hester v. French, 985 F.3d 165 (2nd Cir. 2021).

Plaintiff has fallen far short of establishing its right this drastic relief. Indeed, Plaintiff has failed to identify any documents or electronic accounts in Defendants' possession that contain Plaintiff's alleged trade secrets, let alone show that they are being used by Defendants. Nor has Plaintiff bothered to identify with any particularity the documents which should be returned to Plaintiff or the electronic accounts which should be made available for Plaintiff's inspection. Plaintiff must identify the documents and electronic accounts in question and establish Defendants' possession and threatened improper use of them. Plaintiff has failed to do so. Defendants should not be directed to return unidentified documents to Plaintiff under the threat of contempt, unless the documents are specifically identified. Plaintiff's failure to identify any documents and/or electronic

accounts in Defendants' possession which contain Plaintiff's alleged trade secrets mandates the denial of Plaintiff's motion.

Not only has Plaintiff failed to identify the documents in question or to show Defendants' possession and threatened improper use thereof, but Plaintiff has ignored that documents pertaining to its alleged trade secrets constitute evidence in this case which is material and necessary to the defense. Defendants cannot defend a trade secret violation case without access to the documents which purport to reflect the alleged trade secrets and would be handcuffed by the Court if forced to do so. The preliminary injunction which is already in place is more than sufficient to protect Plaintiff's alleged trade secrets as evidenced by Plaintiff's failure to submit one iota of proof suggesting that Defendants are using or are threatening to use any documents in their possession reflecting the alleged trade secrets. Plaintiff has not submitted a sworn declaration from anyone showing that Defendants are threatening to use or share Plaintiff's alleged trade secrets. Nor has Plaintiff demonstrated irreparable harm in the absence of a mandatory injunction directing Defendants to return any of the unidentified documents and unidentified electronic accounts. Indeed, Plaintiff's moving papers are entirely devoid of proof of irreparable harm, although injunctive relief cannot be granted in the absence of such proof.

### POINT III

**PLAINTIFF IS NOT ENTITLED TO A FORENSIC
ANALYSIS OF DEFENDANTS' DIGITAL DEVICES.**

Plaintiff has made another request for a forensic examination of Defendants' digital devices without making any effort to show that there is there is any justification for this drastic request. Plaintiff has not shown that there are discrepancies or inconsistencies in Defendants'

discovery responses. Plaintiff has not shown that Defendants have tampered with documents, their computers or otherwise hidden relevant material. Plaintiff has not shown that any evidence has been spoiled. Plaintiff has not attempted to limit its demand to certain devices or certain communications, at certain times. In fact, Plaintiff has based its request solely upon Liddie's subpoena response without any showing of wrongdoing in the form of tampering or spoliation by Defendants. Plaintiff has made no showing of any need for a forensic examination and has ignored the significant privacy concerns involved by Plaintiff's request. Plaintiff's motion is based on sheer speculation and is unsupported by the type of proof required to warrant a forensic analysis.

"Forensic examinations of computers and cell phones are generally considered a drastic discovery measure because of their intrusive nature." Aminov v. Berkshire Hathaway Guard Ins. Companies, 2022 WL 818944*1 (E.D.N.Y. Mar. 3, 2022)(citations omitted); see also loanDepot.com, LLC v. CrossCountry Mortg., LLC, 2023 WL 3884032 (S.D.N.Y. June 8, 2023); Wepower Technologies, LLC v. Deak, 2023 WL 4492138 (S.D.N.Y. June 7, 2023). "Even if acceptable as a means to preserve electronic evidence, compelled forensic imaging is not appropriate in all cases, and courts must consider the significant interests implicated by forensic imaging before ordering such procedures." Aminov v. Berkshire Hathaway Guard Ins. Companies, 2022 WL 818944*1 (E.D.N.Y. Mar. 3, 2022)(citations omitted); see also Fed. R. Civ. P. 34(a) Adv. Comm. Note (2006)("Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy.... Courts should guard against undue intrusiveness resulting from inspecting or testing such systems").

"As such, in situations where a party can show improper conduct on the part of the responding party, a forensic examination may be appropriate." Aminov v. Berkshire Hathaway

Guard Ins. Companies, 2022 WL 818944*1 (E.D.N.Y. Mar. 3, 2022)(citations omitted).  "For example, it is well-settled that discrepancies or inconsistencies in the responding party's discovery responses may justify a party's request to allow an expert to create and examine a mirror image of a hard drive."  Id. (citations omitted).  "Courts have also ordered computer imaging when there is reason to believe that a litigant has tampered with the computer or hidden relevant materials that are the subject of court orders."  Id. (citations omitted).

Mere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant a forensic examination.  See McCurdy Group v. American Biomedical Group, Inc., 9 Fed.Appx. 822 (10th Cir. 2001).  Where there is no evidence of spoliation or alteration, there is no cause to require forensic examination of a digital device on the speculation that additional metadata may exist or that the original metadata was altered.  See Aminov v. Berkshire Hathaway Guard Ins. Companies, 2022 WL 818944 (E.D.N.Y. Mar. 3, 2022).

Here, Plaintiff has failed to submit any evidence supporting its request for a forensic examination of Defendants' digital devices.  Plaintiff has not demonstrated spoliation or alteration of evidence.  Plaintiff has not shown any discrepancy or inconsistences in Defendants' document production.  Plaintiff has not demonstrated that any produced email or text message was not authentic.  Simply put, Plaintiff is seeking access to Defendants' digital devices without offering any justification to overcome the considerable confidentiality and privacy issues attendant to an examination of such devices.  Such a wholesale invasion of the Defendants' privacy should not be authorized by the Court in the absence of specific and concrete evidence of concealment, destruction of evidence, or failure to preserve documents and information by Defendants, particularly where

Defendants' digital devices will be replete with privileged communications with counsel as well as personal and confidential communications wholly unrelated to this litigation.

## POINT IV

### PLAINTIFF IS NOT ENTITLED TO ATTORNEYS' FEES.

The purported legal basis for Plaintiff's request cannot be found within the four corners of its Memorandum of Law, although presumably included among the "bevy of coercive sanctions" requested by Plaintiff. Plaintiff's failure to identify the basis for its request for attorneys' fees mandates the denial of its request, particularly where Plaintiff has failed to show that Defendants have done anything which would warrant the imposition of attorneys' fees. Indeed, all Plaintiff has shown is that Safa was videotaped in the Spring of 2023 discussing a plan which Plaintiff has failed to show ever came to fruition.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request an Order denying plaintiff's motion in its entirety and granting such further relief as may be just.

Dated: New York, New York
       July 17, 2024

>                         **WARNER & SCHEUERMAN**
>                         Attorneys for Defendants
>                         Safa Abdulrahim Gelardi, Vito Gelardi and
>                         IME Companions, LLC
>
> By:   */s/ Jonathon D. Warner*
>       Jonathon D. Warner (5195)
>       6 West 18th Street, 10th Floor
>       New York, New York 10011
>       (212) 924-7111