# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

August 27, 2024

**VIA ECF**
United States District Court Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

    *Re*:   **IME WatchDog, Inc. v. Gelardi**, *et al.*
            <u>Case No.: 1:22-cv-1032 (PKC) (JRC)</u>
            <u>MLLG File No.: 25-2022</u>

Dear Judge Chen:

      This office, along with Sage Legal LLC, represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case. We write concerning Defendants Safa Gelardi, Vito Gelardi, and IME Companions LLC's (collectively hereinafter the "Defendants") August 26, 2024 submission to the Court (which was not filed on ECF, but apparently hand delivered to the Court)[1] to respectfully submit that the submission (i) failed to fully comply with the Court's July 29, 2024 Order (the "Order"); and (ii) establishes material misrepresentations by Defendants and their counsel concerning the Gelardis' sale of their Staten Island home.

      The Order directed Defendants to, in relevant part, "submit complete financial records to the Court, including bank statements *and documentation of all rental agreements, real property, investments, and other assets*. Defendants are warned that failure to comply with these deadlines may result in civil penalties."

      Defendants' submission does not include any documentation of rental agreements. Defendants previously testified that they own real estate that they rent out, but they have failed to produce any such rental agreements. Nor have Defendants produced documents concerning their real property (aside from their Staten Island home), their investments, and other assets they own.

      Further, Defendants' submission does not include complete financial records for Defendants because (i) the bank records are heavily redacted without any basis therefor; and (ii)

---

[1] Defendants' conduct is thus violative of this Court's Individual Practices and Rules, as well as Administrative Order 2004-08, which provides that all case documents must be filed electronically via ECF. See Individual Rules ¶ 1(A). Moreover, Defendants have not sought to seal their submission, which bid would fail in any event under the standard set forth in <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110 (2d Cir. 2006).

no bank records were provided for Defendant IME Companions LLC. Moreover, Defendants should be required to submit a sworn declaration stating that no other bank accounts exist or have existed for any of the Defendants and any of their businesses in the last two (2) years.

As warned by the Court, the failure to comply with the Order may result in civil penalties. It is respectfully submitted that Defendants have materially failed to comply with the Order such that civil penalties are warranted.

In addition, Defendants produced a document entitled "Purchase Money Mortgage & Rent to Buy" for their Staten Island home, which was executed on March 1, 2024. This reflects a blatant end-run around of this Court's February 29, 2024 Order – from just a day earlier – ordering attachment of the net proceeds from the Defendants' sale of the Staten Island Property. See ECF Docket Entry 284. This document also establishes that all of the representations made to this Court by Defendants and their counsel concerning the sale of their Staten Island house that purportedly was "killed" by the purchaser were false and that Defendants and their counsel have engaged in a fraud upon this Court and the Plaintiff to prevent the proceeds from the sale to be attached.

On May 17, 2024, Defendants informed the Court "we have been advised by the sellers' attorney that the purchaser 'killed the deal' and that the sale is thus not expected to close." See ECF Docket Entry 334. The identity of that seller was Anthony Masullo. See ECF Docket Entry 280-2. However, the records produced by Defendants on August 26, 2024 establish that this representation was entirely false. Indeed, instead of proceeding with the sale and placing the money in escrow as required by the February 29, 2024, on March 1, 2024, just a day later, the Gelardis entered into the Purchase Money Mortgage & Rent to Buy agreement with Anthony Masullo – the original putative purchaser – for the Staten Island home.

Notably, on the same day that the Gelardi's entered into the Purchase Money Mortgage & Rent to Buy agreement, they misrepresented to the Court "we have conferred with real estate counsel for Safa and Vito concerning the closing of the sale of their Staten Island home and the payment of the net proceeds into escrow, and have been advised that the closing has not yet been scheduled, despite this Court's Order directing my office to account for the net sale proceeds as if it were a fact that the closing would be held today." See ECF Docket Entry 287. As set forth above, this was also a materially false statement. Then, on March 8, 2024, Defendants informed the Court "we have been advised by the real estate attorney for Safa and Vito that the closing of the sale of their Staten Island home has not yet been scheduled. We have further been advised that the purchaser's loan application remains "in underwriting" and that the lender has not cleared the loan for closing." See ECF Docket Entry 297. This was similarly a false statement.

On March 15, 2024, Defendants informed the Court that no closing date was scheduled. See ECF Docket Entry 300. On March 28, 2024, Defendants again informed the Court that there was no closing scheduled. See ECF Docket Entry 308. On April 5, 2024, Defendants informed the Court that the closing was scheduled for April 12, 2024. See ECF Docket Entry 309. On April

11, 2024, Defendants informed the Court that the closing would not occur the following day and "we have further been advised that the lender's attorney does not yet have clearance to close." See ECF Docket Entry 310. On April 19, 2024 and May 2, 2024, Defendants informed the Court that no closing date had been scheduled. See ECF Docket Entries 314 & 320. Each of these representations were false as the Gelardis had entered into the Purchase Money Mortgage & Rent to Buy agreement on March 1, 2024 to avoid having the proceeds attached. They and their counsel intentionally withheld the existence of the Purchase Money Mortgage & Rent to Buy agreement from the Court while they made numerous misrepresentations that Defendants were selling the house and were awaiting a closing date and that the buyer backed out of the deal.

Based on this egregious conduct and fraud upon this Court and the Plaintiff, severe sanctions are warranted, including the forced sale of the Staten Island home, Plaintiff's attorneys' fees for filing this motion, and monetary sanctions. Further, to give effect to this Court's February 29, 2024 Order, Defendants should be required to place all rental income received from March 1, 2024 in escrow together with all future rental income received.

Defendants' repeated perjury, aided by their counsel, should not go unpunished, and Plaintiff should not be forced to expend attorneys' fees uncovering and exposing lie after lie like an uninitiated sous chef peeling onions.

Dated: Lake Success, New York
      August 27, 2024                  Respectfully submitted,

                                            **MILMAN LABUDA LAW GROUP PLLC**

                                            /s/ Jamie S. Felsen, Esq.

Dated: Jamaica, New York
      August 27, 2024

                                            **SAGE LEGAL LLC**

                                            /s/ Emanuel Kataev, Esq.

cc: All Counsel of Record (via ECF)