**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

September 17, 2024

**VIA ECF**
United States District Court Eastern District of New York
Attn: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

   Re: **IME WatchDog, Inc. v. Gelardi,** *et al.*
     **Case No.: 1:22-cv-1032 (PKC) (JRC)**
     **MLLG File No.: 25-2022**

Dear Judge Chen:

  This office, along with Sage Legal LLC, represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case. Pursuant to Local Civil Rule 37.3, Plaintiff respectfully submits this letter concerning discovery disputes with (i) Defendants Safa Gelardi ("Safa"), Vito Gelardi ("Vito"), and IME Companions LLC's ("Companions") (Safa, Vito, and Companions collectively hereinafter the "Defendants"); and (ii) non-party Eugene Liddie ("Liddie").[1]

**Defendants' Failure to Produce Documents In Compliance With the Court's 7/29/24 Order**

  In a July 29, 2024 text order (the "Order"), the Court ordered Defendants to, in relevant part, "submit complete financial records to the Court, including bank statements *and documentation of all rental agreements, real property, investments, and other assets*. Defendants are warned that failure to comply with these deadlines may result in civil penalties." (emphasis added).

  Defendants' submission does not include any documentation of rental agreements. Defendants previously testified that they own several properties that they rent out, but they failed to produce any rental agreements. Defendants have also not produced documents concerning their investments and other assets they own. Further, Defendants' submission does not include complete financial records for Defendants because (i) the bank records they produced are heavily redacted; and (ii) no bank records were provided for Defendant Companions.

  After Defendants failed to fully comply with the Order, Plaintiff met and conferred with Defendants by telephone on September 6, 2024 for approximately twenty (20) minutes during

---

[1] Because these discovery disputes relate to the contempt hearings and order of attachment issued by this Court, Plaintiff has submitted these disputes to your Honor rather than to Magistrate Judge Cho.

which time Defendants' counsel said he would discuss the outstanding deficiencies with his clients. However, to date, Defendants have not cured the deficiencies and have not responded to Plaintiff's correspondence following up on these deficiencies.

Plaintiff respectfully requests the issuance of an another Order directing Defendants to produce (i) all documentation of rental agreements (regardless of the length of time the properties were rented); (ii) documents concerning their investments; (iii) documents concerning any other assets they own besides the properties for which they provided mortgage statements; (iv) unredacted bank records; and (v) bank records for Companions. Moreover, Plaintiff requests that Defendants be ordered to submit a sworn declaration stating that no other bank accounts exist or have existed for any of the Defendants and any of their businesses in the last two (2) years. Lastly, Defendants should be sanctioned as the Court warned them that the failure to comply with the Order may result in civil penalties.

Rule 37 also provides that, if a party fails to comply with an Order or fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. See Fed. R. Civ. P. 37(a)(3)(A); Fed. R. Civ. P. 37(b)(2)(A) and (C); Fed. R. Civ. P. 37(a)(4) (an evasive or incomplete disclosure must be treated as a failure to disclose). Factors that a court may consider in determining whether to exercise this discretion include: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance. See Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009).

Here, every factor militates in favor of issuing sanctions for willful failure to comply with the Order. First, it is abundantly evident that Defendants are willfully non-compliant due to the evasive nature of their responses. Second, Defendants have demonstrated a disregard for prior non-discovery related Orders such that lesser sanctions would not be effective. Third, Defendants have not complied with the Order for approximately a month-and-a-half. Finally, Defendants were specifically warned in the Order that "failure to comply with these deadlines may result in civil penalties".

**Liddie's Failure to Comply With Subpoena**

Although Liddie has responded to portions of Plaintiff's subpoena that was served on him[2], Liddie has refused to produce (i) unredacted bank statements and tax returns for IME Legal Reps and Liddie; and (ii) IME Legal Reps' sales by customers for April 10, 2023 through the present.

---

[2] Liddie responded to Plaintiff's subpoena by stating, incredibly, that he has zero communications between himself and the Gelardis and between he and any of the observers who he employs. After Plaintiff followed up on this incredible response, Liddie provided a declaration confirming same and clarifying that no such communications are on his *current* device, meaning that data was

2

  The bank statements provided by Liddie contain redactions of the amounts and sources of every deposit and withdrawal and beginning and ending balances and the last names of the observers that were paid by IME Legal Reps. This information is relevant on numerous grounds because it relates to Plaintiff's damages as the result of IME Legal Reps, a successor to IME Companions, servicing customers on the Enjoined Customer List using most of the same observers that IME Companions used, and because it would tend to show whether there were any financial transactions between Defendants and Liddie.

  The tax returns produced by Liddie redacted all financial information, including gross receipts. This information is relevant for the same reason as the bank statements.

  Liddie provided only the identity of IME Legal Reps' customers since April 10, 2023. He did not provide information regarding the actual sales with such customers, which was requested in the subpoena. This information, likewise, is relevant to Plaintiff's damages.

Dated: Lake Success, New York
   September 17, 2024       Respectfully submitted,

                  **MILMAN LABUDA LAW GROUP PLLC**

                  /s/ Jamie S. Felsen, Esq.

Dated: Jamaica, New York
   September 17, 2024
                  **SAGE LEGAL LLC**

                  /s/ Emanuel Kataev, Esq.

cc: All Counsel of Record (via ECF)

---

deleted and/or that a prior phone was not held. Liddie's spoliation will be addressed in a separate motion at a later time.