**WARNER & SCHEUERMAN**
Attorneys at Law
6 West 18th Street, 10th Floor
New York, New York 10011
Tel: (212) 924-7111
Fax: (212) 924-6111

| | |
|---|---|
| **Jonathon D. Warner, Esq.** | **Karl E. Scheuerman, Esq.** |
| jdwarner@wslaw.nyc | kescheuerman@wslaw.nyc |

September 17, 2024

**VIA ECF**

Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:  *IME Watchdog, Inc. v. Gelardi, et al.*
       Case No.: 1:22-cv-1032 (PKC)(JRC)

Dear Judge Chen:

We represent defendants Safa Gelardi ("Safa"), Vito Gelardi and IME Companions LLC and write in opposition to plaintiff's letter motion (383) seeking to compel Safa to appear in person for the hearing scheduled for September 25, 2024 (the "September 25th Hearing").

Plaintiff's letter motion should be denied as both procedurally defective and substantively meritless. Indeed, this Court has repeatedly reminded plaintiff that its filings must comply with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and your Honor's Individual Rules. This Court's most recent reminder occurred on August 27, 2024, when it directed plaintiff's attention to Local Rule 7.1(d), which states that only "[a]pplications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters may be brought by letter-motion." This Court advised plaintiff that it will not accept further letter motions outside of these categories.

Notwithstanding this Court's admonishment, plaintiff has yet again made an improper letter motion demanding that Safa (who resides out-of-state) be directed to testify in person at the September 25th Hearing. Clearly, a request for a party to appear and testify is not an application for an extension, an adjournment or a pre-motion conference. Nor is such request a "similar non-dispositive matter." Plaintiff's improper letter motion should be summarily denied. If plaintiff believes that grounds exist to compel Safa to testify in person (for the third time), plaintiff should move in accordance with the Federal Rules of Civil Procedure and supported its request with documentary evidence and sworn declarations. Plaintiff's letter motion should be summarily denied.

Nor is there any merit to plaintiff's motion. *First*, and as plaintiff points out in its letter motion, this Court has already directed Safa to appear in person twice with respect to this matter, and she complied on both occasions by appearing in person on May 29, 2024, and on July 29, 2024. After the July 29th hearing, this omnibus hearing was closed with the exception of the virtual testimony of Giant Partners, Inc. ("Giant"). Defendants' testimony was complete and the record was otherwise closed.

*Second*, this Court's Minute Orders dated July 30, 2024 and August 9, 2024 make it crystal-clear that the September 25th Hearing will be limited to the virtual testimony of Jeremy Koenig of Giant. If plaintiff wanted to cross-examine Safa in person with respect to the subpoenaed documents it has allegedly obtained from Subin Associates, LLP ("Subin"), plaintiff should have cross-examined Safa with such documents on either May 29th or July 29th. Indeed, Subin was identified as a non-party witness in plaintiff's original contempt application (288), and plaintiff had months to subpoena any records it needed from Subin before Safa took the stand in May and July. Plaintiff even objected to defendants identification of Subin as a defense witness, and defendants were precluded from calling Subin in their defense to plaintiff's contempt application. Plaintiff's failure to adequately prepare for the hearing does not constitute grounds for forcing Safa to appear in person to testify for a third time, particularly where plaintiff objected to defendants' attempt to call Subin to testify on May 29th. Moreover, this is the second time plaintiff has demanded that Safa return to New York to testify in person after their initial in-person testimony of May 29th only to be cross-examined with documents which plaintiff failed to timely subpoena. Safa was forced to return on July 29th to testify concerning documents and videos belatedly subpoenaed by plaintiff from Giant, although plaintiff's allegations regarding Giant were not included in its contempt application. Safa should not be forced to return yet again to testify concerning documents belatedly subpoenaed from Subin. Plaintiff's should have laid bare its proof in its moving papers and cross-examined Safa once with all relevant documents and should not be permitted to continue its piecemeal litigation tactics.

*Third*, plaintiff has failed to show any need for Safa's testimony (much less in person testimony) where plaintiff has failed to submit the subpoenaed records from Subin and has failed to explain why another cross-examination is needed in view of such records. Such failure only underscores the impropriety of plaintiff's letter motion. Plaintiff was duty bound to make a real motion supported by documentary evidence and sworn declarations showing the factual and legal basis for its request that Safa be compelled to testify in person yet again. In that respect, we note that plaintiff has failed to provide defendants with any of the subpoenaed documents it obtained from Subin and should be directed to do so rather than be permitted to continue to conduct contempt hearing by ambush. Defendants cannot fully oppose plaintiff's request without reviewing the subpoenaed documents. Nor has plaintiff explained why it failed to subpoena Subin in a timely fashion. Plaintiff's counsel's sharp practice and incessant sandbagging of defendants do not constitute grounds for re-opening the hearing and forcing Safa to testify in person for a third time.

*Fourth*, traveling on short notice from Texas to New York for the September 25th appearance will be unduly expensive and onerous for Safa, who is experiencing financial difficulties as evidenced by defendants' prior Court submissions, and will leave defendants scrambling for childcare on short notice. In view of modern technology, there is no reason why Safa should be required to appear in person to testify (for a third time), where her testimony can be provided in accordance with Fed. R. Civ. P. Rule 43(a) via contemporaneous video testimony in the event this Court considers her testimony necessary, notwithstanding plaintiff's failure to submit any evidence showing that her testimony is in fact necessary. See, e.g., Argonaut Ins. Co. v. Manetta Enterprises, Inc., 2020 WL 3104033 (E.D.N.Y. 2020)(Chen,J.).

                                                                                       Respectfully,

                                                                      */s/ Jonathon D. Warner*

JDW/ks

cc:      All counsel (via ECF)