**WARNER & SCHEUERMAN**
Attorneys At Law
6 West 18th Street, 10th Floor
New York, New York 10011
Tel: (212) 924-7111
Fax: (212) 924-6111

**Jonathon D. Warner, Esq.**
jdwarner@wslaw.nyc

**Karl E. Scheuerman, Esq.**
kescheuerman@wslaw.nyc                                September 24, 2024

<u>**VIA ECF**</u>

Hon. James R. Cho, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11021-1804

Re:   <u>*IME WatchDog, Inc. v. Gelardi, et al.*
       Case No. 1:22-cv-1032 (PKC)(JRC)</u>

Dear Judge Cho:

    We represent defendants Safa Gelardi, Vito Gelardi and IME Companions LLC (collectively, "Defendants") in the above-referenced matter and write in opposition to plaintiff's Rule 37 motion. (385). Plaintiff's motion should be denied as procedurally defective and substantively meritless.

    Plaintiff's motion should be summarily denied where plaintiff failed to comply with this Court's Local Rules and with your Honor's Individual Practices. Local Civil Rule 37.2 states: "Unless the individual practices of the judge presiding over discovery require a different procedure, no motion under Fed. R. Civ. P. 26 through 37 inclusive and Fed. R. Civ. P. 45 will be heard unless counsel for the moving party has first requested an informal conference with the court by letter-motion for a pre-motion discovery conference and that request has either been denied or the discovery dispute has not been resolved as a consequence of the conference." "[T]he individual practices for the judge presiding over discovery" (your Honor) state: "In the event the parties are unable to resolve a discovery dispute, the parties must write to the Court and describe their dispute in a single letter, jointly composed." Your Honor's Individual Practices further state: "After submission of the joint letter, the Court may schedule a conference to discuss the dispute. If the dispute cannot be resolved during the conference, the Court may order the parties to brief a motion to compel or for a protective order."

    Accordingly, before making the instant motion, plaintiff was required to consult with my office in connection with the submission of a joint letter to your Honor describing our dispute, so

that a pre-motion conference could be scheduled. Plaintiff failed to comply with your Honor's Individual Practices. Plaintiff instead jumped the gun and filed its Rule 37 motion, without submitting a jointly-composed letter describing the alleged discovery dispute. Simply put, no pre-motion conference has been held, although required under this Court's Local Rules and your Honor's Individual Practices. Plaintiff's premature Rule 37 motion should not be heard.

In the event this Court hears plaintiff's defective motion, plaintiff's motion should be denied as baseless. It is well-settled that where a party alleges that the opposing party failed to disclose documents it was required to produce, the moving party bears the burden of showing that its adversary failed timely to disclose required information. See, e.g., Pall Corp. v. 3M Purification Inc., 279 F.R.D. 209 (E.D.N.Y. 2011). To satisfy its burden, the moving party must demonstrate that (1) the party has control over the documents and an obligation to produce them; (2) the party failed timely to produce the evidence with a culpable state of mind; and (3) the untimely produced documents are relevant to claims or defenses. Id. (citations omitted); see also Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99 (2nd Cir. 2002).

Plaintiff has fallen far short of meeting its burden for numerous reasons. *First*, plaintiff has failed to demonstrate that Defendants have control over and are in possession of any documents which they have allegedly failed to produce. Plaintiff's conjecture and surmise concerning the existence of additional documents does not constitute evidence establishing that additional responsive documents exist, much less that any additional responsive documents are in Defendants' possession and control. No evidence has been submitted showing that any of the allegedly outstanding documents actually exist.

*Second*, plaintiff has failed to demonstrate that Defendants have an obligation to produce any additional documents **to plaintiff**. The Order which Defendants have allegedly violated is Judge Chen's July 29, 2024 Minute Order (the "Order") which states:

> By August 12, 2024, Defendants shall advise the Court whether they have reached an agreement with Berkeley Research Group, LLC, the neutral forensic examiner appointed by the Court, to repay Defendants' outstanding bill, including the details of the agreed-upon payment plan. Also by August 12, 2024, Defendants shall submit complete financial records **to the Court**, including bank statements and documentation of all rental agreements, real property, investments, and other assets. Defendants are warned that failure to comply with these deadlines may result in civil penalties.

(Emphasis added).

The Order arose out of Safa's offer to the Court at the conclusion of a July 29th omnibus hearing to produce evidence demonstrating her inability to pay the forensic examiner in full by a date certain, after Judge Chen stated that the Court was reserving ruling on all issues with the

exception of the Defendants' failure to pay the forensic examiner. Pages 274-282 of the hearing transcript are annexed as Exhibit "A." Judge Chen stated that she intended to set a deadline for Defendants to pay the forensic examiner and would assess a $200 per week penalty if Defendants failed to comply. (Ex. A, pg. 274, lines 20-24). Safa interjected that Defendants were unable to pay by a date certain and that, "I'll give you all my bank statements..." (Id. at 275, line 23). Safa stated: "I will give you all our bank statements, anything that you ask for, to prove to you that there's no possible was I could come up with something like that in thirty days" (Id. at 276, lines 13-15) and that "I will gather all the information you need to see for yourself that we are living paycheck to paycheck" (Id. at 279, lines 17-18). Judge Chen stated:

> So you have two weeks in which to report back on your efforts to come up with a compromise deal with BRG. You will yell me exactly what it is that has been accepted, if anything has been negotiated.
>
> And then also, you will turn over all of your financial records, such as rental agreements, et cetera, so that I can see exactly –... – whether or not you have the means to pay this. Because it is a debt that's been outstanding for far too long with no effort, no seeming effort to try to pay it.

(Id. at 280, lines 8-20). Judge Chen concluded: "If you can come up with some payment arrangement that BRG will accept, let me know in two weeks, but otherwise I might impose a deadline with some potential penalties...." (Id. at 281, lines 13-16).

      Accordingly, the Order did not direct Defendants to produce any documents to plaintiff as part of their discovery obligations: the Order directed Defendants to produce certain financial records "to the Court" in connection with Defendants' allegation that they lack the financial means to pay the neutral forensic examiner in full by a date certain. Defendants have not violated any alleged discovery order, and the Order simply directed Defendants to produce certain documents to the Court so it could determine whether it should set a deadline for Defendants to pay the forensic examiner and impose financial penalties on Defendants in the event they fail to pay. The Order is not enforceable by discovery motion made by plaintiff.

      *Third*, plaintiff has failed to submit any evidence showing that Defendants failed to timely produce documents with a culpable state of mind. In fact, plaintiff has failed to even show that Defendants failed to produce any documents which actually exist. Plaintiff has simply alleged, without any evidence, that Defendants have failed to produce documents which plaintiff presumes exist. Plaintiff's allegations of non-compliance are based upon nothing more than hearsay and supposition.

      *Fourth*, plaintiff has failed to establish that any of the allegedly outstanding documents are relevant to plaintiff's claims. The documents sought by plaintiff are personal financial

records requested by the Court in connection with the issue of Defendants' ability to pay the court-appointed forensic examiner. None of these financial records are relevant to plaintiff's claims, let alone discoverable in this action. Nor were these records even requested by plaintiff in any discovery demand. They were requested by the Court to assess Defendants' ability to pay the forensic examiner. To the extent the documents were redacted, such redactions were made to conceal private and confidential information which is none of plaintiff's business.

For the foregoing reasons, plaintiff's discovery motion should be summarily denied. Plaintiff has made a baseless motion demanding documents which plaintiff is not entitled to receive in discovery, while ignoring this Court's Local Rules and your Honor's Individual Practices. The Order was issued to assist the Court in determining whether Defendants should be directed to pay the forensic examiner rather than to direct Defendants to provide post-judgment discovery to plaintiff as plaintiff has falsely suggested in its groundless motion.

                                                Respectfully yours,

                                                */s/ Jonathon D. Warner*

JDW/ks

cc:      All counsel (VIA ECF)