# THE CHARRINGTON FIRM, P.C. Attorneys and Counselors at Law

One Cross Island Plaza
Suite 229
Rosedale, New York 11422
(718) 528-4422 Fax: (718) 528-4420

11 Broadway
Suite 615
New York, New York 10004
(*New York City Office*)

September 24, 2024

Hon. James R. Cho
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

     Re:  IME WatchDog, Inc. v. Gelardi, et al.
        Case No.: 1:22-cv-1032 (PKC) (JRC)

Dear Honorable Justice Cho:

  This office represents Eugene Liddie ("Liddie") and IME Legal Reps, non-parties in the above-referenced action. In response to Plaintiff's September 17, 2024 letter motion, Mr. Liddie previously turned over responses to virtually all of the demands within Plaintiff's subpoenas. As per Plaintiff counsel's letter, what remains outstanding are "(i) unredacted bank statements and tax returns for IME Legal Reps and Liddie; and (ii) IME Legal Reps' sales by customers for April 10, 2023 through the present[1]."

  On July 16, 2024, and July 17, 2024, pursuant to Fed.R.Civ.P. 45, Mr. Liddie objected to providing such documents as such demands were irrelevant, overbroad and because said disclosures require the disclosure of confidential and protected information. Plaintiff subpoenas are overbroad, irrelevant, unnecessary and amount to a fishing expedition.

  Plaintiff claims that the co-defendants have some level of ownership in IME Legal Reps,

---

[1] A redacted copy of the sales by customer was disclosed by Liddie.

1

Mr. Liddie's business. That issue is still pending before the Court and there has been no determination as to the co-defendant's actual involvement with IME Legal Reps. IME Legal Reps is not a party to this action and has maintained that they are not connected with Gelardi Defendants or IME Companions in any form. Thus, such information would be irrelevant at this juncture.

The details of such transactions have no bearing on relevant information or evidence for this case. Plaintiff's counsel claims in his letter motion that the information is relevant because they *believe* that IME Legal Reps is a "successor to IME Companions" and will relate to Plaintiff's damages. But again, no determination has been made as to Plaintiff's theory of a successor relationship, thus a request as to details as to IME Legal Reps financial transactions is irrelevant, overbroad and unripe. "The fact that information is potentially relevant is not sufficient" *U.S. v. RW Professional Leasing Services Corp*. 228 F.R.D. 158 (EDNY 2005)

Fully unredacted copies of Mr. Liddie's personal bank statement or tax returns would not provide relevant information. Moreover, IME Legal Reps has turned over redacted copies of his bank statements which identify each transaction but doesn't provide the full details. Such unredacted disclosures give the Plaintiff the identity of the relevant transactions within his personal and business accounts. The unredacted information within the statements clearly shows the names and the type of transaction.

Plaintiff's demands are overbroad because what has been provided is sufficient. Additional unspecified disclosures would only allow Plaintiff to fish through the nonparties' unrelated finances unlawfully.

Plaintiff has failed to allege any questionable charges where Plaintiff would specially need to see the additional details. Courts have found that a request for any and all documents is

2

overbroad. *See Morocho v. Stars Jewelry by A Jeweler Corp*, 345 F.R.D. 292 (S.D.N.Y. 2024); *Citing to Gropper v. David Ellis Real Estate, L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, (S.D.N.Y. Feb. 10, 2014).  Here, seeking the production of any and all of Liddie's and IME Legal Reps financial details is too overbroad.

Non-party Liddie and IME Legal Reps made specific objections to the disclosure of certain information.  Plaintiffs should be required to seek the details of only specific transactions that may be relevant to the issue relating to this matter.  Liddie and IME Legal Reps should not be ordered to produce any unrelated or irrelevant detailed transactions. Any relevant transactions to the matter at hand were provided unredacted.

As to certain communications related to Plaintiff's letter motion (Fn. 2), Liddie stated that he has no such communications on his *current* device, not because any data was deleted or "not held" but because he no longer has the phone which may have had such communications and Liddie was never ordered or requested to maintain such information.

Mr. Liddie respectfully requests that Plaintiff's application be denied in its entirety; alternatively, that Plaintiff be directed to identify specific and truly questionable transactions so that Mr. Liddie can either produce or object to such specific requests; and/or alternatively that the Court hold an in-camera inspection of such unredacted documents to determine the relevance of the same.  Mr. Liddie also respectfully requests, for confidentiality purposes and in support of this response, that he be permitted to email the Court the disclosures already provided to Plaintiff for the Court's review, as opposed to uploading the same to ECF.

Respectfully Submitted,
         /s/
Karen H. Charrington, Esq.

3

cc:
Emanuel Kataev, Esq. emanuel@sagelegal.nyc – via E-mail and ECF
Jamie Scott Felsen, Esq. jamiefelsen@mmmlaborlaw.com - via E-mail and ECF
Jonathon D. Warner, Esq. jdwarner@warnerandscheuerman.com - via E-mail and ECF