# EXHIBIT A

| | |
|---|---|
| **From:** | Jamie Felsen |
| **To:** | Jonathon Warner |
| **Cc:** | Emanuel Kataev |
| **Subject:** | IME Watchdog v. Gelardi |
| **Date:** | Wednesday, August 28, 2024 7:48:00 PM |
| **Attachments:** | 2024-08-28 Rule 11 Letter.pdf |
| | 2024-08-28 Notice of Motion for Sanctions.pdf |

Jonathon,

See attached.

---

Jamie S. Felsen - Partner
Milman Labuda Law Group PLLC
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
Telephone (516) 328-8899
Fax (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately. Thank you.

## MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

August 28, 2024

**VIA E-MAIL & CERTIFIED MAIL**
Jonathon D. Warner, Esq.
Warner & Scheuerman
6 West 18th Street, 10th Floor
New York, NY 10011

    *Re:*   **IME WatchDog, Inc. v. Gelardi, *et al.***
            **Case No.: 1:22-cv-1032 (PKC) (JRC)**

Dear Mr. Warner:

    This letter shall serve as a safe harbor notice, under Rule 11 of the Fed. R. Civ. Proc. of Plaintiff's anticipated motion for sanctions[1] in order to provide your firm and Defendants with twenty-one (21) days (i) to acknowledge that you and Defendants made the misrepresentations to the Court as outlined in Plaintiff's August 26, 2024 letter to the Court (ECF Docket Entry 377), the contents of which are incorporated by reference herein; (ii) for Defendants to place all rental income for their Staten Island home (located at 148 Claypit Rd, Staten Island NY) received since March 1, 2024 in escrow together with all future rental income received; and (iii) proceed immediately with the sale of the Staten Island home to Anthony Masullo.

    Fed. R. Civ. Proc. 11 provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

---

[1] Plaintiff will also seek sanctions pursuant to Rule 37, 28 U.S.C. § 1927, and the Court's inherent power.

  (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

  Here, as explained in ECF Docket Entry 377, you and Defendants made material misrepresentations to the Court about the status of the sale of the Staten Island Property the purpose of which was to evade the Court's February 29, 2024 Order ordering pre-judgment attachment of the net proceeds from the Defendants' sale of the Staten Island Property.

  If Plaintiff is forced to file a Rule 11 motion, the sanctions they will seek, *inter alia*, are an Order directing Defendants and your firm to pay Plaintiff's attorneys' fees for drafting this motion. See Oliveri v. Thompson, 803 F.2d 1265, 1274 (2d Cir. 1986) ("[A] sanction for attorneys' fees may be imposed either on the attorney who signs a paper, or on the party he represents, or on both"). Plaintiff will also seek all other relief identified in the notice of motion.

        Guide yourselves accordingly,

        Jamie S. Felsen, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IME WATCHDOG, INC.,                      Case No.: 1:22-cv-1032 (PKC) (JRC)

                    Plaintiff,                **NOTICE OF MOTION**

      -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,

                    Defendants.
-------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that, upon the reading and filing of Plaintiff's Memorandum of Law in Support of its Motion for Sanctions, Plaintiff, IME Watchdog, Inc., by and through the undersigned counsel, will move this Court before the Honorable Pamela K. Chen, U.S.D.J. as soon as counsel may be heard, for an Order:

(i) Pursuant to Rule 37 of the Fed. R. Civ. Proc, for violating this Court's July 29, 2024 Order:

(a) directing Defendants to submit complete financial records to the Court, including bank statements and documentation of all rental agreements, real property, investments, and other assets;

(b) directing Defendants to submit a sworn declaration stating that no other bank accounts exist or have existed for any of the Defendants and any of their businesses in the last two (2) years other than those identified in the documents produced by Defendants in ECF Docket Entry 379;

(c) directing Defendants to pay civil penalties and Plaintiff's attorneys' fees; and

(d) such other and further relief as this Court deems just and proper.

(ii) Pursuant to Rules 11(b) and (c) of the Fed. R. Civ. Proc., 28 U.S.C. § 1927, and this Court's inherent power, for making numerous misrepresentations that Defendants were selling their Staten Island home and were awaiting a closing date and that the buyer backed out of the deal:

(a) forcing the sale of Defendants' Staten Island home located at 148 Claypit Rd, Staten Island NY 10309;

(b) the payment of monetary sanctions by Defendants and their counsel;

(c) the payment by Defendants and their counsel of Plaintiff's attorneys' fees incurred for filing this motion; and

(d) requiring Defendants to place all rental income received since March 1, 2024 in escrow together with all future rental income received until the sale of the home; and

(e) such other and further relief as this Court deems just, equitable, and proper.

Dated: August 28, 2024

        Respectfully submitted,

        **MILMAN LABUDA LAW GROUP PLLC**

        By:   /s/ Jamie S. Felsen
                 Attorneys for Plaintiff
                 3000 Marcus Ave., Suite 3W8
                 Lake Success, NY 11042
                 (516) 328-8899

        **SAGE LEGAL LLC**

        By:   /s/ Emanuel Kataev, Esq.
                 Attorneys for Plaintiff
                 18211 Jamaica Avenue
                 Jamaica, NY 11423-2327
                 (718) 412-2421