UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IME WATCHDOG, INC.,

                    Plaintiff,

    -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI, GREGORY ELEFTERAKIS, ROMAN POLLAK, ANTHONY BRIDDA, IME COMPANIONS LLC, CLIENT EXAM SERVICES LLC, and IME MANAGEMENT & CONSULTING LLC,

                    Defendants.

-------------------------------------------------------------------X

Case No.: 1:22-cv-1032 (PKC) (JRC)

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR <u>RECONSIDERATION</u>

**MILMAN LABUDA LAW GROUP PLLC**
    Attorneys for Plaintiff
    3000 Marcus Ave., Suite 3W8
    Lake Success, NY 11042
    (516) 328-8899

**SAGE LEGAL LLC**
    Attorneys for Plaintiff
    18211 Jamaica Avenue
    Jamaica, NY 11423-2327
    (718) 412-2421

## **PRELIMINARY STATEMENT**

Plaintiff respectfully submits this motion for partial reconsideration of this Court's September 25, 2024 Order (the "Order") awarding attorneys' fees.

This motion solely seeks reconsideration of that portion of the Order that concluded that Plaintiff abandoned any claim for compensatory damages in its motion for contempt.

For the reasons set forth below, Plaintiff's claims for damages should not be deemed abandoned and all claims for damages should be reserved for trial.

## **STATEMENT OF FACTS**

In the Order, the Court found, in relevant part, that Plaintiff does not identify any actual losses it suffered due to Defendants' contemptuous conduct, and that Plaintiff has abandoned, as part of its contempt motion, compensatory damages apart from attorneys' fees and costs because it has not requested any other forms of damages. See ECF Docket Entry 394 at 6.

However, the actual damages Plaintiff suffered due to (1) Safa's contact with Roa, and (2) the creation of Client Exam Services ("CES") is not easily ascertainable and Plaintiff has been frustrated from receiving discovery concerning the extent of damages at least with respect to CES.

Indeed, Fari Gutierrez ("Gutierrez") was subpoenaed at least twice to appear at hearings to testify about, *inter alia*, the extent of CES' operations and which customers it has served, but has failed to appear despite being served. See Declaration of Emanuel Kataev, Esq., ¶ 3 Exhibit "A."

In light of the foregoing, Plaintiff's damages should not be deemed abandoned, and Plaintiff should be permitted to present evidence of damages at trial

1

**LEGAL STANDARD**

A motion for reconsideration may be granted where the moving party shows that the court overlooked controlling law or facts that, had they been considered, would have altered the disposition of the motion. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Reconsideration may also be "granted to correct clear error, prevent manifest injustice, or review the court's decision in light of the availability of new evidence." See Mendez-Caton v. Carribean Family Health Center, 340 F.R.D. 60, 74 (E.D.N.Y. Jan. 28, 2022) (citing Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).

**ARGUMENT**

**PLAINTIFF'S CLAIMS FOR DAMAGES SHOULD BE RESERVED FOR TRIAL**

Because Plaintiff was unable to obtain evidence of its compensatory damages in connection to Defendants' contempt due to no fault of its own, and despite Plaintiff's due diligence to subpoena witness testimony and evidence in advance of the hearing, Plaintiff's claims for compensatory damages should not be abandoned and this Court should nonetheless consider such a claim at trial. Critically, courts may exercise discretion to do so even if a finding is made that a claim has been abandoned. See, e.g., Est. of M.D. by DeCosmo v. New York, 241 F.Supp.3d 413, 423 (S.D.N.Y. 2017) (reasoning that the court may exercise its discretion and examine the merits of an abandoned claim); see also Masciotta v. Clarkstown Cent. Sch. Dist., No. 14-CV-7128, 2016 WL 4449660, at *7 (S.D.N.Y. Aug. 23, 2016).

Courts in similar circumstances have permitted a plaintiff to present evidence of damages at trial notwithstanding a failure to present such evidence in earlier motion practice, even on summary judgment motions. See Ruggiero v. Cnty. of Orange, No. 20-CV-7693 (AEK), 2023 WL 7005074, at *8 (S.D.N.Y. Oct. 24, 2023) ("Although Defendants also contend that Plaintiff

has abandoned claims regarding his injuries by failing to address their arguments about them … Plaintiff does not assert a standalone cause of action for these injuries; rather, he maintains that he suffered these injuries as a result of the use of excessive force on August 9, 2019, and that damages should be awarded based on these injuries. Plaintiff has opposed Defendants' motion for summary judgment as to his excessive force claim, and has not abandoned his ability to seek damages for injuries resulting from that use of force, should he be able to provide evidence at trial sufficient to demonstrate his entitlement to such damages").

Just like in Ruggiero, this Court should not deem Plaintiff's claims of compensatory damages abandoned until it is given an opportunity to present said damages at trial, especially in light of the circumstances here, where evidence of damages rests in the possession of the Defendants and their proxies, who have been nothing short of obstinate in providing same.

Indeed, where a court finds that a defendant's conduct has caused the plaintiff substantial damages, courts permit the plaintiff to submit additional evidence of damage, even if the proof offered *at trial* is deficient.  See Shred–It USA, Inc. v. Mobile Data Shred, Inc., 228 F.Supp.2d 455, 462–63 (S.D.N.Y.2002), aff'd 92 Fed. Appx. 812 (2d Cir.2004) (ordering parties to present additional evidence where plaintiff did not prove the amount of damages by a preponderance of the evidence); see also Nat'l Papaya Co. v. Domain Indus., Inc., 592 F.2d 813, 826 (5th Cir.1979) (where it was evident that plaintiff suffered substantial damage, but proof of such damage at trial was deficient, a proper course would have been to allow plaintiff to present additional evidence).

Based on the foregoing, Plaintiff's motion for reconsideration should be granted to the extent of reconsidering that Plaintiff's compensatory damages claims have been abandoned and permitting Plaintiff to present evidence of compensatory damages at trial.

Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
      October 9, 2024

**MILMAN LABUDA LAW GROUP PLLC**

By:   /s/ Jamie S. Felsen
      Attorneys for Plaintiff
      3000 Marcus Ave., Suite 3W8
      Lake Success, NY 11042
      (516) 328-8899

Dated: Jamaica, New York
      October 9, 2024

**SAGE LEGAL LLC**

By:   /s/ Emanuel Kataev, Esq.
      Attorneys for Plaintiff
      18211 Jamaica Avenue
      Jamaica, NY 11423-2327
      (718) 412-2421