### AFFIDAVIT OF SERVICE

State of New York                County of Eastern                United States District Court

Index Number: 1:22-CV-1032 (PKC) (JRC)
Date Filed: _____

Plaintiff:
**IME Watchdog, Inc.**

vs.

Defendant:
**Gelardi, et al.**

For:
Milman Labuda Law Group PLLC
3000 Marcus Avenue
Suite 3W8
Lake Success, NY 11042

Received by Nicoletti & Harris to be served on **Fari Gutierrez, 8117 102nd Avenue, Apartment 1, Ozone Park, NY 11416.**

I, Alan Feldman, being duly sworn, depose and say that on the **27th day of April, 2023** at **1:06 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action and a witness fee check in the amount of $40.00** with the date and hour of service endorsed thereon by me, to: **Fari Gutierrez** at the address of: **8117 102nd Avenue, Apartment 1, Ozone Park, NY 11416**, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Description** of Person Served: Age: 30, Sex: M, Race/Skin Color: Tan, Height: 5'9", Weight: 170, Hair: Black, Glasses: N

I certify that I am over the age of 18 and have no interest in the above action.

STATE OF      New York)
COUNTY OF   New York )

Subscribed and Sworn to before me on the 28th day
of April, 2023 by the affiant who is personally known
to me.

Ana E. Sanchez
Notary Public State of New York
Bronx County
Lic No. 01SA5067260
Commission Expires: October 15, 2026

_____
**Alan Feldman**
2058467

**Nicoletti & Harris**
101 Avenue of the Americas
9th floor
New York, NY 10013
(212) 267-6448

Our Job Serial Number: NHI-2023006942

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n



AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| IME WatchDog, Inc. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No.  1:22-cv-1032 (PKC) (JRC) |
| Safa Abdulrahim Gelardi, et al. ) | |
| *Defendant* ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  Fari Gutierrez, 8117 102nd Avenue, Apartment 1, Ozone Park, NY 11416

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United States District Court for the Eastern District of New York | Courtroom No.: 4F North |
|---|---|
| 225 Cadman Plaza East, Brooklyn, NY 11201-1804 | Date and Time: 05/04/2023 12:00 pm |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

all communications by text, email, or otherwise with Defendants Safa Abdulrahman Gelardi, Vito Gelardi, and any agent of IME Companions LLC, as well as any customers served by Defendants.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/26/2023

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  IME WatchDog, Inc.

_____, who issues or requests this subpoena, are:

Milman Labuda Law Group PLLC, Emanuel Kataev, Esq., 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042-1073, emanuel@mllaborlaw.com, (516) 303-1395

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:22-cv-1032 (PKC) (JRC)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| IME WatchDog, Inc. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:22-cv-1032 (PKC) (JRC) |
| Safa Abdulrahim Gelardi, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:              Fari Gutierrez
        8117 102nd Avenue, Apt 1, Ozone Park, NY 11416

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Addendum A

| Place: Milman Labuda Law Group PLLC 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042 | Date and Time: 05/12/2024 at 5:00 PM |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/22/2024

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   IME WatchDog, Inc
_____ , who issues or requests this subpoena, are:

Jamie Felsen, Esq., 3000 Marcus Ave., Ste. 3W8, Lake Success, NY 11042;  jamie@mllaborlaw.com; (516) 303-1391

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ADDENDUM A

1. All communications, including but not limited to, text messages and emails, between you on the one hand, and Safa Gelardi, and/or Vito Gelardi, and/or Jeff Beiben to info@imecompanions, reports@imecompanions.com, sgelardi@imecompanions.com on the other hand, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

2. All communications, including but not limited to, text messages and emails, between you on the one hand, and Eugene Liddie, and/or Jeff Beiben to info@imelegalreps.com, reports@imelegalreps.com on the other hand, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

3. All communications, including but not limited to, text messages and emails, between you on the one hand, and any agent of IME Legal Reps, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

4. All communications, including but not limited to, text messages and emails, between you on the one hand, and any agent of Client Exam Services, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

5. A list identifying all IMEs you have attended since March 10, 2023, including the identity of the plaintiff's law firm on whose behalf you attended.

# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

———————

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

April 22, 2024

Fari Gutierrez
8117 102nd Avenue, Apt 1, Ozone Park, NY 11416

> **_Re:_**   **IME WatchDog, Inc. v. Gelardi, _et al._**
> **Case No.: 1:22-cv-1032 (PKC) (JRC)**

Dear Mr. Gutierrez:

This office represents IME Watchdog, Inc., the plaintiff in the above-referenced matter.

## THIS LETTER SHALL SERVE AS NOTICE THAT YOU ARE REQUIRED TO PRESERVE A COPY OF THE FOLLOWING DOCUMENTS:

1. All documents and communications, including but not limited to, text messages, emails, and voicemails, related to services you performed for any entity related to observing independent medical examinations between March 1, 2023 and the present. This includes, but is not limited to, the following:

   a) All notes taken by you during each medical examination at which you appeared;
   b) All texts and e-mails between yourself and any person, law firm, attorney, employee or agent of any law firm or attorney, entity and/or representative of any entity, or anyone else related to each medical examination at which you appeared;
   c) All bills and/or invoices related to each medical examination at which you appeared;
   d) All documents created by you or on your behalf, including drafts, addendums, and final reports related to each medical examination at which you appeared;

## YOUR FAILURE TO PRESERVE THE ABOVE DOCUMENTS MAY LEAD TO SUBSTANTIAL SANCTIONS ISSUED BY A JUDGE FOR YOUR DESTRUCTION OF SAME

Please note that if we suspect you have destroyed evidence, we will request that the judge direct a forensic analysis of your electronic devices, computers, and emails. The judge in this case previously directed a forensic analysis of the defendants' devices. We trust that you will heed this warning and take it seriously to avoid the necessity of court intervention.

Thank you for your attention to this matter and for your anticipated cooperation.

Very Truly Yours,

/s/ Jamie S. Felsen, Esq.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-cv-1032 (PKC) (JRC)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| IME WatchDog, Inc. )<br>*Plaintiff* )<br>v. )<br>Safa Abdulrahim Gelardi, et al. )<br>*Defendant* ) | Civil Action No.  1:22-cv-1032 (PKC) (JRC) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Jonathan Frobart, 321 Maple Avenue, Apartment 2, Westbury, NY 11590

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United States District Court for the Eastern District of<br>New York<br>225 Cadman Plaza East, Brooklyn, NY 11201-1804 | Courtroom No.: 4F North |
|---|---|
| | Date and Time: 05/04/2023 12:00 pm |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

all communications by text, email, or otherwise with Defendants Safa Abdulrahman Gelardi, Vito Gelardi, and any agent of IME Companions LLC, as well as any customers served by Defendants.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/26/2023

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* IME WatchDog, Inc.
_____ , who issues or requests this subpoena, are:

Milman Labuda Law Group PLLC, Emanuel Kataev, Esq., 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042-1073, emanuel@mllaborlaw.com, (516) 303-1395

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:22-cv-1032 (PKC) (JRC)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| IME WatchDog, Inc. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No.  1:22-cv-1032 (PKC) (JRC) |
| Safa Abdulrahim Gelardi, et al. ) | |
| *Defendant* ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Jeff Beibin, 8301 60th Avenue, Middle Village, NY 11379 or
5826 83rd Place, Apartment 2, Middle Village, NY 11379

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United States District Court for the Eastern District of New York | Courtroom No.: 4F North |
|---|---|
| 225 Cadman Plaza East, Brooklyn, NY 11201-1804 | Date and Time: 05/04/2023 12:00 pm |

    You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

all communications by text, email, or otherwise with Defendants' customers.

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/26/2023

            CLERK OF COURT

                                                    OR

    _____          _____
        *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* IME WatchDog, Inc.
_____ , who issues or requests this subpoena, are:

Milman Labuda Law Group PLLC, Emanuel Kataev, Esq., 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042-1073, emanuel@mllaborlaw.com, (516) 303-1395

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:22-cv-1032 (PKC) (JRC)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____                                    on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| IME WatchDog, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:22-cv-1032 (PKC) (JRC) |
| Safa Abdulrahim Gelardi, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Hesham "Sammy" Salameh, 15 Boiling Springs Avenue, Apartment A, East Rutherford, NJ 07073-1435

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United States District Court for the Eastern District of New York 225 Cadman Plaza East, Brooklyn, NY 11201-1804 | Courtroom No.: 4F North |
|---|---|
| | Date and Time: 05/04/2023 12:00 pm |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

all communications by text, email, or otherwise with Defendants Safa Abdulrahman Gelardi, Vito Gelardi, and any agent of IME Companions LLC, as well as any customers served by Defendants.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/26/2023

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* IME WatchDog, Inc.
_____, who issues or requests this subpoena, are:

Milman Labuda Law Group PLLC, Emanuel Kataev, Esq., 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042-1073, emanuel@mllaborlaw.com, (516) 303-1395

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:22-cv-1032 (PKC) (JRC)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| IME WatchDog, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:22-cv-1032 (PKC) (JRC) |
| Safa Abdulrahim Gelardi, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Eugene Liddie, 329 Brookville Avenue, Islip, NY 11751 or 11852 154th Street, Jamaica, NY 11434

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United States District Court for the Eastern District of New York | Courtroom No.: 4F North |
|---|---|
| 225 Cadman Plaza East, Brooklyn, NY 11201-1804 | Date and Time: 05/04/2023 12:00 pm |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

all communications by text, email, or otherwise with Defendants Safa Abdulrahman Gelardi, Vito Gelardi, and any agent of IME Companions LLC, as well as any customers served by Defendants.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/26/2023

_____CLERK OF COURT_____

OR

_____          _____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* IME WatchDog, Inc.

_____ , who issues or requests this subpoena, are:

Milman Labuda Law Group PLLC, Emanuel Kataev, Esq., 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042-1073, emanuel@mllaborlaw.com, (516) 303-1395

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:22-cv-1032 (PKC) (JRC)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____          on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                       _____
                                              *Printed name and title*

                                       _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| | |
|---|---|
| IME WatchDog, Inc. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:22-cv-1032 (PKC) (JRC) |
| Safa Abdulrahim Gelardi, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Eugene Liddie, 329 Brookville Avenue, Islip, NY 11751 or 11852 154th Street, Jamaica, NY 11434

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Addendum A

| Place: Milman Labuda Law Group PLLC<br>3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042 | Date and Time:<br>04/25/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____04/08/2024_____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   IME WatchDog, Inc _____ , who issues or requests this subpoena, are:

Jamie Felsen, Esq., 3000 Marcus Ave., Ste. 3W8, Lake Success, NY 11042;  jamie@mllaborlaw.com;  (516) 303-1391

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-1032 (PKC) (JRC)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **ADDENDUM A**

1. All communications, including but not limited to, text messages and emails, between you on the one hand, and Jeff Beiben, Safa Gelardi, and/or Vito Gelardi on the other hand, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

2. A list identifying the names of each IME business owned or operated by you or that has employed you since March 10, 2023.

3. A list identifying all customers of all IME businesses owned and/or operated by you since March 10, 2023.

4. All documents related to any website that was purchased by Eugene Liddie from IME Companions and/or Safa or Vito Gelardi, including, but not limited to, (i) the contents of the back end (server end) of the website, including customer list and contact information for customers; and (ii) the contents of the pages on the front end (client side) of the website, including home, service, bookings, about us, our clients, contact us, appointments page, booking page, and users.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | | |
|---|---|---|
| IME WatchDog, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:22-cv-1032 (PKC) (JRC) |
| Safa Abdulrahim Gelardi, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Lizbeth Medina
                        961 E 27th St, Paterson, NJ 07513-1326
                  *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Addendum A

| Place: Milman Labuda Law Group PLLC<br>3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042 | Date and Time:<br><br>04/25/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/11/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   IME WatchDog, Inc
_____ , who issues or requests this subpoena, are:
Jamie Felsen, Esq., 3000 Marcus Ave., Ste. 3W8, Lake Success, NY 11042;  jamie@mllaborlaw.com; (516) 303-1391

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-1032 (PKC) (JRC)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                               *Server's signature*

                                                               _____
                                                               *Printed name and title*

                                                               _____
                                                               *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **ADDENDUM A**

1. All communications, including but not limited to, text messages and emails, between you on the one hand, and Safa Gelardi, and/or Vito Gelardi, and/or to info@imecompanions on the other hand, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

2. All communications, including but not limited to, text messages and emails, between you on the one hand, and Eugene Liddie, on the other hand, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

3. All communications, including but not limited to, text messages and emails, between you on the one hand, and any agent of IME Legal Reps, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

4. All communications, including but not limited to, text messages and emails, between you on the one hand, and any agent of Client Exam Services, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

5. A list identifying all IMEs you have attended since March 10, 2023, including the identity of the plaintiff's law firm on whose behalf you attended.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | | |
|---|---|---|
| IME WatchDog, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:22-cv-1032 (PKC) (JRC) |
| Safa Abdulrahim Gelardi, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Tiffany Uribe
50-19 104th Street, Corona, NY 11368 or 10836 51st Ave, Corona, NY11368

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Addendum A

| Place: Milman Labuda Law Group PLLC<br>3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042 | Date and Time:<br>05/12/2024 at 5:00 PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/22/2024

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   IME WatchDog, Inc
_____, who issues or requests this subpoena, are:

Jamie Felsen, Esq., 3000 Marcus Ave., Ste. 3W8, Lake Success, NY 11042;  jamie@mllaborlaw.com; (516) 303-1391

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:22-cv-1032 (PKC) (JRC)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

### ADDENDUM A

1. All communications, including but not limited to, text messages and emails, between you on the one hand, and Safa Gelardi, and/or Vito Gelardi, and/or Jeff Beiben to info@imecompanions, reports@imecompanions.com, sgelardi@imecompanions.com on the other hand, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

2. All communications, including but not limited to, text messages and emails, between you on the one hand, and Eugene Liddie, and/or Jeff Beiben to info@imelegalreps.com, reports@imelegalreps.com on the other hand, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

3. All communications, including but not limited to, text messages and emails, between you on the one hand, and any agent of IME Legal Reps, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

4. All communications, including but not limited to, text messages and emails, between you on the one hand, and any agent of Client Exam Services, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

5. A list identifying all IMEs you have attended since March 10, 2023, including the identity of the plaintiff's law firm on whose behalf you attended.

# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

————

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

April 22, 2024

Tiffany Uribe
50-19 104th Street, Corona, NY 11368 or
10836 51st Ave, Corona, NY11368

    ***Re:***    **IME WatchDog, Inc. v. Gelardi, *et al.***
          **Case No.: 1:22-cv-1032 (PKC) (JRC)**

Dear Ms. Uribe:

This office represents IME Watchdog, Inc., the plaintiff in the above-referenced matter.

**THIS LETTER SHALL SERVE AS NOTICE THAT YOU ARE REQUIRED TO PRESERVE A COPY OF THE FOLLOWING DOCUMENTS:**

1. All documents and communications, including but not limited to, text messages, emails, and voicemails, related to services you performed for any entity related to observing independent medical examinations between March 1, 2023 and the present. This includes, but is not limited to, the following:

   a) All notes taken by you during each medical examination at which you appeared;
   b) All texts and e-mails between yourself and any person, law firm, attorney, employee or agent of any law firm or attorney, entity and/or representative of any entity, or anyone else related to each medical examination at which you appeared;
   c) All bills and/or invoices related to each medical examination at which you appeared;
   d) All documents created by you or on your behalf, including drafts, addendums, and final reports related to each medical examination at which you appeared;

**YOUR FAILURE TO PRESERVE THE ABOVE DOCUMENTS MAY LEAD TO SUBSTANTIAL SANCTIONS ISSUED BY A JUDGE FOR YOUR DESTRUCTION OF SAME**

Please note that if we suspect you have destroyed evidence, we will request that the judge direct a forensic analysis of your electronic devices, computers, and emails. The judge in this case previously directed a forensic analysis of the defendants' devices. We trust that you will heed this warning and take it seriously to avoid the necessity of court intervention.

Thank you for your attention to this matter and for your anticipated cooperation.

Very Truly Yours,

/s/ Jamie S. Felsen, Esq.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| IME WatchDog, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Safa Abdulrahim Gelardi, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   1:22-cv-1032 (PKC) (JRC)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Sara Gonzalez
2069 Union Street, Apt 4F, Brooklyn, NY 11212

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Addendum A

| Place: Milman Labuda Law Group PLLC<br>3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042 | Date and Time:<br>05/12/2024 at 5:00 PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      04/22/2024

|  CLERK OF COURT | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   IME WatchDog, Inc
, who issues or requests this subpoena, are:

Jamie Felsen, Esq., 3000 Marcus Ave., Ste. 3W8, Lake Success, NY 11042;  jamie@mllaborlaw.com; (516) 303-1391

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ADDENDUM A

1.  All communications, including but not limited to, text messages and emails, between you on the one hand, and Safa Gelardi, and/or Vito Gelardi, and/or Jeff Beiben to info@imecompanions, reports@imecompanions.com, sgelardi@imecompanions.com on the other hand, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

2.  All communications, including but not limited to, text messages and emails, between you on the one hand, and Eugene Liddie, and/or Jeff Beiben to info@imelegalreps.com, reports@imelegalreps.com on the other hand, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

3.  All communications, including but not limited to, text messages and emails, between you on the one hand, and any agent of IME Legal Reps, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

4.  All communications, including but not limited to, text messages and emails, between you on the one hand, and any agent of Client Exam Services, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

5.  A list identifying all IMEs you have attended since March 10, 2023, including the identity of the plaintiff's law firm on whose behalf you attended.

# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

April 22, 2024

Sara Gonzalez
2069 Union Street, Apt 4F,
Brooklyn, NY 11212

> ***Re:*** **IME WatchDog, Inc. v. Gelardi, *et al.***
> **Case No.: 1:22-cv-1032 (PKC) (JRC)**

Dear Ms. Gonzalez:

This office represents IME Watchdog, Inc., the plaintiff in the above-referenced matter.

## THIS LETTER SHALL SERVE AS NOTICE THAT YOU ARE REQUIRED TO PRESERVE A COPY OF THE FOLLOWING DOCUMENTS:

1. All documents and communications, including but not limited to, text messages, emails, and voicemails, related to services you performed for any entity related to observing independent medical examinations between March 1, 2023 and the present.  This includes, but is not limited to, the following:

   a) All notes taken by you during each medical examination at which you appeared;
   b) All texts and e-mails between yourself and any person, law firm, attorney, employee or agent of any law firm or attorney, entity and/or representative of any entity, or anyone else related to each medical examination at which you appeared;
   c) All bills and/or invoices related to each medical examination at which you appeared;
   d) All documents created by you or on your behalf, including drafts, addendums, and final reports related to each medical examination at which you appeared;

## YOUR FAILURE TO PRESERVE THE ABOVE DOCUMENTS MAY LEAD TO SUBSTANTIAL SANCTIONS ISSUED BY A JUDGE FOR YOUR DESTRUCTION OF SAME

Please note that if we suspect you have destroyed evidence, we will request that the judge direct a forensic analysis of your electronic devices, computers, and emails.  The judge in this case previously directed a forensic analysis of the defendants' devices.  We trust that you will heed this warning and take it seriously to avoid the necessity of court intervention.

Thank you for your attention to this matter and for your anticipated cooperation.

Very Truly Yours,

/s/ Jamie S. Felsen, Esq.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:22-cv-1032 (PKC) (JRC)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                *Server's signature*

                                        _____
                                                *Printed name and title*

                                        _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify a subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| IME WatchDog, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:22-cv-1032 (PKC) (JRC) |
| Safa Abdulrahim Gelardi, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Mark Cary Purificati
50-19 104th Street, Corona, NY 11368 or 10836 51st Ave, Corona, NY11368

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Addendum A

| Place: Milman Labuda Law Group PLLC | Date and Time: |
|---|---|
| 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042 | 05/12/2024 at 5:00 PM |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/22/2024

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  IME WatchDog, Inc
_____ , who issues or requests this subpoena, are:

Jamie Felsen, Esq., 3000 Marcus Ave., Ste. 3W8, Lake Success, NY 11042;  jamie@mllaborlaw.com; (516) 303-1391

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ADDENDUM A

1. All communications, including but not limited to, text messages and emails, between you on the one hand, and Safa Gelardi, and/or Vito Gelardi, and/or Jeff Beiben to info@imecompanions, reports@imecompanions.com, sgelardi@imecompanions.com on the other hand, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

2. All communications, including but not limited to, text messages and emails, between you on the one hand, and Eugene Liddie, and/or Jeff Beiben to info@imelegalreps.com, reports@imelegalreps.com on the other hand, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

3. All communications, including but not limited to, text messages and emails, between you on the one hand, and any agent of IME Legal Reps, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

4. All communications, including but not limited to, text messages and emails, between you on the one hand, and any agent of Client Exam Services, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

5. A list identifying all IMEs you have attended since March 10, 2023, including the identity of the plaintiff's law firm on whose behalf you attended.

# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

————————

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

April 22, 2024

Mark Cary Purificati
50-19 104th Street, Corona, NY 11368 or
10836 51st Ave, Corona, NY11368

> *Re:*   **IME WatchDog, Inc. v. Gelardi,** *et al.*
> **Case No.: 1:22-cv-1032 (PKC) (JRC)**

Dear Mr. Purificati:

This office represents IME Watchdog, Inc., the plaintiff in the above-referenced matter.

## THIS LETTER SHALL SERVE AS NOTICE THAT YOU ARE REQUIRED TO PRESERVE A COPY OF THE FOLLOWING DOCUMENTS:

1. All documents and communications, including but not limited to, text messages, emails, and voicemails, related to services you performed for any entity related to observing independent medical examinations between March 1, 2023 and the present.  This includes, but is not limited to, the following:

   a) All notes taken by you during each medical examination at which you appeared;
   b) All texts and e-mails between yourself and any person, law firm, attorney, employee or agent of any law firm or attorney, entity and/or representative of any entity, or anyone else related to each medical examination at which you appeared;
   c) All bills and/or invoices related to each medical examination at which you appeared;
   d) All documents created by you or on your behalf, including drafts, addendums, and final reports related to each medical examination at which you appeared;

## YOUR FAILURE TO PRESERVE THE ABOVE DOCUMENTS MAY LEAD TO SUBSTANTIAL SANCTIONS ISSUED BY A JUDGE FOR YOUR DESTRUCTION OF SAME

Please note that if we suspect you have destroyed evidence, we will request that the judge direct a forensic analysis of your electronic devices, computers, and emails.  The judge in this case previously directed a forensic analysis of the defendants' devices.  We trust that you will heed this warning and take it seriously to avoid the necessity of court intervention.

Thank you for your attention to this matter and for your anticipated cooperation.

Very Truly Yours,

/s/ Jamie S. Felsen, Esq.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-1032 (PKC) (JRC)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| IME WatchDog, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:22-cv-1032 (PKC) (JRC) |
| Safa Abdulrahim Gelardi, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Lizbeth Medina
961 E 27th St Paterson, NJ 07513-1326

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Addendum A

| Place: Milman Labuda Law Group PLLC | Date and Time: |
|---|---|
| 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042 | 05/12/2024 at 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/22/2024

CLERK OF COURT

OR _____

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* IME WatchDog, Inc
_____, who issues or requests this subpoena, are:

Jamie Felsen, Esq., 3000 Marcus Ave., Ste. 3W8, Lake Success, NY 11042;  jamie@mllaborlaw.com; (516) 303-1391

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## **ADDENDUM A**

1. All communications, including but not limited to, text messages and emails, between you on the one hand, and Safa Gelardi, and/or Vito Gelardi, and/or Jeff Beiben to info@imecompanions, reports@imecompanions.com, sgelardi@imecompanions.com on the other hand, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

2. All communications, including but not limited to, text messages and emails, between you on the one hand, and Eugene Liddie, and/or Jeff Beiben to info@imelegalreps.com, reports@imelegalreps.com on the other hand, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

3. All communications, including but not limited to, text messages and emails, between you on the one hand, and any agent of IME Legal Reps, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

4. All communications, including but not limited to, text messages and emails, between you on the one hand, and any agent of Client Exam Services, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

5. A list identifying all IMEs you have attended since March 10, 2023, including the identity of the plaintiff's law firm on whose behalf you attended.

# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE
SUITE 3W8
LAKE SUCCESS, NY 11042**

_____

**TELEPHONE (516) 328-8899
FACSIMILE (516) 328-0082**

April 22, 2024

Lizbeth Medina
961 E 27th St Paterson,
NJ 07513-1326

**Re:    IME WatchDog, Inc. v. Gelardi, _et al._**
**Case No.: 1:22-cv-1032 (PKC) (JRC)**

Dear Ms. Medina:

This office represents IME Watchdog, Inc., the plaintiff in the above-referenced matter.

**THIS LETTER SHALL SERVE AS NOTICE THAT YOU ARE REQUIRED TO
PRESERVE A COPY OF THE FOLLOWING DOCUMENTS:**

1. All documents and communications, including but not limited to, text messages, emails,
   and voicemails, related to services you performed for any entity related to observing
   independent medical examinations between March 1, 2023 and the present.  This includes,
   but is not limited to, the following:

   a) All notes taken by you during each medical examination at which you appeared;
   b) All texts and e-mails between yourself and any person, law firm, attorney,
      employee or agent of any law firm or attorney, entity and/or representative of any
      entity, or anyone else related to each medical examination at which you appeared;
   c) All bills and/or invoices related to each medical examination at which you
      appeared;
   d) All documents created by you or on your behalf, including drafts, addendums, and
      final reports related to each medical examination at which you appeared;

**YOUR FAILURE TO PRESERVE THE ABOVE DOCUMENTS MAY LEAD TO
SUBSTANTIAL SANCTIONS ISSUED BY A JUDGE FOR YOUR DESTRUCTION
OF SAME**

Please note that if we suspect you have destroyed evidence, we will request that the judge
direct a forensic analysis of your electronic devices, computers, and emails.  The judge in this case
previously directed a forensic analysis of the defendants' devices.  We trust that you will heed this
warning and take it seriously to avoid the necessity of court intervention.

Thank you for your attention to this matter and for your anticipated cooperation.

Very Truly Yours,

/s/ Jamie S. Felsen, Esq.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-1032 (PKC) (JRC)

# PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                        _____

                                                            *Server's signature*

                                                _____

                                                            *Printed name and title*

                                                _____

                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| IME WatchDog, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:22-cv-1032 (PKC) (JRC) |
| Safa Abdulrahim Gelardi, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Christian Hogarth
        7901 4th Ave Apt F3, Brooklyn, NY 11209

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Addendum A

| Place: Milman Labuda Law Group PLLC | Date and Time: |
|---|---|
| 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042 | 05/12/2024 at 5:00 PM |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     04/22/2024

|  |  |
|---|---|
| *CLERK OF COURT* | OR  _(signature)_ |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  IME WatchDog, Inc
_____ , who issues or requests this subpoena, are:

Jamie Felsen, Esq., 3000 Marcus Ave., Ste. 3W8, Lake Success, NY 11042; jamie@mllaborlaw.com; (516) 303-1391

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**ADDENDUM A**

1.  All communications, including but not limited to, text messages and emails, between you on the one hand, and Safa Gelardi, and/or Vito Gelardi, and/or Jeff Beiben to info@imecompanions, reports@imecompanions.com, sgelardi@imecompanions.com on the other hand, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

2.  All communications, including but not limited to, text messages and emails, between you on the one hand, and Eugene Liddie, and/or Jeff Beiben to info@imelegalreps.com, reports@imelegalreps.com on the other hand, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

3.  All communications, including but not limited to, text messages and emails, between you on the one hand, and any agent of IME Legal Reps, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

4.  All communications, including but not limited to, text messages and emails, between you on the one hand, and any agent of Client Exam Services, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

5.  A list identifying all IMEs you have attended since March 10, 2023, including the identity of the plaintiff's law firm on whose behalf you attended.

# MILMAN LABUDA LAW GROUP PLLC
### 3000 MARCUS AVENUE
### SUITE 3W8
### LAKE SUCCESS, NY 11042

—————

### TELEPHONE (516) 328-8899
### FACSIMILE (516) 328-0082

April 22, 2024

Christian Hogarth
7901 4th Ave Apt F3,
Brooklyn, NY 11209

> **Re:** **IME WatchDog, Inc. v. Gelardi,** *et al.*
> **Case No.: 1:22-cv-1032 (PKC) (JRC)**

Dear Mr. Hogarth:

This office represents IME Watchdog, Inc., the plaintiff in the above-referenced matter.

## THIS LETTER SHALL SERVE AS NOTICE THAT YOU ARE REQUIRED TO PRESERVE A COPY OF THE FOLLOWING DOCUMENTS:

1. All documents and communications, including but not limited to, text messages, emails, and voicemails, related to services you performed for any entity related to observing independent medical examinations between March 1, 2023 and the present. This includes, but is not limited to, the following:

   a) All notes taken by you during each medical examination at which you appeared;
   b) All texts and e-mails between yourself and any person, law firm, attorney, employee or agent of any law firm or attorney, entity and/or representative of any entity, or anyone else related to each medical examination at which you appeared;
   c) All bills and/or invoices related to each medical examination at which you appeared;
   d) All documents created by you or on your behalf, including drafts, addendums, and final reports related to each medical examination at which you appeared;

## YOUR FAILURE TO PRESERVE THE ABOVE DOCUMENTS MAY LEAD TO SUBSTANTIAL SANCTIONS ISSUED BY A JUDGE FOR YOUR DESTRUCTION OF SAME

Please note that if we suspect you have destroyed evidence, we will request that the judge direct a forensic analysis of your electronic devices, computers, and emails. The judge in this case previously directed a forensic analysis of the defendants' devices. We trust that you will heed this warning and take it seriously to avoid the necessity of court intervention.

Thank you for your attention to this matter and for your anticipated cooperation.

Very Truly Yours,

/s/ Jamie S. Felsen, Esq.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:22-cv-1032 (PKC) (JRC)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                                                 _____
                                                    *Printed name and title*

                                                 _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| IME WatchDog, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:22-cv-1032 (PKC) (JRC) |
| Safa Abdulrahim Gelardi, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        Assaf Abdelatif
                                    23 9th St, Bayonne, NJ 07002 or
                    9 E 16th St, APT 1, Bayonne, NJ 07002 or 9 W 16th St # 1, Bayonne, NJ
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Addendum A

| Place: Milman Labuda Law Group PLLC 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042 | Date and Time: 05/12/2024 at 5:00 PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/22/2024

|   *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   IME WatchDog, Inc , who issues or requests this subpoena, are:

Jamie Felsen, Esq., 3000 Marcus Ave., Ste. 3W8, Lake Success, NY 11042;  jamie@mllaborlaw.com; (516) 303-1391

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## **ADDENDUM A**

1. All communications, including but not limited to, text messages and emails, between you on the one hand, and Safa Gelardi, and/or Vito Gelardi, and/or Jeff Beiben to info@imecompanions, reports@imecompanions.com, sgelardi@imecompanions.com on the other hand, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

2. All communications, including but not limited to, text messages and emails, between you on the one hand, and Eugene Liddie, and/or Jeff Beiben to info@imelegalreps.com, reports@imelegalreps.com on the other hand, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

3. All communications, including but not limited to, text messages and emails, between you on the one hand, and any agent of IME Legal Reps, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

4. All communications, including but not limited to, text messages and emails, between you on the one hand, and any agent of Client Exam Services, concerning anything related to IMEs and the operation of any IME business between March 10, 2023 and the present.

5. A list identifying all IMEs you have attended since March 10, 2023, including the identity of the plaintiff's law firm on whose behalf you attended.

# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

————

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

April 22, 2024

Assaf Abdelatif
23 9th St, Bayonne, NJ 07002 or
9 E 16th St, APT 1, Bayonne, NJ 07002 or
9 W 16th St # 1, Bayonne, NJ

> **Re:**   **IME WatchDog, Inc. v. Gelardi,** *et al.*
> **Case No.: 1:22-cv-1032 (PKC) (JRC)**

Dear Mr. Abdelatif:

This office represents IME Watchdog, Inc., the plaintiff in the above-referenced matter.

**THIS LETTER SHALL SERVE AS NOTICE THAT YOU ARE REQUIRED TO PRESERVE A COPY OF THE FOLLOWING DOCUMENTS:**

1. All documents and communications, including but not limited to, text messages, emails, and voicemails, related to services you performed for any entity related to observing independent medical examinations between March 1, 2023 and the present.  This includes, but is not limited to, the following:

   a) All notes taken by you during each medical examination at which you appeared;
   b) All texts and e-mails between yourself and any person, law firm, attorney, employee or agent of any law firm or attorney, entity and/or representative of any entity, or anyone else related to each medical examination at which you appeared;
   c) All bills and/or invoices related to each medical examination at which you appeared;
   d) All documents created by you or on your behalf, including drafts, addendums, and final reports related to each medical examination at which you appeared;

**YOUR FAILURE TO PRESERVE THE ABOVE DOCUMENTS MAY LEAD TO SUBSTANTIAL SANCTIONS ISSUED BY A JUDGE FOR YOUR DESTRUCTION OF SAME**

Please note that if we suspect you have destroyed evidence, we will request that the judge direct a forensic analysis of your electronic devices, computers, and emails.  The judge in this case previously directed a forensic analysis of the defendants' devices.  We trust that you will heed this warning and take it seriously to avoid the necessity of court intervention.

Thank you for your attention to this matter and for your anticipated cooperation.

Very Truly Yours,

/s/ Jamie S. Felsen, Esq.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-1032 (PKC) (JRC)

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____              _____
                                                    *Server's signature*

                                           _____
                                                    *Printed name and title*

                                           _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify a subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).