UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IME WATCHDOG, INC., | Case No.: 1:22-cv-1032 (PKC) (JRC) |
| Plaintiff, | |
| -against- | |
| SAFA ABDULRAHIM GELARDI, VITO GELARDI, GREGORY ELEFTERAKIS, ROMAN POLLAK, ANTHONY BRIDDA, NICHOLAS ELEFTERAKIS, NICHOLAS LIAKIS, and IME COMPANIONS LLC | **DEFENDANTS' VERIFIED ANSWER** |
| Defendants. | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x | |
| SAFA GELARDI and IME COMPANIONS, LLC, | |
| Third-Party Plaintiffs, | |
| -against- | |
| CARLOS ROA, | |
| Third-Party Defendant. | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x | |
| CARLOS ROA, | |
| Third-Party Counter-Claimant, | |
| -against- | |
| SAFA ABDULRAHIM GELARDI, VITO GELARDI, and IME COMPANIONS LLC | |
| Third-Party Counter-Defendants | |

Defendants Gregory Elefterakis ("Elefterakis"), Roman Pollak ("Pollak"), and Anthony Bridda ("Bridda") (collectively "Defendants"), by and through their attorneys, Abrams Fensterman, LLP, as and for their Verified Answer to Plaintiff's Second Amended Complaint (the "Complaint") filed on April 28, 2023 as follows:

1

## **RESPONSE TO "NATURE OF THE CASE"**

1. Paragraph 1 contains a statement to which a response is not required. To the extent a response is required, Defendants deny the allegations contained in paragraph 1.

2. Defendants deny the truth of the allegations contained in paragraph 2.

3. Paragraph 3 contains a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the allegations contained in paragraph 3.

4. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 4.

5. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 5.

6. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 6.

7. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 7.

8. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 8.

9. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 9.

10. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 10.

11. Defendants admits the truth of the allegations contained in paragraph 11.

12. Defendants admits the truth of the allegations contained in paragraph 12.

13. Defendants deny the truth of the allegations contained in paragraph 13.

## RESPONSE TO "JURISDCTION AND VENUE"

14. Defendants admits the truth of the allegations contained in paragraph 14.

15. Defendants admits the truth of the allegations contained in paragraph 15.

16. Defendants admits the truth of the allegations contained in paragraph 16.

## RESPONSE TO "FACTS"

17. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 17.

18. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 18.

19. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 19.

20. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 20.

21. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 21.

22. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 22.

23. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 23.

24. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 24.

25. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 25.

26. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 26.

27. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 27.

28. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 28.

29. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 29.

30. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 30.

31. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 31.

32. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 32.

33. Paragraph 33 contains a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 33.

34. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 34.

35. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 35.

36. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 36.

37. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 37.

38. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 38.

39. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 39.

40. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 40.

41. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 41.

42. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 42.

43. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 43.

44. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 44.

45. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 45.

46. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 46.

47. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 47.

48. Defendants deny knowledge and information sufficient to form a belief about the

truth of the allegations contained in paragraph 48.

49. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 49.

50. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 50.

51. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 51.

52. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 52.

53. Paragraph 53 contains a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 53.

54. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 54.

55. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 55.

56. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 56.

57. Paragraph 57 contains a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 57.

58. Defendants deny the truth of the allegations contained in paragraph 58.

59. Defendants deny knowledge and information sufficient to form a belief about the

truth of the allegations contained in paragraph 59.

60. Defendants deny the truth of the allegations contained in paragraph 60.

61. Paragraph 61 contains a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 61.

62. Paragraph 62 contains a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained paragraph 62.

63. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 63.

64. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 64.

65. Defendants deny the truth of the allegations contained in paragraph 65.

66. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 66.

67. Defendants deny the truth of the allegations contained in paragraph 67.

68. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 68.

69. Defendants deny the truth of the allegations contained in paragraph 69.

70. Defendants admit the truth of the allegations contained in paragraph 70 concerning Defendants' ownership interests. Defendants deny the truth of the remaining allegations in paragraph 70.

71. Defendants deny the truth of the allegations contained in paragraph 71.

72. Defendants deny the truth of the allegations contained in paragraph 72.

73. Defendants deny the truth of the allegations contained in paragraph 73.

74. Defendants deny the truth of the allegations contained in paragraph 74.

75. Defendants deny the truth of the allegations contained in paragraph 75.

76. Defendants deny the truth of the allegations contained in paragraph 76.

77. Defendants deny the truth of the allegations contained in paragraph 77.

78. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 78.

79. Defendants deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 79.

80. Defendants deny the truth of the allegations contained in paragraph 80 but deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 80 concerning the remaining Defendants Safa Abdulrahim Gelardi, Vito Gelardi, IME Companions LLC, Client Exam Services LLC, and IME Management & Consulting LLC.

81. Defendants deny the truth of the allegations contained in paragraph 80 but deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 81 concerning the remaining Defendants Safa Abdulrahim Gelardi, Vito Gelardi, IME Companions LLC, Client Exam Services LLC, and IME Management & Consulting LLC.

82. Defendants deny the truth of the allegations contained in paragraph 80 but deny knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 82 concerning the remaining Defendants Safa Abdulrahim Gelardi, Vito Gelardi, IME Companions LLC, Client Exam Services LLC, and IME Management & Consulting LLC.

83. Defendants deny the truth of the allegations contained in paragraph 80 but deny

knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 83 concerning the remaining Defendants Safa Abdulrahim Gelardi, Vito Gelardi, IME Companions LLC, Client Exam Services LLC, and IME Management & Consulting LLC.

84. Paragraph 84 contains a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 84.

85. Defendants deny the truth of the allegations contained in paragraph 85.

86. Paragraph 86 contains a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 86.

87. Paragraph 87 contains a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained 87.

## RESPONSE TO "AS AND FOR ITS FIRST CAUSE OF ACTION"

88. Paragraph 88 contains a statement to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 88.

89. Paragraph 89 contains a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 89.

90. Defendants deny the truth of the allegations contained in paragraph 90.

91. Defendants deny the truth of the allegations contained in paragraph 91.

92. Defendants deny the truth of the allegations contained in paragraph 92.

93. Defendants deny the truth of the allegations contained in paragraph 93.

94. Defendants deny the truth of the allegations contained in paragraph 94.

95. Defendants deny the truth of the allegations contained in paragraph 95.

96. Defendants deny the truth of the allegations contained in paragraph 96.

97. Defendants deny the truth of the allegations contained in paragraph 97.

98. Defendants deny the truth of the allegations contained in paragraph 98.

99. Defendants deny the truth of the allegations contained in paragraph 99.

100. Defendants deny the truth of the allegations contained in paragraph 100.

101. Defendants deny the truth of the allegations contained in paragraph 101.

102. Defendants deny the truth of the allegations contained in paragraph 102.

103. Paragraph 103 contains a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 103.

### RESPONSE TO "AS AND FOR A SECOND CAUSE OF ACTION"

104. Paragraph 104 contains a statement to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained in 104.

105. Defendants deny the truth of the allegations contained in paragraph 105.

106. Defendants deny the truth of the allegations contained in paragraph 106.

107. Defendants deny the truth of the allegations contained in paragraph 107.

108. Defendants deny the truth of the allegations contained in paragraph 108.

109. Defendants deny the truth of the allegations contained in paragraph 109.

110. Defendants deny the truth of the allegations contained in paragraph 110.

111. Defendants deny the truth of the allegations contained in paragraph 111.

112. Defendants deny the truth of the allegations contained in paragraph 112.

113. Defendants deny the truth of the allegations contained in paragraph 113.

114.   Defendants deny the truth of the allegations contained in paragraph 114.

115.   Defendants deny the truth of the allegations contained in paragraph 115.

116.   Paragraph 116 contains a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 116.

### RESPONSE TO "AS AND FOR A THIRD CAUSE OF ACTION"

117.   Paragraph 117 contains a statement to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 117.

118.   Defendants deny the truth of the allegations contained in paragraph 118.

119.   Defendants deny the truth of the allegations contained in paragraph 119.

120.   Defendants deny the truth of the allegations contained in paragraph 120.

121.   Defendants deny the truth of the allegations contained in paragraph 121.

122.   Defendants deny the truth of the allegations contained in paragraph 122.

123.   Paragraph 123 contains a legal conclusion to which a response is not required, to the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 123.

### RESPONSE TO "AS AND FOR A FOURTH CAUSE OF ACTION"

124.   Plaintiff's fourth cause of action for unfair competition was dismissed by the Court in its September 30, 2024 Decision and Order. *See* Docket No. 398. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph. 124.

125.   Plaintiff's fourth cause of action for unfair competition was dismissed by the Court in its September 30, 2024 Decision and Order. *See* Docket No. 398. To the extent a response is

required, Defendants deny the truth of the allegations contained in paragraph 125.

126.    Plaintiff's fourth cause of action for unfair competition was dismissed by the Court in its September 30, 2024 Decision and Order. *See* Docket No. 398. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 126.

### RESPONSE TO "AS AND FOR A FIFTH CAUSE OF ACTION"

127.    Paragraph 127 contains a statement to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 127.

128.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 128.

129.    Defendants deny the truth of the allegations contained in paragraph 129,

130.    Defendants deny the truth of the allegations contained in paragraph 130.

131.    Defendants deny the truth of the allegations contained in paragraph 131.

132.    Defendants deny the truth of the allegations contained in paragraph 132.

133.    Defendants deny the truth of the allegations contained in paragraph 133.

134.    Defendants deny the truth of the allegations contained in paragraph 134.

135.    Defendants deny the truth of the allegations contained in paragraph 135.

136.    Paragraph 136 contains a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 136.

137.    Defendants deny the truth of the allegations contained in paragraph 137.

### RESPONSE TO "AS AND FOR A SIXTH CAUSE OF ACTION"

138.    Plaintiff's sixth cause of action for unjust enrichment was dismissed by the Court

in its September 30, 2024 Decision and Order. *See* Docket No. 398. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 138.

139. Plaintiff's sixth cause of action for unjust enrichment was dismissed by the Court in its September 30, 2024 Decision and Order. *See* Docket No. 398. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 139.

140. Plaintiff's sixth cause of action for unjust enrichment was dismissed by the Court in its September 30, 2024 Decision and Order. *See* Docket No. 398. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 140.

141. Plaintiff's sixth cause of action for unjust enrichment was dismissed by the Court in its September 30, 2024 Decision and Order. *See* Docket No. 398. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 141.

142. Plaintiff's sixth cause of action for unjust enrichment was dismissed by the Court in its September 30, 2024 Decision and Order. *See* Docket No. 398. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 142.

## **RESPONSE TO "AS AND FOR A SEVENTH CAUSE OF ACTION"**

143. Paragraph 143 contains a statement to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 143.

144. Defendants deny the truth of the allegations contained in paragraph 144.

145. Defendants deny the truth of the allegations contained in paragraph 145.

146. Defendants deny the truth of the allegations contained in paragraph 146.

147. Defendants deny the truth of the allegations contained in paragraph 147.

148. Defendants deny the truth of the allegations contained in paragraph 148.

149. Defendants deny the truth of the allegations contained in paragraph 149.

150. Defendants deny the truth of the allegations contained in paragraph 150.

151. Paragraph 151 contains a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 151.

### RESPONSE TO "AS AND FOR AN EIGHTH CAUSE OF ACTION"

152. Plaintiff's eighth cause of action for conversion was dismissed by the Court in its September 30, 2024 Decision and Order. *See* Docket No. 398. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 152.

153. Plaintiff's eighth cause of action for conversion was dismissed by the Court in its September 30, 2024 Decision and Order. *See* Docket No. 398. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 153.

154. Plaintiff's eighth cause of action for conversion was dismissed by the Court in its September 30, 2024 Decision and Order. *See* Docket No. 398. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 154.

155. Plaintiff's eighth cause of action for conversion was dismissed by the Court in its September 30, 2024 Decision and Order. *See* Docket No. 398. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 155.

156. Plaintiff's eighth cause of action for conversion was dismissed by the Court in its September 30, 2024 Decision and Order. *See* Docket No. 398. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 156.

157. Plaintiff's eighth cause of action for conversion was dismissed by the Court in its September 30, 2024 Decision and Order. *See* Docket No. 398. To the extent a response is required,

Defendants deny the truth of the allegations contained in paragraph 157.

158. Plaintiff's eighth cause of action for conversion was dismissed by the Court in its September 30, 2024 Decision and Order. *See* Docket No. 398. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 158.

### **RESPONSE TO "AS AND FOR A NINTH CAUSE OF ACTION"**

159. Plaintiff's ninth cause of action for defamation is not against Answering Defendants. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 159.

160. Plaintiff's ninth cause of action for defamation is not against Answering Defendants. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 160.

161. Plaintiff's ninth cause of action for defamation is not against Answering Defendants. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 161.

162. Plaintiff's ninth cause of action for defamation is not against Answering Defendants. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 162.

163. Plaintiff's ninth cause of action for defamation is not against Answering Defendants. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 163.

164. Plaintiff's ninth cause of action for defamation is not against Answering Defendants. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 164.

165. Plaintiff's ninth cause of action for defamation is not against Answering Defendants. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 165.

## RESPONSE TO "DEMAND FOR JURY TRIAL"

166. Paragraph 166 contains a statement to which a response is not required. To the extent a response is required, Defendants deny the truth of the allegations contained in paragraph 166.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

167. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

168. The claims in the Complaint are barred, in whole or in part, by reason of the doctrine of waive or estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

169. The Complaint's causes of action are improperly duplicative.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

170. The claims in the Complaint are barred, in whole or in part, due to the Plaintiff's failure to mitigate its alleged damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

171. The claims in the Complaint are barred, in whole or in part, by unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

172. The claims in the Complaint are barred, in whole or in part, due to economic

justification.

Dated: Brooklyn, New York
October 15, 2024

**ABRAMS FENSTERMAN, LLP**

Melanie I. Wiener, Esq.
Anthony J. Genovesi, Esq.
1 Metrotech Center, Suite 1701
Brooklyn, NY 11201
*Attorneys for Defendants Gregory Elefterakis, Anthony Bridda, and Roman Pollak*

## VERIFICATION

STATE OF _New York_ ) ss.
COUNTY OF _New York_ )

I, Gregory Elefterakis, being duly sworn, declare under penalty of perjury that: I am authorized to make this verification for the plaintiffs in this action; I have read the foregoing Verified Answer and certify that the factual statements made therein are true except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The basis of said beliefs are factual investigations, review of records, and interviews.

Dated: Brooklyn, New York
October _15_, 2024

_____
GREGORY ELEFTERAKIS

Sworn to before me
this _15th_ day of October, 2024

_____
NOTARY PUBLIC

HEAVEN LEIGH GONZALEZ
Notary Public - State of New York
No. 01GO6373411
Qualified in Westchester County
My Commission Expires 06/08/2026

18

## VERIFICATION

STATE OF __NJ__ ) ss.
COUNTY OF __Monmouth__

I, Anthony Bridda, being duly sworn, declare under penalty of perjury that: I am authorized to make this verification for the plaintiffs in this action; I have read the foregoing Verified Answer and certify that the factual statements made therein are true except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The basis of said beliefs are factual investigations, review of records, and interviews.

Dated: ~~Brooklyn, New York~~ Bradley Beach NJ
October __15__, 2024

_____
ANTHONY BRIDDA

Sworn to before me
this __15__ day of October, 2024

_____
NOTARY PUBLIC

GAIL A EARLY
Notary Public, State of New Jersey
My Commission Expires Feb 13, 2029

19

## VERIFICATION

STATE OF New Jersey ) ss.
COUNTY OF Monmouth )

I, Roman Pollak, being duly sworn, declare under penalty of perjury that: I am authorized to make this verification for the plaintiffs in this action; I have read the foregoing Verified Answer and certify that the factual statements made therein are true except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The basis of said beliefs are factual investigations, review of records, and interviews.

Dated: Brooklyn, New York

October 15, 2024

_____
ROMAN POLLAK

Sworn to before me
this 15 day of October, 2024

_____
NOTARY PUBLIC

CASEY T. HASTRICH
Notary Public, State of New Jersey
Commission # 50051047
My Commission Expires 12/12/2026

20