UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
IME WATCHDOG, INC.,

                            Plaintiff,

        Case No.: 1:22-cv-1032 (PKC)(JRC)

      -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,

                           Defendants.
----------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

 

**WARNER & SCHEUERMAN**
Attorneys for Defendants
Safa Abdulrahim Gelardi, Vito Gelardi
and IME Companions, LLC
6 West 18th Street, 10th Floor
New York, New York 10011
(212) 924-7111

## PRELIMINARY STATEMENT

Defendants Safa Abdulrahim Gelardi, Vito Gelardi and IME Companions LLC (collectively, "Defendants") respectfully submit the instant Memorandum of Law in opposition to the motion of plaintiff IME Watchdog, Inc. ("Plaintiff") for reconsideration of that portion of this Court's September 25, 2024 Order (the "Order") which found that Plaintiff had abandoned any claim for actual contempt damages other than costs and attorneys' fees. For the reasons set forth below, this Court's finding of abandonment was correct in all respects, and Plaintiff's procedurally defective and substantively baseless motion should be denied with costs and attorneys' fees.

## STATEMENT OF FACTS

Plaintiff had numerous opportunities to prove its actual contempt damages, but neglected to do so on each occasion. Plaintiff failed to support its contempt application with an affidavit from its principal setting forth its actual contempt damages, although expressly required to do so by Local Rule 83.6.[1] Plaintiff's principal failed to take the stand at the contempt hearing to testify as to Plaintiff's actual contempt damages, although present at the hearing and available to testify. Plaintiff failed to submit any proof of actual contempt damages in its post-hearing submissions, although graciously afforded the opportunity to do so by this Court.

In fact, this Court had even ordered Plaintiff to "submit further briefing setting forth the actual damages it has incurred due to (1) Safa's 'contact' with Roa, and (2) the creation of Client Exam Services." But Plaintiff failed to identify any actual damages it allegedly sustained in its post-

---

[1] Local Rule 83.6 states in pertinent part that: "The affidavit on which the notice of motion or order to show cause is based must set out with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby, and such evidence as to the amount of damages as may be available to the moving party."

hearing submissions apart from attorneys' fees and costs, prompting this Court to correctly hold: "Because Plaintiff has not requested any other forms of compensatory damages, the Court considers any claim for compensatory damages apart from attorneys' fees and costs to be abandoned."

Plaintiff has now moved for reconsideration of that portion of this Court's holding based upon the alleged unavailability of evidence pertaining to its actual damages, claiming for the first time that it needs responses to subpoenas from non-party witnesses to establish the actual damages it allegedly sustained as a result of Defendants' allegedly contemptuous conduct. Plaintiff has not submitted an affidavit from its principal explaining why it needs discovery from non-parties to demonstrate Plaintiff's alleged actual contempt damages. Plaintiff has submitted only the hearsay declaration from one of its attorneys with the subpoenas attached thereto as an exhibit. However, Plaintiff's attorney's declaration should not be considered by this Court on Plaintiff's motion to reconsider, which should be based solely upon the evidence previously submitted to the Court in connection with plaintiff's claim for contempt damages.

## ARGUMENT

### THIS COURT CORRECTLY HELD THAT PLAINTIFF IS NOT ENTITLED TO ANY ACTUAL CONTEMPT DAMAGES APART FROM COSTS AND ATTORNEYS' FEES.

"A motion for reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Davidson v. Scully, 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001)(citations omitted). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Id. (citations omitted). "A

party seeking reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." Id. (quotations omitted). "Thus, a motion for reconsideration is not a substitute for appeal and may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision." Id. at 462 (quotations omitted).

Here, Plaintiff has failed to identify in its motion for reconsideration any factual matter or evidence which the Court overlooked in holding that Plaintiff had abandoned its claim for actual contempt damages apart from costs and attorneys' fees. Indeed, Plaintiff has not cited to any evidence of actual damages which had been overlooked by this Court, let alone presented to this Court at any time prior to the issuance of the Order. No overlooked evidence of damages has been cited. Nor has Plaintiff cited any controlling decisions supporting its argument that this Court erred in finding that its claim for actual contempt damages had been abandoned as a result of its repeated failure to submit proof of actual contempt damages. Incredibly, none of plaintiff's "proof of damages" cases cited in its frivolous motion pertained to proof of damages on contempt applications, let alone a Court's failure to leave a contempt application open *ad infinitum* so that a plaintiff may some day in the future marshal and submit evidence of its actual contempt damages as Plaintiff now seeks. The cited decisions dealt with proof of damages on motions to dismiss, motions for summary judgment or at trial.

Unable to identify any fact or law that this Court overlooked or miscomprehended in holding that Plaintiff had abandoned its claim for actual contempt damages apart from costs and attorneys' fees, Plaintiff bases its motion for reconsideration on its attorney's declaration and the

subpoenas attached thereto. Plaintiff's attorney's declaration should be disregarded by the Court, and Plaintiff's reliance upon a newly-submitted affidavit only underscores the frivolity of Plaintiff's motion for reconsideration.

Local Rule 6.3, which governs motions to reconsider, states that "There must be served with the notice of motion a memorandum, no longer than 10 pages in length, setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked" and that "No party may file may affidavits unless directed by the court." It has been held that in determining whether a motion for reconsideration should be granted, "Local Civil Rule 6.3 should be narrowly construed and strictly applied...." Davidson v. Scully, 172 F.Supp.2d at 462 (quotations omitted). It is well-settled that the submission of new evidence is precluded on a motion for reconsideration because such motion does not afford the losing party the right to submit new evidence, including affidavits. Id. at 463-464 (quotations omitted).

Here, Plaintiff has violated Local Rule 6.3 (like it had violated Local Rule 83.6) with its submission of a declaration containing new evidence, with the hope to improperly use this Court's Order as an opening for a continuing dialogue into Plaintiff's alleged actual contempt damages. But Plaintiff was required to submit proof of its actual damages in its supporting declaration, and certainly prior to the close of evidence. Plaintiff's failure to adduce evidence in a timely fashion does not constitute grounds for a motion to reconsider, particularly where this Court so generously forgave Plaintiff's failure to submit proof in its moving declaration as required by Local Rule 83.6, and granted Plaintiff the opportunity to make post-hearing damages submissions after Plaintiff's principal failed to take that stand at the hearing. Plaintiff should not be given another bite of the apple to prove its alleged actual contempt damages under the guise of a motion to reconsider,

especially where motions to reconsider cannot be based upon new evidence, let alone evidence which the moving party's attorney hopes to unearth sometime in the future. Plaintiff's baseless motion should be denied, with costs and attorneys' fees.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request an Order denying plaintiff's motion in its entirety, granting Defendants costs and reasonable attorneys' fees, and granting such further relief as may be just.

Dated: New York, New York
       October 23, 2024

                                            **WARNER & SCHEUERMAN**
                                            Attorneys for Defendants
                                            Safa Abdulrahim Gelardi, Vito Gelardi and
                                            IME Companions, LLC

By:   */s/ Jonathon D. Warner*
        Jonathon D. Warner (5195)
        6 West 18th Street, 10th Floor
        New York, New York 10011
        (212) 924-7111