UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IME WATCHDOG, INC.,

                                                                          Case No.: 1:22-cv-1032 (PKC) (JRC)

                     **Plaintiff,**

      -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI, GREGORY ELEFTERAKIS, ROMAN POLLAK, ANTHONY BRIDDA, IME COMPANIONS LLC, CLIENT EXAM SERVICES LLC, and IME MANAGEMENT & CONSULTING LLC,

                     **Defendants.**
-------------------------------------------------------------------X

# PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR RECONSIDERATION REGARDING DAMAGES

**MILMAN LABUDA LAW GROUP PLLC**

    3000 Marcus Ave., Suite 3W8
    Lake Success, NY 11042
    (516) 328-8899

**SAGE LEGAL LLC**

    18211 Jamaica Avenue
    Jamaica, NY 11423-2327
    (718) 412-2421

    *Attorneys for Plaintiff*
    *IME WatchDog, Inc.*

## **PRELIMINARY STATEMENT**

Defendants' hatred of Plaintiff and hysteria in response to this Court's Orders have fueled the helium to the balloon of contempt that they have engaged in. Now that it has popped in their faces, Defendants oppose Plaintiff's justified right to seek damages at trial once the dust settles from their contemptuous conduct. Defendants should be afforded no such harbor in the shipwreck of their failures to comply with the law and the numerous Orders this Court has issued.

In that regard, Defendants' arguments in opposition completely miss the mark with regard to the relief Plaintiff seeks. Plaintiff understands and accepts that the damages on its contempt motion are limited to attorneys' fees and costs; any compensatory damages beyond that should be abandoned solely for the purposes of its contempt motion. However, Plaintiff respectfully submits that any such compensatory damages would constitute the ultimate relief it seeks in this case upon establishing liability, and merely seeks an Order clarifying that Plaintiff is not precluded from seeking such compensatory damages at trial or on summary judgment later in this case.

To that end, Defendants' arguments that Plaintiff failed to support its contempt application by submitting a declaration or take the stand at the contempt hearing are meritless and misconstrue the entire purpose of the instant motion.[1]

---

[1] Defendants also rehash their arguments regarding the requirement of a declaration pursuant to Local Civil Rule ("LCR") 83.6; those arguments are beyond the scope of this motion and have already been rejected by this Court. Notwithstanding, Plaintiff did provide a declaration identifying its compensatory damages as lost profits and loss of good will. See ECF Docket Entries 317 ¶¶ 24-26 and 321 ¶ 42. Plaintiff cannot prove those damages without further discovery.

1

## **ARGUMENT**

### **PLAINTIFF SHOULD BE PERMITTED TO SEEK ALL DAMAGES AT TRIAL**

Defendants argue that Plaintiff has failed to identify any factual matter or evidence which the Court overlooked in holding that Plaintiff abandoned its claim for contempt damages for purposes of the contempt motion.

However, Plaintiff merely seeks the right to establish and be entitled to compensatory damages at trial or on summary judgment in connection with Defendants' contempt. Plaintiff never abandoned its claim for damages outside of the contempt motion, and should be permitted to seek said damages as ultimate relief in this case once it obtains the evidence necessary to quantify same. Indeed, Plaintiff has diligently and steadfastly acted before and after the contempt application to secure such evidence by, *inter alia*, issuing subpoenas to non-party IME observers and there is currently a motion to compel compliance with said subpoenas before the Hon. James R. Cho, U.S.M.J. ("Judge Cho").

Defendants also argue that the relief Plaintiff seeks is to "leave a contempt application open ad infinitum so that a plaintiff may some day in the future marshal and submit evidence of its actual contempt damages." Again, Plaintiff does not seek such relief and properly seeks clarification of this Court's Order that compensatory damages have been abandoned only in relation to the contempt application and not as part of its claim for damages to be proven at trial or on summary judgment.

Defendants further argue that Plaintiff's declaration in support of the motion for reconsideration must not be considered because it constitutes the submission of new evidence. However, this is inaccurate. Plaintiff submitted a witness list on May 15, 2024 in relation to the May 29, 2024 contempt hearing. See ECF Docket Entry 330.

There, Plaintiff listed the very non-party witnesses it served subpoenas with that were expected to testify at the contempt hearing. Id. (identifying Christian Hogarth, Fari Gutierrez, Sarah Gonzalez, Lizbeth Medina, and Mark Purificati as witnesses).

In that regard, Plaintiff's declaration in support providing copies of the subpoenas it served should not be considered new evidence.

As such, it was entirely proper for Plaintiff to outline in its declaration that it served those subpoenas, as Plaintiff respectfully submits this Court overlooked the fact Defendants' observers failed to comply with same.

Indeed, Defendants have asserted a vast array of hyper-technical arguments over the course of this case, virtually all of which have been rejected by this Court. Their argument that Plaintiff's declaration contains new evidence should meet a similar fate.

Plaintiff's ultimate damages to be proven at trial should include any compensatory damages arising from Defendants' continued violations of this Court's Orders, and the same should not be deemed abandoned because Defendants have successfully stymied Plaintiff from obtaining the evidence it needs to support said damages.

Based on the foregoing, Plaintiff's motion for reconsideration should be granted to the extent of permitting Plaintiff to recover damages to be proven at trial or on summary judgment, and not deeming compensatory damages related to Defendants' contempt abandoned in relation to the damages Plaintiff submits evidence of at trial or on summary judgment.

3

Dated: Lake Success, New York
   October 28, 2024

            **MILMAN LABUDA LAW GROUP PLLC**

            By: /s/ Jamie S. Felsen

              3000 Marcus Ave., Suite 3W8
              Lake Success, NY 11042
              (516) 328-8899

Dated: Jamaica, New York
   October 28, 2024

            **SAGE LEGAL LLC**

            By: /s/ Emanuel Kataev, Esq.

              18211 Jamaica Avenue
              Jamaica, NY 11423-2327
              (718) 412-2421

              *Attorneys for Plaintiff*
              *IME WatchDog, Inc.*