UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IME WATCHDOG, INC.,                                Case No.: 1:22-cv-1032 (PKC) (JRC)

                  **Plaintiff,**

    -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI, GREGORY ELEFTERAKIS, ROMAN POLLAK, ANTHONY BRIDDA, IME COMPANIONS LLC, CLIENT EXAM SERVICES LLC, and IME MANAGEMENT & CONSULTING LLC,

                  **Defendants.**
-------------------------------------------------------------------X

**PLAINTIFF'S AND NON-PARTY CARLOS ROA'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ENTRY OF JUDGMENT IN CONNECTION WITH DEFENDANTS' FAILURE TO PAY ATTORNEYS' FEES AND COSTS AS ORDERED BY THIS COURT IN ITS SEPTEMBER 25, 2024 MEMORANDUM & ORDER**

 

**MILMAN LABUDA LAW GROUP PLLC**
    Attorneys for Plaintiff
    3000 Marcus Ave., Suite 3W8
    Lake Success, NY 11042
    (516) 328-8899

**SAGE LEGAL LLC**
    Attorneys for Plaintiff
    18211 Jamaica Avenue
    Jamaica, NY 11423-2327
    (718) 412-2421

## PRELIMINARY STATEMENT

Plaintiff, IME Watchdog, Inc. and Carlos Roa ("Roa") respectfully request that the Court direct the Clerk of the Court to enter judgments against Defendants, IME Companions LLC ("Companions"), Safa Gelardi ("Safa"), and Vito Gelardi ("Vito") (Companions, Safa, and Vito collectively hereinafter the "Defendants"), in connection with Defendants' failure to make the payments this Court ordered them to pay to Plaintiff and Roa by November 25, 2024 all of which remain unpaid. Where a court issues an Order for attorneys' fees and costs, the clerk is required pursuant to Rule 54 and Rule 58 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") to enter judgment. Because this Court required payment by November 25, 2024 and Defendants failed to so pay as required, a judgment must be issued in accordance with the Rules.

## STATEMENT OF FACTS

Following Plaintiff's and Roa's successful motion to hold Defendants in contempt for violating this Court's June 8, 2022 Amended Injunction and March 10, 2023 TRO (see 3/27/2023 Min. Entry; ECF Docket Entry 299; 4/5/2022 Dkt. Order), on September 25, 2024, this Court granted Plaintiff's and Roa's motion for attorneys' fees and costs associated with their contempt motion. Specifically, on September 25, 2024, this Court issued a Memorandum & Order stating

> the Court awards Plaintiff $47,321.63 in attorneys' fees and $11,036.60 in costs in connection with their contempt motion. The Court also awards Carlos Roa $6,890 in attorneys' fees and $1,209.11 in costs in connection with the contempt motion and Defendants' violation of the preliminary injunction. Defendants shall pay the awarded attorneys' fees and costs to Plaintiff and Roa, respectively, by November 25, 2024. Proof of payment shall be filed within one week of payment. Defendants are warned that the failure to timely pay the full amounts could result in further contempt sanctions and/or the imposition of interest.

See ECF Docket Entry 394.

1

Defendants failed to make the payment to Plaintiff or Roa by November 25, 2024, and the entire balance remains unpaid by Defendants. Thus, this Court should direct the clerk to enter judgement as required by the Rules.

## ARGUMENT

### POINT I
### JUDGMENT SHOULD BE ENTERED AGAINST DEFENDANTS

Under Rule 58, "the court must promptly approve the form of the judgment, which the clerk must promptly enter, when … the court grants other relief not described in this subdivision (b)" (i.e. when, subject to Rule 54, the jury does not return a general verdict, when the court does not award costs or a sum certain, when the court does not deny all relief, or when the jury returns a special verdict or a general verdict with answers to written question). See Fed. R. Civ. P. 58(b)(2)(B); see also Fed. R. Civ. P. 54(d)(2).

Here, the Court granted other relief not described in Rule 58(b) when, on September 25, 2024, it (i) awarded Plaintiff $47,321.63 in attorneys' fees and $11,036.60 in costs in connection with their contempt motion; (ii) awarded Carlos Roa $6,890 in attorneys' fees and $1,209.11 in costs in connection with the contempt motion and Defendants' violation of the preliminary injunction; and (iii) warned Defendants that the failure to timely pay the full amounts by November 25, 2024 could result in further contempt sanctions and/or the imposition of interest. The method by which interest is imposed is by entering judgment.

Indeed, "[c]ourts routinely enter judgment in the amount of sanctions when an attorney fails to satisfy the amount of the sanction award, even when the overarching litigation is not yet terminated." See, e.g., *Burgie v. Euro Brokers, Inc.*, 2008 U.S. Dist. LEXIS 71386 (E.D.N.Y. Sep. 5, 2008); see also *Stingray Music USA, Inc. v. uCast LLC*, 2020 U.S. Dist. LEXIS 85174 (S.D.N.Y. May 14, 2020); *Sistem Mühendislik Insaat Sanayi Ve Ticaret, A.Ş. v. Kyrgyz Republic*, 2019 U.S.

2

Dist. LEXIS 171590 (S.D.N.Y. Oct. 1, 2019); *Caidor v. Fed-Ex Home Delivery*, 2007 U.S. Dist. LEXIS 67096, 2007 WL 2693609, at \*6 (N.D.N.Y. Sept. 11, 2007); *SEC v. Credit Bancorp, Ltd.*, 2000 U.S. Dist. LEXIS 9755 (S.D.N.Y. July 3, 2000); *Knipe v. Skinner*, 1993 U.S. Dist. LEXIS 9029, 1993 WL 241329, at \*1 (N.D.N.Y. June 25, 1993).

Due to Defendants' failure to pay the amounts ordered in the September 25, 2024 Memorandum & Order, judgments are warranted (i) in favor of Plaintiff IME Watchdog, Inc. and against Defendants in the amount of $58,358.23 in addition to pre-judgment interest and post-judgment interest at the statutory rate computed as provided under 28 U.S.C. § 1961, commencing September 25, 2024; and (ii) in favor of non-party Carlos Roa and against Defendants in the amount of $8,099.11 in addition to pre-judgment interest and post-judgment interest at the statutory rate, computed as provided under 28 U.S.C. § 1961, commencing September 25, 2024.

## POINT II

**SANCTIONS SHOULD BE IMPOSED FOR DEFENDANTS' FAILURE TO PAY**

In addition, because Defendants violated this Court's September 25, 2024, Memorandum & Order by failing to pay the awarded attorneys' fees and costs by November 25, 2024, and because Defendants were warned that failure to comply could lead to further sanctions, Plaintiff and Roa respectfully submit that the Court should impose further contempt sanctions in the amount of $5,000.00 per day until the judgment is satisfied. See Sistem Mühendislik Insaat Sanayi Ve Ticaret, A.Ş. v. Kyrgyz Republic, 2019 U.S. Dist. LEXIS 171590 (S.D.N.Y. Oct. 1, 2019) (issuing further contempt sanctions of $5,000 per day for failure to pay contempt sanctions and concluding that "[e]ntering periodic judgments based on accumulated sanctions or fines is appropriate where a contemnor, like the Republic, refuses to comply"); Paramedics Electromedicina Comercial Ltda. v. GE Medical Systems Information Technologies, Inc., No. 02 Civ. 9369, 2004 WL 1810597, at

3

\*5 (S.D.N.Y. Aug. 12, 2004) (entering judgment and permitting defendant "every three months . . . [to] serve and file a letter requesting an interim judgment confirming . . . a specific dollar amount").

Accordingly, Plaintiff and Roa respectfully request that their motion for entry of a judgment with additional sanctions for failure to comply with this Court's September 25, 2024 Order be granted.

Dated: Lake Success, New York
       December 2, 2024

**MILMAN LABUDA LAW GROUP PLLC**

By:   /s/ Jamie S. Felsen
      Attorneys for Plaintiff
      3000 Marcus Ave., Suite 3W8
      Lake Success, NY 11042
      (516) 328-8899

Dated: Jamaica, New York
       December 2, 2024

**SAGE LEGAL LLC**

By:   /s/ Emanuel Kataev, Esq.
      Attorneys for Plaintiff
      18211 Jamaica Avenue
      Jamaica, NY 11423-2327
      (718) 412-2421