UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
IME WATCHDOG, INC.,

                              Plaintiff,

        -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,

                              Defendants.
----------------------------------------------------------------X

Case No.: 1:22-cv-1032 (PKC)(JRC)

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
## TO MOTION FOR ENTRY OF JUDGMENT

**WARNER & SCHEUERMAN**
Attorneys for Defendants
Safa Abdulrahim Gelardi, Vito Gelardi
and IME Companions, LLC
6 West 18th Street, 10th Floor
New York, New York 10011
(212) 924-7111

**PRELIMINARY STATEMENT**

Defendants Safa Abdulrahim Gelardi, Vito Gelardi and IME Companions LLC (collectively, "Defendants") respectfully submit the instant Memorandum of Law in opposition to the motion of plaintiff IME Watchdog, Inc. ("Plaintiff") and non-party Carlos Roa ("Roa") for the entry of a Judgment in the amount of the costs and attorneys' fees awarded to Plaintiff and Roa by Order dated September 25, 2024, and for the imposition of a $5,000 per day sanction resulting from Defendants' failure to pay Plaintiff and Roa as ordered.

**ARGUMENT**

**POINT I**

**THE INSTANT MOTION SHOULD BE SUMMARILY DENIED AS TO ROA WHERE MOVING COUNSEL HAS FAILED TO FILE A NOTICE OF APPEARANCE ON HIS BEHALF.**

Before addressing the purported merits of the instant application, it must be noted that this motion has been brought on Roa's behalf by Plaintiff's attorneys of record, who have never filed a notice of appearance stating that they represent Roa.

Local Rule 1.4 provides in pertinent part that: "Except as set forth in this rule, each attorney appearing on behalf of a party must file a notice of appearance in each case, promptly upon the attorney's first appearance or filing in the case." The docket report for the instant case shows that Roa was initially represented by Leo Shalit, P.C., and then by Zieher & Associates, P.C.. No other attorney has filed a notice of appearance on Roa's behalf, let alone Plaintiff's attorneys who have purported to bring the instant motion on his behalf. The instant motion should be denied in its entirety as to Roa where Plaintiff's attorneys lacked standing to appear on his behalf when they filed

the instant application. See Waisome v. Port Auth. of N.Y., 999 F.2d 711 (2nd Cir. 1993)(holding that party lacked standing to seek relief on behalf of party it did not represent); Baitey v. Sloly, No. 07 Civ. 9469, 2008 U.S. Dist. LEXIS 113153 (S.D.N.Y. Feb. 5, 2008)("... an attorney who does not represent a party in an action has no standing to seek relief on behalf of anyone...."); NRK Management Corp. v. Donahue, 109 Misc.2d 601, 440 N.Y.S.2d 524 (N.Y.C. Civ. Ct., Queens Cty. 1981).

## POINT II

### PLAINTIFF IS NOT ENTITLED TO A SEPARATE JUDGMENT UNDER THE PLAIN LANGUAGE OF RULE 58 WHICH CONTAINS AN EXCEPTION FOR ATTORNEY FEE AWARDS.

Plaintiff's (and ostensibly Roa's) request for a separate money judgment for attorneys' fees pursuant to Rules 58 and 54 is at odds with the plain language of Rule 58. A motion for a separate judgment is governed by Rule 58(d), which provides that "[a] party may request judgment be set out in a separate document as required by Rule 58(a)." See Fed. R. Civ. P. 58(d). Rule 58(a) states in pertinent part that: "Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:... for attorney's fees under Rule 54." See Fed. R. Civ. P. 58(a)(3). Accordingly, and pursuant to the plain language of Rule 58, a Court is without power to enter a separate judgment "for attorney's fees under Rule 54."

Rather than acknowledge the Rule 58(d) exception for an award of attorneys' fees under Rule 54, Plaintiff's attorneys have engaged in misrepresentation by quoting the entirely inapposite Rule 58(b). But Rule 58(b) does not govern a request for a separate judgment; Rule 58(d) governs, and Rule 58(d) refers to Rule 58(a), which states that a separate judgment cannot be granted

on a motion disposing of an award for attorneys' fees under Rule 54. Plaintiff's motion should be denied pursuant to the plain language of the controlling provision of Rule 58.

In <u>Mason Tenders District Council of Greater New York v. Phase Construction Services, Inc.</u>, 2018 WL 4682012 (S.D.N.Y. September 28, 2018), a case directly on point, the Court denied a request for a separate judgment for an award of attorneys' fees on the ground that attorney fee awards are exempt from Rule 58. The <u>Mason Tenders</u> Court held:

> The Court denies Plaintiffs' motion for entry of a judgment in a separate document. Under Rule 58(d), "A party may request that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d). Rule 58(a) provides, "Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion: .... (3) for attorney's fees under Rule 54." Fed. R. Civ. P. 58(a). Rule 54 defines "Judgment" for the purposes of the Federal Rules of Civil Procedure and establishes the procedures for moving for attorneys' fees. Fed. R. Civ. P. 54. Within subsection (d)(2) of Rule 54, paragraphs (A) through (D) set forth the default procedures for seeking attorney's fees and paragraph (E) excludes "claims for fees and expenses as sanctions for violating these rules" from the default procedures described by paragraphs (A) through (D). Fed. R. Civ. P. 54(d)(2). Read together, "Rule 54, the rule on judgments, makes awards of attorneys' fees one type of judgment and Rule 58 designates it as a type of judgment for which a separate judgment document is not required." Perez v. AC Roosevelt Food Corp., 744 F.3d 39, 41 (2d Cir. 2013) (quoting Feldman v. Olin Corp., 673 F.3d 515, 517 (7th Cir. 2012) ). Therefore, as a general matter, parties may not move for entry of a separate judgment document on an award for attorney's fees pursuant to Rule 58(d) because that Rule only allows parties to move for the entry of a separate judgment document "as required by Rule 58(a)" and because 58(a) exempts awards of attorney's fees from the separate judgment document requirement. See, e.g., Keshner v. Nursing Pers. Home Care, 747 F.3d 159, 161 (2d Cir. 2014) (noting that the district court cited Fed. R. Civ. P. 58(a)(3) to justify its decision to deny a request to enter a separate judgment document based on a fee award).

2018 WL 4682012*2.

In Perez v. AC Roosevelt Food Corp., 744 F.3d 39, 41 (2nd Cir. 2013), the Second Circuit noted that "[a] 'separate document' is not required 'for an order disposing of a motion ... for attorney's fees under Rule 54,'" while holding that the appealable paper was the order setting forth the amount of attorney's fees awarded by the Court rather than a subsequent judgment which is not allowed under Rule 58. In Feldman v. Olin Corp., 673 F.3d 515 (7th Cir. 2012), the Seventh Circuit held that the District Court's order requiring plaintiff's counsel to pay defendant's attorney fees in an employment discrimination action, as sanction for improperly joining defendant which had never employed plaintiff, was not an order for which a separate document for a judgment was required, and thus time for plaintiff's counsel to file notice of appeal from order commenced with entry of the order.

In U.S. v. Business Recovery Services, LLC, 2012 WL 3064253 (D. Ariz. July 26, 2012), the plaintiff moved for a contempt order after the defendant violated a preliminary injunction. The Court granted the motion and awarded the plaintiff attorney's fees to sanction the defendant in the contempt proceedings. After the contemnor refused to pay, the plaintiff moved under Rule 58(d) for entry of a separate judgment under Rule 58(d). The Court denied the motion because Rule 58(d) only allows parties to seek to enter separate judgments when required by Rule 58(a), and Rule 58(a) does not require Courts to enter a separate judgment for an award of attorneys' fees. The Court held: "Because Plaintiff's motion for fees was made in a manner consistent with the procedures listed in Rule 54, the exception contained in Rule 58(a)(3) should apply. The Court does not need to enter a separate judgment on the attorneys' fees order and therefore will not do so." 2012 WL 3064253*2.

Plaintiff's attorneys have failed to cite any of the foregoing cases which are directly adverse to their arguments, let alone the proper provision of Rule 58. Plaintiff's attorneys' sharp

practice is confirmed by their heavy reliance on <u>Burgie v. Euro Brokers, Inc.</u>, 2008 WL 4185701 (E.D.N.Y. September 8, 2008), where the Court expressly acknowledged that a request for a separate judgment is governed by Rule 58(d) (rather than by the inapposite Rule 58(b) quoted by Plaintiff's counsel in their moving memorandum of law), and granted such relief because it found that the "exceptions" listed in Rule 58(a) are "not relevant herein." It appears that the "exception" for an award of attorneys' fees pursuant to Rule 54 was not applicable in <u>Burgie</u> because the movant was seeking to enforce sanctions against counsel rather than an award of attorney's fees against a party on a motion brought pursuant to Rule 54.[1]

   We respectfully submit that there is no reason for this Court to ignore the plain language of Rule 58 and to grant plaintiff (and Roa) a separate judgment for attorneys' fees previously awarded pursuant to Rule 54. As the Court held in <u>Mason Tenders District Council of Greater New York</u>, a court lacks the power to enter a separate judgment for attorneys' fees granted pursuant to Rule 54. The <u>Mason Tenders</u> Court held:

> On this specific topic, the parties have not brought any authoritative cases to the Court's attention and the Court has not come across any in its independent research. In the absence of precedent, the Court holds that Rule 58(a)'s reference to "motions for attorney's fees under Rule 54" applies to all motions for attorney's fees, even those arising from sanctions, because "Rule 54, the rule on judgments, makes awards of attorneys' fees one type of judgment and Rule 58 designates it as a type of judgment for which a separate judgment document is not required." Perez, 744 F.3d at 41 (citing Feldman v. Olin Corp., 673 F.3d 515, 517 (7th Cir. 2012) ).
>
> Because Rule 58(d) only allows parties to move for a separate judgment document as required by 58(a) and because Rule 58(a) does not require a separate judgment document for any award of attorney's

---

[1] The holding of <u>Burgie v. Euro Brokers</u> was rejected by <u>U.S. v. Business Recovery Services, LLC</u>, which chose to follow Circuit Court authority instead.

-5-

>fees and costs, even one involving sanctions, the Court finds that it lacks the power to enter a separate judgment document pursuant to a Rule 58(d) motion. Therefore, the Court denies Plaintiffs' motion for entry of a separate judgment document, its request to enter this separate judgment document against PNY and LaBarca, and its plea for attorney's fees and costs in making the motion.

2018 WL 4682012*3.

## POINT III

### PLAINTIFF'S REQUEST FOR CONTEMPT SANCTIONS FOR ALLEGED NONCOMPLIANCE WITH A COURT ORDER SHOULD BE DENIED AS DEFECTIVE.

Plaintiff's (and ostensibly Roa's) request for an award of contempt sanctions against Defendants for failing to pay the contempt award of attorneys' fees must be denied as procedurally defective. It is bedrock law that a contempt motion is required to sanction a party for failing to pay a monetary judgment or sanction issued against it. See, e.g., Cordius Trust v. Kummerfeld Assocs., Inc., 658 F.Supp.2d 512 (S.D.N.Y. 2009)("This Circuit has concluded that a contempt order may be appropriate where a party has failed to pay a monetary judgment or sanction issued against it").

Here, Plaintiff has failed to bring a contempt application arising out of Defendants' alleged non-compliance with the Court's Order, let alone support its defective motion with the proof and affidavits required on a contempt application. Plaintiff has not demonstrated the elements of contempt and has failed to submit the supporting declaration required by Local Rule 83.6. Defendants should not be required to lay bear their defense of their inability to pay (as evidenced by Defendants' prior submission of financial records to the Court) where Plaintiff failed to bring the appropriate motion for contempt supported by the necessary proof. See, e.g., Huber v. Marine Midland Bank, 51 F.3d 5 (2nd Cir.1995). Defendants have submitted sworn declarations denying their ability to pay out of an abundance of caution.

-6-

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request an Order denying the instant motion in its entirety, granting Defendants costs and reasonable attorneys' fees, and granting such further relief as may be just.

Dated: New York, New York
December 18, 2024

                                      **WARNER & SCHEUERMAN**
                                      Attorneys for Defendants
                                      Safa Abdulrahim Gelardi, Vito Gelardi and
                                      IME Companions, LLC

By:   */s/ Jonathon D. Warner*
           Jonathon D. Warner (5195)
           6 West 18th Street, 10th Floor
           New York, New York 10011
           (212) 924-7111