UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IME WATCHDOG, INC.,

                                                      Case No.: 1:22-cv-1032 (PKC) (JRC)

                Plaintiff,

     -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI, GREGORY ELEFTERAKIS, ROMAN POLLAK, ANTHONY BRIDDA, IME COMPANIONS LLC, CLIENT EXAM SERVICES LLC, and IME MANAGEMENT & CONSULTING LLC,

                Defendants.
------------------------------------------------------------------X

**PLAINTIFF'S AND NON-PARTY CARLOS ROA'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR ENTRY OF JUDGMENT IN CONNECTION WITH DEFENDANTS' FAILURE TO PAY ATTORNEYS' FEES AND COSTS AS ORDERED BY THIS COURT IN ITS SEPTEMBER 25, 2024 MEMORANDUM & ORDER**

                                **MILMAN LABUDA LAW GROUP PLLC**
                                Attorneys for Plaintiff
                                3000 Marcus Ave., Suite 3W8
                                Lake Success, NY 11042
                                (516) 328-8899

                                **SAGE LEGAL LLC**
                                Attorneys for Plaintiff
                                18211 Jamaica Avenue
                                Jamaica, NY 11423-2327
                                (718) 412-2421

                                **ZIEHER & ASSOCIATES, P.C.**
                                Attorneys for Non-Party Carlos Roa
                                11 Broadway, Suite 615
                                New York, NY 10004
                                (212) 235-7010

## **PRELIMINARY STATEMENT**

This Court has authority, and should exercise that authority, to enter judgment in favor of Plaintiff and Carlos Roa ("Roa") in connection with the attorneys' fees and costs awarded to them in the September 25, 2024 Memorandum & Order (the "Order"). See ECF Docket Entry 394.

Defendants not only concede that they have failed to comply with the Order but also make it clear they have no intention of complying with the Order. Defendants attempt to argue that their failure to comply should be excused because they are purportedly broke and cannot sell any of the properties within their real estate empire amassed by their wrongdoing – all of which has been conveniently taken off the market once Plaintiff moved for pre-judgment attachment.

However, crying poverty, even if it is true (which it is not), is never a defense to comply with a court Order. Furthermore, it should be noted that despite being ordered to provide financials to support their claims of indigence, Defendants have yet to do so, and all the evidence that we have uncovered proves that they are in fact wealthy entrepreneurs with sizable real estate holdings.

Moreover, the Defendants have instructed their attorney, who they purportedly are not paying, to spend more billable hours to oppose Plaintiff's and Roas's motion. There simply is no basis for Defendants – who have repeatedly lied to this Court – to not have a judgment entered against them with respect to the costs and attorneys' fees they were directed to pay by November 25, 2024. Indeed, "I don't have the money" is not a defense to paying court ordered fees.

Defendants argue that Plaintiff and Roa failed to support their motion with a declaration pursuant to Local Civil Rule ("LCR") 83.6. This is because Plaintiff and Roa moved for entry of judgment, not contempt.

1

However, because this Court has already warned that failure to pay the attorneys' fees and costs would lead to sanctions, Plaintiff hereby respectfully submits a declaration pursuant to LCR 83.6 should this Court exercise its discretion to issue a judgment as a sanction against Defendants.

Defendants' primary argument that Plaintiff is not entitled to a judgment pursuant to the express terms of Rules 58 and 54 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") is belied by the authority submitted by Plaintiff, which Defendants do not distinguish. Based on the foregoing, as well as the additional facts and arguments made below, Plaintiff should prevail in its motion for a judgment and appropriate sanctions against the Defendants.

**FACTS**

On September 11, 2023, this Court issued an Order directing the parties to pay Berkeley Research Group, LLC ("BRG"), the neutral forensic examiner. See ECF Docket Entry 234. At that time, BRG was owed $32,716.46 by the Defendants. Id. This amount remains unpaid despite the events that transpired below. On December 5, 2023, Defendants sold their property at 1523 North Hollywood Street, Philadelphia, PA 19121 for $229,000.00. See Declaration of Carlos Roa ("Roa Decl.") ¶ 3. Based on a public records search, there was no mortgage on the property. Id. at ¶ 4. Despite selling this property and using the $148,000.00 in profit towards other expenses, BRG was not paid. See ECF Docket Entry 355-1 at 173:3-174:12 ("Q And you profited 148,000 from that property? A That property negative 90,000. I put 300 on it and I had to sell it so I could pay my attorney some bills, and everybody else I owe money").

On February 23, 2024, Plaintiff moved for pre-judgment attachment of Defendants' real property. See ECF Docket Entry 278.

On March 15, 2024, less than a month thereafter, Defendants removed a listing for 9 Woods End, Lake Harmony, PA.  See Roa Decl. ¶ 5.  Defendants are currently involved in litigation concerning this property, and have been defending that lawsuit.  Id. ¶ 6.

Similarly, while Defendants' other Pennsylvania property at 5265 Milford Rd, East Stroudsburg, PA 18302 was previously listed for sale, it has been removed from the market since March of 2024 through the present.  Id. ¶ 7.  To Plaintiff's knowledge, the East Stroudsburg, PA property is and remains an income-generating short-term rental property for the Defendants.  Id. ¶ 8.

Further, as this Court is well aware, Defendants' property at 148 Clay Pit Rd, Staten Island, NY 10309 has its mortgage paid through the sham rent-to-buy agreement.  See ECF Docket Entry 396.  Defendants currently reside at 26118 Crosswood Trails Ln Cypress, TX 77433, a 3,244 square feet building, with a backyard oasis.  See Roa Decl. ¶ 9.  This property has not been listed for sale.  Id.

Defendants have invested funds to start a daycare called Little Companions where the rent is approximately $66k a year, $5500 a month.  Id. at ¶¶ 10-12, Exhibits A and B.  Additionally, Defendant's business has taken off so much so that Defendants are hiring a part time cook and a part time teacher.  Id. at ¶ 13.

Based on the foregoing evidence, Defendants' pleas of poverty should fall on deaf ears. Defendants' tactics are to delay, delay, delay, as they are seeking ingenious ways to liquidate all their assets and place them in Texas, as they have done with their Orlando Mansion, Philadelphia property, and with their Staten Island property through the sham rent-to-buy agreement. Safa registered the Little Companions LLC in August and took possession of the premises in October 2023, ignoring the Court's September 11, 2023 warning concerning the payment to BRG.

3

Similarly, despite being ordered to pay attorneys' fees in an Order dated September 25, 2024 by November 25, 2024, Defendants have carried on their businesses and real estate ventures without batting an eye to pay these fees and costs. If defendants can afford to invest in retail space and pay employees, they can and should afford to pay their court ordered debts.

This Court should not discern the evidence of the day care to mean that Defendants do not continue to profit from Plaintiff's stolen trade secrets. Their latest IME venture, The IME Company, remains a "Contributing Business Partners" with the Houston Trial Lawyers Association, valued at $15,000.00. Id. at ¶ 14.

Once again, it is evident that the Defendants have chosen to allocate their funds elsewhere and ignore this Court's Orders to pay BRG its fees for services as well as Plaintiff's and Roa's attorneys' fees and costs. As such, judgment should be entered for the attorneys' fees and costs pursuant to Rules 58 and 54 and/or separately as a contempt sanction for Defendants' failure to pay according to this court's September 25, 2024 Order.

## ARGUMENT

### POINT I
### JUDGMENT SHOULD BE ENTERED AGAINST DEFENDANTS

Defendants argue that "a separate document is *not required* for an order disposing of a motion: … (3) for attorney's fees under Rule 54." *Mason Tenders Dist. Council of Greater NY*. (emphasis added). However, this language does not prohibit a court from entering a judgment in a separate document, as Defendants argue.

Indeed, the Court is permitted to enter a judgment for costs and attorneys' fees, as other courts have done. As explained in *Burgie v. Euro Brokers, Inc.*, 2008 U.S. Dist. LEXIS 71386 (E.D.N.Y. Sep. 5, 2008):

4

"Courts routinely enter judgment in the amount of sanctions when an attorney fails to satisfy the amount of the sanction award, even when the overarching litigation is not yet terminated." *Id*. at *23; *see also* Carlson v. Morabito, 2020 U.S. Dist. LEXIS 213451 (D. Colo. Nov. 16, 2020) ("Rule 58 does not prohibit the entry of judgment for attorneys' fees") *citing* Rodriguez v. ACCC Ins. Co., 2019 U.S. Dist. LEXIS 79442, 2019 WL 9270456, at *1 (D. Ariz. May 10, 2019) (same). Other courts within the Second Circuit have followed *Burgie*. *See* Stingray Music USA, Inc. v. uCast LLC, 2020 U.S. Dist. LEXIS 85174 (S.D.N.Y. May 14, 2020); Sistem Mühendislik Insaat Sanayi Ve Ticaret, A.Ş. v. Kyrgyz Republic, 2019 U.S. Dist. LEXIS 171590 (S.D.N.Y. Oct. 1, 2019). Notably, these cases were decided after Mason Tenders Dist. Council of Greater NY v. Phase Constr. Servs., 2018 U.S. Dist. LEXIS 168239 (S.D.N.Y. Sep. 27, 2018), the case upon which Defendants heavily rely. Defendants conveniently ignore both of these decisions which Plaintiff and Roa cited in their initial brief. In *Stingray*, Judge Hellerstein explained:

> to avoid yet another round of Defendant refusing to comply with an order to make payment and Plaintiff returning to court for new sanctions, I rule that this order, and my prior order, *see* ECF No. 37, for a total payment of $10,000, shall be subject immediately to execution by Plaintiff. Plaintiff may thus enforce both these orders against Defendant's assets as final judgments. *See* Li Rong v. Perfect Team Corp., No. 10 Civ. 1637, 2014 U.S. Dist. LEXIS 74240, 2014 WL 2465589, at *5 (E.D.N.Y. May 30, 2014) ("Defendants have not presented any legal authority ...indicating that the Court lacks authority to compel defendants to comply *immediately* [with the order for sanctions]. Indeed, courts routinely require litigants to comply with Rule 37 sanctions before litigation is completed.") (emphasis added); *see id.* (collecting cases); Burgie v. Euro Brokers, Inc., No. 05 Civ. 0968, 2008 U.S. Dist. LEXIS 71386, 2008 WL 4185701, at *8 (E.D.N.Y. Sept. 8, 2008) ("Courts routinely enter judgment in the amount of sanctions when an attorney fails to satisfy the amount of the sanction award, even when the overarching litigation is not yet terminated."); *see also* Fed. R. Civ. P. 54(b) (permitting entry of judgment on "fewer than all" claims where there is "no just reason for delay"). And as a word of caution to Defendant; failure to comply with monetary sanctions may be punishable by a finding of contempt and imprisonment pending compliance.

*Id*. at *3-4.

Similarly, in *Sistem Mühendislik Insaat Sanayi Ve Ticaret, A.Ş. v. Kyrgyz Republic*, 2019 U.S. Dist. LEXIS 171590 (S.D.N.Y. Oct. 1, 2019), the Court entered a judgment for attorneys' fees and other contempt sanctions with which the defendant failed to comply.

This Court should do exactly what Judges Hellerstein and Lehrburger did and enter judgment against Defendants and in favor of Plaintiff and Roa. Defendants concede they have violated this Court's Order directing them to pay attorneys' fees to Plaintiff and Carlos Roa, and they claim they have no money and conveniently cannot sell any properties within their real estate empire, all of which have been delisted. The filing of an order to show cause will be futile as Defendants will, surely, fail to comply with any future orders related to the payment of attorney's fees.

Because Defendants admit they failed to comply with the Court's Order and have no intention of complying, there is no reason to force Plaintiff to exhaust additional attorney's fees drafting an order to show cause related to Defendants' contempt. This is especially applicable where, as here, the Court has already warned that sanctions would issue upon failure to comply.

## POINT II

**SANCTIONS SHOULD BE IMPOSED FOR DEFENDANTS' FAILURE TO PAY**

This Court previously warned Defendants that failure to comply could lead to further sanctions, and Defendants have conceded that they have not complied and have no intention to comply.

Therefore, there is no need for Plaintiff to have to spend additional resources – which Defendants claim they cannot afford to pay – filing another order to show cause where Defendants concede they failed to comply with the Order.

Accordingly, Plaintiff and Roa respectfully request that their motion for entry of a judgment with additional sanctions for failure to comply with this Court's September 25, 2024 Order be granted.

Dated: Lake Success, New York
       December 30, 2024

**MILMAN LABUDA LAW GROUP PLLC**

By:   /s/ Jamie S. Felsen
       Attorneys for Plaintiff
       3000 Marcus Ave., Suite 3W8
       Lake Success, NY 11042
       (516) 328-8899

Dated: Jamaica, New York
       December 30, 2024

**SAGE LEGAL LLC**

By:   /s/ Emanuel Kataev, Esq.
       Attorneys for Plaintiff
       18211 Jamaica Avenue
       Jamaica, NY 11423-2327
       (718) 412-2421

Dated: New York, New York
       December 30, 2024

**ZIEHER & ASSOCIATES, P.C.**

By:   /s/ Maria Zieher, Esq.
       Attorneys for Non-Party Carlos Roa
       11 Broadway, Suite 615
       New York, NY 10004
       (212) 235-7010