# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

January 20, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James R. Cho, U.S.M.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

> *Re:*    **IME WatchDog, Inc. v. Gelardi,** *et al.*
> **Case No.: 1:22-cv-1032 (PKC) (JRC)**

Dear Judge Cho:

This firm, together with Milman Labuda Law Group PLLC, represents Plaintiff IME WatchDog, Inc. (the "Plaintiff") in the above-referenced case. The parties write jointly pursuant to this Court's January 17, 2025 scheduling Order to submit an updated joint status report in connection with the discovery disputes addressed at the October 24, 2024 hearing concerning Defendants Safa Gelardi ("Safa"), Vito Gelardi ("Vito"), and IME Companions LLC ("Companions") (Safa, Vito, and Companions collectively hereinafter the "Defendants") as well as non-parties Eugene Liddie ("Liddie") and IME Legal Reps ("IMELR").

The parties sought to meet-and-confer again on Wednesday, November 20, 2024; however, counsel for Liddie and IMELR was not prepared to meet-and-confer on that date because she thought the parties agreed to do so on Friday, November 22, 2024 and was meeting with Liddie and IMELR on Thursday, November 21, 2024

On Thursday, November 21, 2024, counsel for Liddie and IMELR notified Plaintiff that her client is working on the production and expects same to be produced on December 2, 2024. This prompted Plaintiff to request an extension of time to submit the joint status report. <u>See</u> ECF Docket Entry 426.

On December 2, 2024, counsel for Liddie and IMELR reported that Liddie's mother had passed away and thus requested additional time without specifying how much time. On December 11, 2024, Plaintiff followed up with counsel for Liddie and IMELR, who reported the same day that a document production was expected by December 20, 2024. On that day, counsel for Liddie and IMELR reported that she will not be able to turn over all disclosures.

On Monday, December 23, 2024, counsel for Liddie and IMELR reported that "disclosures and [an] affidavit" were "put together" and that she is "awaiting approval from [her] client to send" with her goal to "send it later today."

On Thursday, December 26, 2024, at 5:10 PM, counsel for Liddie and IMELR produced sixteen (16) attachments consisting of forty-two (42) pages which represent IMELR's bank statements for May 2023 through June 2024, a sales by customer summary, and a declaration.

Plaintiff raises several outstanding deficiencies that remain which this Court should be apprised of, which Defendants, Liddie, and IMELR have addressed *seriatim* as set forth below.

*First*, neither Defendants have declared under oath that there are no other bank statements, rental agreements, real property, investments, and other assets, nor have Liddie and IMELR declared under oath that no other bank accounts exist, but Liddie will supplement his statement to state that no additional bank accounts with any relevant other information exists and contends that was not previously requested.

*Second*, Plaintiff maintains that it is entitled to Liddie's personal bank statements.  Liddie maintains that during the court conference in this matter presided by Justice Cho, it was the understanding of Liddie and IMELR that information relevant to the proceedings at hand should be turned over and that if there were no business transactions or transactions related to the proceedings whatsoever within the personal bank statements of Liddie and such transactions therein were solely personal in nature that a declaration stating the same would be sufficient.  Liddie did in fact provide Plaintiff with such declaration stating the same.

*Third*, Liddle and IMELR have failed to produce communications between Liddie and the IME observers with whom they work.  Liddie and IMELR contends that there are no communications between them and the observers and has indicated the same.

*Fourth*, Defendants' production remains redacted and not all bank statements were provided, including those for Companions.

*Fifth*, the sales by customer summary does not indicate the time period covered by the summary.  Liddie states that he will further supplement the sales summary to indicate the time periods covered.

*Finally*, Liddie and IMELR have failed to provide unredacted bank statements.  Although, Liddie contends that the only redactions to the statement were transactions that were personal in nature.

The Gelardi Defendants demand that Plaintiff produce the documents demanded in their Notice to Produce Documents dated May 10, 2023, within 30 days, and that Plaintiff produce for deposition, within 30 days thereafter, both Plaintiff's sole shareholder Daniella Levi and its President Carlos Roa.  Plaintiff submits that this request is inappropriate as this is not in connection with the discovery disputes addressed at the October 24, 2024 hearing.  Moreover, Plaintiff's motion for contempt requesting case ending sanctions remains *sub judice* before the Hon. Pamela K. Chen, U.S.D.J. ("Judge Chen") such that Defendants are not entitled to the aforesaid discovery in light of their flagrant violations of Judge Chen's Orders.

The parties thank this Court for its time and attention to this case.

Dated: Lake Success, New York
      January 20, 2025

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

  */s/ Jamie S. Felsen, Esq.*
Jamie S. Felsen, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1391 (direct dial)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com

*Attorneys for Plaintiff*
*IME WatchDog, Inc.*

Dated: Jamaica, New York
      January 20, 2025

**SAGE LEGAL LLC**

 */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Additional Attorneys for Plaintiff*
*IME WatchDog, Inc.*

**<u>VIA ECF</u>**
All counsel of record