UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
IME WATCHDOG, INC.,

                        Plaintiff,

        - against -

SAFA ABDULRAHIM GELARDI, VITO
GELARDI, GREGORY ELEFTERAKIS,
ROMAN POLLAK, ANTHONY BRIDDA,
IME COMPANIONS, LLC, CLIENT EXAM
SERVICES, LLC, and IME MANAGEMENT
& CONSULTING, LLC,

                        Defendants.
------------------------------------------------------x

**THIRD AMENDED**
**PRELIMINARY INJUNCTION**
22-CV-1032 (PKC) (JRC)

PAMELA K. CHEN, United States District Judge:

    Upon consideration of Plaintiff's third application for a preliminary injunction, Plaintiff's memorandum of law and supplemental briefs filed in support thereof and the accompanying declarations, Defendants Safa Gelardi, Vito Gelardi, and IME Compannions, LLC's ("Defendants") memorandum of law and supplemental brief filed in opposition thereto and the accompanying declarations, non-party Eugene Liddie's ("Liddie") memorandum of law and supplemental brief filed in support thereof and the accompanying declarations, and the evidence presented at the show-cause hearings held on May 4, 2023, May 29, 2024, July 29, 2024, and September 25, 2024; and

    Upon consideration of the Court's Findings of Fact and Conclusions of Law, set forth in the Court's Memorandum & Order dated March 31, 2025, that Plaintiff likely will succeed on the merits of this litigation, that Plaintiff will and has suffered irreparable harm if the requested relief is not granted in part, that the balance of hardships tips in Plaintiff's favor, and that it is in the public's interest for the Court to issue a preliminary injunction,

**IT IS ORDERED THAT:**

I. Plaintiff's application for a preliminary injunction is hereby GRANTED in part, and that (i) Defendants, their agents, officers, and employees, and all other persons and entities in active concert or participation with them; (ii) Liddie, his agents, officers, and employees, and all other persons and entities in active concert or participation with him; (iii) IME Legal Representatives, its agents, officers, and employees, and all other persons and entities in active concert or participation with it; (iv) Client Exam Services, its agents, officers, and employees, and all other persons and entities in active concert or participation with it; (v) Accompanied Exams Services, its agents, officers, and employees, and all other persons and entities in active concert or participation with it; and (vi) The IME Company, its agents, officers, and employees, and all other persons and entities in active concert or participation with it, are preliminarily enjoined from:

    A. using in any manner whatsoever Plaintiff's trade secrets and confidential and proprietary information, including, but not limited to Plaintiff's:

        1. customer lists;

        2. customer information (such as customer names, contact information, whether customers paid the issued invoices, amounts paid, number of associate visits performed, nature of services performed and hours spent servicing the customer, and customer's preferences in connection with the independent medical examinations);

        3. invoices;

        4. website;

        5. training handbooks;

        6. independent medical examination reports; monthly, quarterly, and/or annual reports; internal memoranda;

        7. financial information (such as information regarding payroll, banking, and profit and loss); and

        8. employees and agents (such as which customers they service, which doctors' independent medical examinations they observed and how long such examinations lasted, and how much they earn);

    B. providing any services to customers misappropriated from Plaintiff, including the customers identified on the Enjoined Customers List (attached as Exhibit A);

    C. contacting (or eliciting contact from) and/or surveilling Plaintiff's current clients, employees, and agents;

    D. franchising IME Companions LLC; and

    E. other than as required to comply with Paragraph II below, destroying any documents, whether in hard copy and/or computerized and/or other electronic media format, that are presently in Defendants' personal or corporate possession relating to IME Watchdog, Inc., IME Companions LLC, IME Legal Representatives, Client Exam Services, Accompanied Exams Services, and The IME Company or any other matter relevant to this case.

II. Defendants, Liddie, IME Legal Representatives, Client Exam Services, Accompanied Exams Services, and The IME Company, will return to Plaintiff all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain Plaintiff's trade secrets and confidential and proprietary information, which are non-exhaustively described in Paragraph I.A. above.

III. Within fourteen (14) days of this Order, Defendants, Liddie, IME Legal Representatives, Client Exam Services, Accompanied Exams Services, and The IME Company will provide to the Court a list of all customers served since March 10, 2023, which shall include the date of each service, the name of each customer, the name of the observer or representative

3

|      |      |
|------|------|
| | who attended each, and the amount billed and collected for each, for purposes of issuing a Court-Authorized Notice. |
| IV. | Within seven (7) days of Plaintiff's receipt of the submission required by Paragraph III above, Plaintiff will provide to the Court a list of all customers on the Enjoined Customers List served by Defendants, Liddie, IME Legal Representatives, Client Exam Services, Accompanied Exams Services, and/or The IME Company since March 10, 2023 ("List of Customers Serviced"). |
| V. | Within fourteen (14) days of this Order, Plaintiff will provide to the Court a proposed Court-Authorized Notice to be sent to each customer that Defendants, Liddie, IME Legal Representatives, Client Exam Services, Accompanied Exams Services, and/or The IME Company have served since March 10, 2023. |
| VI. | Within seven (7) days of the Court's approval of the Court-Authorized Notice and List of Customers Serviced, the Plaintiff will provide the Court-Authorized Notice to the List of Customers Serviced. |
| VII. | Within fourteen (14) days of this Order, Defendants, Liddie, IME Legal Representatives, Client Exam Services, Accompanied Exams Services, and The IME Company will provide to the Court the website domain for every website they own and/or operate in connection with the independent medical examination business. |
| VIII. | Within fourteen (14) days of this Order, Plaintiff will provide to the Court a proposed Public Website Notice to be posted on the home page of the websites owned and/or operated by Defendants, Liddie, IME Legal Representatives, Client Exam Services, Accompanied Exams Services, and The IME Company in connection with the independent medical examination business. |

IX.     Within seven (7) days of the Court's approval of the Public Website Notice, Defendants, Liddie, IME Legal Representatives, Client Exam Services, Accompanied Exams Services, and The IME Company will post the Public Website Notice on the homepage of every website they own and/or operate in connection with the independent medical examination business.

This preliminary injunction shall continue until a final judgment or order is issued in this matter, unless otherwise modified in writing by the Court. Failure to comply with the preliminary injunction will result in findings of contempt and sanctions.

                                                   SO ORDERED.

                                                   */s/ Pamela K. Chen*
                                                   Pamela K. Chen
                                                   United States District Judge

Dated:  March 31, 2025
        Brooklyn, New York