# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

April 2, 2025

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

        Re:    **IME WatchDog, Inc. v. Gelardi,** *et al.*
                **Case No.: 1:22-cv-1032 (PKC) (JRC)**

Dear Judge Chen:

      This office, along with Milman Labuda Law Group PLLC, represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case. Plaintiff writes to respectfully submit the instant letter motion for a pre-motion conference in anticipation of its motion to seek: (i) leave to amend the complaint to include Eugene Liddie ("Liddie"), IME Legal Reps ("IMELR"), Accompanied Exam Services ("AES"), and The IME Company ("IMEC") (Liddie, IMELR, AES, and IMEC collectively hereinafter the "Putative Defendants") as Defendants in this case pursuant to Rules 15 and 20 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"); and (ii) case-ending sanctions pursuant to Rule 16(f) for the Defendants' and Putative Defendants' blatant repeated violations of this Court's Orders; or, in the alternative (iii) summary judgment against the Defendants and the Putative Defendants.

      Consistent with ¶ 3(A) of this Court's Individual Practices and Rules, Plaintiff respectfully provides the basis for its anticipated motion.

**Plaintiff Should be Granted Leave to Amend the Complaint to Add the Putative Defendants**

      "Leave to amend is to be freely given when justice requires." See Freidus v. Barclays Bank PLC, 734 F.3d 132, 140 (2d Cir. 2013) (citing, *inter alia*, Fed. R. Civ. P. 15(a)(2)). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

      "The burden to explain a delay is on the party that seeks leave to amend." See MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc., 157 F.3d 956, 962 (2d Cir. 1998). But the "non-movant bears the burden of showing prejudice, bad faith and futility of the amendment." See Grant v. Citibank (S. Dakota), N.A., No. 10-CV-2955, 2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010) (citing Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)). Rule 15(a)(2) is a "liberal" and "permissive" standard in accord with the Second Circuit's "strong preference for resolving disputes on the merits." See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015) (internal quotation marks omitted).

      When a proposed amendment adds new parties, Rule 21 governs. See Waite v. UMG Recordings, Inc., 477 F. Supp. 3d 265, 269 (S.D.N.Y. 2020).

Under Rule 21, "the court may at any time, on just terms, add or drop a party." See Fed. R. Civ. P. 21. In any event, "courts apply the same liberal standard afforded to motions to amend under Rule 15(a)." See Waite, 477 F. Supp. 3d. at 269 (citing Sly Magazine, LLC v. Weider Publications L.L.C., 241 F.R.D. 527, 532 (S.D.N.Y. 2007)).

Here, in light of this Court's significant findings that the Putative Defendants engaged in contempt of Court as agents of the Defendants (see ECF Docket Entry 448), Plaintiff respectfully submits that justice requires granting leave to amend the complaint to include them as Defendants.

Accordingly, Plaintiff should be granted leave to amend the complaint.

**Defendants Should Receive Case Ending Sanctions Due to Repeated Violations of Orders**

"A court may impose a range of sanctions on a party which fails to … comply with … pretrial orders including, among other things, striking pleadings and rendering a default judgment." See Trustees of the Paper Producs, Miscellaneous Chauffers, Warehousemen & Helpers Union Local 27 Welfare Tr. Fund & Pension Fund v. J & J Int'l Logistics, Corp., No. 12-CV-1475 (ILG) (VMS), 2013 WL 5532710 at *3 (E.D.N.Y. Oct. 4, 2013) (citing, e.g., Fed. R. Civ. P. 16(1)(A)-(C)). "The court may enter a default judgment when the disobedient party has failed to comply with a court order due to willfulness, bad faith, or any fault, including gross negligence." Id. at *2 (citing Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994); Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979)); Allstate Ins. Co. v. Lopez, No. 14-CV-4826 (JS) (AKT), 2016 U.S. Dist. LEXIS 24114, 2016 WL 11096618, at *3 (E.D.N.Y. Feb. 25, 2016), report and recommendation adopted sub nom., 2016 WL 4129104 (E.D.N.Y. Aug. 2, 2016).

Rule 16(f) authorizes a court to 'issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to obey a scheduling or other pretrial order." See Fed R. Civ. P. 16(f)(1)(C)). "When considering the imposition of such sanctions, the Court considers: (1) the party's history of noncompliance; (2) the effectiveness of lesser sanctions; (3) whether a warning has been issued regarding imposition of sanctions; and (4) whether imposing lesser sanctions would prejudice the moving party." See Arch Ins. Co. v. Sky Materials Corp., No. 17-CIV.-2829 (CBA) (LB), 2021 WL 966110, at *3 (E.D.N.Y. Jan. 29, 2021), report and recommendation adopted, No., 2021 WL 964948 (E.D.N.Y. Mar. 15, 2021); Funk v. Belneftekhim, 861 F.3d 354, 366 (2d Cir. 2017).

Here, this Court would be well within its discretion and authority to issue case ending sanctions.  As to the first factor, the Defendants' rap sheet of noncompliance with this Court's Orders runs miles long. See ECF Docket Entry 448 (discussing serial non-compliance with Orders).  Yet another violation by Defendants of a Court Order concerns Defendants' failure to comply with the Court's September 25, 2024 Order directing them to pay Plaintiff's and Carlos Roa's costs and attorneys' by November 25, 2025. See ECF Docket Entry 394.  Defendants have not paid a penny.  Concerning the second factor, lesser sanctions have proven ineffective against the Defendants.  See ECF Docket Entry 448 at 51 ("Defendants have consistently demonstrated an undeterrable resolve to circumvent this Court's Orders and improperly use Plaintiff's trade secrets").  Turning to the third factor, the Court warned Defendants in its September 25, 2024 Order that if they fail to comply by paying Plaintiff's costs and attorneys' fees further contempt sanctions could be issued.  Finally, imposing lesser sanctions would prejudice Plaintiff because Defendants can only be expected to continue to violate this Court's Orders with impunity absent the relief requested.

2

Accordingly, case-ending sanctions are warranted.

**In the Alternative, Plaintiff is Entitled to Summary Judgment**

Under Rule 56(c), summary judgment must be granted if "there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 323 n. 4 (1986). "[G]enuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, [while] materiality runs to whether the dispute matters, *i.e.*, whether it concerns facts that can affect the outcome under the applicable substantive law." See Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1, 5 (2d Cir. 1999). In order to prove that a genuine issue of material fact exists, a party "may not rest upon the mere allegations or denials of the pleading[s]," but must by affidavit or otherwise "set forth specific facts showing that there is a genuine issue for trial." See Fed. R. Civ. P. 56(e). The moving party bears the initial burden of demonstrating an absence of genuine issues of material fact. See Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997).

For the reasons set forth below, and in light of the fact that discovery closed yesterday on March 31, 2025 (see Text Only Order dated October 24, 2024), Plaintiff's anticipated motion for summary judgment should be granted.

Here, the record adduced in discovery, at the innumerable hearings, and from the forensic examination of Defendants' electronic devices convincingly establishes that Defendants' stole Plaintiff's trade secrets and used them to Plaintiff's detriment such that there is no dispute about the facts. Indeed, this Court has held multiple times that Plaintiff has a likelihood of success on the merits, and – just recently – concluded that Plaintiff is highly likely to prevail on the merits in this litigation.

Accordingly, Plaintiff is entitled to summary judgment.

Dated: Lake Success, New York
April 2, 2025

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
/s/ Jamie S. Felsen, Esq.

Dated: Jamaica, New York
April 2, 2025

**SAGE LEGAL LLC**
/s/ Emanuel Kataev, Esq.

cc: All Counsel of Record (via ECF)