# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

April 7, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James R. Cho, U.S.M.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

   *Re*: <u>IME WatchDog, Inc. v. Gelardi, *et al.*</u>
      <u>Case No.: 1:22-cv-1032 (PKC) (JRC)</u>

Dear Judge Cho:

  This firm, together with Milman Labuda Law Group PLLC, represents Plaintiff IME WatchDog, Inc. (the "Plaintiff") in the above-referenced case. The parties write jointly pursuant to this Court's March 24, 2025 scheduling Order to submit an updated joint status report in connection with the Plaintiff's discovery dispute with non-parties Eugene Liddie ("Liddie") and IME Legal Reps ("IMELR").

  Both Liddie and IMELR have failed to cure the discovery deficiencies raised in Plaintiff's January 21, 2025 joint letter. See ECF Docket Entry [440](#).

  To recapitulate, Plaintiff raises the following outstanding deficiencies that remain as it pertains to Liddie and IMELR.

  *First*, Liddie and IMELR did not yet declare under oath that no other bank accounts exist. Liddie committed to supplementing his statement "to state that no additional bank accounts with any relevant other information exists," he has failed to do so. Due to Counsel's recent scheduling, Liddie and IMELR request an additional five (5) days to submit said declaration.

  *Second*, Plaintiff maintains that it is entitled to Liddie's personal bank statements. Liddie maintains that during the court conference in this matter presided by Judge Cho, it was the understanding of Liddie and IMELR that information relevant to the proceedings at hand should be turned over and that if there were no business transactions or transactions related to the proceedings whatsoever within the personal bank statements of Liddie and such transactions therein were solely personal in nature that a declaration stating the same would be sufficient. Liddie did in fact provide Plaintiff with such declaration stating the same.

  *Third*, Liddle and IMELR have failed to produce communications between Liddie and the IME observers with whom they work. Liddie and IMELR contends that there are no communications between them and the observers and has indicated the same. Plaintiff respectfully submits that it is waiting for a decision on its motion for an Order finding the observers in contempt for their failure to comply with subpoenas. See Text Only Orders dated March 24, 2025.

*Fourth*, the sales by customer summary does not indicate the time period covered by the summary. Liddie previously stated that he will further supplement the sales summary to indicate the time periods covered, but has to date failed to do so. Due to Counsel's recent scheduling, Liddie and IMELR request an additional five (5) days to submit said declaration.

*Finally*, Liddie and IMELR have failed to provide unredacted bank statements. Although, Liddie contends that the only redactions to the statement were transactions that were personal in nature and has provided a declaration stating the same.

The parties thank this Court for its time and attention to this case.

Dated: Lake Success, New York
April 7, 2025                                 Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

__/s/ Jamie S. Felsen, Esq._____
Jamie S. Felsen, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1391 (direct dial)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com

*Attorneys for Plaintiff*
*IME WatchDog, Inc.*

Dated: Jamaica, New York
April 7, 2025

**SAGE LEGAL LLC**

_/s/ Emanuel Kataev, Esq.___
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Additional Attorneys for Plaintiff*
*IME WatchDog, Inc.*

**VIA ECF**
All counsel of record