UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IME WATCHDOG, INC.,

                Plaintiff,

    -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,

                Defendants.
------------------------------------------------------------------X

Case No.: 1:22-cv-1032 (PKC)(JRC)

**DECLARATION OF
JONATHON D. WARNER**

        JONATHON D. WARNER, hereby declares and verifies the truth of the following, under penalty of perjury under the laws of the United States of America, pursuant to Title 28, United States Code, Section 1746:

        1.     I am a member of the firm of Warner & Scheuerman ("W&S"), attorneys for defendants Safa Abdulrahim Gelardi ("Safa"), Vito Gelardi ("Vito") and IME Companions LLC (collectively, "Defendants"), and I am fully familiar with the facts set forth herein. I submit this affirmation in support of W&S's motion for an Order:

        a.     Pursuant to C.P.L.R. § 321(b)(2), Rule 1.16(c)(4)(5)(7) of the Rules of Professional Conduct (22 NYCRR 1200.0), New York Judiciary Law § 475 and Local Rule 1.4, permitting W&S to withdraw as attorneys of record for Defendants; and

        b.     Pursuant to New York's C.P.L.R. § 321(c), staying all proceedings until thirty (30) days after Defendants are served with an Order permitting W&S to withdraw as counsel.

**Factual Background**

2. W&S was retained by Defendants pursuant to a written retainer agreement dated June 3, 2022, and a Consent Order permitting W&S to substitute as Defendants' counsel was signed on June 8, 2022. My notice of appearance was filed on June 9, 2022.

3. It was agreed that W&S would represent Defendants at its regular hourly rates. A copy of the retainer agreement is annexed as Exhibit "A."

4. W&S also represented Defendants in a related State Court matter captioned *Carlos Roa v. Safa Abdulrahman Gelardi, et al.*, Queens County Clerk's Index No. 702350/2023 (the "State Court Action"). The State Court Action was ultimately dismissed for failure to state a cause of action on W&S's second motion to dismiss. The dismissal was not appealed.

5. The attorney-client relationship began to deteriorate in or about the Spring of 2023, when Defendants' conduct first began to make it extremely difficult for W&S to carry out its employment effectively. I cannot elaborate further on all issues undermining the attorney-client relationship because I seek to avoid making any statement which could prejudice Defendants' legal rights or which could otherwise prejudice the Court against Defendants, and I do not wish to divulge any confidential or privileged communications in violation of my ethical duties to Defendants. Suffice it to say that I have been walking an ethical tightrope, trying to balance my ethical duties to my clients as their attorney of record and my ethical duties to the Court as an officer thereof. As the Court is aware, Defendants were found in contempt for the actions of a private investigator retained by Safa without my knowledge or consent. The retention of an investigator and the directives provided thereto are matters which should have been handled by counsel rather than by Defendants without their attorneys' knowledge. Safa's retention of a private investigator resulting in a finding

of contempt and a waste of attorney time is a prime example of how Defendants have undermined W&S's representation of them throughout this litigation.

6. The attorney-client relationship has only continued to devolve and deteriorate. My advice and recommendations routinely fall on deaf ears and are not followed. Defendants are often uncooperative and defiant, leaving me scrambling in my efforts to comply with Court Orders and deadlines. For example, Vito has ignored my requests for documents and was rude and dismissive to me in his latest text response. Safa has sent me documents, but I have not received all documents I have requested from Defendants.

7. Moreover, Defendants have questioned my handling of this case, while barking orders at me to make motions which I do not believe are necessary. Safa has complained about our representation; has accused W&S of causing "destruction" to her life by not representing her "properly"; and has threatened to file a motion herself while represented by W&S. Defendants and I have a fundamental disagreement concerning legal strategy and the manner in which this matter should and can be resolved or concluded, leaving me handcuffed as their attorney. Our expectations regarding the ultimate outcome of this matter are vastly different, and the bridge between our respective expectations is too vast to cross.

8. Defendants' conduct which has made W&S's continued representation impossible also includes Defendants' lack of candor and engaging in conduct against my advice, which has placed me in an untenable position throughout the course of W&S's representation of Defendants. Simply put, I am finding it increasingly difficult if not impossible to effectively represent Defendants in view of the level of distrust between counsel and clients and Defendants' lack of cooperation.

9.      In short, Defendants have not been cooperative with me; have not been candid with me; have engaged in conduct which was inconsistent with or against my advice; have engaged in conduct without my knowledge which has undermined W&S's ability to effectively represent them; have failed to respect their roles as clients by trying to play lawyer; have vastly different ideas as to how to proceed with and/or resolve this matter; have questioned my representation of them; have not been cooperative in providing requested documents; and have threatened to file a motion by themselves.  Again, I cannot provide details concerning the above because doing so could prejudice their legal rights.

10.     As a result of the foregoing, I have been placed in the difficult position of constantly trying to balance my competing ethical duties to my clients and the Court, while attempting to effectively represent clients who are neither cooperative nor candid with me.  I cannot in good conscience continue to represent Defendants (and zealously advocate for them) while saddled with the concern that my continued representation will cause me to be accused of engaging in wrongdoing or in breaching any duties to either my clients or the Court, particularly where I have already been accused by the Court of advancing "frivolous" arguments on Defendants' behalf.  Defendants' conduct has made it virtually impossible for W&S to effectively carry out its representation of the Defendants.

11.     The same ethical balancing act continues on the instant application, where I need to disclose sufficient information to establish grounds for W&S's withdrawal, without disclosing client confidences and without otherwise prejudicing my clients.  I believe that filing an affidavit under seal detailing each and every fact upon which the instant application is based would prejudice Defendants, and I respectfully request that the Court respect my desire not to disclose any

privileged information which could potentially harm my clients. The Court has repeatedly voiced its misgivings over Defendants' credibility and has admonished me for making allegedly "frivolous" arguments on their behalf, and the Court's own knowledge of such matters should suffice as grounds for my withdrawal.

12. Meanwhile, Defendants have breached their retainer agreement with W&S by failing to pay W&S for legal services rendered and disbursements incurred and owe W&S the sum of $263,709.75 for legal services rendered and disbursements incurred in the instant case and the State Court Action through February 2025. W&S's records indicate that the sum of $254,019.04 is due and owing for legal services rendered and disbursements incurred in the instant action. redacted copies of W&S's most recent invoices are annexed as Exhibit "B." The invoices have been redacted to preserve client confidences and attorney work product in this pending proceeding.

13. Defendants have only made a couple payments to W&S for services rendered since January 2024, notwithstanding the large balance which had already accrued and the numerous motions, appearance and hearings which have since taken place. I note that a great deal of attorney time has been spent defending Defendants against multiple contempt applications, which included hearings and post-hearing briefings.

14. Defendants made a $3,000.00 payment on April 24, 2024, and a $10,000.00 payment on March 20, 2025. These are the only payments W&S has received since January 2024, except for a few payments for hearing transcripts and other reimbursements.

15. It is significant to note that Defendants have not objected to any of W&S's invoices. They have simply failed to pay them.

**W&S Should Be Granted Permission To Withdraw As Counsel Due To Defendants' Conduct.**

16. Rule 1.16(c)(4) of the Rules of Professional Conduct (22 NYCRR 1200.0) provides that a lawyer may withdraw from representing a client when "the client insists upon taking action with which the lawyer has a fundamental disagreement."

17. Rule 1.16(c)(7) of the Rules of Professional Conduct provides that a lawyer may withdraw from representing a client when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

18. Courts in this Circuit and New York have repeatedly permitted attorneys to withdraw when a client's conduct makes representation "unreasonably difficult." See, e.g., Bankers Trust Co. v. Hogan, 187 A.D.2d 305 (1st Dept. 1992)(law firm was entitled to withdraw as attorneys of record for defendant where there was sufficient evidence to conclude that defendant rendered it unreasonably difficult for firm to carry out its employment effectively by continually questioning its work and blaming it for adverse decisions, making verbal threats against firm, insisting that firm pursue legal theories and arguments at trial directly contrary to law and counsel's professional judgment and exhibiting total lack of trust and confidence in firm); Green v. Gasparini, 24 A.D.3d 505 (2nd Dept. 2005)(attorney was entitled to withdraw from representing plaintiff in medical malpractice action, where client, by her conduct, rendered it unreasonably difficult for attorney to carry out employment effectively); Kiernan v. Kiernan, 233 A.D.2d 867 (4th Dept. 1996)(Permitting counsel to withdraw where "the record demonstrates that the questioning by plaintiff of her attorneys' competence, strategy and ethics has rendered it unreasonably difficult for the firm to carry out its employment effectively"); Villatoro v. LTLMR LLC, 2023 WL 5952027 (E.D.N.Y. August 7,

-6-

2023)(permitting counsel to withdraw because counsel and client were at "irreconcilable crossroads"); Tokarz v. Lot Polish Airlines, 2005 WL 8161165 (E.D.N.Y. June 20, 2005)(permitting counsel to withdraw because "continued representation of defendant will only lead to frustration and inefficiency for all parties concerned"); Interpool, Inc. v. JJS Transportation & Distribution Co., 2022 WL 17335670 (E.D.N.Y. November 30, 2022)(permitting attorney to withdraw because "[t]he Court is satisfied that Defendant has made it unreasonably difficult for counsel to effectively represent Defendant and there has been a clear breakdown in the attorney-client relationship"); DeBruhl v. Keyes, 2024 WL 2832847 (E.D.N.Y. June 4, 2024)(granting withdrawal due to an "irreconcilable conflict" between counsel and client that counsel believed had rendered continued representation difficult).

19.     Here, Defendants have made it unreasonably difficult for W&S to represent them, and the attorney-client relationship has now irretrievably broken down and cannot be restored. Further details in a sealed declaration should not be required where the Court has overseen the contempt proceedings and the arguments made (and not made) therein.  Moreover, decorum prohibits me from repeating Vito's latest communication to me in this Declaration, and Safa has accused W&S of not adequately representing Defendants' interests while threatening to file a motion on her own.  These allegations are sufficient to warrant W&S's withdrawal.  See Naguib v. Public Health Solutions, 2014 WL 2002824 (E.D.N.Y. May 15, 2014)(granting withdrawal where attorney accused client of failing to cooperate in litigation process and client accused lawyer of failing to protect her interests).

20.     The difficulty I face in articulating for the Court all grounds for W&S's withdrawal was succinctly explained by Magistrate Judge Wicks in DeBruhl v. Keyes, 2024 WL

2832847 (E.D.N.Y. June 4, 2024), where the Court granted an attorney permission to withdraw due to an "irreconcilable conflict" between him and his client without the submission of a detailed affidavit.  The DeBruhl Court held:

> When a client makes it unreasonably difficult for an attorney to effectively carry out representation, as alleged here, sufficient grounds exist to justify permissive withdrawal under the rules.
>
> See Tokarz v. LOT Polish Airlines, No. 96-CV-3154 (FB)(JMA), 2005 WL 8161165, at *2 (E.D.N.Y. June 20, 2005) (citation omitted); see also Guichard v. Toulon, No. 19-CV-3443 (JS)(JMW), 2022 WL 2612351, at *2 (E.D.N.Y. June 1, 2022) (same): Interpool, Inc. v. JJS Transportation & Distribution Co., No. 22-CV-01103 (JMA)(JMW), 2022 WL 17335670, at *5 (E.D.N.Y. Nov. 30, 2022) (same).
>
> Shapiro explains that there is an "irreconcilable conflict" between him and his client that he believes has rendered continued representation difficult. (ECF No. 31-1 at 1.) Motions to withdraw based upon the grounds urged here create a difficult path for counsel to navigate. They pose a unique challenge for counsel to sufficiently articulate the basis for the withdrawal, while simultaneously protecting confidential or privileged communications and being mindful of any potential prejudice to their client. See N.Y.S.B.A. Ethics Op. 1057 (June 5, 2015) (discussing interplay between motions to withdraw and the duty of confidentiality owed to clients). After all, the outgoing lawyer always has the duty to "take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of a client." See N.Y.R.P.C. 1.16(e).
>
> "The balancing act for any outgoing counsel involves a delicate walk of the tightrope of disclosing sufficient information to establish grounds for withdrawal on the one hand, while not disclosing privileged or client confidences on the other."
>
> White v. Advanced Cardiovascular Diagnostics, PLLC, No. 22-CV-2587 (AMD)(JMW), 2023 WL 2163777 (E.D.N.Y. Feb. 22, 2023); Luxwear Ltd. v. Adaptiv Rsch. & Dev. Grp., No. 22-CV-5458 (AT)(BCM), 2023 WL 3011912, at *2 (S.D.N.Y. Mar. 30, 2023) (same). So how does counsel thread this needle? One option is for counsel to seek leave to file an affidavit or declaration under seal explaining in detail the reasons for the withdrawal. See, e.g., Team

> Obsolete Ltd. v. A.H.R.M.A. Ltd., 464 F. Supp. 2d 164 (E.D.N.Y. 2006) (defense counsel filed affidavit under seal in support of motion to withdraw). Shapiro offered to explain ex parte in camera the grounds. (See ECF No. 31-1 at 4.)
>
> Having reviewed the declaration proffered in support of Shapiro's motion to withdraw the Court is satisfied that withdrawal is appropriate under the circumstances. The declaration confirms that Shapiro and his client are at an irreconcilable crossroads. Given the circumstances of their disagreement as to the path forward -- continued representation under the circumstances is untenable. No more is necessary to determine instant application.

2024 WL 2832847*3.

**<u>W&S Should Be Granted Withdrawal Due To</u>**
**<u>Defendants' Disregard Of Their Financial Obligations To W&S.</u>**

21. Defendants have also breached their retainer agreement with W&S by refusing to pay for all services rendered. Rule 1.16(c)(5) of the New York Rules of Professional Conduct states that a lawyer may withdraw from representation if the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."

22. Courts in this Circuit and New York have consistently permitted attorneys to withdraw due to non-payment of fees. <u>See</u>, <u>e.g.</u>, <u>Kiernan v. Kiernan</u>, 233 A.D.2d 867 (4th Dept. 1996)(law firm was entitled to withdraw as counsel for wife in matrimonial action and was entitled to charging lien for legal services rendered to her where wife did not pay counsel fees and questioned her attorneys' competence, strategy and ethics, rendering it unreasonably difficult for firm to carry out its employment effectively); <u>Holmes v. Y.J.A. Realty Corp.</u>, 128 A.D.2d 482 (1st Dept. 1987)(defense counsel's motion to be relieved in personal injury action should have been granted based on undisputed claims that bill had not been paid for over five months despite defendant's ability to do so and that defendant had verbally berated counsel); <u>Kay v. Kay</u>, 245 A.D.2d 549, 550

(2nd Dept. 1997)("plaintiff refused to pay fees in accordance with the clear terms of the retainer agreement... there is no basis, in the case before us, to force the appellant to continue to finance the litigation or to render gratuitous services"); Stephen Eldridge Realty Corp. v. Green, 174 A.D.2d 564 (2nd Dept. 1991)("It is well-settled that in a civil case an attorney will be permitted to withdraw where a client refuses to pay his or her reasonable fees"); White v. Advanced Cardiovascular Diagnostics, PLLC, 2023 WL 2163777 (E.D.N.Y. February 22, 2023)("[c]ourts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4"); Alvarez v. Michael Anthony George Cons. Corp., 2014 WL 12921226 (E.D.N.Y. June 18, 2014)("Further, it is well-settled that a client's refusal to pay legal fees constitutes a valid basis for withdrawal under Local Civil Rule 1.4").

23. W&S should be permitted to withdraw from representing Defendants where Defendants have made only a couple of payments to W&S since January 2024, despite receiving invoices for services rendered and have accrued an outstanding balance to W&S in excess of $250,000.00 through February 2025, which outstanding balance continues to accrue and is now significantly greater.

24. Defendants' failure to pay their legal fees, in direct breach of their retainer agreement with W&S, permits W&S to withdraw from further representation. I respectfully submit that W&S's continued representation of Defendants will result in an unreasonable financial burden on W&S which far outweighs any potential prejudice to Defendants caused by W&S's withdrawal. See Centrifugal Force, Inc. v. SoftNet Commc'n, Inc., 2009 WL 969925*2 (S.D.N.Y. Apr. 6, 2009)("Attorneys are not required to represent clients without remuneration, and the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw").

25. No charging lien or retaining lien is sought with respect to the outstanding balance owed by Defendants.

26. Discovery has not been completed in this matter, and issue was only joined this past Fall as to plaintiff's amended complaint which added additional claims and parties. Plaintiff was ordered by Magistrate Judge Cho on February 7, 2025, to produce documents and to appear for deposition, but the deposition has not yet been held and the documents have not been produced. I do not believe that the newly-added defendants have conducted any discovery with plaintiff. The newly-added defendants are likewise waiting to depose plaintiff. Defendants will not be prejudiced by our withdrawal under these circumstances. Substitute counsel can depose the plaintiff and complete discovery. There have been enough delays by plaintiff in the prosecution of this case that a short delay caused by W&S's withdrawal should have little or any impact on this litigation.

27. Where this case is still in the discovery process, the impact of W&S's withdrawal will not be so disruptive as to warrant the denial of its request to be relieved as counsel. See Scala v. Little Feet Childcare Center LLC, 2024 WL 3342604*2 (S.D.N.Y. July 9, 2024)("This case is also still in discovery. 'Thus, while withdrawal will impact the timing of this proceeding, this impact will not be so disruptive to warrant denial of the motion'"); Santiago v. Cuisine By Claudette, LLC, 2024 WL 4706998*2 (E.D.N.Y. November 7, 2024)(granting withdrawal after the close of discovery because "the case is not on the eve of trial").

28. I respectfully request that all discovery and other deadlines in this case be extended pending the hearing and determination of the instant application and that Defendants be granted a stay of all proceedings for thirty (30) days to appoint new counsel from the date of service

of any order granting the instant application in accordance with New York's C.P.L.R. § 321(c). A stay of all proceedings and an extension of all deadlines is needed to ameliorate any potential prejudice to Defendants.

29. I respectfully request permission to serve Defendants via email to both Safa Gelardi and Vito Gelardi since they now reside in the State of Texas. Defendants will undoubtedly receive my emails as I routinely communicate with Defendants via email.

30. I also respectfully request that Defendants be permitted to appear virtually at the hearing of this motion to avoid the expense of traveling from Texas to New York.

31. No prior application has been made for the relief requested herein.

**WHEREFORE**, Warner & Scheuerman respectfully requests an Order granting the instant motion in its entirety, permitting Warner & Scheuerman to withdraw as counsel of record for Safa Abdulrahim Gelardi, Vito Gelardi and IME Companions LLC, and granting such further relief as may be just.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 17, 2025.

*/s/ Jonathon D. Warner*
Jonathon D. Warner