UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

  IME WATCHDOG, INC.,                                          Case No.: 1:22-cv-1032 (PKC) (JRC)

                            **Plaintiff,**

    -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI, GREGORY ELEFTERAKIS, ROMAN POLLAK, ANTHONY BRIDDA, IME COMPANIONS LLC, CLIENT EXAM SERVICES LLC, and IME MANAGEMENT & CONSULTING LLC,

                            **Defendants.**
-----------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO WARNER & SCHEUERMAN'S MOTION TO WITHDRAW AS COUNSEL**

 

**MILMAN LABUDA LAW GROUP PLLC**
    Attorneys for Plaintiff
    3000 Marcus Ave., Suite 3W8
    Lake Success, NY 11042
    (516) 328-8899

**SAGE LEGAL LLC**
    Attorneys for Plaintiff
    18211 Jamaica Avenue
    Jamaica, NY 11423-2327
    (718) 412-2421

## **PRELIMINARY STATEMENT**

Plaintiff, IME Watchdog, Inc. hereby respectfully opposes Warner & Scheuerman's ("W&S") motion to withdraw as counsel for the Defendants. A substantial amount of money has been owed to W&S throughout this litigation, and W&S has delayed, without any basis, seeking to withdraw until now, years after the commencement of this litigation.

Given the procedural posture of this case, the delays attendant to withdrawal of counsel will significantly prejudice Plaintiff who is seeking Defendants' compliance with Court Orders in order to assuage the assault on Plaintiff's reputation and good will by the Defendants. Plaintiff will suffer additional prejudice by having to deal with Defendants' threatening conduct if they are not represented by counsel.

Accordingly, W&S' motion should be denied.

In the alternative, conditions aimed at effectuating this Court's Orders should be placed on the withdrawal of W&S.

## **LEGAL STANDARD**

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." Finkel v. Fraterrelli Brothers, Inc., 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) citing Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999)).

In determining whether to grant a motion to withdraw as counsel, "district courts ... analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." See Blue Angel Films, Ltd. v. First Look Studios, Inc., 08-CV-6469 (DAB) (JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011).

Further, "[i]n weighing the impact of the withdrawal on the proceeding, courts consider the immediacy and degree of potential harm—whether to the client, the lawyer or the judicial system—from the continuation of the representation ... together with the impact that the grant of the motion to withdraw would have on the progress of the case." Marciano v. DCH Auto Grp., No. 11-CV-9635 (KMK), 2016 WL 11703590, at *1 (S.D.N.Y. Feb. 2, 2016).

## ARGUMENT

## W&S' MOTION TO WITHDRAW AS COUNSEL SHOULD BE DENIED

### A. The Motion Should Be Denied In Its Entirety

Based on its submission in support of its motion, as of July, 2024, W&S was owed $205,809.85 by Defendants for its attorneys' fees. W&S failed to submit details surrounding the specific time period prior to July 2024 during which this amount accumulated without being paid by Defendants. Suffice it to say, it is apparent that a large portion of the balance was likely owed to W&S for several years as Defendants have vigorously defended their repeated violations of this Court's Orders.

Despite this substantial balance due and owing by Defendants to W&S as of July, 2024, since July 2024, W&S billed an additional $57,899.90 rather than filing a motion to withdraw as counsel in July 2024, or over the prior few years, during which time this significant balance accumulated. Due to W&S' significant delay in seeking to withdraw as counsel, and the late stage of this litigation that has spanned more than three (3) years, its motion should be denied as it will disrupt this litigation from finally coming to a close. See Bin Wang v. Chuliya, 2023 U.S. Dist. LEXIS 151780 (S.D.N.Y. Feb. 10, 2023) ("This case has been pending since 2020, has proceeded through discovery and motion practice, and is now at the point of summary judgment motions and/or trial preparation. It is too disruptive at this point to permit … counsel to withdraw").

Moreover, Defendants' recent threatening conduct towards Plaintiff's principal warrants the Court's exercise of its broad discretion to require W&S to continue to represent Defendants to act as a buffer between Plaintiff and Defendants. On April 2, 2025, during a virtual hearing before this Court, Safa and Vito Gelardi made statements, without any basis, accusing Plaintiff's principal, Daniella Levi ("Levi"), of continuing this litigation because she is Israeli and defendant, Safa Gelardi ("Safa"), is Palestinian. This unfounded accusation was followed by a disgusting and threatening text message sent on April 16, 2025, by Safa's husband, defendant, Vito Gelardi ("Vito"), stating "I took whatever money I had and I gambled it all to try to double it, there's no proof, stick that up your ass."[1] See Levi Declaration, Exhibit A. Notably, this communication violates the October 20, 2023 Second Amended Preliminary Injunction which prohibits Defendants from "contacting (or eliciting contact from) and/or surveilling Plaintiff's current clients, employees, and agents." See ECF Docket Entry 254-1. Levi is an agent of Plaintiff who Vito contacted in violation thereof. Levi is threatened by Vito's total disregard of the Second Amended Preliminary Injunction and the nature of his communication to her.

Based on W&S' dilatory filing of an Order to show cause at a critical point in this case, when Defendants are finally required to take action to remedy their violations of this Court's Orders, the Court should exercise its broad discretion to deny W&S' motion to withdraw based on Defendants' conduct and the effect that the withdrawal of W&S will have on these proceedings. If their motion is granted, Safa and Vito will be required to be represented in their individual capacities should they not find substitute counsel, will be unhinged to threaten Levi, and will be uncooperative without an attorney advising them of the ramifications of their conduct.

---

[1] The record has also established, and Safa openly admitted, that during this litigation, Safa changed her passwords to "Levicunt62", referring to Levi in a derogatory manner. ECF Docket Entry 448 at 18.

3

It is unlikely that Safa and Vito will retain new counsel[2] given the substantial monies they owe W&S and their representations to the Court that they are unable to pay the court-ordered forensic technology analyst, Berkeley Research Group, LLC ("BRG"), more than $500 per month for their debt to BRG.

### B. Alternatively, The Motion Should Be Granted Only Once Conditions Are Satisfied

Assuming *arguendo* that the Court is inclined to grant W&S' motion to withdraw, the Court should place conditions on withdrawal.

"A court may establish conditions before permitting withdrawal." Monteleone v. Leverage Grp., No. CV-08-1986 (CPS) (SMG), 2009 WL 909820, at *2 (E.D.N.Y. Apr. 1, 2009) (brackets and quotations omitted). Courts have conditioned attorney withdrawal on the requirement to continue representation through certain stages of the litigation. Oscar de la Renta, Ltd. v Strelitz, Ltd., 1993 U.S. Dist. LEXIS 7572 (S.D.N.Y. June 7, 1993) (counsel permitted to withdraw on condition that he submit responsive papers to pending motion to strike the answer); SEC v. Pentagon Capital Mgt. PLC, 2012 U.S. Dist. LEXIS 105885 (S.D.N.Y. July 23, 2012) (conditioning withdrawal of counsel on compliance with discovery obligations).

If the Court grants W&S' motion, it should condition withdrawal on Defendants' full compliance with the following pending Court Orders:

- The March 31, 2025 Order (ECF Docket Entries 448 & 448-1) directing Defendants to:

---

[2] Even if Safa and Vito retain new counsel, any such counsel will undoubtedly seek time to "ramp up" on this case. This request will likely be afforded to new counsel in the spirit of due process. However, that is precisely why this Court must either deny the relief requested or place a condition on withdrawal that the dictates of this Court's Order must be effectuated prior to permitting withdrawal of W&S. This is because W&S is perfectly positioned to secure Defendants' compliance with the Third Amended Injunction and Plaintiff would be significantly prejudiced by any further delay.

- Return to Plaintiff all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain Plaintiff's trade secrets and confidential and proprietary information;

- Provide to the Court a list of all customers served since March 10, 2023, which shall include the date of each service, the name of each customer, the name of the observer or representative who attended each, and the amount billed and collected for each, for purposes of issuing a Court-Authorized Notice;

- Provide to the Court the website domain for every website Defendants own and/or operate in connection with the independent medical examination business; and

- Within seven (7) days of the Court's approval of a Public Website Notice, post the Public Website Notice on the homepage of every website they own and/or operate in connection with the independent medical examination business.

- The September 25, 2024 Order directing Defendants to pay (a) Plaintiff $47,321.63 in attorneys' fees and $11,036.60 in costs in connection with their contempt motion; and (b) Carlos Roa $6,890.00 in attorneys' fees and $1,209.11 in costs in connection with the contempt motion and Defendants' violation of the preliminary injunction (ECF Docket Entry 394.

Imposing these conditions will ensure the absence of a significant delay in Plaintiff obtaining the relief granted in these Orders. If this Court is inclined to permit W&S to withdraw, this Court should require that Safa and Vito retain counsel to defend them in their individual capacities and if they fail to do so, their answer should be stricken.

Finally, this Court should decline to stay this case notwithstanding the withdrawal of W&S. This is because Safa and Vito have obstructed discovery and the progress of this case throughout the last three years, forcing Plaintiff to expend significant time unearthing their unlawful conduct. Courts have the discretion to deny a stay notwithstanding the withdrawal of counsel under such circumstances. Ally Fin. Inc. v. Comfort Auto Group NY LLC, No. 20-CV-1281 (MKB), 2021 WL 4033249, at *1 (E.D.N.Y. Sept. 3, 2021) ("On June 17, 2021, Magistrate Judge Roanne L. Mann granted Comfort Auto's attorney's motion to withdraw as counsel following 'an irremediable

5

breakdown in the attorney-client relationship' and declined to stay the case because Comfort Auto, Route 206, and Gottdiener had 'for months, obstruct[ed] discovery and the progress of this case.'"

## CONCLUSION

Accordingly, Plaintiff respectfully requests that the Court deny W&S' motion to withdraw as counsel for the Defendants, or in the alternative, for conditions to be placed on the withdrawal of W&S in order to secure compliance with this Court's Orders.

Dated: Lake Success, New York
April 22, 2025

**MILMAN LABUDA LAW GROUP PLLC**

By: /s/ Jamie S. Felsen
Attorneys for Plaintiff
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
(516) 328-8899

Dated: Jamaica, New York
April 22, 2025

**SAGE LEGAL LLC**

By: /s/ Emanuel Kataev, Esq.
Attorneys for Plaintiff
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421