UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IME WATCHDOG, INC.,

                              Plaintiff,

                      Case No.: 1:22-cv-1032 (PKC)(JRC)

      -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,

                             Defendants.
------------------------------------------------------------X

**WARNER & SCHEUERMAN'S**
**REPLY MEMORANDUM OF LAW**

                      **WARNER & SCHEUERMAN**
                      Attorneys for Defendants
                      Safa Abdulrahim Gelardi, Vito Gelardi
                      and IME Companions, LLC
                      6 West 18th Street, 10th Floor
                      New York, New York 10011
                      (212) 924-7111

## PRELIMINARY STATEMENT

Warner & Scheuerman ("W&S") respectfully submits the instant Memorandum of Law in reply to the opposition of plaintiff IME Watchdog, Inc. ("Plaintiff") and in further support of W&S's motion to withdraw as counsel for defendants Safa Abdulrahim Gelardi ("Safa"), Vito Gelardi ("Vito") and IME Companions LLC (collectively, "Defendants").

## REPLY ARGUMENT

Plaintiff's argument that it will be "significantly prejudiced" by the brief delay and minor inconvenience resulting from W&S's withdrawal rests on the false premises that W&S was "dilatory" in moving to be relieved as evidenced by Defendants' substantial arrears to W&S and that Safa and Vito have obstructed discovery and the progress of this case for the past three years.

Plaintiff has it exactly backwards in accusing Safa and Vito of obstructing discovery and causing delays.  The truth is that Safa was deposed over two years ago (Vito's deposition was never requested by Plaintiff), while Plaintiff has yet to respond to Defendants' document demand and has yet to appear for its long-requested and sought after deposition.  That it is the Plaintiff which has been obstructing discovery rather than Defendants is confirmed by the proceedings before this Court on February 7, 2025, when this Court ordered the parties to meet and confer regarding the scheduling of Plaintiff's deposition and the production of documents as a result of Plaintiff's steadfast refusal to provide discovery.  Plaintiff has yet to produce documents and has yet to appear for its deposition, while opting to focus its energy on harassing various non-parties Plaintiff seeks to hold in contempt.  W&S should not be denied permission to withdraw due to the delays caused herein by Plaintiff's refusal to comply with its discovery obligations.  If Plaintiff truly sought to

-1-

prosecute this matter expeditiously rather than to punish Defendants and non-parties with successive contempt applications (and now opposing counsel with a baseless opposition to its motion to be relieved), Plaintiff would have been deposed years ago. I note that Plaintiff has never proven any contempt damages other than expenses allegedly incurred by Plaintiff prosecuting its contempt applications.

As for Plaintiff's allegation that W&S was dilatory in moving to withdraw, the fact remains that W&S carefully weighed its ethical obligations to Defendants against its desire to withdraw before removing to be relieved, while Defendants' outstanding balance for legal services rendered continued to accrue. That such a large balance accrued only supports W&S's request to withdraw where its continued unpaid representation of Defendants would result in a financial hardship to W&S. See, e.g., Team Obsolete Ltd. v. A.H.R.M.A. Ltd., 464 F.Supp.2d 164 (E.D.N.Y. December 11, 2006); Stair v. Calhoun, 722 F.Supp.2d 258 (E.D.N.Y. June 1, 2010).

Plaintiff has only cited one case in support of its argument that W&S's motion should be denied, to wit: Wang v. Chuliya, 2023 WL 5487484 (S.D.N.Y., February 10, 2013). Plaintiff's reliance on Wang is misplaced where discovery had been completed in Wang before counsel moved to withdraw, and the record in Wang showed that counsel "continued to work well with his clients" and that "there has been no deterioration of the attorney/client relationship." Here, discovery is not yet complete (due to Plaintiff's obstruction of the discovery process), and there has been a complete breakdown of the attorney/client relationship.

Nor should W&S be denied permission to withdraw based upon Plaintiff's supposition that "[i]t is unlikely that Safa and Vito will retain new counsel...." Not only does Plaintiff lack a crystal ball, but Plaintiff's counsel called W&S on the morning of April 22nd and

advised me that he had been contacted by a potential new attorney for Defendants. Plaintiff's opposition based upon the presumption that Defendants will be unable to retain new counsel can best be described as disingenuous. In any event, W&S's withdrawal will not result in any additional communication between the parties themselves even if Defendants are forced to proceed pro se. It is Plaintiff's counsel who will be required to communicate with Defendants. Plaintiff's counsel has failed to explain why he cannot deal with Defendants, assuming Defendants proceed pro se.

There is no merit to Plaintiff's argument that various conditions precedent should be imposed upon Defendants prior to W&S's withdrawal. W&S's withdrawal as counsel should not be contingent upon any act to be performed by Defendants, particularly where W&S has demonstrated a complete deterioration of the attorney/client relationship. If Defendants fail to comply with any Court Orders after the lifting of any stay following W&S's withdrawal, Plaintiff can seek the Court's assistance.

Finally, a 30-day stay of all proceedings is expressly mandated by C.P.L.R. § 321(c), and no reason exists why Defendants should not be afforded 30 days to retain substitute counsel. In Ally Financial Inc. v. Comfort Auto Group NY LLC, the only case cited by Plaintiff in support of its argument that a stay should be denied, the stay was denied because "defendants have already had several months to locate new counsel and have shown no interest in continuing to defend this lawsuit." See ELECTRONIC ORDER dated 6/17/2021, Case #: 1:20-cv-01281-MKB-RLM. Here, Defendants were served with W&S's motion to be relieved on April 18, 2025, and the hearing on W&S's motion is scheduled for April 25, 2025, meaning that Defendants would only be given one-week to retain substitute counsel in the absence of a stay, rather than the "several months" the defendants had "to locate new counsel" in Ally Financial Inc. v. Comfort Auto Group NY LLC.

## CONCLUSION

For the foregoing reasons, W&S respectfully requests an Order granting the instant motion in its entirety, permitting Warner & Scheuerman to withdraw as counsel of record for Safa Abdulrahim Gelardi, Vito Gelardi and IME Companions LLC, staying all proceedings for thirty (30) days, and granting such further relief as may be just.

Dated: New York, New York
April 23, 2025

                                        **WARNER & SCHEUERMAN**
                                        Attorneys for Defendants
                                        Safa Abdulrahim Gelardi, Vito Gelardi and
                                        IME Companions, LLC

By:    */s/ Jonathon D. Warner*
                                        Jonathon D. Warner (5195)
                                        6 West 18th Street, 10th Floor
                                        New York, New York 10011
                                        (212) 924-7111