UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IME WATCHDOG, INC.,                                   Case No.: 1:22-cv-1032 (PKC) (JRC)

                                    Plaintiff,

                    -against-

SAFA ABDULRAHIM GELARDI, VITO
GELARDI, GREGORY ELEFTERAKIS,
ROMAN POLLAK, ANTHONY BRIDDA, IME
COMPANIONS LLC, CLIENT EXAM
SERVICES LLC, and IME MANAGEMENT &
CONSULTING LLC,

                                    Defendants.
-------------------------------------------------------------------X


PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR CONTEMPT,
CASE ENDING SANCTIONS, AND PRE-JUDGMENT ATTACHMENT


**MILMAN LABUDA LAW GROUP PLLC**
Jamie S. Felsen, Esq.3000 Marcus Ave.,
Suite 3W8
Lake Success, NY 11042
(516) 328-8899

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421

Attorneys for Plaintiff
*IME WatchDog, Inc.*

## Table of Contents

PRELIMINARY STATEMENT ............................................................................1

FACTS .............................................................................................................2

LEGAL STANDARD ........................................................................................3

ARGUMENT ...................................................................................................5

POINT I ...........................................................................................................
THE GELARDIS ARE CONTINUOUSLY & CAVALIERLY IN CONTEMPT............5

POINT II ..........................................................................................................
PLAINTIFF'S MOTION FOR PREJUDGMENT ATTACHMENT SHOULD BE
GRANTED .....................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

A.V. By Versace, Inc. v. Gianni Versace S.p.A., 446 F.Supp.2d 252 (S.D.N.Y. 2006)............... 4

Allstate Ins. Co. v. Lopez, No. 14-CV-4826 (JS) (AKT), 2016 U.S. Dist. LEXIS 24114, 2016
    WL 11096618 (E.D.N.Y. Feb. 25, 2016)................................................................................ 8

Arch Ins. Co. v. Sky Materials Corp., No. 17-CIV.-2829 (CBA) (LB), 2021 WL 966110
    (E.D.N.Y. Jan. 29, 2021)...................................................................................................... 8

Badgley  v. Santacroce, 800 F.2d 33, 36 (2d Cir. 1986)................................................................ 4

Capital Ventures Int'l v. Republic of Argentina, 443 F.3d 214 (2d Cir. 2006) ........................... 11

CE Intl. Resources Holdings LLC v S.A. Mins., Ltd., 2013 U.S. Dist LEXIS 21798 (S.D.N.Y.
    Jan. 24, 2013).................................................................................................................... 10

Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062 (2d Cir.
    1979)................................................................................................................................... 7

*Citibank, N.A. v. Bombshell Taxi LLC (In re Hypnotic Taxi LLC),* 543 B.R. 365 (Bankr.
    E.D.N.Y. 2016) ................................................................................................................ 13

Dvorkin v. N.Y.- Presbyterian Hosp., No. 10-CV-03680 (GBD), 2011 WL 280801 (S.D.N.Y.
    Jan. 19, 2011).................................................................................................................... 4

E.E.O.C. v. Local 638, 81 F.3d 1162, 1171 (2d Cir. 1996). ......................................................... 3

Eros Entertainment, Inc. v. Melody Spot, L.L.C., No. 99-CIV.-1157 (SJ), 2005 WL 4655385
    (E.D.N.Y. Oct. 11, 2005)..................................................................................................... 4

Funk v. Belneftekhim, 861 F.3d 354 (2d Cir. 2017)...................................................................... 8

Great E. Sec., Inc. v. Goldendale Invs., Ltd., 2006 US Dist LEXIS 94271 (S.D.N.Y. Dec. 20,
    2006) .................................................................................................................................. 7

Hess v. N.J. Transit Rail Operations, Inc., 846 F.2d 114 (2d. Cir. 1988)....................................... 4

Hotel 71 Mezz Lender LLC v. Falor, 14 NY3d 303 (2010) ........................................................ 11

In re de Kleinman, 923 F. Supp. 24 (S.D.N.Y. 1996)…………………………………………8

In re Weiss, 703 F.2d 653 (2d Cir.1983) ...................................................................................... 9

Independent Living Aids, Inc. v. Maxi-Aids, Inc., 349 F.Supp.2d 509 (E.D.N.Y. 2004)………..4

Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821 (1994)……………………4

Labarbera v. Gulgar Trucking, 2020 U.S. Dist. LEXIS 21810 (E.D.N.Y. Feb. 4, 2020)............ 10

Leadsinger, Inc. v. Cole. No. 05-CIV.-5606 (HBP) 2006 WL 2266312 (S.D.N.Y. 2006) ........... 8

Liebowitz v. Bandshell Artist Mgt., 6 F.4th 267 (2d Cir 2021) .................................................... 7

Onewoo Corp. & V.J.One Corp. v Hampshire Brands, Inc., 2016 U.S. Dist. LEXIS 205060
    (S.D.N.Y. Nov. 15, 2016).................................................................................................11

Plaza Motors of Brooklyn, Inc. v. Rivera, E.D.N.Y. Case No. 19-cv-06336 (LDH) (RLM)....... 10

Rojas v. United States, 55 F.3d 61, 63 (2d Cir.1995) (per curium);............................................ 10

S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 146 (2d Cir. 2010) .................. 4

Spallone v. United States, 493 U.S. 265, 276 (1990) ................................................................... 3

TAGC Mgt., LLC v. Lehman, 842 F Supp 2d 575 (S.D.N.Y. 2012) ........................................... 11

Trustees of the Paper Produs, Miscellaneous Chauffers, Warehousemen & Helpers Union Local
    27 Welfare Tr. Fund & Pension Fund v. J & J Int'l Logistics, Corp., No. 12-CV-1475 (ILG)
    (VMS), 2013 WL 5532710 (E.D.N.Y. Oct. 4, 2013) ......................................................... 7

United States v. Allocco, 994 F.2d 82, 85 (2d Cir.1993)

United States v. Cutler, 58 F.3d 825 (2d Cir.1995) ................................................................. 4, 10

United States v. Petito, 671 F.2d 68, 72 (2d Cir.1982)................................................................. 8

United States v. Twentieth Century Fox Film Corp., 882 F.2d 656, 659 (2d Cir.1989), cert. denied, 493 U.S. 1021 (1990) ............................................................................ 9

Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994) ........................................... 7

**Statutes**

18 U.S.C. § 401 ......................................................................................................................... 9

Fed. R. Crim. P. 42(a) ............................................................................................................... 9

CPLR § 6201 .................................................................................................................. 11, 12, 13

Fed R. Civ. P. 16 ..................................................................................................................... 7, 8

Rule 37 .......................................................................................................................................8

Rule 64 .......................................................................................................................................5

## PRELIMINARY STATEMENT

Plaintiff IME WatchDog, Inc. ("Plaintiff") respectfully, but regrettably, seeks another Order holding Defendants Safa Abdulrahman Gelardi ("Safa") and Vito Gelardi ("Vito") (Safa and Vito collectively hereinafter the "Gelardis") in contempt, this time of this Court's March 8, 2024 Order requiring them to notify the Court within three (3) days of entering into any contract to sell their ownership interest in any property they own other than their Staten Island property.

On February 27, 2025, the Gelardis sold their home located at 9 Woods End, Lake Harmony, PA 18624 ("Lake Harmony Property"), but failed to comply with the Court's March 8, 2024 Order directing them to "notify the Court within three (3) days of entering into any contract to sell their ownership interest in any other property [aside from 148 Clay Pit Road, Staten Island, NY], including the identity(ies) of the buyers and an anticipated closing date."  The Gelardis sold the Lake Harmony, PA Property without complying with the Court's March 8, 2024 Order to avoid having the net proceeds of the Lake Harmony, PA Property attached by this Court like the Court did with regard to the net proceeds of their Staten Island property.  See ECF Docket Entry 284.

 It also appears that the Gelardis' only remaining property – besides their safe haven home in Cypress, Texas – 5265 Milford Road, East Stroudsburg, PA (the "East Stroudsburg Property"), is currently in contract, a fact about which they failed to inform the Court, also in violation of the Court's March 8, 2024 Order.

The Gelardis are violating the Court's March 8, 2024 Order to avoid having the Court attach the proceeds from these sales.

The Court should direct that all proceeds from the sale of Lake Harmony Property and the East Stroudsburg Property, and any other property they sell, be held in escrow pending final disposition of this case.

Moreover, this Court should enter an Order awarding: (i) case-ending sanctions due to the Gelardis' repeated and willful disregard of this Court's Orders and engagement in perjury; (ii) an Order directing the immediate incarceration of the Gelardis' for criminal contempt; and (iii) reasonable attorneys' fees and costs incurred in connection with the instant motion.

## **FACTS**

On March 8, 2024, this Court ordered the Gelardis to notify the Court within three (3) days of entering into any contract to sell their ownership interest in any property they own other than their Staten Island property.  See Text Only Order dated March 8, 2024.

On or about February 27, 2025, the Gelardis sold Lake Harmony Property (See Declaration of Carlos Roa ("Roa Decl.") ¶ 6, Ex. A), but they failed to comply with the Court's March 8, 2024 Order directing them to "notify the Court within three (3) days of entering into any contract to sell their ownership interest in any other property [aside from 148 Clay Pit Road, Staten Island, NY], including the identity(ies) of the buyers and an anticipated closing date."  See Text Only Order dated March 8, 2024.

The Gelardis sold the Lake Harmony Property without complying with the Court's March 8, 2024 Order to avoid having the net proceeds of the Lake Harmony Property attached by this Court like the Court did with regard to the net proceeds of the Gelardis' Staten Island property. See ECF Docket Entry 284.

On April 30, 2025, the listing on trulia.com for the East Stroudsburg, PA Property stated "Under Contract - Back Up Offers Only. HISTORIC Airbnb, Hastings House, Circa 1763!"  See Roa Decl. ¶ 10, Ex. B.  However, upon a subsequent search after Plaintiff informed the Court on April 30, 2025 about same (ECF Docket Entry 474), the listing was updated to remove this language.

The Gelardis likewise failed to inform the Court about the East Stroudsburg Property being in contract to avoid having the net proceeds of the East Stroudsburg Property attached by this Court. In its February 29, 2024 Order, this Court found that Plaintiff has demonstrated that grounds for attachment exist with respect to the Gelardis' Staten Island home. See ECF Docket Entry 284 at 7. Specifically, the Court inferred that the Gelardis' fraudulent intent from "the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors" and "the general chronology of the events and transactions under inquiry." Id. at 8.

The Court came to this conclusion because, since the start of this action, the Gelardis have sold other properties, including a home in Philadelphia, PA for $229,000 on December 5, 2023 and a home in Champions Gate, FL for $760,000 on December 15, 2023 and, in addition to the Staten Island Property, the Gelardis at that time appeared to be in the process of the Lake Harmony, PA Property. Id. This Court also noted that the Gelardis sold the Florida property for well below the initial listing price and appeared poised to do the same with the Staten Island Property. Id.

## LEGAL STANDARD

### A. Contempt

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt," Spallone v. United States, 493 U.S. 265, 276 (1990) (quotation marks omitted), which may be imposed for failure to comply with an order of the court if that order is clear and unambiguous, the proof of noncompliance is clear and convincing, and the contemnor has not been reasonably diligent in attempting to comply with the order. See E.E.O.C. v. Local 638, 81 F.3d 1162, 1171 (2d Cir. 1996).

For a court order to be clear and unambiguous, it must leave no uncertainty in the minds of those to whom it is addressed. See Eros Entertainment, Inc. v. Melody Spot, L.L.C., No. 99-

3

CIV.-1157 (SJ), 2005 WL 4655385 at 5 (E.D.N.Y. Oct. 11, 2005) (quoting Hess v. N.J. Transit Rail Operations, Inc., 846 F.2d 114 (2d. Cir. 1988)). A "clear and unambiguous" order is one that is "specific and definite enough to apprise those within its scope of the conduct that is being proscribed." See Independent Living Aids, Inc. v. Maxi-Aids, Inc., 349 F.Supp.2d 509 (E.D.N.Y. 2004) (citations omitted).

Similarly, "[t]o find a person in criminal contempt, the evidence must show beyond a reasonable doubt that: '(1) the court entered a reasonably specific order; (2) defendant knew of that order; (3) defendant violated that order; and (4) his violation was willful.'" Dvorkin v. N.Y.-Presbyterian Hosp., No. 10-CV-03680 (GBD), 2011 WL 280801, at *2 (S.D.N.Y. Jan. 19, 2011) (quoting United States v. Cutler, 58 F.3d 825, 834 (2d Cir.1995)).

A civil contempt sanction serves "dual purposes: securing future compliance with court orders and compensating the party that has been wronged." S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 146 (2d Cir. 2010) (internal quotation marks and alterations omitted); see also Badgley v. Santacroce, 800 F.2d 33, 36 (2d Cir. 1986) ("The purpose of civil contempt, broadly stated, is to compel a reluctant party to do what a court requires of him."). Criminal contempt, however, "is punitive in nature, and seeks to vindicate the authority of the court." A.V. By Versace, Inc. v. Gianni Versace S.p.A., 446 F.Supp.2d 252, 258 (S.D.N.Y. 2006); see also Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 828 (1994).

## B. Attachment

Based on the evidence submitted herewith and the undeniable fact the Gelardis are liquidating their ill-gotten gains to avoid a judgment, attachment is warranted.

As this Court explained in its February 29, 2024 Order:

> [Rule] 64 permits federal litigants to seek an order of attachment in the manner provided by the law of the state in which the district court sits. New

York law authorizes prejudgment attachment pursuant to CPLR §§ 6201(3) and 6212(a). Attachment is a drastic remedy, and is strictly construed in favor of those against whom it may be employed. A plaintiff seeking an order of attachment must show that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in [CPLR §] 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff.

See ECF Docket Entry 284 at 5 (internal quotations and citations omitted).

## ARGUMENT

## POINT I

## THE GELARDIS ARE CONTINUOUSLY & CAVALIERLY IN CONTEMPT

It is respectfully submitted that the Court entered the March 8, 2024 Order so that immediate action could be taken to ensure the net proceeds from any pending sales of the Gelardis' properties was not dissipated unbeknownst to the Court and Plaintiff. The Gelardis sold the Lake Harmony, PA Property without the Court's and Plaintiff's knowledge thereby preventing any action from being taken to ensure that the net proceeds from the sale were not dissipated.

There is no question that this Court entered a reasonably specific order when it directed the Gelardis to "notify the Court within three (3) days of entering into any contract to sell their ownership interest in any other property [aside from 148 Clay Pit Road, Staten Island, NY], including the identity(ies) of the buyers and an anticipated closing date." See March 8, 2025 Text Order. There is no question that the Gelardis knew about this Order. There is no question the Gelardis violated that order as the docket reflects no filing informing the Court that the Gelardis entered into a contract to sell the Lake Harmony Property, which the Gelardis sold on February 27, 2025.

There is also no filing on the docket informing the Court that a contract was signed for the sale of the East Stroudberg, PA Property.

There is no question that the Gelardis' violation was willful.  Indeed, the Gelardis knew that, if they informed the Court that contracts were executed for the sale of the Lake Harmony, PA Property and East Stroudberg, PA  Property, it would result in an order attaching the net proceeds from the sale as the Court did with regard to the Gelardis' Staten Island Property.  See ECF Docket Entry 284.

The Gelardis willfully failed to inform the Court that contracts of sale were entered into for the Lake Harmony, PA Property and the East Stroudberg, PA Property because they wanted the net proceeds for themselves and did not want the Plaintiff to commence any action to prevent the net proceeds from being placed in escrow.

Moreover, their willfulness was confirmed when, during an April 2, 2025 hearing before this Court, despite selling the Lake Harmony Property merely one (1) month earlier netting approximately $140,000.00 (Roa Decl. ¶ 6 n. 1), Safa pled poverty to this Court in order to secure this Court's compassion in permitting her an unreasonably generous payment plan to the forensic examiner who has not received payment from the Defendants in years while the Gelardis carry on with their contemptuous conduct.  The Gelardis will continue to lie through their teeth to delay, delay, delay while they continue to defy this Court's Orders without stronger sanctions.

Accordingly, a finding of contempt is warranted.

The result of the Gelardis' violation of the March 8, 2024 Order is that the Lake Harmony Property was sold unbeknownst to this Court and Plaintiff, thereby preventing any action from being taken to ensure that the net proceeds from the sale were not dissipated.

The Gelardis attempted to do the same with the East Stroudberg Property.  Plaintiff has been unable to confirm that a closing has occurred on the East Stroudberg Property.

Accordingly, this Court should sanction the Gelardis for violating the March 8, 2024 Order by ordering the Gelardis to place the net proceeds from the sale of the Lake Harmony Property in escrow with this Court and to do the same for the East Stroudberg Property at the closing.  <u>See</u> ECF Docket Entry <u>284</u> (ordering attachment of the net proceeds from the Individual Defendants' sale of the Staten Island Property); <u>see also</u> <u>Great E. Sec., Inc. v. Goldendale Invs., Ltd.</u>, 2006 US Dist LEXIS 94271 (S.D.N.Y. Dec. 20, 2006) (denying motion to vacate arbitrator's award directing the defendant to place $479,424.80 in escrow pending conclusion of the arbitration proceeding between the parties based on concerns about the defendant's solvency).  The Court has authority to do so under Rule 16(f) which authorizes a Court to issue "any just orders" for a violation of a Court Order.  <u>See</u> Fed. R. Civ. P. 16(f).  Indeed, "[d]istrict courts acting pursuant to their authority under Rule 16(f) are free to 'design the sanction to fit the violation."  <u>See</u> <u>Liebowitz v. Bandshell Artist Mgt.</u>, 6 F.4th 267, 290 (2d Cir 2021).

Moreover, as a result of the countless instances of the Gelardis being held in contempt, this Court should issue case-ending sanctions pursuant to Rule 16(f).  "A court may impose a range of sanctions on a party which fails to … comply with … pretrial orders including, among other things, striking pleadings and rendering a default judgment."  <u>Trustees of the Paper Producs, Miscellaneous Chauffers, Warehousemen & Helpers Union Local 27 Welfare Tr. Fund & Pension Fund v. J & J Int'l Logistics, Corp.</u>, No. 12-CV-1475 (ILG) (VMS), 2013 WL 5532710 at *3 (E.D.N.Y. Oct. 4, 2013) <u>citing</u>, e.g., Fed. R. Civ. P. 16(1)(A)-(C)).

"The court may enter a default judgment when the disobedient party has failed to comply with a court order due to willfulness, bad faith, or any fault, including gross negligence."  <u>Id.</u> at *2 (<u>citing</u> <u>Valentine v. Museum of Modern Art</u>, 29 F.3d 47, 49 (2d Cir. 1994); <u>Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.</u>, 602 F.2d 1062, 1066 (2d Cir. 1979)); <u>Allstate Ins.</u>

Co. v. Lopez, No. 14-CV-4826 (JS) (AKT), 2016 U.S. Dist. LEXIS 24114, 2016 WL 11096618, at *3 (E.D.N.Y. Feb. 25, 2016), report and recommendation adopted *sub nom.*, 2016 WL 4129104 (E.D.N.Y. Aug. 2, 2016).

Rule 16(f) authorizes a court to 'issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to obey a … pretrial order." See Fed R. Civ. P. 16(f)(1)(C)). "When considering the imposition of such [case ending] sanctions, the Court considers: (1) the party's history of noncompliance; (2) the effectiveness of lesser sanctions; (3) whether a warning has been issued regarding imposition of sanctions; and (4) whether imposing lesser sanctions would prejudice the moving party." Arch Ins. Co. v. Sky Materials Corp., No. 17-CIV.-2829 (CBA) (LB), 2021 WL 966110, at *3 (E.D.N.Y. Jan. 29, 2021), report and recommendation adopted, No., 2021 WL 964948 (E.D.N.Y. Mar. 15, 2021); Funk v. Belneftekhim, 861 F.3d 354, 366 (2d Cir. 2017).

"[T]he Court of Appeals for the Second Circuit has explained that '[a] trial court ordinarily first applies the coercive remedy of civil contempt and only makes use of the criminal sanction when the disobedience continues.'" See Leadsinger, Inc. v. Cole. No. 05-CIV.-5606 (HBP) 2006 WL 2266312 at *22 (S.D.N.Y. 2006) (quoting United States v. Petito, 671 F.2d 68, 72 (2d Cir.1982)); see also In re de Kleinman, 923 F. Supp. 24, 29 (S.D.N.Y. 1996).

Here, this Court would be well within its discretion and authority to issue case ending sanctions because civil contempt sanctions have already been issued and the Defendants remain undeterred in their resolve to violate this Court's Orders.

As to the first factor, the Defendants' rap sheet of noncompliance with this Court's Orders runs miles long.  See ECF Docket Entry 448 (discussing serial non-compliance with Orders); ECF Docket Entry 448 (finding Defendants in contempt once again).  To add insult to injury,

Defendants have flippantly refused to pay the court Ordered attorneys' fees and costs to Plaintiff and non-party Carlos Roa in the amount of $66,457.34, that they were ordered to pay in the Court's September 25, 2024 Order and which is now the subject of a pending motion for judgment. *See* ECF Docket Entries 394 & 432.

Concerning the second factor, lesser sanctions have proven ineffective against the Defendants. See ECF Docket Entry 448 at 51 ("Defendants have consistently demonstrated an undeterrable resolve to circumvent this Court's Orders and improperly use Plaintiff's trade secrets"). Turning to the third factor, this Court just recently provided a warning that case ending sanctions may be issued. Id. at 50 n. 35.

Finally, imposing lesser sanctions would prejudice Plaintiff because Defendants can only be expected to continue to violate this Court's Orders with impunity absent the relief requested.

Accordingly, case-ending sanctions are warranted for the Gelardis' latest round of contempt.

Moreover, based on the Gelardis' blatant disregard for this Court's Orders through their repeated violations of this Court's Orders, punitive measures are warranted by a finding of criminal contempt.

Criminal contempt is "punitive, to vindicate the authority of the court," and is "designed to punish to a fixed degree, over which the contemnor is given no control." See In re Weiss, 703 F.2d 653, 661–62 (2d Cir.1983) (discussing the differences between civil contempt and criminal contempt) (citations omitted). A federal court has the power to punish criminal contempt by fine or imprisonment when a person "willfully violates the specific and definite terms of a court order." See United States v. Twentieth Century Fox Film Corp., 882 F.2d 656, 659 (2d Cir.1989), cert. denied, 493 U.S. 1021 (1990); see also 18 U.S.C. § 401; Fed. R. Crim. P. 42(a); Rojas v. United

<u>States</u>, 55 F.3d 61, 63 (2d Cir.1995) (per curium); <u>United States v. Allocco</u>, 994 F.2d 82, 85 (2d Cir.1993).

To find a person in criminal contempt, the evidence must show beyond a reasonable doubt that: "(1) the court entered a reasonably specific order; (2) defendant knew of that order; (3) defendant violated that order; and (4) his violation was willful." <u>See</u> <u>United States v. Cutler</u>, 58 F.3d 825, 834 (2d Cir.1995).

Here, criminal contempt sanctions are warranted. This is because each factor necessary for such a finding is present here.

First, as discussed *supra*, this Court entered a reasonably specific order requiring Defendants to notify the Court of any impending sale of their real property. Second, the Gelardis knew of that Order because their counsel received notice of it and was duty-bound to inform them of the Order. Third, the Gelardis violated that order because no notice was provided to this Court on or before February 24, 2025 as required by the Order. Fourth, this violation was willful in light of Safa's false representations at the April 2, 2025 virtual show cause hearing concerning the Gelardis' audacious failure to comply with this Court's Orders to pay the forensic examiner.

Accordingly, because each element for a finding of criminal contempt has been met, the Court should direct the United States Marshals Service to arrest the Gelardis until further order of this Court. <u>See</u> <u>CE Intl. Resources Holdings LLC v S.A. Mins., Ltd.</u>, 2013 U.S. Dist LEXIS 21798 (S.D.N.Y. Jan. 24, 2013); <u>Labarbera v. Gulgar Trucking</u>, 2020 U.S. Dist. LEXIS 21810 (E.D.N.Y. Feb. 4, 2020); <u>Plaza Motors of Brooklyn, Inc. v. Rivera</u>, E.D.N.Y. Case No. 19-cv-06336 (LDH) (RLM), July 14, 2022 Text Order.

Accordingly, Plaintiff's motion for civil and criminal contempt should be granted.

**POINT II**

**PLAINTIFF'S MOTION FOR PREJUDGMENT ATTACHMENT SHOULD BE GRANTED**

CPLR 6201(a) provides:

> An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when:

> 1. the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state[]

CPLR 6201(1) has two separate purposes: "to obtain quasi in rem jurisdiction over the property of non-resident defendants and provide security for potential judgments." Onewoo Corp. & V.J.One Corp. v Hampshire Brands, Inc., 2016 U.S. Dist. LEXIS 205060, *14 (S.D.N.Y. Nov. 15, 2016) (quoting Capital Ventures Int'l v. Republic of Argentina, 443 F.3d 214, 221 (2d Cir. 2006). In Onewoo Corp., the court attached assets located outside of New York under CPLR 6201(1). Id. (citing Hotel 71 Mezz Lender LLC v. Falor, 14 NY3d 303, 312 (2010) (enforcing CPLR 6201(1) as to out-of-state property when defendant was subject to personal jurisdiction in New York); TAGC Mgt., LLC v. Lehman, 842 F Supp 2d 575, 587 (S.D.N.Y. 2012) (ordering attachment when "defendants have not furnished any evidence of assets they own in New York that would satisfy a judgment, should one be entered against them, and plaintiffs' anticipation of difficulty in enforcing a judgment against defendants appears to be reasonable").

The Gelardis purchased numerous properties after stealing Plaintiff's trade secrets.[1]

---

[1] These properties, to Plaintiff's knowledge, consist of:

(i) 148 Clay Pit Road, Staten Island, NY 10309 (https://www.zillow.com/homedetails/148-Clay-Pit-Rd-Staten-Island-NY-10309/32373563_zpid/); (fraudulent rent to buy agreement)

(continued...)

After being caught stealing Plaintiff's trade secrets, the Gelardis have been liquidating all their assets to avoid a judgment. The only remaining properties owned by the Gelardis, to Plaintiff's knowledge, are the East Stroudberg, PA Property (which appears to be under contract), the Staten Island Property (which is the subject of a pending sanctions motion based on the rent to buy mechanism used to end run this Court's prior order, see ECF Docket Entry 395), and their Texas safe haven home.

Given the Gelardi's latest violation of a Court Order by failing to inform the Court that contracts to sell the Lake Harmony, PA Property and East Stroudberg, PA Property were signed, Plaintiff respectfully seeks to renew its motion for prejudgment attachment on the grounds that the Gelardis seek to make themselves judgment-proof by liquidating their assets using the ill-gotten gains they received from the complained-of conduct herein.

As this Court previously concluded, "CPLR § 6201(1), which provides that grounds for attachment exist when "the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state, applies. ECF Docket Entry 284 at 10, n. 8. This is sufficient, without the need to establish "badges of fraud" under CPLR § 6201(3), for the

---

(ii) 1523 N Hollywood St, Philadelphia, PA 19121 (https://www.zillow.com/homedetails/1523-N-Hollywood-St-Philadelphia-PA-19121/10317908_zpid/);

(iii) 9 Woods End, Lake Harmony, PA 18624 (https://www.zillow.com/homedetails/9-Woods-End-Lake-Harmony-PA-18624/93560323_zpid/); (sold February 27, 2025)

(iv) 5265 Milford Road, East Stroudberg, PA 18302 (https://www.remax.com/pa/east-stroudsburg/home-details/5265-milford-rd-east-stroudsburg-pa-18302/3230763248277199825/M00000552/PM-105233) (under contract); and

(v) 1475 Moon Valley Dr, Champions Gate, FL 33896 (https://www.zillow.com/homedetails/1475-Moon-Valley-Dr-Champions-Gate-FL-33896/122987470_zpid/) (sold may 15, 2023)

Court to attach the proceeds from the sales of the Gelardis' properties. Accordingly, under CPLR § 6201(1) attachment is warranted such that the net proceeds from the sale of the Lake Harmony, PA Property and the impending sale of the East Stroudberg, PA Property, and any other properties sold by the Gelardis during the pendency of this action, shall be held in escrow by the Court.

In any event, the sale of the Lake Harmony Property and the impending sale of the East Stroudberg Property are being done to avoid an impending judgment, which constitutes badges of fraud, which is also sufficient to grant this relief. See *Citibank, N.A. v. Bombshell Taxi LLC (In re Hypnotic Taxi LLC),* 543 B.R. 365 (Bankr. E.D.N.Y. 2016) (listing badges of fraud to include, *inter alia*, the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and the general chronology of the events and transactions under inquiry).

This Court previously found that the Defendants' conduct satisfies the badges of fraud. See ECF Docket Entry 284 at 8 ("the Court infers the Individual Defendants' fraudulent intent from 'the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors" and "the general chronology of the events and transactions under inquiry' … Courts frequently find fraudulent intent where, as here, a defendant sells numerous pieces of property shortly after the commencement of litigation or while a plaintiff's motion for a preliminary injunction is pending.").

Given this finding and the evidence submitted by the Plaintiff, an Order of attachment of the proceeds from the sale of the Lake Harmony, PA Property and the impending sale of the East Stroudberg, PA Property, and any other properties sold by the Gelardis, is warranted.

Dated: Lake Success, New York
      May 2, 2025

**MILMAN LABUDA LAW GROUP PLLC**

By:    /s/ Jamie S. Felsen
        3000 Marcus Avenue, Suite 3W8
        Lake Success, NY 11042-1073
        (516) 328-8899

Dated: Jamaica, New York
      May 2, 2025

**SAGE LEGAL LLC**

By:    /s/ Emanuel Kataev, Esq.
        18211 Jamaica Avenue
        Jamaica, NY 11423-2327
        (718) 412-2421

*Attorneys for Plaintiff*