UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
IME WATCHDOG, INC.,

                Plaintiff,

      - against -

SAFA ABDULRAHIM GELARDI, VITO
GELARDI, GREGORY ELEFTERAKIS,
ROMAN POLLAK, ANTHONY BRIDDA,
IME COMPANIONS LLC, CLIENT EXAM
SERVICES LLC, and IME MANAGEMENT
& CONSULTING LLC,

                Defendants.
------------------------------------------------------x

**ORDER TO SHOW CAUSE**
22-CV-1032 (PKC) (JRC)

PAMELA K. CHEN, United States District Judge:

On April 30, 2025, the Honorable James R. Cho granted the motion of defense counsel to withdraw from this case, and stayed this action until May 30, 2025, to permit Defendants Safa and Vito Gelardi and IME Companions LLC (collectively, "Defendants") the opportunity to retain new counsel. (*See* 4/30/2025 Minute Entry.) At the same time, however, the Court has learned that Defendants Safa and Vito Gelardi (the "Individual Defendants" or the "Gelardis") appear to have sold one or two of their properties, without providing notice to the Court as required by the Court's March 8, 2024 Order, which directed the Individual Defendants to "notify the Court within three (3) days of entering into any contract to sell their ownership interest in any other property [besides their property at 148 Clay Pit Road, Staten Island, New York] including the identity(ies) of the buyers and an anticipated closing date." (*See* Pl.'s 4/28/2025 Letter, Dkt. 472 (describing 2/27/2025 sale of property located at 9 Woods End, Lake Harmony, PA 18624); Pl.'s 4/30/2025 Letter, Dkt. 474 (describing undated sale of property located at 5265 Milford Road, East Stroudsburg, PA 18302)).

In light of what appears to be the Individual Defendants' clear and direct defiance of the Court's March 8, 2024 Order, and the need to ensure that the proceeds of any property sales by the Individual Defendants are not dissipated, concealed, or rendered unattachable, the Court carves out the following exception to Judge Cho's stay: by **May 19, 2025**, the Individual Defendants will file a summary of their financial information from the last two years,[1] which must include details about the sale(s) of any real property since March 8, 2024. This information should include, at a minimum, the address of the sold property, the date of sale, the buyer(s), the listed sale price, the agreed-upon sale price, the closing costs, the proceeds received, where the proceeds are located, and/or what was done with the proceeds. The same information, plus the anticipated closing date, will be provided as to any property that is under contract for sale, but has not yet been sold. In addition, the Individual Defendants will produce the closing documents for any sales of real property and the contracts for any anticipated sales.

---

[1] The Gelardis were previously ordered to provide this information by May 6, 2025. (*See* 4/2/2025 Minute Entry; 4/9/2025 Docket Order; 4/16/2025 Docket Order; 4/25/2025 Docket Order.) As a reminder, with respect to this disclosure, the Gelardis are required to:

> file all relevant documentation from the last two years, of all of their sources of income (even if the money received is then used to make a mortgage payment, for example) and of all of their assets. The statement of Defendants' finances should include a summary of all of their businesses (including, but not limited to, any independent medical exams ('IME') businesses, their daycare business, and their possible Italian sandwich deli business), a summary of all of their personal and business financial accounts (including bank accounts Defendants have signatory rights to, even if the account is in the name of another person or entity), a summary of all property they own and any related rental or rent-to-buy agreements, and full disclosure of all assets of any kind which they own. In addition to this summary, Defendants shall file all financial statements and/or records from the last two years that are related to the businesses, accounts, and/or assets identified.

(4/2/2025 Minute Entry.)

As part of the same submission, again due by **May 19, 2025,** the Individual Defendants are ordered to SHOW CAUSE why they should not be required to deposit all proceeds from any sales of their properties since March 8, 2024, with the Court Registration Investment System ("CRIS") during the pendency of this case. In February 2024, the Court found sufficient grounds to issue an Order of Attachment as to the Individual Defendants' Staten Island property, in order to satisfy any judgment Plaintiff secures in this matter. (*See* 2/29/24 Memorandum & Order, Dkt. 284 (noting Plaintiffs' request for $186,038.67 in compensatory damages).) Since then, the Court has assessed as contempt sanctions against Defendants: $47,321.63 in attorneys' fees and $11,036.00 in costs to Plaintiff, and $6,890.00 in attorneys' fees and $1,209.11 in costs to Carlos Roa. (Dkt. 394). The Court subsequently found the Individual Defendants in contempt again, (Dkt. 448), for which the Court has yet to make a determination regarding what additional sanctions will be imposed on the Individual Defendants. Furthermore, Individual Defendants still have not paid approximately $30,216.47—plus any applicable interest—that they owe to Berkeley Research Group, LLC ("BRG"), the neutral forensic examiner appointed by the Court on June 22, 2022. (Dkt. 90.) In addition to explaining why attachment of any property sales proceeds is not proper, the Individual Defendants' response should address the requirements of New York Civil Practice Law and Rules ("NYCPLR") § 6201, described in the Court's February 29, 2024 Attachment Memorandum & Order, Dkt. 284.

Additionally, on May 2, 2025, the Court received the attached correspondence from Ignatius Grande of BRG, in which Mr. Grande informed the Court that while Safa paid BRG the $2,000 payment the Court ordered during the April 2, 2025 Show Cause Hearing, she did not pay

3

BRG the $500 payment due May 1, 2025.[2]  In accordance with the Court's Order during that Show Cause Hearing, (*see* 4/2/2025 Minute Entry), **the Court sanctions Safa $500, to be paid by May 12, 2025, to the Clerk of Court, United States District Court, Eastern District of New York.  Also, by May 12, 2025, the Individual Defendants must pay BRG the $500 payment that was due on May 1, 2025.  The Individual Defendants are directed to file proof of both payments on the docket by May 16, 2025.**

Lastly, also on May 2, 2025, Plaintiff filed yet another motion for a temporary restraining order and for contempt.  (*See* Dkts. 477–79.)  Because the Court has decided on its own to order the Gelardis to provide financial disclosures, including the details of the Gelardis' post-March 8, 2024 property sales, and to show cause why any proceeds from those sales should not be attached by the Court, the Court denies Plaintiff's related requests as moot.  The Court defers resolution of Plaintiff's remaining requests until after the stay of this case is lifted, after which Defendants will be given time to oppose Plaintiff's remaining requests.

**Failure to timely comply with any direction in this Order could result in a finding of contempt against the Individual Defendants and could result in additional sanctions, including case-ending sanctions—i.e., the issuance of a default judgment against Defendants—under Federal Rule of Civil Procedure ("Rule") 16(f), which permits the Court to *sua sponte* "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)" where a party or its attorney fails to obey a pretrial order.  Fed. R. Civ. P. 16(f).  Rule**

---

[2] The Court acknowledges that, in accordance with the Court granting Mr. Grande leave during the April 2, 2025 Show Cause Hearing "to submit to the Court a letter calculating a 1% late fee and propose a payment schedule of the same," (4/2/2025 Minute Entry), Mr. Grande has provided a chart showing calculations resulting in $10,520.73 in interest owed.  The Court defers resolution of the amount of interest Individual Defendants owe to BRG until after the stay of this case is lifted.

37(b)(2)(A)(vi) permits the Court to "render[] a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). *See Houghton v. Culver*, 467 F. App'x 63, 65 (2d Cir. 2012) (explaining that "the standards developed under Rule 37(b)(2)" apply to a district court's sanction under Rule 16(f)) (summary order).

## CONCLUSION

**By 5 pm ET on Monday, May 5, 2025**, Plaintiff shall serve on the Individual Defendants via both email and overnight mail this Order to Show Cause and its attachments, as well as the Court's February 29, 2024 Attachment Memorandum & Order, Dkt. 284. **By the same date and time**, Plaintiff shall provide Mr. Grande with a copy of this Order to Show Cause. Plaintiff is further directed to file proof of such service on the docket **by 6 pm ET on Monday, May 5, 2025**.

**By May 12, 2025**, Defendant Safa Gelardi shall pay $500 in sanctions to the Clerk of Court, United States District Court, Eastern District of New York, and the Individual Defendants shall pay BRG the $500 payment that was due on May 1, 2025. The Individual Defendants are directed to file proof of both payments on the docket **by May 16, 2025**.

**By May 19, 2025**, the Individual Defendants shall file with the Court: (1) the above-described summary of their financials and any and all sales of their property(ies) since March 8, 2024, and (2) their response to the Court's Order to Show Cause why they should not be required to deposit all proceeds from any sales of their properties since March 8, 2024 with CRIS during the pendency of this case.

SO ORDERED.

Dated: May 5, 2025
      Brooklyn, New York

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

5