UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IME WATCHDOG, INC.,

                *Plaintiff*,

                Case No.: 1:22-cv-1032 (PKC)(JRC)

      -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,     **OPPOSITION TO THE**
DECLARATION OF GREGORY ELEFTERAKIS,          **COURT'S OSC**
ROMAN POLLAK, JONATHON D. WARNER, ESQ.
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,

                *Defendants*.
------------------------------------------------------------X

      Defendants, Vito Gelardi and Safa Gelardi, proceeding *pro se*, (collectively, "Individual Defendants") submit this opposition to the Court's Order to Show Cause requiring the Individual Defendants to "provide financial disclosures, including the details of the their post-March 8, 2024 property sales, and to show cause why any proceeds from those sales should not be attached by the Court, the Court denies Plaintiff's related requests."

      As an initial matter, and in a good faith attempt to comply with the Court's directive, Individual Defendant's submit the following financial disclosures. Should the Court require further documents, Individual Defendants ask that the Court specify these requests and provide Individual Defendants additional time to locate documents and understand the Court's directive with the help of counsel.

With respect to the Court's directive to show why any proceeds should not be attached by the Court, Individual Defendants respectfully submit that as indicated in the Financial Disclosure, Individual Defendants have become financially destitute as a result of litigating this action. Individual Defendants simply do not have the funds to pay for their basic needs such as their living expenses. For example, Individual Defendants have borrowed money from family members just to make ends meet. Vito Gelardi built a livelihood through real estate, buying and selling over 12 properties long before IME Companions existed.
Safa purchased her Brooklyn home in 2003, later using a 1031 exchange to reinvest in the Florida property that has now been liquidated to survive this litigation.
Their marriage, family stability, and life's work have been sacrificed to defend against baseless claims.

The defendants have already provided exhaustive documentation, including:

Complete bank statements,
Mortgage records,
HUD-1 Settlement Statements from sales of property,
A detailed breakdown of proceeds used to repay loans, debts, mortgages, rent, essential car repairs, and basic living expenses.

These records confirm that the sale of 9 Woods End—a property acquired through decades of hard work—was a last resort to avoid insolvency. The defendants own no stocks, bonds, or assets, beyond a single car and a 20-year-old work van (repeatedly requiring costly repairs). There is nothing left to disclose.

Furthermore, after 36 months of litigation, Plaintiff has not shown or provided any proof of their alleged damages. To require Individual Defendants to deposit their funds with the Court, while Plaintiff has not produced a single document to substantiate any damages would be highly prejudicial against Individual Defendants. The foundation of any tort claim requires proof of actual harm. To date, the plaintiffs have provided no evidence of damage, despite repeated requests and court orders. Their refusal to comply, including ignoring producing evidence or schedule depositions (e.g., Ms. Daniella Levi's deposition), demonstrates a blatant disregard for this Court's authority and underscores the frivolity of their claims. The plaintiffs continue to allege damages without providing a single piece of evidence to support their claims. They demand the defendants' financial ruin—not compensation for harm—as evidenced by their rejection of a FULL SETTLEMENT offer. At the first settlement conference, the defendants offered 316,000, a public apology, and a handshake, which the plaintiffs refused. This proves their motive is vindictiveness, not redress. The Plaintiffs' Abuse of the Judicial System Must End. The plaintiffs' tactics refusing to show damages, ignoring deposition orders (e.g., Daniella Levi's deposition), and rejecting full settlement offers demonstrate their intent to use the courts as a tool of destruction. Their demand to "shout price damaged before moving forward" is a transparent admission that no damages exist. If no damages exist, this case must be dismissed, and sanctions imposed for wasting judicial resources.

Lastly, Plaintiff has not complied with any of the Court's directives, continuously engaged in frivolous conduct, and seeks to use judicial process to destroy Individual Defendants' livelihood. Individual Defendants reserve all rights to retain counsel, oppose Plaintiff's pending motions, and to the extent require a further opportunity to produce additional documents.

I respectfully request that the Court vacate the sanctions imposed on the defendants for the delayed payment to BRG. While we acknowledge the importance of complying with court-ordered obligations, the sanctions in this instance are disproportionate and unjust given the defendants' documented financial hardship, good-faith intent to fulfill the $500/month agreement, and the minimal delay in payment. The defendants have operated under severe financial strain due to years of litigation costs, forced asset sales, and the plaintiffs' refusal to

resolve this baseless case. The attached bank statements and financial records demonstrate that the defendants lacked immediate liquidity to pay BRG by the exact due date but fully intended to pay before the month's end, Courts routinely recognize that even commercial entities (e.g., credit card companies, lenders) provide grace periods for payments. The defendants, who are not sophisticated corporations but individuals fighting for survival, ask for similar understanding. Imposing sanctions for a delay of mere days—while the defendants are actively working to meet their obligations only to deepen their financial crisis.

The defendants ask the Court to:

-Vacate the sanctions upon receipt of the BRG payment, which will be made no later than [May 25, 2025],
-Formalize a grace period for future payments given the defendants' precarious financial state,
- Consider the broader context of this litigation, where the plaintiffs' unproven claims have already pushed the defendants to the brink of ruin.

      Lastly, I acknowledge that my actions during this litigation were not always composed, and I deeply regret that. However, these reactions were born out of repeated violations and psychological warfare waged by the plaintiffs:
The plaintiffs include individuals with fraudulent qualifications (e.g., a Carlos Roa, who fraudulently purchased JD from Spain, a predator who was caught by huntingapredator.com trying to solicit a minor.), During the case No. 1:15-cv-03947 Southern District (Benites et al. v. John Doe et al. , the Court ordered all parties to provide verified addresses. In response, Mr. Roa: Willfully provided the address of Carlos Daniel Roa, a 45-year-old Long Island resident with no connection to the litigation. Concealed his true residence, as evidenced by public records (attached) confirming Carlos Daniel Roa's identity and residence as wholly distinct from the plaintiff). and a convicted criminal (Daniella Levi who money laundered tens of millions of dollars for a murderous Cartel).

      Their history of deceit and manipulation created an environment of distrust and desperation. The plaintiffs' taunts and threats left me feeling violated and cornered, which impacted my ability to respond calmly. My former attorney repeatedly claimed that "[the Judge] hates you and wants to hammer you every chance [they] get." While I do not presume to question this Court's impartiality, these statements intensified my fear and emotional instability, further impairing my judgment during proceedings.

While I do not excuse my behavior, I ask the Court to recognize that it was a direct response to plaintiffs' unethical tactics.

We implore the Court to:
Dismiss this case for lack of evidence,
Sanction the plaintiffs for frivolous litigation and wasting judicial resources,
Recognize the irreversible harm inflicted on the defendants, who have lost their home, savings,

and dignity.

The law exists to protect the innocent, not to empower those who exploit it for vengeance. The defendants have done everything asked of them: they provided full financial transparency, offered full restitution, and complied with the court. In return, they have been stripped of everything.

We beg this Court to intervene before there is nothing left to salvage. This case has been weaponized to punish, not to seek justice. The defendants are at the mercy of this Court and ask only for fairness, a resolution that honors the law, dismisses baseless claims, and holds the plaintiffs accountable for their misconduct. The plaintiffs' demands are not about justice, they are about annihilation. Do not let this litigation erase decades of hard work, family, and faith in the legal system.