# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

May 21, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

      *Re*:   **IME WatchDog, Inc. v. Gelardi, *et al.***
             **Case No.: 1:22-cv-1032 (PKC) (JRC)**

Dear Judge Chen:

      This firm, together with Milman Labuda Law Group PLLC, represents Plaintiff IME WatchDog, Inc. (the "Plaintiff") in the above-referenced case. Plaintiff writes to respectfully request an extension of time, *sine die*, of the deadline to submit Plaintiff's supplemental brief setting forth the specific amounts of attorneys' fees and compensatory damages they believe they are owed as a result of Defendants', Liddie's, and IMELR's relevant conduct by May 30, 2025. <u>See</u> ECF Docket Entry 448.[1]

      Consistent with ¶ 1(G) of this Court's Individual Practices and Rules, Plaintiff respectfully submits that: (i) the current deadline is set forth above; (ii-iii) there have been no previous requests for an extension of time concerning this deadlines; (iv) Defendants consent to this request; and (v) the requested extension does not affect any other scheduled Court appearance or deadline to the Plaintiff's knowledge.

      The reason for the request is that Plaintiff is preparing an Order to show cause for case-ending sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") in light of Defendants Safa Abdulrahman Gelardi ("Safa"), Vito Gelardi ("Vito"), and IME Companions LLC ("Companions") (Safa, Vito, and Companions collectively hereinafter the "Defendants") failure to comply with this Court's May 5, 2025 Order (ECF Docket Entry 482) and prior Orders of this Court. The forthcoming order to show cause will include all damages Plaintiff has suffered, including the information required to be provided pursuant to the May 30, 2025 Order, in addition to all other damages Plaintiff has incurred (as well as attorneys' fees) and will incur in the future.

      Although Safa and Vito submitted a response to the Order to show cause, it fails to comply with the Court's Order directing them to provide, *inter alia*, documents related to all sources of income for the past two years, financial statements, a statement of their finances, including a summary of all of their businesses, a summary of all of their personal and business financial accounts, a summary of all property they own and any related rental or rent-to-buy agreements,

---

[1] Pursuant to Local Rule 7.1(d), this motion may be made through a letter motion as it seeks to extend a deadline.

and full disclosure of all assets of any kind.  See ECF Docket Entry 485.[2]  Defendants' failure to produce same makes it evident that they have no intention of complying with this Court's Orders; they admit they sold the remaining real property they own without notifying this Court as required, failed to provide information about each sale, and provide no justification for their failure to do so, nor did they provide the disclosure of their assets as is required by the May 5, 2025 Order and prior Orders.  Further, Defendants failed to pay the forensic examiner and the $500.00 sanction issued by this Court.

In its anticipated motion for case-ending sanctions, Plaintiff will submit a brief setting forth its attorneys' fees and compensatory damages owed by Defendants.[3]  Should the Court nonetheless wish for Plaintiff to submit a separate brief on its attorneys' fees and compensatory damages related to its successful contempt application, Plaintiff is prepared to do so.  However, Plaintiff wished to provide this Court the option in an effort to conserve judicial resources and possibly absolve the need for successive motion practice.

As a result, Plaintiff respectfully submits that good cause exists for an extension of time to submit supplemental briefing on its damages and attorneys' fees in relation to this contempt motion.  See Fed. R. Civ. P. 6(b)(1)(A).

Lastly, Plaintiff responds briefly to Defendants' response to the order to show cause as to why Defendants should not be required to deposit all proceeds from any sales of their properties since March 8, 2024 with CRIS during the pendency of this case.  Defendants oppose this branch of the order to show cause merely on the ground that they are destitute and need the funds from the sales of their real estate empire to pay their living expenses.  However, the fact that Defendants have spent all of the liquid assets they stole from Plaintiff and now need to sell real property they purchased by stealing Plaintiff's business to live off is not a basis to preclude an attachment under Rule 64.

---

[2] Although Safa's and Vito's response references "attached" documents, their response contains no attached documents.  Plaintiff requested, via email, that Safa and Vito provide attached documents, if any, but they failed to respond.

[3] Plaintiff has reached a settlement with non-parties Eugene Liddie ("Liddie") and IME Legal Reps ("IMELR") such that it will no longer seek to recover attorneys' fees for their contempt.  Plaintiff respectfully seeks to withdraw its motion to amend the complaint to add Liddie and IMELR as Defendants to this case.  See ECF Docket Entry 449.

Dated: Lake Success, New York
      May 21, 2025                      Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

  */s/ Jamie S. Felsen, Esq.*
Jamie S. Felsen, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1391 (direct dial)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com

*Attorneys for Plaintiff*
*IME WatchDog, Inc.*

Dated: Lake Success, New York
      May 21, 2025                      **SAGE LEGAL LLC**

 */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Additional Attorneys for Plaintiff*
*IME WatchDog, Inc.*

**VIA ECF**
All counsel of record