# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
___

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

May 28, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East, Courtroom 11D South
Brooklyn, NY 11201-1804

  *Re:* **IME WatchDog, Inc. v. Gelardi, *et al.***
     **Case No.: 1:22-cv-1032 (PKC) (JRC)**

Dear Judge Chen:

  This office, along with Sage Legal LLC, represents the Plaintiff IME WatchDog, Inc. ("Plaintiff"), in the above-referenced case. Plaintiff intended to submit an opposition to Safa Gelardi's ("Safa") letter motion filed today requesting that the Court extend the stay an additional sixty (60) days. However, within one (1) hour of Plaintiff's receipt of Safa's motion through an electronic Order, the Court granted Safa's motion in part by extending the stay for an additional thirty (30) days until June 30, 2025, prior to Plaintiff having an opportunity to submit its opposition. Plaintiff respectfully requests that the Court consider its opposition contained herein and reconsider its Order in light of same.

  For a variety of reasons, as discussed below, Safa's motion should be denied.

  First, it is respectfully submitted that any further extension of the stay to allow Defendants additional time to retain new counsel would serve no legitimate purpose and would, in fact, be futile. Defendants have repeatedly represented to this Court that they are financially destitute. They owe their former counsel over $260,000—prompting a successful motion to withdraw—and have failed to make even modest monthly payments to the Court-appointed forensic examiner, Berkeley Research Group, LLC. Moreover, they have outright disregarded this Court's September 25, 2024 Memorandum & Order directing them to pay (a) Plaintiff $47,321.63 in attorneys' fees and $11,036.60 in costs, and (b) Carlos Roa $6,890 in attorneys' fees and $1,209.11 in costs (ECF Nos. 394, 432, 433). No competent attorney reviewing the docket would rationally agree to represent these Defendants on the hope of payment that will never come.

  Second, this transparent delay tactic is merely a continuation of the Defendants' longstanding pattern of misconduct and calculated evasion. While the Court, commendably, has been patient in affording Defendants an opportunity to secure counsel, Plaintiff respectfully submits that this patience should not come at the expense of continued harm. Defendants are using

the stay as a shield to buy time while they further dissipate assets in anticipation of (i) judgments for unpaid contempt sanctions ordered by this Court in its September 25, 2024 Memorandum & Order; and (ii) the inevitable entry of a significant judgment pursuant to the Court's March 31, 2025 Memorandum & Order (ECF No. 448), which held them in civil contempt for violations of the June 8, 2022 Amended Injunction, the March 2023 TRO, and the March 2023 Expanded Injunction.

Now, with judgment day closing in, Safa would have the Court believe she is the victim—resorting to performative crocodile tears in an effort to elicit sympathy. But this is not a case of an overwhelmed pro se litigant stumbling in good faith. To the contrary, Defendants have, since at least 2018 and throughout the pendency of this litigation, engaged in a calculated, deliberate campaign of disobedience, deception and manipulation (what has been revealed through the forensic analysis and discovery is Defendants' true character—exposed in her own words through more than 5,400 text messages with Adam Rosenblat and a recorded Zoom meeting with Giant Partners as well as at least 3 businesses she opened in defiance of this Court's orders). The Defendants have flouted every Order of this Court, disregarded legal obligations, and demonstrated a consistent unwillingness to comply with basic judicial mandates.

Plaintiff therefore respectfully requests that this Court issue an Order—at a minimum—prohibiting Defendants from continuing to dissipate assets during this stay. Specifically, Plaintiff requests that all proceeds from any sale of real property by Defendants be deposited with the Court pending further adjudication. Absent such protections, any further delay will serve only to reward lawlessness.

In addition to directing Plaintiff to submit a brief identifying its damages and attorneys' fees in connection with Defendants' latest contempt (which Plaintiff cannot submit while a stay is in place), the Court's March 31, 2025 Order (ECF Docket Entries 448 & 448-1) directed Defendants to:

- Return to Plaintiff all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain Plaintiff's trade secrets and confidential and proprietary information;

- Provide to the Court a list of all customers served since March 10, 2023, which shall include the date of each service, the name of each customer, the name of the observer or representative who attended each, and the amount billed and collected for each, for purposes of issuing a Court-Authorized Notice;

- Provide to the Court the website domain for every website Defendants own and/or operate in connection with the independent medical examination business; and

- Within seven (7) days of the Court's approval of a Public Website Notice, Defendants will post the Public Website Notice on the homepage of every website

they own and/or operate in connection with the independent medical examination business.

The stay unnecessarily permits Defendants to avoid these directives. Indeed, Defendants have repeatedly argued that a stay should be implemented precisely for the purpose of evading and delaying the implementation of these Orders.

Third, Defendants should not be given the benefit of a stay when they failed to comply with this Court's April 2, 2025 and May 5, 2025 Orders.[1] Defendants produced bank statements for merely one (1) month for Little Companions LLC and The Makeover Experience LLC – not for twenty-four months as ordered. *See* ECF Docket Entries 487-3, 489. Defendants did not produce any personal bank statements despite being ordered to produce bank statements for the past twenty-four (24) months. *See* ECF Docket Entries 487-492. Defendants did not produce any information about other IME businesses, including the one that Safa testified she operates in Texas. *Id.* Defendants did not produce documents regarding their Italian sandwich deli business. *Id.* Nor did Defendants did produce rental or rent-to-buy agreements for all properties they own.[2] *Id.* Defendants did not file any financial statements and/or records from the last two years that are related to the businesses, accounts, and/or assets identified, except for checking account statements for one month. *Id.* Defendants did not disclose the location of the $123,670.47 proceeds they received from the recent sale of 9 Woods End, Lake Harmony, PA. *Id.* All of this was required to be produced pursuant to the April 2, 2025 and May 5, 2025 Orders, which the Defendants continue to willfully ignore.

Notwithstanding the above, if the Court is inclined to extend the stay, which it should not for the reasons discussed herein, Plaintiff respectfully requests that the Court condition an extension of the stay on Defendants:

1. Depositing all proceeds from any sales of their properties from March 8, 2024 through the present, including but not limited to the $123,670.47 they received for the recent

---

[1] The April 2, 2025 Order directed the Gelardis to: file all relevant documentation from the last two years, of all of their sources of income (even if the money received is then used to make a mortgage payment, for example) and of all of their assets. The statement of Defendants' finances should include a summary of all of their businesses (including, but not limited to, any independent medical exams ('IME') businesses, their daycare business, and their possible Italian sandwich deli business), a summary of all of their personal and business financial accounts (including bank accounts Defendants have signatory rights to, even if the account is in the name of another person or entity), a summary of all property they own and any related rental or rent-to-buy agreements, and full disclosure of all assets of any kind which they own. In addition to this summary, Defendants shall file all financial statements and/or records from the last two years that are related to the businesses, accounts, and/or assets identified. (4/2/2025 Minute Entry.)

[2] A motion is still pending concerning the "rent to buy" agreement Defendants entered into on their Staten Island home. *See* ECF Docket Entries 395, 396,, 397, and 397-1.

3

sale of 9 Woods End, Lake Harmony, PA (about which they failed to inform the Court as they were ordered), with the Court Registration Investment System, and to do the same for any additional sales that occur during the stay and during the pendency of this case;

2. Complying with the Court's March 8, 2024 Order directing Defendants to notify the Court within three (3) days of entering into any contract to sell their ownership interest in any property they own;

3. Informing the Court if Defendants enter into any additional "rent to buy" agreements with regard to any real property;

4. Complying with the September 25, 2024 Memorandum & Order by paying (a) Plaintiff $47,321.63 in attorneys' fees and $11,036.60 in costs; and (b) Carlos Roa $6,890 in attorneys' fees and $1,209.11 in costs;

5. Returning to Plaintiff all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain Plaintiff's trade secrets and confidential and proprietary information;

6. Providing to the Court and Plaintiff a list of all customers served since March 10, 2023, which shall include the date of each service, the name of each customer, the name of the observer or representative who attended each, and the amount billed and collected for each, for purposes of issuing a Court-Authorized Notice;

7. Provide to the Court and Plaintiff the website domain for every website Defendants own and/or operate in connection with the independent medical examination business; and

8. Within seven (7) days of the Court's approval of a Public Website Notice, Defendants shall post the Public Website Notice on the homepage of every website they own and/or operate in connection with the independent medical examination business.

Dated: Lake Success, New York
May 28, 2025

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Jamie S. Felsen, Esq.

Dated: Jamaica, New York
May 28, 2025

**SAGE LEGAL LLC**

/s/ Emanuel Kataev, Esq.

cc: All Counsel of Record (via ECF)

4