UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
IME WATCHDOG, INC.,

                *Plaintiff*,

Case No.: 1:22-cv-1032 (PKC)(JRC)

-against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
DECLARATION OF GREGORY ELEFTERAKIS,
ROMAN POLLAK, JONATHON D. WARNER, ESQ.
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,

**Request to quash Plaintiffs Subpoena to Jeff Beibin**

                *Defendants*.
----------------------------------------------------------------X

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUBPOENA TO DEPOSE JEFF BEIBEN

**TO THE HONORABLE COURT:**

Defendants, appearing *pro se*, respectfully submit this opposition to Plaintiffs' subpoena seeking to depose Jeff Beibin. This subpoena is improper, untimely, and contrary to the Court's prior order limiting the scope of extended discovery. Plaintiffs' latest attempt to expand discovery—after **3.5 years** of litigation in a case that should have lasted **12 to 18 months**—is nothing more than a delay tactic designed to prolong this meritless lawsuit.

### I. THE COURT'S DISCOVERY ORDER WAS EXPLICITLY LIMITED

The Court previously granted a limited extension of discovery **solely** for:

1. The deposition of Daniella Levi; and

2. The production of Plaintiffs' alleged damages (which they **still** have not provided).

**The Court extends the close of discovery deadline to Friday, May 30, 2025, for the limited purpose of taking the deposition of Daniella Levi, exchanging documents to support Plaintiff's damages claim, and resolving any objections to Defendants' document requests. The parties are reminded to utilize the tools available to them to resolve any discovery disputes, including, if necessary, a motion to compel.**

Plaintiffs now seek to ignore those clear limitations by demanding yet another deposition—this time of Jeff Beibin—despite the Court's express restrictions. This is an abuse of the discovery process and should be denied.

## II. PLAINTIFFS' DELAY TACTICS MUST END

This case has dragged on for **over three and a half years**, far beyond the typical lifespan of federal civil litigation. Plaintiffs have repeatedly stalled, including by:

- Failing to produce evidence of their alleged damages (despite multiple court orders);
- Engaging in endless, burdensome discovery requests; and
- Now attempting to expand discovery beyond the Court's authorized scope.

Enough is enough. This case needs to move forward—not spiral into further delay.

## III. DEPOSING JEFF BEIBEN IS UNNECESSARY & BURDENSOME

Plaintiffs have not demonstrated why Mr. Beibin's testimony is relevant, let alone why they waited until now to seek it. This is a fishing expedition, not a legitimate discovery request. Moreover, Defendants are litigating this case *pro se* and should not be forced to endure yet another costly, time-consuming deposition when Plaintiffs have already abused the discovery process.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court **quash** Plaintiffs' subpoena to depose Jeff Beibin and reaffirm that discovery remains strictly limited to:

1. The deposition of Daniella Levi; and
2. Plaintiffs' long-overdue production of alleged damages.

Further discovery expansions will only reward Plaintiffs' delay tactics. This case must proceed to resolution—not linger in endless litigation.

**DATED:** May 30th, 2025

Respectfully submitted,

**Safa Gelardi**
*Pro Se Defendant*
26118 Crosswood Trails Lane
Cypress Texas, 77433

7187494732

Safagelardi@gmail.com