UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IME WATCHDOG, INC.,

                          Plaintiff,

          - against -

SAFA ABDULRAHIM GELARDI, VITO
GELARDI, GREGORY ELEFTERAKIS,
ROMAN POLLAK, ANTHONY BRIDDA,
IME COMPANIONS LLC, CLIENT EXAM
SERVICES LLC, and IME MANAGEMENT
& CONSULTING LLC,

                         Defendants.
----------------------------------------------------------x

**ORDER TO SHOW CAUSE**
22-CV-1032 (PKC) (JRC)

PAMELA K. CHEN, United States District Judge:

        The Court is in receipt of (1) Safa and Vito Gelardi's ("Individual Defendants") response to the Court's 5/5/2025 Order to Show Cause ("OTSC"), (Defs.' OTSC Response, Dkts. 485, 487–491); (2) Plaintiff's request that the Court reconsider its 5/28/2025 Order, (Dkt. 495), granting, in part, Defendant Safa Gelardi's ("S. Gelardi") 5/27/2025 request to extend the stay in this case, (Dkt. 496[1]); and (3) Individual Defendants' request that the Court vacate its previous contempt orders, (Dkt. 498).

        First, the Court denies Plaintiff's request to reconsider its May 29, 2025 decision extending the stay in this case by 30 days to allow Individual Defendants to retain new counsel, **except** that, in light of Individual Defendants' failure to notify the Court and Plaintiff of the sale of Individual

---

[1] The Court notes that Plaintiff's memorandum was cc'd to "All Counsel of Record (via ECF)." (Pl.'s Letter, Dkt. 496, at 4.) Defendant Vito Gelardi ("V. Gelardi"), though, is proceeding *pro se* and has not consented to electronic service via ECF. Plaintiff is directed to serve its memorandum to V. Gelardi via first-class mail and to file proof of such service on the docket by 6 pm ET on Monday, June 2, 2025. Plaintiff is directed to do the same with all of its filings unless and until V. Gelardi either consents to electronic notification or obtains new counsel.

Defendants' property located at 9 Woods End, Lake Harmony, Pennsylvania, the Court now **ORDERS** Individual Defendants to deposit all proceeds of that sale ($123,670.47) into the Court Registration Investment System ("CRIS") no later than Friday, **June 6, 2025**. If Individual Defendants no longer have the entire proceeds of that sale ($123,670.47), Individual Defendants are directed to (1) deposit all remaining proceeds into CRIS, and (2) submit a detailed, itemized summary by **June 6, 2025**, explaining what they have done with the outstanding proceeds. Individual Defendants should make this deposit via check payable out to "Clerk, U.S. District Courts." In the event Individual Defendants have also sold their other Pennsylvania property, located at 5265 Milford Road, East Stroudsburg, the Court **ORDERS** Individual Defendants to do the same for all proceeds of that sale into CRIS by **June 6, 2025**. If they still own that property, Individual Defendants will advise by **June 6, 2025**, whether they intend to sell that property within the next 30 days of this Order.

Attachment of these proceeds is necessary to ensure that the proceeds are preserved in the event a judgment is issued against Individual Defendants in this case, and to ensure that Individual Defendants are able to satisfy their existing obligations. And although Individual Defendants' claim in their 5/28/2025 letter, (Dkt. 498), that their former counsel, Jonathan Warner, is at fault for their failure to comply with the Court's March 8, 2024 Order directing Individual Defendants to "notify the Court within three (3) days of entering into any contract to sell their ownership interest in any other property [besides their property at 148 Clay Pit Road, Staten Island, New York]," the Court is skeptical of that claim and, even if the claim is true, is still concerned—given the history of Individual Defendants' flagrant non-compliance with multiple court orders in this case—that Individual Defendants will dissipate all of their assets in order to avoid paying any

2

judgment owed in this case, if the proceeds from the sale of the 9 Woods End property are not turned over to the Court.

Second, although Plaintiffs are correct that Individual Defendants have not complied with many aspects of the Court's prior orders, (*see* 4/2/2025 Minute Entry, 5/5/2025 OTSC, Dkt. 482), e.g. by providing certain financial statements from the preceding month, but not all statements/records from the previous two years, the Court believes that it is more important to address the most significant areas of Individual Defendants' non-compliance, namely, those relating to the dissipation of Individual Defendants' assets. For this reason, the Court is not going to direct Individual Defendants to fully comply with the Court's previous orders while the stay in still in effect and therefore, other than the exceptions described above, denies Plaintiff's reconsideration request. (Pl.'s Letter, Dkt. 496.)

Third, the Court notifies Individual Defendants that because they have, in effect, waived their attorney-client privilege regarding whether they told their former counsel about the impending sale of the 9 Woods End property, once the stay in this case is lifted, the Court will direct Individual Defendants' former counsel, Mr. Warner, to respond to Individual Defendants' allegation that they told him about the impending sale, but that he failed to notify the Court, despite the Court's March 8, 2024 Order. (*See* Defs.' Letter, Dkt. 498, at 1–2.)

Finally, the Court denies Individual Defendants' request that it vacate its previous contempt orders, (Defs.' Letter, Dkt. 498, at 3), and clarifies to Individual Defendants that it has not, at this point, found them in contempt as to the sale of the 9 Woods End property. Thus, Individual Defendants' request that the Court "[r]everse the contempt order on 9 Woods End," (*id.*) is denied as moot.

SO ORDERED.

Dated: May 30, 2025
      Brooklyn, New York

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge