UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IME WATCHDOG, INC.,

                            Plaintiff,

     -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and
IME MANAGEMENT & CONSULTING LLC,

                            Defendants.
-------------------------------------------------------------------X

Case No.: 1:22-cv-1032 (PKC) (JRC)

**DECLARATION OF SERVICE**

      Parbatie Singh declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

      1.    I am an administrative assistant with Milman Labuda Law Group PLLC, counsel for the Plaintiff.

      2.    On June 9, 2025, I served the enclosed June 9, 2025 letter from Jamie Felsen to the Court on Vito Gelardi by first class mail to 26118 Crosswood Trails Lane, Cypress, TX 77433.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 9, 2025

                                                          _____
                                                           Parbatie Singh

# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 9, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East, Courtroom 11D South
Brooklyn, NY 11201-1804

    *Re:*    <u>**IME WatchDog, Inc. v. Gelardi, *et al.***</u>
              <u>**Case No.: 1:22-cv-1032 (PKC) (JRC)**</u>

Dear Judge Chen:

    This office, along with Sage Legal LLC, represents the Plaintiff IME WatchDog, Inc. ("Plaintiff"), in the above-referenced case.

    On May 30, 2025, this Court ordered Safa and Vito Gelardi (the "Individual Defendants") to, in relevant part:

> deposit all proceeds of that sale ($123,670.47) into the Court Registration Investment System ("CRIS") no later than Friday, June 6, 2025. If Individual Defendants no longer have the entire proceeds of that sale ($123,670.47), Individual Defendants are directed to (1) deposit all remaining proceeds into CRIS, and (2) submit a detailed, itemized summary by June 6, 2025, explaining what they have done with the outstanding proceeds. Individual Defendants should make this deposit via check payable out to "Clerk, U.S. District Courts." In the event Individual Defendants have also sold their other Pennsylvania property, located at 5265 Milford Road, East Stroudsburg, the Court ORDERS Individual Defendants to do the same for all proceeds of that sale into CRIS by June 6, 2025. If they still own that property, Individual Defendants will advise by June 6, 2025, whether they intend to sell that property within the next 30 days of this Order.

ECF Docket Entry 500.

    As of the submission of this letter, there is no evidence through an entry by the Clerk of the Court that the Individual Defendants have deposited $123,670.47 into the CRIS. Plaintiff respectfully requests that the Court direct the Clerk of the Court to confirm through a filing on ECF whether the Individual Defendants have deposited any monies with the CRIS.

In the event that the Individual Defendants did not deposit any monies into the CRIS or deposited less than $123,670.47, they are, yet again, in contempt of this Court's Order as they did not submit a detailed, itemized summary by June 6, 2025, explaining what they have done with the outstanding proceeds, as they were ordered to do. Nor have the Individual Defendants deposited proceeds from a possible sale of their 5265 Milford Road, East Stroudsburg, PA property or notified the Court by June 6, 2025 as to whether they intend to sell that property.

Accordingly, if necessary through a formal motion, Plaintiff will renew its requests in its May 2, 2025 Order to Show cause for (i) the Court to direct the U.S. Marshal to arrest and incarcerate the Gelardis until further Order of this Court pending their compliance with this Court's Orders; and (ii) the issuance of case-ending sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. See ECF Docket Entry 477. Notably, in its May 5, 2025 Order to Show Cause, this Court warned the Individual Defendants:

> Failure to timely comply with any direction in this Order could result in a finding of contempt against the Individual Defendants and could result in additional sanctions, including case-ending sanctions—i.e., the issuance of a default judgment against Defendants—under Federal Rule of Civil Procedure ("Rule") 16(f), which permits the Court to *sua sponte* "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)" where a party or its attorney fails to obey a pretrial order. Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A)(vi) permits the Court to "render[] a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). See Houghton v. Culver, 467 F. App'x 63, 65 (2d Cir. 2012) (explaining that "the standards developed under Rule 37(b)(2)" apply to a district court's sanction under Rule 16(f)) (summary order).

See ECF Docket Entry 482.

Dated: Lake Success, New York
June 9, 2025

             Respectfully submitted,
             **MILMAN LABUDA LAW GROUP PLLC**
             /s/ Jamie S. Felsen, Esq.

Dated: Jamaica, New York
June 9, 2025

             **SAGE LEGAL LLC**
             /s/ Emanuel Kataev, Esq.

cc: Safa Gelardi (via ECF)

   Vito Gelardi (via e-mail & first class mail)
   26118 Cypress Trails Lane
   Cypress, TX 77433