# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE
SUITE 3W8
LAKE SUCCESS, NY 11042**

———

**TELEPHONE (516) 328-8899
FACSIMILE (516) 328-0082**

June 9, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East, Courtroom 11D South
Brooklyn, NY 11201-1804

      *Re:*    <u>**IME WatchDog, Inc. v. Gelardi**, *et al.*
            **Case No.: 1:22-cv-1032 (PKC) (JRC)**</u>

Dear Judge Chen:

      This office, along with Sage Legal LLC, represents the Plaintiff IME WatchDog, Inc. ("Plaintiff"), in the above-referenced case.

      We write in urgent response to the Court's May 30, 2025 Order to Show Cause, which directed Defendants Safa and Vito Gelardi ("Individual Defendants") to either deposit $123,670.47-representing proceeds from the sale of a home-into the Court's registry or account for how those funds were spent. Instead of complying with that narrow directive, Defendants filed ECF Docket Entry 510-1, which improperly discloses a list of Plaintiff's customers and contains Plaintiff's confidential, proprietary business information.

      Plaintiff respectfully and urgently requests that ECF Docket Entry 510-1 be immediately removed from the public docket or sealed. Due to the highly sensitive nature of the information disclosed-which Defendants were previously ordered to return and destroy (see, e.g., ECF Nos. 66-1, 254-1)-Plaintiff also respectfully requests that the Court waive the formal motion requirement under these circumstances, especially in light of this Court's prior Orders granting motions to seal the same information. <u>See</u> Text Only Orders dated February 28, 2022 and July 31, 2024. Defendants' inclusion of this confidential material is not only a blatant violation of prior court orders but appears to be a calculated act of bad faith, which is shocking and unsurprising at the same time given Defendants' demonstrated disregard for the rule of law over the course of these proceedings.

Notably, ECF Docket Entry 510-1 contains information that Defendants were previously ordered to return to Defendants and destroy. *See e.g*. ECF Docket Entries 66-1[1], 254-1.[2] Once the stay is lifted—something Defendants now inexplicably seek despite their own financial evasiveness-Plaintiff will move for sanctions based on Defendants' failure to comply with the Court's destruction order. At that time, Plaintiff will also address Defendants' defamatory and false statement that Ms. Levi was "convicted of money laundering."

Finally, Defendants continue to parrot the baseless claim that Plaintiff has no interest in settlement-all while quietly draining assets, playing financial hide-and-seek, and curating a narrative of destitution that defies both logic and the public record. This strategy of performative poverty does not lend itself to meaningful resolution-it obstructs it. And frankly, their grandstanding about settlement belongs nowhere near this docket. This forum exists to enforce the Court's orders, not to serve as a stage for Defendants' self-serving theatrics. The Individual Defendants' arguments are inappropriate and constitute a violation of Rule 408 of the Federal Rules of Evidence.

In addition, Defendants fail to provide details explaining how the proceeds from the sale of the property were spent.[3]

We thank the Court for its attention to this matter and respectfully await further direction.

Dated: Lake Success, New York
June 9, 2025

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Jamie S. Felsen, Esq.

Dated: Jamaica, New York
June 9, 2025

**SAGE LEGAL LLC**

/s/ Emanuel Kataev, Esq.

---

[1] Ordering Defendants to "destroy[] any documents, whether in hard copy and/or computerized and/or other electronic media format, that are presently in Defendants' personal or corporate possession relating to IME Companions LLC, IME Watchdog, Inc., or any other matter relevant to this case."

[2] Directing Defendants to return to Plaintiff "all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain Plaintiff's trade secrets, and confidential and proprietary information, in the nature of Plaintiff's: … customer names."

[3] The Individual Defendants should be ordered to produce receipts for the monies spent.

cc:    Safa Gelardi (via ECF)

       Vito Gelardi (via e-mail & first class mail)
       26118 Cypress Trails Lane
       Cypress, TX 77433