# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

June 26, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East, Courtroom 11D South
Brooklyn, NY 11201-1804

      *Re:*    **<u>IME WatchDog, Inc. v. Gelardi, *et al.*</u>**
              **<u>Case No.: 1:22-cv-1032 (PKC) (JRC)</u>**

Dear Judge Chen:

      This office, along with Milman Labuda Law Group PLLC, represents the Plaintiff IME WatchDog, Inc. ("Plaintiff"), in the above-referenced case.

      Today, Defendants Safa and Vito Gelardi (the "Individual Defendants") filed a motion to vacate the Order attaching the Milford, PA property, ECF Docket Entry 516, which contains lists of Plaintiff's customers, as well as Plaintiff's confidential information. This is the second time that the Individual Defendants have demonstrated disregard for the confidentiality of Plaintiff's trade secrets.

      Plaintiff submits this response to yet another self-serving, misleading filing by Defendants, which shockingly includes the disclosure of Plaintiff's confidential information, once again violating this Court's clear Orders. At this point, Defendants' disregard for judicial authority and basic legal obligations is less of a surprise and more of a recurring punchline, despite acknowledging that Plaintiff's confidential information and trade secrets are entitled to be sealed. <u>See</u>, <u>e.g.</u>, ECF Docket Entry <u>514</u> ("I respectfully request that the Court deny Plaintiff's motion to strike Entry 510-1 and consider sealing only those documents that require confidentiality").

      Defendants now parade their financial distress before this Court, as if their tax liens, inability to pay legal fees, and the instant lawsuit simply fell from the sky. Let's be clear: the only reason Defendants are drowning in tax debt, facing legal action, and scrambling to find counsel is because of the choices they made-specifically, stealing Plaintiff's business confidential trade secrets and refusing to pay their taxes. Actions have consequences, though apparently that concept remains elusive to Defendants.

      Even more remarkable is Defendants' bold claim that they are "out of the IME business," while simultaneously attaching their own bank records showing active Zelle payments to individuals directly tied to their IME operations, including Christian Hogarth and Jeff Beiben. It takes a special kind of audacity to perjure yourself and then hand the Court the receipts.

Defendants cannot burn the house down, hand the Court the matches, and then cry foul when the flames close in. Their financial woes are entirely self-inflicted. Their inability to retain counsel? The direct result of their theft, tax evasion, and ongoing deception. Their supposed "need" to liquidate assets? Nothing more than the inevitable fallout from years of misconduct.

In short, Defendants ask this Court to reward them for their lies, their theft, and their blatant violation of court orders-all while they continue to profit from the very business they falsely swore to have abandoned.

Plaintiff respectfully requests that this latest meritless motion be denied in its entirety, and that appropriate sanctions be imposed to finally drive home the lesson that when you steal, lie, and ignore court Orders—there is, in fact, a price to pay.

Plaintiff urgently respectfully requests the removal of ECF Docket Entry 516 from the docket or that it be sealed. Plaintiff respectfully requests that the Court forego the requirement to file a formal motion given the urgency of the removal of Plaintiff's confidential information.

Notably, ECF Docket Entry 516 contains information that Defendants were previously ordered to return to Defendants and destroy. *See e.g.* ECF Docket Entries [66-1][1], [254-1][2]. Once the stay is lifted in this case, which it appears the Individual Defendants would like to happen immediately, Plaintiff will file a motion for sanctions related to Defendants' failure to destroy same. Plaintiff will also separately file formal opposition papers to the instant motion.

Dated: Lake Success, New York
      June 26, 2025                  Respectfully submitted,

                                               **MILMAN LABUDA LAW GROUP PLLC**

                                               /s/ Jamie S. Felsen, Esq.

Dated: Jamaica, New York
      June 26, 2025

                                               **SAGE LEGAL LLC**

                                               /s/ Emanuel Kataev, Esq.

---

[1] Ordering Defendants to "destroy[] any documents, whether in hard copy and/or computerized and/or other electronic media format, that are presently in Defendants' personal or corporate possession relating to IME Companions LLC, IME Watchdog, Inc., or any other matter relevant to this case."

[2] Directing Defendants to return to Plaintiff "all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain Plaintiff's trade secrets, and confidential and proprietary information, in the nature of Plaintiff's: … customer names."

cc: Safa Gelardi (via ECF)

   Vito Gelardi (via e-mail & first class mail)
   26118 Cypress Trails Lane
   Cypress, TX 77433

Case 1:22-cv-01032-PKC-JRC    Document 517    Filed 06/26/25    Page 3 of 3 PageID #: 9364