UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IME WATCHDOG, INC.,

              *Plaintiff*,

                                      Case No.: 1:22-cv-1032 (PKC)(JRC)

      -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
ROMAN POLLAK, JONATHON D. WARNER, ESQ.
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,

              *Defendants*.
------------------------------------------------------------X

To the Honorable Judge Chen:

The Defendants respectfully submit this response to clarify and oppose aspects of Plaintiff's motion to seal the client list referenced in Defendants' Motion to Remove the Attachment on the Milford Property.

1. The Plaintiff is an attorney but failed to designate the information as confidential. Plaintiff Daniella Levi is a licensed attorney and officer of the court. While she is not representing herself in this matter, she is fully aware of court procedures and confidentiality protocols. Yet, despite this, neither she nor her counsel made any effort to mark the client list as confidential when they submitted it. It was filed openly as part of Plaintiff's affidavit not under seal, not redacted, and with no confidentiality notice. It is fundamentally unfair for Plaintiff to now seek to punish Defendants for referencing information she herself introduced into the public record without restriction.

2. Plaintiff made no effort to protect the information until it became inconvenient.
The client list was already disclosed in Plaintiff's own affidavit, submitted as part of their filings without any request for sealing or confidential treatment. At no time were Defendants notified — through court order, stipulation, or protective designation — that the information was to be treated as confidential. Only after Defendants used the list to undermine Plaintiff's claims did Plaintiff move to seal it. This reactive approach suggests an attempt to prevent the truth from coming to light, rather than a genuine effort to protect sensitive information.

3. The list includes clients that Plaintiff lost — but not to Defendants.
The client names listed in Plaintiff's affidavit were not clients that Defendants "stole" or wrongfully acquired; they were never clients of IME Companions at all. Plaintiff's

implication that these entities were "taken" is intentionally misleading. The fact that these law firms ceased doing business with Plaintiff does not automatically mean they began working with Defendants. There is no evidentiary link between Plaintiff's alleged losses and any conduct by Defendants, and Plaintiff has offered no proof to support that claim. This is a blatant attempt to mislead the Court by conflating lost business with wrongful competition — a claim entirely unsupported by the record

4. **Plaintiff's motion to seal appears tactical rather than protective.**
Sealing procedures exist to protect legitimate confidentiality interests, not to shield a party from embarrassment, contradiction, or weakness in its own claims. Here, Plaintiff seeks to seal something it previously made public simply because Defendants used it effectively to challenge the veracity of Plaintiff's accusations. This suggests the motion to seal is being misused to distort the record and prevent fair adjudication.

5. **Defendants are pro se and relied on public court filings in good faith.**
There was no intentional or reckless disclosure. The list was already part of the court's public docket and was referenced in an effort to clarify factual disputes raised by Plaintiff. Defendants respectfully ask the Court to take into consideration their **good faith reliance on Plaintiff's own unsealed filings**, and their right to defend themselves with publicly available information.

6. Plaintiff's attempt to mischaracterize Zelle payments to Christian and Jeff is yet another desperate reach. Christian works in **social media marketing** and was hired to assist with digital campaigns for our businesses, which is completely unrelated to Plaintiff's operations. These payments were for **legitimate marketing services** — not for any improper or unlawful conduct. Plaintiff's insinuation is not only baseless but also reflects a broader pattern of twisting innocent business activities into conspiratorial nonsense.

7. As for the Zelle payment to Jeff, it is entirely unrelated to the claims in this litigation. Jeff is a personal acquaintance who recently obtained full-time employment in retail. Out of respect for his privacy, I will not disclose the nature of the payment — but I firmly assert that it had **nothing** to do with Plaintiff, IME Watchdog, or any alleged wrongdoing. The Plaintiff's decision to weaponize every routine interaction or financial transaction in my life is not only inappropriate, but also a transparent attempt to mislead the Court and shift focus away from their own fabrications.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Plaintiff's motion to seal be denied to the extent it seeks to retroactively restrict access to information **Plaintiff voluntarily disclosed**, and that the Court allow Defendants to continue using this material in support of their defense.

Respectfully submitted,
Safa Gelardi
Pro Se Defendants

**New iMessage**  Cancel

To: **Christian Creole and French IME**

Tue, Mar 18 at 3:49 PM

Hi Safa,

Just wanted to give you and update. Slight change of plans, my client accepted my request to work on his social media on weekends only, so my weekdays are back open.

Sorry for the confusion. Jut started working with him. Had to tie up a few details.

That sounds great Christian I'm so happy you picked something up and I can't wait to start working with you when you start doing our social media

Sounds like a plan. Looking forward to helping out.

 iMessage