UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IME WATCHDOG, INC.,

                                                                       Case No.: 1:22-cv-1032 (PKC) (JRC)

                          Plaintiff,

       -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,

                             Defendants.
-----------------------------------------------------------------X

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL

Dated: Lake Success, New York
       July 1, 2025                     **MILMAN LABUDA LAW GROUP PLLC**
                                        Jamie S. Felsen
                                        3000 Marcus Ave., Suite 3W8
                                        Lake Success, NY 11042
                                        (516) 328-8899

Dated: Jamaica, New York
      July 1, 2025                     **SAGE LEGAL LLC**
                                        Emanuel Kataev, Esq.
                                        18211 Jamaica Avenue
                                        Jamaica, NY 11423-2327
                                        (718) 412-2421

## INTRODUCTION

Plaintiff IME WatchDog, Inc. ("Plaintiff" or "IME WatchDog") respectfully submits this memorandum of law pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure to file under seal, as part of Plaintiff's supplemental brief demonstrating its compensatory damages and attorneys' fees for Defendants Safa Gelardi, Vito Gelardi, IME Companions LLC, Client Exam Services LLC, and IME Management & Consulting LLC's (hereinafter "Contempt Defendants") contempt, selected documents and portions of documents containing non-public confidential information, including financial information and trade secrets of IME WatchDog.

## PRELIMINARY STATEMENT

Plaintiff initiated the instant lawsuit against Defendants for, *inter alia*, violations of the Defend Trade Secrets Act ("DTSA") because they are engaged in and continue to engage in a civil conspiracy concocted to mimic, imitate, and steal Plaintiff's niche business of providing IME observer services by committing brazen acts of bribery to obtain the confidential information and trade secrets of Plaintiff.

With this information in hand, Defendants took the easy street to success by earning substantial revenues (and not paying their taxes on those revenues) in providing the same services Plaintiff provides without going through the great expense of building a customer and client base, developing the forms and checklists IME observers use, and establishing a team of IME observers available to conduct observations of IMEs.

Perhaps most jarringly, the Contempt Defendants have bribed Plaintiff's key employee with additional money for purposefully sabotaging the work to be performed for a client by Plaintiff in order to swoop in like a vulture to steal the client away at the most opportune time.

The Contempt Defendants have engaged in these criminal and morally deplorable acts for years. In order to provide this Court with compelling evidence of Plaintiff's compensatory damages and attorneys' fees, Plaintiff must provide the Court with various submissions that make use of confidential information,[1] including those protected by the DTSA as trade secrets. This information, necessary for Plaintiff's briefing to be properly decided, falls into categories of documents regularly sealed by courts in the Second Circuit and which have previously been sealed by this Court, as the confidentiality issues implicated by the information are lofty while any countervailing public interest in public access to such documents is significantly lower.

Plaintiff, in recognition of the need to make available to the public as much of the motion as possible, have minimized the portion requiring special treatment. Plaintiff thus seeks to file only some exhibits completely under seal—those which contain corporate financial information. Plaintiff otherwise makes targeted redactions to exhibits or declarations, all of which concern business, financial, or patient care information. The remainder of Plaintiff's submissions in conjunction with its motion for injunctive and equitable relief are filed and available on the public docket. Because the relevant information is of the type regularly filed under seal, and because the amount sought to be sealed is a small portion of the larger motion submissions, Plaintiff respectfully requests that this Court grants its motion to seal.

## **DOCUMENTS TO SEAL**

All proposed sealed and/or redacted documents are being filed contemporaneously under seal on the ECF system, are being electronically related to this motion, and are described as follows: (i) the portions of the Declaration of Daniella Levi, Esq. discussing confidential customer names and financial information; (ii) customer lists; and (iii) Plaintiff's financials.

---

[1] This is in addition to information required to be redacted under Rule 5.2(a).

The foregoing categories of documents have consistently been sealed by this Court in various prior Orders.

## ARGUMENT

### I. The Legal Standard for Sealing Documents Filed in Court

There is a longstanding presumption and strong public policy favoring public access to court records. See, e.g., Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597–98 (1978). This "presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." See U.S. v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)). However, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). Moreover, courts must then "balance competing considerations against [public disclosure of a judicial document]." See Lugosch, 435 F.3d at 120.

### II. Plaintiff Seeks to File Under Seal Documents Containing Trade Secrets

Federal courts have the power to permit sealing of documents where higher values are served by permitting some documents to kept from public disclosure. This is particularly true when the requests are narrowly tailored, maximizing the amount of the filing available to the public. As part of its supplemental brief demonstrating its compensatory damages and attorneys' fees for the Contempt Defendants' contempt, Plaintiff seeks to file a targeted portion of its motion papers under seal. This information, implicating trade secrets, client lists, and the financial information of Plaintiff is recognized as confidential by their very nature.

4

As described below, the information subject to this motion should have protection from public disclosure due to their subject matter and the privacy interests involved.

### A. Courts Routinely Permit Filings Containing Trade Secrets to be Filed Under Seal

Plaintiff seeks to submit multiple documents that contain sensitive financial information and implicate the privacy protections put in place through DTSA.

Accordingly, Plaintiff seeks to file under seal portions of the Declaration of Daniella Levi, Esq., which contains various confidential information and trade secrets that is in the hands of the Defendants when it should not be, as well as some exhibits *in toto* because they contain confidential information and trade secrets. See, e.g., **Declaration of Daniella Levi, Exhibits "A" and "C."**

Courts routinely grant motions to seal in such circumstances. See ValveTech, Inc. v Aerojet Rocketdyne, Inc., No. 17-CIV.-6788 (FPG), 2019 WL 4688737, at *4 (W.D.N.Y. Sep. 26, 2019) ("ValveTech describes its alleged trade secrets in greater detail in a separate Trade Secret Disclosure statement that it filed under seal and incorporated into its Amended Complaint by reference. As an exhibit to that statement, ValveTech attached a list of numerous documents in Aerojet's possession that allegedly contain ValveTech's trade secret information"); see also Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (noting that categories commonly sealed include those containing trade secrets, confidential research and development information, marketing plans, revenue information, [and] pricing information").

In determining whether pursuant to Rule 26(c)(1)(G), because they are trade secrets, documents shall be filed under seal, courts consider: "(1) the extent to which the information is known outside the business; (2) the extent to which it is known by employees and others involved in the business; (3) the measures taken to guard the information's secrecy; (4) the value of the

information to the business or to its competitors; (5) the amount of time, money, and effort expended in development of the information; and (6) the ease or difficulty [in] duplicating or properly acquiring the information." See Capricorn Mgt. Sys., Inc. v Govt. Employees Ins. Co., No. 15-CIV.-2926 (DRH) (SIL), 2019 WL 5694256, at *20 (E.D.N.Y. Jul. 22, 2019), report and recommendation adopted, 2020 WL 1242616 (E.D.N.Y. Mar. 16, 2020) (citing Nycomed US, Inc. v. Glenmark Generics, Inc., No. 08-CIV.-5023, 2010 WL 889799, at *5 (E.D.N.Y. Mar. 8, 2010).

Here, Plaintiff respectfully submits that the information concerning Plaintiff's business submitted under seal herein is not known outside of the business at all and the only employees who know the information within IME WatchDog are Daniella Levi, Esq. (its founder), Adam Rosenblatt (a key employee), and Carlos Roa, an officer of Plaintiff. The measures taken by Mrs. Levi to guard the information's secrecy are set forth in prior declarations, and include limiting access to the information as well as technological efforts to safeguard the information.

Indeed, the only way Defendants were able to obtain the information was by engaging in bribery. The value of the information sought to be protected is easily shown by the very fact that the individual Defendants, both of whom are not attorneys, piggybacked off and stole Plaintiff's business concept and utilized it to further their interests to the complete detriment of Plaintiff.

Finally, the difficulty of acquiring the information sought is apparent, again, because Defendants were forced to bribe Plaintiff's key employee to obtain it.

As such, every single factor militates in favor of granting the motion to seal.

Accordingly, in order to comply with federal law and protect its interests, Plaintiff submits the Court should grant its motion to have these documents and excerpts filed under seal.

6

B. **Plaintiff Seeks to Seal Portions Containing Non-Public Business Information**

Plaintiff has compelling evidence to share with this Court concerning its compensatory damages against Defendants, but this evidence implicates Plaintiff's business and financial information.

To protect the privacy interests intendent with such information, Plaintiff requests to seal these documents as well. Should this information become public, competing entities would gain a competitive advantage by knowing how Plaintiff operates and will enable those competitors to have an edge in competing against Plaintiff in the future.

"Protecting … specific business information are values that overcome the presumption of public access." See Re: Mindbody, Inc. Securities Litigation, 2021 WL 3500176, at *3 (citing Louis Vuitton Malletier S.A. v. Sunny Merch. Corp., 97 F. Supp. 3d 485, 511 (S.D.N.Y. March 31, 2015)); see also Mitchell v. Metropolitan Life Ins. Co., Inc., No. 03-cv-10294, 2004 WL 2439704, at *2 (S.D.N.Y. Nov. 2, 2004) (ordering the confidentiality of earnings, expense analyses and business plans containing internal financial analyses, business plans and other sensitive company information) (citation omitted). Sensitive business information, such as Plaintiff's financial information and customer lists, outweigh the public's presumed right of access. See Valassis Commc'ns. Inc., 2020 WL 2190708, at *3-4 (finding that the presumption of public access is outweighed by the party's business secrecy interests as well as by the personal privacy interests in employee compensation).

Accordingly, Defendants request that these selected business records be filed under seal or in redacted form as well.

7

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant its motion to seal the identified portions of their submissions made as part of their supplemental brief demonstrating its compensatory damages and attorneys' fees related to Defendants' contempt.

Dated: Lake Success, New York
       July 1, 2025                         Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

By:    /s/ Jamie S. Felsen
        Attorneys for Plaintiff
        3000 Marcus Ave., Suite 3W8
        Lake Success, NY 11042
        (516) 328-8899

Dated: Jamaica, New York
       July 1, 2025

**SAGE LEGAL LLC**

By:    /s/ Emanuel Kataev, Esq.
        Attorneys for Plaintiff
        18211 Jamaica Avenue
        Jamaica, NY 11423-2327
        (718) 412-2421