UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IME WATCHDOG, INC.,

                      Plaintiff,

      -against-

SAFA ABDULRAHIM GELARDI, VITO
GELARDI, GREGORY ELEFTERAKIS,
ROMAN POLLAK, ANTHONY BRIDDA, IME
COMPANIONS LLC, CLIENT EXAM
SERVICES LLC, and IME MANAGEMENT &
CONSULTING LLC,

                      Defendants.

------------------------------------------------------------------X

Case No.: 1:22-cv-1032 (PKC) (JRC)

 

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS COMPUTATION OF
COMPENSATORY DAMAGES AND ATTORNEYS' FEES IN CONNECTION WITH
THE COURT'S MARCH 31, 2025 ORDER FINDING DEFENDANTS SAFA GELARDI,
VITO GELARDI, AND IME COMPANIONS LLC IN CONTEMPT**

**MILMAN LABUDA LAW GROUP PLLC**
Attorneys for Plaintiff
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
(516) 328-8899

**SAGE LEGAL LLC**
Attorneys for Plaintiff
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421

## PRELIMINARY STATEMENT

Once more, this Court is called upon to determine the appropriate sanction for Defendants' repeated contempt.  In furtherance of the Court's March 31, 2025 Memorandum & Order, that found Safa Gelardi ("Safa"), Vito Gelardi ("Vito"), and IME Companions LLC ("Companions") (Safa, Vito, and Companions collectively hereinafter "Defendants") in civil contempt for violating the June 8, 2022 Amended Injunction, the March 2023 temporary restraining Order ("TRO"), and the March 2023 Expanded Injunction (collectively hereinafter the "Injunction"), and directing Plaintiff to submit a brief setting forth the actual damages it has incurred due to Defendants' contempt (ECF Docket Entry 448), Plaintiff submits this memorandum and the accompanying Declaration of Daniella Levi.

Plaintiff, IME Watchdog, Inc. ("Plaintiff" or "IME WatchDog") respectfully requests that the Court enter a judgment against Defendants in the amount of $1,712,913.07, comprised of $1,483,554.61 for Plaintiff's lost profits and $229,358.46 for Plaintiff's attorneys' fees for the contempt period of June 8, 2022 through March 31, 2025, in addition to pre-judgment interest and post-judgment interest at the statutory rate computed as provided under 28 U.S.C. § 1961.

## ARGUMENT

### POINT I

### PLAINTIFF SHOULD BE AWARDED $1,483,554.61 PLUS INTEREST FOR LOST PROFITS

Between 2018 and 2022, through their theft of Plaintiff's trade secrets, Defendants stole at least sixty-seven (67) customers from Plaintiff.  *See* Levi Decl. ¶ 5; see also *Ime Watchdog, Inc. v. Safa Abdulrahim Gelardi*, 2022 U.S. Dist. LEXIS 86997, *17 (E.D.N.Y. May 13, 2022)* ("[T]here is no doubt that Companions' existence and growth is based in part on Watchdog's misappropriated trade secrets, customers, and business opportunities"); *Ime Watchdog, Inc. v. Gelardi*, 732 F Supp

1

3d 224, 242 (E.D.N.Y. 2024) ("Indeed, even with a preliminary injunction in place, Defendants disseminated Plaintiff's trade secrets, inflicting further harm against Plaintiff. Thus, Plaintiff will undoubtedly suffer additional irreparable harm absent a stricter preliminary injunction").

During the period of the contempt spanning June 8, 2022 through March 31, 2025, in defiance of Court Orders and in contempt of Court, Defendants continued to serve some of these sixty-seven (67) customers, as the Court concluded in its March 31, 2025 Memorandum & Order. *See* ECF Docket Entry 448.

Although requested by Plaintiff during discovery, Defendants have not produced Companions' sales data regarding its revenue since 2022. *Id.* ¶ 7. Plaintiff also attempted to obtain this information from Companions' observers, Fari Gutierrez ("Gutierrez") (who operated Client Exam Services for Defendants), Christian Hogarth, Lizbeth Medina, Mark Purficati, and Sara Gonzalez (collectively hereinafter the "IME Observers"), through the issuance of subpoenas, but they failed to comply with the subpoenas and failed to show cause for their failure to comply as they were ordered to do by the Court. *See* January 17, 2025 Text Order, March 24, 2025 Text Order, April 16, 2025 Text Order.

Therefore, Plaintiff has extrapolated its damages by utilizing Companions' 2022 sales data. *See Miroglio S.P.A. v. Conway Stores, Inc.*, 2008 U.S. Dist. LEXIS 81755, *14 (S.D.N.Y. Oct. 15, 2008) (permitting extrapolation to determine damages where documents not produced) (*citing Louis Vuitton S.A. v. Spencer Handbags Corp.,* 765 F.2d 966, 973 (2d Cir. 1985) ("Where the defendants fail to produce evidence to refute plaintiff's evidence of defendants' sales of products, the court must rely on less certain methods of proof")); *Deering, Milliken & Co. v. Gilbert,* 269 F.2d 191, 193 (2d Cir. 1959) ("where . . . the defendant controls the most satisfactory evidence of

sales the plaintiff needs only establish a basis for a reasoned conclusion as to the extent of injury caused by the deliberate and wrongful infringement").

In 2022, Companions' revenue was $883,046.00. Levi Decl. ¶ 11. However, Companions' 2022 sales data is incomplete as it did not include Zemsky & Salomon, a customer who is listed in Companions' 2022 sales records, but for whom the dollar amount is blank. Zemsky & Salomon paid Companions $54,015.00 in 2021. *Id.* ¶ 12. Extrapolating the $54,015.00 amount that Zemsky & Salomon paid in 2021 for 2022, the total amount of Companions' sales for 2022 would be $937,061. *Id.*

As this Court previously concluded, "98.3% of the total revenue Defendants have generated since Companions' inception was obtained through sales from Plaintiff's former customers." *IME Watchdog, Inc. v. Gelardi*, 2023 U.S. Dist. LEXIS 189054, *12 (E.D.N.Y. Oct. 20, 2023). Therefore, for 2022, Companions' revenue for the sixty-seven (67) customers was $921,130.96 (98.3% of $937,061.00). Companions charged $179 for each independent medical examination while Watchdog charged $189, a 5.59% difference. Therefore, Plaintiff's revenue for these sixty-seven (67) customers would have been 5.59% higher than Companions' revenue, or $973,574.51. Levi Decl. ¶ 15. Applying Plaintiff's typical ██████████%) profit margin, Plaintiff's annual damages on ███████ revenue is $████████, or $████████ per month. *Id.* ¶ 17. ████ multiplied by the approximately thirty-four (34) months from June 8, 2022 through March 31, 2025 covered by the contempt, results in $1,379,230.55 in lost profit damages for this period of contempt. *Id.* ¶ 18.

In addition, IME Legal Reps received at least $197,605.00 for services it performed for Plaintiff's former customers. *Id.* ¶ 19. Applying the 5.59% difference due to the $10 higher charge for independent medical examinations, Plaintiff's revenue for these customers would have been

$208,648.13.  *Id*. ¶ 20.  At a ██% profit margin, Plaintiff's damages on $██████ in revenue is $██████.  *Id*. ¶ 21.

Accordingly, for the June 8, 2022 through March 31, 2025 period covered by the contempt finding, Plaintiff's lost profits were $1,483,554.61.

## POINT II

### PLAINTIFF SHOULD BE AWARDED $229,358.46 PLUS INTEREST FOR ATTORNEYS' FEES

As this Court previously concluded, Plaintiff is entitled to attorneys' fees for the contempt of Defendants.  ECF Docket Entry 448.

Plaintiff incurred $229,358.46 in attorneys' fees since March 28, 2023 in connection with Defendants' contempt.  *Id*. ¶ 23.  Milman Labuda Law Group PLLC billed Plaintiff $179,247.50 for 435.3 hours of work at rates of $450 for Jamie Felsen and $300 for Emanuel Kataev.  *Id*. ¶ 24.  Sage Legal LLC billed Plaintiff $ $50,110.96 for 167 hours of work at $300 per hour. *Id*. ¶ 25.

This Court previously concluded that the rates charged by Mr. Felsen and Mr. Kataev are reasonable.  *See Ime Watchdog, Inc. v. Gelardi*, 2024 U.S. Dist. LEXIS 173763, *16 (E.D.N.Y. Sep. 25, 2024)*.

## POINT III

### AN IMMEDIATE JUDGMENT FOR $1,712,913.07 PLUS INTEREST SHOULD BE ENTERED IN PLAINTIFF'S FAVOR AGAINST DEFEDNANTS

This court has authority to enter an immediate judgment with regard to the issuance of monetary sanctions.

As Judge Hellerstein explained in *Stingray Music USA, Inc. v. uCast LLC*, 2020 U.S. Dist. LEXIS 85174 (S.D.N.Y. May 14, 2020):

to avoid yet another round of Defendant refusing to comply with an order to make payment and Plaintiff returning to court for new sanctions, I rule that this order, and my prior order, *see* ECF No. 37, for a total payment of $10,000, shall be subject immediately to execution by Plaintiff. Plaintiff may thus enforce both these orders against Defendant's assets as final judgments. *See Li Rong v. Perfect Team Corp.*, No. 10 Civ. 1637, 2014 U.S. Dist. LEXIS 74240, 2014 WL 2465589, at *5 (E.D.N.Y. May 30, 2014) ("Defendants have not presented any legal authority ...indicating that the Court lacks authority to compel defendants to comply *immediately* [with the order for sanctions]. Indeed, courts routinely require litigants to comply with Rule 37 sanctions before litigation is completed.") (emphasis added); *see id.* (collecting cases); *Burgie v. Euro Brokers, Inc.*, No. 05 Civ. 0968, 2008 U.S. Dist. LEXIS 71386, 2008 WL 4185701, at *8 (E.D.N.Y. Sept. 8, 2008) ("Courts routinely enter judgment in the amount of sanctions when an attorney fails to satisfy the amount of the sanction award, even when the overarching litigation is not yet terminated."); *see also* Fed. R. Civ. P. 54(b) (permitting entry of judgment on "fewer than all" claims where there is "no just reason for delay"). And as a word of caution to Defendant; failure to comply with monetary sanctions may be punishable by a finding of contempt and imprisonment pending compliance.

*Id*. at *3-4; *see also Sistem Mühendislik Insaat Sanayi Ve Ticaret, A.Ş. v. Kyrgyz Republic*, 2019 U.S. Dist. LEXIS 171590 (S.D.N.Y. Oct. 1, 2019) (entering a judgment for attorneys' fees and other contempt sanctions).

Notably, Defendants failed to pay the previous attorneys' fees award they were directed by the Court to pay in the September 25, 2024 Memorandum & Order for which a motion for entry of a judgment is pending before this Court. *See* ECF Docket Entries 394, 432, 433. Moreover, Defendants failed to pay the forensic examiner, Berkeley Research Group, LLC ("BRG") as ordered by this Court. *See* January 29, 2024 Docket Order, ECF Docket Entry 441. Even after this Court permitted Defendants to pay $500.00 per month to BRG after Defendants cried poverty,[1] Defendants still failed to pay BRG. *See* ECF Docket Entry 485 (conceding Defendants failed to comply with the Court's Order to pay $500.00 per month).

---

[1] Safa's and Vito's repeated claims that they are destitute is further evidence they will not comply with any order directing them to pay damages and attorneys' fees to Plaintiff and is an additional reason warranting the immediate entry of a judgment.

Defendants also failed to pay the Court the $500.00 sanction issued by this Court which is evidenced by their failure to submit proof of payment by May 12, 2025, as ordered on May 5, 2025, and their request to vacate the ordered sanction. *See* ECF Docket Entries 482, 485.

Defendants' intention to never pay Plaintiff was made clear in an unsolicited text message defendant Vito Gelardi sent to Daniella Levi on April 16, 2025 stating "I took whatever money I had and gambled it all to try to double it, there's no proof, stick that up your ass." See ECF Docket Entry 469-1.

Based on the foregoing, because it is unlikely that Defendants will comply with any Court Order directing them to pay Plaintiff any sum of money, rather than entering an order directing Defendants to pay $1,712,913.07, the Court should instead enter an immediate judgment in favor of Plaintiff against Defendants in the amount of $1,712,913.07, in addition to pre-judgment interest and post-judgment interest at the statutory rate computed as provided under 28 U.S.C. § 1961.[2]

## CONCLUSION

Plaintiff respectfully requests entry of a judgment for $1,712,913.07 in favor of Plaintiff against Defendants.

Dated: Lake Success, New York
July 1, 2025

**MILMAN LABUDA LAW GROUP PLLC**

By:   /s/ Jamie S. Felsen
Attorneys for Plaintiff
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
(516) 328-8899

Dated: Jamaica, New York
July 1, 2025

**SAGE LEGAL LLC**

---

[2] This is in addition to the judgments sought in Plaintiff's pending motion for judgment related to the September 25, 2024 Order (ECF Docket Entry 394). *See* ECF Docket Entries 432, 433.

6

By:    /s/ Emanuel Kataev, Esq.
          Attorneys for Plaintiff
          18211 Jamaica Avenue
          Jamaica, NY 11423-2327
          (718) 412-2421