# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

July 1, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, NY 11201-1804

   *Re:* **IME WatchDog, Inc. v. Gelardi,** *et al.*
      <u>**Case No.: 1:22-cv-1032 (PKC) (JRC)**</u>

Dear Judge Chen:

  This office, along with Sage Legal LLC, represents the Plaintiff IME WatchDog, Inc. ("Plaintiff"), in the above-referenced case. Plaintiff respectfully submits this letter response in opposition to Defendant Safa Gelardi's ("Safa") letter motion to quash a subpoena served by Plaintiff on non-party Jeff Beiben ("Beiben") for his deposition on July 9, 2025 (the "Beiben subpoena"). <u>See</u> ECF Docket Entry [499](#).

  A "party generally lacks standing to challenge a third-party subpoena, unless the party is seeking to protect a personal right or privilege in the subpoenaed documents." *Somaxon Pharms., Inc. v Actavis Elizabeth LLC*, 2022 U.S. Dist. LEXIS 148680 (S.D.N.Y. Aug. 18, 2022) (denying the defendant's motion to quash subpoena because the defendant lacked standing as it did not seek to protect a personal right or privilege in the subpoenaed documents).

  Safa does not seek to quash the subpoena based on her need to protect a personal right or privilege in the subpoenaed documents. She seeks to quash the subpoena on the ground that the Court previously limited discovery to the deposition of Plaintiff and the production of Plaintiff's alleged damages and because Plaintiff has not demonstrated why Beiben's testimony is relevant. Because Safa does not seek to quash the subpoena based on a need to protect a personal right or privilege in the subpoenaed documents, she has no standing and her motion to quash should be denied.

  Even if Safa had standing to move to quash the Beiben subpoena (which she does not), there is no basis to quash the subpoena.

  "In response to a motion to quash a subpoena, '[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.'" *See Libaire v. Kaplan*, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011)

(quoting *Kingsway Fin. Servs., Inc. v. Pricewaterhouse—Coopers LLP*, 2008 U.S. Dist. LEXIS 77018, 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008)); *see also, e.g., AP Links, LLC v. Russ*, 299 F.R.D. 7, 11 (E.D.N.Y. 2014) (quoting *Night Hawk Ltd. v. Briarpatch Ltd.*, 2003 U.S. Dist. LEXIS 23179, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003)); *Crosby v. City of New York*, 269 F.R.D. 267, 282 (S.D.N.Y. 2010). "Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is overbroad, duplicative, or unduly burdensome." *See AP Links*, 299 F.R.D. at 11 (quoting *Kingsway Fin. Servs.*, 2008 U.S. Dist. LEXIS 77018, 2008 WL 4452134, at *4) (internal quotation marks omitted).

Critically, relevance under Rule 26 "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Although this Court did previously limit the remaining discovery between Plaintiff and Defendants Safa, Vito Gelardi, and IME Companions LLC ("Companions"), Plaintiff has not been limited from obtaining discovery from the remaining Defendants and non-parties such as the observers. Indeed, Plaintiff served subpoenas on several IME observers, none of which have responded, and for which there is a pending motion before Magistrate Judge Cho to certify to this Court the facts surrounding the contempt by the non-party observers, pursuant to 28 U.S.C. § 636(e). *See* ECF Docket Entry 457.

Moreover, upon information and belief, Beiben is continuing to operate IME Legal Reps, or yet another company in the long line of corporate entities Safa has been found to have opened to continue to operate in violations of this Court's Orders, virtually all of which this Court previously concluded is an alter ego of Companions. *See* ECF Entry 448 ("While the Court previously found Liddie's and Beibin's testimony at the May 2023 Hearing credible, and that neither Beibin nor "any of Defendants' other agents were still serving customers on the Enjoined Customer[s] List in violation of the Court's injunctions," *IME Watchdog, Inc.*, 2023 WL 4532459, at *1, the evidence introduced at the July 2024 Hearing, especially the April 2023 Zoom, and the Court's related finding that Safa helped create IMELR requires the Court to now conclude otherwise. Clearly, since 98% of IMELR's income in July 2024 was from customers on the Enjoined Customers List, *and since Beibin is the only observer from IMELR who performed IMEs after the May 2023 Hearing, Beibin continued to serve customers on the Enjoined Customers List in violation of the Court's injunctions*. The Court finds that the most reasonable inference is that IMELR's business with customers on the Enjoined Customers List") (emphasis added).

Indeed, at the time Beiben was personally served with the subpoena, he was in fact observing an IME for IME Legal Reps. Eugene Liddie has informed Plaintiff that from July 2024 to the present, Beibin has been running IMELR and continued to serve customers on the enjoined customer list. While Plaintiff would like to complete discovery and file a motion for summary judgment, Plaintiff is entitled to first inquire into further acts of contempt by Defendants and

Beiben and to seek to amend the complaint to add Beiben as a defendant, in which event discovery would begin anew as to Beiben.

Accordingly, because Safa has no standing to object to the subpoena and due to the fact there exists ample basis to find the discovery sought by Plaintiff is relevant to this case, Plaintiff respectfully submits that Safa's motion to quash the subpoena must be denied.

Plaintiff thanks this Court for its time and attention to this case.

Dated: Lake Success, New York
July 1, 2025

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Jamie S. Felsen, Esq.

Dated: Jamaica, New York
July 1, 2025

**SAGE LEGAL LLC**

/s/ Emanuel Kataev, Esq.

cc: Safa Gelardi (via ECF)

Vito Gelardi (first class mail)
26118 Cypress Trails Lane
Cypress, TX 77433

3