UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IME WATCHDOG, INC.,
*Plaintiff,*

-against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI
DECLARATION OF GREGORY ELEFTERAKIS,
ROMAN POLLAK, JONATHON D. WARNER, ESQ.
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,
*Defendants.*

-----------------------------------------------------------------X

CaseNo.:1:22-cv-1032 (PKC)(JRC)

## Opposition to Plaintiffs' Motion to Seal Motion to Strike

Dear Judge Chen:

I write in strong opposition to Plaintiffs' Motion to Seal (ECF No. 526), my Motion to Strike that was filed July 1, 2025. Plaintiffs now seek to suppress critical evidence that directly contradicts their sworn statements, undermines their legal claims, and reveals how this lawsuit has been constructed around falsehoods and manipulation. Their sealing request is not about protecting confidential information — it is a desperate effort to hide the truth.

Among the documents Plaintiffs seek to seal is an email written by Adam Rosenblatt, one of their own agents, and sent to a third-party web developer. In it, Mr. Rosenblatt describes the exact IME website concept he envisioned — including branding and marketing language. He sent this email voluntarily, without any non-disclosure agreement, to a third party. There is no trade secret, no sensitive financial data, no proprietary code. It is a basic description of a public-facing business concept sent to a non-employee contractor. What exactly is confidential about that?

Months after I declined to partner with Mr. Rosenblatt, I moved forward with my own business and reused some of the copy he had written — swapping "Guard Dog" for "Companion." Plaintiffs later introduced my version of that email and used it against me in court, while withholding Mr. Rosenblatt's original. Now that I have exposed the full context, they seek to bury the truth by sealing the original email — the one they pretended didn't exist.

Even more disturbing, Plaintiffs also seek to seal an email originally sent by Jamal Aaron, the president of IME Guards, which was then forwarded to me by Adam Rosenblatt. That email demonstrates that Mr. Rosenblatt was actively assisting Mr. Aaron — another competitor of IME Watchdog — with marketing and business development, even while affiliated with IME Watchdog.

This is highly relevant because Plaintiffs have accused me of wrongdoing for possessing materials that Mr. Rosenblatt voluntarily shared. But the evidence now shows that Adam shared the same kind of information with multiple third parties. What possible trade secret or confidential interest exists in an email voluntarily forwarded to competitors? Plaintiffs are not trying to protect confidentiality — they are trying to suppress proof that their own agent freely distributed internal information to others outside the organization. That is not a basis for sealing it, it is a basis for dismissing their entire theory.

Plaintiffs are even seeking to seal text messages in which Adam Rosenblatt disclosed the compensation package offered to him by Law Cash, a separate company he had personally approached. These messages reveal that Mr. Rosenblatt was not passively recruited — he actively pitched the same IME Guard Dog concept to Law Cash that he had previously pitched to me, using the same materials and language. In response, Law Cash offered him a salary and percentage arrangement. I, in fact, encouraged him to take the opportunity, so that he could finally live with dignity and independence, after hearing his repeated complaints about being mistreated and emotionally abused by Daniella Levi.

Plaintiffs also seek to seal messages that show that I encouraged Adam Rosenblatt to pursue legitimate employment options, including offering to help him obtain a position at Subin Associates. I supported him repeatedly as he expressed dissatisfaction with his current role and emotional mistreatment by Ms. Levi. These communications show compassion, not coercion.

Even more telling, just eight days before I was served with this lawsuit, Adam texted me to ask whether he could purchase a franchise of IME Companions. He showed active interest in business, not distress, fear, or exploitation. I also included messages connecting him with Tom Dufore, the franchise consultant. Adam selected the meeting time and replied "ty" with enthusiasm. Plaintiffs now seek to seal this material not to protect any confidential information — but to conceal that Adam was eager to participate in the very business they accused me of stealing. This is a bad faith attempt to suppress key context and mislead the Court

These facts not only disprove the notion that Adam was coerced or manipulated, but they also show that he was attempting to commercialize the same idea with multiple parties, while still affiliated with IME Watchdog. The messages contain no confidential client data, no trade secrets, and are not proprietary to Plaintiffs. They are being sealed solely because they expose Adam Rosenblatt's duplicity and destroy Plaintiffs' narrative

This is not an isolated incident. Plaintiffs had access to this and many other emails and messages through a full forensic download. Instead of producing them honestly, they cherry-picked fragments that supported their narrative and ignored the rest. Their sealing motion is simply a continuation of this strategy — to suppress evidence that proves they are not victims, but opportunists abusing this Court's authority.

They have publicly accused me of wrongdoing. They have posted about this case on LinkedIn, weaponized affidavits filled with inconsistencies and submitted documents that were never marked confidential until they became inconvenient. Now that I have responded with a motion grounded in facts, logic, and their own communications, they ask the Court to seal my response — without identifying a single specific trade secret or explaining what harm disclosure would cause.

Under Federal Rule of Civil Procedure 26(c), a party seeking to seal judicial documents must show that disclosure would result in specific, clearly defined harm, such as the revelation of trade secrets or other confidential business information—not merely embarrassment, litigation inconvenience, or exposure of inconsistent conduct

Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016), there is a strong presumption of public access to judicial documents — especially those filed in support of dispositive motions. Plaintiffs offer no compelling reason to overcome that presumption. They merely seek to avoid public embarrassment and judicial scrutiny.

These are just a few representative examples. I have not addressed every document Plaintiffs seek to seal, as I did not want to burden the Court with a 15-page opposition. My sole aim is to make clear that Plaintiffs' motion is not about confidentiality — it is about avoiding exposure

Their motion to seal is not a legitimate confidentiality request. It is a calculated maneuver to silence a defense and suppress the truth. I respectfully request that the Court deny the motion to seal in its entirety. If any redactions are granted, they must be narrow, specific, and justified — not a blanket suppression of a motion exposing misconduct.

Respectfully submitted,
Safa Gelardi
Pro Se Defendant