UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IME WATCHDOG, INC.,
*Plaintiff,*

CaseNo.:1:22-cv-1032 (PKC)(JRC)

-against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI
DECLARATION OF GREGORY ELEFTERAKIS,
ROMAN POLLAK, JONATHON D. WARNER, ESQ.
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,
*Defendants.*

-----------------------------------------------------------------X

## Defendants' Letter Regarding Sealing of Dkt. 526 and Preservation of the Record

Dear Judge Chen:

Defendants respectfully submit this letter in light of the Court's sealing of Dkt. 526, Defendants' Motion to Strike or Dismiss based on Plaintiff's material inconsistencies and bad faith.

Dkt. 526 was filed in good faith to present compelling documentary evidence—including emails and sworn affidavits—that directly contradict the factual narrative advanced by Plaintiff. These communications show that Plaintiff's President, Adam Rosenblatt, voluntarily initiated contact with Defendants, proposed business models, supplied internal Watchdog information, and sought to create a competing IME company, even requesting Defendants and others to join him in that venture.

These communications further reveal that Mr. Rosenblatt was not a victim of coercion or misappropriation, but rather the primary initiator and architect of the very entity now being challenged. The emails predate the alleged misconduct and demonstrate his intent to break away from Plaintiff to form a separate company under his control, using his own contacts and strategic plans.

Defendants note that these emails were not marked "confidential," were never sealed or designated as such, and were in Defendants' possession since their transmission. Plaintiff obtained access to the same emails during the court-ordered forensic imaging of Defendants' devices—conducted under Plaintiff's direction. Upon reviewing the forensic results, Plaintiff and its counsel had in their possession **clear and unambiguous evidence** that Mr. Rosenblatt was the orchestrator of the business at issue.

Yet, Plaintiff and its attorneys made the deliberate choice to ignore these communications and proceed with a narrative they knew to be materially false. This rises beyond mere oversight or misunderstanding; it constitutes a knowing misrepresentation of the factual record and a serious abuse of the judicial process.

Rather than respond to the motion on the merits or refute its factual assertions, Plaintiff and her counsel immediately moved to seal Dkt. 526 in its entirety—effectively preventing its contents from being seen or considered. Defendants respectfully submit that this effort was not made to protect legitimate confidentiality interests, but to prevent the Court from confronting a record that clearly and directly exposes material misstatements, evidentiary omissions, and deliberate litigation misconduct. If the allegations were truly false, Plaintiff could have submitted a rebuttal. Instead, they sought to suppress the filing entirely—an action that speaks louder than any opposition brief.

At present, Dkt. 526 remains sealed, and no ruling or order has been entered acknowledging its contents. Defendants respectfully request confirmation that the Court has reviewed the motion and accompanying exhibits in full. This is not a request for relief but a formal preservation of the record for further review, if necessary.

Sealing a dispositive motion—particularly one that raises significant issues of bad faith litigation—without a ruling or opportunity to redact undermines not only the integrity of this proceeding but also the public's interest in transparent adjudication. The evidence in Dkt. 526 goes to the heart of the case and the credibility of Plaintiff and its counsel, and Defendants respectfully submit that it warrants full and fair consideration.

Defendants appreciate the Court's attention and respectfully preserve these issues for the record in the event appellate or supervisory review becomes necessary.

Respectfully submitted,
**Safa Gelardi**
Pro Se Defendant