UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

IME WATCHDOG, INC.,

*Plaintiff,*  CaseNo.:1:22-cv-1032 (PKC)(JRC)

-against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI

DECLARATION OF GREGORY ELEFTERAKIS,

ROMAN POLLAK, JONATHON D. WARNER, ESQ.

ANTHONY BRIDDA, IME COMPANIONS LLC,

CLIENT EXAM SERVICES LLC, and IME

MANAGEMENT & CONSULTING LLC,

*Defendants.*

-----------------------------------------------------------------X

**DEFENDANT SAFA GELARDI'S LETTER MOTION FOR CLARIFICATION AND PARTIAL UNSEALING OF ECF 526**

**Dear Judge Chen:**

**I respectfully submit this letter motion seeking:**
(1) clarification regarding the basis upon which the Court sealed Dkt. 526 in its entirety, and
(2) partial unsealing of that filing, with narrowly tailored redactions, if necessary, in accordance with the Second Circuit precedent and the interests of due process.

On July 1, 2025, I filed a Motion to Strike (Dkt. 526) which contained contemporaneous communications between me and Plaintiff's President Adam Rosenblatt, as well as sworn affidavits, text messages, and public-facing materials. These were submitted not for spectacle, but to reveal material contradictions in Plaintiff's claims and to demonstrate that Mr. Rosenblatt was not a victim of coercion, but the architect of the very conduct now alleged.

Yet the Court sealed the motion on the basis that it contained "Plaintiff's customer list." With due respect, I note:

- **No confidential standalone customer list was filed. At most, two emails—embedded within Rosenblatt's own voluntary communications—include references to a few

- **law firm names. These do not constitute a proprietary list and were never submitted or labeled as such.**

- **These firms were mentioned only incidentally, within context-rich emails Rosenblatt sent voluntarily. They were used solely to rebut the narrative of victimhood and prove that Plaintiff's president was a willing participant in the conduct at issue.**

- **No attachments, no pricing data, no contracts, and no confidential designations appear in the filing. Furthermore, these materials were not obtained surreptitiously—they came directly from Rosenblatt and were also available to Plaintiff during forensic review, which they selectively ignored.**

- **The plaintiff never designated these communications as confidential during discovery. There is no protective order violation. If these materials were so sensitive, Plaintiff had every opportunity—and obligation—to identify them as such. They did not.**

**The full sealing of this filing—without a single on-the-record finding identifying specific lines, exhibits, or risks—violates the Second Circuit's clear mandate in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), that judicial documents are presumptively public unless sealing is narrowly justified by compelling interests. That standard is not met here.**

**See also:**

- ***Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) ("A strong presumption of access applies to judicial documents relevant to the performance of judicial function.")**

- ***In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) ("Sealing must be based on specific, on-the-record findings.")**

**Accordingly, I respectfully request that the Court:**

1. **Identify with specificity which portions of Dkt. 526 warranted sealing.**

2. **Permit targeted redactions of any truly sensitive content—if such content exists.**

3. **Unseal the remaining bulk of the motion, which contains crucial evidence that goes directly to the heart of my defense and exposes serious factual inconsistencies in Plaintiff's case.**

**This is not a procedural quibble. It is a constitutional concern. Full sealing of dispositive motions with no findings chills the public's right to understand the judicial process and hinders my right to defend myself. The evidence in Dkt. 526—emails, affidavits, and texts—is essential to exposing the truth. It does not belong in the dark.**

**The judiciary must not become a vessel for concealment. When the facts challenge a narrative—especially one built on demonstrably false pretenses—the Court's role is to arbitrate fairly, not suppress. The sealing of truthful, unclassified, and non-designated communications from the very party now claiming victimhood denies me the chance to clear my name and defend against reputational and legal harm.**

**I respectfully ask the Court to either refer this matter to a neutral judicial officer or grant partial unsealing immediately. The public has the right to know what is at stake. And I have the right to be heard without artificial barriers that silence exculpatory truth.**

**Moreover, the materials sealed in Dkt. 526 consist primarily of emails and text messages sent to me or from me, many of which were authored by Plaintiff's own President, Adam Rosenblatt. These are not private company records or proprietary trade secrets—they are my personal communications, lawfully in my possession, and submitted to defend against serious allegations. To characterize such documents as "confidential" after years of open litigation—when Plaintiff never designated them as such—is both factually unsupported and legally improper.**

**If my own messages, sent to or received from the person accusing me, can be sealed without specific findings, then I am effectively denied access to my own evidence. That is not a fair or constitutional litigation process. That is a procedural wall blocking a pro se litigant from the right to defend herself with the truth.**

**Let me be perfectly clear: I am not going away. Not now, not after three years of relentless litigation, and not after repeated efforts to distort the record. I have abided by the law. I have submitted credible, verifiable evidence. I am only asking to be treated with the fairness this Court is sworn to uphold.**

**Respectfully,**
**Safa Gelardi**
**Pro Se Defendant**
**Dated: July 7, 2025**