UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IME WATCHDOG, INC.,

                                    Case No.: 1:22-cv-1032 (PKC) (JRC)

                  Plaintiff,

     -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,

                    Defendants.
------------------------------------------------------------------X

**NON-PARY AND PRO SE FORMER THIRD-PARTY DEFENDANT AND COUNTER CLAIMANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DEEM DEFENDANTS SAFA ABDULRAHMAN GELARDI AND VITO GELARDI VEXATIOUS LITIGANTS, AND ISSUE A FILING INJUNCTION AGAINST DEFENDANTS**

Dated: New York, New York
      July 8, 2025,

                                        Carlos Roa
                                        *Pro Se* former Third-Party Defendant
                                        and Counter Claimant
                                        Office of Zieher & Associates
                                        11 Broadway, Suite 615
                                        New York, NY 10004
                                        Carlos@zieherlaw.com

## INTRODUCTION

Your undersign and affirmant is a former litigant, specifically a former third-party Defendant and counter claimant in the above referenced matter. On September 25, 2024, Your Honor awarded your affirmant costs and attorney's fees summing $8,099.11 as a result of defendant Safa's contemptuous behavior. The awarded amount, to date has remains unpaid by defendants.

Your affirmant respectfully submits this memorandum in support of your affirmant's motion declaring Safa Abdulrahman Gelardi ("Safa") and Vito Gelardi ("Vito") as vexatious litigants and enjoin both Safa and Vito from filing any further motions and submissions without leave of court.

## PRELIMINARY STATEMENT

IME Watchdog, Plaintiff, commenced this action against Defendants for, *inter alia*, violations of the Defend Trade Secrets Act ("DTSA"), based on their unlawfully misappropriating through bribery Plaintiff's unique business model and trade secrets of providing Independent Medical Examination ("IME") observer services.

Defendant's deliberately bribed Plaintiff's key employee-an individual with documented cognitive vulnerabilities, Asperger's-as substantiated by over 5400 text messages retrieved by BRG during the forensic analysis of Defendant's devices, and unlawfully obtained and used Plaintiff's trade secrets.

Throughout the course of this litigation, Defendants have repeatedly demonstrated a disregard for candor and have shown blatant disrespect for the authority and decorum of this Court. Their conduct has included multiple instances of perjury, inappropriate behavior during proceedings and persistent willful noncompliance with Court orders. Rather than engaging in

good faith litigation, Defendants have deliberately pursued a pattern of frivolous, vexatious, and obstructive conduct.

Most recently, Defendants have further abused the judicial process by filing baseless motions and submissions during the Court-ordered 60-day stay, in direct contravention of the spirit and purpose of that stay. This conduct serves as yet another example of Defendants' continued effort to delay, distract, and undermine the fair and efficient resolution of this matter. The Court granted a stay to afford Defendants the opportunity to retain legal counsel for IME Companions. Despite the stay, Defendants have failed to secure such representation. Instead of utilizing the stay period for its intended purpose, Defendants chose to engage in frivolous and vexatious motion practice, including the submission of arguments and requests that had already been adjudicated by this Court. This conduct evidences a continued pattern of dilatory tactics and a disregard for the Court's prior rulings and judicial economy.

Absent the imposition of a filing injunction against Defendants, this Court risks continued expenditure of judicial resources reviewing frivolous and meritless submissions. Such conduct impedes the administration of justice by diverting attention away from the substantive legal issues and hindering progress in this litigation. Defendants' persistent filing of baseless motions serves no legitimate purpose other than to delay proceedings and avoid the inevitable entry of judgments against them.

## STATEMENT OF FACTS

Defendants have engaged in a never-ending compilation of baseless filings. A stay in this instant matter was granted to allow Defendants an opportunity to find new Counsel for IME Companions. Instead, despite being reminded by this Court that the purpose of the stay in this case is to permit them to retain new counsel, and despite being encouraged by the Court to focus

their time and resources on that endeavor, rather than continuing to make substantive arguments about the merits of this case, See Text Order dated June 12, 2025, Defendants filed ten (10) frivolous submissions simply rehashing old arguments that have been rejected by the Court.

**See ECF Docket Entry 499:**

Defendant's opposition to the deposition of Jeff Beibin, which is wholly without merit, lacks legal authority, and constitutes an improper attempt to obstruct the discovery process.

**See ECF Docket Entry 510:**

Defendants frivolous filing that unlawfully contained Plaintiff's trade secret, which was justly sealed by the Court.

**See ECF Docket Entry 519:**

Defendants frivolous motion for reconsideration after the Court justly found that Defendant was in violation of Court Orders.

**See ECF Docket Entry 526:**

Defendants' voluminous and unjustified submission includes extraneous attachments wholly irrelevant to the matters currently before the Court, serving only to distract from the substantive issues and burden the record with immaterial content.

**See ECF Docket Entry 534:**

Defendants submit a letter to the Court regarding their – Docket Entry 526 – submissions which contain irrelevant information to the case at hand.

**See ECF Docket Entry 537:**

Defendants' submission is a frivolous opposition to Plaintiff's motion to seal – Docket Entry 520 – although Defendants state the Civil Procedure, Defendants fail to understand that the Court rules justly based on the very Federal Rule Defendant stated in their opposition.

**See ECF Docket Entry 538:**

Defendants submit a frivolous argument regarding Docket Entry 526 which was rightfully sealed by the Court as it contained Plaintiff's trade secrets.

**See ECF Docket Entry 539:**

Defendants' latest submission constitutes yet another frivolous and meritless argument concerning Docket Entry 526, which was appropriately sealed by this Court due to its inclusion of Plaintiff's trade secrets. This submission is essentially a duplicative continuation of the baseless assertions previously raised in ECF Docket Entry 538.

**See ECF Docket Entry 542:**

Defendants' recent letter to the Court, asserting that they are under severe financial constraints and were therefore unable to timely pay BRG in accordance with this Court's repeated orders, stands in direct contradiction to their prior filings and documented financial conduct. Specifically, Defendants engaged the services of individuals such as Christian Hogarth—who has failed to respond to multiple subpoenas issued by Plaintiff—and Jeff Beibin. According to Defendants' own bank records, they paid a total of $3,285 to these observers. This amount is equivalent to nearly seven months' worth of payments that could and should have been directed to satisfy their outstanding obligations to BRG. Defendants' selective allocation of funds undermines their claim of financial hardship and reflects a willful disregard of this Court's authority and orders.

**See ECF Docket Entry 543:**

Defendants now seek to proceed with a deposition despite having been informed of dates during which Plaintiff's counsel is unavailable. Rather than engage in good-faith efforts to coordinate a mutually agreeable date, Defendants instead opted to burden the Court with an

unnecessary and premature filing. Notably, Defendants' stated desire to proceed with discovery, including the retention of a court reporter, raises serious concerns regarding their claimed financial hardship. Litigation and related services such as court reporting entail substantial costs. Defendants have already failed to satisfy their financial obligations to BRG and have willfully disregarded the Court's prior orders directing payment of attorney's fees and costs to both your affirmant and Plaintiff. It would be neither equitable nor judicious to permit Defendants to engage and utilize the services of a court reporter under these circumstances, only to subject yet another third-party professional to the same nonpayment and financial prejudice already experienced by BRG.

**See ECF Docket Entry 544:**

Defendants now seek to unseal documents that contain Plaintiff's confidential and proprietary trade secrets, despite the fact that the record in this case establishes that Defendants wrongfully acquired, disseminated, and exploited those very trade secrets. This Court has issued multiple rulings and injunctions requiring Defendants to cease use, destroy, and return all materials containing Plaintiff's trade secrets. Yet, Defendants have persistently disregarded these orders and continue to unlawfully retain and disseminate the protected information. Despite repeated warnings and the looming threat of sanctions, Defendants have treated this Court's directives with flagrant disregard, choosing instead to undermine the integrity of the judicial process and willfully violate binding court orders.

In light of the excessive and continuous filings submitted by Defendants, it is evident that Defendants seek expedited relief from this Court. Defendants, who have consistently failed to comply with this Court's orders—including, but not limited to, payment of court-ordered attorney's fees and costs owed to your affirmant, Plaintiff, and BRG—now seek the Court's

expedited consideration of their own requests. Defendants cannot disregard their obligations while simultaneously demanding the benefit of swift judicial relief.

## ARGUMENT

Defendants are engaging in vexatious litigation tactics by advancing a baseless conspiracy theory in their recent submissions, alleging that Adam Rosenblatt orchestrated the misappropriation of Plaintiff's trade secrets. This theory directly contradicts the facts and prior rulings issued by this Court and disregards the substantial evidentiary record compiled by BRG, the Court-appointed neutral forensic analyst. BRG's comprehensive examination of the Gelardis' electronic devices yielded overwhelming documentation implicating Defendants-not Mr. Rosenblatt-in the unlawful theft and use of Plaintiff's proprietary information. Defendants' continued efforts to distort the factual record reflect a deliberate attempt to distract from their own misconduct and delay the adjudication of this matter.

Under The All Writs Act, Courts have the power to stop such behavior. The All Writs Act (28 U.S.C. § 1651(a)) grants federal Courts the power to issue Orders necessary to preserve their jurisdiction and properly administer justice, which can include filing injunctions. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (citations and internal quotation marks omitted). In Lau, the Second Circuit has held that the Court has the authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive… proceedings." See also

Pandozy v. Tobey, No. 07-4897-cv, 2009 WL 1674409, at *2 (2d Cir. June 16,2009); Iwachiw v. NYC Board of Elections, 273 F. Supp. 2d 224, 227 (2d Cir.2003) (citing Lau, 229 F.3d at 123); Polur v. Raffe, 912 F.2d 52, 57 (2d Cir. 1990); Williams v. NYC Housing Auth., No. 06-CV-5473 (NGG), 2008 WL 5111105, at * 5 (E.D.N.Y. Dec. 4,2008). In the present matter, it is the Defendants who are engaging in erratic and dilatory conduct that is unnecessarily consuming the Court's time and resources. Their actions have placed represented parties at a significant disadvantage, as counsel must continually respond to and monitor an increasingly burdensome docket. This, in turn, results in undue financial strain on those parties, who are compelled to incur additional legal fees to address the voluminous and often frivolous filings initiated by Defendants.

Courts have ruled on this very issue, See Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotations and citations omitted)).

Defendants have repeatedly employed improper litigation tactics by inserting irrelevant, immaterial, and inadmissible assertions into their motions and submissions. Such conduct not only lacks legal relevance to the matters before this Court but also serves to distract from the substantive issues. Courts routinely strike such statements from the record and deem them inadmissible under established evidentiary rules, as they prejudice the integrity of the proceedings and burden judicial efficiency, See Crespo v. New York City Transit Auth., No. 01-CV-0671 (ILG), 2002 WL 398805, at *11 (E.D.N.Y. Jan. 7, 2002) (quoting Lennon v. Seaman, 63 F. Supp. 2d 428, 446 (S.D.N.Y. 1999)); see OTG Brands, LLC v. Walgreen Co., No. 13-CV-9066 (ALC), 2015 WL 1499559, at *5 (S.D.N.Y. Mar. 31, 2015) (a party seeking to strike

allegations must show that evidence in support of the allegation would be inadmissible, the allegations have no bearing on relevant issues, and permitting the allegations to stand "would result in prejudice to the movant." (internal quotation marks and citation omitted)). "In deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible."

Defendants and their former Counsel, Jonathan D. Warner Esq., have been repeatedly warned that false, disingenuous, and/or irresponsible claims and arguments can result in sanctions and/or findings of contempt, See ECF Docket Entry 254, Your Honor's Order and Memorandum:

> **The Court found Defendants' arguments and defense counsel's credibility troubling throughout the Court's probing of the Client Exam Services issue. Defense counsel opened the March 27, 2023 hearing by unequivocally asserting that "there's no connection" between Defendants and Client Exam Services, and boldly stated that "[Defendants] have nothing to do with Client Exam Services." (March 2023 Tr. 24:13–16.) However, Beibin's testimony during the hearing plainly revealed Safa's integral role in creating Client Exam Services, and her close— even familial— relationship with Client Exam Services' managers, Gutierrez and "Sammy." Thus, after Beibin's testimony, defense counsel conceded "[t]here's no question, Judge, of what you've heard [from Beibin] and I'm not denying that . . . [it] leads back to [Safa]." (Id. 126:3–5.) Defense counsel is again warned that future false, disingenuous, and/or irresponsible claims and arguments could result in sanctions and/or findings of contempt.** (emphasis added)

It is accepted by the second circuit that litigants and/or their Counsel have to be warned and noticed, "[t]he unequivocal rule in this circuit… that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice." Iwachiw v.

New York State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005) (quoting Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998)). In the case at hand, this Court gave Defendants a clear and unambiguous notice and warning on October 20, 2023. Defendants have chosen to ignore this Court's notice.

Such behavior after a notice warrants sanctions, <u>See</u> In re Valle, No.09-MC-831 (DGT), 2010 WL 231339, at *1 (E.D.N.Y. Jan. 15,2010) ("[B]efore sanctions are imposed, a pro se litigant must be 'adequately warned of the consequences which may result from this behavior.'") (internal citations omitted). It is worth noting, the Court has issued several warnings to Defendants, all of which have been willfully ignored e.g. (1) failure to timely pay legal fees and costs could result in sanctions and interest, (2) failure to timely pay BRG can result in civil and criminal sanctions.

It is indisputable that Defendants fully intend to continue to engage in vexatious litigation, as can be seen on from Defendant's email to Plaintiff's counsel on May 22, 2025, attached hereto as **Exhibit A**, "For every defamatory remark, insult, or lie included in your filings, I will respond by submitting evidence to the court that exposes YOUR true character, YOUR clients, and their associates."

The Court should deem Defendants as vexatious litigants, and enjoin them from filing any future pleadings, amended pleadings, motions, submissions or appeals. <u>See</u> Lipin v. Hunt, 573 F. Supp. 2d 836,844 (S.D.N.Y. 2008) ("It is beyond peradventure that a district court possesses the authority to enjoin a [pro se] litigant from further vexatious litigation" and "a court's special solicitude towards pro se litigants does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights.") (internal quotations, parenthesis and citations omitted).

Your affirmant respectfully submits this motion seeking that the Court order Defendant's to direct their attention and resources towards advancing the underlying litigation, and to ensure their full compliance with all prior Orders of this Court. This includes, but is not limited to, the immediate payment of $8,099.11 in attorneys' fees and costs that were previously awarded to your affirmant as a result of Defendant Safa Gelardi's contemptuous conduct. Continued noncompliance undermines the authority of this Court and prejudices the parties abiding by their legal obligations.

Additionally, Defendant should not be permitted to proceed with any further discovery that entails compensation to a third party-specifically, a court reporter-while remaining in willful noncompliance with this Court's prior orders, including the directive to pay your affirmant's court-awarded attorneys' fees and costs. Allowing Defendant to engage a court reporter under these circumstances creates a foreseeable risk of nonpayment, thereby exposing yet another party to financial prejudice. Moreover, should Defendant prioritize payment to a third party over compliance with this Court's order, it would serve as further evidence of Defendant's deliberate disregard for the authority of this Court and their continuing refusal to satisfy lawful obligations. Defendants should be ordered to pay your affirmant's legal fees and costs, that of Plaintiff and the amount owed to BRG before being allowed to move forward with any further discovery.

## CONCLUSION

Accordingly, your affirmant respectfully requests that this Court issue an order designating Defendants Safa and Vito Gelardi as vexatious litigants, and further impose a filing injunction against them. Specifically, your affirmant requests that any future pleadings, motions, or submissions by these Defendants be permitted only upon prior leave of Court, to prevent

further abuse of the judicial process and to preserve judicial resources.

                                      Respectfully submitted,

Dated: New York, New York
       July 8, 2025,                      /s/ Carlos Roa\_\_\_\_
                                      Carlos Roa
                                      *Pro Se* former Third-Party Defendant
                                      and Counter Claimant
                                      Office of Zieher & Associates
                                      11 Broadway, Suite 615
                                      New York, NY 10004
                                      Carlos@zieherlaw.com

# EXHIBIT A

 Gmail                                                        Carlos Roa <carlos@imewatchdog.com>

**FW: Proceed Professionally**
7 messages

---

**From:** Safa Gelardi <safagelardi@gmail.com>
**Sent:** Thursday, May 22, 2025 4:03 PM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Subject:** Proceed Professionally

---

To Attorneys Kataev and Felson:

This letter serves as formal notice that I will no longer tolerate the unprofessional, defamatory, and baseless attacks on my character in your legal motions, including but not limited to accusations of "stealing" and other inflammatory language. As a pro se defendant, I demand that all communications and filings adhere strictly to factual arguments and ethical standards.
I caution you against relying on selective narratives. Should you continue to weaponize minor issues, I will be compelled to introduce evidence of far more severe, documented misconduct by Ms. Levi that directly undermines her credibility and moral standing. These facts, which I have no desire to disclose unnecessarily, will leave no doubt as to her unfitness to level accusations against others.
Let me be unequivocally clear: I possess verifiable, documented evidence that dismantles the credibility of YOU and YOUR clients and exposes the misconduct of individuals associated with your legal team. This includes, but is not limited to:
- Adam Rosenblatt

-Ronald Rosenblatt
- Daniella Levi
- Carlos Roa
For every defamatory remark, insult, or lie included in your filings, I will respond by submitting evidence to the court that exposes YOUR true character, YOUR clients, and their associates.

Due to my former counsel's failure to adequately protect my rights or mount a meaningful defense, I have been compelled to assume my own representation. Rest assured, I will vigorously defend myself where others did not. The truth and evidence that my prior attorneys neglected to pursue will now be presented unflinchingly, ensuring accountability for all parties involved.
This is not a bluff. I have nothing to lose and will not hesitate to litigate this case in the mud your clients have created. If you prefer to keep their (and your) skeletons buried, I suggest you immediately refrain from further personal attacks and focus solely on factual and legal arguments moving forward.

Should you ignore this warning, I will ensure every relevant detail, supported by irrefutable evidence, is placed before the court and the public. The choice is yours: proceed professionally, or force me to dismantle your clients' credibility entirely.

Respectfully,
Safa Gelardi
Defendant, Pro Se