UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IME WATCHDOG, INC.,

                                        Plaintiff,

       -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,

                                        Defendants.
------------------------------------------------------------------X

**Case No.: 1:22-cv-1032 (PKC) (JRC)**

## NON-PARY AND PRO SE FORMER THIRD-PARTY DEFENDANT AND COUNTER CLAIMANT'S MEMORANDUM OF LAW IN SUPPORT OF CROSS MOTION TO INTERVENE AND OPPOSITION TO DEFENDANTS MOTION TO REJECT MOVANT'S FILINGS

Dated: New York, New York
       July 11, 2025,

                                    Carlos Roa
                                    *Pro Se* former Third-Party Defendant
                                    and Counter Claimant
                                    Office of Zieher & Associates
                                    11 Broadway, Suite 615
                                    New York, NY 10004
                                    Carlos@zieherlaw.com

## **INTRODUCTION**

Your undersigned affirmant is a former litigant in this matter, having previously been named as a third-party Defendant and Counterclaimant. On September 25, 2024, this Court awarded your affirmant $8,099.11 in attorney's fees and costs in connection with the contemptuous conduct of Defendant Safa Abdulrahman Gelardi – who willfully did not comply with the Court Ordered Injunction, as she unlawfully hired an unlicensed private investigator to *inter alia,* make contact with your affirmant and place a GPS tracker under your affirmant's vehicle. To date, Defendants have failed to satisfy this court-ordered obligation and pay your affirmant.

The award of attorney's fees and costs to your affirmant was issued subsequent to the execution of a Stipulation of Voluntary Dismissal of the third-party action, which was duly signed by both Defendants and your affirmant, the former third-party Defendant, on February 23, 2024.

Since the Court's September 25, 2024, Order, Defendant has been fully aware of the obligation to pay $8,099.11 in attorney's fees and costs to your affirmant, notwithstanding the fact that your affirmant is no longer a party to the action. Given that the Court granted a finding of contempt against Defendant and issued an award in favor of your affirmant, Defendant has been, and continues to be, fully cognizant that your affirmant maintains a direct and vested financial interest in the matter at hand, until payment is fulfilled.

Defendant now seeks to obstruct your affirmant's right to collect the amounts duly awarded by requesting that the Court bar your affirmant from making any further filings or submissions. This request is entirely unsupported by legal authority or precedent. Accordingly, your affirmant respectfully submits this memorandum of law in support of the cross-motion to

intervene pursuant to Federal Rule of Civil Procedure 24.

## PRELIMINARY STATEMENT

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, your affirmant respectfully moves to intervene in the above-captioned matter as a matter of right, or in the alternative, by permission of the Court. This application arises from your affirmant's direct, substantial, and legally protectable interest in the enforcement and collection of the attorney's fees and costs awarded by this Court on September 25, 2024, in the amount of $8,099.11, following a finding of contempt against Defendant.

Your affirmant, although no longer a named party to the underlying action, remains a judgment creditor by virtue of this Court's Order and continues to hold an active and unresolved interest in the outcome of these proceedings. The Defendants' continued efforts to evade compliance with the Court's directives, including the nonpayment of the awarded fees and costs, has necessitated this intervention to protect your affirmant's rights and ensure the integrity of the judicial process.

Such intervention is necessary, as Defendants have a history of dissipating their assets. Most recently Defendants have moved to lift the attachment on their investment property 5265 Milford Rd East Stroudsburg, PA 18302. Although previously directed by the Court to "notify the Court within three (3) days of entering into any contract to sell their ownership interest in any other property [aside from 148 Clay Pit Road, Staten Island, NY], including the identity(ies) of the buyers and an anticipated closing date." See Text Only Order dated March 8, 2024, defendants sold their other investment property 9 Woods End, Lake Harmony, Pennsylvania, in March of 2025, without providing prior noticing the Court or seeking the

Court's permission as required.

Accordingly, intervention is both appropriate and necessary under Rule 24(a), as of right, and alternatively under Rule 24(b), given the common questions of law and fact, and the potential prejudice to your affirmant should intervention be denied.

## ARGUMENT

### I. Intervention as of Right

Rule 24(a) sets forth the standards for intervention as of right, which, as relevant here, provides that a court "must" permit intervention by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In order to establish a right to intervene under Rule 24(a)(2), a putative intervenor must "(1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties." Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 176 (2d Cir. 2001).

#### a. Timely Motion Filed

Your affirmant respectfully submits this motion approximately nine months after being awarded attorney's fees and costs, and less than one month after Defendants filed a motion seeking to vacate the pre-judgment attachment on their investment property. This cross-motion has become necessary due to Defendants' continued refusal to satisfy the Court-ordered award and their attempt to remove the existing attachment that secures enforcement of that obligation.

Accordingly, this application is made timely, in good faith, and fully satisfies the first requirement for intervention. "A trial court's broad discretion in assessing the timeliness . . . is not a subject that easily lends itself to a precise definition." Butler, 250 F.3d at 182. Rather, "[a]n application's timeliness must be evaluated against the totality of the circumstances before the court." Farmland Dairies v. Comm'r of N.Y. State Dep't of Agric. & Mkts., 847 F.2d 1038, 1044 (2d Cir. 1988) (first citing NAACP v. New York, 413 U.S. 345, 366 (1973), then citing Yonkers Bd. of Educ., 801 F.2d at 595). Specifically, "[t]he timeliness decision is based on a set of flexible criteria," Authors Guild v. Google, Inc., No. 05-CV-8136 (DC), 2009 WL 3617732, at *2 (S.D.N.Y. Nov. 4, 2009), which includes, inter alia, "(a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to applicant if the motion is denied; and (d) presence of unusual circumstances militating for or against a finding of timeliness." United States v. State of N.Y., 820 F.2d 554, 557 (2d Cir. 1987).

The Court directed Defendant to remit the awarded attorney's fees and costs by November 25, 2025. That deadline has passed without payment, and Defendant remains in noncompliance with the Court's order. As this matter is still in the discovery phase, the present application to intervene is both procedurally proper and timely under the applicable rules. The Second Circuit "has in the past affirmed denials of intervention on timeliness grounds after an eight-month delay." CWCapital Cobalt Vr Ltd. v. U.S. Bank Nat'l Assoc., 790 F. App'x 260, 263 (2d Cir. 2019) (citing Butler, Fitzgerald & Potter, 250 F.3d at 182) (summary order); see also Rudolph v. Hudsons Bay Co., No. 18 Civ. 8472 (PKC), 2019 WL 1416986, at *2 (S.D.N.Y. Mar. 29, 2019) (denying intervention as untimely after applicants waited "nearly nine months" before moving). Your affirmant has moved to intervene well below the eight-month standard.

No party in the action at hand is prejudice due to this application, as this intervention does not hinder or delay the underlying merits of the of the DTSA claim. "[T]his factor encompasses the basic fairness notion that intervention should not work a last [-]minute disruption of painstaking work by the parties and the court." Application of Akron Beacon J., No. 94-CV-1402 (CSH), 1995 WL 234710, at *7 (S.D.N.Y. Apr. 20, 1995) (internal quotation marks omitted). "Thus, if intervention 'relates to an ancillary issue and will not disrupt the resolution of the underlying merits, untimely intervention is much less likely to prejudice the parties.'" Id. (citation omitted). The only exceptional circumstance present in this matter is Defendant's continued refusal to comply with the directives of this Court. Such conduct undermines the integrity of these proceedings and is prejudicial to the administration of justice. Your affirmant continues to suffer prejudice as a direct result of Defendant's failure to abide by multiple Court Orders. If the procedural history of this case is any indication, Defendants have consistently failed to satisfy financial obligations owed not only to your affirmant, but also to Plaintiff, BRG (the Court-appointed forensic expert), and even their own former counsel.

### b. Claimed Financial and Property Interest

"The Court also awards Carlos Roa $6,890 in attorneys' fees and $1,209.11 in costs in connection with the contempt motion and Defendants' violation of the preliminary injunction. Defendants shall pay the awarded attorneys' fees and costs to Plaintiff and Roa, respectively, by November 25, 2024. Proof of payment shall be filed within one week of payment. Defendants are warned that the failure to timely pay the full amounts could result in further contempt sanctions and/or the imposition of interest." See September 25, 2024 order. The Court has already recognized that your affirmant possesses an interest arising from a relevant transaction. Given that Defendant has failed to satisfy the Court-ordered payment of attorney's fees and

costs, and now seeks to vacate the prejudgment attachment on the East Stroudsburg investment property, your affirmant has a direct and substantial interest in both the subject property and the underlying financial obligation. Accordingly, the second requirement for intervention is satisfied.

Being that your affirmant has established a monetary interest in the case at hand by being awarded legal fees and costs, your affirmant has every right to pursue said fees and costs. See September 25, 2024 order: "Any award for Roa's attorneys' fees and costs shall be payable to Roa, not to Plaintiff." Additionally, your Affirmant is a cooperating employee, Officer and witness of Plaintiff. Your affirmant's connection to Plaintiff as an officer of Plaintiff only substantiates your Affirmant's interest in the subject of the action.

### c. Impairment of Interests by Disposition of the Action

The interest your affirmant holds—namely, the attorney's fees and costs in the amount of $8,099.11, as awarded by this Court on September 25, 2024—is at significant risk of being impaired or entirely extinguished if this action proceeds to resolution without entry of a judgment on that award against Defendant Safa. Although the Court has already found in favor of your affirmant and granted the award as a result of Defendant Safa's contemptuous conduct, no judgment has been entered to date to effectuate that award.

Absent intervention, there exists a concrete and imminent risk that the current litigation will be resolved in a manner—whether through dismissal, settlement, or otherwise—that precludes your affirmant from enforcing the right to recover the Court-ordered fees and costs. Should the matter reach final disposition without a mechanism to secure that obligation, your affirmant would be left without legal recourse, effectively nullifying the Court's prior ruling and depriving your affirmant of a vested interest already recognized by the Court.

Moreover, Defendants have repeatedly demonstrated a pattern of evasive conduct and

disregard for this Court's orders, including failure to pay awarded fees, failure to comply with discovery orders, and frivolous submissions aimed at delay. These behaviors strongly support the likelihood that, if intervention is denied and the case disposed of without judgment in your affirmant's favor, Defendants will not voluntarily satisfy the debt, and your affirmant will have no remaining opportunity to collect the Court-ordered sum.

Thus, under Federal Rule of Civil Procedure 24(a)(2), the disposition of this action in your affirmant's absence would "as a practical matter impair or impede" your affirmant's ability to protect a direct and legally cognizable interest. Intervention is therefore not only proper—it is necessary to preserve the enforceability of the Court's own ruling and to ensure your affirmant is not prejudiced by procedural exclusion from a case in which they hold a clear financial stake.

d. **Lack of Adequate Representation of Interests by the Parties**

The Plaintiff's most recent opposition to Defendants' Motion to Vacate the Pre-Judgment Attachment (ECF Docket Entry 527) does not and cannot be construed as representing the interests of your affirmant. The attorneys who executed and submitted the aforementioned opposition are legal counsel for Plaintiff IME Watchdog, Inc., and do not represent your affirmant in any capacity. Accordingly, your affirmant submits this clarification to ensure the record accurately reflects that your affirmant's position and legal interests are distinct and have not been advocated for within that opposition.

In its Opposition, Plaintiff makes two statements of facts regarding your affirmant (1) "And let's not forget, the Gelardis still haven't paid Plaintiff and non-party Carlos Roa the court-ordered attorneys' fees from September 25, 2024. See ECF Docket Entry 394." (2) "Indeed, Defendants have had a history of non-compliance with this Court's Orders, both with respect to injunctive relief it has granted, as well as Orders requiring Defendants to pay the neutral forensic

examiner and Plaintiff attorneys' fees that this Court has awarded. Indeed, the Gelardis have not paid Plaintiff any of the attorneys' fees they were ordered to pay Plaintiff and non-party Carlos Roa more than nine (9) months ago, on September 25, 2024. See ECF Docket Entry394."

Plaintiff makes no argument on behalf of your Affirmant. Under Rule 24(a)(2), the putative intervenor's burden of demonstrating "inadequacy of representation is generally speaking 'minimal[.]'" Butler, 250 F.3d at 179 (quoting Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972)). "The requirement of [Rule 24(a)(2)] is satisfied if the applicant shows that representation of his interest 'may be' inadequate[.]" Trbovich, 404 U.S. at 538 n.10.

## II. Permissive Intervention

Permissive intervention requires only a showing that the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In addition to such a showing, Rule 24 requires the motion to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."

Pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), your affirmant respectfully seeks permissive intervention in this matter. As of July 10, 2025, Defendant Safa Abdulrahman Gelardi ("Safa") filed counterclaims against your affirmant, Plaintiff IME Watchdog, Daniella Levi, Esq., and Adam Rosenblatt. Given that all named counterclaim-defendants are directly affiliated with IME Watchdog, the defenses to those claims necessarily involve common questions of law and fact.

Accordingly, permissive intervention is appropriate to promote judicial efficiency and ensure uniformity in the presentation of defenses related to those common claims.

Moreover, this very Court granted non-party Eugene Liddie as an interested party in the action at hand without having to file a formal application as the one being filed here, <u>See</u> text Order dated June 13, 2024. Your affirmant fully fulfills all requirements to intervene either by right or permission.

Moreover, this very Court has previously recognized the standing of a non-party to participate in this action without the necessity of a formal application, specifically granting Eugene Liddie interested party status by <u>See</u> text Order dated June 13, 2024. That procedural accommodation underscores the Court's willingness to allow meaningful participation where a non-party has a vested interest in the proceedings. Unlike Mr. Liddie, your affirmant is submitting a formal motion that meets all the procedural and substantive requirements under Federal Rule of Civil Procedure 24 for intervention, whether as of right or by permission. Given the affirmed financial interest, ongoing prejudice caused by Defendants' noncompliance, and the direct relation of the subject matter to your affirmant's rights, intervention is not only appropriate, but necessary.

## **CONCLUSION**

Accordingly, your affirmant respectfully requests that this Court grant the cross-motion to intervene in its entirety.

Respectfully submitted,

Dated: New York, New York
July 11, 2025

/s/ Carlos Roa
Carlos Roa
*Pro Se* former Third-Party Defendant
and Counter Claimant
Office of Zieher & Associates
11 Broadway, Suite 615
New York, NY 10004
Carlos@zieherlaw.com