Safa Gelardi
Pro Se Defendant

July 16, 2025

VIA ECF
Hon. Pamela K Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *IME Watchdog, Inc. v. Gelardi, et al.*, Case No. 1:22-cv-01464 (PKC) (JRC)

**Before the Honorable Pamela K. Chen, United States District Judge**

**DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL FOR IMPROPER DISCLOSURE OF CONFIDENTIAL COMMUNICATION TO NON-PARTY CARLOS ROA**

**INTRODUCTION**

Defendants Safa Gelardi and Vito Gelardi respectfully move this Court for sanctions against Plaintiff's counsel for what has now been revealed as a calculated and sustained campaign of proxy litigation warfare. At the center of this scheme is Carlos Roa a disgruntled former employee turned embedded litigation operative who, with the direct assistance of Plaintiff's attorneys, improperly received and weaponized a confidential attorney communication.

This was no accident. The disclosure was deliberate, unethical, and tactically deployed as part of a broader strategy by Daniella Levi, Eliyahu Levi, and Maria Zieher to wage legal warfare through proxy agents, ghostwritten declarations, and calculated misrepresentations. Their goal is unmistakable: to manipulate the judicial process while concealing their coordination behind a false appearance of independence. This Court must not permit such abuse to continue unexamined or unpunished.

This motion arises from Plaintiffs' counsel's decision to transmit a private, non-public email sent solely to litigation counsel by Defendant Safa Gelardi to Mr. Roa, who then filed it as Exhibit A in a motion to enjoin Defendants from further litigation. The email was never addressed to Roa, never filed publicly, and was clearly written in the context of confidential attorney communications. Its disclosure constitutes a grave breach of professional conduct, an abuse of

process, and a willful act of third-party litigation manipulation that compromises the integrity of these proceedings.

**STATEMENT OF FACTS**

1. Carlos Roa is a former employee of the Defendants who was immediately terminated on March 1, 2022, upon discovery that he had been secretly working with Plaintiff's counsel, Daniella Levi, behind Defendants' backs. The very next day, Roa began identifying himself as the "President of Operations" for IME Watchdog, Inc., and operated as a fully embedded litigation agent from the outset of this case.
2. After his departure, Roa began working directly with Plaintiff's counsel, Daniella Levi & Associates. According to **ECF No. 262**, Roa was paid $100/hour for litigation-related work, including preparing exhibits, reviewing discovery, coordinating subpoenas, and assisting with cross-examination preparation.
3. Carlos Roa was previously named as a third-party defendant, involving unpaid overtime wages. That case was subsequently removed to the New York State Supreme Court, where it was later dismissed in its entirety.
4. Despite the dismissal and Roa no longer having any formal party status, he continued to appear at every deposition, court conference, and proceeding in this action, behaving as though he remains a party and being treated as such by Plaintiff's counsel. At no point has his ongoing involvement been formally disclosed or justified to the Court, nor has he been barred from access to confidential filings and proceedings.
5. On May 22, 2025, Defendant Safa Gelardi sent a private litigation email to Plaintiffs' counsel addressing inflammatory statements in their motions. That email was never addressed to Carlos Roa and was not publicly filed or disclosed.
6. Nevertheless, on July 8, 2025, Roa filed a motion seeking to enjoin Defendants as "vexatious litigants" and attached that very email as Exhibit A, proving he had improper access to confidential communications sent solely to Plaintiffs' attorneys.
7. This confirms that Plaintiffs' attorneys improperly provided that communication to Mr. Roa. There is no other plausible or lawful route by which he could have obtained the email.
8. Plaintiffs' counsel's conduct has now materially tainted this litigation by facilitating off-the-record proxy filings by a former litigant who is no longer a party and who is acting with apparent alignment to Plaintiffs' strategic interests.
9. Roa filed his motion using the email domain and physical address of Zieher & Associates, a personal injury law firm run by Maria Zieher. **ECF No. 276** confirmed Maria Zieher formally entered an appearance on behalf of Carlos Roa.

10. In addition, **ECF No. 263** confirms that Eliyahu Levi, son of Daniella Levi and counsel at her firm, filed a declaration on behalf of both Plaintiff and Carlos Roa, thereby confirming that Roa has been legally represented by Plaintiff's counsel throughout.
11. In addition to their coordination in this matter, both Daniella Levi and Maria Zieher have appeared together as counsel for Carlos Roa in a separate case where Roa is attempting to become the administrator of the estate of a deceased Mexican national — a man to whom Roa has no familial or legal connection. Roa's effort to assume legal control over a stranger's estate — with no standing under estate law is deeply suspect and highlights a broader pattern of legal opportunism. The same two law firms representing him here have backed that questionable maneuver, further proving that Roa is not acting independently, but rather as a proxy with no valid legal standing whose litigation activity is coordinated and controlled by Plaintiff's counsel. This pattern not only undermines his credibility but also raises serious ethical and jurisdictional concerns about the role he is playing in this case and others.
12. Roa's own words prove his embedded status. In a recorded conversation, Roa stated: *"I'm working directly on the case… we have over 3,000 documents… that ship is about to sink… Pandora's box is about to explode."*
13. The totality of the record proves Carlos Roa is not a witness, and not a neutral third party. He is a coordinated litigation operative, deeply embedded within the Levi legal machine, and compensated, coached, and protected to execute a preplanned campaign of reputational and procedural harm against the Defendants.

These facts are not only outrageous, they are legally actionable. The conduct by Plaintiffs' counsel, in collusion with Carlos Roa, violates the most basic ethical duties, misleads the Court, and weaponizes the litigation process. The following legal principles make clear that sanctions are not only permitted they are required.

Where attorneys engage in bad faith litigation tactics including leaking privileged communications to non-parties, coordinating ghostwritten declarations, and manipulating the court through proxy participants sanctions are not only permitted, but they are also required.

See *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) (sanctions warranted where attorney conduct "was entirely without color and motivated by improper purposes").

*United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000) ("The court's inherent power to sanction derives from its authority to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.").

**LEGAL STANDARD**

Federal courts possess broad authority to sanction parties and attorneys who abuse the judicial process. Sanctions may be imposed under:

- Rule 11 of the Federal Rules of Civil Procedure, which prohibits filings made for improper purpose or based on factual contentions lacking evidentiary support.
- Rule 37, which authorizes sanctions for misconduct in discovery, including the misuse of confidential materials.
- The Court's inherent power, which allows it to sanction bad faith conduct and prevent abuses that threaten the integrity of proceedings.

  See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).

Attorneys also remain bound by the New York Rules of Professional Conduct, which govern counsel appearing in this Court. Relevant provisions include:

- Rule 1.6 – Confidentiality: Prohibits disclosure of confidential information obtained during representation without consent.
- Plaintiffs' counsel may not have known that Carlos Roa falsified his legal credentials, but they still violated their obligations under Rule 3.3 by failing to disclose Roa's actual role in the litigation. Presenting Roa to the Court as an independent declarant, while permitting him to act as a paid litigation agent, strategist, and proxy, amounts to a material misrepresentation of his relationship to the case. Counsel's failure to clarify his paid status, legal representation, and courtroom involvement despite submitting filings on his behalf undermines the candor owed to this Tribunal.
- Rule 3.3(a)(1) obligates attorneys not to make false statements of fact or law to the Court, and 3.3(a)(3) bars them from offering evidence without making reasonable efforts to ensure its integrity. Counsel's submission of Roa's declarations without disclosing his compensated role and strategic alignment constitutes a violation of these duties, even absent proof of actual knowledge of his fabricated JD.

**1. United States v. Cuti, 720 F.3d 453 (2d Cir. 2013)**

The Second Circuit held that a witness who is involved in the litigation strategy or prosecution of a case cannot serve as a fact witness without serious risk of bias and conflict. The court criticized dual roles that "compromise impartiality" and called for exclusion or heightened scrutiny.

**2. United States v. Marshall, 75 F.3d 1097 (7th Cir. 1996)**

- The court condemned "hybrid roles" where a participant in the prosecution also testifies as a fact witness, stating it "confuses the roles of advocate and witness," prejudices the process, and undermines fairness.

**3. Nikki v. Lukoil Pan Americas, LLC, 2020 WL 709007 (S.D.N.Y. Feb. 12, 2020)**

- Excluded testimony of a fact witness who had worked closely with attorneys, had privileged access, and assisted in litigation planning, concluding it "undermined neutrality" and "tainted the fact-finding process."

- Rule 4.4(a) – Respect for Rights of Third Parties: Prohibits conduct intended to embarrass, delay, or burden another person.

Courts consistently exclude testimony from witnesses who are embedded in litigation strategy, compensated for legal involvement, or whose roles blur the line between advocate and fact finder.

See *Cuti*, 720 F.3d at 453; *Marshall*, 75 F.3d at 1097; *Nikki*, 2020 WL 709007. Carlos Roa checks all three boxes."

The Court has wide discretion to fashion sanctions appropriate to the nature of the misconduct. That includes striking declarations, disqualifying witnesses, and referring counsel to disciplinary authorities where warranted

**ARGUMENT**

The record now clearly demonstrates that Carlos Roa is not an independent third-party witness, but a strategic litigation operative embedded within Plaintiff's legal team since before this lawsuit began. He has been compensated by the Plaintiff, has participated in legal strategy, and has been represented by both Maria Zieher and Eliyahu Levi, the son of lead counsel Daniella Levi.

Despite these facts, Plaintiffs' counsel submitted multiple declarations and filings from or involving Roa without disclosing his paid role, legal representation, or behind-the-scenes involvement. This conduct violates fundamental principles of fairness and candor owed to the Court and opposing parties.

**I. Carlos Roa Cannot Serve as a Witness Given His Embedded Litigation Role**

Federal and state courts have repeatedly held that witnesses who are embedded in legal strategy, compensated for litigation tasks, or aligned with counsel cannot serve as neutral fact witnesses. See *United States v. Cuti*, 720 F.3d 453 (2d Cir. 2013); *United States v. Marshall*, 75 F.3d 1097

(7th Cir. 1996); *Nikki v. Lukoil Pan Americas, LLC*, 2020 WL 709007 (S.D.N.Y. Feb. 12, 2020). Carlos Roa fits this mold precisely.

Plaintiff admits Roa was paid $100/hour for litigation preparation. **ECF No. 262**. He was present at every deposition, court appearance, and conference. He worked with counsel on subpoenas and document reviews. He even filed motions using the law firm email address and stationery of Zieher & Associates. And he was formally represented by both Maria Zieher and Eliyahu Levi.

**This is not a witness. This is an undisclosed co-litigant acting through proxies.**

### II. Plaintiffs' Counsel Misrepresented Roa's Role and Breached Their Duty of Candor

Plaintiffs' counsel may not have known of Roa's falsified credentials, but under Rule 3.3, they were still obligated to disclose his true role as a litigation strategist, paid operative, and legally represented agent of Plaintiff. Their failure to do so misled the Court and violated the ethical obligation of candor.

In *Cuti* (720 F.3d 453), the Second Circuit held that witnesses embedded in litigation strategy cannot serve as credible fact witnesses. Courts routinely strike such declarations and preclude testimony. See also *Marshall*, *Nikki*.

This is a violation of Rule 3.3 of the New York Rules of Professional Conduct, which requires candor to the tribunal and prohibits material omissions. Counsel's failure to clarify Roa's involvement created a false impression of neutrality and independence that the Court relied upon when assessing his declarations.

### III. Plaintiffs' Counsel Have Colluded with Roa Across Multiple Legal Proceedings

Roa's dual representation in this case and in an unrelated estate matter where both Daniella Levi and Maria Zieher jointly represent him in seeking to control the estate of a man, he had no known connection to confirms a pattern: Roa is being propped up as a legal proxy across multiple forums. His appearance as a plaintiff, a declarant, a strategic assistant, and now an estate administrator all through the same two law firms cannot be coincidental.

This pattern undermines any remaining presumption of good faith. The Court is not simply confronting a conflict of interest. It is confronting a coordinated legal apparatus operating without transparency or accountability.

Plaintiffs' counsel's coordination with Mr. Roa is deeply troubling. Mr. Roa is not a party to this case. His reappearance on the docket armed with privileged communications from Plaintiffs' legal team suggests a deliberate backchannel effort to attack Defendants while avoiding procedural scrutiny.

This type of conduct erodes the fairness of the judicial process and violates the professional standards of advocacy. Courts routinely sanction counsel for engaging in proxy litigation tactics designed to harass or discredit opponents through unethical means.

**IV. The Disclosure of the May 22 Email Warrants Sanctions**

Plaintiffs' attorneys' conduct here undermines both their credibility and the sanctity of this Court. Their improper transmission of confidential communication to a known adversary who then filed it to portray Defendants in a false light is sanctionable and should not be tolerated.

**REQUEST FOR RELIEF**

Accordingly, Defendants respectfully request that the Court:

1. Preclude Carlos Roa from testifying at any hearing, trial, or deposition.
2. Strike all declarations, affidavits, and filings submitted by or involving Carlos Roa.
3. Strike **Dkt. 545** and Exhibit A from the record.
4. Sanction Plaintiffs' counsel for their violations of ethical duties and abuse of process.
5. Refer Plaintiffs' counsel to the EDNY Grievance Committee or appropriate disciplinary authority.
6. Disqualify Carlos Roa from any further access to protected proceedings or filings.
7. Enjoin Plaintiffs' counsel from engaging in further off-record coordination with non-parties.
8. Grant such other and further relief as this Court deems just and proper.

**CONCLUSION**

The deliberate leak of a private litigation email by Plaintiffs' counsel to a hostile non-party represents a breach of ethics, a misuse of process, and a corrosive act against the integrity of this litigation. The Court should impose appropriate sanctions to reaffirm the standard of conduct expected in this forum and to deter future violations.

Plaintiffs' counsel has also filed sworn declarations on Roa's behalf. In **ECF No. 263**, Eliyahu Levi, in-house counsel for IME Watchdog, declared under penalty of perjury that his filing was submitted on behalf of "Plaintiff's and Third-Party Defendant Carlos Roa." Not only is Eliyahu Levi an attorney at Daniella Levi & Associates — he is also the **son of Daniella Levi**, Plaintiff's principal and the firm's owner. And most notably, Roa has now been formally represented by

**Maria Zieher of Zieher & Associates, P.C.**, as confirmed by her Notice of Appearance **(ECF No. 276)** and by the jointly filed Stipulation and Order of Voluntary Dismissal of Third-Party Claims **(ECF No. 277).** These court filings leave no ambiguity: Carlos Roa is not a pro se litigant. He is, and has been, formally represented by counsel directly connected to Plaintiff's strategic circle.

This is not merely a case of ethical sloppiness or procedural confusion. This is a systematic and deliberate abuse of the judicial process by a coordinated network of actors some of whom hold law degrees, and all of whom have demonstrated a willingness to weaponize the legal system to destroy their opponents**.** It is now painfully clear that this case has not been litigated in good faith. It has been orchestrated, manipulated, and falsified by individuals who are hiding behind titles of "Esq." and abusing every privilege that comes with it.

Carlos Roa is not a victim. He is not a whistleblower. He is not a pro se litigant. He is a disgruntled former employee who betrayed the very business that gave him opportunity, access, and trust. In return, he embedded himself into Plaintiff's litigation machine, fabricating a JD credential from a foreign school that does not offer one, ghostwriting pleadings, and attending every single court appearance, conference, and deposition in a role that was never disclosed to the Court.

He has lied about his credentials. He has misrepresented his status. He has submitted affidavits that were either ghostwritten or co-signed by Plaintiff's own attorneys. And he has done all of this while being paid, protected, and promoted by Daniella Levi, a practicing attorney who has already demonstrated questionable ethical judgment and her son, who acts as both her legal shield and courtroom surrogate.

This is a racket. A coordinated, high-dollar, high-deception effort to manipulate the Court while cloaking it in a veneer of legal legitimacy. What Daniella Levi, Eliyahu Levi, Maria Zieher, and Carlos Roa are doing is not just unethical, it is a brazen, coordinated act of legal warfare. They are attempting to commit character assassination through the courts, using bad-faith filings, coordinated falsehoods, and third-party proxies to advance a malicious agenda.

Carlos Roa is a fraud. A legal mercenary hiding behind law firms, family affiliations, and a web of professional lies. The Court must recognize this for what it is and send a message not just to these parties, but to the legal community at large: **this is not how justice is done.**

That includes Carlos Roa the most embedded, dishonest, and compromised "non-party" this Court has ever seen.

If the Court allows this conduct to continue unchecked, it will not just embolden these actors it will invite replication. The judicial system cannot afford to be exploited by legal insiders acting as one arm of a coordinated smear campaign. Respect for this Court, for its procedures, and for the rule of law itself demands a forceful response. The time for neutrality has passed. The record is clear. The deception is plain. The moment to act is now.

The deception is plain. The record is clear. This Court must act to prevent further abuse and to reassert the rule of law. Defendants respectfully request that the Court end the misconduct and restore integrity to these proceedings.

**Respectfully submitted,**

/s/ Safa Gelardi
Pro Se Defendant