# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

July 17, 2025

**VIA ECF**
Hon. James R. Cho, U.S.M.J.
United States District Court Eastern District of New York
225 Cadman Plaza East, Courtroom 11D South
Brooklyn, NY 11201-1804

    *Re*:    **IME WatchDog, Inc. v. Gelardi**, *et al.*
             **Case No.: 1:22-cv-1032 (PKC) (JRC)**

Dear Judge Cho:

    This office, along with Sage Legal LLC, represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case. Plaintiff submits this letter in opposition to Defendants' motion to compel (ECF Docket Entry 543).

    Defendants' motion to compel should be denied without addressing the merits because (i) they failed to meet and confer with Plaintiff prior to filing their motion in violation of Local Rule 37(a)(1) and this Court's individual rules; and (ii) they failed to first request an informal conference with the court as required by Local Rule 37.2. Even if the Court is inclined to address the merits of Defendants' motion, it should be denied for the reasons discussed below.

**Daniella Levi's Deposition**

    The parties met-and-conferred virtually on July 17, 2025. Daniella Levi's deposition has been scheduled for August 13, 2025 at 11:00 am. Therefore, Defendants' motion seeking to compel Mrs. Levi's deposition is moot.

**Adam Rosenblatt's Deposition**

    Defendants move to compel the deposition of non-party, Adam Rosenblatt, in his personal capacity. Their motion must be denied because, on April 3, 2025, Judge Chen issued an Order extending the close of discovery for the limited purpose of, *inter alia*, taking the deposition of Daniella Levi; Judge Chen did not extend the discovery deadline to permit any other depositions.[1]

---

[1] Had Judge Chen permitted Defendants to extend the discovery deadline to allow Defendants to depose him (which she did not), Plaintiff did not serve him with a subpoena for his deposition in his personal capacity, as required under Rules 30 (a)(1) and/or 45 of the Federal Rules of Civil Procedure since he is not a party.

**Tax Returns and Bank Statements**

Defendants move to compel Plaintiff's tax returns and bank statements for an unspecified period for the purported reason that they will establish or refute Plaintiff's damages. Their motion must be denied.

With regard to tax returns, "courts are typically reluctant to compel their disclosure because of both the private nature of the sensitive information contained therein and the public interest in encouraging the filing by taxpayers of complete and accurate returns." Uto v. Job Site Services Inc., 269 F.R.D. 209, 212 (E.D.N.Y. 2010). "[A] party seeking the production of tax returns must satisfy a two-part test: (1) the tax returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source." Kenn Zou v Xiao Han, 2024 U.S. Dist. LEXIS 89497 (E.D.N.Y. May 16, 2024). The burden is on the party to establish both prongs. Id.

A "compelling need does not exist where the requesting party is in possession of financial documents from which the information sought may be obtained readily, even where the requesting party may need to compile numerous records in its possession to ascertain the information sought from the tax returns." Id. quoting Grant v. HER Imps. NY, LLC, 2017 U.S. Dist. LEXIS 229499, at *10 (E.D.N.Y. Mar. 20, 2017); see also Rosas v. Alice's Tea Cup, LLC, 127 F. Supp. 3d 4, *11 (S.D.N.Y. 2015) ("the corporate defendants possess relevant data on hours and compensation, and there is no reason to assume that [the] defendants' records are less reliable than any records maintained by [the plaintiffs… Indeed, the plaintiffs' tax returns would only include total income and not details that would be relevant …. Rather, "tax information from plaintiffs would serve no obvious purpose other than intimidation"); Kenn Zou v Xiao Han, 2024 U.S. Dist. LEXIS 89497 (E.D.N.Y. May 16, 2024) (denying motion to compel production of tax returns where plaintiffs were already in possession of documents for which they sought tax returns and there was no information in the tax returns that the plaintiff did not already have related to claims).

Here, as explained in the May 28, 2025 Declaration of Daniella Levi (ECF Docket Entry 525 ¶¶ 10-22), Plaintiff's damages are based on (i) Defendant, IME Companions LLC's ("Companions") 2018-2022 sales data which is already in Companions' possession and which Companions produced during discovery; (ii) IME Legal Reps sales data which IME Legal Reps produced during discovery, and which is in Defendants' possession; and (iii) Plaintiff's average profit margins. Moreover, setting aside the fact that Defendants are already in possession of the documents establishing Plaintiff's damages, Defendants fail to articulate how Plaintiff's tax returns and bank statements would establish Plaintiff's damages and why they would need Plaintiff's entire unredacted tax returns and bank statements. See Bhatt v. Patel, 2020 U.S. Dist. LEXIS 262800, at *10 (E.D.N.Y. Oct. 19, 2020) (granting motion to quash where it was unclear how a non-party's tax return could shed light on plaintiff's hours' worked or wages in a wage and hour violations case).

Plaintiff's tax returns and bank records will not identify the customers that Defendants stole and the amount of revenue Defendants generated through the theft of Plaintiff's customers that were stolen by Defendants. That information, as discussed *supra*, is already in Defendants' possession[2] and there is no basis to compel Plaintiff to produce their tax returns and bank statements.

Accordingly, Defendants' motion to compel the production of Plaintiff's tax returns and bank statements must be denied.

Dated: Lake Success, New York
      July 17, 2025                           Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Jamie S. Felsen, Esq.

Dated: Jamaica, New York
      July 17, 2025

**SAGE LEGAL LLC**

/s/ Emanuel Kataev, Esq.

cc:    Safa Gelardi (via ECF)

       Vito Gelardi (via email - vitogelardi@gmail.com)

---

[2] At a status conference before the Hon. James R. Cho, U.S.M.J. on July 11, 2025, Safa claimed that she did not receive these documents. Unredacted copies of ECF Docket Entries 525, 525-2, and 525-3 were provided to Safa and Vito on July 15, 2025 via email.