**WARNER & SCHEUERMAN**
Attorneys at Law
6 West 18th Street, 10th Floor
New York, New York 10011
Tel: (212) 924-7111
Fax: (212) 924-6111

**Jonathon D. Warner, Esq.**
jdwarner@wslaw.nyc

**Karl E. Scheuerman, Esq.**
kescheuerman@wslaw.nyc                                              July 21, 2025

**VIA EMAIL**

Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:   *IME Watchdog, Inc. v. Gelardi, et al.*
      Case No.: 1:22-cv-1032 (PKC)(JRC)

Dear Judge Chen:

      I am a member of the firm of Warner & Scheuerman ("W&S"), the former attorneys for Safa Gelardi, Vito Gelardi and IME Companions LLC, and I write with respect to this Court's Minute Order dated July 18, 2025 (the "July 18th Minute Order"), which directed me to submit an affidavit to the Court by August 1, 2025, stating whether Safa and Vito Gelardi (the "Individual Defendants") had "ever advised him [me] that they had sold the Woods End property and, if so, when and how that communication occurred."

      This Court's July 18th Minute Order referenced this Court's Order of May 30, 2025 (the "May 30th Order"), which, among other things: (a) held that the attorney-client privilege had been waived by Safa Gelardi and Vito Gelardi (the "Individual Defendants") "regarding whether they told their former counsel [me] about the impending sale of the 9 Woods End property"; and (b) stated that once the stay in this case is lifted, the Court will direct me "to respond to Individual Defendants' allegation that they told [me] about the impending sale...." (500).

      Although W&S no longer represents the Individual Defendants, I respectfully request that the Court reconsider its finding that attorney-client privilege has been waived with respect to the Individual Defendants' sale of the 9 Woods End Property. This Court's finding that the attorney-client privilege has been waived was made without any hearing or briefing on the issue, and resulted from a pro se submission made by the Individual Defendants in response to an allegation of contempt which this Court had not yet decided to entertain due to the stay of all proceedings engendered by W&S's withdrawal as counsel. W&S asked for and received a stay to ensure that the Individual Defendants' legal rights would not be negatively impacted by our withdrawal, only

to witness plaintiff's immediate filing of yet another contempt application (477), followed by this Court's issuance of its own Order to Show Cause (482) modifying and limiting plaintiff's application, and this Court's subsequent issuance of the May 30th Order declaring that the attorney-client privilege had been waived due to certain statements made by the Individual Defendants in their premature and unnecessary pro se response to plaintiff's latest contempt motion. (500).

I respectfully request that the Court reconsider its finding of a waiver for numerous reasons. *First*, I do not believe that the Individuals Defendants made any statements in their pro se "Opposition For Contempt" sufficient to constitute a waiver of this crucial privilege. I presume that the Court's finding of a waiver is based upon its belief that the Individual Defendants asserted an "advice-of-counsel" defense in their prematurely filed opposition to plaintiff's contempt application. (498). I respectfully submit that the Individual Defendants did not assert an "advice-of-counsel" defense to plaintiff's allegations of contempt with respect to the sale of the 9 Woods End Property. See, e.g., In re County of Erie, 546 F.3d 222 (2nd Cir. 2008)(Key to finding implied waiver of attorney-client privilege on grounds that client asserted reliance on attorney's advice as element of claim or defense is some showing by party arguing for waiver that opposing party relies on privileged communication as claim or defense or as element of claim or defense).

The Individual Defendants never once asserted in their "Opposition For Contempt" that I had ever advised them that they could secretly sell the 9 Woods End Property without informing the Court of the sale. They merely alleged that I had been "informed" of their intention to sell. Conspicuously absent from the Individual Defendants' Opposition For Contempt is any allegation that I had advised them that they could secretly close on a sale of the 9 Woods End Property without informing the Court or that they otherwise acted on my advice or recommendation. In the absence of any such allegation, there can be no waiver under any interpretation of the advice-of-counsel exception.

*Second*, advice-of-counsel is not a defense to a civil contempt proceeding, meaning that any privileged communications concerning the sale of the 9 Woods End Property are not in issue at this point and can only be in issue after there has been a finding of contempt. See, e.g., Patsy's Brand, Inc. v. I.O.B. Realty, Inc., 2021 WL 3418475*9 (S.D.N.Y. August 5, 2021)("Defendants' reliance on their lawyers' advice does not absolve them of liability for civil contempt, because reliance on the advice of counsel is not a defense to a charge of contempt; it is relevant only in fashioning appropriate sanctions"). Where the Individual Defendants have yet to be found in contempt, any purported advice-of-counsel defense is immaterial at this time. The attorney-client privilege cannot be waived based upon an immaterial defense which does not put the attorney-client communications into issue.

*Third*, this Court had not yet ordered the Individual Defendants to respond to plaintiff's accusation of contempt when they made their pro se submission containing the statements which this Court held resulted in a waiver of the attorney-client privilege, and it appears that the

Individual Defendants did so only because they were not represented by counsel and were unaware that they could have waited to respond until after the stay was lifted. Plaintiff's Order to Show Cause for contempt was not signed by this Court, and the Individual Defendants' "Opposition For Contempt" was unnecessarily filed during a stay, meaning that the immaterial allegations made therein should have been disregarded by the Court rather than used as a finding of a waiver of the attorney-client privilege. I respectfully submit that the Court should strike the Individual Defendants' submission from the docket, and permit them to file new opposition to plaintiff's contempt motion. It would be unfair to the Individual Defendants for the Court to find that they had waived the attorney-client privilege in an unnecessary document they filed pro se without counsel's advice while the case was stayed due to the withdrawal of their counsel.

*Fourth*, W&S's ethical duty under Rule 1.6 to not knowingly reveal "confidential information" remains ongoing pursuant to Rule 1.9. Confidential information which W&S is ethically-required to protect includes, but is not limited to, information that is protected by the attorney-client privilege. I take my ethical duties to my clients seriously, and I am not comfortable disclosing client confidences under the circumstances presented here, particularly where my former clients have not had an opportunity to be heard on the waiver issue, let alone heard through counsel. My ethical concerns are heightened by the fact that this Court did not provide any reasoning for its finding that the attorney-client privilege has been waived by the pro se Individual Defendants. I have thus been placed in the untenable position of having a Court expect me to disclose client confidences, without necessarily agreeing that the attorney-client privilege has been waived, and after the waiver had been found without a proper record, and based upon an unnecessary pro se submission made by my former clients during a stay of proceedings. The Individual Defendants' submission (498) was unnecessary and immaterial because it was made in response to plaintiff's allegations of contempt (477), although this Court had ordered on May 5, 2025, and May 9, 2025, that the contempt allegations would not be heard until after the stay was lifted. This Court stated on May 5, 2025: "The Court defers resolution of Plaintiff's remaining requests until after the stay of this case is lifted, after which Individual Defendants and Defendant IME Companions, LLC will be given time to oppose Plaintiff's remaining requests." Plaintiff's "remaining requests" included its request that the Individual Defendants be held in contempt. The Individual Defendants nevertheless filed their pro se "Opposition For Contempt" on May 28, 2025 (498), which unnecessary filing contained certain statements which this Court found constituted a waiver of the attorney-client privilege.

I respectfully submit that I should not be required to disclose client confidences under these circumstances and that the Court should reconsider its finding of a waiver of the attorney-client privilege. That this Court's finding arose out of the Individual Defendants pro se filing of an unnecessary "Opposition For Contempt" underscores the reasons why cases are stayed upon an attorney's withdrawal and the need for the Court to reconsider its ruling on this important issue. I respectfully request that this Court vacate its finding in the May 30th Order that the attorney-client privilege has been waived and vacate its July 18th Minute Order directing me to disclose client confidences by affidavit. I further request that this Court grant the Individual Defendants the right to withdraw their premature and unnecessary "Opposition For Contempt"

and to submit new opposition, now that they understand the potential legal ramifications of their allegations directed at me. It would be unfair to the Individual Defendants to have the attorney-client privilege deemed waived by statements they made in their pro se submission of unnecessary opposition papers during a stay of proceedings.

This Court's finding of a waiver is not only unfair to the pro se Individual Defendants, but to their former attorneys as well. W&S should not be dragged back into this proceeding due to pro se statements made by our former clients while the case was stayed, and I should not be required by Court Order to disclose confidential information which I believe is privileged. I further note that plaintiff's always overzealous counsel has already threatened W&S with a subpoena seeking all sorts of privileged materials as a result of this Court's May 30th Order and has written us a letter demanding that we preserve various records documenting our communications with the our former clients with the belief that the May 30th Order has opened the door to disclosure of all sorts of privileged communications.

For the foregoing reasons, I respectfully request that the Court reconsider and vacate its finding that the attorney-client privilege has been waived "regarding whether they told their former counsel about the impending sale of the 9 Woods End property" and permit the Individual Defendants to withdraw their Opposition For Contempt and to re-file new opposition papers. A waiver of this vital privilege should not be found based upon a superfluous pro se filing made during a stay of all proceedings.

I thank the Court for its attention to this matter.

                                            Respectfully yours,

                                            /s/ Jonathon D. Warner

JDW/ks
Enc.

cc:     All counsel (by email)
        Safa Gelardi (by email)
        Vito Gelardi (by email)