**WARNER & SCHEUERMAN**
Attorneys at Law
6 West 18th Street, 10th Floor
New York, New York 10011
Tel: (212) 924-7111
Fax: (212) 924-6111

**Jonathon D. Warner, Esq.**
jdwarner@wslaw.nyc

**Karl E. Scheuerman, Esq.**
kescheuerman@wslaw.nyc                                    July 31, 2025

**VIA EMAIL**

Pamela K. Chen, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F North
Brooklyn, New York 11201-1804

Re:   *IME Watchdog, Inc. v. Gelardi, et al.*
      Case No.: 1:22-cv-1032 (PKC)(JRC)

Dear Judge Chen:

      I again write with respect to this Court's Minute Order dated July 18, 2025 (the "July 18th Minute Order"), which directed me to submit an affidavit to the Court by August 1, 2025, stating whether Safa and Vito Gelardi (the "Individual Defendants") had "ever advised him [me] that they had sold the Woods End property and, if so, when and how that communication occurred."

      This Court's July 18th Minute Order requires me to disclose client confidences. In furtherance of my ethical duties to my former clients, I have contacted the Individual Defendants to inquire whether they consent to my disclosure of client confidences in response to the July 18th Minute Order. Safa Gelardi has advised me that she does not consent to my disclosure of client confidences. Vito Gelardi has not responded to my inquiry. As such, the Court has placed me in the difficult position of ordering me to disclose client confidences without consent from my former clients.

      As set forth in my prior letter to the Court dated July 21, 2025 (566), the July 18th Minute Order rests on its May 30th finding that the attorney-client privilege has been waived by the Individual Defendants due to certain statements they made in their pro se "Opposition For Contempt" filed during the stay of all proceedings. While I understand that there is a Court Order finding that there has been a waiver of the attorney-client privilege, such Order was issued sua sponte while the Individual Defendants were without representation, and without any briefing from the parties on this crucial issue.

      For the reasons set forth in my July 21st letter (566), I respectfully repeat my request that the Court reconsider its finding of a waiver and/or permit the Individual Defendants to withdraw their pro se Opposition For Contempt containing the allegations which led this Court to believe that the privilege has been waived. I also respectfully request that the Court grant me an enlargement of my time to respond to its July 18th Order from August 1, 2025, to August 29, 2025. The adjournment is requested to allow the Court additional time to reconsider its finding of a waiver upon briefing by the parties and to allow me additional time to make whatever consultations and inquiries I deem necessary to resolve the issue of my competing ethical duties to my former clients and the Court.

      I thank the Court for its attention to this matter.

      Respectfully yours,

      */s/ Jonathon D. Warner*

JDW/ks

cc:    All counsel (by email)
       Safa Gelardi (by email)
       Vito Gelardi (by email)