# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

August 12, 2025

**VIA ECF**
United States District Court Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 11D South
Brooklyn, NY 11201-1804

   *Re:*  **IME WatchDog, Inc. v. Gelardi,** *et al.*
      **Case No.: 1:22-cv-1032 (PKC) (JRC)**

Dear Judge Chen:

  This office, along with Sage Legal LLC, represents the Plaintiff IME WatchDog, Inc. ("Plaintiff"), in the above-referenced case.

  Plaintiff is aware of the filing injunction. <u>See</u> Text Only Order dated July 21, 2025. However, Defendant Safa Gelardi's ("Safa") letter dated August 8, 2025 (ECF Docket Entry 576) concerning Defendants' response to the Court's July 21, 2025 Order contains material misrepresentations which would substantially prejudice Plaintiff without the ability for Plaintiff to respond. Accordingly, Plaintiff seeks leave to file this brief response.

  On July 21, 2025, Defendants Safa, Vito Gelardi, IME Companions LLC ("Companions"), Client Exam Services ("CES"), Accompanied Exam Services ("AES"), the IME Company ("IMEC"), and IME Legal Reps[1] ("IMELR") were ordered to provide the Court with, *inter alia*, "a list of all customers served since March 10, 2023, which shall include the date of each service, the name of each customer, the name of the observer or representative who attended each, and the amount billed and collected for each." For each entity, Safa states "there are no records that contain the requested details in the specific form or manner described in the Court's Order. If any such documents are located in the future, they will be provided to the Court."

  However, the Court did not Order Defendants and the other entities that Defendants operated to produce any documents, nor were Defendants exempt from producing information if all of the information was not contained on a document. Defendants and the other entities were

---

[1] Although IMELR entered into a settlement agreement with Plaintiff, to the extent that Defendants have information that is responsive to the Order as it relates to IMELR, the settlement agreement does not preclude the production of same.

merely ordered to provide information. For example, if Defendants have knowledge (through an email, text message, invoice, memory, or otherwise, etc.) of <u>any</u> of the information ordered to be produced by the Court, they are required to provide whatever information they have.[2] See Text Only Order dated July 21, 2025. The Order did not require the foregoing individuals and entities to search for a list and produce one if found; it required them to make the list and provide it.

Critically, Plaintiff is aware of numerous independent medical examinations (IMEs") attended by Companions, CES, AES, and IMELR.

- An April 9, 2025 report by Dr. Pierce Ferriter, states that he conducted an IME on April 9, 2025 at which "[t]he claimant was accompanied to this examination by **Christian Hogarth from IME Companions.**" **(See Exhibit A)**. Notably, Christian Hogarth has failed to comply with subpoenas served on him and Orders issued by Judge Cho directing him to respond to subpoenas while continuing to attend IMEs on behalf of Companions.

- Plaintiff has also obtained an invoice, emails, communications and reports from Kleban Law Group, P.C. issued to Companions for several IMEs conducted by Companions after March 10, 2023. **(See Exhibit B)**.

- On April 8, 2025, an email was sent by **info@imecompanions.com** to Gabriel Law Firm, P.C., scheduling independent medical examinations for April 9, 2025 and April 18, 2025. **(See Exhibit C)**.

- In violation of the TRO issued on March 10, 2023, a report dated March 31, 2023 by Dr. Wesley Bronson states he conducted an IME on March 31, 2023 and that the Examinee "**was accompanied by Jeff Beibin of IME Companions**." (**See Exhibit D**)

- An January 23, 2024 report by Dr. Saran Rosner stated he conducted an IME on January 23, 2024, where the Examinee "Ms. Manahasa was joined by **Mr. Jeff Beibin of IME Companions**." (**See Exhibit E)**

- An July 29, 2024 report by Dr. Howard Kiernan stated he conducted an IME on July 22, 2024, where the Examinee "was accompanied to this examination by his **IME Companion, Christian Hogarth**." (**See Exhibit F)**

---

[2] Notably, on August 5, 2025, Safa emailed Plaintiff's counsel providing a response to the July 21, 2025 Order, but her response omitted any response on behalf of Companions. Plaintiff met and conferred with Safa about her failure to include information for Companions, but Safa insisted that the Court Order did not direct her to provide any information for Companions and stated that she would not provide same. She has apparently realized that Plaintiff was correct, but her failure to include any substantive response for Companions is telling by this series of events.

- An August 6, 2024 report by Dr. Charla Fischer stated she conducted an IME on July 2, 2024 where the Examinee "was accompanied by **Jeff Beibin of IME Companions**". (**See Exhibit G**)

- An August 8, 2024 report by Dr. Pierce Ferriter stated he conducted an IME on July 29, 2024 where the Examinee "was accompanied and driven to this examination by her legal representative, Christian Hogarth, from IME Watchdogs." This is untrue as the law firm that represented the plaintiff in that matter is Bergman and Bergman, who is a client that Defendants stole from Plaintiff, and then was serviced by CES, followed by IMELR.  (**See Exhibit H**)

- An October 22, 2024 report by Dr. Marc Chernoff stated he conducted an IME on October 22, 2024 where the Examinee "is accompanied by **Christian Hogarth from IME Companions**, representing her attorney's office." (**See Exhibit I**)

- An April 24, 2025 report by Dr. Alexander Merkler stated he conducted an IME on April 9, 2025 where the Examinee was accompanied by "Mark Purificati, a legal representative". (**See Exhibit J**)

- Moreover, as explained in Daniella Levi's April 21, 2024 declaration, there were numerous other IMEs conducted by Defendants, CES, AES, and IMELR since March 10, 2023.  See ECF Docket Entries 317 ¶¶ 7-12, 14, 17-21 and 321 ¶¶ 22-40.

Safa and her co-Defendants failed to identify any information related to any of these IMEs or any other IMEs.[3]  Instead. Safa vaguely states "there are no records that contain the requested details in the specific form or manner described in the Court's Order.  If any such documents are located in the future, they will be provided to the Court."[4]

Accordingly, Plaintiff respectfully requests that Defendants be directed to (i) provide Plaintiff with access to all emails from info@imecompanions.com, sgelardi@imecompanion.com, and the emails contained on all other email accounts on which Defendants communicate regarding independent medical examinations for the period of March 10, 2023 through the present; and (ii) not delete any emails and evidence from the info@imecompanions.com and sgelardi@imecompanion.com email accounts and any other email account from which Defendants conduct IME business, or be subject to sanctions.

---

[3] As Companions is represented by counsel, its counsel should be directed to respond on behalf of Companions.

[4] In light of the foregoing, and this Court's conclusions that Safa has repeatedly engaged in perjury, any representations made by Safa should be made under oath.

Dated: Lake Success, New York
       August 12, 2025                           Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
/s/ Jamie S. Felsen, Esq.

Dated: Jamaica, New York
       August 12, 2025

**SAGE LEGAL LLC**
/s/ Emanuel Kataev, Esq.

cc:     All Counsel of Record (via ECF)
       Safa Gelardi (via ECF)
       Vito Gelardi (via email vitogelardi@gmail.com)