UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
IME WATCHDOG, INC.,

                  Plaintiff,

        - against -

SAFA ABDULRAHIM GELARDI, VITO
GELARDI, GREGORY ELEFTERAKIS,
ROMAN POLLAK, ANTHONY BRIDDA,
IME COMPANIONS LLC, CLIENT EXAM
SERVICES LLC, and IME MANAGEMENT
& CONSULTING LLC,

                  Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-1032 (PKC) (JRC)

PAMELA K. CHEN, United States District Judge:

      The Court assumes the parties' familiarity with the underlying facts and extensive procedural history of this case. As relevant here, in October 2023, the Court found Safa Abdulrahim Gelardi ("S. Gelardi"), Vito Gelardi ("V. Gelardi") (together, "Individual Defendants"), and IME Companions LLC ("Companions") (collectively "Defendants") in civil contempt for violating the Amended Preliminary Injunction, (Dkt. 80), and the March 2023 Temporary Restraining Order, (Dkt. 156). (Sec. Am. Inj. Mem. & Order ("M&O"), Dkt. 254,[1] at 3.) The Court, however "reserve[d] on making a final ruling and imposing sanctions until Plaintiff [IME Watchdog, Inc.] submit[ted] supplemental briefing regarding its compensatory damages, including attorneys' fees for the March 27, 2023 contempt proceedings." (*Id.* at 33.) On

---

[1] The Second Amended Injunction M&O is reported at *IME Watchdog, Inc. v. Gelardi*, No. 22-CV-1032 (PKC) (JRC), 2023 WL 6958855 (E.D.N.Y. Oct. 20, 2023). The Court amended this M&O in March 2024. (Am. Sec. Am. Inj. M&O, Dkt. 299.) The Amended Second Amended Injunction M&O is reported at *IME Watchdog, Inc. v. Gelardi*, 732 F. Supp. 3d 224 (E.D.N.Y. 2024).

September 25, 2024, after briefing by the parties, the Court awarded $47,321.63 in attorneys' fees and $11,036.60 in costs to Plaintiff, (Award M&O, Dkt. 394[2], at 3), and $6,980.00 in attorneys' fees and $1,209.11 in costs to Carlos Roa ("Roa"), Plaintiff's President of Operations and, at the time of the Second Amended Injunction M&O, a Third-Party Defendant in this case (altogether, the "September 2024 Contempt Award"), (id. at 2–3; Roa Reply Decl., Dkt. 438, ¶ 1). The Court ordered Defendants to "pay the awarded attorneys' fees and costs to Plaintiff and Roa, respectively, by November 25, 2024," with proof of payment to be filed within one week of payment. (Award M&O, Dkt. 394, at 22.) The Court warned Defendants "that the failure to timely pay the full amounts could result in further contempt sanctions and/or the imposition of interest." (Id.)

Defendants failed to make the payments required by the September 2024 Contempt Award to Plaintiff or Roa, and on December 30, 2024, Plaintiff and Roa filed a motion[3] for entry of judgment pursuant to Rules 54 and 58 of the Federal Rules of Civil Procedure ("Rule" or "Rules")[4] and a request for sanctions. (Mot., Dkt. 432.) Plaintiff and Roa also each requested further

---

[2] The Award M&O is reported at *IME Watchdog, Inc. v. Gelardi*, No. 22-CV-1032 (PKC) (JRC), 2024 WL 4287244 (E.D.N.Y. Sep. 25, 2024).

[3] Plaintiff initially brought its sanctions request via letter motion, (Dkt. 427), in violation of what was, at the time, Local Civil Rule 7.1(d) (and is now, as of January 2, 2025, Local Civil Rule 7.1(e)), which permits parties to "only bring by letter-motion '[a]pplications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters,'" (11/27/2024 Docket Order (quoting then-applicable Local Civ. R. 7.1(d)).) Plaintiff's letter motion discussed neither the relevant Federal Rule of Civil Procedure nor any caselaw, and failed to explain why entry of judgment would be proper. (Dkt. 427.) The Court accordingly denied Plaintiff's letter motion and permitted Plaintiff to file a motion and accompanying memorandum that "discuss[ed] and explain[ed] whether an entry of judgment is procedurally proper." (11/27/2024 Docket Order.)

[4] Though Plaintiff and Roa style their motion as brought, in part, pursuant to Rule 58(b), (Mem., Dkt. 433, at 2), which governs when a "court *must* promptly approve the form of the judgment," Fed. R. Civ. P. 58(b) (emphasis added), the motion is properly analyzed under Rule 58(d), which permits a party to "request that judgment be set out in a separate document," Fed. R. Civ. P. 58(d).

contempt sanctions in the amount of "$5,000.00 per day until . . . fully paid." (*Id.* at 1.) The parties' briefing on Plaintiff and Roa's Rules 54 and 58 motion and sanctions request was completed on December 30, 2024. (Dkts. 430, 433–38.)

## I.    Motion for Entry of Judgment[5]

### A.    Legal Standard

Rule 58(d) permits a party to "request that judgment be set out in a separate document as required by Rule 58(a)," which requires "[e]very judgment" to "be set out in a separate document, but a separate document is not required for an order disposing of a motion: . . . for attorney's fees under Rule 54." Fed. R. Civ. P. 58 (a), (d).  Though Rule 58(d) does not require a judgment for attorneys' fees to be set out in a separate document, "[c]ourts in this Circuit have regularly entered judgment on similar sanctions and allowed the immediate enforcement of such judgments." *Keitel v. D'Agostino*, No. 21-CV-8537 (JMF), 2025 WL 1785867, at *2 (S.D.N.Y. June 27, 2025) (collecting cases).

### B.    Discussion

Defendants argue that the instant "request for a separate money judgment for attorneys' fees pursuant to Rules 58 and 54 is at odds with the plain language of Rule 58," and that the "Court is without power to enter a separate judgment 'for attorney's fees under Rule 54.'" (Opp.,

---

[5] As Defendants point out, Plaintiff also brings its motion on Roa's behalf "by Plaintiff's attorneys of record, who have never filed a notice of appearance stating that they represent Roa." (Opp., Dkt. 434, at 1; *see also* Mot., Dkt. 432, at 2 (signed by "Attorneys for Plaintiff").)  Local Civil Rule 1.4(a) requires "each attorney appearing on behalf of a party" to "file a notice of appearance promptly on or before the attorney's first appearance in court or filing in the case." Accordingly, the Court construes Plaintiff's requested relief as being brought only on behalf of Plaintiff, and not also Roa's behalf.  While Roa's current status in the case is unclear—his cross-motion to intervene, (Dkt. 548), is pending before the Court—the Court need not resolve his status now.  As the Court explains *infra*, it directs entry of judgment as to both Plaintiff's and Roa's awards of attorneys' fees and costs.

Dkt. 434, at 3 (quoting Fed. R. Civ. P. 58(a)(3)).) While Defendants provide some caselaw where district courts have exercised their discretion to deny requests for a separate judgment for an award of attorneys' fees, Defendants do not point to any controlling authority to support their argument that the Court lacks the authority to grant such requests. (*Id.* at 3–6); *see also Keitel*, 2025 WL 1785867 at *2 (noting that sanctioned parties had not "ma[d]e any suggestion that the Court lacks [the] authority" to enter a separate judgment and "conclud[ing] that entry of judgment as to the award of attorneys' fees and costs is appropriate"). "It is well established that the Court has 'broad discretion to determine appropriate sanctions for . . . litigation misconduct.'" *Id.* (quoting *Drip Cap., Inc. v. JY Imports of NY Inc.*, 348 F.R.D. 536, 560 (E.D.N.Y. 2025)).

Here, in light of Defendants' flagrant and repeated refusals to comply with Court orders throughout the course of this litigation, "the Court finds that entry of judgment on the attorneys' fees and costs . . . is appropriate." *Id.* While the Court construes the motion for entry of judgment as only properly brought by Plaintiff, and not by Roa, the Court finds that entry of judgment on Roa's award of attorneys' fees and costs is also appropriate given that Defendants' failure to pay the contempt sanctions clearly extended to Roa as well.

## II.    Motion for Contempt Sanctions

### A.    Legal Standard

"A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016). Upon a finding of contempt, "[a] civil contempt sanction may . . . serve either to coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance." *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1352 (2d Cir. 1989) (citation omitted). "The

4

court may . . . serve either goal—the coercive or the compensatory—by awarding attorneys' fees and costs to a contempt victim." *Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203, 208 (S.D.N.Y. 2020) (citations omitted).  And Local Civil Rule 83.6(a) requires "[a] proceeding to adjudicate a person in civil contempt . . . [to] be commenced by the service of a notice of motion or order to show cause," and "[t]he affidavit on which the notice of motion . . . is based [to be] set out with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby, and such evidence as to the amount of damages as may be available to the moving party."

### B.    Discussion

Without analyzing the standards for the Court to hold Defendants in civil contempt or even requesting that the Court do so, Plaintiff requests that the Court "impose further contempt sanctions in the amount of $5,000.00 per day until the judgment is satisfied" based on Defendants' failure to pay the September Contempt Award.  (Mem., Dkt. 433, at 3.)  Plaintiff acknowledges that it "moved for entry of judgment, not contempt."  (Reply, Dkt. 436, at 1.)  The only affidavit submitted in support of Plaintiff's sanctions request is the Reply Declaration of Carlos Roa.  (Roa Reply Decl., Dkt. 438.)  Although Plaintiff states that Roa's Declaration was filed "pursuant to [Local Civil Rule] 83.6," (Reply, Dkt. 436, at 2), which governs contempt proceedings, the caption of Roa's Declaration refers only to the motion for entry of judgment, not to the request for contempt sanctions, (Roa Reply Decl., Dkt. 438).  Defendants argue that Plaintiff's request is procedurally defective because Plaintiff did not file a contempt motion or supporting declaration, and that Plaintiff has not "demonstrated the elements of contempt."  (Opp., Dkt. 434, at 6.)  The Court agrees with Defendants.

Plaintiff's request for sanctions provides no basis for the Court to take the preliminary step of finding Defendants in contempt for not paying the September 2024 Contempt Award.  Plaintiff

has failed to file a motion for contempt or the affidavit required under Local Civil Rule 83.6; it has failed to cite the governing legal standards; and it has failed to apply the law to the facts of this case.[6] (Mem., Dkt. 433, at 3–4.) Accordingly, even if the Court were to find Defendants in contempt for not paying the September 2024 Contempt Award, Plaintiff has not demonstrated that its requested relief of $5,000.00 in sanctions per day until judgment is satisfied would satisfy the "compensatory" goal of civil contempt sanctions. *N.Y. State Nat'l Org. for Women*, 886 F.2d at 1353. Nor is the Court convinced that additional civil contempt sanctions would serve a "coercive" purpose here. *Id.* Although Defendants have failed to fully comply with the Court's orders to provide summaries of their financial situation, (*see, e.g.*, Third Attachment Order, Dkt. 561), they have consistently, and not implausibly, claimed poverty of late, and their financial obligations stemming from this lawsuit are indeed significant, (*see* S. Gelardi Decl., Dkt. 430, ¶ 2 (claiming Defendants are financially unable to pay the attorneys' fees and costs award); V. Gelardi Decl., Dkt. 435, ¶ 2 (same); Third Attachment Order, Dkt. 561, at 2 (summarizing Individual Defendants' case-related financial obligations)). Defendants also have put forth evidence that they are subject to significant tax liens and levies. (*See* Dkt. 542 (explaining that S. Gelardi is "currently facing severe financial hardship due to ongoing litigation restraints—including the New York State Department of Taxation's levy on [her] personal bank accounts"); *see also* Dkt. 516 (filed under seal) (showing evidence of tax liens and levies).) Indeed, the expression "you cannot squeeze blood from a turnip" comes to mind in this case. Furthermore, with the entry of judgment as to the September 2024 Contempt Award, Plaintiff and Roa can now seek enforcement of that

---

[6] This is not the first time Plaintiff has done so. (*See* 4/25/2024 Docket Order (directing Plaintiff to "fil[e] an affidavit that complies with Local Civil Rule 83.6"); 4/18/2025 Docket Order (denying Plaintiff's one-page letter motion for civil contempt as procedurally defective).)

judgment.  For all of these reasons, the Court declines to impose additional civil sanctions on Defendants at this time.

**III.    Conclusion**

For the foregoing reasons, Plaintiff's motion for entry of judgment is granted and its request for additional civil contempt sanctions is denied.  The Clerk of Court is directed to enter judgment in favor of Plaintiff against Defendants for $58,358.23, and to enter judgment in favor of Roa against Defendants for $8,189.11.

SO ORDERED.

*/s/ Pamela K. Chen*

Dated: August 13, 2025        Pamela K. Chen
      Brooklyn, New York        United States District Judge