UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

IME WATCHDOG, INC., Plaintiff,

v.

SAFA ABDULRAHIM GELARDI, et al., Defendants.

Case No. 1:22-cv-01032 (PKC) (JRC)

DEFENDANTS' DISCOVERY STATUS REPORT

Hon. James R. Cho,

Pursuant to the Court's August 12, 2025, directive, Defendants Safa and Vito Gelardi submit this status report.

## I. Discovery Is Complete

Defendants have produced what exists in their possession, custody, or control. Defendants do not maintain "Sales by Customer" reports in the format Plaintiff demands. Domain names and other responsive materials have already been disclosed.

On August 19, 2025, Plaintiff produced (i) an updated sales-by-client summary and (ii) a declaration from Ms. Levi, as the Court directed. With those productions, fact discovery is complete.

## II. Plaintiff Misused the Status-Report Procedure

The August 12 order called for a joint status report confirming discovery is complete. Plaintiff's August 25 filing repackages sanctions and damages arguments in a "status" submission. That is beyond the scope of the order and should be disregarded for any purpose other than confirming discovery closure.

## III. Plaintiff's Own Evidence Fails to Prove Damages

Plaintiff's updated "Sales by Customer" chart does not show compensable loss and, to the contrary, includes deceased clients; clients whose spending with Plaintiff increased; clients who never used IME Companions at all; and clients that used their own in-house staff, not Defendants. Plaintiff's counsel has also acknowledged in writing that this client-list data is

unreliable; Plaintiff cannot rely on data it admits is unreliable as the foundation of a damages claim. (If the Court wishes, Defendants will submit counsel's email.)

Civil-contempt money must compensate actual, proven loss (or coerce compliance), not speculate. See *Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 829–30 (1994). Monetary relief requires proof of loss with reasonable certainty; conjecture or extrapolation from prior-year revenue does not suffice. See *Schonfeld v. Hilliard*, 218 F.3d 164, 172–75 (2d Cir. 2000); *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 109–10 (2d Cir. 2007).

### IV. Levi's "Revenue" Declaration Is Misleading and Contradicted by the Record

Ms. Levi's declaration recites only that Plaintiff's revenue exceeded Defendants'. But compensatory relief turns on net profits/actual loss, not topline receipts. See *Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1 (2d Cir. 1989); *Louis Vuitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966, 973 (2d Cir. 1985).

The existing hearing record already established Plaintiff's historical profitability was minimal or negative. At an early evidentiary hearing, Greg Elefterakis testified by telephone and Roman Pollak testified in person regarding Plaintiff's 2014–2016 profit-and-loss statements. Defendants rely solely on that testimony/record (and not on any confidential P&Ls later ordered destroyed). That record reflects:

- 2014: ≈ $525,199 revenue; ~$42,540 loss.
- 2015: ≈ $835,017 revenue; ~$69,801 profit.
- 2016: ≈ $969,700 revenue; ~$74,557 profit.

By contrast, Defendants' 2021 Form 1065 reports $822,103 in gross receipts and $333,329 in ordinary business income substantial net profit at nearly the same revenue level. On comparable revenue (Plaintiff 2015 vs. Defendants 2021), Defendants earned over five times Plaintiff's profit. That reality undercuts any theory that Defendants "stole a fraction" of Plaintiff's business and confirms Plaintiff has not established lost profits with the reasonable certainty the law requires.

### V. Plaintiff's Attempt to Add IME Legal Reps' Receipts Is Double Recovery

Plaintiff's request also adds revenues of IME Legal Reps despite a separate settlement with Liddie/IMELR. That is impermissible double recovery. See *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 496–98 (2d Cir. 1995).

## VI. Claimed Attorneys' Fees: Causation and Records Are Required

Contempt-related fees are compensatory only, limited to amounts caused by the contempt and supported by contemporaneous time records. See *Weitzman v. Stein*, 98 F.3d 717, 719–21 (2d Cir. 1996); *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir. 1983); *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–12 (2017). Plaintiff's aggregated totals do not satisfy these requirements.

## VII. No Basis Exists for Sanctions

Civil contempt money may serve only two purposes: to compensate an opposing party for actual, proven loss, or to coerce compliance with a clear court order. *Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 829–30 (1994).

- Compensation: Plaintiff has not proven any loss with reasonable certainty. Its damages model is extrapolated, speculative, based on gross revenues, and contradicted by its own historical financials. Under *Schonfeld v. Hilliard*, 218 F.3d 164, 172–75 (2d Cir. 2000), and *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 109–10 (2d Cir. 2007), speculative lost-profit theories are legally insufficient.

- Coercion: There is nothing left to coerce. Defendants have complied in good faith, discovery is complete, and Defendants do not possess the "Sales by Customer" records in the demanded format. Coercive sanctions cannot be imposed where there is no ongoing noncompliance to purge.

Because neither compensatory nor coercive grounds are satisfied, sanctions are legally foreclosed.

**CONCLUSION**

Discovery is complete. Plaintiff's August 25 submission misused the status-report procedure and should be disregarded for anything beyond confirming closure. On the record before the Court, Plaintiff has not proven- indeed, its own evidence disproves any compensable loss: the client list is unreliable and includes categories that are not losses; its damages model rests on extrapolation; Ms. Levi's declaration ignores expenses and conflicts with sworn testimony; and its attempt to add IME Legal Reps' revenues is barred double recovery.

Under controlling law—*Bagwell* (civil contempt limited to compensation or coercion), *Schonfeld* and *Tractebel* (loss must be proved with reasonable certainty), *Manhattan Indus.* and *Louis Vuitton* (no conjectural or gross-revenue awards), and *Indu Craft* (no double recovery)— Plaintiff's theory cannot be granted. Its fee request independently fails under *Carey*, *Weitzman*, and *Goodyear* for lack of contemporaneous records and causation.

This case has never been about proving damages. The weakness of Plaintiff's model underscores that this case was never structured around proving damages but around litigation pressure. Having chosen that strategy, Plaintiff cannot now escape the burden of proof. On this record, the only lawful outcome is that discovery is closed, sanctions are unwarranted, and Plaintiff's damages submissions are foreclosed as a matter of law.

**Dated: August 26, 2025**
**Respectfully submitted,**

**Safa Gelardi (pro se)**
**Defendant**