UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IME WATCHDOG, INC.,

                    Plaintiff,

      -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,

                    Defendants.
------------------------------------------------------------X

Case No.: 1:22-cv-1032 (PKC)(JRC)

**DECLARATION OF
JONATHON D. WARNER**

JONATHON D. WARNER, hereby declares and verifies the truth of the following, under penalty of perjury under the laws of the United States of America, pursuant to Title 28, United States Code, Section 1746:

      1.     I am a member of the firm of Warner & Scheuerman ("W&S"), former attorneys for defendants Safa Abdulrahim Gelardi ("Safa"), Vito Gelardi ("Vito") (collectively, the "Individual Defendants"), and I am fully familiar with the facts set forth herein. I submit this affirmation in compliance with this Court's Order dated August 25, 2025.

      2.     I was advised on March 11, 2025, that the Individual Defendants had sold the Woods End property. I was advised of the sale via a telephone conversation with Safa. W&S's billing records reflect my March 11th conversation with Safa.

      3.     As for the "evidence S. Gelardi included in and attached to her July 18, 2025 letter," the Individual Defendants had not advised me prior to closing on the sale of the Woods End property that they had entered into a contract of sale. I had only been informed that they were attempting to sell the Woods End Property. I had not been informed that the Individual Defendants

had entered into any contract of sale, whether with a first purchaser, a second purchaser, or anyone else. Nor had I ever been provided with a copy of any contract of sale for the Woods End property.

4. I was well aware that the Individual Defendants were trying to sell the Woods End property, and I had communications with Safa about my firm's outstanding bills wherein she stated that she would make a payment after she closed on the Woods End property. But I was never advised that the Individual Defendants had actually entered into a contract of sale for the Woods End property or that any closing was scheduled.

5. I could not have notified the Court within three (3) days from when the Individual Defendants entered into a contract of sale for the Woods End property because I was not aware that a contract of sale had been entered into until after the closing of title had occurred. I have yet to see the contract of sale and still do not know when the Individual Defendants entered into it.

6. I do not dispute the genuineness of Safa's January 10th text message attached to her July 18th letter. I note that such text message makes no reference to any contract of sale or to any specific closing date for the Woods End property. I further note that while Safa used the word "closes" in her January 10th text message, I did not know at that time that a contract of sale had been entered into and thought that she was speaking in general terms about W&S getting paid whenever the Individual Defendants got money from a sale of property.

7. After I had learned of the closing, I did not notify the Court that the closing had already occurred because I was specifically instructed by Safa not to do so. I also believed that my ethical obligations to my clients precluded me at that time from informing the Court that the Individual Defendants had failed to notify the Court that they had entered into a contract of sale for the Woods End property within three (3) days of doing so.

8. Frankly, I was unsure what to do when I learned on March 11, 2025, that the closing had occurred, other than to move to be relieved as counsel at a time when such application would least prejudice my clients. My partner and I had numerous discussions and debates concerning our ethical duties, and we concluded that our duty to maintain client confidences precluded us from disclosing the sale to the Court since the closing had already had occurred and the damage had already been done, and we decided to move to be relieved to extricate ourselves from the difficult situation our clients had placed us in. I stand by my legal opinion concerning my ethical obligations to my former clients since the closing had already occurred when they notified me of it.

9. That I was unaware that the Individual Defendants had entered into a contract of sale until after the closing is confirmed by the email I sent to the Individual Defendants on March 14, 2025, at 2:48 P.M.. My March 14th email to the Individual Defendants stated that they had failed to advise me of the contract of sale and had never sent me a copy of the contract of sale. The Individual Defendants did not respond to my March 14th email. A copy of my March 14th email is annexed as Exhibit "1."

10. W&S thereafter moved to be relieved as counsel as soon as it was reasonably practicable. My moving declaration alluded to the ethical dilemma that the Individual Defendants had placed me in. I did not provide any of the above details in my moving declaration due to my ethical obligation to maintain client confidences. I referenced my ethical obligation to maintain client confidences throughout my moving declaration.

11. I do not deny that W&S received a $10,000 check from its former clients on or about March 20, 2025. I disclosed W&S's receipt of the $10,000.00 payment in W&S's motion to be relieved.

12. I hope that this declaration addresses all matters which I am required to disclose pursuant to this Court's Order of August 25, 2025.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 27, 2025.

_____
Johathon D. Warner

# EXHIBIT "1"

# Karl Scheuerman

| | |
|---|---|
| **From:** | Jonathon Warner |
| **Sent:** | Friday, March 14, 2025 2:48 PM |
| **To:** | Safa Gelardi; vito gelardi |
| **Cc:** | Karl Scheuerman |
| **Subject:** | FW: Activity in Case 1:22-cv-01032-PKC-JRC IME WatchDog, Inc. v. Gelardi et al Order on Motion to Appear by Telephone/Video |

Judge Chen's March 8 Order below, which I sent to you on March 8, 2024, and which you replied to, required that you notify the Court within 3 days of entering into a contract for the sale of "any of" your properties. You have advised me that on Monday of this week you closed on the sale of one of the two PA properties, but you never sent me a copy of the contract, much less within "three days" of its being signed. How do you expect me to defend you when the next contempt motion is made (as it surely will)?

Jonathon D. Warner, Esq.
Warner & Scheuerman
6 West 18th Street, 10th Floor
New York, NY 10011
Office: 212.924.7111
Fax:     212.924.6111
Cell:     917.656.4197
www.wslaw.nyc



**From:** Safa Gelardi <safagelardi@gmail.com>
**Sent:** Friday, March 8, 2024 4:04 PM
**To:** Jonathon Warner <jdwarner@wslaw.nyc>
**Cc:** vito gelardi <vitogelardi@gmail.com>; Karl Scheuerman <kescheuerman@wslaw.nyc>
**Subject:** Re: Activity in Case 1:22-cv-01032-PKC-JRC IME WatchDog, Inc. v. Gelardi et al Order on Motion to Appear by Telephone/Video

I'm sorry Jonathan. I cannot my children have obligations and so do I. We also do not have money to come

Sent from my iPhone

> On Mar 8, 2024, at 2:56 PM, Jonathon Warner <jdwarner@wslaw.nyc> wrote:
>
> Please see judge Chen's decision below. You both must appear at the evidentiary hearing. The Judge denied our request that you appear by video,

1

**From:** ecf_bounces@nyed.uscourts.gov <ecf_bounces@nyed.uscourts.gov>
**Sent:** Friday, March 8, 2024 3:52 PM
**To:** nobody@nyed.uscourts.gov
**Subject:** Activity in Case 1:22-cv-01032-PKC-JRC IME WatchDog, Inc. v. Gelardi et al Order on Motion to Appear by Telephone/Video

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered on 3/8/2024 at 3:51 PM EST and filed on 3/8/2024

| | |
|---|---|
| **Case Name:** | IME WatchDog, Inc. v. Gelardi et al |
| **Case Number:** | 1:22-cv-01032-PKC-JRC |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**ORDER: The Court has reviewed the parties' recent submissions. (*See* Dkts. [286]-[298].) First, the Court denies Defendants' [289] request to communicate with The Gucciardo Law Firm PPLC ("Gucciardo"). As Plaintiff points out, the Court's 3/27/2023 Minute Entry makes clear that Defendants are enjoined "from providing services to any customer who were *former* clients of Plaintiff." (*See* 3/27/2023 Min. Entry (emphasis added).) Thus, the question of whether Gucciardo is currently Plaintiff's client (*see* Dkt. 289) has no bearing on Plaintiff's [288] contempt motion. Second, the Court defers ruling on Plaintiff's [288] contempt motion and Defendants' [298] motion to reconsider until it has an opportunity to hear from the parties regarding the allegations and arguments therein. Third, the Court denies Defendants' [294] motion to appear for the evidentiary hearing via telephone/video, to the extent that either or both of them are called as witnesses at the hearing.**

**That said, to allow Defendants more time to make the requisite preparations to appear in person, and because it is clear that the Court must address a number of issues beyond Plaintiff's initial motion for attachment, the Court reschedules the evidentiary hearing previously scheduled for 3/13/2024, to April 29, 2024, at 11:00 a.m. EST in Courtroom 4F North. (*See* 2/21/2024 Scheduling Order.) Any witness**

who testifies will be required to appear in person on that date. This will be an omnibus hearing, and the parties should be prepared to discuss the following issues: (1) Plaintiff's [270], [278], and [283] motions for attachment and the allegations therein, including Defendants' property sales *and* Plaintiff's potentially incorrect reporting of Defendants' property sales (*see* Dkt. [286]); (2) Plaintiff's latest motion for contempt (*see* Dkt. 288), including the allegations therein and the question of whether some/all of those allegations have been previously submitted to this Court; (3) the allegations concerning Plaintiff's potential harassment of Eugene Liddie (*see* Dkt. [282]); (4) the outstanding bill owed to Berkeley, Research Group, LLC (*see* 1/29/2024 Docket Order); and (5) Defendants' motion for reconsideration. The parties shall file amended witness and exhibit lists by 4/15/2024.

Additionally, Defendants shall file another status report regarding the sale of the Staten Island Property by 3/15/2024. (*See* 3/1/2024 Docket Order.) The Individual Defendants shall also notify the Court within three (3) days of entering into any contract to sell their ownership interest in any other property, including the identity(ies) of the buyers and an anticipated closing date. Ordered by Judge Pamela K. Chen on 3/8/2024. (FG)

**1:22-cv-01032-PKC-JRC Notice has been electronically mailed to:**

Steven Siegler     steven@kilegal.com, karen@kilegal.com, samantha@kilegal.com, ssiegler123@gmail.com

Anthony Joseph Genovesi     agenovesi@abramslaw.com, anthony@genovesi.us

Jonathon D. Warner     jdwarner@warnerandscheuerman.com, diana@warnerandscheuerman.com, kescheuerman@warnerandscheuerman.com, melanie@warnerandscheuerman.com

Jamie Scott Felsen     jamiefelsen@mmmlaborlaw.com

Melanie I. Wiener     mwiener@abramslaw.com

Andreas Koutsoudakis     andreas@kilawgroup.com, calendar@kilawgroup.com, karen@kilegal.com, samantha@kilegal.com, zoe@kilegal.com

Kenneth C. Brown     kcb@alberlegal.com

James Francis Valentino     james@valentinolegal.com, valentino@clayro.com, valentino.james@gmail.com

Emanuel Kataev     emanuel@sagelegal.nyc, 4119461420@filings.docketbird.com, daniellalevi@levilawny.com, ekesq2014@recap.email

Maria Zieher     mzieher@zieherlaw.com

**1:22-cv-01032-PKC-JRC Notice will not be electronically mailed to:**

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.