UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IME WATCHDOG, INC.,

        Plaintiff,

   -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI, GREGORY ELEFTERAKIS, ROMAN POLLAK, ANTHONY BRIDDA, IME COMPANIONS LLC, CLIENT EXAM SERVICES LLC, and IME MANAGEMENT & CONSULTING LLC,
-------------------------------------------------------------------X

Case No.: 1:22-cv-1032 (PKC) (JRC)

**CONFIDENTIAL STIPULATION OF SETTLEMENT BETWEEN PLAINTIFF IME WATCHDOG, INC. AND DEFENDANTS GREGORY ELEFTERAKIS, ROMAN POLLAK, AND <u>ANTHONY BRIDDA</u>**

  Plaintiff IME Watchdog, Inc. ("Watchdog") and Defendants Gregory Elefterakis ("Elefterakis"), Roman Pollak ("Pollak"), and Anthony Bridda ("Bridda") (Elefterakis, Pollak, and Bridda collectively hereinafter the "Defendants"), by and through their undersigned counsel, hereby stipulate as follows:

  1. Defendants have made representations to Watchdog that they no longer operate in the IME observer industry and have no plans to do so.

  2. Defendants have not intentionally or knowingly destroyed any documents and records, including communications, relevant to this case, and will keep and preserve any relevant documents and records pertaining to the allegations in the pleadings.

  3. Watchdog was induced to enter into this stipulation based on the foregoing representations; in exchange for the below consideration, it agrees to enter into a voluntary stipulation of dismissal with prejudice and without costs as to all claims against Defendants and a release of liability for any and all claims related to the within lawsuit.

  4. As consideration for the foregoing, Defendants each agree to accept service of any subpoena *duces tecum* and/or subpoena *ad testificandum* as to each of them, personally, and/or

any business they are involved in which conducted business in connection with any IME observer company, electronically via email to Melanie Wiener, Esq. at mwiener@abramslaw.com.

5. Defendants each agree not to move to quash any such subpoena to the extent it seeks: (i) all communications (i.e., text messages, e-mails, etc.) concerning the IME Industry that Defendants have had between each other and/or with anyone else regarding Safa, Vito, IME Companions, and any other business in the IME Industry with which Safa and Vito have had any direct or indirect involvement; or (ii) all communications with Safa Abdulrahman Gelardi ("Safa"), Vito Gelardi ("Vito") and/or anyone else from IME Companions LLC ("Companions") relating to and concerning the allegations in the pleadings and in any motions.

6. Notwithstanding, Watchdog may seek additional documents and/or records beyond the scope of the foregoing paragraph, which any Defendants may seek to quash on an expedited basis as follows: (i) within seven (7) days of receipt of a subpoena by letter motion to the Court; (ii) with opposition papers due within seven (7) days of filing of any such letter motion; and (iii) a reply letter within three (3) days. Should this procedure be inconsistent with the Court's rules regarding such motions, and the Court does not approve of the procedure set forth in this stipulation, the Court's rules shall govern. Defendants each agree that the failure to timely seek relief from any subpoena seeking documents, records, and communications beyond those set forth herein, will constitute forfeiture of the right to seek an Order quashing the subpoena.

7. In consideration for the foregoing promises and the payment of Ten Thousand Dollars and 00/100 Cents ($10,000.00), payable to IME WatchDog, Inc. within seven (7) days of full execution of this Agreement, Watchdog will file a stipulation of voluntary dismissal with prejudice as outlined in paragraph 3 above in favor of Defendants.

8. The Parties agree to keep the existence, terms, and events leading up to this Agreement strictly confidential. Notwithstanding the foregoing, the Parties may disclose the existence and terms

of this Agreement, solely to the extent necessary, in any action to enforce this Stipulation of Settlement, or as otherwise required by law, the courts, or governmental authority, provided however that the party required to do so promptly notifies the other party of any attempts to compel disclosure sufficiently prior to such disclosure to move to quash or otherwise seek a protective Order or any related relief.

9. Any and all disputes arising from the within Stipulation shall be governed by New York law and litigated in Kings County, New York.

Dated: Lake Success, New York
August 27, 2025

Dated: Brooklyn, New York
August 26, 2025

**MILMAN LABUDA LAW GROUP PLLC**

_____
Jamie S. Felsen, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
jamiefelsen@mllaborlaw.com

*Attorneys for Plaintiff*
*IME WatchDog, Inc.*

**ABRAMS FENSTERMAN, LLP**

_____
Melanie Wiener, Esq.
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
(718) 215-5300 ext 508 (office)
mwiener@abramslaw.com

*Attorneys for Defendants*
*Gregory Elefterakis*
*Roman Pollak*
*Anthony Bridda*