ABRAMS FENSTERMAN, LLP
ATTORNEYS AT LAW

Brooklyn
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
718.215.5300 | P

Long Island · Brooklyn · White Plains · Rochester · Albany

**Melanie I. Wiener, Partner**
mwiener@abramslaw.com

September 8, 2025

**Via ECF**
United States District Court
Eastern District of New York
Attn: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

      Re:    IME Watchdog, Inc., v. Safa Abdulrahim Gelardi, Vito Gelardi, Gregory Elefterakis, Roman Pollak, Anthony Bridda, Nicholas Elefterakis, Nicholas Elefterakis, and IME Companions L.L.C., Docket No.: 1:22-cv-1032

Dear Judge Chen:

      This law firm is counsel to the Defendants Gregory Elfterakis ("Elefterakis"), Roman Pollak ("Pollak"), and Anthony Bridda ("Bridda") (collectively "Defendants") in the matter above matter. Defendants entered into a Stipulation of Settlement with Plaintiffs on or about August 27, 2025. That Stipulation ("Proposed Sealed Materials") has a provision regarding confidentiality of the terms of the settlement. I mistakenly filed the Stipulation on ECF (Document No. 592) on September 4, 2025 contrary to the agreed upon confidentiality provision.

      Per the Court's Individual Rule 1.B., "[a]ll requests for filing under seal" must include a motion for leave to file under seal that "explain[s] the reason§ for sealing." This Court directed that the Defendants herein file a supplemental memorandum of support of their motion to seal Document No. 592.

      Under the three-part inquiry laid out by the Second Circuit in *Lugosch*, a court considering whether to seal documents must *first*, determine whether the documents at issue are "judicial documents," to which a presumption of public access attaches; *second*, determine the applicable weight of the presumption that may apply; and *third*, after determining such weight, balance "countervailing factors" against it, including the "privacy interests" of interested parties. *See id.* at 119–20. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

      Judicial documents are *only* those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119. As the Court previously held, the critical

question is "whether a document 'would reasonably have the tendency to influence a district court's ruling on a motion.'" *See Order*, ECF No. 422 (citing *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019)). As the *Lugosch* court acknowledged, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Lugosch*, 435 F.3d at 119; *see also Amodeo*, 71 F.3d 1044 at 1050 ("[D]ocuments that play no role in the performance of Article III functions . . . lie entirely beyond" the presumption of public access); *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, No. 13-cv-6073, 2013 WL 6171315, at *7 (S.D.N.Y. Nov. 25, 2013) (determining that the documents were non-judicial because they "played no role in [the] Court's adjudication of the parties' respective motions" and "were immaterial to the analysis"), *aff'd*, 776 F.3d 126 (2d Cir. 2015); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, No. 10-cv-8663, 2012 WL 1382557, at *1 (S.D.N.Y. Apr. 20, 2012) (same).

The Proposed Sealed Materials are not "judicial documents" because they would not reasonably have the tendency to influence the Court's ruling on anything related to the Plaintiff or co-Defendants Safa Abdulrahim Gelardi, Vito Gelardi & IME Companions LLC ("Gelardi Defendants"). Defendants herein have no pending motions before this Court on which they are waiting for a ruling.

As such, the Proposed Sealed Materials are not "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. Where documents are not judicial, "there is no presumption of public access" to overcome and thus the movant must "only make a baseline showing of good cause" to justify maintaining the documents under seal. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 73 (S.D.N.Y. 2007), *aff'd*, 347 F. App'x. 615 (2d Cir. 2009). Under a good cause standard, even a "minimal showing of possible harm from disclosure" of the information sought to be sealed is sufficient to meet this burden and "trigger a sealing order." *Dorsett v. County of Nassau*, 762 F. Supp. 2d 500, 519 (E.D.N.Y. 2011).

Here, disclosure of the Proposed Sealed Materials would provide the Gelardi Defendants with insight into Plaintiff's litigation strategy, posture, and concessions, thereby affording them an unfair advantage in formulating arguments and negotiating their own potential settlement.

Therefore, I am requesting that this Court seal the Stipulation.

Thank you for your attention to this matter.

Very truly yours,

Melanie I. Wiener