# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

December 17, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

      *Re*: **IME WatchDog, Inc. v. Gelardi, *et al.***
           **Case No.: 1:22-cv-1032 (PKC) (JRC)**

Dear Judge Chen:

      This office, along with Sage Legal LLC, represents the Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced case. Plaintiff respectfully requests that Defendant, Safa Gelardi's ("Safa"), motion for a stay (ECF Docket Entry 606) pursuant to Rules 62(b) and 65 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") of the judgment entered on August 13, 2025 (ECF Docket Entry 579) be denied as it violates this Court's July 21, 2025 ECF Text Order prohibiting the parties from filing any motions, and Defendants should be sanctioned for violating that Order.

      In the unlikely event that the Court considers the substance of Safa's motion, it should be denied, and Plaintiff respectfully requests leave to file a memorandum of law in opposition to the motion for the reasons briefly stated herein.[1]

      Safa's motion must be denied because Safa refuses to post a bond or other security, which is required. Indeed, Rule 62(b) requires "providing a bond or other security" by the movant, and the Court's approval of the bond or other security. <u>See</u> Fed. Civ. P. 62(b). As explained in Allied Tr. Corp. v. Local 854 Pension Fund, 2024 U.S. Dist. LEXIS 149737 (S.D.N.Y. Aug. 21, 2024):

> The purpose of the bond requirement in FRCP 62(b) is twofold: to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment

---

[1] The motion is explicitly brought and signed only by Safa and not by Vito or IME Companions LLC ("Companions"). <u>See</u> ECF Docket Entry 606 at 1 ("PRO SE DEFENDANT SAFA GELARDI'S EMERGENCY MOTION …") and 6 (signed solely by Safa). Notably, Companions is in default. <u>See</u> October 6, 2025 ECF Text Order ("if Attorney Chapman fails to provide the information ordered on behalf of IME Companions LLC by October 20, 2025, the Court will deem him as having withdrawn as counsel and will deem IME Companions LLC as being in default. The Court will also recommend to the Attorney Disciplinary Committee for the Eastern District of New York that Attorney Chapman's admission to the bar for the Eastern District of New York be revoked").

cannot be recouped if the decision should be reversed. **The Court may exercise its discretion to waive the bond requirement "if the appellant provides an acceptable alternative means of securing the judgment.** In assessing whether the bond requirement should be waived and the other security" proposed by the appellant accepted, the Second Circuit has identified the following factors: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Id. (emphasis added; internal citations omitted).

Here, Safa requests that the Court waive her obligation to post a bond "due to 4+ years of litigation hardship—no risk to Plaintiff." However, the length of time of litigation is not a basis for the Court to waive the posting of a bond. Moreover, Safa does not explain what she means by "no risk to Plaintiff," and there *is* a risk to Plaintiff in that the Defendants have refused to pay the judgment for four (4) months and counting, and will continue to do so. This militates in favor of denying Safa's request.

Moreover, even if Safa provided a basis for the Court to consider waiving the requirement that she post a bond, she fails to propose any other security that the Court should accept in lieu of a bond. This is fatal to her motion. It is respectfully submitted that there is no other security that could ensure that Defendants will pay the judgment given (i) Defendants' failure to comply with this Court's September 25, 2024 Memorandum & Order directing Defendants to pay Plaintiff attorneys' fees and costs in connection with the contempt motion; (ii) Defendants' repeated cries of poverty; and (iii) Defendants thwarting the Court's directive for Defendants to pay Plaintiff's attorneys' fees and costs back in 2024 by entering into a rent to buy scheme with Mr. Masullo concerning Safa's and Vito's Staten Island home. See ECF Docket Entry 394; see also Xerox Corp. v. JCTB Inc., 2019 U.S. Dist. LEXIS 197748 (W.D.N.Y. Nov. 14, 2019) (denying Rule 62(b) motion for a stay without a supersedeas bond because "Defendants have not demonstrated that they have the appropriate funds available for the purposes of paying the Judgment without delay or difficulty" and "Defendants have not suggested an "'acceptable alternative means of securing the judgment'"); Frye v. Lagerstrom, No. 15 CIV. 5348 (NRB), 2018 WL 4935805, at *3 (S.D.N.Y. Oct. 10, 2018) ("the defendant avers that he is unable to pay the $33,371.98 judgment in support of his motion for a stay. The defendant's concession is determinative of the second, third, and fourth factors of the *Nassau County* framework, and assures the court that a 'bond is necessary to safeguard [the plaintiff's] recovery.'")

Additionally, Safa inappropriately seeks relief under Rule 62(b) when her motion is not made in connection with an appeal or post-judgment motion. In her instant motion, Safa refers to her "November 10, 2025 submission addressing willfulness – the basis for sanctions", but that

2

submission is not an appeal or a post-judgment motion.[2]  Indeed, courts deny Rule 62(b) motions in precisely these circumstances.  See Kruse v. Sands Bros. & Co., Ltd., No. 02-CIV.-5912 (WK), 2003 WL 203204, at *2 (S.D.N.Y. Jan. 29, 2003) (finding Rule 62(b) inapplicable and denying a motion for stay of execution of judgment after observing that the movant "[did] not articulate the ground set forth in Rule 62 on which it base[d][its] motion"); see also Whale Square Fire Litigation Greyhound Exhibitgroup, Inc. v. Elul Realty Corp., No. CV–88–3039, 1992 U.S. Dist. LEXIS 14353, at *12 (E.D.N.Y. May 13, 1992) (denying motion for stay under Rule 62(b) after observing that although the movant mentioned Rules 52(b), 59(e), and 60(b)(6), it had made no formal motion under any of those rules).

Accordingly, Safa is not entitled to relief under Rule 62(b).

Safa's motion for a stay of the judgment under Rule 65 pending this Court's decision on Plaintiff's award of damages for its most recent successful motion for contempt fares no better.

Critically, Rule 65 is inapplicable as a judgment has been entered.  See NDF1, LLC v Verwayne, 2025 U.S. Dist. LEXIS 181521 (E.D.N.Y. Sep. 15, 2025) (A preliminary injunction refers to maintaining or altering the status quo pending entry of final judgment. Here, final judgment has already been entered. There is no future Order of this Court related to the Judgment as to which an injunction could be 'preliminary'")

Moreover, Defendants have no standing.  While they argue that their "renter/purchaser" Mr. Massulo will suffer due to Plaintiff's judgment collection efforts, Defendants have no standing to raise arguments on his behalf, and Mr. Massulo has not sought any relief from this Court.  See, e.g., Universitas Educ., LLC v. Nova Group, Inc., No. 11 Civ. 1590, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013)  ("A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden").

Additionally, Defendants cannot establish irreparable harm, as they will merely lose the rental income from the property, and payment of the judgment will cease all judgment collection efforts that they complain of.  See Capital Resources, Inc. v. Prayer Tabernacle Church of Love, Inc., No. 3:17-CV-00135 (JAM), 2021 WL 4901654, at *4 (D. Conn. Oct. 21, 2021) (citing In re Taub, 470 B.R. 273, 278 (E.D.N.Y. 2012)) (holding that loss of rental income from third parties is not irreparable harm because it can be fully remedied by monetary damages).'

Accordingly, Safa's motion for a stay of the judgment must be denied.[3]

Dated: Lake Success, New York
         December 17, 2025
                                        Respectfully submitted,

---

[2] Safa has not filed, nor can she timely file, an appeal or a motion for reconsideration of the underlying decisions related to the August 13, 2025 judgment.  Nor is there any basis to file a motion under Rule 60 with regard to the judgment.

[3] Safa raises the fact that Plaintiff recently commenced a lawsuit against observers that worked for the Defendants and continue to work for the Defendants.  This has no bearing on the relief Safa seeks in her motion.  Notably, Plaintiff commenced that separate case to preserve Plaintiff's claims against the observers given this Court's filing injunction.

|  | **MILMAN LABUDA LAW GROUP PLLC** |
|---|---|
|  | /s/ Jamie S. Felsen, Esq. |
| Dated: Jamaica, New York |  |
| December 17, 2025 |  |
|  | **SAGE LEGAL LLC** |
|  | /s/ Emanuel Kataev, Esq. |

cc: Safa Gelardi & Vito Gelardi (via e-mail)

4