*** Filed ***
01:40 PM, 17 Jan, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**IME Watchdog, Inc. v. Safa Gelardi, et al**
**Case No.: 1:22-cv-01032 (PKC)(JRC)**

---

## Letter Motion for Leave to File Clarifying Submission Regarding Discovery Limitation

**Dated: January 17, 2026**

---

**Hon. Pamela K. Chen**
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Dear Judge Chen,

I respectfully submit this letter motion seeking leave to file a short clarifying submission, for the limited purpose of preserving the record with respect to the scope of discovery as outlined in the Court's April 3, 2025, Order, which stated:

> "The Court extends the close of discovery deadline to Friday, May 30, 2025, for the limited purpose of taking the deposition of Daniella Levi, exchanging documents to support Plaintiff's damages claim, and resolving any objections to Defendants' document requests."

For the avoidance of doubt, this is a record-preservation request only. I am not seeking any relief, I am not seeking reconsideration, I am not asking the Court to reopen discovery, and I am not challenging the Court's prior rulings. I respectfully request leave only to clarify the procedural history and preserve the record regarding how the April 3, 2025 discovery limitation was framed and subsequently relied upon

I understand that the docket is administratively frozen. I am not seeking to reopen discovery, delay proceedings, or reargue the Court's prior rulings. My sole intent is to ensure the record reflects the circumstances under which the above limitation was imposed.

At the April 2025 hearing, I was present but represented and therefore unable to speak. When the Court inquired why discovery had not closed, my former counsel stated that no depositions had been taken and that damages discovery remained. When asked who he intended to depose, he named only Plaintiff Daniella Levi. He did not inform the Court that, on May 10, 2023, he had served formal deposition notices for Plaintiff Levi (June 15), Carlos Roa (June 8), and Adam Rosenblatt (June 1). True and correct copies of those deposition notices are attached hereto as Exhibits B, C, and D. He also did not disclose that I had consistently requested verified financial documentation, including tax returns, to substantiate Plaintiffs' damages claims.

Following that hearing, my former counsel did not pursue even the discovery he had acknowledged. After I proceeded pro se, I successfully compelled and conducted Plaintiff Levi's deposition in August 2025. I also moved to compel the production of tax returns, but that motion was denied by Magistrate Judge Cho. Plaintiffs later submitted a "Sales by Customer Summary" as their damages evidence, which was never supported by any verified financial record.

In addition, during an August 6, 2025, discovery conference, Plaintiffs' counsel falsely stated that I had only requested the depositions of Levi and Roa—not Rosenblatt. That was not true. I immediately submitted a letter to Judge Cho on the same day correcting the record and attaching the original deposition notices. A copy of that letter is attached as Exhibit A.

Exhibit A is submitted solely to document my contemporaneous correction of a factual misstatement regarding the Rosenblatt deposition request, and not to renew or seek discovery relief.

A copy of the original email from former counsel forwarding the deposition notices is attached as Exhibit E.

I raise none of this to relitigate discovery or delay the case. I am requesting permission to file a brief clarification so the record reflects that: - The limited discovery scope in the April 3, 2025 Order was based on incomplete information; - The deposition of Rosenblatt had been formally noticed but was not disclosed to the Court; - And I took all appropriate steps, both through counsel and pro se, to obtain discovery that was ultimately never allowed or pursued.

Thank you for your time and consideration.

Respectfully submitted,
**Safa Gelardi, Vito Gelardi**
Pro Se Defendants