UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
IME WATCHDOG, INC.,

                Plaintiff,

       - against -

SAFA ABDULRAHIM GELARDI, *et al.*,

                Defendants.
--------------------------------------------------------x

           **ORDER TO SHOW CAUSE &**
    **TEMPORARY RESTRAINING ORDER**
         22-CV-1032 (PKC) (JRC)

Upon the affidavit of Carlos Roa sworn to the 11th day of February, 2026, and upon the copy of the second amended complaint hereto annexed, it is

**ORDERED**, that Defendants Safa Abdulrahim Gelardi ("Safa"), Vito Gelardi ("Vito"), and IME Companions LLC ("Companions") (collectively "Defendants"); and non-parties Direct IME Services LLC ("Direct"), Mark Purificati, Dave Segovia, Christian Hogarth, and Jeff Beiben (collectively, the "Non-Parties"), show cause before the Hon. Pamela K. Chen, U.S.D.J., of this Court to be held at the courthouse thereof, located at 225 Cadman Plaza East, Courtroom 4F North, Brooklyn , NY 11201, on the 3rd day of March, 2026 at 2 o'clock in the afternoon thereof, or as soon thereafter as counsel may be heard, why an Order should not be issued:

    (a)    preliminarily enjoining Defendants and the Non-Parties, and any persons or entities acting in concert with or on behalf of Defendants or the Non-Parties, from serving customers on the Enjoined Customers List ("ECL") (filed at Dkt. 180-7);

    (b)    preliminarily enjoining Defendants and the Non-Parties, and any persons or entities acting in concert with or on behalf of the Defendants or the Non-Parties, from using in any manner whatsoever Plaintiff IME Watchdog, Inc.'s trade secrets and confidential and proprietary information (including, without limitation, Plaintiff's customer database, including the identity

and contact information of Plaintiff's customers, or any other information regarding Plaintiff's customers, clients, transactions, financial information, or other matters involving Plaintiff);

(c)      directing Defendants and the Non-Parties, and any persons or entities acting in concert with or on behalf of the Defendants or the Non-Parties, to return to Plaintiff all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain Plaintiff's trade secrets and confidential and proprietary information (including, without limitation, Plaintiff's customer database, including the identity and contact information of Plaintiff's customers, and for each customer of Plaintiff the services offered and payments received from Plaintiff's customers, and/or other matters involving Plaintiff and which Defendants obtained or accessed, including without limitation information regarding Plaintiff's customers, clients, transactions, financial information, or other information involving Plaintiff) with the use of an independent third-party monitor to be paid for by Defendant and the Non-Parties;

(d)      directing Defendants and the Non-Parties, and any persons or entities acting in concert with or on behalf of the Defendants or the Non-Parties, to make all electronic accounts that are in their custody or control and on which they stored information regarding Plaintiff's trade secrets and confidential or proprietary information available and accessible to Plaintiff (including providing relevant passwords) to inspect to ensure Plaintiff's trade secrets and confidential and proprietary information is secure and has not been improperly copied or distributed and to determine all violations of this Court's Orders;

(e)      directing Defendants and the Non-Parties, and any persons or entities acting in concert with or on behalf of the Defendants or the Non-Parties, to pay for a forensic analysis of their digital devices;

2

(f)      issuing a Court-Authorized Notice to customers on the ECL to the effect that Defendants and the Non-Parties, and any persons or entities acting in concert with or on behalf of the Defendants or the Non-Parties, are preliminarily enjoined from providing any services to them;

(g)      preliminarily enjoining Defendants and the Non-Parties, and any persons or entities acting in concert with or on behalf of the Defendants or the Non-Parties, from contacting any of Plaintiff's clients and/or individuals currently performing services for Plaintiff;

(h)      directing Defendants and the Non-Parties, and any persons or entities acting in concert with or on behalf of the Defendants or the Non-Parties, to place a public notice on the home page of any website operated by them with the Court-Authorized Notice; and

(i)      preliminarily enjoining Defendants and the Non-Parties, and any persons or entities acting in concert with or on behalf of the Defendants or the Non-Parties, from operating Companions or Direct due to Defendants' prior and continued contempt of this Court's Orders; and

(j)      holding Safa and Vito in civil or *criminal* contempt for disobeying this Court's prior Orders by operating Direct as yet another successor entity to Companions in order to continue using Plaintiff's trade secrets and confidential and proprietary information and to serve customers on the ECL; and it is further

**ORDERED**, that sufficient reason having been shown, therefore, pending the hearing, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants and the Non-Parties, and any persons or entities acting in concert with or on behalf of the Defendants or the Non-Parties, are hereby preliminarily restrained and enjoined from:

(a)      serving customers on the ECL;

3

(b)     using in any manner whatsoever Plaintiff's trade secrets and confidential and proprietary information (including, without limitation, Plaintiff's customer database, including the identity and contact information of Plaintiff's customers, or any other information regarding Plaintiff's customers, clients, transactions, financial information, or other matters involving Plaintiff);

(c)     contacting Plaintiff's clients and/or agents;

(d)     continuing to operate Direct or any other IME company; and

(e)     destroying any documents, whether in hard copy and/or other electronic media format, that are presently in Defendants' or the Non-Parties' personal or corporate possession relating to Plaintiff, Companions, Direct, IMEs, or any other matter relevant to this case; and it is further

**ORDERED**, that good cause has been shown to extend this Temporary Restraining Order beyond the ordinary 14-day period, per Rule 65(b)(2) of the Federal Rules of Civil Procedure, to remain in effect until the hearing on March 3, 2026; and it is further

**ORDERED**, that pending the hearing for this matter, Plaintiff shall be permitted to conduct discovery on an expedited basis against Defendants, the Non-Parties, and any persons or entities acting in concert with or on behalf of Defendants or the Non-Parties, including obtaining documents from them and taking depositions in aid of the requested injunctive relief, and it is further

**ORDERED**, that personal service of a copy of this Order, along with the papers upon which it is based, shall be made upon Defendants via ECF and the Non-Parties via ECF in the case against them in the United States District Court for the Southern District of New York, *IME Watchdog, Inc. v. Beiben, et al.*, No. 25-CV-10218 (VSB) (RFT); as well as upon Defendants and

4

the Non-Parties by email and overnight delivery to their last known addresses, on or before the

14th day of February, 2026, and such service shall be deemed good and sufficient service thereof;

and it is further

**ORDERED**, that Defendants and the Non-Parties must file their answering papers, if any,

on or before February 25, 2026; Plaintiff's reply, if any, shall be filed on or before March 2, 2026.


SO ORDERED.


/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: February 12, 2026
       Brooklyn, New York