*** Filed ***
11:11 PM, 17 Feb, 2026
U.S.D.C., Eastern District of New York

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

IME WATCHDOG, INC.,

     Plaintiff,

  -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI, et al.,

     Defendants.

------------------------------------------------------------X

Case No. 22-CV-1032 (PKC) (JRC)

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S ORDER TO SHOW CAUSE

## FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

## AND CROSS-REQUEST FOR PROTECTIVE RELIEF

### PRELIMINARY REQUEST: DECIDE ON THE PAPERS; EXCUSE PERSONAL APPEARANCE (RULE 78(b))

Defendants respectfully request that the Court decide Plaintiff's OSC/TRO/PI application on the written submissions and exhibits pursuant to Fed. R. Civ. P. 78(b) and excuse Defendants' personal appearance; in the alternative, permit telephonic appearance. This OSC presents no evidentiary emergency requiring live testimony. It turns on threshold defects apparent on the face of Plaintiff's papers: (i) Plaintiff still cannot identify a single transaction-specific Enjoined Customers List ("ECL") violation by Defendants; and (ii) Plaintiff admits it needs additional discovery and a forensic examination to "likely link" alleged IMEs to Defendants later. (ECF 621 at 7). Plaintiff's declarant likewise concedes that "the financial records do not state who Defendants provided IME observer services for." (Roa Decl. ¶ 7, ECF 622). Defendants will not call witnesses and submit this record as a complete hearing replacement.

**WHY DENIAL IS THE ONLY RULE 65–COMPLIANT RESULT (ORDER-READY SUMMARY)**

**No customer mapping (fatal defect).** Plaintiff provides no customer-by-customer mapping tying any alleged ECL customer transaction to Defendants—no booking request to Defendants, no Defendants' invoice, no payment trace, and no exhibit-page index showing otherwise.

**Plaintiff admits it lacks proof now and seeks it later.** Plaintiff concedes it needs "additional formal discovery, including a forensic examination," which "will likely link these IMEs to Defendants." (ECF 621 at 7). Rule 65 does not authorize "injunction now, proof later."

**Plaintiff's own financial exhibits do not identify customers.** Roa admits the financial records do not state who services were for. (Roa Decl. ¶ 7). Banking entries cannot substitute for customer identity or transaction mapping.

**Mandatory relief is legally unavailable on this record.** Plaintiff seeks mandatory, intrusive relief—expanded restraints, non-party reach, compelled access/forensics, and contempt-style per-diem coercion—without the heightened showing required. Tom Doherty; No Spray.

**Rule 65(d) and Rule 65(d)(2) bar Plaintiff's overreach.** Enforcing by an undisclosed/shifting ECL list creates a contempt trap (Rule 65(d)), and non-parties cannot be bound absent proof of agency/active concert with notice (Rule 65(d)(2)). Schmidt; Corning; Alemite; Regal Knitwear.

**Transparency shows the mismatch.** Defendants voluntarily produced Ex. E (Sales by Customer Summary) for transparency. It reflects limited non-ECL activity and contains no ECL mapping; Ex. I reflects the Zemsky item as an old receivable; Exs. C–D show Greenberg payments in 2025 for 2023 IMEs (collections timing ≠ new work).

**The July 11 record shows what real proof looks like—Plaintiff has none.** Ex. A is a contemporaneous booking/invoice record for a July 11, 2025 Kuller IME. It shows what transaction-level proof looks like when lawful work occurs. Plaintiff cannot provide comparable booking/invoice/payment proof tying any ECL transaction to Defendants.

**Subpoena end-run confirms gamesmanship.** Ex. K (Chase notice/subpoena), Ex. J (Block/Cash App notices), and Ex. G (QuickBooks/Intuit subpoena materials) show broad financial fishing repurposed as TRO 'evidence' after discovery closed, yet still no mapped ECL transaction.

These defects are not curable by argument at a hearing. Either Plaintiff can supply a transaction-level Customer-Mapping Index—ECL customer, IME date, who retained/paid, and the exhibit page proving Defendants' booking/invoice/payment trace—or it cannot. On this record, it cannot. An injunction enforceable only by reference to an undisclosed or shifting list fails Rule 65(d) and invites contempt litigation in place of proof. Schmidt; Corning.

**PRELIMINARY STATEMENT**

This OSC seeks extraordinary emergency relief in a case litigated for years and now in a case-ending sanctions/default posture. Yet Plaintiff still cannot do the one thing Rule 65 requires in a customer-list enforcement theory: identify a specific enjoined-customer transaction performed by Defendants and support it with transaction-level proof. Plaintiff instead asks the Court to bridge the evidentiary gap with inference, public docket labels, and broad financial entries that do not identify customers.

Plaintiff's own papers concede the absence of the required linkage. Plaintiff says additional discovery and a forensic examination will "likely link" alleged IMEs to Defendants. (ECF 621 at 7). Roa confirms the same gap: the financial records do not state who services were provided for. (Roa Decl. ¶ 7). Rule 65 does not permit discovery-by-injunction, and it does not permit mandatory relief to issue on speculation.

Plaintiff also attempts to litigate optics rather than proof—asserting a "lavish lifestyle" while filing exhibits reflecting modest wages (Ex. F) and delinquent/closed consumer credit accounts. Whatever Plaintiff's rhetoric, gross deposits do not equal net income and do not identify customers. Payment dates do not establish IME dates; IME dates do not establish who retained/paid.

Plaintiff's Kuller discussion is emblematic: rather than transaction proof, Plaintiff offers counterfactual affiliation allegations ("would have utilized Plaintiff") based on prior employment at another firm. Counterfactuals are not irreparable harm and not proof of a mapped ECL transaction.

**FACTUAL BACKGROUND (LIMITED TO WHAT MATTERS FOR RULE 65)**

A. Plaintiff's burden is transaction mapping. Plaintiff must identify a specific ECL customer transaction allegedly performed by Defendants and support it with a booking request, Defendants' invoice, and a customer payment trace. Plaintiff provides no mapping index.

B. Defendants' voluntary transparency shows limited lawful activity. Ex. E was produced voluntarily for transparency and does not map to ECL customers. Ex. I reflects the Zemsky item as an old receivable; Exs. C–D show Greenberg payments in 2025 for 2023 IMEs.

C. The July 11 record shows what proof looks like. Ex. A is a contemporaneous booking/invoice record for a July 11, 2025 IME for Kuller, documenting booking and coverage. Plaintiff cannot provide comparable proof for any alleged ECL IME tied to Defendants.

D. Subpoena sweep. Ex. K contains Chase's notice letter dated 12/24/2025 and a state-court subpoena duces tecum (return date 1/5/2026) seeking broad financial categories. Ex. J contains Block/Cash App subpoena notices; Ex. G contains QuickBooks/Intuit subpoena materials. Despite this breadth, Plaintiff still cannot map an ECL transaction to Defendants.

E. Overbreadth affects non-ECL work. Ex. H reflects enforcement affecting non-ECL work (Gabrielle Law correspondence/cancellation), underscoring the need for narrow tailoring and protection against restraints beyond proven ECL customers.


## LEGAL STANDARD

A TRO/PI is an extraordinary remedy. Plaintiff must show irreparable harm and either (i) likelihood of success or (ii) sufficiently serious questions going to the merits plus a balance of hardships tipping decidedly in Plaintiff's favor. Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30 (2d Cir. 2010). Irreparable harm must be actual and imminent. Winter v. NRDC, 555 U.S. 7, 22 (2008); Salinger v. Colting, 607 F.3d 68 (2d Cir. 2010); Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009).

Mandatory relief requires a heightened showing. Tom Doherty Assocs., Inc. v. Saban Entm't, Inc., 60 F.3d 27, 33–34 (2d Cir. 1995); No Spray Coal., Inc. v. City of New York, 252 F.3d 148, 150–54 (2d Cir. 2001). Rule 65(d) requires specificity; non-parties may be bound only upon Rule 65(d)(2) proof of active concert with notice. Schmidt; Corning; Alemite; Regal Knitwear. Contempt/per-diem coercion requires clear-and-convincing proof. Paramedics; King.


## APPENDIX A: RULE 65 CHECKLIST (BENCH-MEMO FORMAT)

Appendix A is provided as a bench checklist; Exhibit 1 provides the allegation-to-proof mapping.

• 1. Irreparable harm: no mapped ECL transaction; Plaintiff admits it needs forensics to 'likely link' later. DENY.

• 2. Merits/serious questions: Roa admits records don't identify customers; no booking/invoice/payment trace; no mapping. DENY.

• 3. Mandatory relief: heightened standard not met. DENY.

• 4. Rule 65(d) specificity: undisclosed/shifting list enforcement is improper. DENY.

• 5. Rule 65(d)(2) non-parties: no agency/active-concert proof + notice; non-party declarations confirm independence. DENY.

• 6. Contempt/per-diem: no clear-and-convincing proof of a specific violation. DENY.

**EXHIBIT 1: ALLEGATION → CITED EVIDENCE/PAGE → MISSING LINK → RULE 65 CONSEQUENCE (MATRIX)**

| Allegation | Plaintiff's cited support | Missing link | Rule 65 consequence |
|---|---|---|---|
| Need forensics to 'likely link' IMEs. | ECF 621 at 7. | Admission of missing proof now; no ECL mapping. | Mandatory relief fails heightened standard; DENY. |
| Bank exhibits prove violations. | Roa Decl. ¶7; ECF 622. | No customer identity; payment dates ≠ IME dates; no trace. | Fails merits/irreparable harm; DENY. |
| Direct/active concert / alter-ego. | ECF 621; formation papers. | No agency/direction/control proof; Rule 65(d)(2) not satisfied. | Non-party restraints improper; DENY. |
| Zemsky/Bergman/Kuller accusations. | ECF 621 at 5–6. | No booking/invoice/payment trace from ECL customer to Defendants. | No likelihood/serious questions; DENY. |
| Subpoena production proves violations. | Ex. K; Ex. J; Ex. G. | Collateral fishing repurposed; still no mapping; prejudice. | Foundation/privacy problems; DENY. |
| Per-diem/coercive sanctions. | ECF 621 at 10–13. | No clear-and-convincing proof of specific violation. | Paramedics/King not met; DENY. |

**ARGUMENT (HEADINGS TRACK MATRIX)**

**I. PLAINTIFF PROVIDES NO CUSTOMER MAPPING AND ADMITS IT NEEDS FORENSICS TO LINK LATER. Legal consequence: DENY.**

Plaintiff seeks emergency enforcement of a customer-list restraint without providing the customer-by-customer index Rule 65 requires. In a customer-specific injunction case, the proof

must be transaction-specific. Plaintiff must identify the enjoined customer, date/IME, who retained/paid, and where in the record the booking/invoice/payment trace ties that transaction to Defendants. Plaintiff provides none.

Plaintiff's admissions confirm the absence of proof. Plaintiff says it needs additional discovery and a forensic examination that will 'likely link' alleged IMEs later. (ECF 621 at 7). Roa admits the bank records do not state who services were provided for. (Roa Decl. ¶7). Rule 65 does not permit relief to issue on hoped-for future linkage. DENY.

This defect defeats both merits and irreparable harm. Without a mapped transaction, Plaintiff cannot show likelihood of success or serious questions on the merits, and it cannot show that any imminent harm is caused by a demonstrated violation. DENY.


## II. PLAINTIFF'S DIRECT/NON-PARTY THEORY FAILS UNDER RULE 65(d)(2) AND ITS RELIEF IS MANDATORY. Legal consequence: DENY.

Plaintiff attempts to convert independent non-party activity into Defendants' alleged violation. Rule 65(d)(2) imposes a strict boundary: non-parties may be bound only upon proof of active concert with actual notice. Formation papers and overlapping names do not establish agency, direction, or control; public docket labels do not establish who retained or paid. DENY.

Plaintiff's requested relief is mandatory and intrusive. It seeks expanded restraints, compelled access to accounts, compelled forensics, and coercive mechanisms. Mandatory injunctions are disfavored and require a clear showing. Tom Doherty; No Spray. Where Plaintiff cannot even map a single ECL transaction to Defendants, the heightened standard cannot be met. DENY.

To the extent Plaintiff invokes "alter-ego" labels, that is not evidence. At the TRO stage, Plaintiff must present admissible, transaction-level proof that a non-party is acting at Defendants' direction or under their control, and that the challenged acts fall within the scope of the operative injunction. Absent such proof, an order reaching non-parties would exceed Rule 65(d)(2) and would be unenforceable. Alemite; Regal Knitwear. DENY.


## III. PLAINTIFF'S BANK/OPTICS THEORY FAILS; IT DOES NOT PROVE AN ECL TRANSACTION OR IRREPARABLE HARM. Legal consequence: DENY.

Plaintiff's bank-based narrative cannot substitute for transaction proof. Roa's admission forecloses any attempt to treat banking entries as customer mapping. (Roa Decl. ¶7). Payment dates do not establish IME dates; IME dates do not establish who retained or paid; none of it identifies an ECL transaction by Defendants. DENY.

Plaintiff's 'lavish lifestyle' rhetoric is contradicted by its own exhibits reflecting modest wages (Ex. F) and delinquent/closed consumer accounts, and is not probative of Rule 65 irreparable harm. Rule 65 focuses on demonstrated violations and imminent harm, not optics. Winter; Salinger; Faiveley. DENY.

## IV. RULE 65(d) SPECIFICITY: ENFORCEMENT BY UNDISCLOSED/SHIFTING LIST IS IMPROPER. Legal consequence: DENY.

Rule 65(d) requires restrained acts be stated 'specifically' and in 'reasonable detail.' Schmidt; Corning. A customer-specific injunction is enforceable only if the operative list is identified and stable. Plaintiff does not attach or prove the operative ECL list and does not map transactions to customers. That creates an impermissible contempt trap. DENY.

Plaintiff's Kuller theory relies on counterfactual affiliation ("would have utilized Plaintiff"), not an identified transaction. Counterfactuals cannot satisfy Rule 65. DENY.

## V. PER-DIEM/CONTEMPT-LIKE COERCION IS IMPROPER WITHOUT CLEAR-AND-CONVINCING PROOF. Legal consequence: DENY.

Plaintiff seeks contempt-like coercion and per-diem fines. Such relief requires clear and convincing proof of a specific violation of a clear order. Paramedics; King. Plaintiff offers no mapped ECL transaction and no specific post-order violation tied to an identified enjoined customer. Coercive relief cannot be imposed on an inference-based TRO record. DENY.

## VI. SUBPOENA FOUNDATION & PRIVACY (RULE 5.2): COLLATERAL SUBPOENAS REPURPOSED AS TRO 'EVIDENCE.' Legal consequence: DENY.

Ex. K reflects broad subpoena activity seeking months of bank statements, employer information, and other account types. Ex. J reflects Cash App/Block subpoena notices. Ex. G reflects QuickBooks/Intuit subpoena materials. These are collateral financial sweeps, not customer mapping. Repurposing them as TRO 'evidence' does not supply the required mapping and increases prejudice when sensitive records are publicly filed. DENY.

The subpoena record underscores the mismatch between what Plaintiff requested and what Plaintiff must prove. Ex. K shows a state-court subpoena duces tecum that seeks broad categories of personal financial information (including months of statements and employer information) rather than any customer-specific proof. Even if such collection-style or collateral subpoenas are permissible in their own lane, they do not identify ECL customers, do not establish that any payment corresponds to an IME date, and do not establish that any payment was for services to

an enjoined customer. Using this production as a substitute for a Customer-Mapping Index is precisely the "injunction now / proof later" approach Rule 65 forbids.

Protective relief is warranted: the Court should decline reliance on such materials for emergency Rule 65 relief absent proper foundation and require sealing/striking of irrelevant sensitive pages consistent with Rule 5.2. DENY.


**BALANCE OF EQUITIES AND PUBLIC INTEREST. Legal consequence: DENY.**

The balance of equities favors denying expanded restraints and mandatory relief on a speculative record. Defendants' exhibits show modest wages (Ex. F) and limited lawful non-ECL activity voluntarily disclosed (Ex. E), while Plaintiff offers no mapped violation. Equity disfavors injunctions that chill lawful work based on inference and that extend beyond proven enjoined customers.

The public interest is served by orders that are enforceable and specific (Rule 65(d)) and by refusing to convert emergency injunctive practice into a substitute for discovery. When a party seeks mandatory relief to search for proof after the fact, the public interest favors denial.

If the Court nevertheless considers any restraint, it should be strictly limited to identified ECL customers proved by transaction mapping and conditioned on a meaningful security under Rule 65(c). A bond is especially warranted where Plaintiff seeks to restrict lawful non-ECL work and where Plaintiff's evidentiary showing rests on inference rather than mapped transactions.


**VII. CUSTOMER-MAPPING INDEX REQUIREMENT AND HEARING NECESSITY. Legal consequence: DENY.**

If Plaintiff seeks any customer-specific restraint, the minimum prerequisite is a customer-mapping index identifying: (i) the alleged ECL customer; (ii) the date/IME; (iii) who retained/paid; and (iv) the exhibit page proving Defendants' booking/invoice/payment trace. Plaintiff provides none. A hearing cannot substitute for missing transaction proof in Plaintiff's possession. Where Plaintiff admits it needs discovery to 'likely link' later and its declarant admits the records do not identify customers, live testimony will not cure the structural Rule 65 defect.

Accordingly, the Court can deny the OSC on the papers. If the Court nevertheless elects to hold a hearing, it should be limited to legal argument and to whether Plaintiff can present a transaction-specific mapping index tied to Defendants.

The Court should not allow emergency practice to become the mechanism for extending proceedings and pressuring Defendants through public disclosure of private records. Rule 65 is

designed to prevent immediate, proven harm—not to provide leverage while Plaintiff searches for a theory that fits the evidence.

Plaintiff's reliance on broad subpoena production (bank/credit, QuickBooks/Intuit, and payment-app records) underscores that Plaintiff has pursued the maximum intrusion available without producing the minimum proof required: a mapped ECL transaction tied to Defendants. That mismatch supports denial of mandatory relief and supports protective relief for sensitive materials.

### VIII. DELAY AND RECORD MISMATCH UNDERMINE ANY CLAIM OF 'ACTUAL AND IMMINENT' IRREPARABLE HARM. Legal consequence: DENY.

Ex. K reflects that Chase's notice letter is dated 12/24/2025 and the subpoena return date is 1/5/2026. Plaintiff nevertheless filed the TRO/PI application on 2/11/2026. This timing undermines any claim of an 'actual and imminent' emergency requiring mandatory relief. Faiveley; Winter; Salinger. If Plaintiff possessed transaction-level proof of an ECL violation, it would have been presented directly as mapping evidence; instead, Plaintiff seeks relief first and admits it needs forensics to 'likely link' later.

The delay is especially significant given Plaintiff's request for extraordinary mandatory measures (forensics, passwords/account access, non-party restraints, per-diem coercion). Emergency relief is not warranted where the moving party has relied on broad financial sweeps for months yet still cannot identify a mapped violation tied to Defendants.

### CONCLUSION

Plaintiff's own framing confirms why denial is appropriate now: Plaintiff admits it needs further discovery and forensics to 'likely link' later, and its declarant admits the records do not identify customers. Those admissions are incompatible with emergency mandatory relief, non-party restraints, and contempt-style coercion. The record supports denial without an evidentiary hearing.

After years of litigation and unusually intrusive third-party subpoenas and financial productions, Plaintiff still cannot identify a single transaction-specific ECL violation by Defendants supported by a booking request, Defendants' invoice, and a customer payment trace. Plaintiff admits it needs forensics to 'likely link' later. (ECF 621 at 7). Roa admits the financial records do not identify customers. (Roa Decl. ¶7). Mandatory relief is sought without the heightened showing; non-party restraints are sought without Rule 65(d)(2) compliance; contempt-style coercion is sought without clear-and-convincing evidence. Rule 65 compels denial.

That is equally true of Plaintiff's "Direct IME" theory. Plaintiff asks the Court to treat non-party activity as Defendants' conduct without transaction-level proof of direction, control, or agency, and without a mapped ECL violation. Rule 65(d)(2) does not permit an emergency order to bind

non-parties based on labels; it requires proof. Absent proof, the Court should not expand restraints, compel invasive account access, or order forensics in hopes that evidence will surface later.

Defendants respectfully request that the Court deny Plaintiff's TRO and PI in full, deny all mandatory and coercive relief, decide the matter on the papers under Rule 78(b) (or permit telephonic appearance), and grant protective relief requiring appropriate sealing/striking of irrelevant sensitive financial materials.

**WHEREFORE (NUMBERED RELIEF)**

1) DENY Plaintiff's request for a TRO and preliminary injunction;

2) DENY Plaintiff's request for contempt, per-diem fines, and coercive sanctions;

3) DENY mandatory relief (forensics, passwords/account access, expedited discovery) and DENY any restraints aimed at non-parties absent Rule 65(d)(2) proof;

4) Decide the OSC on the papers under Rule 78(b) and excuse personal appearance (or permit telephonic appearance);

5) Require subpoena foundation to be filed under seal and strike/seal irrelevant private financial materials consistent with Rule 5.2;

6) Require a meaningful Rule 65(c) bond for any injunction; and

7) Grant such other and further relief as the Court deems just and proper.

Dated: February 17, 2026

Respectfully submitted,

/s/ Safa Gelardi

/s/ Vito Gelardi

# Defendants Exhibits

Ex. A- July 11, 2025, booking record/invoice for Rafael Cuevas/ Kuller IME (NOT on ECL list)

Ex. B- Email to Kuller requesting payment for outstanding balance

Ec. C- Invoices from Jason Greenberg showing payment for 2023 exams in 2025

Ex. D- Stmt for Jason Greenberg proving payments made in 2025 for IMEs conducted in 2023

Ex. E- Sales by Customer Summary (Volunteered)

Ex. F- Paystubs

Ex. G- Quick Books subpoena

Ex. H- Gabrielle Law Correspondence/ cancellation email reflecting overbroad enforcement against non ECL work.

Ex. I -Zemsky invoice showing $ collected in for invoice (old receivable)

Ex. J- Block/Cash App subpoena notice emails (showing breadth of third-party subpoenas).

Ex. K-Chase notice letter (12/24/2025) and NY Supreme Court, Kings County subpoena

duces tecum (Index No. 22-CV-1032; return date 1/5/2026) (subpoena foundation and scope).

Ex. L- Kuller Law formation proof (NYDOS filing)

Ex. M- Email from Adam Rosenblatt

# EXHIBIT A

# INVOICE

**IME Companions**
26118 Crosswood Trails Ln
Cypress, TX 77433-1348

info@imecompanions.com
+1 (833) 463-7767
www.imecompanions.com



**IME COMPANIONS**

**Bill to**
Celeste Lopez
Kuller Law Firm
1539 Franklin Avenue
Suite 101
Mineola, NY 11501

**Ship to**
Celeste Lopez
Kuller Law Firm
1539 Franklin Avenue
Suite 101
Mineola, NY 11501

**Invoice details**

Invoice no.: 6058
Terms: Due on receipt
Invoice date: 07/11/2025
Due date: 07/11/2025

| # | Date | Product or service | Description | Qty | Rate | Amount |
|---|------|--------------------|-------------|-----|------|--------|
| 1. | 07/11/2025 | **IME Companion** | Rafael Cuevas - 1 hour 42 Richmond Terrrace Staten Island NY 10301 (Dr. John Xethalis) | 1 | $220.00 | $220.00 |

## Ways to pay

VISA  MasterCard  DISCOVER  BANK  PayPal  venmo

## Note to customer

We appreciate your business and look forward to helping you again soon.

| | |
|---|---|
| **Total** | **$220.00** |
| Payment | -$220.00 |
| **Balance due** | **$0.00** |
| | **Paid in Full** |

 Outlook

---

**Rafael Cuevas - Def IME - 1306.RJ**

---

**From** Celeste Lopez <clopez@kullerlawfirm.com>

**Date** Tue 7/8/2025 11:06 AM

**To** IME Companions <info@imecompanions.com>

Hi Safa,

Can you please Schedule an IME companion to attend clients Defendant IME this Friday, 7/11 at 9am.

Dr. Mikhail Leyderman
42 Richmond Terrace, Staten Island, New York 10301

His phone number is: (347) 844-1374

Thank you,

Celeste Lopez
*Paralegal/Calendar Clerk*
**KULLER LAW FIRM, LLP**
One Old Country Road
Suite 270
Carle Place, New York 11514
T: (516) 540-2000
F: (516) 540-2002
clopez@kullerlawfirm.com

Kuller Law Firm, LLP  does not guarantee the confidentiality of electronic mail or other communications through the site to the firm or any of its attorneys. If the reader or recipient of the communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received the communication in error, please notify the sender immediately by return e-mail. The unauthorized use, dissemination, distribution, or reproduction of e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

# EXHIBIT B

 Outlook

---

**IME Companions – Catching Up Invoices**

---

**From** IME Companions <info@imecompanions.com>
**Date** Fri 11/14/2025 10:58 AM
**To** Celeste Lopez <clopez@kullerlawfirm.com>

Hi Celeste,

Thank you again for taking the time to speak with me the other day – I really appreciate it.

As we discussed, there are several IME Companions invoices still outstanding, including some that go back to **2023**. As of today, the total past-due balance is **$12,205**, and all related invoices have been sent to your office (I'm happy to resend a statement if that's helpful).

To keep everything clean and current for your clients' IMEs, I'm kindly asking if we can **bring all 2023 and 2024 invoices current today**. That would really help me on my end with cash flow and allow us to continue supporting your firm's cases smoothly.

If there's any issue with paying the full amount today, please let me know what your accounting team can do and on what dates, and I'll do my best to work with you.

Thank you so much for your attention to this and for the trust you've placed in IME Companions. I truly value our relationship with your firm.

Warm regards,
**Safa Gelardi**
IME Companions

# EXHIBIT C

# INVOICE

**IME Companions**
26118 Crosswood Trails Ln
Cypress, TX 77433 1348

info@imecompanions.com
+1 (833) 463 7767
www.imecompanions.com



**Bill to**
Jason Greenberg
Law Office of Jason Greenberg
30 S Ocean Ave
Freeport, New York 11520

**Ship to**
Jason Greenberg
Law Office of Jason Greenberg
30 S Ocean Ave
Freeport, New York 11520

**Invoice details**

Invoice no.: 6045

Terms: Due on receipt

Invoice date: 08/05/2025

Due date: 08/05/2025

IME Doctor: Dr. David Essig

| # | Date | Product or service | Description | Qty | Rate | Amount |
|---|------|--------------------|-------------|-----|------|--------|
| 1. | 08/07/2023 | **IME Companion** | ███████████ | 1 | $175.00 | $175.00 |
| 2. | | **Additional half hour** | | 3 | $45.00 | $135.00 |

## Ways to pay

VISA · MasterCard · DISCOVER · BANK · PayPal · venmo

| | |
|---|---|
| **Total** | **$310.00** |
| Payment | $310.00 |
| **Balance due** | **$0.00** |

**Paid in Full**

## Note to customer

We appreciate your business and look forward to helping you again soon.

# INVOICE

**IME Companions**
26118 Crosswood Trails Ln
Cypress, TX 77433 1348

info@imecompanions.com
+1 (833) 463 7767
www.imecompanions.com



**Bill to**
Jason Greenberg
Law Office of Jason Greenberg
30 S Ocean Ave
Freeport, New York 11520

**Ship to**
Jason Greenberg
Law Office of Jason Greenberg
30 S Ocean Ave
Freeport, New York 11520

**Invoice details**

Invoice no.: 6010
Terms: Due on receipt
Invoice date: 05/09/2025
Due date: 05/09/2025

IME Doctor: Dr. Charla Fischer
IME Companion: Christian

| # | Date | Product or service | Description | Qty | Rate | Amount |
|---|------|-------------------|-------------|-----|------|--------|
| 1. | 04/10/2023 | **IME Companion** | ▮▮▮▮▮▮ | 1 | $175.00 | $175.00 |

### Ways to pay

| | Total | **$175.00** |
|---|---|---|
| | Payment | -$175.00 |
| | **Balance due** | **$0.00** |

## Note to customer
We appreciate your business and look forward to helping you again soon.

**Paid in Full**

# INVOICE

**IME Companions**
26118 Crosswood Trails Ln
Cypress, TX 77433 1348

info@imecompanions.com
+1 (833) 463 7767
www.imecompanions.com



| Bill to | Ship to |
| --- | --- |
| Jason Greenberg | Jason Greenberg |
| Law Office of Jason Greenberg | Law Office of Jason Greenberg |
| 30 S Ocean Ave | 30 S Ocean Ave |
| Freeport, New York 11520 | Freeport, New York 11520 |

**Invoice details**

Invoice no.: 6032
Terms: Due on receipt
Invoice date: 05/19/2025
Due date: 05/19/2025

IME Doctor: Dr. Warren Cohen

| # | Date | Product or service | Description | Qty | Rate | Amount |
| --- | --- | --- | --- | --- | --- | --- |
| 1. | 06/27/2023 | **IME Companion** | ███████████ ███████████ | 1 | $175.00 | $175.00 |
| 2. | | **Additional half hour** | | 5 | $45.00 | $225.00 |

## Ways to pay

| | | |
| --- | --- | --- |
| Subtotal | | $400.00 |
| Discount | | $50.00 |
| **Total** | | **$350.00** |
| Payment | | $350.00 |
| **Balance due** | | **$0.00** |

Note to customer
We appreciate your business and look forward to helping you again soon.

**Paid in Full**

# INVOICE

**IME Companions**
26118 Crosswood Trails Ln
Cypress, TX 77433 1348

info@imecompanions.com
+1 (833) 463 7767
www.imecompanions.com



**Bill to**
Jason Greenberg
Law Office of Jason Greenberg
30 S Ocean Ave
Freeport, New York 11520

**Ship to**
Jason Greenberg
Law Office of Jason Greenberg
30 S Ocean Ave
Freeport, New York 11520

**Invoice details**

Invoice no.: 6037
Terms: Due on receipt
Invoice date: 05/19/2025
Due date: 05/19/2025

IME Doctor: Dr. Brian De Muth
IME Companion: Christian

| # | Date | Product or service | Description | Qty | Rate | Amount |
|---|------|--------------------|-------------|-----|------|--------|
| 1. | 05/22/2023 | **IME Companion** | ███████████ ███████████ ███ | 1 | $175.00 | $175.00 |

## Ways to pay

VISA  MasterCard  DISCOVER  BANK  PayPal  venmo

### Note to customer

We appreciate your business and look forward to helping you again soon.

| Total | **$175.00** |
|-------|-------------|
| Payment | -$175.00 |
| **Balance due** | **$0.00** |

**Paid in Full**

# INVOICE

**IME Companions**

26118 Crosswood Trails Ln

Cypress, TX 77433 1348

info@imecompanions.com

+1 (833) 463 7767

www.imecompanions.com



**Bill to**

Jason Greenberg

Law Office of Jason Greenberg

30 S Ocean Ave

Freeport, New York 11520

**Ship to**

Jason Greenberg

Law Office of Jason Greenberg

30 S Ocean Ave

Freeport, New York 11520

**Invoice details**

Invoice no.: 6035

Terms: Due on receipt

Invoice date: 05/23/2025

Due date: 05/23/2025

IME Doctor: Dr. Hugh Selznick

| # | Date | Product or service | Description | Qty | Rate | Amount |
|---|------|--------------------|-------------|-----|------|--------|
| 1. | 06/27/2023 | **IME Companion** | ██████████ ██████████ ███ | 1 | $175.00 | $175.00 |
| 2. | | **Additional half hour** | | 3 | $45.00 | $135.00 |

### Ways to pay



| | |
|---|---|
| **Total** | **$310.00** |
| Payment | $310.00 |
| **Balance due** | **$0.00** |

**Paid in Full**

### Note to customer

We appreciate your business and look forward to helping you again soon.

# EXHIBIT D

 Gmail

**Safa Gelardi <safagelardi@gmail.com>**

---

## Statement from IME Companions
1 message

---

**IME Companions** <quickbooks@notification.intuit.com>          Fri, Feb 13, 2026 at 6:54 PM
Reply-To: info@imecompanions.com
To: safagelardi@gmail.com

Dear Jason Greenberg,

Your statement is attached. Please remit payment at your earliest convenience.
Thank you for your business - we appreciate it very much.

Have a great day!
IME Companions

```
-------------------------------- Statement --------------------------------
```

26118 Crosswood Trails Ln
Cypress, TX  77433-1348 USA
+18334637767
www.imecompanions.com

Statement #:  1084
Date:         02/14/2026

To:
Jason Greenberg
Law Office of Jason Greenberg
30 S Ocean Ave
Freeport, New York  11520

```
  IME Date      Location        Amount        Received
 05/09/2025 Invoice #6010        175.00         175.00
 05/19/2025 Invoice #6032        350.00         350.00
 05/19/2025 Invoice #6037        175.00         175.00
 05/23/2025 Invoice #6035        310.00         310.00
 08/05/2025 Invoice #6045        310.00         310.00


Total&nbsp$1,320.00
```

---

📄 **Statement_1084_from_IME_Companions.pdf**
30K

# EXHIBIT E

## Sales by Customer Summary

### IME Companions

December 1, 2024-December 31, 2025

| CUSTOMER | TOTAL |
|---|---:|
| Bogoraz Law Group | 7,110.00 |
| Coello & Lorenzotti | 595.00 |
| Gabriel Law Firm | 15,190.00 |
| Glenys Rosario | 175.00 |
| Kleban Law Group, P.C. | 265.00 |
| Kohan Law Group | 500.00 |
| Kuller Law Firm | 9,025.00 |
| Law Office of Jason Greenberg | 1,540.00 |
| Michael Redenburg Esq. PC | 175.00 |
| Morgan & Morgan | 235.00 |
| Mullokandova & Associates | 265.00 |
| Ribacoff And Associates | 220.00 |
| Vincent Provenzano | 620.00 |
| Vladimir & Associates | 225.00 |
| Zemsky & Salomon | 50.00 |
| **TOTAL** | **$36,190.00** |

# EXHIBIT F

**7SV** 001378     0000060080

# Earnings Statement

ADP

*JUST REAL KARE*
*9900 WESTPARK DR STE 220*
*HOUSTON, TX 77063*

| | |
|---|---|
| Period Beginning: | 01/18/2026 |
| Period Ending: | 01/31/2026 |
| Pay Date: | 02/06/2026 |

**SAFA GELARDI**
**26118 CROSSWOOD TRAILS LANE**
**CYPRESS TX 77433**

Filing Status: Head of household
Exemptions/Allowances:
  Federal: Standard Withholding Table

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| U5 | 13.0000 | 68.00 | 884.00 | 2,652.00 |
| **Gross Pay** | | | **$884.00** | 2,652.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Social Security Tax | -54.80 | 164.42 |
| | Medicare Tax | -12.81 | 38.45 |
| | **Net Pay** | **$816.39** | |
| | CHECKING 1 | -816.39 | |
| | **Net Check** | **$0.00** | |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Elig Comp | 884.00 | 2,652.00 |
| Totl Hrs Worked | 68.00 | |

**Important Notes**
BASIS OF PAY: HOURLY

**Additional Tax Withholding Information**
Exemptions/Allowances:
  TX:      No State Income Tax

Your federal taxable wages this period are $884.00

© 2000 ADP, Inc.



JUST REAL KARE
9900 WESTPARK DR STE 220
HOUSTON, TX 77063

| Advice number: | **00000060080** |
|---|---|
| Pay date: | 02/06/2026 |

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| **SAFA GELARDI** | xxxxx0789 | xxxx xxxx | $816.39 |

# NON-NEGOTIABLE



7SV  001378                    0000020077

# Earnings Statement

JUST REAL KARE
9900 WESTPARK DR STE 220
HOUSTON, TX 77063

Period Beginning: 12/21/2025
Period Ending: 01/03/2026
Pay Date: 01/09/2026

**SAFA GELARDI**
**26118 CROSSWOOD TRAILS LANE**
**CYPRESS TX 77433**

Filing Status: Head of household
Exemptions/Allowances:
    Federal: Standard Withholding Table

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| U5 | 13.0000 | 68.00 | 884.00 | 884.00 |
| **Gross Pay** | | | **$884.00** | 884.00 |

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Social Security Tax | -54.81 | 54.81 |
| | Medicare Tax | -12.82 | 12.82 |
| | **Net Pay** | **$816.37** | |
| | CHECKING 1 | -816.37 | |
| | **Net Check** | **$0.00** | |

| Other Benefits and Information | this period | total to date |
|-------------------------------|-------------|---------------|
| Elig Comp | 884.00 | 884.00 |
| Totl Hrs Worked | 68.00 | |

### Important Notes
BASIS OF PAY: HOURLY

### Additional Tax Withholding Information
Exemptions/Allowances:
    TX:                No State Income Tax

Your federal taxable wages this period are $884.00

© 2000 ADP, Inc.

JUST REAL KARE
9900 WESTPARK DR STE 220
HOUSTON, TX 77063

Advice number:        00000020077
Pay date:             01/09/2026

Deposited to the account of
**SAFA GELARDI**

| | account number | transit ABA | amount |
|---|----------------|-------------|--------|
| | xxxxx3888 | xxxx xxxx | $816.37 |



# NON-NEGOTIABLE



**7SV** 001378  0000040078

JUST REAL KARE
9900 WESTPARK DR STE 220
HOUSTON, TX 77063

# Earnings Statement

| | |
|---|---|
| Period Beginning: | 01/04/2026 |
| Period Ending: | 01/17/2026 |
| Pay Date: | 01/23/2026 |

**SAFA GELARDI**
**26118 CROSSWOOD TRAILS LANE**
**CYPRESS TX 77433**

Filing Status: Head of household
Exemptions/Allowances:
    Federal: Standard Withholding Table

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| U5 | 13.0000 | 68.00 | 884.00 | 1,768.00 |
| **Gross Pay** | | | **$884.00** | 1,768.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Social Security Tax | -54.81 | 109.62 |
| | Medicare Tax | -12.82 | 25.64 |
| | **Net Pay** | **$816.37** | |
| | CHECKING 1 | -816.37 | |
| | **Net Check** | **$0.00** | |

Your federal taxable wages this period are $884.00

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Elig Comp | 884.00 | 1,768.00 |
| Totl Hrs Worked | 68.00 | |

**Important Notes**
BASIS OF PAY: HOURLY

**Additional Tax Withholding Information**
Exemptions/Allowances:
    TX:            No State Income Tax

© 2000 ADP, Inc.

JUST REAL KARE
9900 WESTPARK DR STE 220
HOUSTON, TX 77063

| | |
|---|---|
| **Advice number:** | **00000040078** |
| Pay date: | 01/23/2026 |



Deposited to the account of
**SAFA GELARDI**

| account number | transit ABA | amount |
|---|---|---|
| xxxxx0789 | xxxx xxxx | $816.37 |

**NON-NEGOTIABLE**

# EXHIBIT G

SUPRME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

IME WATCHDOG INC. and CARLOS ROA,

Plaintiff(s),

-against-

SAFA ABDULRAHAM GELARDI, VITO GELARDI
and IME COMPANIONS LLC,

Defendant(s).

-------------------------------------------------------------------X

*Index No.: 22-CV-1032*

**INFORMATION SUBPOENA
WITH RESTRAINING NOTICE**

**Re: SAFA ABDULRAHAM GELARDI,
VITO GELARDI and IME COMPANION!
LLC,**
261118 CROSSWOOD TRAILS LANE,
CYPRESS, TX 77433
9207 245TH ST,
FLORAL PARK, NY 11001

**TO: Intuit Inc.
251 Little Falls Drive
Wilmington, DE 19808
Attention: Corporation Service Company (CSC)**

**WHEREAS**, in an action in the **SUPRME COURT OF THE STATE OF NEW YORK,
COUNTY OF KINGS,** between **IME WATCHDOG INC. and CARLOS ROA,** as Plaintiff(s),
and **SAFA ABDULRAHAM GELARDI, VITO GELARDI and IME COMPANIONS LLC,**
as Defendant(s), who are all the parties named in said action, a judgment was entered on **August
13, 2025,** in favor of **IME WATCHDOG INC. and CARLOS ROA,** judgment creditor(s), and
against **SAFA ABDULRAHAM GELARDI, VITO GELARDI and IME COMPANIONS
LLC,** judgment debtor(s), in the amount of $66,547.34, of which $68,998.04 together with interest
thereon, from **August 13, 2025,** remains due and unpaid; and

**WHEREAS,** the witness resides; is regularly employed; has an office for the regular
transaction of business in person; in the .

**NOW, THEREFORE, WE COMMAND YOU,** that you answer in writing under oath,
separately and fully, each question in the questionnaire accompanying this subpoena, each answer
referring to the question to which it responds; and that you return the answers together with the
original questions within seven (7) days after your receipt of the questions and this subpoena.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable
as a contempt of court.

**RESTRAINING NOTICE**
**WHEREAS,** it appears that you owe a debt to the judgment debtor or are in custody of
property in which the judgment debtor has an interest, including but not limited to accounts payable
to the judgment debtor, notes payable to the judgment debtor, all bank accounts and safe deposit

boxes at your institution belonging to the judgment debtor, all monies being held by you on behalf of the judgment debtor, any and all personal property or any other assets belonging to the judgment debtor, and more specifically, if applicable.

## ALL ACCOUNTS RELATED TO DEBTOR

**TAKE NOTICE** that pursuant to CPLR Section 5222 (b), which is set forth herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with any property in which you have an interest, except as therein provided.

**TAKE FURTHER NOTICE,** that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

## CIVIL PRACTICE LAW AND RULES

CPLR Section 5222(b): Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has any interests except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served.

All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs.  A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to who the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint, It a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to the other property or money.

I hereby certify that this information subpoena complies with rule 5224 of the civil practice law and rules and Section 601 of the general business law that I have reasonable belief that the party receiving this subpoena has in their possession information about the debtor that will assist the creditor in collecting the judgment.

**TAKE FURTHER NOTICE** that disobedience of this **RESTRAINING NOTICE** is punishable as a contempt of court.

Dated: Glen Cove, New York
      January 6, 2026

Danielle N. Grzan, Esq.
DANIELLE N. GRZAN, ESQ., P.C.
*Attorneys for Plaintiff*
114 Forest Avenue, Unit 1
Glen Cove, New York 11542
(516) 216-4745

Danielle N. Grzan, Esq, P.C.
114 Forest Avenue, Unit 1
Glen Cove, New York 11542



CERTIFIED MAIL

MIDDLE-ISLAND NY 11953
22 JAN 2026 PM 6

7021 1970 0000 9678 7211

US POSTAGE™ PITNEY BOWES
FIRST CLASS

ZIP 11542
02 7H
0006241083
$ 010.73
JAN 21 2026

Intuit Inc.
251 Little falls DR.
Wilmington, DE 19808
Attn: Corporation Service Company

19808-167451

# EXHIBIT H

 Outlook

---

**IME's**

---

**From** Patrick Garvey <patrick@gabriellegal.com>

**Date** Mon 8/26/2024 4:22 PM

**To** IME Companions <info@imecompanions.com>

**Cc** Ki, Jung <jung@gabriellegal.com>; Suren Gabriel <suren@gabriellegal.com>; Paul Ulitsky <paul@gabriellegal.com>; Austin Ovadia <aovadia@gabrielmoroff.com>; Joanna Lambridis <joanna@gabriellegal.com>; Dennis Scire <dps2929@yahoo.com>; Natalia Gulik <natalia@gabriellegal.com>; Alina Gavrilov <agavrilov@gabriellegal.com>

Hello Safa Gelardi.

We just spoke a moment ago about handling our IME's for the office.

As we discussed, you prepare our clients the night before the IME, and moments before  on the day of the IME, provide reports, videos of the WC IME and help the client avoid the pitfalls of improper questions during same.

Jung from my office will be reaching out with cases for your office to handle.

We look forward to working with you.

Please respond so we have your complete information.

Regards,

-Patrick


*Patrick J. Garvey, Esq.*

**gl
GABRIEL LAW**

**Gabriel Law Firm, P.C.**
**2 Lincoln Avenue, Suite 400**
**Rockville Centre, NY 11570**
**Telephone: (516) 360-9101  x102**
**Facsimile: (516) 717-3349**

 Outlook

---

## Re: Gabriel Law Firm, P.C. Case# GLF24-2602 - Anderson Fabian Quezada Morocho

**From** IME Companions <info@imecompanions.com>
**Date** Thu 7/3/2025 7:52 AM
**To** Ki, Jung <jung@gabriellegal.com>

Good morning Jung, we cancelled all Gabriel IMEs from our calendar. Thank you.

Get Outlook for iOS

---

**From:** Ki, Jung <jung@gabriellegal.com>
**Sent:** Thursday, July 3, 2025 7:50:31 AM
**To:** IME Companions <info@imecompanions.com>
**Subject:** Gabriel Law Firm, P.C. Case# GLF24-2602 - Anderson Fabian Quezada Morocho

**Do not attend the IMEs and do not contact the client. Your jo is cancelled. Sorry for your inconvenience.**

**From:** "Ki, Jung" <jung@gabriellegal.com>
**To:** info@imecompanions.com
**Subject:** Gabriel Law Firm, P.C.: GLF24-2602 - Quezada Morocho, Anderson Fabian v. ESRT Empire State Building, LLC C/O EmpiAttachments: **3**
Client's Name: Anderson Fabian Quezada Morocho
Date of Accident: October 21, 2022
Phone Number: (347) 242-0015
Email: morochofabian11@gmail.com
Primary Language: Spanish, interpreter requested for all IMEs
This client has been scheduled with the following appointment(s):

7/8 with Dr. Joseph Lombardi. Ortho Spine
7/14 with Dr. Jessica Zwerling. Neuro
8/8 with Dr. Jeffrey Richmond . Ortho
The handling attorney is Jeffrey Bloomfield, Esq. and the litigation paralegal is Stacy Valet.Bill of Particular(s). please email stacy@gabriellegal.comI am in office. Please reach out if you have any questions or concerns. Thank you.

---

기 정숙 *Jung S. Ki*
Litigation Assistant, IME

Gabriel Law Firm, P.C.
**2 LINCOLN AVENUE, SUITE 400**
**ROCKVILLE CENTRE, NY 11570**

516-360-9101 EXT: 210
Fax 516-268-6004

The information contained in this email message is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this email is strictly prohibited. If you have received this email in error, please immediately notify us by reply.

# EXHIBIT I

**IME Companions**
26118 Crosswood Trails Ln
Cypress, TX  77433-1348
+18334637767
info@imecompanions.com
www.imecompanions.com



# Receipt

**Received From**                                              **Date:**  03/06/2025
Joyce
Zemsky & Salomon P.C                                    **Reference No:**
33 Front Street Suite 207
Hempstead, NY  11550

| Invoice Number | Invoice Date | Due Date | Original Amount | Balance | Payment |
|---|---|---|---|---|---|
| 5997 | 06/20/2022 | 06/20/2022 | 225.00 | 50.00 | 50.00 |

Memo:                                                   Amount Credited:            $0.00
                                                        Total:                      $50.00

# EXHIBIT J

 Gmail

**Safa Gelardi <safagelardi@gmail.com>**

## Alert from Block: Information Subpoena Received
1 message

**Block** <civil_process@squareup.com>                    Mon, Feb 2, 2026 at 8:32 AM
Reply-To: Block <cashapp_civil_process@squareup.com>
To: safagelardi@gmail.com



Hello,

We are writing to inform you that your Cash App account has been put on hold due to a Information Subpoena.

**What does this mean for my account?**
A creditor of yours is seeking repayment for a debt. They have taken action by sending notice to Block, either directly or through a law firm or debt collection agency.

**What happens next?**
We're obligated by law to place a hold on your account. This means that any funds in your account won't be transferred to your linked bank account. Instead funds will be held in your balance until we receive one of the following:

1. A release agreement from the creditor directing us to lift the hold on the account.
2. A court order or other documentation that authorizes us to release the hold on the account.

**What do I do to resolve this?**
In order to resume normal transfers to your bank account, you'll need to resolve this matter with the creditor or taxing authority directly. Please reach out to them for the fastest resolution. If you reach an agreement, they will need to send a copy of the release agreement or other applicable order authorizing us to release the hold on the account.

Here's the contact information we were given with the notice:

Danielle N Grzan Esq
114 Forest Ave, Unit 1
Glen Cove, NY, 11542
US
+1 5162164745
legal@gnesqpc.com

**Questions for Block?**

Reach out to support **here**, and mention you'd like to connect with the civil process team.

Sincerely,
Block Civil Process

---

Block
1955 Broadway, Suite 600,
Oakland, CA 94612

 Gmail

**vito gelardi <vitogelardi@gmail.com>**

## Alert from Block: Information Subpoena Received
1 message

**Block** <civil_process@squareup.com>                                        Mon, Feb 2, 2026 at 8:32 AM
Reply-To: Block <cashapp_civil_process@squareup.com>
To: vitogelardi@gmail.com



Hello,

We are writing to inform you that your Cash App account has been put on hold due to a Information Subpoena.

**What does this mean for my account?**
A creditor of yours is seeking repayment for a debt. They have taken action by sending notice to Block, either directly or through a law firm or debt collection agency.

**What happens next?**
We're obligated by law to place a hold on your account. This means that any funds in your account won't be transferred to your linked bank account. Instead funds will be held in your balance until we receive one of the following:

1. A release agreement from the creditor directing us to lift the hold on the account.
2. A court order or other documentation that authorizes us to release the hold on the account.

**What do I do to resolve this?**
In order to resume normal transfers to your bank account, you'll need to resolve this matter with the creditor or taxing authority directly. Please reach out to them for the fastest resolution. If you reach an agreement, they will need to send a copy of the release agreement or other applicable order authorizing us to release the hold on the account.

Here's the contact information we were given with the notice:

Danielle N Grzan Esq

114 Forest Ave, Unit 1

Glen Cove, NY, 11542

US

+1 5162164745

legal@gnesqpc.com

**Questions for Block?**

Reach out to support here, and mention you'd like to connect with the civil process team.

Sincerely,

Block Civil Process

---

Block

1955 Broadway, Suite 600,

Oakland, CA 94612

# EXHIBIT K

Case 1:22-cv-01032-PKC-JRC    Document 625    Filed 02/17/26    Page 48 of 61 PageID #: 11397



**CHASE**

LRO Centralized Mail
Mail Code LA2-7300
1414 Woodward Avenue
Ruston, LA 71270-2015

12/24/2025

SAFA GELARDI
26118 CROSSWOOD TRAILS LN
CYPRESS, TX 774331348

**Important**: We received a legal request for the matter below

**Case Name: IME WATCHDOG INC AND CARLOS ROA VS SAFA ABDULRAHAM GELARDI, VITO GELARDI AND IME COMPANIONS LLC**
**Case No.: 22CV1032**
**JPMorgan Chase File No: SB1790334-F1**

Dear SAFA GELARDI :

JPMorgan Chase Bank, N.A. received a legal request in connection with the above case seeking information that concerns you and/or your account(s). This is a notification only.

As required, JPMorgan Chase Bank, N.A. will comply timely with this legal request unless it receives documentation that legally obligates it to halt production. If you would like to submit such documentation for our review, please fax it to 1-866-859-8592; it's free from any Chase branch.

If you have legal representation, please provide them with a copy of this letter. We are unable to provide legal guidance.

If you have questions or would like a copy of the legal request, you can call the issuing party, DANIELLE N GRZAN at 516-216-4745 .

**Here's our updated mailing address, effective November 3, 2025.**
Please send all mail to the address below.

LRO Centralized Mail Services
1414 Woodward Avenue, LA2-7300
Ruston, LA 71270-2015

Thank you for updating your records accordingly.

Sincerely,

National Subpoena Processing

SUBP59

SUPRME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------X

IME WATCHDOG INC. and CARLOS ROA,

Plaintiff(s),

-against-

SAFA ABDULRAHAM GELARDI, VITO GELARDI
and IME COMPANIONS LLC,

Defendant(s)

-----------------------------------------------------------X

*Index No.: 22-CV-1032*

**SUBPOENA DUCES TECUM**

**Re: SAFA ABDULRAHAM GELARDI,
VITO GELARDI
and IME COMPANIONS LLC,**
261118 CROSSWOOD TRAILS LNE,
CYPRESS, TX 77433
9207 245TH ST,
FLORAL PARK, NY 11001

**FEIN/SSN:** ████████

THE PEOPLE OF THE STATE OF NEW YORK

**TO:** **JP MORGAN CHASE**
**RCO Centralized Mail**
**Mail Code: LA4-7300**
**700 Kansas Lane**
**Monroe, LA 71203-4774**
**Attention: Legal Department**

### GREETING:

**WE COMMAND YOU,** that all business and excuses being laid aside, you and each of you appear and attend before Danielle N. Grzan Esq., P.C., 114 Forest Avenue, Unit 1, Glen Cove, New York 11542 on the 5th day of January 2026 at 2:00 in the afternoon, and at any recessed or adjournment date to give testimony in this action on the part of the Plaintiff and that you bring with you, and produce at the time and place aforesaid:

(1) copies of the last TWELVE (12) MONTHS bank statements for the account of SAFA ABDULRAHAM GELARDI, VITO GELARDI and IME COMPANIONS LLC; and

(2) produce any documents setting forth SAFA ABDULRAHAM GELARDI, VITO GELARDI and IME COMPANIONS LLC's employer information and address.

(3) Set forth any other types of account debtor may have with your institution

**In lieu of a personal appearance, copies of the documents may be forwarded to the undersigned prior to the return date.**

Failure to comply with this subpoena is punishable as a contempt of Court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed fifty dollars and all damages sustained by reason on your failure to comply.

Danielle N. Grzan, Esq. P.C.
114 Forest Avenue, Unit 1
Glen Cove, New York 11542
T (516) 215-4745
F (626) 757-8171
dgzal@dngesurcs.com

# Defendants Exhibits

Ex. A- July 11, 2025, booking record/invoice for Rafael Cuevas/ Kuller IME (NOT on ECL list)

Ex. B- Email to Kuller requesting payment for outstanding balance

Ec. C- Invoices from Jason Greenberg showing payment for 2023 exams in 2025

Ex. D- Stmt for Jason Greenberg proving payments made in 2025 for IMEs conducted in 2023

Ex. E- Sales by Customer Summary (Volunteered)

Ex. F- Paystubs

Ex. G- Quick Books subpoena

Ex. H- Gabrielle Law Correspondence/ cancellation email reflecting overbroad enforcement against non ECL work.

Ex. I -Zemsky invoice showing $ collected in for invoice (old receivable)

Ex. J- Block/Cash App subpoena notice emails (showing breadth of third-party subpoenas).

Ex. K-Chase notice letter (12/24/2025) and NY Supreme Court, Kings County subpoena

duces tecum (Index No. 22-CV-1032; return date 1/5/2026) (subpoena foundation and scope).

Ex. L- Kuller Law formation proof (NYDOS filing)

Ex. M- Email from Adam Rosenblatt

# EXHIBIT L

An official website of New York State.

Here's how you know ⌄



🔍

# Department of State
## Division of Corporations

## Entity Information

Return to Results | Return to Search

**Entity Details** ⌃

**ENTITY NAME:** KULLER LAW FIRM, LLP

**DOS ID:** 6012661

**FOREIGN LEGAL NAME:**

**FICTITIOUS NAME:**

**ENTITY TYPE:** DOMESTIC REGISTERED LIMITED LIABILITY PARTNERSHIP

**DURATION DATE/LATEST DATE OF DISSOLUTION:**

**SECTIONOF LAW:** 1500A RLLP - PARTNERSHIP LAW

**ENTITY STATUS:** ACTIVE

**DATE OF INITIAL DOS FILING:** 05/13/2021

**REASON FOR STATUS:**

**EFFECTIVE DATE INITIAL FILING:** 05/13/2021

**INACTIVE DATE:**

**FOREIGN FORMATION DATE:**

**STATEMENT STATUS:** CURRENT

**COUNTY:**

**NEXT STATEMENT DUE DATE:** 05/31/2026

**JURISDICTION:** NEW YORK, UNITED STATES

**NFP CATEGORY:**

---

‹    ENTITY DISPLAY    NAME HISTORY    FILING HISTORY    MERGER HISTORY    ASSUMED NAME HISTORY

Service of Process on the Secretary of State as Agent

**The Post Office address to which the Secretary of State shall mail a copy of any process against the corporation served upon the Secretary of State by personal delivery:**

**Name:**  THE LIMITED LIABILITY PARTNERSHIP

**Address:**  1539 FRANKLIN AVENUE,, SUITE 101, MINEOLA, NY, UNITED STATES, 11501

**Electronic Service of Process on the Secretary of State as agent: Not Permitted**

Chief Executive Officer's Name and Address

**Name:**

**Address:**

Principal Executive Office Address

**Address:**  1539 FRANKLIN AVENUE, SUITE 101, MINEOLA, NY, UNITED STATES, 11501

Registered Agent Name and Address

**Name:**

**Address:**

Entity Primary Location Name and Address

**Name:**

**Address:**

Farmcorpflag

**Is The Entity A Farm Corporation:** NO

Stock Information

| Share Value | Number Of Shares | Value Per Share |
|-------------|------------------|-----------------|
|             |                  |                 |

Agencies App Directory Counties Events Programs Services

# EXHIBIT M

 Gmail

**Safa Gelardi <safagelardi@gmail.com>**

## IME Watchdog Clients

**Adam Rosenblatt** <adammrosenblatt@gmail.com>                    Fri, Apr 28, 2017 at 4:37 PM
To: Safa Gelardi <safagelardi@gmail.com>

See attached

📊 **IME Watchdog Clients Master List 2017.xlsx**
    214K

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

IME WATCHDOG, INC.,

     Plaintiff,

  -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI, et al.,

     Defendants.

-----------------------------------------------------------X

Case No. 22-CV-1032 (PKC) (JRC)

**DECLARATION OF SAFA GELARDI**

**IN OPPOSITION TO PLAINTIFF'S OSC/TRO/PI AND FOR CONTEMPT RELIEF**

**A. IDENTITY, BASIS, AND REQUEST TO DECIDE ON THE PAPERS**

1. My name is Safa Gelardi, I am a Defendant in this action and submit this declaration based on my personal knowledge.

2. I reside in Texas. I am proceeding pro se.

3. I submit this declaration in opposition to Plaintiff's Order to Show Cause seeking a temporary restraining order and preliminary injunction and additional contempt relief.

4. I respectfully request that the Court decide Plaintiff's OSC on the written submissions pursuant to Fed. R. Civ. P. 78(b) and excuse my personal appearance; in the alternative, I request permission to appear remotely by telephone or videoconference.

**B. CLEAN, TRANSACTION-LEVEL FACTS AND DENIALS**

5. I do not service Zemsky & Salomon, P.C. ("Zemsky"), and I do not service Bergman Bergman Fields & Lamonsoff, LLP ("Bergman").

6. The only Zemsky-related item reflected in my records is a small legacy receivable from a prior period. Ex. I reflects that the Zemsky entry is an old invoice/receivable and not new, post-order servicing.

7. I do service The Kuller Law Firm, LLP ("Kuller"). Before accepting Kuller work, I checked the operative client list/ECL materials that I received from Plaintiff's President, Adam Rosenblatt. A true and correct copy of that email is attached as Ex. M. Kuller did not appear on the list I received.

8. Ex. L reflects Kuller's formation documentation. My understanding and practice has been to avoid servicing any customer that appears on the operative ECL list I received.

9. I am not involved in Direct IME Services LLC in any way. I do not own it, control it, fund it, manage it, or operate it.

10.    The July 11, 2025 Kuller booking was handled by me through my own business. I retained Christian as independent coverage for that appointment. Ex. A is the booking record/invoice reflecting that booking.

11.    My Sales by Customer Summary was voluntarily produced by me for transparency. Ex. E reflects limited activity and does not identify any customer mapping to any ECL customer.

12.    Exs. C and D reflect invoices and payments from Jason Greenberg in 2025 that relate to IMEs conducted in 2023. These records reflect collections timing and do not establish new servicing of any enjoined customer.

13.    I do not advertise or solicit business. I service a small number of clients and I do not accept work from any client that I understand to be on the operative ECL list I received.

14.    My income is modest. Ex. F reflects my pay stubs.

15.    For completeness, and as reflected in the records in this matter, my Zelle activity includes seven (7) Zelle transfers to Christian, one (1) Zelle transfer to Jeff, and zero (0) Zelle transfers to Mark or Tiffany. The single Zelle transfer to Jeff was not related to IME services, not related to any ECL customer, and not related to IME work of any kind. It was unrelated to IME activity.


**C. SUBPOENA NOTICE / FOUNDATION FACTS (PERSONAL KNOWLEDGE)**

16. Plaintiff publicly filed extensive private bank and consumer-credit materials in connection with this OSC. Before that filing, Plaintiff did not provide me a copy of the Chase subpoena or the scope of what was requested.

17. I later obtained the Chase notice letter dated 12/24/2025 and the New York State subpoena duces tecum (Index No. 22-CV-1032; return date 1/5/2026), which are attached as Ex. K.

18. Ex. J reflects Block/Cash App subpoena notice emails reflecting additional third-party subpoena activity.

19. Ex. G reflects subpoena materials concerning QuickBooks.

## D. NON-ECL OVERREACH IMPACT (FACTS ONLY)

20. Ex. H reflects correspondence involving a non-ECL client (Gabrielle Law) and a cancellation/pressure event. I submit Ex. H to show the practical impact of overbroad enforcement efforts on lawful, non-ECL work.

## E. RECORD FACTS FROM PLAINTIFF'S PAPERS (AS STATED IN THE RECORD)

21. I have reviewed Plaintiff's OSC papers. Plaintiff's motion states that it needs "additional formal discovery, including a forensic examination," which "will likely link these IMEs to Defendants." (ECF 621 at 7).

22. Plaintiff's declarant states that "the financial records do not state who Defendants provided IME observer services for." (Roa Decl. ¶ 7, ECF 622).

## F. REQUEST FOR RELIEF (MINIMAL)

23. Based on the facts above and the attached exhibits, I respectfully request that the Court deny Plaintiff's requested TRO/PI and decide the OSC on the papers (or permit remote appearance), and grant appropriate sealing/protective treatment for sensitive financial records.

## AUTHENTICATION OF EXHIBITS

I have reviewed the documents attached as exhibits to Defendants' opposition. The following exhibits are true and correct copies of records from my files, emails, or records I received, and are submitted in support of this declaration:

• Ex. A: July 11, 2025, booking record/invoice for Rafael Cuevas / Kuller IME (NOT on ECL list)

• Ex. E: Sales by Customer Summary (Volunteered)

• Ex. F: Pay stubs

• Ex. C: Invoices from Jason Greenberg showing payment for 2023 exams in 2025

• Ex. D: Statement for Jason Greenberg proving payments made in 2025 for IMEs conducted in 2023

• Ex. I: Zemsky invoice showing $ collected for invoice (old receivable)

• Ex. M: Email from Adam Rosenblatt

• Ex. L: Kuller Law formation proof (NYDOS filing)

• Ex. H: Gabrielle Law correspondence/cancellation email reflecting overbroad enforcement against non-ECL work

• Ex. G: QuickBooks subpoena

• Ex. J: Block/Cash App subpoena notice emails (showing breadth of third-party subpoenas)

• Ex. K: Chase notice letter (12/24/2025) and NY Supreme Court, Kings County subpoena duces tecum (Index No. 22-CV-1032; return date 1/5/2026)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 17, 2026 at Cypress, Texas.

*Safa Gelardi*
_____

Safa Gelardi

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

IME WATCHDOG, INC.,

      Plaintiff,

    -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI, et al.,

      Defendants.

-----------------------------------------------------------X

Case No. 22-CV-1032 (PKC) (JRC)

**DECLARATION OF VITO GELARDI**

**IN OPPOSITION TO PLAINTIFF'S OSC/TRO/PI AND FOR CONTEMPT RELIEF**

**A. IDENTITY, BASIS, AND REQUEST TO DECIDE ON THE PAPERS**

1. My name is Vito Gelardi. I am a Defendant in this action and submit this declaration based on my personal knowledge.

2. I submit this declaration in opposition to Plaintiff's Order to Show Cause seeking a temporary restraining order and preliminary injunction and additional contempt relief.

3. I respectfully request that the Court decide Plaintiff's OSC on the written submissions pursuant to Fed. R. Civ. P. 78(b) and excuse my personal appearance; in the alternative, I request permission to appear remotely by telephone or videoconference.

**B. FACTS WITHIN MY PERSONAL KNOWLEDGE**

4. I do not own, control, manage, operate, or direct Direct IME Services LLC.

5. I am not aware of any transaction-specific ECL customer violation performed by me.

6. Ex. K is a New York State subpoena duces tecum directed to JPMorgan Chase that seeks broad banking records and employer information and lists my name along with Safa Gelardi and IME Companions LLC.

7. Ex. J reflects Block/Cash App subpoena notice emails. I received a Block/Cash App subpoena notice email addressed to me, which is included in Ex. J.

8. Ex. G reflects subpoena materials concerning QuickBooks.

## C. RECORD FACT FROM PLAINTIFF'S DECLARATION (AS STATED IN THE RECORD)

9. Plaintiff's declarant states that "the financial records do not state who Defendants provided IME observer services for." (Roa Decl. ¶ 7, ECF 622).

## D. REQUEST FOR RELIEF (MINIMAL)

10. Based on the facts above, I respectfully request that the Court deny Plaintiff's requested TRO/PI, decide the OSC on the papers (or permit remote appearance), and grant appropriate sealing/protective treatment for sensitive financial records.

## AUTHENTICATION OF EXHIBITS

I have reviewed the documents attached as exhibits to Defendants' opposition. The following exhibits are true and correct copies of records from my files, emails, or records I received, and are submitted in support of this declaration:

• Ex. K: Chase notice letter (12/24/2025) and NY Supreme Court, Kings County subpoena duces tecum (Index No. 22-CV-1032; return date 1/5/2026)

• Ex. J: Block/Cash App subpoena notice emails (showing breadth of third-party subpoenas)

• Ex. G: QuickBooks subpoena

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 17, 2026.

*Vito Gelardi*

Vito Gelardi