UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

**IME WATCHDOG, INC.,**

           Plaintiff,

  -against-

**SAFA ABDULRAHIM GELARDI and VITO GELARDI,**

           Defendants.

-----------------------------------------------------------x

Case No. 22-CV-1032 (PKC) (JRC)

## EMERGENCY LETTER-MOTION TO MODIFY APPEARANCE REQUIREMENT TO PERMIT REMOTE APPEARANCE

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: IME Watchdog, Inc. v. Gelardi et al., Case No. 22-CV-1032 (PKC) (JRC)

Dear Judge Chen:

Defendants Safa Gelardi and Vito Gelardi respectfully submit this emergency letter-motion seeking a limited modification of the Court's February 20, 2026 Order (denying Defendants' request at Dkt. 625) requiring Defendants' in-person appearance at the March 3, 2026 hearing (see Order to Show Cause & TRO, Dkt. 623) and denying Defendants' alternative request to appear remotely. Defendants do not request an adjournment. Defendants request only that Defendant Safa Gelardi be permitted to appear by video remotely for argument and to answer the Court's questions at the March 3 hearing.

**1. Material record development addressing the Court's stated concern**

In the February 20 Order, the Court stated that Defendants "appear to have again chosen to direct and/or participate in conduct in this district that is violative of this Court's orders," and required in-person appearance to "answer for that conduct." Defendants respectfully submit that the now-docketed non-party evidentiary record bears directly on the predicate inference that Defendant Safa Gelardi directed, controlled, or participated in the operations of Direct IME or the conduct attributed to it.

- Non-party Mark Purificati declares that Direct IME is independently owned and operated, and that Safa Gelardi and Vito Gelardi have no ownership interest in Direct IME and no right to control its operations; they do not manage Direct IME's scheduling, invoicing, banking, staffing, or client communications. (Purificati Decl. ¶ 3, Dkt. 626.)
- Mr. Purificati further declares that Defendants do not direct or control his IME observer work or Direct IME's operations, and that they have not provided him with IME Watchdog materials or the Enjoined Customers List ("ECL"), or any information from either. (Purificati Decl. ¶ 33, Dkt. 626.)
- Mr. Purificati also declares he has never received or possessed IME Watchdog materials or the ECL, and that expedited discovery or forensic examination directed at him would not produce those materials. (Purificati Decl. ¶¶ 26–32, Dkt. 626.)
- Non-party Tiffany Uribe declares she is not an owner, officer, or manager of Direct IME, her role is limited and intermittent, and her communications with Safa Gelardi were "brief and personal" and did not involve IME Watchdog materials, the ECL, or direction of Direct IME's work. (Uribe Decl. ¶¶ 2, 6–7, 9–10, 12, 14, Dkt. 626.)

Defendants submit that these declarations and the accompanying ordinary-course records materially narrow the factual basis for attributing non-party conduct to Defendant Safa Gelardi and support addressing the Court's questions through a supervised remote appearance.

## 2. Prior emergency applications are not a substitute for a present showing and do not foreclose a supervised remote appearance

The Court noted that this is at least the third TRO/PI request relating to alleged contumacious conduct (see Mem. & Order, Dkt. 616, at 3–5). Defendants do not dispute that Plaintiff has made prior emergency applications, and Defendants do not seek to relitigate those prior proceedings in this letter-motion. But prior applications and suspicion-based inferences are not proof of a present violation. Plaintiff's assertions are, at bottom, suspicion, and suspicion cannot justify imposing extraordinary burdens—including compelled in-person travel from Texas—particularly where Plaintiff seeks mandatory and contempt-adjacent measures without transaction-specific proof and an enforceable Rule 65(d) framework. Plaintiff's current submissions rely heavily on publicly available docket materials concerning IMEs in 2024–2025, and Plaintiff's own memorandum concedes that "additional formal discovery, including a forensic examination, will likely link these IMEs to Defendants." (Dkt. 621 at 7.) That posture confirms the issues can be addressed through Court-supervised remote questioning, without any loss of Court control, while avoiding unnecessary hardship and disruption to childcare and employment obligations. With Dkt. 626 now on file, the Court can preserve control and question Defendant Safa Gelardi directly through a supervised remote appearance.

## 3. Compelling hardship supports remote appearance without delay

Defendant Safa Gelardi resides in Texas, is the primary caregiver for minor children, has employment obligations, lacks the financial ability to undertake emergency travel to New York on short notice, and is observing the holy month of Ramadan (including daytime fasting and religious obligations). Defendants are not requesting an adjournment. Defendants respectfully request a narrow accommodation to appear by video so that Defendant Safa Gelardi can answer the Court's questions and participate fully. (See Declaration of Safa Gelardi submitted herewith.)

**4. Remote appearance can be supervised with appropriate safeguards**

Defendant Safa Gelardi will appear on camera from a monitored location, including a federal courthouse in Texas (or any other monitored location the Court directs), will provide identification if requested, will remain on camera for the duration of the proceeding, and will not record the proceeding. If the Court wishes to question Defendant Safa Gelardi under oath, she will be prepared to be sworn and to answer questions by contemporaneous video transmission with the safeguards the Court directs. The Federal Rules contemplate contemporaneous transmission upon good cause and appropriate safeguards, see Fed. R. Civ. P. 43(a), and the Court retains broad discretion to manage proceedings consistent with Rule 1's directive to secure the just, speedy, and inexpensive determination of every action.

For the foregoing reasons, Defendants respectfully request that the Court modify the February 20, 2026 appearance directive to permit Defendant Safa Abdulrahim Gelardi to appear remotely by video at the March 3, 2026 hearing, without adjournment.

Respectfully submitted,
Safa Gelardi (pro se)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

**IME WATCHDOG, INC.,**

        Plaintiff,

  -against-

**SAFA ABDULRAHIM GELARDI and VITO GELARDI,**

        Defendants.

-------------------------------------------------------x

Case No. 22-CV-1032 (PKC) (JRC)

**DECLARATION OF SAFA ABDULRAHIM GELARDI IN SUPPORT OF**
**EMERGENCY REQUEST FOR REMOTE APPEARANCE**

I, Safa Gelardi, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I reside in Texas and submit this declaration solely in support of my emergency request to appear remotely by video at the March 3, 2026 hearing.

2. I am the primary caregiver for my minor children. My daily responsibilities include childcare and supervision, including school and home obligations, and I do not have reliable substitute care available for emergency out-of-state travel on short notice.

3. I have employment obligations. Missing work for emergency travel would jeopardize my job and household stability.

4. I do not have the financial ability to travel to New York on short notice. Airfare, lodging, and related expenses would impose severe hardship on my family.

5. I am making good-faith efforts to comply with payment obligations imposed by prior orders in this case, which further limits funds available for emergency travel.

6. March 3, 2026 falls during the holy month of Ramadan, during which I observe daytime fasting and religious obligations.

7. I am not requesting an adjournment. I respectfully request permission to appear remotely by video for argument and the Court's questions. If the Court requires, I will appear from a monitored location such as a federal courthouse in Texas.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 2/21/ 2026

Safa Gelardi