**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

IME WATCHDOG, INC., Plaintiff,

v.

SAFA ABDULRAHIM GELARDI, VITO GELARDI, et al., Defendants.

Case No. 22-CV-1032 (PKC) (JRC)

**SUPPLEMENTAL LETTER-MOTION (V5) RESPONDING TO PLAINTIFF'S DISNEY DECLARATION AND RENEWED REQUEST FOR REMOTE APPEARANCE**

Hon. Pamela K. Chen
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

**Dear Judge Chen:**

I respectfully submit this supplemental letter in support of my pending request to appear remotely at the March 3, 2026 hearing. I am not seeking delay. I am not attempting to avoid accountability. I am asking to participate in a way that allows the Court to question me directly, under oath, while ensuring that the appearance issue is decided on accurate record facts.

**1. A material record correction requires reconsideration**

Plaintiff opposed remote appearance by portraying me as dishonest about hardship and suggesting that I traveled to Disney World in February 2026. The video relied upon reflects, on its face, that it was recorded on July 26, 2022 at Walt Disney World® Resort. Exhibit A shows the embedded recording date visible on the video interface.

Because Plaintiff filed this Disney narrative specifically to influence the Court's appearance decision, I respectfully request reconsideration in light of the corrected record.

This is not a minor discrepancy. The Disney narrative was presented specifically to influence the Court's credibility and hardship analysis in connection with appearance. Because that narrative is contradicted by the face of the exhibit itself, reconsideration of the appearance directive is warranted.

Plaintiff's counsel are officers of the Court. When a sworn submission urges credibility and hardship conclusions from social media while omitting readily visible context that defeats the inference, it burdens the Court's process and risks turning an appearance ruling into an optics

ruling. I raise this respectfully, not as an accusation, but as a request that the Court's analysis be anchored to what the record actually shows.

**2. This is not an isolated tactic**

This Court has managed this case for years. I do not relitigate the history here. I note only what is relevant to the present request: emergency posture has often been paired with credibility framing that requires Defendants to rebut insinuations under compressed deadlines. As the Court has previously observed in addressing emergency applications in this matter, suspicion and optics are not substitutes for record-based proof. The Disney filing follows that structure. When credibility is genuinely at issue, the most reliable test is the Court's questioning under oath—not inference drawn from social media.

**3. Remote appearance strengthens Court control**

I am prepared to appear by video with camera on at all times, alone in the room, under oath, and subject to any questioning the Court directs. I will present identification if requested and will not record the proceeding. If the Court prefers, I will appear from a monitored location such as a federal courthouse in Texas. These safeguards ensure that the Court retains complete authority and can assess demeanor in real time.

I am not asking the Court to accept my written word over Plaintiff's accusations. I am asking for the opportunity to answer directly. The fair and controlled way to resolve credibility concerns is through live questioning under safeguards—not through a collateral narrative that the exhibit itself disproves.

**Requested Relief:** I respectfully request that the Court (1) **disregard** Plaintiff's Disney/lavish lifestyle declaration to the extent it relies on an insinuation contradicted by Exhibit A; (2) reconsider and permit me to appear remotely by video at the March 3, 2026 hearing subject to the safeguards above; and (3) direct that future submissions addressing appearance and credibility remain confined to verifiable record-based facts.

Respectfully submitted,

Safa Gelardi (pro se)
Vito Gelardi (pro se)

**EXHIBIT A**

Screenshot showing video recorded July 26, 2022 at Walt Disney World® Resort.

