# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

February 26, 2026

**VIA ECF**
United States District Court Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

      *Re*:   <u>IME WatchDog, Inc. v. Gelardi, *et al.*</u>
              <u>Case No.: 1:22-cv-1032 (PKC) (JRC)</u>

Dear Judge Chen:

      This office, along with Sage Legal LLC, represents the Plaintiff IME WatchDog, Inc. ("Plaintiff"), in the above-referenced case. Plaintiff submits this letter in opposition to Safa Gelardi's ("Safa") third request to appear remotely at the March 3, 2026 Order to Show Cause Hearing. [ECF Docket Entry 631].

      Once again, Defendants' motion is really a motion for reconsideration in disguise. And, once again, Safa identifies no legitimate controlling decisions or data warranting relief from the Court's prior directive and the Court's February 25, 2026 Order which denied Safa's motion because "her remote appearance will not sufficiently allow for her to be questioned as a witness, for the Court to assess her credibility and make the requisite findings of fact", that was not previously available to her when she made her last two requests to proceed remotely.

      Plaintiff incorporates its arguments contained in its February 23, 2026 opposition to Safa's prior request for this relief. *See* ECF Docket Entry 628. In addition, notably, Plaintiff intends on introducing into evidence 46 exhibits (see Docket Entry 633), which is comprised of hundreds of pages. A virtual hearing for Safa will make it virtually impossible to cross-examine Safa on all of these exhibits. Moreover, as the Court previously concluded, "her remote appearance will not sufficiently allow for her to be questioned as a witness, for the Court to assess her credibility and make the requisite findings of fact." Safa has offered no legitimate controlling decisions or data that could change this conclusion.

      With regard to the Disney World video, which Defendants do not dispute was posted on Vito Gelardi's Facebook page on February 14, 2026, Defendants argue that the video was recorded on July 26, 2022. It is highly unusual to post a four-year old video on Facebook and Plaintiff did not have time to perform a forensic analysis. In any event, regardless of when the video was recorded, this Court's February 25, 2026 Order denying Safa's request to appear remotely did not

rely on the Disney Word Video as it made no reference to it.  The Court's February 25, 2026 Order denied Safa's motion solely because "her remote appearance will not sufficiently allow for her to be questioned as a witness, for the Court to assess her credibility and make the requisite findings of fact."

Accordingly, Safa's motion should be denied.[1]

Dated: Lake Success, New York
February 26, 2026

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
/s/ Jamie S. Felsen, Esq.

**SAGE LEGAL LLC**
/s/ Emanuel Kataev, Esq.

cc:   Safa Gelardi (via ECF)
Vito Gelardi (via email vitogelardi@gmail.com)

---

[1] The latest motion now includes Vito Gelardi, but there is no Order for Vito to seek reconsideration of because Vito did not file a motion to appear virtually.