UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IME WATCHDOG, INC.,

                Plaintiff,

     -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,

                Defendants.
------------------------------------------------------------------X

Case No.: 1:22-cv-2032 (PKC) (JRC)

**DECLARATION OF NON-PARTY CARLOS ROA IN OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MOTION TO APPREAR BY TELEPHONE/VIDEO**



Carlos Roa declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.     I am a judgment creditor of Defendants Safa Gelardi ("Safa"), Vito Gelard ("Vito"), and IME Companions LLC ("Companions") (collectively, "Defendants"). I am familiar with the facts and circumstances set forth herein.

2.     This is my opposition to Defendants' "supplemental" motion. Defendants state supplemental, however it is not supplemental in any meaningful sense, it is a repackaging of arguments already presented, already considered, and already rejected. It is part of Defendants' ongoing pattern: evade, delay, distort the record, and bury creditors in motion practice instead of paying judgments.

3.     Defendants have made no good-faith efforts, or frankly, any efforts at all, to satisfy the money judgments entered against them and payable to me and Plaintiff. They have not proposed a payment plan, tendered partial payments, offered collateral, or taken any

concrete step toward compliance. Their strategy has been simple: stall and spend on themselves while creditors spend on enforcement.

4.	At the April 2, 2025, hearing, Defendants acknowledged they still had not complied with this Court's Order directing payment to BRG. Upon information and belief, that balance remains unpaid to this day.

5.	At that hearing, Safa, over counsel's objection, interrupted and represented to the Court that she would provide complete financial disclosures. The Court then ordered Defendants to file a full financial disclosure package by April 16, 2025, including (among other things) all income sources, all assets, all businesses, all accounts (including those held in another name or entity where Defendants have signatory authority), and related financial records for the last two years.

6.	Defendants did not comply in any honest or complete manner. Through lawful post-judgment discovery conducted by Plaintiff and me (both judgment creditors), it became clear Defendants concealed material financial information, including Chase Bank accounts that were not disclosed as required. The Chase records contradict Defendants' narrative of financial distress and expose serious omissions.

7.	The Chase Bank records show Defendants are not financially destitute. The records reflect discretionary spending consistent with a comfortable lifestyle, including personal services and event-related expenses. The account activity also reflects regular transaction flow inconsistent with the "can't afford it" story Defendants have been selling to the Court and creditors.

8.	Defendants' "hardship" claims also ring hollow because Defendants previously traveled from Texas to New York when it suited them, specifically, to conduct an in-person

deposition of Plaintiff's principal. They should not be rewarded for selectively appearing only when it benefits them.

9.      Courts in this Circuit have repeatedly made clear that personal appearance can be required and that contempt sanctions, including coercive measures, exist to compel compliance with lawful orders. See, e.g., Weisner v. Google LLC, No. 20-CV-2862 (AKH) (VF), 2025 BL 418276 (S.D.N.Y. Nov. 21, 2025) (ordering appearance and warning of contempt and sanctions for failure to appear); Gesualdi v. Tri-State Soil Solutions, LLC, No. 13-CV-5429 (JS)(AKT) (E.D.N.Y. Nov. 20, 2018) (ordering appearance and warning that failure to appear may result in a warrant); The Cadle Co. v. Valdez, No. 96-CV-7373, 2008 WL 1959528, at *1 (S.D.N.Y. May 5, 2008) (civil contempt may include incarceration to compel compliance).

10.     Defendants' conduct is not just obstructive, it is financially harmful. Their refusal to satisfy the judgments has forced Plaintiff and I to incur substantial additional costs, including engaging judgment-enforcement professionals and paying additional legal fees solely to chase compliance and respond to Defendants' never-ending, frivolous filings.

11.     Enough is enough. Civil contempt exists to compel compliance, not to provide Defendants a playground for delay tactics and strategic nonappearance. Allowing Defendants to continue unchecked invites abuse of this Court's process and signals that judgments can be ignored as long as the debtor files enough paper.

12.     If Defendants are permitted to continue these tactics unchecked, it will set a troubling precedent for pro se litigants within the Second Circuit, signaling that repeated noncompliance and shifting representations may not result in serious consequences. That is not the law, nor is it consistent with the integrity of these proceedings.

WHEREFORE, I respectfully request that the Court:

A. DENY Defendants' supplemental motion in its entirety;

B. ORDER Safa Gelardi and Vito Gelardi to appear in person for the civil contempt hearing currently scheduled for Tuesday, March 3, 2026, so they may be examined under oath and the Court may directly assess their credibility and claimed inability to comply;

C. ORDER immediate satisfaction of the money judgments entered against Defendants payable to me and Plaintiff, including through coercive enforcement relief such as: (i) turnover of non-exempt assets, (ii) an order directing liquidation/sale of identified assets and application of proceeds to the judgments, and/or (iii) appointment of a receiver to take control of Defendants' assets and effectuate payment;

D. AWARD Plaintiff and me our reasonable attorneys' fees and costs incurred due to Defendants' noncompliance and frivolous motion practice, including costs of judgment enforcement professionals;

E. ENTER a filing injunction order prohibiting Defendants from making further filings related to these enforcement/contempt proceedings without prior Court permission, given their repeated relitigating and misuse of the docket; and

F. Grant such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 26, 2026.

Respectfully Submitted,

_____
Carlos Roa
*Judgement Creditor*
Office of Zieher & Associates P.C.
11 Broadway, Suite 615
New York, NY 10004
(212)235-7010
carlos@zieherlaw.com

Case 1:22-cv-01032-PKC-JRC   Document 637   Filed 02/26/26   Page 5 of 5 PageID #: 12441