# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

February 27, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James R. Cho, U.S.M.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

   *Re:* <u>IME WatchDog, Inc. v. Gelardi, *et al.*</u>
     <u>Case No.: 1:22-cv-1032 (PKC) (JRC)</u>

Dear Judge Cho:

  This firm, together with Milman Labuda Law Group PLLC, represents Plaintiff IME WatchDog, Inc. (the "Plaintiff") in the above-referenced case. Plaintiff writes to oppose non-party Direct IME Services LLC's ("Direct") motion to preclude exhibits and to direct Plaintiff to produce exhibits. Since virtually all of the Plaintiff's exhibits are for impeachment purposes such that they are not required to be exchanged, and because good cause exists to delay the production of audio and video recordings in light of the particular circumstances in this case, Direct's motion must be denied. In addition, Direct's motion is bereft of any legal authority, factual analysis, or developed argument, providing an additional basis to deny the relief sought by Direct.

**<u>Legal Standard</u>**

  Rule 26 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") requires disclosure of a "copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." <u>See</u> Fed. R. Civ. P. 26(a)(1)(A)(ii); <u>see</u> <u>also</u> Fed. R. Civ. P. 26(a)(3)(A)(iii) ("a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment … an identification of each document or other exhibit …")

  A "motion to delay production of video footage implicates Rules 26(c) and 26(d)(3) …." <u>See</u> <u>Walls v. Diesel Auto Exp.</u>, No. 23-CIV.-1037 (LDH) (MMH), 2023 WL 3895790, at *2 (E.D.N.Y. June 8, 2023). Under Rule 26(d)(3), "discovery by one party does not require any other party to delay its discovery" "[u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice." <u>See</u> Fed. R. Civ. P. 26(d)(3). And under Rule 26(c), a court may issue a protective order "specifying terms, including time ... for the disclosure or discovery" upon a showing of "good cause." <u>See</u> Fed. R. Civ. P. 26(c)(1)(B).

  "The party seeking a protective order under Rule 26(c) bears the burden of showing good cause for its issuance and may not rely on conclusory assertions." <u>See</u> <u>McCovey v. TJX Cos.</u>, No. 22-CIV.-2570 (KAM) (RLM), 2022 WL 18858976, at *1 (E.D.N.Y. July 13, 2022).

"Trial courts enjoy wide discretion in handling pretrial discovery under both provisions: broad discretion under Rule 26(c) to decide whether and to what extent a protective order is warranted, and similarly broad discretion under Rule 23(d)(3) to control the timing and sequence of discovery." Id.

**Argument**

On February 13, 2026, this Court issued an Order to show cause with a temporary restraining Order, requiring the parties to, *inter alia*, "exchange *exhibits and witness lists* for the hearing no later than February 25, 2026. All parties and non-parties must come to the hearing prepared with four (4) copies of their respective exhibits. All exhibits must be pre-marked and in binders with corresponding labeled tabs. Each of the binders must include an exhibit list and a witness list. The exhibit list should list every exhibit in the binder(s) and contain a brief description of each exhibit, no longer than one sentence." See ECF Docket Entry 623 (emphasis added). The Order did not require a pre-hearing exchange of exhibits.

On February 25, 2026, as required by the foregoing Order, Plaintiff filed its exhibit and witness lists. See ECF Docket Entries 632 and 633. Meanwhile, Defendants and the non-parties failed to do so; as such, they should be precluded from offering any evidence at the March 3, 2026 hearing.

Direct objects to the exhibit list on the grounds that it constitutes "trial by ambush" and "a violation of Direct's 6th Amendment right to counsel."[1] However, virtually every exhibit Plaintiff identified will be used for impeachment purposes such that Direct nor any other participant in the hearing is entitled to review the exhibits in advance of the hearing. See Fed. R. Civ. P. 26(a)(1)(A)(ii); see also Fed. R. Civ. P. 26(a)(3)(A)(iii). As such, Direct's argument about a trial by ambush is unavailing.

Setting aside the fact the audio and video recordings are impeachment exhibits which will not be necessary if the Defendants and non-parties testify truthfully, "courts within this circuit have delayed the production of audio or video tapes prior to one or more depositions in order to prevent the [party] or its witnesses from tailoring their testimony to conform with their prior recorded statements or actions." See Miller v. Levi & Korinsky, LLP, No. 20-CIV.-1390 (LAP), 2022 WL 566827, at *1 (S.D.N.Y. Jan. 26, 2022) (internal quotation marks omitted). In this case, where there have been numerous findings of perjury by this Court, Direct's motion to direct Plaintiff to produce the audio and video recordings should be denied.

Finally, because Direct's arguments "fail to support [those arguments] with any legal authority, factual analysis, or developed argument," such perfunctory, underdeveloped argument not sufficiently argued in the briefs can be considered waived. See Tolbert v. Queens Coll., 242 F.3d 58, 75 (2d Cir. 2001) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

---

[1] "[T]he Sixth Amendment right of confrontation does not apply in ... civil action[s]." See Barclay v. New York, 602 Fed. Appx. 7, 13 (2d Cir. 2015).

2

Accordingly, Direct's motion should be denied in its entirety, and a protective Order should be issued preventing disclosure of any audio and video recordings until the March 3, 2026 hearing.

The parties thank this Court for its time and attention to this case.

Dated: Lake Success, New York
February 27, 2025

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

  _/s/ Jamie S. Felsen, Esq._
Jamie S. Felsen, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1391 (direct dial)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com

Dated: Jamaica, New York
February 27, 2025

**SAGE LEGAL LLC**

  _/s/ Emanuel Kataev, Esq._
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*IME WatchDog, Inc.*

<u>**VIA ECF**</u>
All counsel of record