# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

March 6, 2026

<u>**VIA ECF**</u>
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Robyn F. Tarnofsky, U.S.M.J.
500 Pearl Street, Courtroom 9B
New York, NY 10007-1312

      *Re:*    **IME WatchDog, Inc. v. Beiben,** *et al.*
              **Case No.: 1:25-cv-10218 (VSB) (RFT) (SDNY)**
              <u>**Case No.: 1:22-cv-1032 (PKC) (JRC) (EDNY) (the "Related Case")**</u>

Dear Judge Tarnofsky:

      This firm, together with Milman Labuda Law Group PLLC, represents Plaintiff IME WatchDog, Inc. (the "Plaintiff") in the above-referenced case.  This letter is sent pursuant to this Court's February 27, 2026 Order to meet and confer with Defendants in this action and to file a letter on the docket in this case and in the Related Case addressing the position of all parties in this case on whether transfer to the Eastern District of New York or consolidation with the Related Case is appropriate, particularly in light of the order to show cause hearing scheduled in the Related Case.

      On Tuesday, March 3, 2026, the Hon. Pamela K. Chen, U.S.D.J. ("Judge Chen") denied Plaintiff's Order to show cause for a preliminary injunction and lifted the temporary restraining Order issued against Defendants Direct IME Services, LLC ("Direct") and Mark Purificati in the Related Case.  Judge Chen is considering Direct and Mr. Purificati's application for reimbursement of their attorney's fees and has set a briefing schedule.

      Regarding consolidation of the two cases, the Plaintiff, Direct, and Mr. Purificati met-and-conferred telephonically today for approximately ten (10) minutes by and through counsel, with Emanuel Kataev, Esq. for Plaintiff and Jared Lefkowitz, Esq. for those Defendants.  The remaining Defendants were not on the call. Plaintiff, Direct, and Mr. Purificati all agree that the case should remain in the Southern District.

      Plaintiff respectfully submits that the Related Case has concluded.  All parties to that case have either settled or have had case-ending sanctions imposed against them.  A motion for default judgment to outline Plaintiff's damages is due to the Court in approximately ninety (90) days following the receipt of certain discovery from the Defendants in the Related Case.  The time to amend the pleadings has long-ago expired.  The Defendants in this case are not defendants in the Related Case.  Discovery in the Related Case has long ago closed.  In any event, courts routinely deny consolidation where the two cases sought to be consolidated are on different tracks.

      The Hon. Nusrat J. Choudhury, U.S.D.J.'s analysis in <u>Deo, *et al.* v. Baron, *et al.*</u> is instructive:

> … any consolidation of this case with the Related Action would frustrate, rather than advance, judicial economy and efficiency. Here, various groups of Defendants have filed *eleven separate letters* indicating different parties' intentions to file motions to dismiss Plaintiffs' claims. … The undersigned would need to resolve such motions before the case could move to discovery, where Judge Wicks, as the assigned magistrate judge, would set discovery deadlines and resolve discovery disputes, which the parties would have a right to appeal to the undersigned. However, in the Related Action, Judge Wicks has already ruled on numerous, complex motions to dismiss, managed the discovery process, and is poised to consider dispositive motions in early 2026.
>
> Accordingly, in the event that this Court were to exercise mirror image jurisdiction over this action and that Defendants were to move to consolidate this action with the Related Action, the grant of such a motion would likely *slow down* the Related Action because the two actions can only be consolidated on the undersigned's docket due to the lack of unanimous consent among the parties in this action to the jurisdiction of Judge Wicks for all purposes. For example, were the Related Action to come to this Court, the undersigned would rule on the parties' anticipated motions for summary judgment and possibly conduct a jury trial without the benefit of having ruled on the parties' motions to dismiss or having considered the numerous discovery issues that have been litigated. Moreover, as noted, even if this Court were to exercise mirror image jurisdiction over this action and permit it to proceed on a separate track from the Related Action, it is difficult to discern any judicial economy or efficiency gains that would result. Therefore, while one significant purpose of exercising jurisdiction over this action would be to foster judicial economy and efficiency, the exercise of jurisdiction would, at best, lead to no added efficiency or economy, and at worst, would significantly slow down the Related Action.

See No. 2:24-CV-6903 (NJC) (JMW), 2025 WL 3706664 (E.D.N.Y. Dec. 22, 2025); see also United States v. Garrity, 2018 WL 8263922, at *2 (D. Conn. 2018) (denying motion to consolidate in light of "starkly different procedural postures" where second case was filed nearly three years after first case, such that "consolidating would require substantially delaying trial to allow for even minimal discovery and dispositive motions").

      Here, consolidation is similarly inappropriate based on the different procedural postures of this case and the Related Case.  Whereas this case has just begun, and the Related Case is over except to determine damages, these starkly different procedural postures preclude consolidation.

      Consolidation is also inappropriate because the parties differ between the two cases, and each case deals with a different relevant time periods.

2

      In such circumstances, courts have routinely declined to exercise their discretion in favor of consolidation. See Haas v. Brookhaven Memorial Hosp., No. 07–CV–4788, 2008 WL 822121, at *2 (E.D.N.Y. Mar. 26, 2008) (denying plaintiff's motion to consolidate because he made no showing on the record that consolidation would assist judicial economy or avoid unnecessary delays or confusion); see also Smith v. Everson, No. 06–CV–0791, 2007 WL 2294320, at *3 (E.D.N.Y. Aug. 6, 2007) (denying motion to consolidate where consolidation would lead to confusion in light of distinct issues involved and would not improve efficiency of discovery); Johnson v. Kerney, No. 91–CV–2028, 1993 WL 547466, at *6 (E.D.N.Y. Dec. 22, 1993) (denying motion to consolidate in order to avoid potential confusion and prejudice to plaintiff).

      In light of the foregoing, Plaintiff respectfully submits – and Direct and Mr. Purificati agree – that consolidation with or transfer to the Related Case is inappropriate in this case.

Dated: Lake Success, New York
       March 6, 2026                     Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

  _/s/ Jamie S. Felsen, Esq._
Jamie S. Felsen, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1391 (direct dial)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com

Dated: Jamaica, New York
       March 6, 2026

**SAGE LEGAL LLC**

  _/s/ Emanuel Kataev, Esq._
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*IME WatchDog, Inc.*

**VIA ECF**
All counsel of record

3