UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IME WATCHDOG, INC.,

                          Plaintiff,

               -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and
IME MANAGEMENT & CONSULTING LLC,

                          Defendants.

-------------------------------------------------------------------X

**Case No.: 1:22-cv-1032 (PKC) (JRC)**

**DECLARATION OF DANIELLA LEVI
IN SUPPORT OF PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

I, Daniella Levi, pursuant to 28 U. S. C. § 1746, declare as follows:

1.     I am the Chief Executive Officer of IME WatchDog, Inc. (hereinafter "Plaintiff"), the plaintiff in the above-referenced case.

2.     I submit this declaration in support of Plaintiff's motion for default judgment which the Court directed Plaintiff to file in its February 9, 2026 Memorandum & Order.

3.     A default judgment should be entered in favor of Plaintiff against Defendants Safa Gelardi ("Safa"), Vito ("Vito") Gelardi, and IME Companions LLC ("Companions") (Safa, Vito, and Companions collectively hereinafter the "Defendants") as follows: (i) $1,414,800.00 for lost profit together with pre-judgment interest and post-judgment interest, (ii) punitive damages in the amount of $2,829,600; (iii) attorneys' fees in the amount of $299,256.59; and (iv) a permanent injunction prohibiting Defendants from conducting any independent medical examination observations directly or indirectly in the tri-state area.

4.     As this Court previously concluded, between 2018 and 2022, through their theft of Plaintiff's trade secrets, Defendants stole at least sixty-seven (67) customers from Plaintiff. IME

Watchdog, Inc. v. Gelardi, 2022 U.S. Dist. LEXIS 86997, at *17 (E.D.N.Y. May 13, 2022); IME Watchdog, Inc. v. Gelardi, 732 F. Supp. 3d 224, 242 (E.D.N.Y. 2024).

5.    This Court also previously concluded that 98.3% of the total revenue Defendants generated since Companions' inception was obtained through sales to Plaintiff's former customers. Ime Watchdog, Inc. v. Gelardi, 2023 U.S. Dist. LEXIS 189054, at *12 (E.D.N.Y. Oct. 20, 2023).

6.    Applying the court's prior determination that 98.3 percent of Companions' total revenue was derived from the theft of Plaintiff's customers, Plaintiff's damages for the period 2018-2022 are $1,414.80.00 as discussed in further detail below, plus pre-judgment and post-judgment interest.

7.    During discovery, Companions produced its annual Sales by Customer Detail for the period 2018 through 2022 which totals $2,625,787 ($72,847.00 in 2018; $411,215.00 in 2019; $435,316 in 2020; $823,345 in 2021; and $883,0646 in 2022.   (A copy of Companions' annual Sales by Customer Detail for 2018 through 2022 is annexed hereto as **Exhibit "A".**)

8.    The 2022 sales figure has to be adjusted because it omitted the revenue associated with Zemsky & Salomon, a customer appearing in Companions' 2022 sales records for whom the dollar amount was left blank.

9.    Zemsky & Salomon paid Companions $54,015.00 in 2021. See Exhibit A.  Using that amount for 2022 yields total sales for 2022 for Companions of $937,061.00. Therefore, Companions' total adjusted sales for the period 2018 through 2022 is $2,679,802.

10.    Plaintiff's profit margin during the relevant period was fifty percent (50%). Annexed hereto as **Exhibit "B"** is a sample of documents kept in Plaintiff's ordinary course of business identifying the amount Plaintiff billed its customers and payments to its observers (with the identities of the observers redacted) establishing an estimated 50% profit margin.

11. Applying Plaintiff's typical fifty percent (50%) profit margin results in lost profits for the period 2018-2022 of $1,339,901.

12. In addition, because Companions charged $179 per independent medical examination while Plaintiff charged $189. Plaintiff's equivalent revenue would have been 5.59% higher, or $1,414,800.00 for that same time period. Plaintiff respectfully submits that $1,414,800.00 represents the lost-profits damages to be awarded to Plaintiff.

13. Plaintiff also incurred $452,460.00 in attorneys' fees throughout the duration of this litigation for which Plaintiff seeks a judgment less the $153,203.41 in attorneys' fees which were previously awarded to Plaintiff, for a total of $299,256.59.

14. Milman Labuda Law Group PLLC ("MLLG") billed Plaintiff at rates of $450 for Jamie Felsen and $300 for Emanuel Kataev for a total of $402,090.00. A summary of MLLG's billing descriptions provided in the invoices Plaintiff received from MLLG is annexed hereto as **Exhibit "C"**.

15. Sage Legal LLC ("Sage") billed Plaintiff $300 per hour for a total of $50,370.00. Sage's invoices issued to Plaintiff are annexed hereto as **Exhibit "D"**.

16. Accordingly, Plaintiff seeks entry of a default judgment as follows: (i) $1,414,800 for lost profit together with pre-judgment interest and post-judgment interest, (ii) punitive damages in the amount of $2,829,600; (iii) attorneys' fees in the amount of $299,256.59; and (iv) a permanent injunction prohibiting Defendants from conducting any independent medical examination observations directly or indirectly in the tri-state area.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 27, 2026.

_____
Daniella Levi

3