*** Filed ***
06:57 PM, 29 Mar, 2026
U.S.D.C., Eastern District of New York

March 29, 2026
Hon. Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Re: IME Watchdog, Inc. v. Safa Abdulrahim Gelardi, Vito Gelardi, et al., 22-CV-1032 (PKC) (JRC)

**LETTER MOTION FOR LEAVE TO SERVE LIMITED RULE 45 SUBPOENA ON MORGAN & MORGAN**

Dear Judge Chen:

Defendants respectfully request leave to serve a limited Rule 45 document subpoena on nonparty Morgan & Morgan, through Nicholas Gerschman, Esq., 199 Water Street, Suite 1500, New York, New York 10038, concerning the June 13, 2025 IME of Jeannie Tam.

This request arises from a specific factual dispute Plaintiff has used, and continues to use, to support a broader narrative of ongoing conduct, active concert, and contempt exposure. Plaintiff has asserted, in substance, that Defendants serviced the June 13, 2025 Jeannie Tam IME and that Mark Purificati appeared. Defendants deny that. Defendants did not receive any request for that IME, did not retain or assign Mark Purificati for that IME, and were not paid for that IME.

This request is grounded in specific, documented facts. Exhibit A contains the relevant pages of the filed affirmation of Jared Lefkowitz, Esq. Mr. Lefkowitz states that, after the March 3, 2026 hearing, records were checked and Mark Purificati had not performed the June 13, 2025 observation and had never performed an observation for a Morgan & Morgan client. He further states that, on March 24, 2026, he called Nicholas Gerschman, explained the issue, and asked him to confirm who had been hired for that observation. Counsel for Morgan & Morgan advised that IME WatchDog is used for IME observation services, although written confirmation identifying the entity retained for the June 13, 2025 IME has not yet been provided. He also explains how he located a separate NYSCEF-filed Morgan & Morgan matter in which IME WatchDog was expressly identified as the observer.

The Kelly matter sharpens the point because it supplies prior-course evidence involving the same Morgan & Morgan attorney. Exhibits F and G reflect that, in a separate Kelly matter handled by Nicholas Gerschman, an IME report dated April 4, 2024 expressly identified IME WatchDog as the observer present at the IME. That history supports a reasonable inference of prior Morgan & Morgan use of IME WatchDog in IME observation matters handled by the same attorney and makes it reasonable to seek neutral confirmation of who Morgan & Morgan retained for the Tam IME.

Roa's role is central. Exhibit B is Plaintiff's March 23, 2026 supplemental declaration of Carlos Roa. Mr. Roa did not appear as a detached bystander. He declared, under penalty of perjury, that he was familiar with the relevant facts through personal knowledge and review of the file maintained at IME WatchDog, yet he still attributed the June 13, 2025 Tam IME to Mark Purificati and used that attribution to support Plaintiff's active-concert narrative. Exhibit C is

Plaintiff's own public webpage identifying Mr. Roa as IME WatchDog's President, Operations. That title is not incidental. It is the very operational role one would expect to know who was retained, who was assigned, who was confirmed, and who appeared.

That means the disputed Tam attribution was not merely repeated from a third-party report by an outsider. Plaintiff, through an executive publicly identified as its President, Operations, reviewed the file maintained at IME WatchDog and still placed that attribution before the Court while describing Mr. Roa in the declaration only as a judgment creditor. If the attribution is wrong, that raises a serious question about the accuracy of an operational attribution advanced by Plaintiff itself, which is why neutral third-party verification from Morgan & Morgan is necessary before Plaintiff is permitted to continue relying on the Tam IME.

Exhibits D and E are the Jeannie Tam IME report and the D & D Associates rescheduling letter tying Morgan & Morgan to the June 13, 2025 Tam IME. Read together with Exhibits A through G, the present record shows a concrete, objective dispute about who Morgan & Morgan actually retained for that IME and who in fact appeared with the claimant.

This is not ancillary. Plaintiff used the June 13, 2025 Tam IME to support emergency TRO/PI relief, to press an active-concert theory, and to place Defendants under a continuing cloud of contempt-related exposure. As reflected in Exhibit A, at the March 3, 2026 hearing the Court denied Plaintiff's emergency application from the bench, and counsel for Direct reports that the Court stated there was "no there there." Exhibit H, the Court's minute entry, further confirms that the Temporary Restraining Order was lifted, the Motion for Preliminary Injunction was denied, and decision on the Motion for Contempt was reserved.

Where a disputed factual assertion has been used to support extraordinary relief and remains tied to contempt exposure, basic fairness requires that the parties be permitted to test that assertion through limited, targeted third-party discovery.

The prejudice to Defendants is concrete and ongoing. Plaintiff used this disputed IME to support emergency motion practice and then reinforced the attribution through Mr. Roa's March 23, 2026 declaration instead of producing straightforward operational confirmation. If Morgan & Morgan's records show that IME WatchDog, or someone other than Defendants, was retained for the Tam IME, then Plaintiff's attribution was materially inaccurate and its continued reliance on that attribution in support of sweeping final relief would be seriously undermined. Fundamental fairness and due process require that this issue be resolved by documents, not accusation.

This request is timely and proportional in light of Plaintiff's current posture. Exhibit H reflects that on March 3, 2026 the Court granted Plaintiff a 90-day extension to file its motion for default judgment and granted Plaintiff leave to move to compel production of records. That procedural history matters. It confirms that, as of March 3, 2026, Plaintiff itself sought additional time and additional records before pursuing final relief. Yet Plaintiff continues to rely on the disputed June 13, 2025 Tam IME while opposing the single narrow subpoena that would objectively determine who Morgan & Morgan actually retained for that IME.

This is not a fishing expedition and not an attempt to reopen broad discovery. Defendants do not seek attorney mental impressions, legal strategy, or a wholesale review of counsel's file. Defendants seek only limited, nonprivileged records sufficient to show who Morgan & Morgan retained for that IME, who was assigned or confirmed, whether any reassignment occurred, whether any invoice or payment exists, and any attendance-related record identifying who was expected to appear or who did appear. The issue is verifiable in multiple narrow ways without invading privilege, including request and confirmation records, invoice or payment records, a redacted observer report identifying only the attorney, client, date, doctor, location, and observer, office sign-in or front-desk records from the examination location, or another nonprivileged attendance-related record sufficient to identify who was expected to appear or who did appear.

The proposed subpoena is narrow and proportional. It is confined to one IME, one client, one law firm, and one discrete operational question. If leave is granted, Defendants will serve the subpoena only after providing advance notice and a copy to the parties. The proposed document requests are attached as Attachment 1. For the Court's convenience, an exhibit index follows the attachment. Defendants respectfully request leave so that this narrow factual dispute may be resolved through objective nonparty records rather than unsupported attribution.

Respectfully submitted,

/s/ Safa Gelardi
/s/ Vito Gelardi
Safa Gelardi and Vito Gelardi
Pro Se Defendants

**ATTACHMENT 1**
**PROPOSED SCHEDULE A - DOCUMENTS REQUESTED**

Produce documents concerning the June 13, 2025 IME of Jeannie Tam sufficient to show:
1. whether Morgan & Morgan requested IME observer, companion, watchdog, or similar coverage for that IME;

2. the identity of any company or person contacted, retained, assigned, confirmed, cancelled, substituted, or replaced for such coverage;

3. the date of any such request, confirmation, cancellation, reassignment, substitution, or replacement;

4. whether any invoice was issued or payment was made for such coverage, including the identity of the payee;

5. any nonprivileged document sufficient to show the transmission or confirmation of the assignment for such coverage; and

6. any nonprivileged document sufficient to identify the person expected to appear or who did appear with the client at that IME.

**Definitions**

"Records sufficient to show" means documents adequate to identify the fact, date, entity, and individual involved, without requiring production of entire files where narrower records will suffice.

"Nonprivileged document" excludes attorney-client privileged communications and attorney work product, but includes nonprivileged business records reflecting retention, assignment, confirmation, invoice, payment, cancellation, substitution, or attendance.

## EXHIBIT INDEX

The following exhibits are included in the packet submitted in support of the letter motion:

| Exhibit | Description |
|---|---|
| A | Relevant pages from Jared Lefkowitz's filed affirmation regarding the June 13, 2025 Jeannie Tam IME, Mark Purificati's denial, counsel's statement that Morgan & Morgan uses IME WatchDog, and the comparison Kelly matter. |
| B | Plaintiff's March 23, 2026 supplemental declaration of Carlos Roa continuing to attribute the June 13, 2025 Tam IME to Mark Purificati while stating that he reviewed the file maintained at IME WatchDog. |
| C | Publicly available IME WatchDog webpage identifying Carlos Roa as IME WatchDog's President, Operations. |
| D | Jeannie Tam IME report for June 13, 2025 stating that she was accompanied by legal representative, Mark Purificati. |
| E | D & D Associates rescheduling letter tying Morgan & Morgan to the June 13, 2025 Jeannie Tam IME. |
| F | NYSCEF case-detail page from the separate Kelly matter reflecting Nicholas Gerschman / Morgan & Morgan as counsel. |
| G | IME report from the separate Kelly matter expressly identifying IME WatchDog as the observer present at the IME, demonstrating prior Morgan & Morgan use of IME WatchDog. |
| H | March 3, 2026 minute entry reflecting that the Temporary Restraining Order was lifted, the Motion for Preliminary Injunction was denied, decision on contempt was reserved, Plaintiff received a 90-day extension to file default judgment, and Plaintiff was granted leave to move to compel production of records. |

# EXHIBIT A

**The June 13, 2025 IME Observation**

3.  In the EDNY case the Plaintiff recently brought an Order to Show Cause against Direct and Mr. Purificati making the same allegations against them as they do in this case. See, Exhibit A. This Affirmation is submitted to alert the Court as to what happened in that motion because it bears directly on the Plaintiff's ability in our case to maintain any claims whatsoever based upon the utter lack of evidence.

4.  Crucially, there is a certain "irregularity" in Plaintiff's primary piece of evidence.

5. An evidentiary hearing was held in the EDNY on March 3, 2026 in connection with the Order to Show Cause. At the close of testimony Judge Chen ruled off the bench denying Plaintiff's motion. Judge Chen stated on the record "there is no *there* there."[1] At that point on behalf of Direct I made an oral application for recovery of Direct's attorney's fees. Judge Chen set a briefing schedule for that motion.

6.  During the testimony Plaintiff attempted to impeach Mr. Purificati with a June 13, 2025 Independent Medical Examination ("IME") observation which Plaintiff alleges was performed by Mr. Purificati "on behalf of Safa [Gelardi]" who is the primary Defendant in the EDNY case. Allegedly, the law firm Morgan and Morgan hired Safa Gelardi or one of her companies to perform that observation and accompany their client Jeannie Tam, and the claim is that Mr. Purificati did so as an agent of or in collusion with Ms. Gelardi.

---

[1] I have tried to order the transcript, but my understanding is that the Court reporter is ill. He has not been responsive to my requests.

7. Mr. Purificati testified to the best of his recollection during the hearing that if he had done such an observation it would have been in approximately April or May 2025, but that in all cases he is an independent contractor and was never an agent of Ms. Gelardi or in collusion with her.

8. Following the hearing, the Defendant Gelardi checked her records, and Mr. Purificati went home and checked his records, and both learned that Mr. Purificati had NOT done such an observation, and what's more, Mr. Purificati had never performed an observation for a Morgan and Morgan law firm client. Attached hereto as Exhibit B is a letter to Judge Chen in that regard.

9. On March 9, 2026 Judge Chen Ordered Plaintiff to "file any documents related to this alleged observation, as well as a brief description of the documents and where they were obtained." Plaintiff thereafter provided the Court with a copy of the report prepared by Dr. Francis Pflum of the Tam IME which does state that the claimant was "accompanied by legal representative, Mark Purificati." Exhibit C. That report and that filing by Plaintiff is the "irregularity" we refer to above.

10. As set forth in Mr. Purificati's accompanying Declaration, he maintains that he did not perform that observation. Accordingly, when Mr. Purificati saw this IME report alarm bells went off in his head. There is one innocuous explanation for these circumstances, but there is another devastatingly serious and more likely possibility. We are referring to it herein, for now, as an "irregularity" subject to further action if this case proceeds.

11. The innocuous explanation is that the doctor made a ministerial error in naming Mark Purificati as the observer. Knowing that to be unlikely, I undertook an investigation. The first thing I did was look in the case details for the Tam case in NY Supreme Court to learn who the Morgan and Morgan attorney was on that case. It was Nicholas Gerschman.

12. I called Mr. Gerschman on March 24, 2026, and he graciously accepted my call right away. I alerted him as to who I am and why I was calling. I told him that although Mr. Purificati is named in the Tam IME report, he maintains that he did not do the observation. I then asked if Mr. Gerschman would check his records to confirm who he hired to perform that observation.

13. Mr. Gerschman then casually advised me that he uses *Plaintiff IME Watchdog* to do his IME observations.

14. I have asked for written confirmation of that, and Mr. Gerschman explained that he would need to consult with other members of his firm before doing so. As of the date of this Affirmation I have not yet received written confirmation.

15. There is no dispute in this case that Mr. Purificati never worked for Plaintiff IME Watchdog.

16. The evidence does not end there. Through the New York State Electronic Case Filing System I searched for other cases handled by Mr. Gerschman from Morgan and Morgan. IME reports generally do not get e-filed until late in the case when a trial may be imminent, but after reviewing the docket on many cases I did find one.

17. Mr. Gerschman and Morgan and Morgan is Plaintiff's counsel in the case Donna Petty as Executrix of the Estate of James Kelly v. Pasta La Vista, Inc. et al, Index No. 152154/2022. See the case detail attached as Exhibit D showing Mr. Gerschman as Plaintiff's counsel.

18. Attached hereto as Exhibit E is an IME report in that Kelly case dated April 4, 2024 (which is approximately one year earlier than the Tam case) where *Plaintiff IME Watchdog was present and expressly named as the observer*.

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

IME WATCHDOG, INC.,

                         Plaintiff,

            -against-

SAFA ABDULRAHIM GELARDI, VITO GELARDI,
GREGORY ELEFTERAKIS, ROMAN POLLAK,
ANTHONY BRIDDA, IME COMPANIONS LLC,
CLIENT EXAM SERVICES LLC, and IME
MANAGEMENT & CONSULTING LLC,

                         Defendants.

-----------------------------------------------------------------X

**Case No.: 1:22-cv-1032 (PKC) (JRC)**

**SUPPLEMENTAL DECLARATION OF NON-PARTY CARLOS ROA IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER & PRELIMINARY INJUNCTION**

Carlos Roa, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.      I am a judgment creditor of Defendants Safa Gelardi ("Safa"), Vito Gelardi ("Vito"), and IME Companions LLC ("Companions") (Safa, Vito, and Companions collectively hereinafter the "Defendants").

2.      As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of the file maintained at IME WatchDog, as well as publicly available documents, and provide certain exhibits relevant to this Court's determination of the instant motion in accordance with its March 9, 2026 Order.  ECF 644.

3.      A copy of the IME report dated June 13, 2025 observed by non-party Mark Purificati ("Purificati") on June 13, 2025, is publicly available at <u>Tam v. Annex Enterprise, Inc., et al.</u>; Index No.: 150505/2023,[1] NYSCEF Docket Entry 45 at 5.

---

[1] A review of the case detail page in NYSCEF for this action will reveal that the law firm customer is Morgan & Morgan in New York, not in Pennsylvania as Safa testified at the March 3, 2026 hearing.

4.      A copy of the IME report dated April 24, 2025 observed by non-party Purificati on April 9, 2025, is publicly available at <u>Bayner v. Rempell, *et ano.*</u>; Index No.: 725276/2023, NYSCEF Docket Entry <u>243</u> at 7. This report was found on NYSCEF.

5.      Critically, Gabriel Law hired IME Companions to conduct the above-referenced IME; Gabriel Law provided Plaintiff documentation of this through an email, annexed hereto as "**<u>Exhibit A</u>**," as part of Plaintiff's efforts to engage in third-party discovery.

6.      The foregoing evidence is sufficient to demonstrate (and/or gives rise to an inference) that Purificati is an agent of Defendants and is acting in active concert or participation with them.

7.      This evidence calls into question Purificati's testimony that he runs his own business without involvement from Safa or Vito in that it directly shows Defendants booked Gabriel Law to have an IME observed and utilized Purificati to observe the IME.

I declare under penalty of perjury that the foregoing is true and correct.   Executed on March 23, 2026.



Carlos Roa

2

# EXHIBIT C



(https://imewatchdog.com)

## *President, Operations*

📞 (718) 463-2320(tel:+17184632320)

✉ carlos@imewatchdog.com(mailto:carlos@imewatchdog.com)

☁ Download VCard

As the President of Operations, Carlos Roa brings a formidable blend of academic prowess and entrepreneurial acumen to the table. Armed with a Bachelor's in Health Science from Stony Brook University (2014), a Master's in Public Health from the same institution in 2016, and a Doctorate of Law specializing in Sports Law from Universidad Carlos III de Madrid in 2019, his academic achievements underscore his dedication to diverse fields. Carlos is a seasoned entrepreneur, renowned for founding a boutique international sports management firm. His firm boasts an impressive clientele comprising athletes in Soccer, Track and Field, and Tennis. Notably, he serves as the International Counsel to the Panamanian Olympic Committee and the Panamanian National Soccer Team, leveraging his expertise in negotiations involving athletes, sponsorships, and clothing brands. Before assuming his current role at IME Watchdog, Carlos honed his skills at one of New York City's largest Personal Injury Law firms, overseeing the IME Department. His

# EXHIBIT D

Case 1:26-cv-03202-VSB-RFT Document 42 Filed 03/00/2527/26 Page 6 of 24 PageID #: 12647

# Francis Pflum, M.D.
### Diplomate American Board of Orthopedic Surgery

D&D Associates
PO Box 9150
Garden City, NY 11530

| | |
|---|---|
| DOE: | June 13, 2025 |
| RE: | Jeannie Tam |
| CLAIM#: | TA202207080011001 |
| DOA: | May 10, 2022 |
| D&D #: | 22725012497-1 |

To whom it may concern:

I am a Board-Certified Orthopedic Surgeon, licensed to practice medicine in the State of New York. I evaluated the above claimant in the New York office on June 13, 2025. Valid photo identification was presented by the claimant. She is accompanied by legal representative, Mark Purificati.

**History as:**
The claimant was advised not to provide any information regarding the accident. The following information was obtained from the medical records.

The claimant was reportedly tripped and fell on wet pavement and landed on her left knee. The injury occurred on May 10, 2022. The claimant reportedly sustained left patella fracture and underwent ORIF on July 15, 2022.

**Present Complaints:**
The claimant reports pain in the left knee.

**Unrelated Medical and Surgical History:**
The claimant was advised not to provide any information.

**Subsequent Accidents/Injuries:**
The claimant was advised not to provide any information.

**Present Medications:**
The claimant was advised not to provide any information.

**Occupational Status:**
The claimant was advised not to provide any information.

# EXHIBIT E



PO Box 9150, Garden City, NY  11530                ime@ddassociates.com                Tel: (800) 554-0347  Fax: (516) 240-4059

5/1/2025

MORGAN & MORGAN
199 WATER ST, STE. 1500
NEW YORK NY  10038


    **RE:  JEANNIE TAM**

**Insured:  MTA**                                                           ------------------------------------------

    **D/A:  05/10/2022**                          **D & D ACCTNO: 22725012497-1**

    **File #:  BU202205100019001**                ------------------------------------------

**RESCHEDULED LIABILITY EXAM**


This letter is being sent on behalf of NEW YORK CITY TRANSIT - LAW DEPARTMENT. We have rescheduled an appointment:

           From:  05/09/25          at     1:50 PM

              To:  06/13/25          at     2:00 PM

for a physical examination, for the above patient, with the following Examiner:

      FRANCIS PFLUM  -  ORTHOPAEDIC SURGERY
      469 7th Avenue, Suite 601
      New York, NY  10018


The appointment was postponed by the attorney and was rescheduled due to: Claimant availability


Please call D & D Associates at (516) 326-8800, Monday thru Friday, between 9 A.M. and 4 P.M., if we can be of further assistance.

                Very truly yours,

                Kristen Black - Ext. 118152


CC:    DAPHNE FERGUSON at NEW YORK CITY TRANSIT - LAW DEPARTMENT, 130 LIVINGSTON STREET, BROOKLYN, NY  11201
      MORGAN & MORGAN, 199 WATER ST, STE. 1500, NEW YORK, NY  10038

# EXHIBIT F

## 152154/2022 - New York County Supreme Court

Short Caption: **DONNA PETTY v. PASTA LA VISTA, INC. et al**
Case Type: **Torts - Other Negligence (Premises Liability)**
Case Status: **Disposed**
eFiling Status: **Full Participation Recorded**
Assigned Judge: **Dakota D. Ramseur**

E-mail Participating Parties

### Full Caption

Donna Petty as Executrix of the Estate of JAMES KELLY v. Pasta La Vista, Inc. , INDIVIDUALLY AND DOING BUSINESS AS PAZZA NOTTE, The Claridge'S Company, Llc, Donald Zucker Company, Llc

### Plaintiffs/Petitioners

| Name | Represented By |
| --- | --- |
| Donna Petty as Executrix of the Estate of JAMES KELLY | BEATTY, KATHLEEN E on 03/11/2022<br>Kathleen Law P.C. |
| | GERSCHMAN, NICHOLAS JOHAN TORE on 02/02/2023<br>MORGAN & MORGAN NEW YORK PLLC |

### Defendants/Respondents

| Name | Represented By |
| --- | --- |
| PASTA LA VISTA, INC. , INDIVIDUALLY AND DOING BUSINESS AS PAZZA NOTTE | Shinbaum, Bari Robyn on 05/27/2022<br>Law Office of Manson & McCarthy |
| THE CLARIDGE'S COMPANY, LLC | BERMACK, SCOTT W on 03/22/2024<br>Weber Gallagher |
| | SANDS, JOSEPH WILLIAM on 05/06/2022<br>Law Offices of Leon R. Kowalski |
| DONALD ZUCKER COMPANY, LLC | BERMACK, SCOTT W on 03/22/2024<br>Weber Gallagher |
| | SANDS, JOSEPH WILLIAM on 05/06/2022<br>Law Offices of Leon R. Kowalski |

### Authorized Agents

| Attorney Name | Authorized Agent | Authorization Date | Revocation Date |
| --- | --- | --- | --- |
| KATHLEEN E BEATTY | Executive Attorney Service, Inc. | 4/12/2022 | |
| Bari Robyn Shinbaum | Lexitas | 12/17/2025 | |

**EXHIBIT G**

Case 1:26-cv-10320218-VSB-RF Document 42-5ed 08/09/2627/26 Page Page 24 PageID
#: 12653

**NeuroSage, LLC**
Brian H. Kopell M.D.
2 Fifth Avenue #45
New York, NY 10011

Independent Medical Examination

April 4, 2024

Jerry Lynch, Esq
Weber Gallagher Simpson Stapleton Fires & Newby LLP
1500 Broadway #2401
New York, NY
(929) 342-6000
jlynch@wglaw.com

Plaintiff: James Kelly
DOB: ▮▮▮▮▮▮
Index No: 152154/2022
DOI: 10/10/2019

Dear Mr. Lynch,

Thank you for allowing me to see **James Kelly** for an independent medical examination. I have personally reviewed the provided medical records and rendered the below opinions with a high degree of medical certainty. Mr. Christopher Grimes, Mr. Kelly's legal representative from IME WatchDog was present at the time of the IME.

**Chief complaint/History of present illness:**

James Kelly is a 75-year-old right-handed male who was involved in a trip and fall on 10/10/2019.

Also, according to the bill of particulars, Mr. Kelly subsequently alleges the following injuries:

- o Cervical Spine:
    - ▪ Interval mild expansion of the cord at C4 and C5 levels with altered signal intensities within the cord which has progressed since the prior study;
    - ▪ Focal spinal canal narrowing at the level the superior endplate of C5;

**EXHIBIT H**

Case 1:22-cv-01032-PKC-JRC    Document 654    Filed 03/29/26    Page 24 of 24 PageID #: 12655

 Gmail

Safa Gelardi <safagelardi@gmail.com>

## Activity in Case 1:22-cv-01032-PKC-JRC IME WatchDog, Inc. v. Gelardi et al Order on Motion for Preliminary Injunction

1 message

**ecf_bounces@nyed.uscourts.gov** <ecf_bounces@nyed.uscourts.gov>     Tue, Mar 3, 2026 at 8:11 PM
To: nobody@nyed.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mailbox is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of New York

### Notice of Electronic Filing

The following transaction was entered on 3/3/2026 at 9:11 PM EST and filed on 3/3/2026

| | |
|---|---|
| **Case Name:** | IME WatchDog, Inc. v. Gelardi et al |
| **Case Number:** | 1:22-cv-01032-PKC-JRC |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Minute Entry for proceedings held before Judge Pamela K. Chen: Evidentiary and Show-Cause Hearing held on 3/3/2026. Appearances by Emanuel Kataev for Plaintiff; Jared Lefkowitz for Direct IME Services LLC ("Direct"), Interested Party; Defendants Safa Gelardi and Vito Gelardi, appearing *pro se*. Case called. Hearing held. The following witnesses were sworn and testified: Safa Gelardi and Mark Purificati. For the reasons stated on the record, the [623] Temporary Restraining Order is lifted, the [620] Motion for Preliminary Injunction is denied, and decision on the [620] Motion for Contempt is reserved. Oral motion for extension of time to file motion for default judgment made by Plaintiff; Court granted 90-day extension and granted Plaintiff leave to submit a motion to compel production of records. Oral motion for attorney's fees made by Mr. Lefkowitz on behalf of Direct. Mr. Lefkowitz to submit his billing records for in camera review. Plaintiff to respond by 3/17/2026; Direct to reply by 3/31/2026. Neither the response nor reply shall exceed 5 pages. (Court Reporter Avery Armstrong.) (JEC)**

**1:22-cv-01032-PKC-JRC Notice has been electronically mailed to:**

Anthony Joseph Genovesi     agenovesi@abramslaw.com, anthony@genovesi.us

Jared M. Lefkowitz     jmleflaw@gmail.com

Jamie Scott Felsen     jamiefelsen@mmmlaborlaw.com

Melanie I. Wiener     mwiener@abramslaw.com

Michael Joseph Alber     mja@alberlegal.com, malber@alberlegal.com