*** Filed ***
03:02 PM, 04 Apr, 2026
U.S.D.C., Eastern District of New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

IME WATCHDOG, INC.,

Plaintiff,

    -against-

SAFA GELARDI, VITO GELARDI, et al.,

Defendants.

------------------------------------------------------------X

Case No. 22-CV-1032 (PKC) (JRC)

April 4, 2026

Via ECF
Hon. Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Request to Reset BRG Payment Schedule and for No Additional Sanction Based on Financial Inability

Dear Judge Chen:

I respectfully write concerning the Court's directive that I pay the remaining $1,250 toward the BRG obligation by March 31, 2026.

I was unable to cure that amount by the deadline. I respectfully want to make clear that this was not willful noncompliance, disregard of the Court's authority, or refusal to pay. It was the result of genuine financial inability despite good-faith efforts.

I have not ignored this obligation. I paid $500 in February 2026 and an additional $250, despite severe financial hardship. Those payments were made in good faith, but I was still unable to cure the remaining arrears all at once.

When I requested the extension to March 31, I did so because I was already under substantial financial strain. That situation did not improve. By the time the deadline arrived, I was facing immediate household obligations, including my mortgage due on April 1, 2026,

and I did not have sufficient funds to both cure the BRG arrears and meet basic living expenses for my family.

I also respectfully note that, before the March 3, 2026 hearing, I requested permission to appear remotely multiple times because my financial circumstances were already extremely strained. Those requests were denied, and I nevertheless appeared in person because I did not want the Court to think I was disregarding the seriousness of the proceeding. The expense of traveling to appear, which was approximately $2,000, was a significant setback for my household and further limited my ability to cure the arrears by March 31.

I want the Court to know that I fully intend to continue paying BRG and to satisfy that obligation in full. I do have difficulty making even the $500 monthly payment, but I will do my absolute best to continue making it. My greater difficulty at present is curing the past-due amount all at once.

After losing essentially all of our income as a result of the restrictions in this case, my family has had to start over financially. I have accepted limited inbound work where I can, but it is not regular and nowhere near enough to survive on; at most, it helps pay a bill here and there. I am trying to pick myself back up and regain enough stability to remain compliant.

I therefore respectfully ask the Court to permit a reset to the existing schedule so that I may resume making $500 monthly payments beginning April 15, 2026, and continuing on the 15th of each month thereafter, and that no additional sanction be imposed based solely on my present inability to cure the arrears immediately.

I am not asking to avoid payment. I am asking for a realistic path to remain compliant and to move forward. Over the past three years, the restrictions in this case have had devastating financial consequences for my household. As a result of those restrictions, we lost essentially all of our income and have had to start over. We have fallen behind on obligations, borrowed from friends and family, and struggled to meet even basic expenses.

I have taken a low-paying job because it allows flexibility to care for my children, as we cannot afford childcare. I have also accepted limited inbound work when it comes, but it is irregular and not enough to support my family. My husband, at 50 years old, has been doing physically demanding construction and repair work despite the strain on his body, and even that work does not produce immediate income, as payments are often delayed and require follow-up to collect. We are working constantly simply to keep our household afloat.

The prolonged financial strain has also placed significant pressure on our marriage and family life. I also have minor children in my care, including an 11-year-old son and a 6-year-

old daughter, and this hardship has affected them as well. They need stability, support, and their mother, and I am trying to regain enough footing to provide that.

I respectfully submit that my ability to engage in lawful work is directly tied to my ability to meet outstanding obligations, including BRG, and to provide for my family. In practical terms, the more able I am to work and earn income, the more able I will be to pay what is owed, remain compliant, and rebuild stability for my family. Additional punishment for financial inability will not improve compliance; it will only deepen hardship that has already been severe.

To the extent the Court considers any continuing safeguards appropriate, I respectfully submit that narrowly tailored safeguards directed at specific prohibited conduct—such as any use of Plaintiff's materials—would be workable and sufficient. Broader client-based or geographic restrictions on lawful work, by contrast, would operate as a practical bar on my ability to earn a living and support my family. They would also be difficult to administer in the real world, where client relationships change, attorneys move between firms, and matters are reassigned, creating ongoing uncertainty and repeated compliance disputes long after the case is otherwise resolved. A narrowly tailored approach would better protect legitimate interests without extending the hardship already imposed on my household.

I have never sought to defy this Court. I am simply trying to support my family, regain stability, and meet my obligations under extremely difficult circumstances. I therefore respectfully ask the Court for leniency, for permission to resume the regular $500 monthly payments beginning April 15, 2026, and for no additional sanction based solely on my present inability to cure the arrears immediately.

Thank you for Your Honor's time and consideration.

Respectfully submitted,

/s/ Safa Gelardi
/s/ Vito Gelardi
Pro Se Defendants