**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

IME WATCHDOG, INC.,
Plaintiff,

v.

SAFA GELARDI, VITO GELARDI, et al.,
**Defendants.**

Case No. 1:22-cv-01032 (PKC) (JRC)


DEFENDANTS' RENEWED MOTION TO STAY ENFORCEMENT OF THE FEBRUARY 10, 2026 RULE 58 JUDGMENT PENDING APPEAL UNDER FED. R. CIV. P. 62(b) AND FED. R. APP. P. 8(a)


Defendants Safa Gelardi and Vito Gelardi, appearing pro se, respectfully move under Federal Rule of Civil Procedure 62(b) and Federal Rule of Appellate Procedure 8(a) for a stay of enforcement of the February 10, 2026 Rule 58 judgment pending appeal. Defendants seek, in descending order of preference: (1) a stay without full bond; (2) a stay conditioned on reduced bond or other security tailored to Defendants' means; or (3) at minimum, a short administrative stay sufficient to preserve meaningful appellate review while any further Rule 8 application is made to the Court of Appeals.


**PRELIMINARY STATEMENT**


This motion does not seek to relitigate the merits. It seeks to preserve meaningful appellate review of a six-figure sanctions-generated money judgment while substantial legal challenges to the validity of the process that produced that judgment remain pending.


The appeal challenges more than the harshness of the result. It challenges whether case-ending sanctions and a derivative Rule 58 judgment may stand where disputed material facts were resolved on an unevenly tested paper record; where Defendants were denied deposition of the central declarant used against them; where the Court expressly stated that "a full-blown hearing is not required"; and where later live proceedings showed that Plaintiff's subsequent contempt theory failed for lack of proof. See Dkt. 616 at 16 n.9, 23–30, 39–41; Dkt. 617; Dkt. 619.

1

Immediate enforcement under those circumstances would risk turning appellate review into an empty formality. Rule 62(b) exists to prevent that result. Because this is a money judgment, the Court may stay enforcement on bond or other security. The relevant question is not whether Defendants can purchase appellate review through an unattainable supersedeas bond, but whether the status quo can be preserved through no full bond, reduced security, or other security that adequately protects Plaintiff without destroying Defendants' ability to obtain meaningful review.

**BACKGROUND**

On February 9, 2026, the Court entered a sanctions order directing entry of default, dismissing Defendants' counterclaims, and awarding Plaintiff fees and costs. Dkt. 616 at 39–41. On February 10, 2026, the Court entered a separate Rule 58 money judgment in the amount of $105,881.78. Dkt. 617. Defendants timely appealed. Dkt. 619.

The appeal presents substantial legal questions. As reflected in Defendants' appellate brief, Defendants contend that the Court imposed the most severe civil sanctions available while resolving disputed material facts on an unevenly tested paper record, without a focused evidentiary hearing, and while denying ordinary adversarial testing of the central declarant relied upon by Plaintiff. Defendants further contend that the case-ending sanctions were disproportionate, unsupported by the required lesser-sanctions analysis, unsustainable under the Court's stated sanction authorities, and that the Rule 58 fee judgment is both derivative of the sanctions ruling and independently defective. See Dkt. 616 at 16 n.9, 23–30, 39–41; Dkt. 617.

On April 10, 2026, after a live evidentiary and show-cause hearing, the Court denied Plaintiff's request for a further finding of contempt. In doing so, the Court held that Plaintiff failed to prove further contempt by clear and convincing evidence, concluded that the June 2025 Morgan & Morgan material did not establish Defendants' involvement, and noted that Plaintiff had not even introduced that document into evidence at the hearing. That later ruling does not itself decide the appeal, but it confirms that Plaintiff's later accusations were not self-proving and underscores that serious questions remain concerning the reliability and fairness of the process that produced the sanctions/default posture and derivative money judgment.

This motion also comes in a different posture from Defendants' December 2025 emergency stay request. In the December 19, 2025 docket order denying that earlier motion, the Court emphasized that Safa had not posted bond or provided an acceptable alternative means of securing the then-existing judgment, and had not shown irreparable harm or a serious question

on the grounds then presented. See Dkt. 606; Dec. 19, 2025 Docket Order. This motion concerns a separate February 10, 2026 Rule 58 judgment now on appeal, is directed to preserving appellate review of that judgment, and expressly seeks descending forms of relief including reduced or alternative security and, at minimum, a short administrative stay. It is also strengthened by the Court's later April 10, 2026 order showing that Plaintiff's post-judgment accusations were not self-proving when subjected to live scrutiny.

**LEGAL STANDARD**

Rule 62(b) provides that, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security," and that the stay takes effect when the court approves the bond or other security. Fed. R. Civ. P. 62(b). The rule expressly contemplates security in a form other than a traditional supersedeas bond. Fed. R. Civ. P. 62(b) advisory committee's note to 2018 amendment. Federal Rule of Appellate Procedure 8(a) requires that a party ordinarily move first in the district court for a stay of the judgment pending appeal and for approval of any bond or other security. Fed. R. App. P. 8(a)(1)(A)–(B).

The traditional stay factors also govern: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits or, at minimum in this Circuit, presents serious legal questions warranting preservation of the status quo; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties; and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Nken v. Holder, 556 U.S. 418, 434–35 (2009).

In the Second Circuit, the Court may also waive or modify the bond requirement in appropriate circumstances. In re Nassau County Strip Search Cases, 783 F.3d 414, 417–18 (2d Cir. 2015) (per curiam). Nassau County adopted the non-exclusive Dillon factors: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after affirmance; (3) the Court's confidence in the availability of funds to pay the judgment; (4) whether the debtor's ability to pay is so plain that a bond would be a waste of money; and (5) whether requiring a full bond would place the debtor in such a precarious financial situation that other creditors would be put at risk. Id. at 417–18 (adopting Dillon v. City of Chicago, 866 F.2d 902, 904–05 (7th Cir. 1988)).

**ARGUMENT**

**I. THE APPEAL PRESENTS SERIOUS LEGAL QUESTIONS THAT WARRANT PRESERVING THE STATUS QUO.**

This appeal raises substantial legal questions. Defendants do not merely argue that the Court exercised discretion too harshly. They contend that the Court imposed the civil equivalent of capital punishment — default, counterclaim dismissal, and a six-figure derivative sanctions judgment — while resolving disputed factual predicates on a paper record without a focused evidentiary hearing. Dkt. 616 at 16 n.9, 23–30, 39–41; Dkt. 617. That is a serious appellate issue.

The appeal also challenges whether the case-ending sanctions were disproportionate and whether the Court's stated authorities — inherent power, Rule 55(a), Rule 41(c), and a fraud-on-the-court rubric — can sustain the order on this record. Dkt. 616 at 23–30. Separately, Defendants challenge the Rule 58 fee judgment as derivative of the sanction ruling and independently defective because the Court found block billing and unrelated work yet still entered a six-figure award through an across-the-board percentage reduction. Id. at 39–40; Dkt. 617.

The Court's April 10, 2026 order reinforces the seriousness of those questions. When Plaintiff's later theory was finally subjected to live evidentiary scrutiny, the proof fell short. The Court held that Plaintiff failed to prove further contempt by clear and convincing evidence and that the June 2025 Morgan & Morgan material did not establish Defendants' involvement. Immediate execution of the Rule 58 judgment while those issues remain under appellate review would permit enforcement of a sanctions-generated money judgment even as the underlying fairness and reliability of the sanction process itself is being challenged.

At minimum, this appeal presents serious legal questions going to the validity of the process that produced the judgment. That is sufficient to support preservation of the status quo pending appellate review.

## II. IMMEDIATE ENFORCEMENT WOULD CAUSE SEVERE HARDSHIP AND MATERIALLY IMPAIR MEANINGFUL APPELLATE REVIEW.

Absent a stay, Plaintiff may pursue restraints, levies, garnishments, subpoenas, and other collection measures immediately. The threatened injury is not abstract. It is the destabilization of Defendants' ability to meet basic living obligations, maintain family and business stability, and continue pursuing the very appeal designed to test the validity of the judgment.

This Court has already seen concrete collection efforts in the case. The December 2025 stay motion arose in response to levy-related enforcement activity. See Dkt. 606; Dec. 19, 2025 Docket Order. That history confirms that collection pressure here is not hypothetical. Once

active enforcement resumes against a six-figure judgment, the burdens of restraints, levies, turnover pressure, and related proceedings will be immediate.

A full supersedeas bond in the amount ordinarily associated with a $105,881.78 judgment, plus premium and related costs, is beyond Defendants' practical means. Requiring such a bond would therefore operate as a de facto denial of appellate review. Rule 62(b) does not exist only for litigants able to buy access to the appellate process. It exists to permit the Court to preserve the status quo on appropriate terms while review proceeds.

The injury from immediate execution is thus twofold: concrete financial and practical hardship, and impairment of meaningful appellate review. Both weigh in favor of a stay.

III. PLAINTIFF'S PREJUDICE FROM A TEMPORARY STAY IS LIMITED AND CAN BE ADDRESSED THROUGH REDUCED OR ALTERNATIVE SECURITY.

Plaintiff's principal prejudice from a temporary stay is delay in collection of a money judgment. That interest is real, but limited. It is also the kind of interest that can usually be addressed through post-judgment interest and appropriate security.

Defendants candidly recognize that a complete stay without any security is an extraordinary form of relief. For that reason, Defendants do not present this as an all-or-nothing request. They ask, in descending order of preference, for: (1) a stay without full bond; (2) a stay conditioned on reduced bond or other security tailored to Defendants' means; or (3) at minimum, a short administrative stay to allow a Rule 8 application to the Court of Appeals if necessary.

If the Court determines that some security is required, several less destructive alternatives are available. The Court may set a reduced bond in an amount Defendants can realistically post, permit installment funding of any reduced bond, accept a sworn undertaking to preserve non-exempt assets pending appeal, require notice before any non-ordinary-course transfer or encumbrance of material assets, or direct such other tailored protection as the Court deems appropriate. See Fed. R. Civ. P. 62(b); In re Nassau County Strip Search Cases, 783 F.3d at 417–18.

This is the key distinction from the December 2025 motion. Then, the Court found no bond and no acceptable alternative means of securing the judgment had been offered. Here, Defendants expressly request that, if the Court is not willing to stay enforcement without full bond, the Court exercise its discretion to approve reduced or alternative security instead of insisting on an unattainable full supersedeas bond.

## IV. THE NASSAU / DILLON FACTORS SUPPORT WAIVER OF A FULL BOND OR, AT MINIMUM, REDUCED OR ALTERNATIVE SECURITY.

The Nassau / Dillon factors do not require a full supersedeas bond in every case. Rather, they provide a framework for deciding whether the judgment creditor can be adequately protected through other means.

The first and second factors — complexity and time required for collection after affirmance — do not indicate extraordinary prejudice to Plaintiff from a temporary stay. Plaintiff already holds a federal money judgment. If the judgment is affirmed, Plaintiff will retain ordinary collection remedies and post-judgment interest will continue to accrue.

The third and fourth factors do not favor insisting on a full bond here. Defendants do not contend that their ability to pay is so plain that a bond would be a waste of money. To the contrary, that is precisely why a full supersedeas bond would be crushing.

The fifth factor strongly favors relief. Requiring a full bond would place Defendants in a precarious financial position and would threaten their ability to maintain basic obligations while appeal proceeds. That is the circumstance in which Nassau and Dillon recognize that modification of the usual bond requirement may be appropriate.

For that reason, even if the Court declines to waive security altogether, the Nassau / Dillon framework strongly supports reduced or alternative security rather than full bond.

## V. THE PUBLIC INTEREST FAVORS PRESERVING MEANINGFUL APPELLATE REVIEW OF A SANCTIONS-GENERATED MONEY JUDGMENT.

The public interest is served when substantial appellate issues are reviewed before a sanctions-generated money judgment is executed in a manner that may be difficult to unwind. The public has an interest not only in enforcement of judgments, but also in the integrity of appellate review and confidence that the most severe sanctions are imposed only through procedures commensurate with their severity.

A temporary stay here would preserve the status quo while the Court of Appeals considers whether the process that produced the judgment was lawful. It would not erase Plaintiff's

judgment. It would merely postpone coercive enforcement for the period needed for meaningful review. That balance serves the public interest.

**RELIEF REQUESTED**

For the foregoing reasons, Defendants respectfully request that the Court:

1. stay enforcement of the February 10, 2026 Rule 58 judgment pending appeal without full bond;

2. alternatively, grant a stay conditioned on reduced bond or other security tailored to Defendants' means, including such alternative security as the Court deems appropriate under Rule 62(b);

3. at minimum, grant a short administrative stay sufficient to allow Defendants to seek relief from the Court of Appeals under Federal Rule of Appellate Procedure 8 if necessary; and

4. grant such other and further relief as the Court deems just and proper.

Dated: April 11, 2026

Respectfully submitted,

Safa Gelardi, Pro Se

Vito Gelardi, Pro Se