# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

May 11, 2026

**VIA ECF**
United States District Court Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

> *Re:*   **IME WatchDog, Inc. v. Gelardi, *et al.***
> **Case No.: 1:22-cv-1032 (PKC) (JRC)**

Dear Judge Chen:

This office, together with Sage Legal LLC, represents Plaintiff IME WatchDog, Inc. ("Plaintiff") in the above-referenced action.

Plaintiff writes to inform the Court that the Gelardis have again violated a Court Order and to request immediate injunctive relief. In light of the filing injunction, Plaintiff has not filed a formal TRO application because Plaintiff understands that it must first seek leave of Court.

On July 18, 2025, after the Gelardis violated this Court's March 8, 2024 Order by failing to inform the Court that they had sold and/or listed for sale their two Pennsylvania properties—9 Woods End, Lake Harmony, PA 18624 and 5265 Milford Road, East Stroudsburg, PA 18302— the Court held that attachment of the proceeds from any sale of the Milford property was warranted. The Court ordered the Gelardis to "file a letter advising the Court and Plaintiff of any listing of the Milford property for sale, and shall provide a copy of the listing within one (1) business day of the listing." ECF Docket Entry <u>561</u>.

According to Zillow, the Milford property was listed for sale on April 30, 2026. <u>See</u> <u>5265 Milford Rd, East Stroudsburg, PA 18302 | MLS #PM-140853 | Zillow</u>. Accordingly, the Gelardis violated the Court's July 18, 2025 Order by failing to notify the Court and Plaintiff of the listing and by failing to provide a copy of the listing within one business day, i.e., by May 1, 2026.

The July 18, 2025 Order further requires the Gelardis to:

> (2) file a letter notifying the Court and Plaintiff of any purchase agreement relating to the sale of the Milford property that Individual Defendants enter into, and shall provide a copy of the purchase agreement within one (1) business day of the purchase agreement being signed; and (3) in the event

of a sale of the Milford property, Individual Defendants shall deposit each and every dollar and cent of the proceeds of that sale into the CRIS within one (1) business day of receipt of the proceeds of that sale.

ECF Docket Entry 561.

Given the Gelardis' repeated violations of this Court's Orders, and their apparent attempt to sell the Milford property without notice, Plaintiff respectfully requests immediate relief to preserve the property and any sale proceeds. The Court has already determined that attachment of the proceeds from any sale of the Milford property is warranted. Moreover, Plaintiff anticipates that the judgments to be entered against the Gelardis, together with judgments already entered in Plaintiff's favor, will exceed the $645,000 listing price for the Milford property.

Plaintiff therefore respectfully requests that the Court enter an Order:

1. directing that title to the Milford property be transferred to Plaintiff, or, alternatively, enjoining any sale, transfer, encumbrance, or disposition of the Milford property absent further Order of the Court;

2. directing the Gelardis to immediately provide Plaintiff and the Court with the full listing, all communications with the listing agent, and any offers, contracts, or purchase agreements relating to the Milford property;

3. directing that any multiple parties listing agents, broker, successor listing agent, title company, closing agent, escrow agent, prospective or actual purchaser, or other person involved in any sale of the Milford property be served with the Court's Order;

4. requiring all listings for the Milford property to state "THE PROCEEDS FROM THE SALE MAY NOT BE PAID TO THE OWNER AND MUST BE DEPOSITED WITH THE COURT";

5. ordering any such listing agent, purchaser, and closing professional to notify the Court and Plaintiff within one business day of any purchase agreement relating to the Milford property and to provide a copy of that agreement,

6. directing that any multiple parties listing agents, broker, successor listing agent, title company, closing agent, escrow agent, prospective or actual purchaser, or other person involved in any sale of the Milford property include Plaintiff on all communications concerning the potential sale of the Milford property and to notify the Plaintiff of the date, time and place of the closing and permit Plaintiff to be present for the closing; and

7. ordering that, in the event of any sale, each and every dollar and cent of the proceeds be deposited into the Court Registry Investment System ("CRIS") within one business day of receipt.

Plaintiff further respectfully requests that the Court order the Gelardis to show cause why they should not be held in contempt for violating the July 18, 2025 Order and impose such coercive

2

sanctions as the Court deems necessary to ensure compliance, including directing the United States Marshal to take the Gelardis into custody until they comply with the Court's Orders concerning the Milford property and any sale proceeds.

Finally, Plaintiff seeks an Order directing the Gelardis to pay Plaintiff's attorneys' fees associated with this motion.

Dated: Lake Success, New York
      May 11, 2026                  Respectfully submitted,

                                 **MILMAN LABUDA LAW GROUP PLLC**
                                 /s/ Jamie S. Felsen, Esq.

                                 **SAGE LEGAL LLC**
                                 /s/ Emanuel Kataev, Esq.

cc:     Safa Gelardi (via ECF)
        Vito Gelardi (via email vitogelardi@gmail.com)