*** Filed ***
10:27 PM, 11 May, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**IME WATCHDOG, INC.,**
**Plaintiff,**

**v. Case No. 22-CV-1032 (PKC) (JRC)**

**SAFA ABDULRAHIM GELARDI, VITO GELARDI, et al.,**
**Defendants.**

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MAY 11, 2026 LETTER**

**Defendants respectfully submit this response to Plaintiff's May 11, 2026 letter regarding the Milford property.**

The Milford property was listed for sale on April 30, 2026. Defendants did not provide notice to the Court within one business day of the listing, as required by the Court's July 18, 2025 Order regarding the Milford property. Defendants respectfully state that this failure was not willful and was not an act of defiance.

At the time, Defendants had only recently begun proceeding pro se after a stay and were still navigating the case without counsel. Defendants understood the earlier 2025 dispute to concern Plaintiff's accusation that the property was then listed, which Defendants addressed at that time. Defendants did not understand that the Court's July 18, 2025 Order imposed an ongoing requirement to notify the Court and Plaintiff of any future listing of the Milford property. Defendants now understand that requirement. The failure to provide notice resulted from misunderstanding and oversight, not bad faith.

There is no signed purchase agreement, no accepted offer, no closing has occurred, and no sale proceeds have been received. Defendants have not transferred title and have not dissipated any proceeds.

The property was listed because Defendants have been under substantial financial strain and were concerned that the property could be lost to foreclosure. The listing was not made to evade the Court, gain an improper benefit, or conceal assets. Rather, Defendants were attempting to preserve whatever value remained in the property before further loss occurred.

Defendants sincerely apologize to the Court for this misunderstanding. Defendants did not intend to violate the Court's July 18, 2025 Order and did not appreciate that the Order required notice of any future listing of the Milford property. Defendants now understand the Court's directive and, if the property is sold, will fully abide by whatever direction the Court provides, including with respect to any purchase agreement and the handling of any proceeds. If the Court directs Defendants to unlist the property, Defendants will do so promptly.

Defendants are prepared to promptly provide the Court and Plaintiff with the current listing information and related materials.

Under these circumstances, Plaintiff's request for coercive sanctions and other extraordinary relief is unwarranted. The issue arose from a misunderstanding while Defendants were proceeding without counsel, not from bad faith. Because there is no signed contract, no accepted offer, no sale, no transfer, and no proceeds, Defendants respectfully request that the Court deny Plaintiff's request for contempt sanctions, attorneys' fees, and other excessive relief.

Defendants submit this response in good faith and with sincere respect for the Court's authority.

Dated: May 11, 2026

Respectfully submitted,

/s/ Safa Abdulrahim Gelardi
Safa Abdulrahim Gelardi, Pro Se

/s/ Vito Gelardi
Vito Gelardi, Pro Se