**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

IME WATCHDOG, INC.,
Plaintiff,

-against-

SAFA GELARDI, VITO GELARDI, and IME COMPANIONS LLC,
Defendants.

Case No.:
1:22-cv-01032-PKC-JRC

## DEFENDANTS' REQUEST FOR LEAVE TO OPPOSE PLAINTIFF'S REQUEST FOR AN OVERSIZED REPLY

Defendants Safa Gelardi and Vito Gelardi respectfully request leave to oppose Plaintiff's Dkt. 674 request for permission to file an oversized reply memorandum.

Good cause exists for leave. Plaintiff previously invoked Local Civil Rule 7.1(c) and sought to strike Defendants' opposition for exceeding the applicable page limit. The Court then ordered Defendants, proceeding pro se, to re-file a conforming opposition and stated that Dkt. 670 would not be considered. Defendants complied and filed a conforming opposition at Dkt. 673.

Plaintiff, represented by two law firms, now seeks relief from the same rule it invoked against pro se Defendants. Plaintiff should be required to comply with the ordinary reply limit. Plaintiff filed the damages motion, selected the evidentiary record, and had the full opportunity to present its damages proof in its opening papers. A reply is not a second opening brief, a vehicle to cure missing proof, or an opportunity to expand the record after Defendants identified defects in Plaintiff's damages motion.

Plaintiff cannot claim surprise. Plaintiff already knew the substance of Defendants' damages arguments from Defendants' prior opposition. The conforming Dkt. 673 filing shortened and reorganized those arguments to comply with the Court's order. Plaintiff then had the full reply period ordered by the Court after Defendants re-filed their conforming opposition.

Plaintiff nevertheless waited until July 3, 2026 - the observed federal Independence Day holiday and the Friday immediately before Plaintiff's July 6, 2026 reply deadline - to request extra space. Plaintiff had ample time to seek relief earlier. A last-minute holiday request does not establish good cause, especially after Plaintiff obtained strict page-limit enforcement against pro se Defendants.

Plaintiff states that Defendants raised "numerous arguments that require a thorough response." That is not good cause. Defendants' opposition responds to Plaintiff's own request for more than $5 million, punitive damages, prejudgment interest, attorneys' fees, costs, and a permanent tri-state occupational ban. The number of issues flows from the breadth of Plaintiff's requested relief and the deficiencies in Plaintiff's opening submission.

Defendants respectfully request that the Court deny Plaintiff's request for an oversized reply. If the Court grants any enlargement, Defendants respectfully request that the order make clear that Plaintiff may not attach new evidence, new declarations, WatchDog financial records, P&Ls;, tax returns, ledgers, bank records, Zariz records, DLA-related records, accountant materials, customer affidavits, or any other materials not submitted with Plaintiff's opening damages motion.

Dated: July __, 2026

Respectfully submitted,
/s/ Safa Gelardi
/s/ Vito Gelardi
Pro Se Defendants